TIMOTHY M. BURGESS
United States Attorney

RICHARD L. POMEROY
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9
Anchorage, Alaska 99513-7567
(907) 271-5071
(907) 271-2344 fax
richard.pomeroy@usdoj.gov

RICHARD R. STONE, SR.
Trial Attorney
U.S. Department of Justice
P.O. Box 888
Benjamin Franklin Station
Washington, D.C. 20044
(202) 616-4291
(202) 616-5200 fax
richard.stone@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. A98-285 CV (JWS) |
| | ) | |
| Plaintiff, | ) | **UNITED STATES' OPPOSITION** |
| | ) | **TO DEFENDANTS' MOTION TO** |
| vs. | ) | **CONFORM THE ORDER AT** |
| | ) | **DOCKET 166 TO THE NINTH** |
| THE CONTINENTAL CASUALTY | ) | **CIRCUIT'S MANDATE OR, IN** |
| COMPANY, dba THE CONTINENTAL | ) | **THE ALTERNATIVE, FOR** |
| INSURANCE COMPANY, | ) | **RECONSIDERATION** |
| | ) | |
| Defendants. | ) | |
| | ) | |

## INTRODUCTION

Continental moves for the Court to enter summary judgment in its favor, because

allegedly "the United States waived its bad-faith claim...." Def. Brf. At 2 (hereinafter Dkt. no.

191). Defendant's waiver assertion is incorrect. It mistakenly relies on this Court's ruling at docket 115 which did not address or decide the United States' bad faith claim for either party. See, Docket no. 191 at 2. The Court, in the order at docket 115, decided only the dispositive issue regarding whether, under Alaska law, the United States was an implied insured in the circumstances of this case, considering the type of policy involved. Consequently, the United States could not "challenge on appeal the portion of the order at docket 115 that granted summary judgment to Continental on bad faith." See, Dkt. no. 191 at 2. Further, Continental did not move in the Ninth Circuit for affirmance of any alleged bad faith holding in its favor. Because the Ninth Circuit did not decide bad faith in any way, there is no mandate for entry of summary judgment for Continental on the bad faith issue.

Alternatively, Continental asks that the Court reconsider its order at docket 166. This reconsideration motion is five months out of time. It is based on case law that was in effect when Continental filed both its motion to dismiss and its partial motion for summary judgment as well as when it opposed the United States' motion to reinstate summary judgment in its favor after the case returned to this Court from the Ninth Circuit. Dkt. nos. 151, 155, 160. Consequently, Continental cannot rely on a change in applicable law as an excuse for failing timely to request reconsideration.

## BACKGROUND

On June 22, 2001, Continental moved for summary judgment. Dkt. No. 31. That motion argued two points: 1) "The United States is Not an Implied Third-Party Beneficiary of the BBAHC Policy," and 2) "The United States' Maximum Recovery Should be Limited to the BBAHC Policy's $1 [million] Coverage Limit." Dkt. no. 31 at 13 and 17. The Court initially

denied this motion for summary judgment and granted the United States' partial motion for summary judgment on liability and bad faith. Dkt. no. 61.

On a motion for reconsideration, the Court vacated the order at docket 61 that had granted summary judgment for the United States. Dkt. no. 115. The Court also denied the United States' motion for summary judgment at docket 30 and granted Continental's motion for summary judgment at docket 31. Dkt. no. 115. The Court concluded that it had been wrong in its original analysis of Alaska law regarding implied insured status. Dkt. no. 115 at 5. The Court stated that "[i]t follows that there is no insurance coverage under the policy," and then vacated the order at docket 61. Dkt. no. 115 at 6. The Court, in this opinion, did not address or reach the issue of bad faith. It decided the motions only on the dispositive issue of Alaska law regarding implied insured status. Dkt. no. 115.

The United States appealed to the Ninth Circuit the issue of its implied insured status under Alaska law. Continental cross appealed the issue of attorney's fees that had been decided against it in the district court. Continental did not raise any argument regarding bad faith in the Ninth Circuit.

On October 20, 2004, the Ninth Circuit "partially reverse[d] the district court on the ground that the United States is properly characterized as an implied beneficiary of Bristol Bay's insurance policy, and is therefore entitled to pursue its claim against Continental." Dkt. no. 147 at 2. The Ninth Circuit held that "summary judgment in favor of Continental was therefore inappropriate." Dkt. no. 147 at 5. The Ninth Circuit stated that it "need not address the United States' alternative argument that it was entitled to implied indemnification from Continental." Id. Further, the Ninth Circuit held that "the district court's denial of Continental's request for

attorneys' fees was therefore correct." Dkt. no. 147 at 6. Thus, the Ninth Circuit only partially reversed the district court -- i.e., on the issue of implied insured status of the plaintiff. The Circuit Court did not address bad faith and certainly did not carve bad faith out of its holding that summary judgment in favor of Continental was inappropriate.

