FILED
US DISTRICT COURT
DISTRICT OF ALASKA

2005 DEC 16 PM 1:56

Gary A. Zipkin, Esq.
Guess & Rudd P.C.
510 L Street, Suite 700
Anchorage, AK  99501
Phone:  (907) 793-2200
Fax:    (907) 793-2299
E-mail: gzipkin@guessrudd.com

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CNA FINANCIAL CORPORATION AND THE CONTINENTAL CASUALTY COMPANY d/b/a THE CONTINENTAL INSURANCE COMPANY,<br><br>Defendant. | Case No. A98-285 CV (JWS) |

CONTINENTAL'S MOTION TO COMPEL DISCOVERY

Pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, Continental Casualty Company d/b/a The Continental Insurance Company (hereinafter "Continental") by and through its attorneys, Guess & Rudd P.C., hereby moves for an order compelling the United States of America (hereinafter "USA"), to fully respond to Continental's discovery requests.  Undersigned

LAW OFFICES OF
Guess & Rudd P.C.
510 L STREET
SEVENTH FLOOR
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 793-2200
FACSIMILE (907) 793-2299

United States v. Continental; Case No. A98-285 CV (JWS)
Continental's Motion to Compel Discovery
Page 1 of 3

199

certifies that it has attempted in good faith to resolve this matter without court involvement. Continental requests an award of costs and fees incurred in bringing this motion. This motion is supported by the attached memorandum and exhibits.

DATED at Anchorage, Alaska, this 16th day of December, 2005.

GUESS & RUDD P.C.
Attorneys for Defendant

By: _____
Gary A. Zipkin
Alaska Bar No. 7505048

LAW OFFICES OF
Guess & Rudd P.C.
510 L STREET
SEVENTH FLOOR
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 793-2200
FACSIMILE (907) 793-2299

United States v. Continental; Case No. A98-285 CV (JWS)
Continental's Motion to Compel Discovery
Page 2 of 3

CERTIFICATE OF SERVICE

I hereby certify that on the
_16th_ day of December, 2005, I
served a true and correct copy
of the foregoing document to the
following counsel of record:

Richard L. Pomeroy, Esq.                (Via Hand Delivery)
Assistant U.S. Attorney
U.S. Attorney's Office
222 W. 7tyh Avenue, #9
Anchorage, Alaska  99513

Richard Stone, Esq.                     (Via First-Class Mail)
Civil Division, Torts Branch
U.S. Department of Justice
1331 Pennsylvania Avenue, N.W.
Washington, D.C.  20530

A. William Urquhart, Esq.               (Via First-Class Mail)
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA  90017

Rebecca Ross, Esq.                      (Via First-Class Mail)
Ross, Dixon & Bell, LLP
55 West Monroe Street, Suite 3000
Chicago, IL  60603-5111

Guess & Rudd P.C.

By: _[signature]_

F:\DATA\6024\1\pleading\18mtncompel.doc

LAW OFFICES OF
Guess & Rudd P.C.
510 L STREET
SEVENTH FLOOR
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 793-2200
FACSIMILE (907) 793-2299

United States v. Continental; Case No. A98-285 CV (JWS)
Continental's Motion to Compel Discovery
Page 3 of 3

Gary A. Zipkin, Esq.
Guess & Rudd P.C.
510 L Street, Suite 700
Anchorage, AK  99501
Phone: (907) 793-2200
Fax:   (907) 793-2299
E-mail: gzipkin@guessrudd.com

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> CNA FINANCIAL CORPORATION ) <br> AND THE CONTINENTAL ) <br> CASUALTY COMPANY d/b/a ) <br> THE CONTINENTAL INSURANCE ) <br> COMPANY, ) <br> ) <br> Defendant. ) <br> _____) | Case No. A98-285 CV (JWS) |

MEMORANDUM IN SUPPORT OF
CONTINENTAL'S MOTION TO COMPEL DISCOVERY

    The USA is being uncooperative and not providing Continental with essential discovery it needs to settle this claim or prepare for trial. Accordingly, Continental seeks an order from this court compelling the USA to provide the requested discovery. Continental further requests that the USA be ordered to pay its costs in filing this motion.

United States v. Continental; Case No. A98-285 CV (JWS)
Memorandum in Support of Continental's Motion to Compel Discovery
Page 1 of 10

LAW OFFICES OF
Guess & Rudd P.C.
510 L STREET
SEVENTH FLOOR
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 793-2200
FACSIMILE (907) 793-2299

## Facts

Continental propounded discovery requests to the USA on October 11, 2005.[1] On November 8, 2005, the USA requested a seven-day extension of time to answer Continental's written discovery.[2] Continental agreed to the extension, but prefaced it by stating "we trust and assume the USA will provide meaningful responses to the requests and not simply raise objections, which would force Continental to file a motion to compel."[3] Despite the agreed upon extension, the USA provided only cursory and incomplete responses on November 10, 2005.[4]

On November 21, 2005, Continental, through its attorneys, requested that the USA supplement its incomplete responses to discovery requests.[5] That letter indicated the following specific deficiencies with the USA's discovery responses:

---

[1] See Exhibit A: Defendant's First Set of Discovery Requests in the Punitive Damages Phase dated October 11, 2005.

