FILED
US DISTRICT COURT
DISTRICT OF ALASKA

2005 DEC 21  PM 4: 15

Gary A. Zipkin, Esq.
Guess & Rudd P.C.
510 L Street, Suite 700
Anchorage, AK  99501
Phone:  (907) 793-2200
Fax:    (907) 793-2299
E-mail: gzipkin@guessrudd.com

Attorneys for Defendants


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA


| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. A98-285 CV (JWS) |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CNA FINANCIAL CORPORATION | ) | |
| AND THE CONTINENTAL | ) | |
| CASUALTY COMPANY d/b/a | ) | |
| THE CONTINENTAL INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |


CONTINENTAL'S OPPOSITION TO MOTION TO
QUASH RULE 30(b)(6) DEPOSITION NOTICE TO UNITED STATES


Introduction


The United States' refusal to provide a 30(b)(6)

deponent on any topic is unjustified.  In its Rule 30(b)(6)

LAW OFFICES OF
Guess & Rudd
P.C.
510 L STREET
SEVENTH FLOOR
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 793-2200
FACSIMILE (907) 793-2299

200

deposition notice, Continental sets forth eleven "person most knowledgeable" topics, all of which are reasonably calculated to lead to the discovery of admissible evidence. These topics target basic but critical information, including information about -- the United States' compensatory and punitive damages, its discussions with third parties, and similar topics. Continental is entitled to explore these areas with the government's designated representatives.

None of the United States' objections justifies its stonewalling. To justify its refusal to provide any witness at all, the United States has to demonstrate that Continental could not ask <u>any</u> proper questions pursuant to <u>any</u> of its designated topics and that the United States does not possess <u>any</u> discoverable information responsive to these noticed topics. The United States has not even begun to make such a showing.

Argument

A.    The United States Cannot Wholly
      <u>Refuse to Provide a Rule 30(b)(6) Deponent</u>

Following a Federal Rule of Civil Procedure 30(b)(6) notice of deposition, an entity is "obligated to produce the 'most qualified' person (or persons) to testify on its behalf."

United States of America v. Continental; Case No. A98-285 CV (JWS)
Continental's Opposition to Motion to Quash

Page 2 of 23

LAW OFFICES OF
**Guess & Rudd** P.C.
510 L STREET
SEVENTH FLOOR
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 793-2200
FACSIMILE (907) 793-2299

<u>Mattel, Inc. v. Walking Mountain Productions</u>, 353 F.3d 792, 798 n.4 (9th Cir. 2003) (internal quotations omitted).  The United States, like any other litigant, is required to produce knowledgeable witnesses in response to a Rule 30(b)(6) notice, as the government concedes.  Motion at 4; <u>see</u>, <u>e.g.</u>, <u>Mullins v. United States</u>, 210 F.R.D. 629, 630-31 (E.D. Tenn. 2002) (denying United States' motion for protective order barring 30(b)(6) deposition notwithstanding assertions that plaintiffs already knew the relevant facts and designated topics calling for identification of legal issues and opinions and conclusions of law).

The order sought by the United States barring Continental from taking a Rule 30(b)(6) deposition altogether is an "extraordinary measure() which should be resorted to only in rare occasions." <u>Jennings v. Family Management</u>, 201 F.R.D. 272, 275 (D.D.C. 2001) (denying motion to preclude deposition notwithstanding plaintiff's claim that testifying at deposition could physically injure her) (internal quotations omitted); <u>accord</u> <u>Naftchi v. New York Univ. Med. Ctr.</u>, 172 F.R.D. 130, 132 (S.D.N.Y. 1997) ("[I]t is exceedingly difficult to demonstrate an appropriate basis for an order barring the taking of a deposition.").  To justify such relief, a plaintiff must make a "strong showing of good cause and extraordinary circumstances."

United States of America v. Continental; Case No. A98-285 CV (JWS)
Continental's Opposition to Motion to Quash

LAW OFFICES OF
**Guess&Rudd** P.C.
510 L STREET
SEVENTH FLOOR
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 793-2200
FACSIMILE (907) 793-2299

Page 3 of 23

Motsinger v. Flynt, 119 F.R.D. 373, 378 (M.D.N.C. 1988); see
Medlin v. Andrew, 113 F.R.D. 650, 652 (M.D.N.C. 1987).

