FILED

DEC 2 8 2005

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
By_____ Deputy


UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> CNA FINANCIAL CORPORATION and ) <br> THE CONTINENTAL CASUALTY ) <br> COMPANY d/b/a THE CONTINENTAL ) <br> INSURANCE COMPANY, ) <br> ) <br> Defendants. ) <br> _____) | A98-285 CV (JWS) <br><br> ORDER FROM CHAMBERS <br><br> [Re:   Motion at docket 195] |

### I. MOTION PRESENTED

At docket 195, plaintiff United States of America ("United States") moved for a protective order quashing its Rule 30(b)(6) deposition noticed by defendants CNA Financial Corporation and The Continental Casualty Company d/b/a the Continental Insurance Company ("Continental"). Due to the interplay between the scheduled deposition date and the time necessary for the related motion practice, the court quashed the deposition, but without prejudice to its re-notice after the ruling on the merits of the motion at docket 195.[1] The court invited Continental to file a response and indicated that a reply should not be filed unless requested by the court. A trial date has been set and the deposition, if it is to be taken, should be taken soon.

---

[1] Order at doc. 197.

201

## II. STANDARD OF REVIEW

The scope of discovery permitted by the Federal Rules of Civil Procedure is quite broad. Discovery of any non-privileged matter relevant to any claim or defense asserted by any party may be obtained.[2] Relevance is also broadly defined: "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable . . . ."[3] Moreover, the information sought "need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."[4]

## III. DISCUSSION

It is unnecessary to write at length with respect to the parties' contentions. For the most part, given the broad scope of discovery which applies, Continental's briefing has it right, and the United States' papers have it wrong. One general comment is in order: There is no doubt that some of the topics identified by Continental involved privileged communications, but, as Continental has indicated, it seeks only non-privileged information. The United States remains free to invoke privilege whenever that is appropriate.

Turning to the individual topics identified in the Rule 30(b)(6) notice,[5] the court makes the following rulings based on its application of the standard identified above:

> Topic 1: The United States shall provide a witness or witnesses who can respond to this topic as written.
>
> Topic 2: The United States shall provide a witness or witnesses who can respond to the following more narrowly circumscribed topic: "All bases for

---

[2] FED. R. CIV. P. 26(b)(1).

[3] FED. R. EVID. 401.

[4] FED. R. CIV. P. 26(b)(1).

[5] The reference to topics by topic number is keyed to the paragraph numbers which appear at pages 1-3 of Continental's "Amended Notice of Deposition Under Fed. R. Civ. P. 30(b)(6) And Documents Requested Therein." A copy was provided as Exhibt 2 to doc. 195.

the United States' position that punitive damages are appropriate in this case, and the amount of punitive damages sought," but not the rest of the topic as set out by Continental.

Topic 3: The United States need not provide a witness to respond to this topic.

Topic 4: The United States shall provide a witness or witnesses to respond to this topic.

Topic 5: The United States shall provide a witness or witnesses to respond to sub-topics (a) and (c). The United States is not required to respond to sub-topic (b).

Topic 6: The United States need not provide a witness to respond to this topic.

Topic 7: The United States shall provide a witness or witnesses who can respond to this topic.

Topic 8: The United States need not respond separately to this topic as such. The portion of this topic as to which the United States shall provide a witness or witnesses is included in that portion of Topic 2 which the court has approved for inquiry by Continental.

Topics 9 thru 12: The United States shall provide a witness or witnesses to respond to these topics.

The deposition notice includes a long list of documents which Continental demands be produced at the Rule 30(b)(6) deposition. The documents that the United States must provide at the deposition shall be limited by the following two criteria: First, the United States need not produce any documents that fall outside the scope of the topics as allowed in this order. Second, the United States need not look for responsive documents beyond (a) documents which are within the District of Alaska, and (b) such documents outside the District of Alaska which are, or copies of which are, in the care, custody, or control of (i) a person who will appear at the Rule 30(b)(6) deposition of the United States, (ii) any person named on plaintiff's existing witness list in this case, or (iii) any lawyer currently or previously representing plaintiff in this case. (This does not mean that documents subject to a privilege which are found within the scope of such a search need to be produced.)

Continental asks for an award of costs associated with opposing the United States' motion. Having found that Continental is entitled to only some of the discovery it sought and that the United States is entitled to only some of the protection it sought, the court declines to award costs to either party.[6]

### IV.  CONCLUSION

The motion at docket 195 is **GRANTED in part and DENIED in part** consistent with the discussion above. Continental may now re-notice the Rule 30(b)(6) deposition of the United States, provided that it is limited as set out above.

DATED at Anchorage, Alaska this 29th day of December 2005.

JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

A98-0285--CV (JWS)   12-28-05

✓ G. ZIPKIN (GUESS)
✓ R. POMEROY (AUSA)

---

[6]See FED. R. CIV. P. 37(a)(4)(C).

-4-