TIMOTHY M. BURGESS
United States Attorney

RICHARD L. POMEROY
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9
Anchorage, Alaska  99513-7567
(907) 271-5071
(907) 271-2344 fax
richard.pomeroy@usdoj.gov

RICHARD R. STONE, SR.
Trial Attorney
U.S. Department of Justice
P.O. Box 888
Benjamin Franklin Station
Washington, D.C.  20044
(202) 616-4291
(202) 616-5200 fax
richard.stone@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 3:98-cv-285-JWS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | PLAINTIFF UNITED STATES' |
| | ) | OPPOSITION TO CONTINENTAL'S |
| CNA Financial Corporation and | ) | MOTION TO COMPEL DISCOVERY |
| The Continental Casualty | ) | |
| Company, dba The Continental | ) | |
| Insurance Company, | ) | |
| | ) | |
| Defendants. | ) | |

## **INTRODUCTION**

Continental's motion to compel makes no showing that the United States has failed to

cooperate in discovery in any way.  Each and every discovery request that Continental has served

has either been fully responded to by answer, by the providing of documents, or by objection in a timely manner.[1]  Continental does not meet the government's objections with any specificity, and indeed, intentionally misstates them in many instances.  Mindful of the Court's recent rulings regarding the breadth of discovery, the United States opposes Continental's motion to compel redundant, unspecific, vague, and overly broad discovery.  As has been true throughout this case, the alleged "facts" raised by Continental misrepresent the true status of discovery by misrepresenting the government's actions and by not fully informing the Court of the actual discovery provided.  Plaintiff should not be further subjected to redundant and outdated requests for discovery by Continental.  The motion to compel should be denied.

After receiving the Court's Order on its Rule 30(b)(6) motion to quash, plaintiff's counsel met with Continental's counsel by telephone for an hour and a half on January 5, 2005, to address the mechanics of providing the discovery that the Court ordered us to provide to Continental and to better determine the scope of those remaining Rule 30(b)(6) items.  That discussion ended with counsel for Continental stating that they would confer and get back to counsel for plaintiff about the issues addressed.  The United States' counsel agreed to continue to select witnesses that could cover topics addressed, including a Rule 30(b)(6) witness from the Department of Justice to cover guidelines, policies, practices, and procedures under defendant's 30(b)(6) category

---

[1]  Continental suggests to this Court that it had an agreement with plaintiff United States for plaintiff to have an extension of time. Dkt. no. 199 at 2.  However, it does not mention that the United States did not accept the extension under the terms given and responded timely to the discovery.  Continental's offer to agree to an extension of time if the United States did not raise relevant objections was too miserly and we believed not made in good faith. Because the United States did not accept the offer and instead served timely responses and objections, the limitations Continental placed on its willingness to agree to an extension are irrelevant.

5, who we will name today.  We also agreed to work to obtain names of contracting officers in the relevant period.  Further, we agreed to decide whether we would submit to redeposition of Mr. Roosa in areas not covered by him previously.

At the end of the telephone conference call on January 5, 2005, counsel for the United States asked whether Continental could withdraw the motion to compel.  They informed us that they would confer and get back to government counsel on either January 5th or 6th about withdrawing it.  As of this time, we have not yet heard from counsel.  With that background presented to the Court for the purpose of demonstrating that the United States is in good faith attempting to resolve the discovery disputes, the following opposition is provided.

## ARGUMENT

Continental first contends that the United States is being uncooperative.  Dkt. no. 199 at 1.  As discussed above, this is not at all true.  Continental does not mention that at the time of filing of its motion to compel, the United States had cooperated in the production for deposition of its former counsel, former AUSA Kenneth Roosa, who initially handled the matter covered by the requests.  He is also the most knowledgeable source on the matters Continental claims are essential for its discovery.  Further, Continental does not mention that it inquired of that witness regarding those matters, or had the opportunity to do so, or that facts surrounding the matters have already been supplied either through that or other witnesses or through the United States' responses to discovery, or through its expert witness reports.  Indeed, almost five years ago, the United States provided complete discovery of all evidence that was in the possession of the United States at that time or objected to the discovery requests.  The United States incorporates, herein, by reference its Responses to Defendant's First Discovery Requests in full.  See Exhibit

USA v. The Continental Casualty Company
Case No. 3:98-cv-285-JWS                    -3-

A.  It is impossible to conclude that Continental has any expectation that the United States should do anything further on the complained of discovery requests that have been satisfied.

