**ROBERT C. BUNDY**
United States Attorney

**KENNETH S. ROOSA**
Assistant U.S. Attorney

Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9
Anchorage, Alaska 99507
(907) 271-5071

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Case No. A98-285 CV (JWS) |
| ) | |
| Plaintiff, ) | |
| ) | **PLAINTIFF'S RESPONSES TO** |
| vs. ) | **DEFENDANTS' FIRST DISCOVERY** |
| ) | **REQUESTS.** |
| CNA Financial Corporation and The ) | |
| Continental Casualty Company, dba The ) | |
| Continental Insurance Company, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff, by and through counsel, provides responses to Defendants' First Discovery

Requests as follows:

INTERROGATORY NO. 1: Identify each person who provided information for, or

worked on preparing, these responses to Defendants' First Discovery Requests. Provide their

names, addresses, telephone numbers, and name their employer and position.

·ANSWER:

Assistance in responding to these discovery requests was obtained from:

Exhibit ___A___

1.    Clay Powell
      Paralegal Assistant
      United States Attorney's Office
      222 W. 7th Ave., #9
      Room C-253
      Anchorage, Alaska 99513-7567

      (907) 271-5071

2.    Vickie Hoffner
      Legal Secretary
      United States Attorney's Office
      222 W. 7th Ave., #9
      Room C-253
      Anchorage, Alaska 99513-7567

      (907) 271-5071

3.    Ardys Akers
      Budget Clerk
      United States Attorney's Office
      222 W. 7th Ave., #9
      Room C-253
      Anchorage, Alaska 99513-7567

4.    A. Richard Dykstra
      Stafford Frey Cooper,
      2500 Ranier Tower
      Seattle, WA 98010-2621
      Phone (206) 623-9900

INTERROGATORY NO. 2: Pursuant to D.AK.L.R. 26.2(a)(2), identify each person

whom you expect to call as an expert witness at trial or with whom you have consulted on any

issue in this case, provide their addresses and telephone numbers, state the subject matter on

which the expert is expected to testify, and state the facts and opinions to which the expert is

expected to testify and a summary of the grounds for each opinion. This disclosure shall also

include all other information about the expert required to be disclosed under LR 26.2(a)(2)[B],

2

[C], including:

(1) a complete statement of all opinions to be expressed and the basis and reasons therefor,

(2) the data or other information considered by the witness in forming the opinions, (3) any

exhibits to be used as a summary or support for the opinions, (4) the qualifications of the witness,

including a list of all publications authored by the witness within the preceding 10 years, (5) the

compensation to be paid for the study and testimony, and (6) a listing of any other cases in which

the witness has testified as an expert at trial or by deposition within the preceding 4 years.

ANSWER:

1. As disclosed in a previously filed witness list, the United States anticipates calling as

an expert witness in this case Mr. A. Richard Dykstra, an attorney with the firm of Stafford Frey

Cooper, located at 2500 Ranier Tower, Seattle, WA 98010-2621, Phone (206) 623-9900. If

called, Mr. Dykstra will testify on the issue of bad faith by the Defendant in responding to the

United States tender of defense of the claims asserted by Lori and Marilyn Wilson, as well as the

counterclaims asserted by Blanche Kallstrom. Mr. Dykstra has not been able to formulate his

opinions due to delays in deposing fact witnesses, particularly employees of the defendant

corporation and Bristol Bay Area Health Corporation. His opinions, as well as all information

required to be disclosed by D.AK.L.R. 26.2(a)(2)[B], [C], will be provided as required by the

Court's pre-trial order. A copy of Mr. Dykstra's curriculum vitae is attached. The Court's Order

granting the extension of discovery to May 31, 2000 requires that all witnesses, including

experts, be named by April 14, 2000.

2. The United States is attempting to locate and retain an expert witness to testify

concerning the underwriting issues in this case. As soon as such a person is located and retained,

3

the required and requested information will be provided to the Defendant, and in any event, such witness' name will be disclosed by the deadline set by the Court.

