Christina A. Rankin, Esq.
Guess & Rudd P.C.
510 L Street, Suite 700
Anchorage, AK  99501
Phone:  (907) 793-2200
Fax:    (907) 793-2299
E-mail: crankin@guessrudd.com

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,                )<br>                                          )<br>            Plaintiff,                    )<br>                                          )<br> vs.                                      )<br>                                          )<br> CNA FINANCIAL CORPORATION                )<br> AND THE CONTINENTAL                      )<br> CASUALTY COMPANY d/b/a                   )<br> THE CONTINENTAL INSURANCE                )<br> COMPANY,                                 )<br>                                          )<br>            Defendant.                   )<br>_____) | Case No. 3:98-cv-285-JWS |

PETITION TO DISTRICT COURT FOR
<u>CERTIFICATION PURSUANT TO 28 U.S.C. § 1292(b)</u>

<u>Introduction</u>

Pursuant to 28 U.S.C. § 1292(b), defendants The Continental Casualty Company d/b/a The Continental Insurance Company (collectively "Continental"), respectfully urge the court to certify for immediate appeal its recent bad faith summary

judgment orders ("orders")[1]. Each of the three factors for certification of an immediate appeal is satisfied here. The orders involve a controlling question of law -- whether the United States may pursue its bad faith claim at all, let alone obtain summary judgment on that claim. There is a substantial ground for difference of opinion as to the court's (1) conclusion that the United States did not waive its right to pursue bad faith, (2) decision to rely on its 2001 summary judgment order and review it deferentially for clear error, and (3) decision not to apply Hillman v. Nationwide Mut. Fire Ins. Co., 855 P.2d 1321 (Alaska 1993). And, an immediate appeal will very likely materially advance the ultimate termination of this litigation--a ruling by the Ninth Circuit in Continental's favor would end the case, and a ruling affirming this court's orders would likely promote a prompt settlement.

The downside of a delayed appeal would be extreme waste. The trial set for May 2006 will consume significant judicial resources and be expensive for both parties. The court's granting of summary judgment on bad faith liability is highly unusual, and it presents significant questions of law that will be reviewed *de novo*. If the Ninth Circuit rules that

---

[1] The orders are: (1) the court's July 8, 2005 order granting the United States' motion for summary judgment of liability on its bad faith claim and denying Continental's motion for summary judgment on that claim, and (2) the court's December 15, 2005 order denying Continental's motion to conform to the Ninth Circuit's mandate or, in the alternative, to reconsider.

Continental cannot be liable for bad faith as a matter of law, or that bad faith is a jury issue, any award for the United States at the upcoming trial will be set aside.  Rather than require the parties to proceed through a costly and potentially wasteful punitive damages trial, the court should permit the Ninth Circuit to review its bad faith orders immediately.

<u>Argument</u>

I.  <u>THE STATUTORY CRITERIA FOR AN IMMEDIATE APPEAL UNDER 28 U.S.C. § 1292(B) ARE SATISFIED</u>

   A.  <u>Section 1292(b) Authorizes the Court to Certify an Order for Immediate Appeal in Appropriate Circumstances</u>

Under 28 U.S.C. § 1292(b), a district court is authorized to certify an order for immediate appeal if it determines "[1] that such order involves a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation." <u>Id.</u>; <u>In re Cement Antitrust Litigation</u>, 673 F.2d 1020, 1026 (9th Cir. 1982).  The orders at issue here are ideal candidates for the application of this procedure.  Though only marginally final (as they do not adjudicate damages), the orders substantially resolve the balance of this litigation.  If erroneous, all

litigation activities in this case henceforth will likely be for naught, implicating a substantial waste of resources.

      B.    <u>The Orders Involve a Controlling Question of Law</u>

The orders indisputably involve "a controlling question of law" within the meaning of Section 1292(b). As the Ninth Circuit has observed, "at the very least, a controlling question of law must encompass 'every order which, if erroneous, would be reversible error on final appeal.'" <u>In re Cement Antitrust Litigation</u>, 673 F.2d at 1026 (quoting <u>Katz v. Carte Blanche Corp.</u>, 496 F.2d 747, 755 (3d Cir. 1974)); <u>see</u> 16 Wright & Miller, Fed. Prac. & Proc., Jurisdiction 2d § 3930 (2005) ("There is no doubt that a question is 'controlling' if its incorrect disposition would require reversal of a final judgment, either for further proceedings or for a dismissal that might have been ordered without the ensuing district court proceedings."). The court's granting of summary judgment on liability would of course be reversible if erroneous. Accordingly, orders granting plaintiff's partial summary judgment are common candidates for Section 1292(b) certification. <u>See</u>, <u>e.g.</u>, <u>Hightower v. Texas Hosp. Ass'n</u>, 65 F.3d 443, 446-47 (5th Cir. 1995) (*per curiam*) (reviewing grant of partial summary judgment for plaintiffs: "28 U.S.C. section 1292(b) provides that this court may review controlling questions of law presented by an interlocutory appeal

of a district court's partial summary judgment order."); see also Katz v. Carte Blanche Corp., 496 F.2d 747, 754 (3d Cir. 1974) (Section 1292(b) was intended to facilitate immediate appeals in "cases involving prolonged assessment of damages after determination of liability"); 16 Wright & Miller, Fed. Prac. & Proc., Jurisdiction 2d § 3931 (2005) ("Appeals are frequently certified from orders--particularly those granting summary judgment--that establish some or all issues of liability, leaving other matters open for further proceedings.").

