Gary A. Zipkin, Esq.
Guess & Rudd P.C.
510 L Street, Suite 700
Anchorage, AK  99501
Phone:  (907) 793-2200
Fax:    (907) 793-2299
E-mail: gzipkin@guessrudd.com

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| CNA FINANCIAL CORPORATION ) | |
| AND THE CONTINENTAL ) | |
| CASUALTY COMPANY d/b/a ) | |
| THE CONTINENTAL INSURANCE ) | |
| COMPANY, ) | Case No. 3:98-cv-285-JWS |
| ) | |
| Defendant. ) | |
| ) | |

CONTINENTAL'S REPLY TO OPPOSITION TO MOTION TO COMPEL

The United States continues to refuse to comply with clearly appropriate discovery requests, including requests the court has already ruled on.  In its Order on defendants' Rule 30(b)(6) deposition notice, the court addressed most of the topics at issue in this motion, like the factual basis for the United States' prayer for punitive damages and the United States' claims for indemnity against Bristol Bay, ruling that they call for discoverable information.  Nonetheless, even though it

requested an extension of time to respond to this motion so that it could digest the court's Order, the United States ignores that Order in its opposition, offering no reason why topics that the court ruled are appropriate for deposition testimony are somehow inappropriate subjects of written discovery.

Even disregarding the court's prior order, the government's objections are wholly disingenuous. For example, although the United States is willing to acknowledge in its opposition brief that it has "not contended that there is any other Alaska case that holds it to be an implied insured," Opp. at 6, it steadfastly refuses to admit that very fact in its discovery responses (see Request for Admission No. 4). Likewise, although the United States represents in its opposition that it does not dispute Mr. Roosa's testimony about the dates on which he received the insurance policies issued by Continental to Bristol Bay, Opp. at 6, the government flatly refuses to put those dates in its own discovery responses (see Interrogatory No. 2), insisting instead that Continental is somehow limited to Mr. Roosa's deposition testimony. This is pure gamesmanship.

There can be no dispute that the documents and information that substantively answer Continental's requests are available to the United States and that it has willfully refused

to provide such documents and information.  The court should require it to do so now.[1]

Argument

Discovery under the Federal Rules is "broad and liberal".  <u>Hickman v. Taylor</u>, 329 U.S. 495, 507 (1947).  That is especially true for a party defending a punitive damages claim.  In assessing outrageousness for punitive damages purposes, the jury must consider all relevant information -- the totality of the circumstances.  <u>See</u>, <u>Pletnikoff v. Johnson</u>, 765 P.2d 973, 978 (Alaska 1988); <u>Hash v. Hogan</u>, 453 P.2d 468, 476-77 (Alaska 1969) (upholding jury instruction that "[i]f you find that punitive damages should be imposed, then in assessing such damages you are to consider the nature, the extent, and the enormity of the wrong committed.  You are also to consider the intent of the parties committing the act and generally all the circumstances attending the particular transaction involved").

Continental is, therefore, entitled to explore a wide range of issues to defend itself from the government's punitive

---

[1] The United States' attempt to demonstrate its "good faith" evidences the opposite.  On January 5, 2006, the parties spoke about the logistics of compliance with the court's order requiring the government to produce one or more Rule 30(b)(6) witnesses.  That conversation had nothing to do with the government's long overdue written discovery responses, and it certainly does not evince any "good faith" on the part of the government.  Nor does the fact that the government provided discovery responses or objections in a different phase of this case five years ago show good faith.  Opp. at 3.  To the contrary, the fact that the government is trying to rely on objections and responses it made to different discovery requests years ago reveals that it is merely playing games today.

U.S.A. v. Continental; Case No. 3:98-cv-285-JWS
Continental's Reply to Opposition to Motion to Compel

damages claim -- anything that is reasonably calculated to lead to the discovery of evidence that falls within the totality of the circumstances. Continental is also free to pursue varying modes of discovery. The fact that it has obtained some deposition testimony does not preclude it from pursuing documents or written discovery responses. See, e.g., Richlin v. Sigma Design W., Ltd., 88 F.R.D. 634, 637 (E.D. Ca. 1980) ("the various methods of discovery as provided for in the Rules are clearly intended to be cumulative, as opposed to alternative or mutually exclusive"); Robbins & Myers, Inc. v. J.M. Huber Corp., 2003 WL 21384304, *5 (W.D.N.Y. 2003) ("responding party may not dictate which discovery device should be employed").

