UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | A98-285 CV (JWS) |
| | ) | |
| vs. | ) | ORDER FROM CHAMBERS |
| | ) | |
| CNA FINANCIAL CORPORATION AND THE CONTINENTAL CASUALTY COMPANY d/b/a THE CONTINENTAL INSURANCE COMPANY, | ) ) ) ) | [Re:   Motion at Docket 199] |
| | ) | |
| Defendants. | ) ) | |

**I.  MOTION PRESENTED**

At docket 199, defendant Continental Casualty Company d/b/a The Continental Insurance Company ("Continental") moves for an order compelling plaintiff United States of America ("USA") to fully respond to Continental's discovery requests pursuant to Federal Rule of Civil Procedure 37(a).  At docket 208, plaintiff opposes the motion. Defendant's reply is filed at docket 210.  Oral argument was not requested and would not assist the court.

## II.  PROCEDURAL BACKGROUND

On October 11, 2005, Continental propounded its first set of discovery requests to the United States in the punitive damages phase of this litigation.[1]  The United States responded to defendant's discovery requests on November 10, 2005.[2]  By letter dated November 21, 2005, Continental requested the United States to more fully respond to Continental's discovery requests.[3]  The United States responded by letter dated December 2, 2005, stating that it saw no need to change its responses.[4]

Continental now moves the court to compel the United States to fully respond to Continental's discovery requests.

## III.  STANDARD OF REVIEW

The scope of discovery permitted by the Federal Rules of Civil Procedure is quite broad.[5]  Rule 26(a) permits the discovery of any non-privileged matter relevant to any claim of defense asserted by any party.[6]  "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable..."[7]  The information sought "need not be admissible at the trial if the discovery appears reasonably calculated to lead to the

---

[1] Doc. 199, exh. A.

[2] Doc. 199, exh. D.

[3] Doc. 199, exh. E.

[4] Doc. 199, exh. G.

[5] *Hickman v. Taylor*, 329 U.S. 495, 507 (1947).

[6] FED. R. CIV. P. 26(b)(1).

[7] FED. R. EVID. 401.

discovery of admissible evidence."[8]  "If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions."[9]

Rule 26(e)(2) further provides that a party is under a duty to amend a prior response to an interrogatory, request for production, or request for admission "if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."

## IV.  DISCUSSION

Continental's motion to compel includes the requisite certification that Continental has in good faith attempted to confer with the United States in the effort to secure the requested disclosures without court action.[10] Continental argues that it is entitled to the requested discovery because it is relevant to its defense to the United States' punitive damages claim. The United States argues that "[e]ach and every discovery request that Continental has served has either been fully responded to by answer, by the providing of documents, or by objection in a timely manner."[11] The court considers each of the disputed discovery requests below.

**Request for Admission No. 1 and Interrogatory No. 1**

---

[8] FED. R. CIV. P. 26(b)(1).

[9] FED. R. CIV. P. 37(a)(2)(A).

[10] FED. R. CIV. P. 37(a)(2)(A).

[11] Opposition at 2, doc. 208.

Request for Admission No. 1 asks the United States to admit that it "claimed indemnity from Bristol Bay Area Health Corporation ("Bristol") for the Wilson and/or Kallstrom claims after certifying and defending the claims against Bristol under the Federal Tort Claims Act."[12]  The United Sates denied the request, stating that it was unable to perfect a claim against Bristol.  Continental argues that the United States' denial is evasive because the request for admission asks the United States to admit that it "claimed" indemnity, not that it was able to "perfect a claim" for indemnity.

Rule 36(a) requires that a denial "meet the substance of the requested admission" and that when good faith requires a party to qualify an answer that the party "specify so much of it as is true and qualify or deny the remainder."  If the court determines that an answer does not comply with the requirements of Rule 36(a), "it may order either that the matter is admitted or that an amended answer be served."  Here, it appears that it would have been more accurate for the United States to admit that it claimed or sought indemnity, with the qualification that it was unable to perfect its claim.

Continental's motion to compel is granted as to Request for Admission No. 1. The United States is ordered to amend its answer, or the court will deem the matter admitted.

Similarly, Interrogatory No. 1 requests a description of all claims asserted by the United States against Bristol, including claims of indemnity, since 1988.  The United States objected to the interrogatory as irrelevant.  However, by order dated December 28, 2005, the court ruled that claims for indemnity asserted by the United

---

[12]Defendant's Discovery Requests at 5, exh. A, doc. 199.

States against Bristol were within the scope of discovery.[13]  The United States is ordered to amend its response to Interrogatory No. 1 to state any claims for indemnity asserted by the United States against Bristol since 1988.

