DEBORAH M. SMITH
Acting United States Attorney

RICHARD L. POMEROY
Assistant U.S. Attorney
222 West Seventh Avenue, #9
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
E-mail:  richard.pomeroy@usdoj.gov

RICHARD R. STONE, SR.
Trial Attorney
U.S. Department of Justice
P.O. Box 888
Benjamin Franklin Station
Washington, D.C.  20044
Phone: (202) 616-4291
Fax: (202) 616-5200
E-mail:  richard.stone@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>THE CONTINENTAL CASUALTY COMPANY, dba THE CONTINENTAL INSURANCE COMPANY,<br><br>　　　　　Defendant. | Case No. 3:98-cv-285-JWS<br><br>**MOTION FOR PARTIAL SUMMARY JUDGMENT ON ACTUAL DAMAGES** |

### INTRODUCTION

　　　　The United States moves the Court to enter, by partial summary judgment, an accounting of the United States' actual damages as of the trial date on May 22, 2006.  The Plaintiff makes

this request in order for the jury to know the actual amount of damages that Continental owes the United States, as determined by the Court's earlier rulings, including the amount that has been paid and the amount still owed by Continental. These calculations also may help the parties to understand the precise amounts for purposes of informed settlement discussions.

## APPLICABLE LAW & ARGUMENT

The law of the case is that the instant case against Continental is not governed by policy limits. Dkt. nos. 87 and 166 at pp. 2, 11 and 13. The Continental insurance policy, HMA 9500648-5, provides for payment by the insurer of the insured's attorney's fees in accordance with Alaska Rule 82. See Dkt 104 at p. 10 of 42.[1] The parties have agreed to the accuracy of the interest amounts previously paid by Continental to the United States. Interest on the remaining amounts above policy limits are calculated at 8% simple interest. See AS 09.30.070. There being no genuine issue of material fact and these amounts being defined by law, the United States is entitled as a matter of law under Fed.R.Civ.P 56(c), (d) and 62 (h) to summary judgment, setting the amount of actual total damages and remaining unpaid damages. See Dkt. 166 at 3-4.

## ACCOUNTING DISCUSSION

On December 13, 2005, Continental paid the United States $1,988,646.99. That amount represents $1,000,000 single policy limits, upon which interest at eight percent began to run on August 28, 1997, the date of settlement with the plaintiff Lori Wilson. Interest on that single

---

[1] Alaska Rule 82 requires that the prevailing party submit a motion for attorneys fees. The United States requests that the instant motion be treated as satisfying that requirement in advance in addition to requesting the accounting.

policy limit of $1,000,000 equaled $663,013.70 when the tender of payment was made to the United States. The payment also includes $150,000.00 costs and attorneys' fees incurred by the United States in defending the Wilson claim, made applicable by provision of policy HMA 9500648-5, for defense of the Wilson case. See Dkt. 104, Ex. B at p. 10 of 42. Interest on that $150,000, which accrued at 10.5% amounts to $175,623.29, was also included in Continental's payment. It also should be noted that these amounts total ten dollars less than the check from Continental, but that is accounted for in the following analysis. Continental's payment does not include any allocation for Rule 82 attorneys' fees to the United States for the present action. The United States has deposited Continental's check in the Treasury.

Under the law of the case, policy limits do not apply and the United States is entitled to the full $2.8 million that it paid to settle the Lori Wilson case. The $1.8 million not paid in Continental's first check has accumulated interest at 8% simple interest since August 28, 1997. As of the trial date, May 22, 2006, interest on that $1.8 million will have accrued at $144,000 per year and $394.52 per day for eight years and 267 days, totaling $1,257,336.84 interest only. Consequently, the remaining $1.8 million of the original $2.8 million owed will have increased to $3,057,336.84 by the trial date May 22, 2006. That amount and the amount previously paid, $1,988,646.99, less ten dollars, total $5,045,973.83, upon which Alaska Rule 82 attorneys' fees will be due in accordance with the applicable Continental policy. Those fees are calculated as follows: $5,000 (20% of first $25,000), plus $502,097.38 ($5,045,973.83 - $25,000 x 10%), totaling $507,097.38. That amount added to $5,045,973.83, which includes the $2.8 million plus interest, totals $5,553,071.21. Less the amount recently paid, the United States at trial will be owed additional actual damages of $3,564,424.22. The basic amount of actual damages for purposes of calculating any jury award of punitive damages is $5,553,071.21.

## CONCLUSION

For the foregoing reasons, the United States moves for partial summary judgment that as of the date of the trial Continental will owe the United States an additional $3,564,424.22 actual damages and that the jury may be informed that total actual damages amount to $5,553,071.21.

Respectfully requested this 15th day of March, 2006, in Anchorage, Alaska.

                              DEBORAH M. SMITH
                              Acting United States Attorney

                              s/Richard L. Pomeroy
                              Assistant U.S. Attorney
                              222 West 7th Ave., #9, Rm. 253
                              Anchorage, AK 99513-7567
                              Phone: (907) 271-5071
                              Fax: (907) 271-2344
                              E-mail: richard.pomeroy@usdoj.gov
                              AK #8906031

                              s/Richard R. Stone, Sr.
                              Trial Attorney
                              U.S. Department of Justice
                              P.O. Box 888
                              Benjamin Franklin Station
                              Washington, D.C.  20044
                              Phone:  (202) 616-4291
                              Fax:  (202) 616-5200 fax
                              E-mail:  richard.stone@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on March 15, 2006,
a copy of the foregoing Plaintiff
MOTION FOR PARTIAL SUMMARY
JUDGMENT ON ACTUAL DAMAGES
was served electronically on Gary A. Zipkin
and William Urquhart, and via U.S. mail  on

Rebecca L. Ross
Ross, Dixon & Bell, LLP
55 West Monroe Street, Suite 3000
Chicago, IL 60603-5758

s/ Richard L. Pomeroy