**U.S. Department of Justice**

United States Attorney
District of Alaska

Federal Building & U.S. Courthouse
222 West 7th Avenue, #9, Room 253
Anchorage, Alaska 99513-7567

Telephone: (907) 271-5071
Fax Number: (907) 271-3224

January 6, 1995

Lori Wing
Brady and Company
P.O. Box 107502
Anchorage, AK 99510-7502

Re: **Wilson v. United States**
    Case No. A94-488 CIV (HRH)

Dear Ms. Wing:

    I am an Assistant United States Attorney in the District of Alaska. I have been assigned responsibility for defending the United States in the personal injury case referenced above. This case, which is in the early stages of litigation, involves injury to a young girl who, as a guest of your insured, Bristol Bay Area Health Corporation (BBAHC), was allegedly provided with a caustic liquid in response to her request for a drink. Upon swallowing the liquid, she sustained injuries which are the subject of this lawsuit. This incident allegedly occurred on November 27, 1994, during a time when BBAHC was insured by The Continental Insurance Company under policy number 93 CBP 06114933-94, a Commercial General Liability insurance policy issued by you as agents for The Continental Insurance Company.

    I am aware that a suit for damages in this matter was originally filed directly against your insured in the Superior Court for the State of Alaska, and was defended by you, and was subsequently dismissed without prejudice by consent of the parties. Following that dismissal, the instant action was commenced in the United States District Court for the District of Alaska, with the United States named as the party defendant under the provisions of the Federal Tort Claims Act, pursuant to the Indian Self-Determination and Education Assistance Act, 25 U.S.C. § 450. Although the United States was properly named as the party defendant under the Indian Self-Determination and Education Assistance Act, you nevertheless have an independent obligation to defend and indemnify the United States when the liability arises out of the actions of a Section 638 contractor, such as

EXHIBIT C
Page 1 of 3

CNA 000336

Lori Wing
January 6, 1995
Page 2 of 3

BBAHC, which has procured a general commercial liability insurance policy.

Accordingly, I am formally tendering this claim to The Continental Insurance Company. If you decline to accept this tender, the United States will look to The Continental Insurance Company to satisfy any judgment entered against it in this lawsuit. Sauer v. Home Indemnity Co., 841 P.2d 176 (Alaska 1992). Additionally, if this tender is declined, the United States may, at its option, file a third party claim against The Continental Insurance Company, bring it into this lawsuit as a third party defendant.

I anticipate that you will argue that you have no obligation to defend where your named insured cannot be found liable for the claim. In fact, Federal Courts have consistently held that the fact that an insured is entitled to coverage by the United States pursuant to the Federal Tort Claims Act does not excuse the insured's insurance company from responsibility for an otherwise meritorious claim. See, Government Employees Insurance Co. v. United States, 349 F2d 83 (10th Cir. 1965); Irvin v. United States, 148 F.Supp. 25 (D.C.S.D. 1957); and Rowley v. United States, 140 F.Supp. 295 (D.C. UT. 1956). In addition, Chief Judge Holland, the judge assigned to this case, recently ruled in Dorcas v. Swanson, Case No. A93-129 CIV (HRH)(Copy of opinion appended hereto) that Allstate Insurance Company was required to defend and indemnify the United States on the basis of a policy issued to its insured even where the insured has no liability.

BBAHC is your insured. The alleged injury to the plaintiffs occurred during the coverage period, and on premises covered by the policy. By operation of the Indian Self-Determination and Education Assistance Act, any tort action against BBAHC or any of its employees is deemed an action against the United States. Under these circumstances, the United States is also an insured, See, Stewart-Smith Haidinger, Inc. v. Avi Truck, Inc., 628 P.2d 1108 (Alaska 1984). Any other conclusion would inevitably result in the insurer being unjustly enriched, as the insurer would collect a premium and yet would have no potential liability. The premium -- here in excess of $41,000.00 -- was paid by BBAHC with funds provided by the United States. Under the law of Alaska, the United States is an implied insured, entitled to the benefits of the insurance policy issued to BBAHC.

At this time, the United States is handling the defense of this matter. This case is in the very early stages of litigation -- no answer has been filed to date. Once you assume the defense of this case, the United States will continue its appearance in this case on an "Of Counsel" basis, so that attorneys for the

EXHIBIT C
Page 2 of 3          CNA 000337

Lori Wing
January 6, 1995
Page 3 of 3

Government can remain of the pleadings service list and can monitor the course of the litigation.

    I look forward to hearing from you. I will be out of the State until approximately January 20, 1995. If you wish to speak to me, please leave a voice mail message and I will return your call within a day at most.

Sincerely

ROBERT C. BUNDY
UNITED STATES ATTORNEY

KENNETH S. ROOSA
ASSISTANT U.S. ATTORNEY

EXHIBIT C
Page 3 of 3
CNA 000338