

U.S. Department of Justice

United States Attorney

District of Alaska

Federal Building & U.S. Courthouse
222 West 7th Avenue, #9, Room 253      Telephone: (907) 271-5071
Anchorage, Alaska 99513-7567           Fax Number: (907) 271-3224

June 6, 1995

James Frederici
Delaney, Wiles, Hayes,
Reitman, and Brubaker P.C.
1007 W. 3rd. Ave., Suite 400
Anchorage, Alaska 99501

Re: <u>Wilson v. United States</u>
    Case No. A94-488 CIV (HRH)

Dear Mr. Frederici:

By my letter dated January 6, 1995, the United States previously tendered defense of this case to The Continental Insurance Company (Continental), specifically referring to policy number 94 CBP 06114933-94. On February 13, 1995, you rejected the United States' tender, relying on a premises exclusion endorsement which purports to exclude coverage for most of the real property occupied and maintained by Bristol Bay Area Health Corporation (BBAHC). The United States disputes the validity of that exclusion, which effectively eliminates a substantial portion of the coverage actually provided in exchange for the significant premium paid ($43,480.00).

Be that as it may, at the time of the initial tender the United States was not aware that Continental had also issued a separate Commercial General Liability policy, policy number HMA 9500648-5. Accordingly, the United States is formally re-tendering this claim to Continental under the provisions of policy number HMA 9500648-5. By so doing, the United States does not relinquish any rights to coverage under policy number 94 CBP 06114933-94, including the right to sue for bad faith denial of coverage. If you decline this tender, the United States will look to Continental to satisfy any judgment entered against it in this lawsuit, or the amount the United States pays in settlement, together with other related damages. <u>Sauer v. Home Indemnity Co.</u>, 841 P.2d 176 (Alaska 1992). Additionally, if this tender is declined, the United States may, at its option, file a declaratory judgment action against Continental Insurance Company

DATE:_____ INITIALS:____
COPIED TO:_____
RESPONSE DUE:_____

EXHIBIT ___D___
Page ___1___ of ___4___     CNA 000342

James Frederici
June 6, 1995
Page 2 of 4

to obtain a judicial determination of the validity of its claim that it is an insured under these policies.

In your letter of February 13, 1995, you make the conclusory determination that the United States "is not an insured under the policy." The United States disagrees with that conclusion for the reasons set forth in its January 6, 1995 letter. In fact, defense of the United States in this action is covered by these policies for several reasons.

1. The Continental Insurance Company Knew of Existing Law Requiring Suit Against the United States in Lieu of BBAHC.

First, at the time the insurance contract was issued, Continental knew that BBAHC was a corporation formed for the express purpose of receiving Federal funds under the provisions of the Indian Self-Determination and Education Assistance Act, 25 U.S.C. § 450 et. seq., (the Act or §638), and that BBAHC's health facilities were operated on behalf of the Indian Health Service. Further, Continental was aware that the Act provides that torts committed by employees of §638 contractors acting within the scope of the contract are deemed to be acts of employees of the United States for purposes of the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-80. The FTCA provides that a plaintiff with a tort claim based on acts or omissions of employees of the United States must first present the claim as an administrative claim to the affected agency, which may negotiate a settlement of the claim at that stage. 28 U.S.C. §§2672; 2675.

Appleman's discusses the impact of the FTCA on the insurer's duty to defend:

> Under the Federal Tort Claims Act, a suit against the United States is the exclusive remedy for injuries sustained as a result of an accident involving an automobile driven by a government employee in the scope of employment, and the government is an additional insured under the employee's automobile policy. Therefore, the insurer is obligated to undertake the defense where it is tendered and the potential conflicts between the policy provisions and the duties of government officials under the Act are not insurmountable. The insurer, in accepting coverage, is also chargeable with knowledge of the Act and the possible conflict between policy provisions and the Act.

7C J.A. Appleman, Insurance Law & Practice § 4683, at 56 (Berdal ed. 1979) (footnotes omitted). Although the cases cited in Appleman's refer to coverage of the United States under specific language in the automobile policies, the principles of these

EXHIBIT D
Page 2 of 4

CNA 000343

cases apply: The insurer is charged with knowledge of the existing law and the effects of the FTCA's exclusive remedy provisions upon suits on covered claims.

Since Continental defended BBAHC in the earlier-filed state court action, it must have determined that coverage existed under at least one of the policies. Continental's apparent position, that it will cover the claim when asserted against BBAHC in an improperly pleaded state court action, but not against the United States in a properly pleaded federal court action, is indefensible. There is no specific exclusionary language in either policy giving notice that the insurer will not defend or cover court actions on otherwise covered tort claims, purely on the basis that they are properly pleaded under the Federal Tort Claims Act, the exclusive means of bringing suit on such a claim.

2. The Policies Anticipate and Cover the Risk

Second, while you are correct that the definition of "insured" in each policy does not specifically name the United States, each policy taken as a whole clearly intends to cover property damage and bodily harm resulting from tortious acts or omissions of BBAHC employees, suit for which must, by federal law, take the form of an action against the United States under the FTCA. As Couch indicates, "when the intent to cover a particular risk is clear, the name of the insured is not always important." G.J. Couch, Cyclopedia of Insurance Law, § 23:4 (rev. 2d ed. 1982. Clearly the referenced policies intend to cover the risk of court actions based on tortious acts or omissions of BBAHC employees.

Nevertheless, when an action was filed in State court against BBAHC eo nomine, Continental elected to raise immunity and the provisions of § 638 and the FTCA as a defense against liability of BBAHC. It is because of this trial strategy that suit was brought against the United States for precisely the same acts and omissions of BBAHC employees that Continental indicated were covered by the policies -- a covered risk anticipated by the policies.

Finally, under the cases cited in our letter of January 6, 1995, the United States is an implied insured under Alaska law. See, Stewart-Smith Haidinger, Inc. v. Avi Truck, Inc., 628 P.2d 1108 (Alaska 1984).

### Tender of Defense

Consequently, the United States regards itself as an "insured under Continental policies 94 CBP 06114933-94 and HMA 9500648-5. Accordingly, by this letter the United States tenders defense of this action to The Continental Insurance Company, pursuant to these policies, subject to the constraints of 28

EXHIBIT D
Page 3 of 4

CNA 000344

U.S.C. § 517. Although §517 prohibits this office from relinquishing all control of the defense of this action, we are certain that satisfactory arrangements can be made to effect the policies' provisions for the defense. The United States will look to Continental for the payment of any claims that may be established against or settled on behalf of the United States, within the coverage limits of these policies. In the event that Continental fails to defend the United States as required by the policies, we will look to Continental for full indemnification of any judgment rendered against the United States and other related damages, including costs.

The United States demands that The Continental Insurance Company agree in writing to defend the United States as an "insured" under policies 94 CBP 06114933-94 and HMA 9500648-5, and to pay any resulting judgments or settlement amounts up to the policies' limits. In addition, the United States requests that you inform its undersigned counsel of the name, address, and telephone number of the counsel that Continental chooses for defense of this action immediately upon retention.

To date the United States has answered the complaint, responded to the Plaintiff's first discovery requests, and participated in the deposition of six (6) fact witnesses in Dillingham, Alaska. We will forward copies of any and all pleadings or filings to date, including deposition transcripts, to you immediately upon your request. The United States will bill you separately for time and costs incurred to date in defense of this case.

Sincerely,

ROBERT C. BUNDY
UNITED STATES ATTORNEY

*[signature]*

KENNETH S. ROOSA
ASSISTANT U.S. ATTORNEY

EXHIBIT D
Page 4 of 4

CNA 000345