**U.S. Department of Justice**

*United States Attorney*
*District of Alaska at Anchorage*

---

Federal Building & U.S. Courthouse
222 West 7th Avenue, #9, Room 253      VOICE  (907) 271-5071
Anchorage, Alaska 99513-7567           FAX    (907) 271-3224

February 20, 1997

Jennifer Taylor
HealthPro
CNA Plaza, 20 S
Chicago, Illinois 60685

Re: <u>Wilson v. United States</u>, Case No. No. A94-488 Civ. (HRH)

Dear Ms. Taylor:

Thank you for speaking with me today. As you know, I have been assigned responsibility for defending the United States in the personal injury case referenced above. This case, which is now in the latter stages of its litigation, was tendered to a non-subsumed predecessor insurer, The Continental Insurance Company, (Continental) on several occasions. Each time, the tender was denied, apparently without serious consideration by the claims adjustor.

The major claim involves injury to Lori Dee Wilson, a young girl who, as a guest of Bristol Bay Area Health Corporation (BBAHC), was provided with caustic liquid by Blanche Kallstrom, a guest at the facility, in response to Lori's request for a drink. Upon swallowing the liquid, Lori sustained the injuries which are the subject of this lawsuit. Blanche Kallstrom has also sued the United States, asserting that she suffered mental anguish and distress as a result of the liquid being negligently left in an improper container, causing her to mistakenly pour the lye based detergent into Lori's glass. This incident occurred on November 27, 1994, during a time when BBAHC was insured by Continental under policy number 93 CBP 06114933-94, a Commercial General Liability insurance policy issued by Continental.

Suit was originally filed directly against BBAHC in the Superior Court for the State of Alaska, and was defended by counsel retained by Continental. The suit was subsequently dismissed without prejudice by consent of the parties. Following that dismissal, the instant action was commenced in the United States District Court for the District of Alaska, with the United States named as the party defendant. (Suit was filed under the provisions of the Federal Tort Claims Act, and the Indian Self-

EXHIBIT __E__
Page __1__ of __3__              CNA 000350

Determination and Education Assistance Act, 25 U.S.C. § 450). Simply put, that law makes the United States responsible for any negligent acts committed by employees of an Indian health contractor, such as BBAHC, if the negligent act is within the scope of the contract between the contractor and the United States.

In this case, it has been determined that the negligent employees were acting within the scope of their employment and within the scope of the contract. Accordingly, the United States has been, as a matter of law, substituted for BBAHC as the defendant in the action based on this incident. Substitution of the United States as the financially responsible party does not absolve the insurer of its responsibility to defend and pay the claims made in this case. The United States adamantly believes that a fair reading of the contract of insurance easily results in the conclusion that the United States is an additional, or implied, insured.

The United States formally re-tenders the Wilson claim, and offers its initial tender of the Kallstrom claim to CNA, as the successor in interest to The Continental Insurance Company. If you decline to accept this tender, the United States will look to CNA to satisfy any judgment entered against it in this lawsuit, and for indemnification for any amount paid in settlement of these claims. Sauer v. Home Indemnity Co., 841 P.2d 176 (Alaska 1992).

I anticipate that you will argue that you have no obligation to defend or pay where your named insured cannot be found liable for the claim. In fact, Federal courts have consistently held that an insured's entitlement to coverage by the United States pursuant to the Federal Tort Claims Act does not excuse the insurer from its contractual responsibility for an otherwise meritorious claim. See, Government Employees Insurance Co. v. United States, 349 F.2d 83 (10th Cir. 1965); Irvin v. United States, 148 F.Supp. 25 (D.C.S.D. 1957); and Rowley v. United States, 140 F.Supp. 295 (D.C. UT. 1956). In addition, Judge H. Russel Holland, the judge assigned to this case, recently ruled in Dorcas v. Swanson, Case No. A93-129 CIV (HRH) that Allstate Insurance Company was required to defend and indemnify the United States on the basis of a policy issued to its insured even where the insured has no liability.

BBAHC is your insured. The alleged injury to the plaintiffs occurred during the coverage period, and on premises covered by the policy. By operation of the Indian Self-Determination and Education Assistance Act, any tort action against BBAHC or any of its employees is deemed an action against the United States. Under these circumstances, the United States is also an insured,

EXHIBIT E
Page 2 of 3

CNA 000351

as the risk assumed by the insurer is <u>exactly the same</u> as to the United States as it is with respect to BBAHC. See, <u>Stewart-Smith Haidinger, Inc. v. Avi Truck, Inc.</u>, 628 P.2d 1108 (Alaska 1984). Any other conclusion would inevitably result in the insurer being unjustly enriched, as the insurer would collect a premium and yet would have no potential liability. The premium -- here in excess of $41,000.00 -- was paid by BBAHC with funds provided by the United States. Under Alaska law, the United States is an implied insured, entitled to the benefits of the insurance policy issued to BBAHC.

This is at least the third time that the United States has brought this matter to the attention of the insurer. Continued refusal to accept this tender could well result in a subsequent judicial determination that the insurer has acted in bad faith, and could result in CNA being held responsible for the entire amount of the settlement or judgment, which in either case is expected to greatly exceed policy limits. In addition, punitive damages for bad faith denial of coverage have been awarded to the United States in the Ninth Circuit.

Please give this matter your serious attention. Discovery closes in early summer, 1997.

Sincerely,

ROBERT C. BUNDY
UNITED STATES ATTORNEY

KENNETH S. ROOSA
Assistant U.S. Attorney

EXHIBIT  E
Page  3  of  3

CNA 000352