12/01/98  11:07 FAX                                              @002/005

John R. Neeleman
8611127
LANE POWELL SPEARS LUBERSKY LLP
1420 Fifth Avenue, Suite 4100
Seattle, Washington 98101-2338
Telephone: (206) 223-7000
Facsimile: (206) 223-7107

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) Case No. A98-285 CV (JWS) |
| v. | ) |
| CNA FINANCIAL CORPORATION and THE CONTINENTAL CASUALTY COMPANY, d/b/a THE CONTINENTAL INSURANCE COMPANY, | ) |
| Defendants. | ) |

### DECLARATION OF LORI WING

Lori Wing declares and states as follows under penalty of perjury.

1. I am a Senior Vice President of Brady & Co., an Anchorage, Alaska insurance brokerage firm, and a licensed producer in the State of Alaska. Since 1988, I have been responsible for managing Brady & Co.'s account with Bristol Bay Area Health Corporation ("BBAHC"). Since before 1988 we have been responsible for securing property and casualty insurance required by BBAHC. I make this declaration of my personal knowledge.

2. BBAHC is a native corporation, owned by native Americans in the Dillingham area, and established under the Alaska Native Claims Settlement Act. Among its numerous and varied activities, BBAHC coordinates with the United States Public Health Service and the Indian Health Service the establishing and managing of healthcare facilities in rural Alaska. BBAHC operates

LANE
POWELL
SPEARS
LUBERSKY
LLP

Law Offices
1420 5th Ave.
Suite 4100
Seattle, WA
98101-2338
(206) 223-7000

EXHIBIT F
Page 1 of 4

EXHIBIT
B

9003??

Jake's Place and the nearby Kanakanak Hospital. BBAHC contracts with the United States government for provision of these services under Section 638 of the Indian Self-Determination and Education Assistance Act ("Section 638").

3. In January 1995 I received a letter dated January 6, 1995 from Mr. Kenneth S. Roosa, an assistant United States attorney, in which Mr. Roosa purported to formally tender to Continental Insurance Company the claim by Lori Wilson against the United States, arising out from injuries she sustained at Jake's Place. Mr. Roosa's letter explained that pursuant to Section 638 and the Federal Tort Claims Act ("FTCA") the United States was directly liable for injuries sustained by Lori Wilson as a proximate result of negligence on the part of BBAHC employees. Mr. Roosa contended that pursuant to the comprehensive general liability insurance ("CGL") that Brady & Co. placed for BBAHC with the Continental Insurance Company for the 1993 policy year, the United States was also an insured, even though no policy ever placed by Brady & Co. for BBAHC has ever identified the United States as a named or an additional insured. Mr. Roosa's letter reasoned that "any other conclusion would inevitably result in the insurer being unjustly enriched as the insurer would collect a premium and yet would have no potential liability."

4. Mr. Roosa's letter took me by surprise because it has never been the intention of BBAHC, or Brady & Company as BBAHC's broker, to include the United States as an insured under any policy placed by Brady & Co. for BBAHC. This is so for reasons that run directly counter to Mr. Roosa's reasoning.

5. Since I assumed responsibility for BBAHC's account in 1988, I have had numerous discussions with attorneys and officers of BBAHC regarding BBAHC's liability exposures. These include Mr. BoBo Dean, a Washington, D.C. attorney; Mr. Robert Clark, BBAHC's Chief Executive Officer in 1992 and 1993; Robert Brown, BBAHC's Chief Financial Officer until about 1992 or 1993; Liz Hartshorn who succeeded Mr. Brown as CFO; and the current CFO Nelda Dodge and current comptroller Tom Brenner of BBAHC's Executive Board.

LANE
POWELL
SPEARS
LUBERSKY
LLP

Law Offices
1420 5th Ave.
Suite 4100
Seattle, WA
98101-2338

(206) 223-7000

DECLARATION OF LORI WING

EXHIBIT F
Page 2 of 4

900373
Page 2

6. In response to a series of amendments to the FTCA enacted by Congress from the mid-1980's through 1991, BBAHC provided Brady & Co. with memoranda from its legal counsel which described the extent of the Federal Tort Claims Act's coverage for liabilities arising from operations of Section 638 contractors. BBAHC provided us these memoranda for the express purpose of ensuring that we obtain liability insurance to cover liability exposure not covered by the United States under Section 638 and the FTCA. In other words, BBAHC and its counsel instructed us specifically that BBAHC did not desire insurance coverage that would duplicate protection from liabilities provided by the United States under Section 638 and the FTCA.

7. Thus, the opposite of Mr. Roosa's reasoning is actually true. BBAHC and its counsel advised Brady & Co. orally and through their written memoranda that the very purpose of the amendments to the FTCA was to enable the United States to save large sums of money previously expended on liability insurance. BBAHC attorneys and officers identified various state programs conducted by BBAHC with state funding for which the United States could potentially deny Section 638/FTCA Coverage. Also, we were concerned that the United States may not extend Section 638/FTCA Coverage to potential liability arising from housing assistance provided by BBAHC to its employees. BBAHC personnel advised us that we should obtain liability insurance only to cover these risks.

8. We conveyed all of this information, including the written memoranda from BBAHC's counsel, to Continental Insurance Company's underwriters, to assist them in assessing and underwriting BBAHC's risks. Because the intent of the CGL policies issued by Continental Insurance Company to BBAHC was to fill in gaps in coverage extended by the United States under Section 638 and the FTCA, the premiums charged by Continental Insurance for these policies were relatively modest.

9. At no time has BBAHC advised Brady & Co. that its Section 638 contract with the United States imposed any obligation on the part of BBAHC to include the United States as an

LANE
POWELL
SPEARS
LUBERSKY
LLP

Law Offices
1420 5th Ave.
Suite 4100
Seattle, WA
98101-2338
(206) 223-7000

DECLARATION OF LORI WING

EXHIBIT ___F___
Page __3__ of __4__

900374

Page 3

insured under any policy placed for BBAHC. To my knowledge BBAHC at no time provided any copy of its contracts with the United States containing any provision which purported to impose such an obligation upon BBAHC.

DATED this 1st day of ~~November~~ December, 1998.

_____
Lori Wing

LANE
POWELL
SPEARS
LUBERSKY
LLP

Law Offices

1420 5th Ave.
Suite 4100
Seattle, WA
98101-2338

(206) 223-7000

DECLARATION OF LORI WING

EXHIBIT F
Page 4 of 4

900375

Page 4