**U.S. Department of Justice**

*United States Attorney*
*District of Alaska at Anchorage*

---

Federal Building & U.S. Courthouse
222 West 7th Avenue, #9, Room 253       VOICE (907) 271-5071
Anchorage, Alaska 99513-7567            FAX   (907) 271-3224

February 8, 1999

Via Certified Mail
Return Receipt Requested

Parry Grover, Esq.
Davis Wright Tremaine
701 8th Ave., Suite 800
Anchorage, AK 99501

    Re: Bristol Bay Area Health Corporation
        Demand for Indemnification

Dear Mr. Grover:

    We understand that you are counsel for Bristol Bay Area Health Corporation ("BBAHC"). This letter is a demand for indemnification of the United States by BBAHC pursuant to the terms of the parties' contract.

    We have discussed this matter with you and your staff in the past on a number of occasions. Briefly, the relevant facts are as follows. On November 27, 1993, Lori Dee Wilson was severely injured when she was accidentally given a glass of commercial dishwashing detergent at a social function sponsored by BBAHC at "Jakes' Place", BBAHC's alcohol abuse transitional care facility co-located with the Kanakanak Hospital complex near Dillingham. Thereafter, Lori Dee and her mother, Marilyn Wilson ("the Wilsons") filed suit against BBAHC. Eventually, the suit against BBAHC was dismissed, and the Wilsons' refiled their claims against the United States in Federal Court pursuant to the Federal Tort Claims Act. As you are aware, the United States was the proper defendant pursuant to the Indian Self Determination and Education Assistance Act, 25 U.S.C. §450.

    The Wilsons had very significant damage claims as a result of the negligence of BBAHC and its employees. Lori Dee Wilson's injuries were severe and permanent. Because of this, the United States entered into a settlement agreement with the Wilsons in August, 1997, pursuant to which the United States paid a total of two million eight hundred thousand dollars ($2,800,000.00). In exchange, the Wilsons agreed to release any and all claims against the United States and BBAHC arising from the November, 1993 incident.

EXHIBIT G
Page 1 of 3        DWT 0388

At all relevant times, BBAHC was a §638 contractor, providing health care services to Alaska Natives in the Bristol Bay region pursuant to a written contract with the United States Indian Health Service. Among other provisions, the contract between the United States and BBAHC included broad a "Indemnity and Insurance" provision:

(a) The Contractor shall indemnify and save and keep harmless the Government against any or all loss, cost, damage, claim, expense or liability whatsoever, because of accident or injury to persons or property or others occurring in connection with any program included as a part of this contract, by providing where applicable, the insurance described below:

(b) The contractor shall secure, pay the premium for, and keep in force until the expiration of this contract or any renewal period thereof, insurance as provided below. Such insurance shall specifically include a provision stating the liability assumed by the Contractor under this contract.

* * *

(f) Each policy of insurance shall contain a provision that the insurance carrier waives any rights it may have to raise as a defense the tribe's sovereign immunity from suit, but such waivers shall extend only to claims the amount and nature of which are within the coverage and limits of the policy of insurance. The policy shall contain no provision, either express or implied, that will serve to authorize or empower the insurance carrier to waive or otherwise limit the tribe's sovereign immunity outside or beyond the coverage and limits of the insurance policy.

BBAHC maintained in effect several liability insurance policies. These included Continental Insurance Policy No. HMA 9500648-5, which was in effect at the time of the incident involving the Wilsons. This policy carried limits of $1,000,000 each occurrence and $2,000,000 in the aggregate. The United States believed that this policy provided coverage to the United States and BBAHC with respect to this incident, and that it specifically included the indemnity obligation assumed by BBAHC pursuant to the above-quoted contract language. (See, definition of "Insured Contract" in the policy Coverage Form).

In reliance on this policy, the United States tendered defense of the <u>Wilson</u> claims to Continental, BBAHC's insurer.

EXHIBIT  G
Page  2  of  3

DWT 0389

Continental rejected the tender, categorically denying that the insurance procured by BBAHC extended coverage to the United States.

In light of Continental's denials of the United States' tender, the United States at this time demands indemnification from BBAHC pursuant to the terms of the contract (quoted above) between BBAHC and to United States. BBAHC's liability to the United States for indemnification far exceeds the limits of the Continental policy.

Despite the disparity between BBAHC's indemnity obligation to the United States and the insurance coverage available to BBAHC, the United States is willing to settle its claims against BBAHC in this case upon payment of an amount equal to the policy limits, plus applicable Rule 82 attorneys fees, interest, and any and all sums which Continental is contractually obligated to pay under the policy. <u>Bonha v. Hughes, Thorsness, Gantz, Powell, and Brundin</u>, 828 P.2d 745, 768 (Alaska 1992), <u>Schultz v. Traveler's Indemnity Co.</u>, 754 P.2d 265 (Alaska 1988). It is our understanding that BBAHC has no applicable umbrella policy or other insurance coverage available in this case. If this understanding is incorrect, please advise us immediately.

This letter is submitted for the purposes of settlement only. This non-negotiable, one-time offer will expire by its own terms as of 5:00 p.m., Alaska Standard Time 90 days from the date of receipt hereof.

Very truly yours,

ROBERT C. BUNDY
UNITED STATES ATTORNEY

3

EXHIBIT G
Page 3 of 3

DWT 0390