USA v CNA  
A98-285 CV (JWS)

LIZ HARTSHORN  
1/12/2001

Page 1

1    IN THE UNITED STATES DISTRICT COURT
2         FOR THE DISTRICT OF ALASKA

3  
UNITED STATES OF AMERICA,          )
4                                     )   **ORIGINAL**
           Plaintiff,               )
5                                     )
     vs.                            )
6                                     )   **CORRECTION SHEET:**
CNA FINANCIAL CORPORATION, et al., ☒ Signature waived/time expired
7                                     ☐ Signature waived
           Defendants.              ☐ Signed/dated/no corrections made
8                                     ☐ Signed/dated/corrections made
Case No. A98-285 CV (JWS)
9
10
11
         DEPOSITION OF LIZ HARTSHORN
12
13
         Friday, January 12, 2001
14              9:30 a.m.
15
     Taken by Counsel for Defendants
16              at
         Davis Wright Tremaine
17   701 West Eighth Avenue, Suite 800
           Anchorage, Alaska
18
19
20
21
22
23
24
25

**PACIFIC RIM REPORTING 907/272-4383**  
www.courtreportingalaska.com

EXHIBIT M  
Page 1 of 4

USA v CNA  
A98-285 CV (JWS)

LIZ HARTSHORN  
1/12/2001

Page 60

1  Q.   (BY MR. DEVLIN) I'm trying to develop
2  this kind of deadpan delivery that Mr. Stewart
3  has.  Apparently it's working - not.
4        And once the financial statements were
5  prepared, you would have been the person who
6  would have provided it, along with this
7  application, or these applications, these types
8  of applications, each year?
9  A.   I believe so.
10 Q.   All right.  Do you recall ever not
11 providing a financial statement?
12 A.   If they asked for a financial statement,
13 I would provide it.  If they did not ask for a
14 financial statement, I would not provide it.
15 Q.   By the way, do you know who took over
16 for you after you stopped being the CFO at BBAHC?
17 A.   I don't know exactly how the chain of
18 command went after that.
19 Q.   We talked earlier about the fact that
20 the concerns regarding FTCA coverage, as
21 expressed in Exhibit A, the July 3, 1991 letter,
22 was something that you considered when working
23 with Ms. Wing regarding how much outside
24 insurance to buy.  Right?
25 A.   Correct.

EXHIBIT M  
Page 2 of 4

USA v CNA  
A98-285 CV (JWS)

LIZ HARTSHORN  
1/12/2001

Page 61

```
 1    Q.   Okay.  How did the scope of coverage of
 2    the FTCA affect your decision concerning how much
 3    outside insurance to get?
 4    A.   How did it affect it?
 5    Q.   Yes, ma'am.
 6    A.   Significantly.
 7    Q.   In what way?  The amount that you
 8    bought?  Or, in what way did it significantly
 9    affect your decision?
10    A.   Trying to figure out what FTCA meant;
11    and were there risks that were not covered, by
12    FTCA, that we needed to have covered.  Very
13    similar to the July 3rd, 1991 letter.  Those were
14    our concerns.
15    Q.   Do you ever recall a time when you no
16    longer had the concerns about the scope of
17    coverage of the FTCA, as expressed in the
18    July 3rd, 1991 letter?
19    A.   No.
20         Well, actually, can I restate that?  Can
21    I have the question repeated to me, just to make
22    sure I'm answering the question right?
23    Q.   Of course.
24    (Record read)
25    A.   No.
```

PACIFIC RIM REPORTING 907/272-4383  
www.courtreportingalaska.com

EXHIBIT M  
Page 3 of 4

USA v CNA                                                          LIZ HARTSHORN
A98-285 CV (JWS)                                                   1/12/2001

Page 62

```
 1     Q.    If you had these concerns about the
 2  scope of coverage, FTCA coverage, why didn't you
 3  just buy insurance that would cover everything
 4  from a private insurer?
 5           MR. STEWART: Objection. Counsel, that
 6  assumes facts not in evidence. The question of
 7  "why didn't you just buy insurance that covers
 8  everything?" assumes that that wasn't in fact
 9  what they ended up doing.
10     Q.    (BY MR. DEVLIN) Did you intend to buy
11  insurance, private insurance, that would cover
12  risks also covered by the FTCA?
13     A.    No.
14     Q.    Why not?
15     A.    Because the FTCA coverage would cover
16  it.
17     Q.    But just to be sure, why didn't you just
18  buy insurance, private insurance, that would
19  cover, you know, everything?
20           MR. STEWART: Same objection, Counsel.
21  Your question is now shifting from intent to the
22  actual purchase.
23           The first question was: What did you
24  do? And your next question was: What did you
25  intend to do? Now you're back to: What did you
```

PACIFIC RIM REPORTING 907/272-4383
www.courtreportingalaska.com

EXHIBIT M
Page 4 of 4