

DEPARTMENT OF HEALTH & HUMAN SERVICES

# Memorandum

**Date**  September 10, 1991

**From**  Gary Thogersen
Assistant Regional Counsel

**Subject**  Contract Negotiations/Scope of Work

**To**  Richard D. Frost
Executive Assistant

In the past few weeks I have been asked to review proposals made by several of the P.L. 93-638 contractors suggesting that certain activities be added to the scope of work in their respective contracts with IHS. These contractors include SouthEast Alaska Regional Health Corp. (SEARHC), Bristol Bay Area Health Corp. (Bristol Bay), and Norton Sound Health Corp. (Norton Sound). Some of the proposed additions encompass activities which are operated with funds obtained partly from IHS and partly from other sources such as the State of Alaska. Other proposed additions deal with activities that are not funded by IHS, but are operated under a separate contract with the State or some other entity.

My understanding of the current policy which should be applied by the contracting office is that the scope of work in a 638 contract should cover only those activities and programs which are IHS funded and authorized. This would include activities which are funded partially by IHS with additional funding from program income. Other activities and services which are not within the IHS program, not funded by IHS, and not within the range of services authorized by the IHS, should not be included within the scope of work of the contract. In other words the contract should describe only activities and services which the IHS itself <u>could</u> perform in the absence of the 638 contract.

SEARHC, Bristol Bay and Norton Sound are obviously concerned about the extent of Federal Tort Claims (FTCA) Coverage for non-IHS services. In general the statute relieves the tribes and native corporations of the burdens of carrying liability insurance while "carrying out any such contract or agreement" 25 U.S.C. § 450f(d). The extent to which FTCA coverage will be found to apply under the statute for non-IHS funded activities is not yet known. So far there has been little experience with claims and litigation involving 638 contractors. A more precise picture of FTCA coverage will only be known when the courts begin to look at individual cases as they arise. Under the

EXHIBIT  R
Page  1  of 2

IHS 0250

Richard D. Frost - Page 2

circumstances we cannot assure the contractors that the FTCA would apply even if non-IHS activities were included within the scope of work of the contract.

cc:
Donald White
Supervisory Contract Specialist, AANHS

GT/mj

EXHIBIT R
Page 2 of 2

IHS 0251