Upon return to the district court, Continental moved to dismiss and moved for partial summary judgment, which motions have been fully litigated. Dkt. nos. 151, 155. The United States again moved for summary judgment and Continental opposed, in which opposition it argued against the United States' right to a bad faith judgment. Dkt. nos. 160, 162..

On July 12, 2005, the Court granted the United States' motion, returning the case to its status before the order that led to the appeal. Dkt. no. 166. That decision was entered five months ago.

Continental now asks, for the Court to conform its July 12 order to the Ninth Circuit mandate on purely contrived arguments with no basis in the underlying holdings or mandate. Continental concedes that it did not timely raise the alleged waiver. Dkt. no. 191 at 5, n.3. Yet, it asks alternatively for reconsideration without any precedent to permit it and on a contrived argument based on a case that was existing precedent when all of the above dismissal arguments were made.[1]

---

[1] The brief is filed by the third law firm that Continental has hired for this case. Continental, however, has sufficient continuity with this more than seven year old case that it should be held to have a responsibility to review its counsels' work for timeliness and for support both under the law and on the record. These multiplicitious and expensive briefs should be prohibited by 28 U.S.C. § 1927. Continental also has two additional new law firms in this case that have entered appearances recently.

## ARGUMENT

**1.   The United States has not waived any bad faith claim.**

From the above background, it can be seen that Continental's claim of waiver has no basis. This Court only addressed and ruled on the dispositive issue of Alaska law: whether the implied insured doctrine applied. Dkt. no. 166. Continental has asked that the Court grant dismissal of the case in tis entirety on the ground that the United States was not an implied insured. Docket 31 at 13. It asked alternatively for the Court to liit its damages due to a lack of evidence of bad faith. Id at 17. This Court decided only the dispositive issue. If the Ninth Circuit had agreed that the United States was not entitled to implied insured status under the Continental policy, then this case would have been over.

Further, the Ninth Circuit, as well as the district court, did not address or decide the bad faith claim. Indeed, the United States' bad faith claims had not been fully decided at the time of

the grant of the request for summary judgment at docket 30.[2] Consequently, there was no bad faith claim to appeal, no bad faith issue on the mandate, and, therefore, no waiver.[3]

Continental does not provide any legal support for an argument that the United States had an appealable issue on bad faith or that the United States waived such an appeal in the circumstances of this case. No case that Continental cites involves the instant situation where neither the district court nor the appellate court had reason to reach the issue that is claimed to have been waived. Continental first relies on an admiralty case, Kesselring v. F/T Arctic Hero, 95 F.3d 23, 24 (9th Cir. 1996). Dkt. no.191 at 2. In that case, the statute of limitations was argued for the first time on a second appeal, where it would have been ripe for the first appeal. Consequently, the court held that the statute of limitations had been waived. The United States

---

[2]Continental is well aware, that the United States' bad faith claims had not been fully litigated or decided at the time of the original summary judgment for the United States. On February 4, 2002, the United States moved unopposed to amend its complaint to allege punitive damages. Dkt. no. 69. It stated both a claim for continuing bad faith and a claim for a new act of bad faith by Continental:

> On October 30, 2001, after this Court's decision on liability in the instant case, the United States again tendered to CNA the case the United States has been defending against the counterclaim of the third party defendant Blanche Kallstrom, Case No. A-94-488CV (HRH). . . . The Kallstrom counterclaim arose out of the Wilson case that created the instant dispute. CNA, as of this date, has not accepted the tender of Kallstrom, despite knowing that the United States is its insured.

Dkt. no. 69 at 2, n.2. Continental never accepted that tender.

[3]If there had been some sort of a waiver, Continental's failure to raise it during the last five months while the United States has been spending approximately $ 60,000 obtaining advice and reports from experts on bad faith and punitive damages ought to be more than sufficient reason to conclude that Continental "waived the waiver."

in the instant case is not arguing anything for a first time in a second appeal in this case. There can be no reasonable contention that the United States has failed timely to raise bad faith.