[2] See Exhibit B: Letter from Richard Pomeroy to Gary Zipkin dated November 8, 2005.

[3] See Exhibit C: Letter from Christina Rankin to Richard Pomeroy and Richard Stone dated November 9, 2005.

[4] See Exhibit D: United States' Responses to Defendant's First Set of Discovery Requests in the Punitive Damages Phase dated November 10, 2005.

[5] See Exhibit E: Letter from Gary Zipkin to Richard Pomeroy and Richard Stone dated November 21, 2005.

LAW OFFICES OF
**Guess & Rudd** P.C.
510 L STREET
SEVENTH FLOOR
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 793-2200
FACSIMILE (907) 793-2299

United States v. Continental; Case No. A98-285 CV (JWS)
Memorandum in Support of Continental's Motion to Compel Discovery
Page 2 of 10

Request for Admission No. 1 asked the U.S.A. to admit that it claimed indemnity from BBHC for the Wilson and/or Kallstrom claims. The U.S.A.'s denial, which was based on the fact that it was unable to perfect a claim, is evasive and does not respond to the actual request. Similarly, Interrogatory No. 1 requested a description of all claims asserted by the U.S.A. against BBHC since 1988. Again, the U.S.A. simply avoids responding to the question asked. This information is relevant to determine the prior relationships of the involved parties in order to make a determination of whether Continental's conduct justifies the imposition of punitive damages.

Requests for Production No. 2 and No. 10 asked the U.S.A. to produce documents relating to the defense costs of the Wilson and/or Kallstrom claims and all documents pertaining to the U.S.A.'s actual damages. In State Farm v. Campbell, 538 U.S. 408 (2003), the United States Supreme Court held that the constitutionality of a punitive damages award is, in part, based on a ratio to compensatory damages. Therefore, the U.S.A.'s actual damages, including how they were calculated and when they were incurred, are clearly relevant to its claim for punitive damages.

Request for Production No. 4 requested production of all communications with, or tenders to, any private insurers related to any claims against 638 providers in Alaska; Request for Production No. 8 requested similar documents which were related to such claims; and Interrogatory No. 4 requested descriptions of all instances where the U.S.A. was determined to be an implied insured. The U.S.A.'s responses refer to Mr. Pomeroy's November 9 letter, wherein he agreed to provide information on these issues if necessary. These records and detailed descriptions are clearly relevant. Please provide them promptly.

LAW OFFICES OF
Guess & Rudd P.C.
510 L STREET
SEVENTH FLOOR
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 793-2200
FACSIMILE (907) 793-2299

United States v. Continental; Case No. A98-285 CV (JWS)
Memorandum in Support of Continental's Motion to Compel Discovery
Page 3 of 10

Requests for Admission Nos. 2 and 3 asked the U.S.A. to admit it received Continental Insurance Company's policy No. HMA 9500643-5 on December 9, 1994, and produced it on April 3, 1995. The U.S.A.'s objections (1) that the letter's attachments are not clearly defined; and (2) it has not reviewed the Wilson files, are without merit. Under Civil Rule 36, lack of knowledge is not a valid reason for failing to admit or deny a request for admission. Similarly, Interrogatory No. 2 requested the U.S.A. to describe when and how it obtained copies of BBHC's insurance policies. Request for Production No. 15 asked for all documents that support the answer to Interrogatory No. 2. This information is relevant in determining whether Continental's conduct was outrageous with respect to the conclusion that the U.S.A. was not an implied insured.

Interrogatory No. 3 called for a statement of the U.S.A.'s basis for its prayer for punitive damages. The U.S.A.'s response (merely referencing its motions and the court order) and claim that the request is premature because the date to produce expert reports is November 22, is obviously inadequate. Continental is entitled to know the facts the U.S.A. relies upon in support of its claim. An interrogatory requesting those facts is clearly appropriate and within the scope of discovery allowed under Civil Rules 26 and 33.

Requests for Admission Nos. 4, 5, and 6, respectively, asked the U.S.A. to admit that no other court in Alaska has found the U.S.A. to be an implied insured, that Judge Sedwick held the U.S.A. was not an implied insured, and Judge Kleinfeld dissented with respect to the 9th Circuit opinion finding the U.S.A. to be an implied insured. The U.S.A.'s objection that these requests are irrelevant is not well-taken. The inability of judges to reach a consensus on whether the U.S.A. was an implied insured obviously has a bearing on whether Continental's conduct justifies an award of punitive damages.