### 1.   Continental Seeks Relevant Information

All information that is reasonably calculated to lead
to the discovery of admissible evidence is discoverable.   Fed. R.
Civ. P. 26(b)(1).   The evidence Continental seeks is more than
just discoverable -- it is highly relevant.

Pursuant to the court's orders, one issue to be tried
is what, if any, punitive damages should be awarded to the United
States against Continental.   Alaska law requires a plaintiff
seeking punitive damages to prove conduct that was outrageous,
including acts done with malice or bad motives or a reckless
indifference to the interests of another.   Chizmar v. Mackie, 896
P.2d 196, 210 (Alaska 1995).   In assessing outrageousness, the
jury may, indeed must, consider all relevant information -- the
totality of the circumstances.   See Pletnikoff v. Johnson, 765
P.2d 973, 978 (Alaska 1988) ("A determination of exemplary
damages requires an examination of the total circumstances of the
case"); Hash v. Hogan, 453 P.2d 468, 473 (Alaska 1969) (upholding
jury instruction that "[i]f you find that punitive damages should
be imposed, then in assessing such damages you are to consider

United States of America v. Continental; Case No. A98-285 CV (JWS)
Continental's Opposition to Motion to Quash

LAW OFFICES OF
**Guess&Rudd**
P.C.
510 L STREET
SEVENTH FLOOR
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 793-2200
FACSIMILE (907) 793-2299

Page 4 of 23

the nature, the extent, and the enormity of the wrong committed. You are also to consider the intent of the parties committing the act and generally all the circumstances attending the particular transaction involved"); see also TXO Production Corp. v. Alliance Resources Corp., 509 U.S. 443 (1993) (plurality) (punitive damage awards are "the product of numerous, and sometimes intangible, factors; a jury imposing a punitive damages award must make a qualitative assessment based on a host of facts and circumstances unique to the particular case before it").

Continental's deposition notice targets information that tends to support its defense that its conduct was not outrageous.  The designated topics cover:

- the circumstances surrounding the United States' tenders to Continental (topic 1);

- the United States' claims why Continental's actions in response to these tenders purportedly were outrageous and why punitive damages purportedly are appropriate (topics 1 and 2);

- the United States' discussions with third parties about the novel nature of the doctrine of implied insurance (topic 3);

- information supporting the United States' damages claims (topic 6);

- information supporting the United States' claims against The Continental Casualty Company (topic 7);

United States of America v. Continental; Case No. A98-285 CV (JWS)
Continental's Opposition to Motion to Quash

LAW OFFICES OF
**Guess&Rudd**
P.C.
510 L STREET
SEVENTH FLOOR
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 793-2200
FACSIMILE (907) 793-2299

Page 5 of 23

- communications between the United States and Bristol Bay about the claims brought by the Wilsons, the United States' tenders, and the United States' indemnity claims against Bristol Bay (topic 10);

and so on.  The United States cannot demonstrate as to any of the designated topics, let alone all of them, that there is <u>no</u> information within the scope of the topic that is relevant and discoverable.

### 2.   Continental Seeks Non-Privileged Information

The United States also objects that Continental's 30(b)(6) deposition notice seeks privileged material, but that objection is overbroad and premature.  Each of the topics identified by Continental calls for the production of a witness who possesses non-privileged knowledge.

The witness or witnesses designated by the United States may also possess privileged information, but that fact does not justify a blanket refusal to provide a witness.  <u>See</u>, <u>e.g.</u>, <u>Hunt International Resources Corp. v. Binstein</u>, 98 F.R.D. 689, 691 (N.D. Ill. 1983) ("To afford the extraordinary relief requested by movants [the quashing of a deposition subpoena] would require this Court to . . . assume that *everything* [former

LAW OFFICES OF
**Guess&Rudd**
P.C.
510 L STREET
SEVENTH FLOOR
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 793-2200
FACSIMILE (907) 793-2299

attorney] would testify to in his deposition would be a matter subject to the attorney-client privilege" (italics in original)); Scovill Mfg. Co. v. Sunbeam Corp., 61 F.R.D. 598, 603 (D.C. Del. 1973) ("a protective order would be improper and premature at this time . . . . At the noticed depositions, Scovill can object to questions it considers improper and advise Hoopes not to answer."); Shiner v. American Stock Exchange, 28 F.R.D. 34, 35 (S.D.N.Y. 1961) (denying motion to quash as "premature": "It is better to wait until specific questions are asked and either answered or objected to before the court rules"). Indeed, the case against a pre-examination protective order on privilege grounds is far stronger here where Continental has noticed a party deposition than in the cases above, which involve depositions of opposing counsel. The United States has not shown, and cannot show, that all of the information sought by Continental is privileged.