Continental's "specific deficiencies with the USA's discovery responses . . ."  generally are not supported by law or fact.  First, Continental contends that the United States must "admit that it claimed indemnity from BBAHC for the <u>Wilson</u> and /or <u>Kallstrom</u> claims and that its response is evasive."  Dkt. no. 199 at 3.  The United States' direct denial of this request is in no way evasive.  In Continental's earlier briefing, Continental briefed and argued that as a matter of law the United States had no right to indemnification from BBAHC.  Indemnification has not been an issue in this case since the first round of summary judgment briefing.  Whether the United States demanded indemnity from BBAHC simply has no relevance to whether Continental has acted with bad faith of a degree that supports punitive damages in this matter.  Continental does not provide any argument that establishes that the United States ought to be compelled to amend its proper response to a request to admit on a matter that has already been resolved in the instant case.

Likewise, the United States' answer to interrogatory number one on the ground of relevance and vagueness is proper.  Continental's motion to compel does not provide a single argument that the United States' claims against BBAHC, or that the relationship between those two entities, have anything to do with the instant case.  Dkt. no. 199 at 3.  Its claim that discovery about the relationships of BBAHC and the United States is relevant "to make a determination of whether Continental's conduct justifies the imposition of punitive damages," simply makes no sense and is for no proper purpose.  The BBAHC indemnification claims have been briefed and

argued in this case and Continental's first two law firms were aware of that. Continental's purpose here is nothing more than annoyance and increased expense to the United States.

Continental apparently requests the Court to compel the United States to recalculate the Wilson and Kallstrom defense costs under requests for production nos. 2 and 10. Dkt. no. 199 at 3. That amount, and the basis for its calculation, were provided earlier and received into evidence in this litigation by unopposed and uncontested declaration of AUSA Ken Roosa. Dkt. no. 76, ex. 5. The United States provides that cite in its response to request for production no. 2. Indeed, Continental recently sent the United States a check that includes the amount of those defense costs for Wilson. Further, Continental fully explored these issues, or had the opportunity to, at former AUSA Roosa's deposition, which defendant does not mention to this Court had been taken before the instant motion to compel was filed. Consequently, these requests for production have been completely satisfied and the request to compel cannot be made for a proper purpose.

Request for production number 10 is pure nonsense: "produce all documents that concern or pertain to the net worth of the USA from 1988 to present and how it is calculated." Continental relies on State Farm v. Campbell, 538 U.S. 408 (2003), which held that plaintiff's net worth was relevant when plaintiff was financially vulnerable and had contended that defendant's bad faith caused it economic damages by taking advantage of its financial vulnerability. This is not an issue in this case and the United Stats has brought that to Continental's attention . See USA letter at ¶ 6, attached to ex. D to Dkt. no. 199 at p. 18 of 21. Continental also had asked for a 30(b)(6) witness on this issue, which this court quashed.

Further, Continental had informed plaintiff that the request was withdrawn.  Yet, Continental moves to compel; and, consequently, cannot be doing so for any proper purpose.

Requests for production nos. 4 and 8 are overly broad and burdensome and are not calculated to lead to the discovery of admissible evidence on whether Continental's bad faith rises to the level of deserving punishment.  The United States' pursuit or non pursuit of other insurers has no relevance to the instant case where the United States is an implied insured under Alaska law and the issue is settled and is the law of the case.

Interrogatory no. 4 states: "Describe in detail all instances where the United States was determined to be an additional implied insured on an insurance policy under Alaska law."  The United States' answer to that interrogatory is complete and proper.  See Dkt. no.199 at Ex. D, pp.7 of 21 and 16-17 of 21.  Continental does not show in anyway that this interrogatory has not been fully and properly answered.  Also, the United States has not contended that there is any other Alaska case that holds it to be an implied insured.  Further, all cases that either party has found on this issue have been briefed.

Requests for admission nos. 2 and 3 do not inquire about any policy with a policy number that has been identified or is applicable in this case.  They are properly denied.  Continental has received full discovery on interrogatory no. 2.[2]  AUSA Roosa was the government employee at the time who was responsible for the receipt of any policies in the Wilson case.  He was deposed and answered the defendant's questions about the receipt of relevant policies and the dates by which they were received.  The United States does not contend that his dates are incorrect.

---

[2]  Contrary to Continental's contentions, request for production no. 15 has no relevance to these issues.  See Dkt. 199, p.4 and ex. D at p. 11 of 21.

Continental, however, has moved to compel, knowing that it had deposed Roosa, but did not provide that information to this Court. As has been true throughout this case Continental has again provided less that candid background and evidence upon which to base its motion.

Interrogatory no. 3 has been completely answered. The United States' answer to this interrogatory and the expert witness report of Deborah Senn, which is incorporated by reference in the answer in advance, had been provided to Continental before it moved to compel. Yet, Continental does not provide that relevant information. Again, Continental fails to provide an accurate statement of the status of the United States' discovery response. Continental seeks some advantage by moving to compel discovery that it knows has been fully provided while simply ignoring the discovery. At best this motion to compel an additional answer to interrogatory no. 3 is moot. At worst, it is knowingly improperly requested based on an intentionally incomplete record.