    REQUEST FOR PRODUCTION 1: Pursuant to D.AK.L.R. 26.2(a)(2)[B],[C], produce a written report prepared and signed by each expert identified in Interrogatory No. 2, and all other information required under this rule.

    RESPONSE:

    The requested report will be provided in a timely manner as required by the Court.

    INTERROGATORY NO. 3: Identify any documents provided to, generated by or reviewed by, the above experts in relation to your consultation with them in this matter.

    ANSWER:

    Mr. Dykstra has been provided with a complete copy of all the documents received from the defendant in its initial disclosures, the United States' initial disclosures, the information disclosed by the Defendant in response to the United States' First Discovery Request, and a copy of the transcript of the Lori Wing deposition. He is currently attempting to obtain insurance rate information from the State of Alaska for the time periods relevant to the policy at issue here. He will also be provided copies of all depositions taken in the future.

    REQUEST FOR PRODUCTION 2: Produce copies of all documents listed in response to Interrogatory No. 3.

    RESPONSE:

    Object to Request for Production to the extent that it calls for the production of information previously given to the Defendant. All of the extant documents listed in response to Interrogatory No. 3 are already in the possession of the Defendant. Copying of documents

4

already disclosed in discovery would be unduly burdensome to the United States. Copies of correspondence with Mr. Dykstra are attached.

    **REQUEST FOR PRODUCTION 3:** Produce all files, documents, notes, e-mails, or any other documentation evidencing or concerning communications between the United States and the Bristol Bay Area Health Corporation ("BBAHC"), and/or any agent of BBAHC, including BBAHC attorneys.

    <u>RESPONSE:</u>

    Object to Request for Production No. 3 as over broad, unduly burdensome, and not reasonably calculated to result in the discovery of relevant information. The United States has contracted with and engaged in a government to government relationship with BBAHC for in excess of 20 years. If taken literally, Request for Production No. 3 could take months to respond to, would involve tens if not hundreds of thousands of pages of documents, and would undoubtedly involve correspondence from numerous government agencies, including congressional offices, the Department of the Interior, the Department of Health and Human Services, and the Department of Justice, to name a few which come readily to mind. Furthermore, without waiving this objection, Plaintiff incorporates its answers to Requests for Production Nos. 5,6,16, and 17.

    <u>REQUEST FOR PRODUCTION 4:</u> Produce all documents, records, files, correspondence, including e-mail, and any other records related to, evidencing, or referencing the United States' contact or communications with BBAHC personnel or any agent or attorney of BBAHC concerning the United States' Complaint in the instant case.

5

**RESPONSE:**

See attached correspondence file. No records exists of e-mails being exchanged.

REQUEST FOR PRODUCTION 5: Produce all documents, records, files, correspondence, including e-mail, and any other records related to, evidencing, or referencing BBAHC's "agreement with the United States of America, pursuant to the Indian Self-Determination and Education Assistance Act, 25 U.S.C. §450," as alleged in Paragraph 9 of the United States' First Amended Complaint ("Complaint").

**RESPONSE:**

Object to Request for Production No. 5 as over broad, unduly burdensome, and not reasonably calculated to result in the discovery of relevant information. The United States has contracted with and engaged in a government to government relationship with BBAHC for in excess of 20 years. If taken literally, Request for Production No. 5 could take months to respond to, would involve tens if not hundreds of thousands of pages of documents, and would undoubtedly involve correspondence from numerous government agencies, including congressional offices, the Department of the Interior, the Department of Health and Human Services, and the Department of Justice, to name a few which come readily to mind. The Request for Production includes A copy of the relevant contract was provided to the Defendant. It is believed that the contract contains all of the existing recorded information requested. Notwithstanding the foregoing, the United States claims as privileged a letter dated 8/10/99 from the United States Attorney's Office, signed by Ken Roosa to the IHS Area Contracting Officer.

INTERROGATORY NO. 4: Identify all individuals, including BBAHC personnel (past and present), with whom the United States has spoken or corresponded, or interviewed,

concerning its allegations in the Complaint.