  C. <u>There is a Substantial Ground for Difference of Opinion on the Question Whether the United States is Entitled to Summary Judgment of Bad Faith Liability</u>

  For at least three separate reasons, there is a substantial ground for differences of opinion as to the court's conclusion that the United States is entitled to summary judgment of liability on its bad faith claim.  First, the United States waived its right to pursue bad faith when -- as is undisputed -- it failed to present this court's initial judgment in Continental's favor on bad faith to the Ninth Circuit for review. Second, putting waiver to the side, it is substantially debatable whether the court properly deferred to its 2001 summary judgment ruling, which it vacated in 2003, upon remand in 2005--other courts have held that such deference is improper.  Third, the court's refusal to apply <u>Hillman</u> based on an ostensible lack of

authorities in Continental's tender denial letter is, we submit, erroneous.

      1.    <u>The United States Waived its Bad Faith Claim by Failing to Challenge on Appeal This Court's Grant of Summary Judgment to Continental on That Claim</u>

The law is clear that when an "appellant fail[s] to raise [an] issue in its first appeal, it is waived." <u>Kesselring v. F/T Arctic Hero</u>, 95 F.3d 23, 24 (9th Cir. 1996) (*per curiam*). Far from having presented its bad faith claim on appeal, the United States expressly asserted that its "bad faith claim is **not** at issue" on appeal. <u>See</u> Br. for Appellant in No. 03-35446 (9th Cir.) (filed October 9, 2003) at 13 n.10 (emphasis added). Because it did not present the issue, the court's 2003 ruling in Continental's favor is law of the case, and unreviewable. <u>See Kesselring</u>, 95 F.3d at 24; <u>Arnold v. Eastern Airlines, Inc.</u>, 681 F.2d 186, 206 n. 22 (4th Cir. 1982) (rulings that are not raised on a party's first appeal are binding on remand: "This [punitive damages] ruling, unappealed, was not in consequence subject to defense by Eastern on appeal and Eastern is entitled to have it treated as law of the case."); <u>Hartman v. Duffey</u>, 88 F.3d 1232, 1236 (D.C. Cir. 1996) (the waiver rule "serves judicial economy by forcing parties to raise issues whose resolution might spare the court and parties later rounds of remands and appeals").

Had the United States raised the bad faith issue, the Ninth Circuit very likely would have affirmed the court's judgment in Continental's favor on that claim, as it did in <u>Lunsford v. Am. Guaranty & Liab. Ins. Co.</u>, 18 F.3d 653 (9th Cir. 1994). In that case, the Ninth Circuit reversed the District Court's grant of summary judgment in an insurer's favor on coverage, holding that the insured was covered, but *affirmed* the defense judgment on bad faith because the issue was debatable and there was a "genuine dispute" as to coverage. <u>Id.</u> at 656 (applying California law). By failing to present the issue, the United States deprived the Ninth Circuit of the opportunity to decide the issue with no additional expenditure of judicial resources. That is why the waiver rule exists.

2. <u>The Court Should Not Have Deferred to its 2001 Summary Judgment Ruling</u>

Assuming *arguendo* the United States had not waived its bad faith claim altogether, the court should have analyzed the claim on a clean slate when adjudicating the parties' 2005 cross-motions for summary judgment. Instead, the court determined that its 2001 summary judgment ruling in the United States' favor, which the court vacated in 2003, was binding and reviewable only under the strictures of law of the case doctrine. <u>See</u> Docket 166, at 10-12. That holding lacks precedent (and the court cited none) and conflicts with the rulings of other courts, including

the Eighth Circuit.  See United States v. Vanhorn, 344 F.3d 729, 731-32 (8th Cir. 2003) (where a district court's order vacating a prior order is reversed on appeal, "the previously vacated [order] is not law of this case because [the court of appeal] did not reinstate that order or consider its merits").  There is, therefore, a substantial ground for difference of opinion on this issue.

It was only by relying on its initial 2001 order that the court granted summary judgment in favor of the United States in 2005.  The court did not recanvass the facts or apply the general law of bad faith to determine whether genuine factual issues exist.  Instead, the court merely determined that Continental's arguments did not merit a reassessment of its prior bad faith conclusion.  Thus, the court's resolution of the parties' cross-motions -- and, in particular, the court's adjudication of bad faith in the government's favor as a matter of law -- necessarily depended on its determination to review its 2001 ruling deferentially.  Any error in that determination would be reversible.