    1.    Request for Admission No. 1 and Interrogatory No. 1.

Request for Admission No. 1 asks the United States to admit that it "claimed indemnity" from Bristol Bay for the claims brought by the Wilsons and Ms. Kallstrom. The United States denies this admission because it "was unable to perfect a claim against [Bristol Bay] in the instant case." That denial is evasive and non-responsive. The request does not ask whether the United States was able to "perfect a claim." It asks the government to admit that it "claimed" indemnity, which the government's response implicitly acknowledges is a true statement.

This evasiveness is improper. A party's responses to requests for admissions must fairly meet the substance of the requested admission. Fed. R. Civ. P. 36(a); United States v. Jefferson Trust & Sav. Bank, 31 F.R.D. 137, 139 (S.D. Ill. 1962). A response to a request for admission must be clear, and may not be nonspecific, evasive, or ambiguous. Havenfield Corp. v. H&R Block, Inc., 67 F.R.D. 93, 97 (W.D. Mo. 1973). A court that determines that a response to a request for admission is non-compliant may order that the matter is deemed admitted or that an amended answer must be served. Fed. R. Civ. P. 36(a). The court should enter such an order here, requiring the government to provide an amended answer that is responsive or ordering the matter deemed admitted.

Though it does not object to this Request in its Response, the United States asserts in its opposition that Request for Admission No. 1 is irrelevant. By not timely objecting, the government waived its relevance objection. See, e.g., Sonnino v. University of Kansas Hospital Authority, 220 F.R.D. 633, 657 (D. Kan. 2004) ("When a party fails to assert an objection in its initial response to the discovery request and raises it for the first time in response to a motion to compel, the court will deem the objection waived."). In any case, the relevance of this inquiry is clear. The fact that the United States threatened to sue Bristol Bay because it failed to have the United States expressly listed as a named insured on

Continental's policy bears on the reasonableness of Continental's construction of the policy. This fact tends to show that, if Bristol Bay wanted its Continental policy to benefit the United States, it would have (and, according to the government, should have) had the United States expressly listed as an insured.

Indeed, the court has already determined that this topic is appropriate for discovery. In its Rule 30(b)(6) Order, the court ordered the United States to produce a witness to respond to topic 10 of Continental's deposition notice, which encompassed communications between Bristol Bay and the United States relating to "claims by the United States for indemnity from [Bristol Bay]." Docket 201 at 3; Docket 195, Ex. 1 (Continental's deposition notice). The United States literally ignores the court's ruling on this issue.

Interrogatory No. 1 asks the government to "[d]escribe in detail any and all claims the United States made or asserted against Bristol, including without limitation all claims of indemnity, since 1988." The United States objects to this interrogatory as irrelevant and vague, and, as a purported concession, cross-references its statement that it was unable to perfect its claim. These objections lack merit, and the government's purported response is insufficient. There is nothing vague about the term "claims" -- indeed, the government itself refers to its "claims" against Bristol Bay throughout its

opposition. Opp. at 4-5. Nor is this interrogatory irrelevant. Though the government insists that its "claims against BBAHC . . . [do not] have anything to do with the instant case," Opp. at 4, the court has already held otherwise. As discussed above, the court has already determined that facts surrounding the relationship between the United States and Bristol Bay are discoverable. Docket 201 at 3; Docket 195, Ex. 1 (Topic 10).

2. Request for Admission Nos. 2 and 3 and Interrogatory No. 2.

These requests ask the United States to admit two very basic facts: that it received Continental's policy covering Jake's Place (where the Wilsons were injured) on December 9, 1994, and produced it on April 3, 1995. These facts are crucial because the United States has contended in the past, and its experts opine, that Continental wrongfully suppressed the existence of that policy in its February 1995 tender denial. We believe the government already possessed the policy at that time. Given this topic's relevance, the court ordered the government to produce a deponent to address this issue directly in its Rule 30(b)(6) ruling. Docket 201 at 3; Docket 195, Ex. 1 (Topic 9, which encompassed "[t]he date(s) that the United States received any policy of insurance issued to Bristol Bay . . .")