**Requests for Production No. 2 and No. 10**

Request for Production No. 2 requests the United States to produce all documents that related to the United States' claim for defense costs for the *Wilson* and/or *Kallstrom* claims.  The United States objected to the request as unduly burdensome and untimely because former Assistant United States Attorney ("AUSA") Kenneth Roosa provided summary information on costs in a "declaration or affidavit" during the liability phase of this litigation.  In its order dated December 28, 2005, the court ruled that the topic of defense costs incurred in defending the underlying action is within the scope of allowable discovery and that the United States is obligated to produce documents relating to this topic.[14]  Accordingly, Continental's motion to compel is granted as to Request for Production No. 2.

Request for Production No. 10 requests the United States to produce all documents concerning the net worth of the United States from 1988 to the present and how it is calculated.  The court previously ruled that the United States need not produce documents related to this topic.[15]  Moreover, Continental withdrew Request for

---

[13]Order (December 28, 2005) at 3 (Topic 11), doc. 201.

[14]Order at 3 (Topic 11), doc. 201.

[15]Order at 2, doc. 201.

Production No. 10 in its reply brief[16]. Continental's motion to compel is denied as to Request for Production No. 10.

**Request for Production No. 4**

Request for Production No. 4 asks the United States to produce "all communications with, or tenders to, any private insurers related to any claims against 638 providers in Alaska that the United States defended under the Indian Self Determination and Education Assistance Act and the Federal Tort Claims Act, from 1988 to present."[17] The United States objected to the request as overly broad and unduly burdensome. Without waiving its objections, the United States alleged that much of the available information was provided to Continental by letter dated November 9, 2005. The November 9 letter lists several cases in which the United State claimed implied insured status, but does not provide copies of any "communications" or "tenders" related to such claims. By order dated December 28, 2005, the court ruled that a similar topic was within the scope of discovery and ordered the United States to produce related documents.[18] Accordingly, Continental's motion to compel is granted as to Request for Production No. 2.

---

[16]Reply at 13 n. 2, doc. 210.

[17]United States' Responses at 4, exh. D, doc. 199.

[18]Order at 3 (Topic 4), doc. 201: 4. All other claims in Alaska from 1988 to the present in which the USA claimed insurance coverage as an implied additional insured under an insurance policy and the responses of the insurers involved and the date the USA first claimed it was an implied additional insured under any insurance policy issued to an Alaskan insured.

**Requests for Admission No. 2 and No. 3**

Request for Admission No. 2 asks the United States to admit that Bristol provided the United States with a copy of Bristol's insurance policy with Continental (policy no. HMA 9500643-5) on December 9, 1994.  The United States objected to and then denied the request on the grounds that the items allegedly provided with the letter were not clearly defined.  In his deposition, former AUSA Roosa testified that he received the policy at issue around December 9, 1994.[19]  Request for Admission No. 2 is deemed admitted with the correction that the policy number was typed incorrectly and the actual policy number is HMA 9500648-5.[20]

Request for Admission No. 3 asks the United States to admit that it produced a copy of Bristol's insurance policy No. HMA 9500643-5 in *Wilson* on April 3, 1995.[21]  The United States objected to the request as irrelevant.  In its opposition brief, the United States alleges that Request for Admission 3 does not inquire about a policy with a policy number applicable in this case.  The United States is ordered to reply to Request for Admission No. 3 as related to the corrected policy number of  HMA 9500648-5.

**Interrogatory No. 3**

Interrogatory No. 3 requests the United States to describe all bases for an award of punitive damages in this case.  The United States objected to the interrogatory as

---

[19] Roosa Deposition Transcript at 16, filed at doc. 202.

[20] Continental states that the policy number is actually HMA 9500648-5, and that Continental mistyped a "3" instead of an "8" when typing the policy number.  Reply at 8, doc. 210.

[21] *Wilson v. United States*, Case No. A94-488 CV (HRH).

redundant, stating that the bases for punitive damages are set out in the court's opinions regarding bad faith, the United States' motion to amend the complaint, and the amended complaint. In its opposition to the motion to compel, the United States also argues that it completely answered Interrogatory No. 3 by providing Deborah Senn's expert witness report, which "describes in detail the basis for penalizing [Continental's] bad faith behavior with an award of punitive damages."[22] Continental argues that Senn's 25-page expert report contains her expert opinion, whereas the interrogatory seeks the United States' factual contentions supporting an award of punitive damages in this case.