Continental's reference to the general collection of authorities in "Wright & Miller" and to Shernoff on "Insurance Bad Faith Litigation" also are of no avail. See, Dkt. no. 191 at 2. The cases collected therein do not support Continental's argument. The treatises only stand for the general rule that an issued that was appealable, but was not appealed, is waived. Such is not the situation in this case. It is not appropriate to simply send the opposing party off to a collection of cases and expect that party to search out whatever might have some tangential relevance and then distinguish it. Plaintiff will not attempt that, but in reviewing the cases, it is difficult to see how any might apply to the instance case where there has been no appealable decision on the matter that is claimed to have been waived.

Hartmann and Duffy, 88 F.3d 1232, 1236 (D.C. Cir. 1996) also is similarly unavailing as support for Continental's waiver claim. In Hartman, defendant United States Information Agency was held to have waived an appeal of the argument that plaintiffs had failed to exhaust their administrative remedies because that claim had been ripe for the first appeal and could not now be raised after nearly twenty years of litigation. Id. Continental uses this case simply to define the purpose for waiver. However, plaintiff United States in the instant case has raised bad faith all along. It has not waited for a second appeal to raise the issue for the first time.[4]

---

[4]Hartmann does, however, support that there can be a waiver of the waiver. The Court of Appeals in Hartmann may very well have held a waiver of the waiver in circumstances such as the instant case. If there actually had been a waiver of the bad faith claim by plaintiff, but Continental did not raise it until the plaintiff had spent thousands of dollars on experts for advice and reports, then it would be deemed to have waived its claim of waiver. See 88 F.3d at 1236.

-7-

Hillman v. Nationwide Mut. Fire Ins. Co., 855 P.2d 1321 (Alaska 1993) also does not support Continental's waiver claim. Besides being a state court case and having no relevance to federal district court and appellate court procedures and the issue of waiver, Hillman actually supports plaintiff's position herein. Indeed, the bad faith claim in Hillman was decided on appeal as a matter of law in the insurer's favor, even though coverage was decided in the insured's favor.

It bears stating here that Continental did not ask the Ninth Circuit to affirm this Court as a matter of law on bad faith. Continental, thus, is clearly aware that it is not and never will be entitled to have the bad faith claim decided in its favor as a matter of law. It simply had no basis to make such a claim in the Ninth Circuit. Accordingly, its reliance on Hillman is misplaced.

Continental raises a Texas state court case in support of its argument. DeLaurentis v. United Services Auto. Ass'n., 162 S.W.3d 714 (Tex. App. 2005). In addition to being a state court case and again of no relevance to the issue of waiver in this federal case or to the applicable state laws of this case, it is another example of the bad faith allegations failing as a matter of law. Id. at 727. The Texas court of appeals held as a matter of law that plaintiff had not stated a cause of action for bad faith. Further, different than here, the Texas trial court had not specified the reasons for summary judgment and the insurer specifically argued on appeal its entitlement to judgment as a matter of law on bad faith. See id. at 719.

In the instant case the specific ground for the summary judgment was that the United States could not have been an implied insured under Alaska law. The Court did not reach and decide the second issue raised by Continental's original summary judgment motion – i.e., bad faith. The underlying facts, the Court's 2001 analysis of those facts, and the Court's reinstating

its earlier bad faith ruling in its 2005 decision in the United States' favor, all demonstrate that Continental does not have any claim as a matter of law that it is not in bad faith. Its decision not to raise and argue that claim in the Ninth Circuit is an admission that the claim has no basis.[5]

### 2. The Ninth Circuit did not implicitly decide the bad faith issue in Continental's favor.

Continental's second argument that the Ninth Circuit by necessary implication decided the bad faith decision in its favor and thus it is law of the case also is unsupported. Continental misstates this Court's analysis in support of this argument. See, Dkt. no. 191 at 5. Continental does not address the Court's emphasized reliance on Al-Safin v. Circuit Cities Stores, Inc., 394 F.3d 1254, 1258 (9th Cir. 2005): "However, [t]he doctrine [of law of the case] does not apply to issues not addressed by the appellate court." (Emphasis is supplied by this Court quoting Al-Safin.) The Court stated "The Ninth Circuit was presented with and decided a single issue: whether the United States was an implied insured under the BBAHC policy." Dkt. no. 166 at 5. The bad faith issue simply was not addressed by the appellate court. Consequently, Continental cannot show how the issue was either explicitly or implicitly decided by the Ninth Circuit, which are respectively prerequisites to the decision becoming law of the case.