LAW OFFICES OF
Guess & Rudd P.C.
510 L STREET
SEVENTH FLOOR
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 793-2200
FACSIMILE (907) 793-2299

United States v. Continental; Case No. A98-285 CV (JWS)
Memorandum in Support of Continental's Motion to Compel Discovery
Page 4 of 10

> Request for Production No. 9 asked the U.S.A. to produce documents pertaining to guidelines for when the U.S.A. will seek punitive damages. If there is a policy dictating when the U.S.A. will seek punitive damages, it may prove relevant regarding the type of conduct the U.S.A. considers reprehensible. If documents exist embodying this policy, they are relevant and should be produced.
>
> Request for Production No. 16 requested production of all documents pertaining to the <u>Kallstrom</u> claims. The U.S.A.'s blanket objection is, again, without merit. The U.S.A.'s handling of this claim is relevant to determine its actual damages, which, as discussed above, are relevant under <u>Campbell</u> in determining whether the amount of any award of punitive damages.[6]

On November 22, 2005, the USA's attorneys sent a letter indicating that, in light of the shortened holiday week, they would respond early the next week.[7] In an attempt to avoid motion practice, Continental waited for the USA's response before filing a motion, despite the fact that Continental indicated that, if complete responses were not received by November 30, a motion would be filed.[8] The USA finally responded to

---

[6] <u>Id.</u>

[7] <u>See</u> Exhibit F: Letter from Richard Pomeroy to Gary Zipkin dated November 22, 2005.

[8] <u>See</u> Exhibit E: Letter from Gary Zipkin to Richard Pomeroy and Richard Stone dated November 21, 2005.

LAW OFFICES OF
**Guess & Rudd** P.C.
510 L STREET
SEVENTH FLOOR
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 793-2200
FACSIMILE (907) 793-2299

<u>United States v. Continental</u>; Case No. A98-285 CV (JWS)
Memorandum in Support of Continental's Motion to Compel Discovery
Page 5 of 10

Continental's concerns on December 2, 2005, indicating it saw "no reason to change our responses."[9]

The undersigned certifies by his signature that, in compliance with Federal Rule of Civil Procedure 37(a)(2)(B), he has attempted to confer in good faith with the USA's attorney to secure complete responses to the propounded discovery requests without court involvement.

### Argument

Rules 37(a)(2)(B) and 37(a)(3) of the Federal Rules of Civil Procedure permit the filing of a motion to compel discovery if a party fails adequately to respond to discovery propounded under FRCP 33 and 34. As indicated above, Continental propounded discovery on the USA, which it has failed to answer completely. Contintental has demonstrated the inadequacies in a letter to the USA's attorneys, but never received supplemental responses. The USA has failed to fully respond to the discovery requests. Moreover, the USA did not seek a protective order in connection with any of the requested discovery.

---

[9] See Exhibit G: Letter from Richard Pomeroy to Gary Zipkin dated December 2, 2005.

LAW OFFICES OF
Guess & Rudd P.C.
510 L STREET
SEVENTH FLOOR
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 793-2200
FACSIMILE (907) 793-2299

United States v. Continental; Case No. A98-285 CV (JWS)
Memorandum in Support of Continental's Motion to Compel Discovery
Page 6 of 10

The materials and information that Continental sought, which the USA has refused to produce, are clearly relevant. Continental's requests were intended to elicit information relevant to determine (1) the prior relationships of the involved parties in order to make a determination of whether Continental's conduct justifies the imposition of punitive damages; (2) the amount of actual compensatory damages, including how they were calculated and when they were incurred, to calculate a possible punitive damages award; (3) whether Continental's conduct was outrageous with respect to the conclusion that the USA was not an implied insured, including the inability of judges to reach a consensus on whether the USA was an implied insured; (4) the facts the USA relies upon in support of its claim for punitive damages; and (5) the type of conduct the USA considers reprehensible. All of these areas of inquiry are relevant and necessary in order for Continental to properly prepare this case for trial and/or value it for possible settlement.

Defendant's expert reports are due on December 22, yet the USA has refused to provide Continental with basic discovery and it appears it tried to drag out the process in an attempt to prejudice Continental. The USA has no reasonable basis for refusing to provide the requested discovery. "[E]vasive or incomplete disclosure[s], answer[s], or response[s] [are] to be

LAW OFFICES OF
Guess & Rudd P.C.
510 L STREET
SEVENTH FLOOR
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 793-2200
FACSIMILE (907) 793-2299

United States v. Continental; Case No. A98-285 CV (JWS)
Memorandum in Support of Continental's Motion to Compel Discovery
Page 7 of 10

treated as a failure to disclose, answer, or respond."[10] Continental is entitled to full and complete responses to the discovery it propounded to the USA.[11]

The USA is seeking <u>punitive damages</u> and Continental is entitled to full and complete discovery of these matters in order to defend itself against serious claims.[12] Any other plaintiff seeking punitive damages would be required to fully respond to this highly relevant discovery. The USA should not be allowed to assert a claim for millions of dollars, and then attempt to hide behind its governmental status or structure to thwart discovery by making blanket, unwarranted, and unsubstantiated objections. Accordingly, the court should issue an order compelling the USA to supplement its responses to discovery requests in accordance with the specific deficiencies noted above.