Continental has not asked any questions that invade the attorney-client privilege and does not intend to do so. No doubt, if Continental asks a question at deposition that the United States believes calls for privileged information, the United States will instruct its witness not to answer. The court will then be able to determine, based on a record of specific questions and specific claims of privilege, whether the questions

United States of America v. Continental; Case No. A98-285 CV (JWS)
Continental's Opposition to Motion to Quash

Page 7 of 23

LAW OFFICES OF
Guess&Rudd
P.C.
510 L STREET
SEVENTH FLOOR
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 793-2200
FACSIMILE (907) 793-2299

call for privileged information.  That is appropriate.  The
United States' request for wholesale preclusion of testimony is
not.

        3.    The United States' Objection that Some
              Information is Already in the Record is Irrelevant

        The United States' recurring contention that it need
not provide a 30(b)(6) deponent because some information already
exists in expert reports, interrogatory responses or pleadings
makes no sense.  Continental is entitled to fully explore and
develop its defenses, and it is not limited to the methods of
discovery with which the United States chooses to comply.  See,
e.g., Robbins & Myers, Inc. v. J.M. Huber Corp., 2003 WL
21384303, *5 (W.D.N.Y. 2003) ("responding party may not dictate
which discovery device the requesting party should employ or in
what order they should be employed").  Further, Continental has
not yet taken any discovery on most of the noticed topics as they
relate directly to the United States' prayer for punitive
damages.  Accordingly, this objection is wholly misplaced.

LAW OFFICES OF
Guess&Rudd
P.C.
510 L STREET
SEVENTH FLOOR
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 793-2200
FACSIMILE (907) 793-2299

B.    Each of the Topics set Forth in
      Continental's Notice is Appropriate

        Each of the specific topics set forth in Continental's

Rule 30(b)(6) notice calls for the production of a witness with

discoverable knowledge, as set forth below.

        1.    All tenders of the United States' claims in
              this matter to CIC (Continental Insurance Company)
              including, but not limited to, all discussions
              concerning the tenders, all persons involved in
              the tenders, and all bases for the United States'
              position that CIC's actions with respect to each
              tender were outrageous or evidenced reckless
              indifference to the interests of another.

        The circumstances surrounding the United States'

tenders are at the heart of this case.  Everything related to the

tenders -- the methods of tender, the decisions to tender,

discussions with third parties regarding tender, and who was

involved in each tender -- bears on the alleged "outrageousness"

of Continental's conduct.  Continental is entitled to pursue this

line of inquiry in its defense.


        The United States argues that, because some information

was provided in an earlier motion and the United States submitted

an expert report, Continental should be barred from exploring

these issues further.  Motion at 6-7.  Similarly, the United

States argues that the correspondence from the United States to

United States of America v. Continental; Case No. A98-285 CV (JWS)
Continental's Opposition to Motion to Quash

LAW OFFICES OF
Guess&Rudd P.C.
510 L STREET
SEVENTH FLOOR
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 793-2200
FACSIMILE (907) 793-2299

Continental "speaks for itself as to the authorship of the tender letters and the reasons for making the tenders," and any further inquiry into the matter is irrelevant.  No authority supports these assertions.  Continental is entitled to take discovery from its adversary on the crucial facts surrounding its tenders.

The United States also asserts that some information surrounding the tender offers is privileged.  That is irrelevant because most information about the United States' tenders, such as communications between representatives of the United States and third-parties, is undoubtedly non-privileged.  As to any specific inquiries that purportedly invade the privilege, the United States may object at deposition.

> 2.    The United States' claims for punitive damages, including, but not limited to, all discussions concerning the decisions to seek punitive damages, and any and all claims by the United States that anyone at CIC acted with ill will or malice, all persons involved in the decision to seek punitive damages, all bases for the United States' position that punitive damages are appropriate in this case, and the amount of punitive damages sought.