Regarding request for admission no. 4, Continental asks the United States to admit the law. It is not the United States' responsibility to admit or deny the law. Nor is there any relevance to this request to admit. The legal issues related to the United States' implied insured status have been resolved against Continental and in plaintiff's favor. It is inappropriate to ask the United States to admit (Request for Admission nos. 5 and 6) that this Court once ruled for Continental and that Ninth Circuit Court Judge Kleinfeld would have. Neither decision is the law at this time. Further, all legal issues surrounding these decisions have been resolved against Continental. It is not "obvious" that these decisions have any relevance to Continental's actions that will lead to punitive damages. As with all other claims to compel, these requests by Continental also appear to be made for no proper purpose.

USA v. The Continental Casualty Company
Case No. 3:98-cv-285-JWS                    -7-

Request for production no. 9 asks for the United States "policies, procedures, guidelines and practices" when the United States will seek punitive damages. The United States' response, as in all above responses and answers, was complete. However, mindful of, and in accordance with the Court's recent ruling on the motion to quash, the United States is naming today, and will produce, a 30(b)(6) witness on this issue and will also provide "policies [etc.], " if any. Further, counsel have authority from the Assistant Attorney General of the Civil Division to seek punitive damages, which authority has been provided to Continental.

Also, regarding request for production no. 9, how an insurance company might have handled the case is mere speculation. The Court has quashed from Continental's 30(b)(6) requests item (b) of request no. 5 that asked for a witness regarding "the handling of a claim against the USA by an insurance carrier, including selection of counsel, determination of settlement and control of positions taken." The United States' motion to amend to allege punitive damages, as Continental knows, was filed with Continental's written non objection. This Court has held, and it is law of the case, that a punitive damages trial is indicated. However, the United States will name today and will produce a 30(b)(6) witness in this matter. The only issues in the instant case are whether the insurer acted in punishable bad faith when it dealt with the purported insured United States and whether it has continued to do so.

Request for production no. 16 has been properly and completely responded to by the United States. See Dkt. no. 199 at ex. D, p. 19 of 21. Further, as stated above, any costs related to <u>Kallstrom</u> have been identified by Mr. Roosa and entered into evidence without objection. Indeed, a check has been provided to the United States that specifically reflects the Kallstrom actual costs. The United States, however, has not yet accepted the check, but not because it

contains an inaccurate amount for the <u>Kallstrom</u> actual costs. The United States does not

contend that there were any additional costs related to <u>Kallstrom</u>.

Continental does not refer to any other specific alleged discovery problems in its motion.

The United States has all along attempted to work out discovery and every other issue with

Continental. For example,

> if you ask by letter for unobjectionable relevant information at this time
> [November 9, 2005], we will attempt to supply it. We are willing to try to
> work with you to provide relevant discovery to any issues still in dispute.
>
> We also are willing to work with you in scheduling of witnesses, including
> expert witnesses. We are not opposed to supplying a 30(b)(6) witness, but
> will not do so unless a proper request is made for a relevant subject area.

Dkt. no 199 at ex. D, p. 20 of 21. This is still true. Continental, however, has wasted weeks

arguing about resolved issues governed by law of the case or nonsensical matters like the United

States' net worth. The instant motion to compel should be denied in all respects.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## CONCLUSION

For the foregoing reasons, Continental's motion to compel at docket no. 199 should be denied.

Respectfully submitted this 6th day of January, 2006.

                                      TIMOTHY M. BURGESS
                                      United States Attorney

                                      s/Richard L. Pomeroy
                                      Assistant U.S. Attorney
                                      222 West 7th Ave., #9, Rm. 253
                                      Anchorage, AK 99513-7567
                                      Phone: (907) 271-5071
                                      Fax: (907) 271-2344
                                      E-mail: richard.pomeroy@usdoj.gov
                                      AK #8906031


                                      s/Richard R. Stone, Sr.
                                      Trial Attorney
                                      U.S. Department of Justice
                                      P.O. Box 888
                                      Benjamin Franklin Station
                                      Washington, D.C.  20044
                                      Phone:  (202) 616-4291
                                      Fax:  (202) 616-5200 fax
                                      E-mail:  richard.stone@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on January 6, 2006,
a copy of the foregoing Plaintiff
United States' Opposition to
Continental's Motion to Compel Discovery
was served electronically on Gary A. Zipkin
and on

Rebecca L. Ross
Ross, Dixon & Bell, LLP
55 West Monroe Street, Suite 3000
Chicago, IL 60603-5758
(312) 759-1920
(312) 759-1939 fax

William Urquhart
Quinn Emanual
865 S. Figueroa St., 10th floor
Los Angeles, CA 90017
(213) 443-3000
(213) 443-3100 fax

by U.S. mail
s/ Richard L. Pomeroy

USA v. The Continental Casualty Company
Case No. 3:98-cv-285-JWS                -11-