ANSWER:

The United States has discussed this case with attorneys for BBAHC, specifically Parry Grover and Robert Stewart. In addition, a discussion of this case was held with various members of the BBAHC Board of Directors, meeting in executive session, in April, 1999. No other BBAHC personnel were engaged in discussions concerning this case.

INTERROGATORY NO. 5: State in full detail the particular facts upon which the United States bases its allegation in Paragraph 6 of its Complaint that "the United States was within the class of beneficiaries intended by the parties to the policy."

ANSWER:

The United States relies on the fact that BBAHC had a contractual obligation to name it as an additional insured under its liability policies. Further, the United States relies on the fact that the contract between the United States and BBAHC was an insured contract within the meaning of the policy, which completely obviates any alleged requirement that the United States be specifically named as an additional insured under the policy. Other facts, not yet known to the United States due to the relatively immature state to discovery, may be determined to exist. Further, the United States relies on federal and state case law, as set forth in the various tenders of defense of the underlying claims. Additionally, Plaintiff incorporates here by reference its answers to Interrogatories numbered 5, 7, 8, 9, 11, 13, 15, 17, and 19.

REQUEST FOR PRODUCTION 6: Produce all documents, records, correspondence, including e-mail, and any other tangible evidence supporting the United States' claim in Paragraph 6 of the Complaint that "the United States was within the class of beneficiaries

7

·intended·by the parties to the policy."

RESPONSE:

The contract between the United States and BBAHC contains the best evidence of the

intent of the parties, and has been previously provided to the Defendant. All non-privileged

correspondence is enclosed in response to these discovery requests.

INTERROGATORY No. 6: Identify any individuals with knowledge of facts–or who

will testify at trial, to support, prove, or provide evidence–in support of the United States' claim

in Paragraph 6 of the Complaint that "the United States was within the class of beneficiaries

intended by the parties to the policy."

ANSWER: The United States anticipates that testimony of the following individuals will

support this claim:

   ·1.    Robert Clark, Robert Brown, Liz Hartshorn, Nelda Dodge, and Tom Brennon, all
BBAHC employees or former BBAHC employees.

   2..    Sally Padgitt, Continental Insurance, 180 Maiden Lane, New York, NY 10038.

   3.    Julie McCarty, Brady & Company, 1031 W. 4th, Anchorage, AK 99510-7502.

   4.    Debra Wyatt-Brown

   5.    Kim McCavera MIA

   6.    Kris Lampi, Rollins Hudig Hall

   7.    Other witnesses to be identified as discovery progresses.

  .  .. INTERROGATORY NO. 7: State in full detail the particular facts upon which the United

States bases its allegation in Paragraph 7 of the Complaint that "Inclusion of the United States as

  ..an implied insured does not increase the risk undertaken by Continental when it issued the policy

8

in question."

ANSWER:

The United States relies on agency law, common sense, and arguments previously presented to the defendant to support this claim. Continental assumed defense of this claim, admitting the risk was insured under the relevant policy when it was brought in state court. Its risk was not increased by adding the United States as an additional insured, rather, the United States became liable for all claims in excess of the policy limits. Accordingly, logic dictates that the United States' inclusion as an implied insured did not "increase the risk undertaken by Continental when it issued the policy in question." Continental was still liable for the tortious acts of employees of BBAHC. The only real question was whether the policy limits were payable directly to the injured party or to the United States as indemnification.

REQUEST FOR PRODUCTION NO. 7: Produce all documents, records, correspondence, including e-mail, and any other tangible evidence supporting the United States' allegation in Paragraph 7 of the Complaint that "Inclusion of the United States as an implied insured does not increase the risk undertaken by Continental when it issued the policy in question."

RESPONSE:

See United States Answer to Interrogatory No. 6:, above. All relevant documents were produced in the United States initial disclosures.