3.  <u>Hillman is Controlling Authority, and The Court's Prediction as to The Alaska Supreme Court's Application of Hillman In This Context is Likely Erroneous</u>

We submit there is also a substantial ground for difference of opinion as to the court's decision not to apply <u>Hillman</u>.  Under <u>Hillman</u> (and several Ninth Circuit authorities), an insurer is entitled to judgment as a matter of law on a bad faith claim whenever coverage was "fairly debatable" when the insurer issued its denial, as may be evidenced by a subsequent split of judicial opinion on coverage.  <u>Hillman</u>, 855 P.2d at 1326; <u>see</u> <u>also</u> <u>Guebara v. Allstate Ins. Co.</u>, 237 F.3d 987, 992-93 (9th Cir. 2001) (under the "genuine dispute doctrine," there is no bad faith as a matter of law where there was a genuine issue as to coverage) (applying California law); <u>Lunsford</u>, 18 F.3d at 656 (same).

To avoid <u>Hillman</u>, the court disregarded Continental's litigation explanations for its tender denials, predicting that the Alaska Supreme Court would limit insurers to the explanations set forth in their denial letters.  <u>See</u> Docket 166 at 16.  That essential prediction conflicts with <u>Jones v. Horace Mann Insurance Co.</u>, 937 P.2d 1360, 1365 (Alaska 1997), which holds that insurers do not waive coverage defenses that are not set forth in their denial letters.

There is, accordingly, a substantial ground for difference of opinion on the questions whether the court properly concluded (1) that <u>Hillman</u> is not controlling, (2) that reasonable explanations not stated in Continental's denials letters are irrelevant, and (3) that, consequently, Continental's coverage denials were not reasonable and, to the contrary, were made in bad faith as a matter of law.

### D. An Immediate Appeal Would Materially Advance the Ultimate Termination of This Litigation

Permitting an immediate appeal from the orders will "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). This factor is satisfied when an "immediate appeal would conserve judicial resources and spare the parties from possible needless expense if it should turn out that th[e] court's rulings are reversed." <u>APPC Services, Inc. v. Sprint Communications Co.</u>, 297 F. Supp. 2d 90, 100 (D.D.C. 2003). That is precisely the situation here. Trial is scheduled for May 2006. If the court's granting of summary judgment on liability is reversed, this trial will reflect a tremendous waste of time. On appeal, the Ninth Circuit could determine that Continental is entitled to summary judgment on the United States' bad faith claim, or it could decide that bad faith liability is a jury

issue. In either case, any award for the United States at the upcoming trial will be set aside.[2]

## Conclusion

The United States will not suffer any conceivable prejudice from an immediate appeal. To the contrary, it will be a co-beneficiary of a prompt and final resolution of the liability issues addressed by the court in its orders. Rather than force the parties to engage in a potentially meaningless and costly damages trial, the court should grant this petition for certification pursuant to 28 U.S.C. § 1292(b) and enter an order certifying the July 8, 2005 and December 15, 2005 orders for immediate appeal.

---

[2] Indeed, even affirmance of the orders on appeal would likely promote the ultimate termination of this litigation. In light of the Ninth Circuit's 2004 ruling, Continental has now paid the United States its policy limits under the Bristol Bay policy, totaling $1,988,646.99. If the Orders are affirmed, one substantial obstacle to settlement (Continental's belief that the orders will likely be reversed on appeal) would be removed, and settlement would be likely.

DATED at Anchorage, Alaska, this 12th day of January, 2006.

```
                    GUESS & RUDD P.C.
                    Attorneys for Defendants


              By:      S/Christina A. Rankin
                    Guess & Rudd P.C.
                    510 L Street, Suite 700
                    Anchorage, Alaska  99501
                    Phone: 907-793-2200
                    Fax:   907-793-2299
                    Email: crankin@guessrudd.com
                    Alaska Bar No. 0306034


                    QUINN EMANUEL URQUHART
                       OLIVER & HEDGES, LLP
                    Attorneys for Defendants


              By:    S/A. William Urquhart
                    Quinn Emanuel Urquhart
                      Oliver & Hedges, LLP
                    865 South Figueroa
                    Street, 10th Floor
                    Los Angeles, CA  90017
                    Phone: 1-213-443-3000
                    Fax:   1-213-443-3100
                    Email:billurquhart@quinnemanuel.com
```

CERTIFICATE OF SERVICE
I hereby certify that on the 12th day of January, 2006, a copy of the foregoing document was served electronically on:

Richard L. Pomeroy, Esq.
A. William Urquhart, Esq.

and by regular U.S. mail on:

Richard Stone, Esq.
Civil Division, Torts Branch
U.S. Department of Justice
1331 Pennsylvania Avenue, N.W.
Washington, D.C.  20530

Guess & Rudd P.C.


By:    S/Christina A. Rankin

F:\DATA\6024\1\pleading\31 Petition.doc