The government does not defend its only objections to these Requests (relevance, and a half-hearted objection that the

government was not sure when it received the policy) in its opposition, perhaps in light of the court's order. Instead, it asserts, vaguely, that these requests "do not inquire about any policy with a policy number that has been identified or is applicable to this case." Opp. at 6. As far as Continental can gather, the government's quibble now is that Continental mis-typed a "3" instead of an "8" when writing out the eight-digit policy number. That hyper-technicality is irrelevant. The government well knows what policy Continental is asking about, and in any case this objection was waived by the government's failure to timely assert it.

Interrogatory No. 2 asks the United States to describe when and how it obtained copies of Bristol Bay's insurance policies. In its initial response, the United States objects to this request on relevancy grounds, but it does not defend that objection in its opposition. Instead, it now argues that Continental "has received full discovery" on the matter because Mr. Roosa touched on the subject at deposition. Opp at 6. Once again, this objection is improperly stated for the first time in the government's opposition brief, and it is therefore waived. It fails in any case. The mere fact that a deponent has testified on some (but by no means all) aspects of this topic does not entitle the government to stonewall on its discovery responses. See, e.g., Starlight Int'l, Inc. v. Herlihy, 186 F.R.D. 626, 640 (D. Kan. 1999) ("A party may not properly answer

an interrogatory by referring generically to testimony given upon deposition."); Hoffman v. United Telecommunications, Inc., 117 F.R.D. 436, 440 (D. Kan. 1987) (granting motion to compel further responses to interrogatories: "[i]ncorporation by reference to a deposition is not a responsive answer").  That is especially true since the deponent was a third party and did not represent the government at the deposition.

The United States could easily have resolved this issue informally rather than force it on the court.  It maintains that it does not dispute Mr. Roosa's testimony about when he received Bristol Bay's policies.  Opp. at 6.  We are at a loss why, then, it is unwilling to put such information in a discovery response.

    3.   Request for Admission No. 4 and Interrogatory No. 4.

Request for Admission No. 4 asks the United States to admit that no Alaska case prior to this one held it be an implied insured.  The United States makes that admission in its opposition brief, acknowledging that it has "not contended that there is any other Alaska case that holds it to be an implied insured" and that "all cases that either party has found on this issue have been briefed," Opp. at 6, but it still refuses to comply with the discovery request because it purportedly is not "the United States' responsibility to admit or deny the law."  Opp. at 7.  This is more gamesmanship.  That this is the first

case holding the United States to be an implied insured entitled to reimbursement for its FTCA payments is a statement of fact, not law.

Nor is this request irrelevant. In Continental's view, the United States' initial tender as a purported implied insured was novel, and its legal rights were not clearly defined. That is an important point because violations of unclear legal standards do not give rise to punitive damages liability. State v. Haley, 687 P.2d 305, 320 (Alaska 1984). This Request will develop the facts in this regard, and it is thus highly relevant.

Interrogatory No. 4 requests a description of all instances where the United States was determined to be an implied insured under Alaska law. The United States responds to this interrogatory by cross-referencing a letter in which it lists two or three other cases that arose after this case in which insurers purportedly accepted the United States' tenders as an implied insured. If those two or three acceptances of its tenders represent the universe of instances in which the government has been determined to be an implied insured, as appears to be the case, the United States' obligations are once again simple and easy to satisfy: Say as much in an interrogatory response. Simply cross-referencing a seven page letter and stating in an opposition brief that "the United States has not contended that there is any other Alaska case that holds it to be an implied

insured," Opp. at 6, is inadequate.  See, e.g., Collier v. Ecolab, Inc., 1996 WL 171536, *1 (E.D. Pa. 1996) ("Answers to interrogatories should be complete and should not refer to other documents such as pleadings or depositions.").

4. Request for Admission Nos. 5 and 6

These Requests ask the government to admit that this court once ruled in Continental's favor on coverage and that Judge Kleinfeld dissented from the Ninth Circuit's reversal.  The government refuses to answer these straightforward, incontrovertible requests because those decisions, it says, are "not current law."  Responses No. 5, 6.  That is obviously true -- and Continental has paid its policy limits in recognition of that fact -- but it wholly misses the point.  The degree of reprehensibility (or lack thereof) of Continental's conduct is one of the most important factors for punitive damages purposes. See, e.g., State Farm v. Campbell, 538 U.S. 408, 419 (2003).  The facts that one Ninth Circuit judge and this court at one point in time sanctioned Continental's decision to reject the government's tenders diminishes the reprehensibility of Continental's conduct. See Hillman v. Nationwide Mut. Fire Ins. Co., 855 P.2d 1321, 1325-26 (Alaska 1993) (split of appellate opinion on coverage shows reasonableness of insurer's determination that there was no coverage).  Continental is entitled to establish these facts, and

the government cannot dodge these Requests by facilely observing that the Ninth Circuit majority held in its favor.