While Senn's report appears to set forth eight purported bases for an award of punitive damages in this matter, reference to Senn's report is not a sufficient answer to an interrogatory under the Federal Rules of Civil Procedure. Rule 33 requires that each interrogatory be answered "separately and fully in writing under oath." In addition, Rule 26(g) requires every discovery response by a party represented by an attorney to be signed by at least one attorney of record. Continental's motion to compel is granted as to Interrogatory No. 3.

**Requests for Admission No. 4, No. 5, and No. 6**

Request for Admission No. 4 asks the United States to admit that no other court in Alaska, other than the court in this case, "has ever held that the United States was an additional implied insured on an insurance policy under Alaska law."[23] The United

---

[22] Letter from Richard Pomeroy (December 2, 2005), exh. 6, doc. 195.

[23] United States' Responses at 6, exh. D, doc. 199.

States objected to the request on the grounds of relevance, stating that the "law of the case, the district and the circuit hold that the United States is an implied insured in the instant case."[24]

Request for Admission No. 5 asks the United States to admit that in a decision dated March 28, 2003, the undersigned judge previously ruled that the United States was not an additional implied insured on Bristol's insurance policy under Alaska law. Request for Admission No. 6 asks the United States to admit that Ninth Circuit Judge Kleinfeld "entered a dissenting opinion on October 20, 2004, in which he stated that he would not find that the United States [was] an additional implied insured on Bristol's policy under Alaska law."[25]  The United States objects to Requests for Admission Nos. 5 and 6 as irrelevant, stating that the March 28, 2003, decision and Judge Kleinfeld's dissenting opinion are not current law.

Rule 36(a) provides that a party may serve written requests for admission of the truth of any matters that "relate to statements of opinions of fact or of the application of law to fact."  As to Request for Admission No. 4, Continental argues that admitting that the instant case is the "first case holding the United States to be an implied insured entitled to reimbursement for its FTCA payments is a statement of fact, not law."[26] Continental argues that Requests for Admission Nos. 5 and 6 are relevant because the fact "that one Ninth Circuit judge and this court at one point in time sanctioned

---

[24] United States' Responses at 6, exh. D, doc. 199.

[25] *Id.* at 7.

[26] Reply at 10, doc. 210.

Continental's decision to reject the government's tenders diminishes the reprehensibility of Continental's conduct."[27] The court concurs. The United States is ordered to respond to requests for admission Nos. 4, 5, and 6 in accordance with the requirements on Rule 36(a).

**Request for Production No. 9**

Request for Production No. 9 asks the United States to produce all documents concerning "policies, procedures, guidelines and practices concerning (a) when the USA seeks coverage under policies in which it claims it is an additional insured; (b) the handling of a claim against the USA by an insurance carrier, including selection of counsel, determination of settlement and control of positions taken; and (c) the circumstances under which the USA will seek punitive damages."[28] The United States objected to the request on the grounds of relevance. In its opposition to the motion to compel, however, the United States indicated that it will name and produce a Rule 30(b)(6) witness on these topics and will also provide any relevant policies. It is unclear from the record whether such policies have been provided.

The court previously ruled that the documents requested in (a) and (c), but not in (b), are within the scope of discovery.[29] Therefore, Continental's motion to compel is granted as to (a) and (c), and denied as to (b) to the extent the United States has not already produced the requested documents.

---

[27] Reply at 11, doc. 210.

[28] United States' Responses at 9, exh. D, doc. 199.

[29] Order at 2 (Topic 5), doc. 201.

**Request for Production No. 16**

Request for Production No. 16 asks the United States to produce all documents concerning "all actions relating to the Kallstrom claims, including the decision to bring claims against Mrs. Kallstrom and all defense activities relating to those claims after the tender to CIC in October 2001."[30]  While the United States objected to this request as irrelevant, the court previously held that this topic is within the scope of discovery.[31]  Continental's motion to compel is granted as to Request for Production No. 16.

Continental asks for an award of costs and fees incurred in bringing the motion to compel.  Having found that Continental is entitled to only some of the discovery it sought and that some of the additional information has otherwise been made known to Continental during the discovery process, the court declines to award costs and fees.

## V.  CONCLUSION

For the reasons set forth above, defendant's motion to compel at docket 199 is **GRANTED IN PART** and **DENIED IN PART** consistent with the discussion above.  The United States shall file and serve amended responses to the discovery requests at issue by March 15, 2006.

DATED at Anchorage, Alaska, this 3rd day of March 2006.


/s/
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[30] United States' Responses at 12, exh. 4, doc. 195.

[31] Order at 3 (Topic 12), doc. 201.