The Ninth Circuit's "decision to reverse only 'partially'," does not, as Continental suggests, imply "that the judgment appealed from was affirmed" in any respect other than the

---

[5]Continental contends that Arnold v. Eastern Air Lines, Inc., 681 F.2d 186 (4th Cir. 1982) is analogous to the instant case. Dkt. no. 191 at 4-5. That claim is absolutely wrong. In Arnold, at trial, the punitive damages case had been decided in the insurer's favor. The trial court had also specifically denied plaintiff's motion for a new trial on the punitive damages issue. Plaintiff, however, did not appeal either of these decisions and they became law of the case. The Arnold decision simply has no relevance here.

single ground that the court addressed. See, Dkt. no.191 at 6. The Ninth Circuit states "Since we reverse the district court's summary judgment order on behalf of Continental on the implied insured theory, we need not address the United States' alternative argument that it was entitled to implied indemnification from Continental." Dkt. No. 147 at 5. That is how the Ninth Circuit concluded that it had granted a partial reversal.[6]

### 3. Continental's request for reconsideration is untimely and does not meet any criteria under the local rules that excuse its untimeliness.

Continental alternatively moves for reconsideration of this Court's July 12, 2005 order. D. Ak. LR 59.1(b)(1) states that "except as provided in paragraph (b)(2)[7], a motion for reconsideration of an order must be filed not later than five (5) days after entry of the order." Continental's motion for reconsideration was filed more than four months after entry of this Court's July 12, 2005 order. Continental's motion to reconsider is untimely.

Plaintiff's arguments 1 and 2 above, dispose of the argument made by Continental in the first paragraph of its third argument.

Its additional claim that Jones v. Horace Mann Ins. Co., 937 P.2d 1360 (Alaska 1997) requires the Court to reach a different conclusion on summary judgment is unsupportable. Continental quotes one statement out of this Court's analysis of the "fairly debatable" argument made by Continental on return of the case to this court from the Ninth Circuit. Dkt. no. 191 at 7.

---

[6] The Ninth Circuit also had before it Continental's cross-appeal on attorney's fees on which the court affirmed the district court. Dkt. no. 147 at 6.

[7] D. Ak. LR 59.1 (b)(2) provides that a motion for reconsideration of an order based on an intervening change of controlling law may be filed at any time. Continental's motion is not based on an intervening change of controlling law.

Defendant then seems to contend that this statement was the basis for the Court's most recent grant of summary judgment to the United States. Dkt. no.191 at 7-8. However, the Court's statement was made in the context of the analysis of Continental's claim that its position on implied insured status was "fairly debatable." Dkt. no. 166 at 13-17. The Court concluded that Continental's position after litigation was not the same as articulated in denying coverage and rejecting the tenders of defense. Dkt. no. 166 at 16. The "post hoc rationale first fully articulated in litigation over the rejection of the insured's tenders," formed a basis for this Court distinguishing the "fairly debatable" doctrine as articulated in Hillman v. Nationwide Mut Fire Ins. Co., 855 P.2d 1321 (Alaska 1993). Dkt. no. 166 at 13-16. Thus, Continental could not support its contention that its positions had been "fairly debatable," which Continental contended established that it could not have acted in bad faith as a matter of law. See, Dkt. no 166 at 13-16. Consequently, there does not remain any "question whether coverage was 'fairly debatable'". See, Dkt. no. 191 at 8; Dkt no. 166 at 13-17.

## CONCLUSION

For the foregoing reasons Continental's Motion to Conform the Order at Docket 166 to the Ninth Circuit mandate or in the alternative, for reconsideration, should be denied.

Respectfully submitted this 13th day of December, 2005.

TIMOTHY M. BURGESS
United States Attorney

*Richard L. Pomeroy*
RICHARD L. POMEROY
Assistant U.S. Attorney

*Richard L. Pomeroy*
RICHARD R. STONE, SR.
Trial Attorney
U.S. Department of Justice

-11-

I declare under penalty of perjury that a true and correct copy of the foregoing was sent to the following counsel via:

      (X) U.S. Mail
      ( ) Certified U.S. Mail
      (x) FAX
      ( ) Hand Delivery
      ( ) Messenger

Rebecca L. Ross
Ross, Dixon & Bell, LLP
55 West Monroe Street, Suite 3000
Chicago, IL 60603-5758
(312) 759-1920
(312) 759-1939 fax

William Urquhart
Quinn Emanual
865 S. Figueroa St., 10th floor
Los Angeles, CA 90017
(213) 443-3000
(213) 443-3100 fax

Gary A. Zipkin
Guess & Rudd, P.C.
510 L Street, Suite 700
Anchorage, AK 99501
793-2200
793-2299 fax

Executed at Anchorage, Alaska, on December 13, 2005.

K. Joy McCulloch
Office of the U.S. Attorney