Finally, FRCP 37(a)(4) provides that the court "shall ... require" the party whose conduct necessitated the motion and/or that party's attorney to pay the moving party's reasonable

---

[10] Federal Rule of Civil Procedure 37(a)(3)

[11] <u>See</u> Federal Rules of Civil Procedure 37(a)(2)(B) and 37(a)(3).

[12] <u>See generally</u>, <u>Kyte v. Progressive Northwestern Ins. Co.</u>, 2004 U.S. Dist. LEXIS 13655 (D. Alaska 2004) "Discovery rules are liberally construed to effect the just, speedy, and inexpensive resolution of litigation." <u>Id.</u>

LAW OFFICES OF
Guess & Rudd P.C.
510 L STREET
SEVENTH FLOOR
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 793-2200
FACSIMILE (907) 793-2299

United States v. Continental; Case No. A98-285 CV (JWS)
Memorandum in Support of Continental's Motion to Compel Discovery
Page 8 of 10



expenses incurred in making the motion. Accordingly, Continental requests an award of costs and fees in bringing this motion.

Conclusion

The court should grant Continental's Motion to Compel and require the USA to respond adequately to Continental's discovery requests. Continental is entitled to <u>all</u> of the requested discovery because it is relevant to the USA's punitive damages claim and necessary for Continental to prepare its defense to this claim. Finally, as demonstrated above, Continental is entitled to an award of costs and fees in bringing this motion.

DATED at Anchorage, Alaska, this 16th day of December, 2005.

          GUESS & RUDD P.C.
          Attorneys for Defendant

         By: _____
            Gary A. Zipkin
            Alaska Bar No. 7505048

LAW OFFICES OF
Guess & Rudd P.C.
510 L STREET
SEVENTH FLOOR
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 793-2200
FACSIMILE (907) 793-2299

<u>United States v. Continental</u>; Case No. A98-285 CV (JWS)
Memorandum in Support of Continental's Motion to Compel Discovery
Page 9 of 10

CERTIFICATE OF SERVICE

I hereby certify that on the
16th day of December, 2005, I
served a true and correct copy
of the foregoing document to the
following counsel of record:

Richard L. Pomeroy, Esq.                (Via Hand Delivery)
Assistant U.S. Attorney
U.S. Attorney's Office
222 W. 7tyh Avenue, #9
Anchorage, Alaska  99513

Richard Stone, Esq.                     (Via First-Class Mail)
Civil Division, Torts Branch
U.S. Department of Justice
1331 Pennsylvania Avenue, N.W.
Washington, D.C.  20530

A. William Urquhart, Esq.               (Via First-Class Mail)
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA  90017

Rebecca Ross, Esq.                      (Via First-Class Mail)
Ross, Dixon & Bell, LLP
55 West Monroe Street, Suite 3000
Chicago, IL  60603-5111

Guess & Rudd P.C.


By: _____

F:\DATA\6024\1\pleading\18mtncompel.doc

LAW OFFICES OF
Guess & Rudd P.C.
510 L STREET
SEVENTH FLOOR
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 793-2200
FACSIMILE (907) 793-2299

United States v. Continental; Case No. A98-285 CV (JWS)
Memorandum in Support of Continental's Motion to Compel Discovery
Page 10 of 10

INDEX TO EXHIBITS

EXHIBIT A    Defendant's First Set of Discovery Requests to the United States in the Punitive Damages Phase, dated 10/11/05

EXHIBIT B    Letter from Richard Pomeroy to Gary Zipkin, dated 11/8/05

EXHIBIT C    Letter from Christina Rankin to Richard Pomeroy and Richard Stone, dated 11/9/05

EXHIBIT D    United States' Responses to Defendant's First Set of Discovery Requests in the Punitive Damages Phase, dated 11/10/05

EXHIBIT E    Letter from Gary Zipkin to Richard Pomeroy and Richard Stone, dated 11/21/05

EXHIBIT F    Letter from Richard Pomeroy to Gary Zipkin, dated 11/22/05

EXHIBIT G    Letter from Richard Pomeroy to Gary Zipkin, dated 12/2/05

F:\DATA\6024\1\pleading\18 INDEX to mtncompel.doc