Continental is also free to inquire into the facts surrounding the United States' claims for punitive damages.  This topic is obviously appropriate.  The United States' claims for punitive damages are what will be adjudicated at trial.

United States of America v. Continental; Case No. A98-285 CV (JWS)
Continental's Opposition to Motion to Quash

LAW OFFICES OF
Guess & Rudd P.C.
510 L STREET
SEVENTH FLOOR
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 793-2200
FACSIMILE (907) 793-2299

Continental is entitled to discover the facts and circumstances surrounding those claims.

The government argues that material related to this inquiry is contained in pleadings, briefs, and expert reports that are already in the record (Motion at 8), but that does not preclude Continental from investigating the issue further. If anything, that germane documents already exist reveals precisely how relevant the topic is. The government also argues that the it need not provide a deponent because "the amount of punitive damages to which the United States may be entitled is controlled by law and the judgment of the jury." Motion at 8. That is facially irrelevant. The "judgment of the jury" will be affected by the facts it is shown; Continental is entitled to develop those facts.

Nor can the government assert a blanket claim of privilege. The United States surely will provide someone to testify at trial on "claims by the United States that anyone at Continental acted with ill will or malice," the bases for its position is that "punitive damages are appropriate in this case," and "the amount of punitive damages sought." It cannot claim privilege when Continental seeks discovery on that testimony.

United States of America v. Continental; Case No. A98-285 CV (JWS)
Continental's Opposition to Motion to Quash

LAW OFFICES OF
**Guess & Rudd** P.C.
510 L STREET
SEVENTH FLOOR
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 793-2200
FACSIMILE (907) 793-2299

3.   All discussions, research and analysis
     of the issues relating to implied additional
     insureds generally and as it applies to claims
     <u>filed by the United States in this case</u>.

This topic is also highly relevant.   The existence or

non-existence of legal precedent regarding implied insureds is

crucial because violations of unclear legal standards do not give

rise to punitive damages liability.   <u>State v. Haley</u>, 687 P.2d

305, 320 (Alaska 1984) (holding that where a plaintiff's rights

were not "clearly defined," a violation of those rights does not

evidence reckless indifference and, therefore, the plaintiff's

prayer for punitive damages should be summarily adjudicated).

The United States objects that this subject is "a legal question

the answer to which the United States does not control."   Motion

at 9.   The issue, however, is not who "controls" the answer to

this question but whether there was a clear answer at all when

the United States tendered.   If the United States knew of no on

point authorities and the doctrine was unclear, punitive damages

cannot be awarded.   If, on the other hand, the United States knew

of some precedent but did not disclose it to Continental, that

too is relevant information.   In either case, the United States'

United States of America v. Continental; Case No. A98-285 CV (JWS)
Continental's Opposition to Motion to Quash

Page 12 of 23

LAW OFFICES OF
Guess & Rudd P.C.
510 L STREET
SEVENTH FLOOR
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 793-2200
FACSIMILE (907) 793-2299

understanding of and communications about the implied insurance doctrine are discoverable.[1]

> 4. All other claims in Alaska from 1988 to the present in which the United States claimed insurance coverage as an implied additional insured under an insurance policy and the responses of the insurers involved and the date the United States first claimed it was an implied additional insured under any insurance policy issued to an Alaskan insured.

This topic also bears on the Continental's position that the doctrine of implied-at-law insurance was undeveloped at best when the United States tendered. To Continental's knowledge, this was the first case in which the United States *ever* tendered under an insurance policy claiming that it was an implied additional insured. Continental is entitled to explore whether other claims exist, when they were presented, how other insurers responded, and related issues. All of these issues bear on the "outrageousness," or lack thereof, of Continental's response to the United States' tenders.

---

[1] Not all questions pursuant to this topic would call for privileged information or work product. For example, communications between the United States and a third party regarding implied insurance law are both highly relevant and non-privileged.