INTERROGATORY NO. 8: Identify any individuals with knowledge of facts–or who will testify at trial, to support, prove, or provide evidence–in support of the United States' claim in Paragraph 7 of the Complaint that "Inclusion of the United States as an implied insured does

9

not increase the risk undertaken by Continental when it issued the policy in question."

 ANSWER:

 See United States Answer to Interrogatory No. 6:, above. In addition, the United States will present the testimony of Richard Dykstra and the individuals identified in response to Request for Production No. 6, adding thereto Lori Wing.

 INTERROGATORY NO. 9: State in full detail the particular facts upon which the United States bases its allegation in Paragraph 8 of the Complaint that "Exclusion of the United States as an implied insured will result in a windfall to Continental."

 ANSWER:

 Continental issued, in exchange for a full, un-discounted premium, a CGL policy to BBAHC, which obligated Continental to provide liability coverage and to represent its insureds in litigation arising out of negligent acts of all of the insured's employees, which includes employees of the United States of America. Continental charged an unreduced, un-discounted premium therefor, knowing full well that as a matter of law the United States could also be liable for the same acts. Continental now asserts that it has no responsibility to provide representation or coverage for losses incurred within the boundaries of the policy, by acts of BBAHC personnel who also were employees of the United States, knowing full well that the United States' liability is, at least in this case, potentially co-extensive with the policy. Under this rationale, Continental will never have any obligations to pay or defend under the policy, and would still collect premiums for providing coverage which it never intends to provide. This is indeed a windfall, at least, or at worst an egregious example of bad faith.

 REQUEST FOR PRODUCTION NO. 8: Produce all documents, records,

correspondence, including e-mail, and any other tangible evidence supporting the United States' allegation in Paragraph 8 of the Complaint that "Exclusion of the United States as an implied insured will result in a windfall to Continental."

RESPONSE:

See United States Answer to Interrogatory No. 9. All documents in the possession of the United States relevant to this lawsuit have been provided to the defendant.

INTERROGATORY NO. 10: Identify any individuals with knowledge of facts–or who will testify at trial, to support, prove, or provide evidence–in support of the United States' claim in Paragraph 8 of the Complaint that "Exclusion of the United States as an implied insured will result in a windfall to Continental."

ANSWER:

See Plaintiff's witness list. The United States also may rely on any witnesses identified or documents produced by the defendant.

INTERROGATORY NO. 11: State in full detail the particular facts upon which the United States bases its allegation in Paragraph 12 of the Complaint that "Continental accepted the claims [of the Wilsons] as covered by the policy."

ANSWER:

Continental defended BBAHC in the State court action. Continental's internal memos, particularly the memos of Bill Hutson and other claims managers and adjustors, admit that the claim was covered by the CGL policy in question.

REQUEST FOR PRODUCTION NO. 9: Produce all documents, records, correspondence, including e-mail, and any other tangible evidence supporting the United States'

11

allegation in Paragraph 12 of the Complaint that "Continental accepted the claims [of the Wilsons] as covered by the policy."

RESPONSE:

All evidence currently in the possession of the United States has been disclosed to the defendant. Any additional information received will be disclosed in accordance with the United States continuing disclosure obligation imposed by Federal Rule of Civil Procedure 26(a), and its corollary Local Rule. Trial exhibits will be exchanged as required by the Court in its final pre-trial order.

INTERROGATORY NO. 12: Identify any individuals with knowledge of facts–or who will testify at trial, to support, prove, or provide evidence–in support of the United States' claim in Paragraph 12 of the Complaint that "Continental accepted the claims [of the Wilsons] as covered by the policy."

ANSWER:

See witness list. The United States also may rely on any witnesses identified or documents produced by the defendant.

INTERROGATORY NO. 13: State in full detail the particular facts upon which the United States bases its allegations in Paragraphs 36, 42 and 44 that the United States is or was an "additional or implied insured" under the policy at issue in the case.

ANSWER:

See Paragraphs 36, 42 and 44 of the complaint, and documents produced, and deposition testimony to date in discovery. See the insured contract clause of the policy.