5.   <u>Interrogatory No. 3</u>

Interrogatory No. 3 is a straightforward contention interrogatory that seeks to discover the United States' punitive damages contentions. Rather than just say what those contentions are, the government states in its Response that the bases for its punitive damages prayer are "fairly completely" set out in the court's opinions and the government's prior pleadings. Response No. 3. In its opposition, the government tacks on its expert report, which it claims contains the "answer to this interrogatory." Opp. at 7. That is not how it works.

The government's 25 page expert report contains (or is supposed to contain) expert opinions. This interrogatory targets the government's factual contentions. Continental is entitled to discover what its adversary's factual contentions are without having to try to decipher them from a collection of other documents. <u>See</u>, <u>e.g.</u>, <u>Collier</u>, 1996 WL 171536, *1 ("Answers to interrogatories should be complete and should not refer to other documents such as pleadings or depositions."); <u>Pham v. Hartford Fire Ins. Col</u>., 193 F.R.D. 659, 663 (D. Colo. 2000) (interrogatory response that refers to "what has already been

disclosed in the underlying civil action filed in Denver District Court" is insufficient) (internal citations omitted).

In fact, the court held as much two weeks ago. Although the United States raised substantially the same objections to Continental's request for a 30(b)(6) witness on this topic, the court order the government to produce a witness to testify to "[a]ll bases for the United States' position that punitive damages are appropriate in this case, and the amount of punitive damages sought." Docket 201 at 2-3. The United States willfully ignores this Order in its opposition.

    6.    <u>Request for Production No. 2</u>.

The United States contends that Continental wrongfully rejected its tender of the claims brought by Ms. Kallstrom and may seek reimbursement of its defense costs regarding those claims. Continental is entitled to the documents that support those claimed costs. There is no authority for the government's proposition that Continental must simply accept at face value its adversary's prior counsel's declaration testimony as to the amount of the government's defense costs.[2]

---

[2] As the United States has stipulated that it is not a "financially vulnerable" plaintiff, Continental withdraws Request for Production No. 10, which targeted the United States' net worth.

U.S.A. v. Continental; Case No. 3:98-cv-285-JWS
Continental's Reply to Opposition to Motion to Compel

7.  <u>Requests for Production Nos. 4 and 8</u>.

The government once again willfully ignores that the court has already decided that these topics are proper. These Requests target documents relating to any other claims by the government from 1988 to the present for coverage in Alaska as an implied insured and any communications or tenders to insurers relating to other instances in which the government defended a Section 638 contractor under the FTCA.

In its Rule 30(b)(6) Order, the court required the government to produce a witness knowledgeable about essentially the same topic: "All other claims in Alaska from 1988 to the present in which the United States claimed insurance coverage as an implied insured under an insurance policy and the responses of the insurers involved and the date the United States first claimed it was an implied additional insured under any insurance policy issued to an Alaskan insured." Docket 201 at 3; Docket 195 Ex. 1 (Topic 4). The government nonetheless refuses to provide any responsive documents because, it asserts, its "pursuit or non pursuit of other insurers has no relevance to the instant case." Opp. at 6. That argument flies in the face of the court's ruling.

8.  <u>Request for Production No. 9</u>.

The court has directly ruled on this Request. This Request demands the production of the United States' policies, guidelines and related documents regarding three sub-topics: "(a) when the USA seeks coverage under policies in which it claims it is an additional insured, (b) the handling of a claim against the USA by an insurance carrier, including selection of counsel, determination of settlement and control of positions taken; and (c) the circumstances under which the USA will seek punitive damages." The court quashed sub-topic (b) from Continental's deposition notice, which sought testimony on the same subjects. Docket 201 at 3; Docket 195 Ex. 1 (Topic 5). The court upheld sub-parts (a) and (c), holding that such information is discoverable. <u>Id.</u>

Based on that ruling, the government obscurely represents in its opposition that, when it provides a deponent, it "will also provide 'policies (etc.)' if any." Opp. at 8. We are not certain what that means, but it apparently is intended to be a concession. In any case, there can be no dispute here. The court held sub-parts (a) and (c) to encompass discoverable information. Continental is entitled to both deposition testimony and documents on those subjects.