United States of America v. Continental; Case No. A98-285 CV (JWS)
Continental's Opposition to Motion to Quash

LAW OFFICES OF
**Guess & Rudd** P.C.
510 L STREET
SEVENTH FLOOR
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 793-2200
FACSIMILE (907) 793-2299

Page 13 of 23

The United States' objection that "Continental did not claim a defense in the liability portion of this case that it was acting in accordance with industry standards" (Motion at 9-10) misses the point. Continental does not claim that it acted in accordance with industry standards -- the point is that there were no industry standards on this issue when the United States tendered. In any case, whether Continental presented a particular defense in the coverage phase or not, it is entitled to fully develop in discovery all of its potential punitive damages defenses.[2]

> 5.    All policies, procedures, guidelines and practices from 1988 to the present concerning (a) when or how the United States should seek coverage under policies in which it claims it is an additional insured; (b) the handling of a claim against the United States by an insurance carrier, including selection of counsel, determination of settlement and control of positions taken; and (c) the circumstances under which the United States will seek punitive damages.

---

[2]  The United States' statement that it does not have a "person responsible for tracking this information" (Motion at 10) also misses the point. Whether or not someone is regularly tasked with tracking the noticed information, the United States must in good faith endeavor to produce one or more knowledgeable individuals. See, e.g., Wilson v. Lakner, 228 F.R.D. 524, 528 (D.Md. 2005) ("the organization *is* expected to create a witness or witnesses with responsive knowledge" (emphasis in original)); Fed. R. Civ. P. 30(b)(6) ("The persons so designated shall testify as to matters known *or reasonably available to the organization*" (italics added)).

United States of America v. Continental; Case No. A98-285 CV (JWS)
Continental's Opposition to Motion to Quash

LAW OFFICES OF
**Guess & Rudd**
P.C.
510 L STREET
SEVENTH FLOOR
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 793-2200
FACSIMILE (907) 793-2299

The information requested in this topic, which includes the procedures and polices related to the United States' decisions to seek coverage and pursue punitive damages, could be highly relevant.  When assessing whether Continental acted outrageously when it denied coverage to the United States, the jury certainly is entitled to consider the United States' own policies, procedures, and guidelines on the coverage issues in this case, or the lack thereof.  The jury is also entitled to consider whether the United States has satisfied its own internal guidelines on when it should, and should not, seek punitive damages.

The United States' representation in its motion that there are "no specific policies or procedures" (Motion at 11) on these subjects does not obviate its obligation to produce a witness who can testify to that ostensible fact.  Indeed, the fact that the United States had or has no policies regarding when it will seek coverage as an implied additional insured itself is telling, and Continental is entitled to develop that fact through deposition testimony.

LAW OFFICES OF
Guess&Rudd
P.C.
510 L STREET
SEVENTH FLOOR
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 793-2200
FACSIMILE (907) 793-2299

United States of America v. Continental; Case No. A98-285 CV (JWS)
Continental's Opposition to Motion to Quash

Page 15 of 23

> 6.  All damages, harm, or other effects on
>     the United States by virtue of CIC's
>     denial of coverage including, but not
>     limited to, all defense costs allegedly
>     incurred in defending the underlying action.

The United States does not contest that information

pursuant to this topic is highly relevant, nor can it.  The

amount of compensatory damages bears on the appropriate amount of

a punitive damage award.  See Mapco Express, Inc. v. David Faulk,

24 P.3d 531, 547 (Alaska 2001); see also State Farm v. Campbell,

538 U.S. 408 (2003).  The amount of the United States' defense

costs also bears on the precise dollar amount to which it may be

entitled under this Court's prior orders.

The United States' sole objection is that "Continental

seeks information that has been previously provided."  Motion at

11.  That, of course, is an improper objection.  The mere fact

that the United States has "provided" some information before "in

support of the government's past arguments" (Motion at 11) does

not preclude discovery now.  Certainly, Continental can explore

the government's contentions and need not take the government's

representations at face value.

United States of America v. Continental; Case No. A98-285 CV (JWS)
Continental's Opposition to Motion to Quash

LAW OFFICES OF
Guess&Rudd P.C.
510 L STREET
SEVENTH FLOOR
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 793-2200
FACSIMILE (907) 793-2299

7. The basis for any and all claims against
The Continental Casualty Company (CCC).

This topic targets the United States' contentions as to one of the two defendants in the case. It is hard to conceive what could be more relevant. Defendant Continental Casualty Company is entitled to inquire into what bad acts it allegedly has committed.