REQUEST FOR PRODUCTION NO. 10: Produce all documents, records,

12

correspondence, including e-mail, and any other tangible evidence supporting the United States'

allegation in Paragraphs 36, 42 and 44 that the United States is or was an "additional or implied

insured" under the policy at issue in the case.

    RESPONSE:

All evidence currently in the possession of the United States has been disclosed to the

defendant. Any additional information received will be disclosed in accordance with the United

States continuing disclosure obligation imposed by Federal Rule of Civil Procedure 26(a), and its

corollary Local Rule. Trial exhibits will be exchanged as required by the Court in its final pre-

trial order.

    INTERROGATORY NO. 14: Identify any individuals, with knowledge of facts, or who

will testify at trial to support, prove, or provide evidence in support of the United States' claim in

Paragraphs 36, 42 and 44 that the United States is or was an "additional or implied insured"

under the policy at issue in the case.

    RESPONSE:

See witness list. The United States also may rely on any witnesses identified or

documents produced by the defendant.

    INTERROGATORY NO. 15: State in full detail the particular facts upon which the

United States bases its allegations in Paragraph 47 of the Complaint that "Continental engaged in

unfair claims settlement practices in violation of AS 21.36.125 by, among other actions, failing

to acknowledge and act promptly upon communications regarding a claim arising under an

insurance policy, and by failing to attempt in good faith to make a prompt and equitable

settlement of claims in which liability was reasonably clear, as well as other unfair claims

settlement practices as yet unknown to the United States."

ANSWER:

The facts are set forth in the communications between the parties, copies of which were exchanged at the time of the communications. The timing of the defendant's responses speak for themselves. The United States cannot respond as to whether other "as yet unknown" unfair claims settlement practices were committed by the defendants, as discovery is continuing.

REQUEST FOR PRODUCTION NO. 11: Produce all documents, records, correspondence, including e-mail, and any other tangible evidence supporting the United States' allegation in Paragraph 47 of the Complaint that "Continental engaged in unfair claims settlement practices in violation of AS 21.36.125 by, among other actions, failing to acknowledge and act promptly upon communications regarding a claim arising under an insurance policy, and by failing to attempt in good faith to make a prompt and equitable settlement of claims in which liability was reasonably clear, as well as other unfair claims settlement practices as yet unknown to the United States."

RESPONSE:

All evidence currently in the possession of the United States has been disclosed to the defendant. Any additional information received will be disclosed in accordance with the United States continuing disclosure obligation imposed by Federal Rule of Civil Procedure 26(a), and its corollary Local Rule. Trial exhibits will be exchanged as required by the Court in its final pre-trial order.

INTERROGATORY NO. 16: Identify any individuals, with knowledge of facts, or who will testify at trial to support, prove, or provide evidence in support of the United States' claim in

14

Paragraph 47 of the Complaint that "Continental engaged in unfair claims settlement practices in violation of AS 21.36.125 by, among other actions, failing to acknowledge and act promptly upon communications regarding a claim arising under an insurance policy, and by failing to attempt in good faith to make a prompt and equitable settlement of claims in which liability was reasonably clear, as well as other unfair claims settlement practices as yet unknown to the United States."

ANSWER:

See witness list. It is impossible to specifically identify what each witness will say, as the witnesses have not yet been made available for deposition. It is hoped that expert testimony to that effect will be given by Richard Dykstra, but as discovery has not progressed as expected, he has been unable to formulate an opinion to date.

INTERROGATORY NO. 17: State in full detail the particular facts upon which the United States bases its allegations in Paragraph 45 of the Complaint that "Continental breached the covenant of good faith and fair dealing by . . . obtaining a last minute legal opinion just to 'paper the file' and for the main purpose of denying the claim."

ANSWER:

The facts are set forth in the correspondence between the parties, copies of which were exchanged at the time of the communications. The timing of the defendant's response speaks for itself.