    9.    <u>Request for Production No. 15</u>.

The government addresses this Request with a single, obscure footnote, asserting that "request for production no. 15 has no relevance to these issues." Opp. at 6 n.2. This yet again ignores the court's rulings. This Request asks for "all documents that concern or pertain to all communications to and from BBAHC and their counsel relating to the underlying claims or the USA's claims for coverage, including, but not limited to, claims by the USA for indemnity from BBAHC." The court has precisely ruled that that topic is discoverable. Docket 201 at 3; Docket 195 Ex. 1 (Topic 10). The United States inexplicably ignores that ruling.

10.  Request for Production No. 16.

This Request asks for documents relating to the Kallstrom claims, including documents regarding the decision to bring claims against Ms. Kallstrom and any defense activities that occurred after the government tendered to Continental in October 2001. The court has already held this precise topic to be discoverable as well, Docket 201 at 3; Docket 195 Ex. 1 (Topic 11), rejecting the government's assertion that responsive information is irrelevant and redundant. Docket 195 at 14.

Nonetheless, the government now maintains that it need not produce responsive documents because its Kallstrom defense costs supposedly are established already. That is a non-

sequitur.  Documents showing the government's defense costs in <u>Kallstrom</u> are responsive, but so are other documents -- the government's defense costs are not the focus of this Request.  This Request focuses, among other things, on document revealing what litigation activities occurred in <u>Kallstrom</u> after the government tendered to Continental (if any), which directly bears on the government's claim that Continental injured it when it refused its tender in October 2001.  Whether the government is willfully misconstruing this Request and ignoring the court's prior ruling or not, there is no real issue here.  The court should order the government to comply.

<u>Conclusion</u>

The government could easily have avoided involving the court in the minutiae of these discovery disputes.  The court has already held almost all of the topics that are now before it to be discoverable, and the government has substantive, responsive information in its possession -- it even discloses some of it in its opposition.  Nonetheless, the government chose to ignore the court's ruling and persist in its adamant refusal to provide discovery.  Perhaps as a distraction, the government also chose to make false accusations against Continental.[3]  This is flagrantly improper.

---

[3] For example, the United States chastises Continental for not disclosing in its motion to compel the fact that it had deposed Mr. Roosa, but the United States fails to inform the court that Mr. Roosa was deposed only one day

For the foregoing reasons, the court should grant the relief request herein.  Further, the court should award Continental the costs and fees it has incurred in litigating this motion, which should not have required further litigation.

DATED at Anchorage, Alaska, this 19th day of January, 2006.

```
                            GUESS & RUDD P.C.
                            Attorneys for Defendants


                       By:        S/Gary A. Zipkin
                            Guess & Rudd P.C.
                            510 L Street, Suite 700
                            Anchorage, Alaska  99501
                            Phone: 907-793-2200
                            Fax:   907-793-2299
                            Email: gzipkin@guessrudd.com
                            Alaska Bar No. 7505048
```

---

before Continental's motion to compel was filed, by which point the motion was of course already written.

                    QUINN EMANUEL URQUHART
                        OLIVER & HEDGES, LLP
                    Attorneys for Defendants

                By:   <u>S/A. William Urquhart</u>
                     Quinn Emanuel Urquhart
                       Oliver & Hedges, LLP
                    865 South Figueroa
                    Street, 10th Floor
                    Los Angeles, CA  90017
                    Phone: 1-213-443-3000
                    Fax:   1-213-443-3100
                    Email: billurquhart@quinnemanuel.com

<u>CERTIFICATE OF SERVICE</u>
I hereby certify that on the
19th day of January, 2006, a copy
of the foregoing document was served
electronically on:

Richard L. Pomeroy, Esq.

and by regular U.S. mail on:

Richard Stone, Esq.
A. William Urquhart, Esq.

Guess & Rudd P.C.


By:<u>  S/Gary A. Zipkin  </u>