The United States objects that the "factual basis for any claims against the Continental Casualty Company were set forth, in part, in the deposition of Mr. Boysen, a witness designated by Continental in response to the Rule 30(b)(6) notice of the United States." Motion at 12. Instead of supporting the United States' position, this statement acknowledges both the relevance of this line of inquiry and the need for further exploration. Apparently, the United States believes this topic is relevant enough for *it* to explore in its Rule 30(b)(6) deposition of Continental, but not vice versa. That is an inherently inequitable, and wrong, proposition.[3]

---

[3] That, according to the government, the factual basis for the United States' claims was only set forth "in part" in Mr. Boysen's deposition further demonstrates that exploration of the government's contentions is appropriate.

United States of America v. Continental; Case No. A98-285 CV (JWS)
Continental's Opposition to Motion to Quash

LAW OFFICES OF
Guess&Rudd
P.C.
510 L STREET
SEVENTH FLOOR
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 793-2200
FACSIMILE (907) 793-2299

8.  The basis for any and all claims against CNA Financial Corporation (CNA Financial) including but not limited to any basis for claims for punitive damages against CNA Financial and the basis for any belief by the United States that CNA Financial took any action with respect to the United States' request for coverage under CIC policies.

As the government admits that it does not have any claims against CNA Financial, inquiry into this topic is no longer necessary and this topic is withdrawn.

9.  The date(s) that the United States received any policy of insurance issued to Bristol Bay Area Health Corporation (BBAHC) and from whom.

When the United States received the policies issued by Continental to Bristol Bay is part of the totality of the circumstances surrounding the United States' tenders and Continental's denial of coverage, and hence discoverable.  The United States has argued that Continental wrongfully suppressed the existence of the Bristol Bay policy under which the Ninth Circuit found it was covered.  The date(s) on which the United States received the policies at issue is essential to Continental's defenses to that argument.  The United States' relevance objections should be rejected.[4]

---

[4]  All the United States states in support of its objection is:

(footnote continued)

LAW OFFICES OF
Guess & Rudd P.C.
510 L STREET
SEVENTH FLOOR
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 793-2200
FACSIMILE (907) 793-2299

10.  All communications to and from BBAHC
     and their counsel relating to the underlying
     claims or the United States' claims for coverage,
     including, but not limited to, claims by the
     United States for indemnity from BBAHC.

The United States objects to this line of inquiry on
relevance grounds, arguing that "communications between the named
insured and the implied insured is not relevant at this phase of
the case."  Motion at 14.  That is simply wrong.  Communications
between the United States and Bristol Bay could be highly
probative.  Continental may explore whether Bristol Bay told the
United States it did not intend to duplicate FTCA coverage or
whether any of a dozen other statements were made by Bristol Bay
to the United States, or vice versa.

The United States argues that Continental may depose
Robert Stewart, BBAHC's counsel, if it chooses.  The mere fact
that Mr. Stewart may testify does not mean the United States can

---

The United States tendered defense of the Wilson case, arguing
that it was an implied insured, and Continental denied that
tender and all subsequent tenders.  Its actions in making such
denials has [sic] been found to have been in bad faith.  Indeed,
after this court's 2001 decision in favor of the United States,
Continental knowing that the United States was an insured, did
not accept the retender of Kallstrom.

Motion at 13.  That clearly misses the point.

United States of America v. Continental; Case No. A98-285 CV (JWS)
Continental's Opposition to Motion to Quash

Page 19 of 23

LAW OFFICES OF
Guess&Rudd P.C.
510 L STREET
SEVENTH FLOOR
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 793-2200
FACSIMILE (907) 793-2299

escape its obligations.  Communications from both parties are potentially relevant.

> 11.  All actions relating to the Kallstrom claims, including the decision to bring claims against Mrs. Kallstrom and all defense activities relating to those <u>claims after the tender to CIC in October 2001</u>.

All information related to damages is relevant.  The method with which the United States handled Mrs. Kallstrom's claim, the decision to pursue claims against Kallstrom and other such inquiries relates to the determination of the United States' actual damages.  While the United States argues that Continental had the "right to be involved in these activities and/or question them, but only if it accepted tender of defense," Continental is not trying to "involve" itself with these actions.  It merely seeks to investigate the United States' damages claims.