REQUEST FOR PRODUCTION NO. 12: Produce all documents, records, correspondence, including e-mail, and any other tangible evidence supporting the United States' allegation in Paragraph 45 of the Complaint that "Continental breached the covenant of good

15

faith and fair dealing by . . . obtaining a last minute legal opinion just to 'paper the file' and for the main purpose of denying the claim."

RESPONSE:

All evidence currently in the possession of the United States has been disclosed to the defendant. Any additional information received will be disclosed in accordance with the United States continuing disclosure obligation imposed by Federal Rule of Civil Procedure 26(a), and its corollary Local Rule. Trial exhibits will be exchanged as required by the Court in its final pre-trial order.

INTERROGATORY NO. 18: Identify any individuals, with knowledge of facts, or who will testify at trial to support, prove, or provide evidence in support of the United States' claim in Paragraph 45 of the Complaint that "Continental breached the covenant of good faith and fair dealing by . . . obtaining a last minute legal opinion just to 'paper the file' and for the main purpose of denying the claim."

ANSWER:

See witness list. It is impossible to specifically identify what each witness will say, as the witnesses have not yet been made available for deposition.

INTERROGATORY NO. 19: State in full detail the particular facts upon which the United States bases its allegations in Paragraph 45 of the Complaint that "Continental breached the covenant of good faith and fair dealing by . . . unreasonably delaying its response to tenders by the United States."

ANSWER:

The facts are set forth in the correspondence between the parties, copies of which were

16

exchanged at the time of the communications. The timing of the defendant's responses speaks for itself.

REQUEST FOR PRODUCTION NO. 13: Produce all documents, records, correspondence, including e-mail, and any other tangible evidence supporting the United States' allegation in Paragraph 45 of the Complaint that "Continental breached the covenant of good faith and fair dealing by . . .unreasonably delaying its response to tenders by the United States."

RESPONSE:

All evidence currently in the possession of the United States has been disclosed to the defendant. Any additional information received will be disclosed in accordance with the United States continuing disclosure obligation imposed by Federal Rule of Civil Procedure 26(a), and its corollary Local Rule. Trial exhibits will be exchanged as required by the Court in its final pre-trial order.

INTERROGATORY NO. 20: Identify any individuals, with knowledge of facts, or who will testify at trial to support, prove, or provide evidence in support of the United States' claim in Paragraph 45 of the Complaint that "Continental breached the covenant of good faith and fair dealing by . . .unreasonably delaying its response to tenders by the United States."

ANSWER:

See witness list. The United States also may rely on any witnesses identified or documents produced by the defendant. It is impossible to specifically identify what each witness will say, as the witnesses have not yet been made available for deposition.

INTERROGATORY NO. 21: List and state with specificity the facts of each of "Continental's actions constitut[ing] a series of repeated acts of bad faith on the part of

Continental, in violation of AS 21.36.125," as alleged in Paragraph 42 of the Complaint.

ANSWER:

Object to Interrogatory No. 21. The Court's case planning and management order limits each party to 20 interrogatories. The United States has answered the maximum number of interrogatories it is required to answer.

INTERROGATORY NO. 22: State with specificity and list the "costs and reasonable attorneys fees associated with the of defense the (sic) claims asserted by Lori Dee and Marilyn Wilson," as alleged in Paragraph 1 on page 11 of the Complaint.

ANSWER:

Object to Interrogatory No. 22. The Court's case planning and management order limits each party to 20 interrogatories. The United States has answered the maximum number of interrogatories it is required to answer.

REQUEST FOR PRODUCTION NO. 14: Produce all billing statements, including an itemized bill for attorneys' fees and costs identified in the previous interrogatory.

RESPONSE:

The United States does not generate "billing statements" per se. A copy of the running time sheet itemizing time spent on the Kallstrom and Wilson matters, as well as this action, including the currently pending appeal in the Kallstrom matter, is attached hereto. The itemized statement of costs associated with the defense of this matter, the Wilson claim, and the Kallstrom claim are attached hereto. The United States currently bills its senior attorney time at a rate of $125.00 per hour.