Further, the lack of defense activities in the <u>Kallstrom</u> case after the United States tendered the claims directly bears on Continental's "outrageousness" defenses.  The United States has argued that Continental in bad faith denied its tender in the <u>Kallstrom</u> case.  Continental believes no significant litigation events occurred in <u>Kallstrom</u> after the United States tendered, and therefore there was nothing to defend

LAW OFFICES OF
**Guess & Rudd** P.C.
510 L STREET
SEVENTH FLOOR
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 793-2200
FACSIMILE (907) 793-2299

or accept.  Continental is entitled to explore the facts on this issue at deposition.

The United States argues that some responsive information is already available to Continental, pointing to a letter, court filings and a declaration by one of the United States' former attorneys.  As discussed above, however, the fact that some information has already been exchanged does not mean the United States can stonewall.[5]

<u>Conclusion</u>

For the foregoing reasons, Continental respectfully requests that the court deny the United States' motion to quash. Furthermore, because the motion was without merit and Continental

---

[5]  The United States' argument that bringing a witness to Los Angeles is unreasonable and burdensome is disingenuous.  Continental could not pick a location more convenient to the government because the United States has never identified who its witnesses will be, let alone where they reside.  In addition, since the United States is located everywhere, it follows that it can be noticed to appear anywhere, including Los Angeles.  See <u>Cadent Ltd. v. 3M Unitek Corp.</u>, 2005 WL 2850103, *2-3 (C.D. Ca. 2005) (denying motion for protective order relating to 30(b)(6) deposition noticed for Los Angeles even though party's principal places of business were in Israel and New Jersey: "A party may unilaterally choose the place for deposing an opposing party, subject to the granting of a protective order by the Court pursuant to Rule 26(c)(2), Fed.R.Civ.P., designating a different place. . . .  [P]laintiff has the burden under Rule 26(c) to show good cause for the issuance of a protective order requiring the depositions not be held in Los Angeles, where they were noticed").  Having said this, Continental is not wedded to Los Angeles and is willing to accommodate the witnesses by changing the venue.

United States of America v. Continental; Case No. A98-285 CV (JWS)
Continental's Opposition to Motion to Quash

Page 21 of 23

LAW OFFICES OF
Guess & Rudd P.C.
510 L STREET
SEVENTH FLOOR
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 793-2200
FACSIMILE (907) 793-2299

is clearly entitled to conduct a Rule 30(b)(6) deposition of the United States of America on the topics designated, Continental seeks an award of fees and costs, with respect to the preparation of this opposition. A proposed order is filed simultaneously with this opposition.

DATED at Anchorage, Alaska, this 21st day of December, 2005.

GUESS & RUDD P.C.
Attorneys for Defendant

By: _____
Gary A. Zipkin
Alaska Bar No. 7505048

QUINN EMANUEL URQUHART
   OLIVER & HEDGES, LLP
Attorneys for Defendant

By: _____
A. William Urquhart, Esq.

F:\data\6024\1\pleading\21oppmtnquash.DOC

United States of America v. Continental; Case No. A98-285 CV (JWS)
Continental's Opposition to Motion to Quash

LAW OFFICES OF
Guess & Rudd P.C.
510 L STREET
SEVENTH FLOOR
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 793-2200
FACSIMILE (907) 793-2299

CERTIFICATE OF SERVICE

I hereby certify that on the
21st day of December, 2005, I
mailed a true and correct copy
of the foregoing document to the
following counsel of record:

Richard L. Pomeroy, Esq.
Assistant U.S. Attorney
U.S. Attorney's Office
222 W. 7th Avenue, #9
Anchorage, Alaska  99513

Richard Stone, Esq.
Civil Division, Torts Branch
U.S. Department of Justice
1331 Pennsylvania Avenue, N.W.
Washington, D.C.  20530

A. William Urquhart, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA  90017

Guess & Rudd P.C.

By: _Karen L. Hettor_

LAW OFFICES OF
Guess & Rudd P.C.
510 L STREET
SEVENTH FLOOR
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 793-2200
FACSIMILE (907) 793-2299

United States of America v. Continental; Case No. A98-285 CV (JWS)
Continental's Opposition to Motion to Quash

Page 23 of 23