INTERROGATORY NO. 23: List and state with specificity the "all costs and reasonable

18

attorney fees associated with the continuing defense of the claims asserted by Blanche Kallstrom,," as alleged in Paragraph 2 on Page 11 of the Complaint.

ANSWER:

Object to Interrogatory No. 23. The Court's case planning and management order limits each party to 20 interrogatories. The United States has answered the maximum number of interrogatories it is required to answer. Notwithstanding the aforementioned objection, the United States does not generate "billing statements" per se. A copy of the running time sheet itemizing time spent on the Kallstrom and Wilson matters, as well as this action, including the currently pending appeal in the Kallstrom matter, was produced in response to the Request for Production 14. The itemized statement of costs associated with the defense of this matter, the Wilson claim, and the Kallstrom claim are attached hereto. The United States bills its senior attorney time at a rate which varies between $125.00 and $150.00 per hour.

REQUEST FOR PRODUCTION NO. 15: Produce all billing statements, including an itemized bill for "all costs and reasonable attorney fees associated with the continuing defense of the claims asserted by Blanche Kallstrom" as alleged in Paragraph 2 on page 11 of the Complaint.

RESPONSE:

The United States does not generate "billing statements" per se. A copy of the running time sheet itemizing time spent on the Kallstrom and Wilson matters, as well as this action, including the currently pending appeal in the Kallstrom matter, is attached hereto. The itemized statement of costs associated with the defense of this matter, the Wilson claim, and the Kallstrom claim are attached hereto. The United States currently bills its senior attorney time at a rate

19

which varies between $125.00 and $150.00 per hour.

INTERROGATORY NO. 24: Identify all witnesses the United States intends to call at trial in this matter.

ANSWER:

Object to Interrogatory No. 24. The Court's case planning and management order limits each party to 20 interrogatories. The United States has answered the maximum number of interrogatories it is required to answer. Notwithstanding the foregoing objection, see the witness list filed in this matter. The United States may also rely on witnesses identified in the Defendant's witness lists, as well as witnesses identified in depositions. The United States is not required to decide which witnesses it will call at trial while discovery is ongoing and depositions are still being taken.

REQUEST FOR PRODUCTION NO. 16: Produce all evidence, including illustrative exhibits, documents, and records supporting or tending to prove the United States' claims set forth in the Complaint.

RESPONSE:

All evidence currently in the possession of the United States has been disclosed to the defendant. Any additional information received will be disclosed in accordance with the United States continuing disclosure obligation imposed by Federal Rule of Civil Procedure 26(a), and its corollary Local Rules. Trial exhibits will be exchanged as required by the Court in its final pre-trial order.

REQUEST FOR PRODUCTION NO. 17: Produce any and all other documents, records, or any other type of writing relevant to this lawsuit, including "any books, documents or other

20

tangible things" relating to the "subject matter involved in the pending action, whether it relates to the claim or defense of [any] party."

RESPONSE:

All evidence currently in the possession of the United States has been disclosed to the defendant. Any additional information received will be disclosed in accordance with the United States continuing disclosure obligation imposed by Federal Rule of Civil Procedure 26(a), and its corollary Local Rule. Trial exhibits will be exchanged as required by the Court in its final pre-trial order.

## CERTIFICATION OF COUNSEL

I certify that the foregoing answers and responses are true to the best of my knowledge and they are made in good faith and in compliance with the Federal Rules.

Answers to these interrogatories submitted this 24th day of March, 2000.

ROBERT C. BUNDY
UNITED STATES ATTORNEY

KENNETH S. ROOSA
Assistant U.S. Attorney

21

I declare under penalty of perjury that a true and correct copy of the foregoing was
sent to the following counsel of record via:

    ( ) U.S. Mail
    ( ) U.S. Mail Certified
    ( ) FAX
    (+) Hand Delivery  (FED EXPRESS)

John Devlin
1420 5th Ave., Suite 4100
Seattle, WA 98101-2338

Executed at Anchorage, Alaska, on March 24, 2000.

_____
Office of the U.S. Attorney