| Issued by | Continental Insurance Company | Company |
|---|---|---|
| | 180 Maiden Lane | ) |
| | New York, NY 10038 | BHA 9500648-5 |

General Offices 180 Maiden Lane, NY, NY 10038

| Producer's Name and Address | Rollins Burdig Hall of Alaska<br>1031 E. Fourth Ave., Suite 400<br>Anchorage, AK 99510 | Producer's Code<br>797-180-94 | Renewal of |
|---|---|---|---|

| Named Insured Mailing Address | Bristol Bay Area Health Corporation<br>Mile 7 Kanakanak Road<br>Dillingham, AK 99576 |
|---|---|

| Policy Period | From ~~September 30, 1993~~ to ~~September 30, 1994~~ at 12:01 A.M. Standard Time at your mailing address shown above. | **Common Policy Declarations**<br>**Comprehensive Business Policy**<br>**Daily Report** |
|---|---|---|

Business Description:

PRODUCER COPY

IN RETURN FOR THE PAYMENT OF THE PREMIUM AND SUBJECT TO ALL THE TERMS OF THIS POLICY, WE AGREE WITH YOU TO PROVIDE THE INSURANCE AS STATED IN THIS POLICY. THIS POLICY CONSISTS OF THE FOLLOWING COVERAGE PARTS FOR WHICH A PREMIUM IS INDICATED. THIS PREMIUM MAY BE SUBJECT TO ADJUSTMENT.

| Coverage Part | Premium |
|---|---|
| Commercial Property Coverage Part | $ |
| Boiler and Machinery Coverage Part | $ |
| Commercial Inland Marine Coverage Part | $ |
| Commercial Crime Coverage Part | $ |
| Commercial Auto Coverage Part | $ |
| Commercial General Liability Coverage Part ~~CG 00 01 11 88~~ | $ 19,146 |
| Additional Coverage Part(s) ~~Employee Benefits Liability SAC 00507~~ | $ 200 |
| | $ |
| | $ |
| | $ |

| | | |
|---|---|---|
| Premium for this policy | $ 19,346 |
| Add for attached companion policies | $ |
| Total premium | $ 19,346 |

Premium shown is payable: $ ~~19,346~~ _____ at inception; $ ~~N/A~~ _____ each anniversary

Any premium shown in the Declarations for a Policy Period extending beyond one year was computed based on rates in effect at the time the policy was issued. On each renewal, continuation, or anniversary of the effective date of this policy, we will compute the premium for each Coverage Part in accordance with our rates and rules then in effect. Exceptions, if any, are: _____

_____

Audit required for:  ☐ GL  ☐ Auto  ☐ Inland Marine  ☐ Other _____
Annual or ☐ _____

Form(s) and Endorsement(s) applicable to all Coverage Parts and made a part of this policy at time of issue:
SDEC 20, SIL0017, CG00011188, SAC00507, CG23011185, CG21100, CG22441185, CG 20211185, CG 21560187, GG 22503, IL 00211185, IL 2196, IL 02800489, IL 01210790, CG 24031185, Lhar 7251, CG 20251185
COUNTERSIGNED 16/8/93 _____   BY _____
                  (Date)                    (Authorized Representative)

THESE DECLARATIONS TOGETHER WITH THE COMMON POLICY CONDITIONS, COVERAGE PART DECLARATIONS, COVERAGE FORM(S) AND FORMS AND ENDORSEMENTS, IF ANY, ISSUED TO FORM A PART THEREOF, COMPLETE THE ABOVE NUMBERED POLICY.

SDEC 1 DR Ed. 11/85

PRODUCER'S COPY

Printed in U.

EXHIBIT ___S___
Page ___1___ of _47_

CNA 000289

Commercial General Liability
Coverage Part Declarations
**Daily Report**

Policy No. __BMA 9500648-5__

**Limits of Insurance**

| | |
|---|---|
| General Aggregate Limit (Other Than Products — Completed Operations) | $2,000,000 |
| Products — Completed Operations Aggregate Limit | $2,000,000 |
| Personal and Advertising Injury Limit | $1,000,000 |
| Each Occurrence Limit | $1,000,000 |
| Fire Damage Limit | $ 50,000 ___ Any One Fire |
| Medical Expense Limit | $ N/A ___ Any One Person |

**Retroactive Date (For Claims Made Coverage Only)**

Coverage A of this insurance does not apply to "bodily injury" or "property damage" which occurs before the Retroactive Date, if any, shown below:

Retroactive Date: _____ None _____

(Enter date or "None" if no Retroactive Date applies.)

**Form of Business and Location of all Premises**

[ ] Individual
[x] Organization (Other than Partnership or Joint Venture)          [ ] Joint Venture          [ ] Partnership

Location of All Premises You Own, Rent or Occupy:

On file with Company

**Premium**

| Classification | Code No. | Premium Basis* | Rate* Products./ Compl. Ops. | Rate* All Other | Advance Premium Products/ Compl. Ops. | Advance Premium All Other |
|---|---|---|---|---|---|---|
| Health Care Facility | 44436 44440 | 53,776 25,884 | incl. | incl. | $ incl. | $ incl. |
| Building | 61217 | 20,000 | incl. | incl. | incl. | incl. |

Total Advance Premium    $ 10,346

*Premium Basis — Rate. Indicate:

"(a)" for Area (per 1,000 sq. ft.)
"(p)" for Payroll (per $1,000 of payroll)
"(s)" for Gross Sales (per $1,000 of gross sales)
"(c)" for Total Cost
"(m)" for Admissions (per 1,000 admissions)
"(u)" for Units (each unit)

**Forms and Endorsements**

Forms and Endorsements applying to this Coverage Part and made part of this policy at time of issue:

G-DEC 20 DR Ed. 11/85

PRODUCER'S COPY

Printed in U.S.A.

Endorsement No. SILOO 17

# Common Policy Conditions

All Coverage Parts included in this policy are subject to the following conditions.

**A. Cancellation**

1. The first Named Insured shown in the Declarations may cancel this policy by mailing or delivering to us advance written notice of cancellation.

2. We may cancel this policy by mailing or delivering to the first Named Insured written notice of cancellation at least:

   a. 10 days before the effective date of cancellation if we cancel for nonpayment of premium; or

   b. 30 days before the effective date of cancellation if we cancel for any other reason.

3. We will mail or deliver our notice to the first Named Insured's last mailing address known to us.

4. Notice of cancellation will state the effective date of cancellation. The policy period will end on that date.

5. If this policy is cancelled, we will send the first Named Insured any premium refund due. If we cancel, the refund will be pro rata. If the first Named Insured cancels, the refund may be less than pro rata. The cancellation will be effective even if we have not made or offered a refund.

6. If notice is mailed, proof of mailing will be sufficient proof of notice.

**B. Changes**

This policy contains all the agreements between you and us concerning the insurance afforded. The first Named Insured shown in the Declarations is authorized to make changes in the terms of this policy with our consent. This policy's terms can be amended or waived only by endorsement issued by us and made a part of this policy.

**C. Examination Of Your Books And Records**

We may examine and audit your books and records as they relate to this policy at any time during the policy period and up to three years afterward.

**D. Inspections And Surveys**

We have the right but are not obligated to:

1. Make inspections and surveys at any time;

2. Give you reports on the conditions we find; and

3. Recommend changes.

Any inspections, surveys, reports or recommendations relate only to insurability and the premiums to be charged. We do not make safety inspections. We do not undertake to perform the duty of any person or organization to provide for the health or safety of workers or the public. And we do not warrant that conditions:

1. Are safe or healthful; or

2. Comply with laws, regulations, codes or standards.

This condition applies not only to us, but also to any rating, advisory, rate service or similar organization which makes insurance inspections, surveys, reports or recommendations.

**E. Premiums**

The first Named Insured shown in the Declarations:

1. Is responsible for the payment of all premiums; and

2. Will be the payee for any return premiums we pay.

**F. Transfer Of Your Rights And Duties Under This Policy**

Your rights and duties under this policy may not be transferred without our written consent except in the case of death of an individual named insured.

If you die, your rights and duties will be transferred to your legal representative but only while acting within the scope of duties as your legal representative. Until your legal representative is appointed, anyone having proper temporary custody of your property will have your rights and duties but only with respect to that property.

Your policy has been signed below on our behalf by our Chairman and by our Secretary. However, your policy will not be binding on us unless it is also countersigned by one of our duly authorized agents.

_Secretary_                                    _Chairman_

Ed. 11/85

Printed in U.S.A.

EXHIBIT ___5___

Page __3__ of _47_      CNA 000291

POLICY NUMBER: HMA    0648-5                                                )
                                                    COMMERCIAL GENERAL LIABILITY

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# DEDUCTIBLE LIABILITY INSURANCE

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART

## SCHEDULE

| Coverage | Amount and Basis of Deductible | |
|---|---|---|
| Bodily Injury Liability | $ | per claim |
| | $ | per occurrence |
| Property Damage Liability | $ | per claim |
| | $ | per occurrence |
| Bodily Injury Liability and Property Damage Liability Combined | $ | per claim |
| | $ 5,000.00 | per occurrence |

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

APPLICATION OF ENDORSEMENT (Enter below any limitations on the application of this endorsement. If no limitation is entered, the deductibles apply to damages for all "bodily injury" and "property damage", however caused):—

1. Our obligation under the Bodily Injury Liability and Property Damage Liability Coverages to pay damages on your behalf applies only to the amount of damages in excess of any deductible amounts stated in the Schedule above as applicable to such coverages, and the limits of insurance applicable to "each occurrence" for such coverages will be reduced by the amount of such deductible. "Aggregate" limits for such coverages shall not be reduced by the application of such deductible amount.

2. The deductible amounts stated in the Schedule apply as follows:

A. PER CLAIM BASIS – if the deductible is on a "per claim" basis, the deductible amount applies:

1. Under the Bodily Injury Liability or Property Damage Liability Coverage, respectively:

   a. To all damages because of "bodily injury" sustained by one person, or

   b. To all damages because of "property damage" sustained by one person or organization, as the result of any one "occurrence."

2. Under Bodily Injury Liability and Property Damage Liability Coverage combined to all damages because of "bodily injury" and "property damage" sustained by one person or organization as the result of any one "occurrence."

B. PER OCCURRENCE BASIS – if the deductible is on a "per occurrence" basis, the deductible amount applies:

1. Under the Bodily Injury Liability or Property Damage Liability Coverage, respectively:

   a. To all damages because of "bodily injury" as the result of any one "occurrence," or

   b. To all damages because of "property damage" as the result of any one "occurrence."

   regardless of the number of persons or organizations who sustain damages because of that "occurrence."

√CG 03 00 11 85          Copyright, Insurance Services Office, Inc., 1984          Page 1 of 2    □

EXHIBIT _____S_____

Page _4_ of _47_    CNA 000292

2. Under Bodily Injury Liability and Property Damage Liability Coverage combined to all damages because of "bodily injury" and "property damage" as the result of any one "occurrence" regardless of the number of persons or organizations who sustain damages because of that "occurrence."

3. The terms of this insurance, including those with respect to:

(a) Our right and duty to defend any "suits" seeking those damages; and

(b) Your duties in the event of an "occurrence," claim or suit

apply irrespective of the application of the deductible amount.

4. We may pay any part or all of the deductible amount to effect settlement of any claim or suit and, upon notification of the action taken, you shall promptly reimburse us for such part of the deductible amount as has been paid by us.

Copyright, Insurance Services Office, Inc. 1984.   CG 03 00 11 85   □ D.

EXHIBIT _S_

Page _5_ of _47_

CNA 000293

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# ALASKA CHANGES – CANCELLATION AND NONRENEWAL

This endorsement modifies insurance provided under the following:

BOILER AND MACHINERY COVERAGE PART
BUSINESSOWNERS POLICY
COMMERCIAL AUTO COVERAGE PART
COMMERCIAL CRIME COVERAGE PART*
COMMERCIAL GENERAL LIABILITY COVERAGE PART
COMMERCIAL INLAND MARINE COVERAGE PART
COMMERCIAL PROPERTY COVERAGE PART
FARM COVERAGE PART
LIQUOR LIABILITY COVERAGE PART
POLLUTION LIABILITY COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART

* This endorsement does not apply to coverage provided for employee dishonesty (Coverage Form A), forgery or alteration (Coverage Form B), or public employee dishonesty (Coverage Forms O and P).

A. The CANCELLATION Common Policy Condition is replaced by the following:

1. The first Named Insured shown in the Declarations may cancel this policy by mailing or delivering to us advance written notice of cancellation.

2. We may cancel this policy by mailing to you and the agent or broker of record written notice of cancellation. Such notice, stating the reason for cancellation, must be sent by first class mail at least:

   a. 10 days before the effective date of cancellation if we cancel for:

      (1) Conviction of the insured of a crime having as one of its necessary elements an act increasing a hazard insured against, or

      (2) Fraud or material misrepresentation by the insured or a representative of the insured in obtaining the insurance or by the insured in pursuing a claim under this policy; or

   b. 20 days before the effective date of cancellation if we cancel for:

      (1) Nonpayment of premium, or

      (2) Failure or refusal of the insured to provide the information necessary to confirm exposure or determine the policy premium; or

   c. 60 days before the effective date of cancellation if we cancel for any other reason.

3. We will mail our notice to your last known address and the last known address of the agent or broker of record.

4. Notice of cancellation will state the effective date of cancellation. The policy period will end on that date.

5. A post office certificate of mailing or certified mail receipt will be sufficient proof of mailing of notice.

6. If this policy is cancelled, we will return any premium refund due. If we cancel, we will return, as the refund, the pro rata unearned premium to the first Named Insured or, if applicable, to the premium finance company.

   If the first Named Insured cancels, the refund will be the pro rata unearned premium minus a cancellation fee of 7.5% of the pro rata unearned premium. However, we will not retain this cancellation fee if this policy is cancelled:

   a. And rewritten with us or in our company group; or

IL 02 80 04 89

Copyright, Insurance Services Office, Inc., 1989
Copyright, ISO Commercial Risk Services, Inc., 1989

Page 1 of 2

EXHIBIT___5___
Page__6__of_47___    CNA 000294

b. At our request; or

c. Because you no longer have a financial or insurable interest in the property or business operation that is the subject of this insurance; or

d. After the first year for a prepaid policy written for a term of more than one year.

The cancellation will be effective even if we have not made or offered a refund.

7. The premium for this policy:

   a. May be earned at a varying rate; or

   b. May be subject to a minimum; or

   c. May have a fluctuating base.

B. The following is added and supersedes any provision to the contrary:

NONRENEWAL

1. If we decide not to renew this policy, we will mail written notice of nonrenewal, by first class mail, to you and the agent or broker of record at least 45 days before:

   a. The expiration date; or

   b. The anniversary date if this policy has been written for more than one year or with no fixed expiration date.

2. We need not mail notice of nonrenewal if:

   a. We have manifested in good faith our willingness to renew; or

   b. The first Named Insured has failed to pay any premium required for this policy; or

   c. The first Named Insured fails to pay the premium required for renewal of this policy.

3. Any notice of nonrenewal will be mailed to your last known address and the last known address of the agent or broker of record. A post office certificate of mailing or certified mail receipt will be sufficient proof of mailing of notice.

C. The following Condition is added:

NOTICE OF PREMIUM OR COVERAGE CHANGES ON RENEWAL

If the premium to renew this policy increases more than 10% for a reason other than an increase in coverage or exposure basis, or if after the renewal there will be a material restriction or reduction in coverage not specifically requested by the insured, we will mail written notice to your last known address and the last known address of the agent or broker of record at least 45 days before:

   a. The expiration date; or

   b. The anniversary date if this policy has been written for more than one year or with no fixed expiration date.

Copyright, Insurance Services Office, Inc., 1989
Copyright, ISO Commercial Risk Services, Inc., 1989

IL 02 80 04 89        □

EXHIBIT ___5___
Page _7_ of _47_        CNA 000295

POLICY NUMBER:                                                    GU 278b
                                                                 (7-90)

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

IL 01 21 07 90

## ALASKA CHANGES—ATTORNEY'S FEES

This endorsement modifies insurance provided under the following:

BOILER AND MACHINERY COVERAGE PART
BUSINESSOWNERS POLICY
COMMERCIAL AUTOMOBILE COVERAGE PART
COMMERCIAL CRIME—SAFE DEPOSITORY LIABILITY COVERAGE FORM
COMMERCIAL CRIME—LIABILITY FOR GUESTS' PROPERTY PREMISES COVERAGE FORM
COMMERCIAL CRIME—LIABILITY FOR GUESTS' PROPERTY SAFE DEPOSIT BOX COVERAGE FORM
COMMERCIAL GENERAL LIABILITY COVERAGE PART
COMMERCIAL PROPERTY—LEGAL LIABILITY COVERAGE FORM
COMMERCIAL PROPERTY—MORTGAGE HOLDER'S ERRORS AND OMISSIONS COVERAGE FORM
FARM COVERAGE PART
LIQUOR LIABILITY COVERAGE PART
OWNERS AND CONTRACTORS PROTECTIVE LIABILITY COVERAGE PART
POLLUTION LIABILITY COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART
RAILROAD PROTECTIVE LIABILITY COVERAGE PART

### SCHEDULE

Attorney's Fees
for a Judgment of $                     Additional Premium $

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

In any "suit" we defend in Alaska, our obligation under SUPPLEMENTARY PAYMENTS to pay all costs taxed against the "insured" is amended by the following:

A.  We will pay that portion of the attorney's fees awarded as costs which does not exceed the amount allowed for a contested case in the Schedule of attorney's fees contained in Alaska Civil Rule 82 for a judgment equal to the applicable Limit of Insurance.

B.  However, if a premium and a judgment amount are shown in the Schedule, we will pay, instead of the attorney's fees provided in paragraph A. above, that portion of the attorney's fees awarded as costs which do not exceed the amount allowed for a contested case in Civil Rule 82 for the judgment amount shown in the Schedule.

Copyright, Insurance Services Office, Inc., 1986, 1990

Copyright, ISO Commercial Risk Services, Inc., 1986, 1990

# COMMERCIAL GENERAL LIABILITY COVERAGE FORM

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we," "us" and "our" refer to the company providing this insurance.

The word "insured" means any person or organization qualifying as such under WHO IS AN INSURED (SECTION II).

Other words and phrases that appear in quotation marks have special meaning. Refer to DEFINITIONS (SECTION V).

## SECTION I - COVERAGES

## COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY

### 1. Insuring Agreement.

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend any "suit" seeking those damages. We may at our discretion investigate any "occurrence" and settle any claim or "suit" that may result. But:

(1) The amount we will pay for damages is limited as described in LIMITS OF INSURANCE (SECTION III); and

(2) Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under SUPPLEMENTARY PAYMENTS - COVERAGES A AND B.

**b.** This insurance applies to "bodily injury" and "property damage" only if:

(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory;" and

(2) The "bodily injury" or "property damage" occurs during the policy period.

**c.** Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury."

### 2. Exclusions.

This insurance does not apply to:

**a.** "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

**b.** "Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

(1) Assumed in a contract or agreement that is an "insured contract," provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement; or

(2) That the insured would have in the absence of the contract or agreement.

**c.** "Bodily injury" or "property damage" for which any insured may be held liable by reason of:

(1) Causing or contributing to the intoxication of any person;

(2) The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or

(3) Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.

This exclusion applies only if you are in the business of manufacturing, distributing, selling, serving or furnishing alcoholic beverages.

*See CCL 21 - Employment Practices*
*CG 22 44*
*ILC 021*

*CCL 21 - Arbitration*
*(CEP)*

*LIAO 7251 - Retail Liability*
*JPE 7251 - Contractor Liability*
*LIAO 7271 - ERISA*

**COMMERCIAL GENERAL LIABILITY**
**COVERAGE FORM**

d. Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.

e. "Bodily injury" to:

(1) An employee of the insured arising out of and in the course of employment by the insured; or

(2) The spouse, child, parent, brother or sister of that employee as a consequence of (1) above.

This exclusion applies:

(1) Whether the insured may be liable as an employer or in any other capacity; and

(2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

This exclusion does not apply to liability assumed by the insured under an "insured contract."

f. (1) "Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of pollutants:

(a) At or from any premises, site or location which is or was at any time owned or occupied by, or rented or loaned to, any insured;

(b) At or from any premises, site or location which is or was at any time used by or for any insured or others for the handling, storage, disposal, processing or treatment of waste;

(c) Which are or were at any time transported, handled, stored, treated, disposed of, or processed as waste by or for any insured or any person or organization for whom you may be legally responsible; or

(d) At or from any premises, site or location on which any insured or any contractors or subcontractors working directly or indirectly on any insured's behalf are performing operations:

(i) if the pollutants are brought on or to the premises, site or location in connection with such operations by such insured, contractor or subcontractor; or

(ii) if the operations are to test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of pollutants.

Subparagraphs (a) and (d)(i) do not apply to "bodily injury" or "property damage" arising out of heat, smoke or fumes from a hostile fire.

As used in this exclusion, a hostile fire means one which becomes uncontrollable or breaks out from where it was intended to be.

(2) Any loss, cost or expense arising out of any:

(a) Request, demand or order that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of pollutants; or

(b) Claim or suit by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of pollutants.

Pollutants means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

g. "Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading."

Exh. S.C.G. 22,223

Copyright, Insurance Services Office, Inc., 1982, 1988        CG 00 01 11 88    □

EXHIBIT ___S___
Page __10__ of __47__

CNA 000298

COMMERCIAL GENERAL LIABILITY
COVERAGE FORM

This exclusion does not apply to:

(1) A watercraft while ashore on premises you own or rent;

(2) A watercraft you do not own that is:

    (a) Less than 26 feet long; and

    (b) Not being used to carry persons or property for a charge;

(3) Parking an "auto" on, or on the ways next to, premises you own or rent, provided the "auto" is not owned by or rented or loaned to you or the insured;

(4) Liability assumed under any "insured contract" for the ownership, maintenance or use of aircraft or watercraft; or

(5) "Bodily injury" or "property damage" arising out of the operation of any of the equipment listed in paragraph f.(2) or f.(3) of the definition of "mobile equipment" (Section V.8.).

h. "Bodily injury" or "property damage" arising out of:

(1) The transportation of "mobile equipment" by an "auto" owned or operated by or rented or loaned to any insured; or

(2) The use of "mobile equipment" in, or while in practice or preparation for, a prearranged racing, speed or demolition contest or in any stunting activity.

i. "Bodily injury" or "property damage" due to war, whether or not declared, or any act or condition incident to war. War includes civil war, insurrection, rebellion or revolution. This exclusion applies only to liability assumed under a contract or agreement.

j. "Property damage" to:

(1) Property you own, rent, or occupy;

(2) Premises you sell, give away or abandon, if the "property damage" arises out of any part of those premises;

(3) Property loaned to you;

(4) Personal property in the care, custody or control of the insured;

(5) That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

(6) That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

Paragraph (2) of this exclusion does not apply if the premises are "your work" and were never occupied, rented or held for rental by you.

Paragraphs (3), (4), (5) and (6) of this exclusion do not apply to liability assumed under a sidetrack agreement.

Paragraph (6) of this exclusion does not apply to "property damage" included in the "products-completed operations hazard."

k. "Property damage" to "your product" arising out of it or any part of it.

l. "Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard."

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

m. "Property damage" to "impaired property" or property that has not been physically injured, arising out of:

(1) A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work;" or

(2) A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

n. Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

CG 00 01 11 88    Copyright, Insurance Services Office, Inc., 1982, 1988      ☐

EXHIBIT ___S___
Page __11__ of __47__

CNA 000299

)

## COMMERCIAL GENERAL LIABILITY COVERAGE FORM

(1) "Your product;"

(2) "Your work;" or

(3) "Impaired property;"

If such product, work, or property is withdrawn or recalled from the market or from use by any person or organization, because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

Exclusions c. through n. do not apply to damage by fire to premises rented to you. A separate limit of insurance applies to this coverage as described in LIMITS OF INSURANCE (SECTION III).

### COVERAGE B. PERSONAL AND ADVERTISING INJURY LIABILITY

#### 1. Insuring Agreement.

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal injury" or "advertising injury" to which this coverage part applies. We will have the right and duty to defend any "suit" seeking those damages. We may at our discretion investigate any "occurrence" or offense and settle any claim or "suit" that may result. But:

(1) The amount we will pay for damages is limited as described in LIMITS OF INSURANCE (SECTION III); and

(2) Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverage A or B or medical expenses under Coverage C.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under SUPPLEMENTARY PAYMENTS - COVERAGES A AND B.

b. This insurance applies to:

(1) "Personal injury" caused by an offense arising out of your business, excluding advertising, publishing, broadcasting or telecasting done by or for you;

(2) "Advertising injury" caused by an offense committed in the course of advertising your goods, products or services;

but only if the offense was committed in the "coverage territory" during the policy period.

#### 2. Exclusions.

This insurance does not apply to:

a. "Personal injury" or "advertising injury:"

(1) Arising out of oral or written publication of material, if done by or at the direction of the insured with knowledge of its falsity;

(2) Arising out of oral or written publication of material whose first publication took place before the beginning of the policy period;

(3) Arising out of the willful violation of a penal statute or ordinance committed by or with the consent of the insured; or

(4) For which the insured has assumed liability in a contract or agreement. This exclusion does not apply to liability for damages that the insured would have in the absence of the contract or agreement.

b. "Advertising injury" arising out of:

(1) Breach of contract, other than misappropriation of advertising ideas under an implied contract;

See CLX21 - Employment Practices
CG 2244

CLX 21- Asbestos
LIAB 7251- Patient Liability
LIAB 7251- Punitive Damages
LIAB 7251- ERISA

Copyright, Insurance Services Office, Inc., 1982, 1988

CG 00 01 11 88    □

EXHIBIT _S_
Page _12_ of _47_

CNA 000300

)

(2) The failure of goods, products or services to conform with advertised quality or performance;

(3) The wrong description of the price of goods, products or services; or

(4) An offense committed by an insured whose business is advertising, broadcasting, publishing or telecasting.

## COVERAGE C. MEDICAL PAYMENTS

**1. Insuring Agreement.**

a. We will pay medical expenses as described below for "bodily injury" caused by an accident:

(1) On premises you own or rent;

(2) On ways next to premises you own or rent; or

(3) Because of your operations;

provided that:

(1) The accident takes place in the "coverage territory" and during the policy period;

(2) The expenses are incurred and reported to us within one year of the date of the accident; and

(3) The injured person submits to examination, at our expense, by physicians of our choice as often as we reasonably require.

b. We will make these payments regardless of fault. These payments will not exceed the applicable limit of insurance. We will pay reasonable expenses for:

(1) First aid at the time of an accident;

(2) Necessary medical, surgical, x-ray and dental services, including prosthetic devices; and

(3) Necessary ambulance, hospital, professional nursing and funeral services.

**2. Exclusions.**

We will not pay expenses for "bodily injury:"

a. To any insured.

b. To a person hired to do work for or on behalf of any insured or a tenant of any insured.

c. To a person injured on that part of premises you own or rent that the person normally occupies.

d. To a person, whether or not an employee of any insured, if benefits for the "bodily injury" are payable or must be provided under a workers' compensation or disability benefits law or a similar law.

e. To a person injured while taking part in athletics.

f. Included within the "products-completed operations hazard."

g. Excluded under Coverage A.

h. Due to war, whether or not declared, or any act or condition incident to war. War includes civil war, insurrection, rebellion or revolution.

## SUPPLEMENTARY PAYMENTS - COVERAGES A AND B

We will pay, with respect to any claim or "suit" we defend:

1. All expenses we incur.

2. Up to $250 for cost of bail bonds required because of accidents or traffic law violations arising out of the use of any vehicle to which the Bodily Injury Liability Coverage applies. We do not have to furnish these bonds.

3. The cost of bonds to release attachments, but only for bond amounts within the applicable limit of insurance. We do not have to furnish these bonds.

CG 00 01 11 88          Copyright, Insurance Services Office, Inc., 1982, 1988          Page 5 of 12   □

EXHIBIT ___S___
Page _13_ of _47_
CNA 000301

**COMMERCIAL GENERAL LIABILITY**
**COVERAGE FORM**

4. All reasonable expenses incurred by the insured at our request to assist us in the investigation or defense of the claim or "suit," including actual loss of earnings up to $100 a day because of time off from work.

5. All costs taxed against the insured in the "suit."

6. Prejudgment interest awarded against the insured on that part of the judgment we pay. If we make an offer to pay the applicable limit of insurance, we will not pay any prejudgment interest based on that period of time after the offer.

7. All interest on the full amount of any judgment that accrues after entry of the judgment and before we have paid, offered to pay, or deposited in court the part of the judgment that is within the applicable limit of insurance.

These payments will not reduce the limits of insurance.

## SECTION II - WHO IS AN INSURED

1. If you are designated in the Declarations as:

   a. An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.

   b. A partnership or joint venture, you are an insured. Your members, your partners, and their spouses are also insureds, but only with respect to the conduct of your business.

   c. An organization other than a partnership or joint venture, you are an insured. Your executive officers and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

2. Each of the following is also an insured:

   a. Your employees, other than your executive officers, but only for acts within the scope of their employment by you. However, no employee is an insured for:

      (1) "Bodily injury" or "personal injury" to you or to a co-employee while in the course of his or her employment, or the spouse, child, parent, brother or sister of that co-employee as a consequence of such "bodily injury" or "personal injury," or for any obligation to share damages with or repay someone else who must pay damages because of the injury; or

      (2) "Bodily injury" or "personal injury" arising out of his or her providing or failing to

provide professional health care services; or

      (3) "Property damage" to property owned or occupied by or rented or loaned to that employee, any of your other employees, or any of your partners or members (if you are a partnership or joint venture).

   b. Any person (other than your employee), or any organization while acting as your real estate manager.

   c. Any person or organization having proper temporary custody of your property if you die, but only:

      (1) With respect to liability arising out of the maintenance or use of that property; and

      (2) Until your legal representative has been appointed.

   d. Your legal representative if you die, but only with respect to duties as such. That representative will have all your rights and duties under this Coverage Part.

3. With respect to "mobile equipment" registered in your name under any motor vehicle registration law, any person is an insured while driving such equipment along a public highway with your permission. Any other person or organization responsible for the conduct of such person is also an insured, but only with respect to liability arising out of the operation of the equipment, and only if no other insurance of any kind is available to that person or organization for this liability. However, no person or organization is an insured with respect to:

   a. "Bodily injury" to a co-employee of the person driving the equipment; or

   b. "Property damage" to property owned by, rented to, in the charge of or occupied by you or the employer of any person who is an insured under this provision.

4. Any organization you newly acquire or form, other than a partnership or joint venture, and over which you maintain ownership or majority interest, will qualify as a Named Insured if there is no other similar insurance available to that organization. However:

   a. Coverage under this provision is afforded only until the 90th day after you acquire or form the organization or the end of the policy period, whichever is earlier;

Copyright, Insurance Services Office, Inc., 1982, 1988        CG 00 01 11 88        □

EXHIBIT S
Page 14 of 47

CNA 000302

b. Coverage A does not apply to "bodily injury" or "property damage" that occurred before you acquired or formed the organization; and

c. Coverage B does not apply to "personal injury" or "advertising injury" arising out of an offense committed before you acquired or formed the organization.

No person or organization is an insured with respect to the conduct of any current or past partnership or joint venture that is not shown as a Named Insured in the Declarations.

## SECTION III - LIMITS OF INSURANCE

1. The Limits of Insurance shown in the Declarations and the rules below fix the most we will pay regardless of the number of:

   a. Insureds;

   b. Claims made or "suits" brought; or

   c. Persons or organizations making claims or bringing "suits."

2. The General Aggregate Limit is the most we will pay for the sum of:

   a. Medical expenses under Coverage C;

   b. Damages under Coverage A, except damages because of "bodily injury" or "property damage" included in the "products-completed operations hazard;" and

   c. Damages under Coverage B.

3. The Products-Completed Operations Aggregate Limit is the most we will pay under Coverage A for damages because of "bodily injury" and "property damage" included in the "products-completed operations hazard."

4. Subject to 2. above, the Personal and Advertising Injury Limit is the most we will pay under Coverage B for the sum of all damages because of all "personal injury" and all "advertising injury" sustained by any one person or organization.

5. Subject to 2. or 3. above, whichever applies, the Each Occurrence Limit is the most we will pay for the sum of:

   a. Damages under Coverage A; and

   b. Medical expenses under Coverage C

   because of all "bodily injury" and "property damage" arising out of any one "occurrence."

6. Subject to 5. above, the Fire Damage Limit is the most we will pay under Coverage A for damages because of "property damage" to premises rented to you arising out of any one fire.

7. Subject to 5. above, the Medical Expense Limit is the most we will pay under Coverage C for all medical expenses because of "bodily injury" sustained by any one person.

The limits of this Coverage Part apply separately to each consecutive annual period and to any remaining period of less than 12 months, starting with the beginning of the policy period shown in the Declarations, unless the policy period is extended after issuance for an additional period of less than 12 months. In that case, the additional period will be deemed part of the last preceding period for purposes of determining the Limits of Insurance.

## SECTION IV - COMMERCIAL GENERAL LIABILITY CONDITIONS

1. Bankruptcy.

   Bankruptcy or insolvency of the insured or of the insured's estate will not relieve us of our obligations under this Coverage Part.

2. Duties In The Event Of Occurrence, Claim Or Suit.

   a. You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

      (1) How, when and where the "occurrence" or offense took place;

      (2) The names and addresses of any injured persons and witnesses; and

      (3) The nature and location of any injury or damage arising out of the "occurrence" or offense.

   b. If a claim is made or "suit" is brought against any insured, you must:

      (1) Immediately record the specifics of the claim or "suit" and the date received; and

      (2) Notify us as soon as practicable.

      You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

Copyright, Insurance Services Office, Inc., 1982, 1988

EXHIBIT ___S___
Page _15_ of _47_

CNA 000303

**COMMERCIAL GENERAL LIABILITY**
**COVERAGE FORM**

   c. You and any other involved insured must:

     (1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit;"

     (2) Authorize us to obtain records and other information;

     (3) Cooperate with us in the investigation, settlement or defense of the claim or "suit;" and

     (4) Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

   d. No insureds will, except at their own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

**3. Legal Action Against Us.**

No person or organization has a right under this Coverage Part:

   a. To join us as a party or otherwise bring us into a "suit" asking for damages from an insured; or

   b. To sue us on this Coverage Part unless all of its terms have been fully complied with.

A person or organization may sue us to recover on an agreed settlement or on a final judgment against an insured obtained after an actual trial; but we will not be liable for damages that are not payable under the terms of this Coverage Part or that are in excess of the applicable limit of insurance. An agreed settlement means a settlement and release of liability signed by us, the insured and the claimant or the claimant's legal representative.

**4. Other Insurance.**

If other valid and collectible insurance is available to the insured for a loss we cover under Coverages A or B of this Coverage Part, our obligations are limited as follows:

   a. Primary Insurance

     This insurance is primary except when b. below applies. If this insurance is primary, our obligations are not affected

unless any of the other insurance is also primary. Then, we will share with all that other insurance by the method described in c. below.

   b. Excess Insurance

     This insurance is excess over any of the other insurance, whether primary, excess, contingent or on any other basis:

     (1) That is Fire, Extended Coverage, Builder's Risk, Installation Risk or similar coverage for "your work;"

     (2) That is Fire insurance for premises rented to you; or

     (3) If the loss arises out of the maintenance or use of aircraft, "autos" or watercraft to the extent not subject to Exclusion g. of Coverage A (Section I).

     When this insurance is excess, we will have no duty under Coverage A or B to defend any claim or "suit" that any other insurer has a duty to defend. If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.

     When this insurance is excess over other insurance, we will pay only our share of the amount of the loss, if any, that exceeds the sum of:

     (1) The total amount that all such other insurance would pay for the loss in the absence of this insurance; and

     (2) The total of all deductible and self-insured amounts under all that other insurance.

     We will share the remaining loss, if any, with any other insurance that is not described in this Excess Insurance provision and was not bought specifically to apply in excess of the Limits of Insurance shown in the Declarations of this Coverage Part.

   c. Method of Sharing

     If all of the other insurance permits contribution by equal shares, we will follow this method also. Under this approach each insurer contributes equal amounts until it has paid its applicable limit of insurance or none of the loss remains, whichever comes first.

Copyright, Insurance Services Office, Inc., 1982, 1988

CG 00 01 11 88    ☐

EXHIBIT S
Page 16 of 47

CNA 000304

COMMERCIAL GENERAL LIABILITY
COVERAGE FORM

If any of the other insurance does not permit contribution by equal shares, we will contribute by limits. Under this method, each insurer's share is based on the ratio of its applicable limit of insurance to the total applicable limits of insurance of all insurers.

**5. Premium Audit.**

**a.** We will compute all premiums for this Coverage Part in accordance with our rules and rates.

**b.** Premium shown in this Coverage Part as advance premium is a deposit premium only. At the close of each audit period we will compute the earned premium for that period. Audit premiums are due and payable on notice to the first Named Insured. If the sum of the advance and audit premiums paid for the policy term is greater than the earned premium, we will return the excess to the first Named Insured.

**c.** The first Named Insured must keep records of the information we need for premium computation, and send us copies at such times as we may request.

**6. Representations.**

By accepting this policy, you agree:

**a.** The statements in the Declarations are accurate and complete;

**b.** Those statements are based upon representations you made to us; and

**c.** We have issued this policy in reliance upon your representations.

**7. Separation Of Insureds.**

Except with respect to the Limits of Insurance, and any rights or duties specifically assigned in this Coverage Part to the first Named Insured, this insurance applies:

**a.** As if each Named Insured were the only Named Insured; and

**b.** Separately to each insured against whom claim is made or "suit" is brought.

**8. Transfer Of Rights Of Recovery Against Others To Us.**

If the insured has rights to recover all or part of any payment we have made under this Coverage

Part, those rights are transferred to us. The insured must do nothing after loss to impair them. At our request, the insured will bring "suit" or transfer those rights to us and help us enforce them.

**9. When We Do Not Renew.**

If we decide not to renew this Coverage Part, we will mail or deliver to the first Named Insured shown in the Declarations written notice of the nonrenewal not less than 30 days before the expiration date.

If notice is mailed, proof of mailing will be sufficient proof of notice.

## SECTION V - DEFINITIONS

1. "Advertising injury" means injury arising out of one or more of the following offenses:

**a.** Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

**b.** Oral or written publication of material that violates a person's right of privacy;

**c.** Misappropriation of advertising ideas or style of doing business; or

**d.** Infringement of copyright, title or slogan.

2. "Auto" means a land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment. But "auto" does not include "mobile equipment."

3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

4. "Coverage territory" means:

**a.** The United States of America (including its territories and possessions), Puerto Rico and Canada;

**b.** International waters or airspace, provided the injury or damage does not occur in the course of travel or transportation to or from any place not included in a. above; or

**c.** All parts of the world if:

(1) The injury or damage arises out of:

(a) Goods or products made or sold by you in the territory described in a. above; or

EXHIBIT ___5___
Page _17_ of _47_          CNA 000305

**COMMERCIAL GENERAL LIABILITY**
**COVERAGE FORM**

(b) The activities of a person whose home is in the territory described in a. above, but is away for a short time on your business; and

(2) The insured's responsibility to pay damages is determined in a "suit" on the merits, in the territory described in a. above or in a settlement we agree to.

5. "Impaired property" means tangible property, other than "your product" or "your work," that cannot be used or is less useful because:

a. It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

b. You have failed to fulfill the terms of a contract or agreement;

if such property can be restored to use by:

a. The repair, replacement, adjustment or removal of "your product" or "your work;" or

b. Your fulfilling the terms of the contract or agreement.

6. "Insured contract" means:

a. A lease of premises;

b. A sidetrack agreement;

c. Any easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;

d. An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;

e. An elevator maintenance agreement;

f. That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

An "insured contract" does not include that part of any contract or agreement:

a. That indemnifies any person or organization for "bodily injury" or "property damage" arising out of construction or demolition operations, within 50 feet of any railroad property and affecting any railroad bridge or trestle, tracks, road-beds, tunnel, underpass or crossing;

b. That indemnifies an architect, engineer or surveyor for injury or damage arising out of:

(1) Preparing, approving or failing to prepare or approve maps, drawings, opinions, reports, surveys, change orders, designs or specifications; or

(2) Giving directions or instructions, or failing to give them, if that is the primary cause of the injury or damage;

c. Under which the insured, if an architect, engineer or surveyor, assumes liability for an injury or damage arising out of the insured's rendering or failure to render professional services, including those listed in b. above and supervisory, inspection or engineering services; or

d. That indemnifies any person or organization for damage by fire to premises rented or loaned to you.

7. "Loading or unloading" means the handling of property:

a. After it is moved from the place where it is accepted for movement into or onto an aircraft, watercraft or "auto;"

b. While it is in or on an aircraft, watercraft or "auto;" or

c. While it is being moved from an aircraft, watercraft or "auto" to the place where it is finally delivered;

but "loading or unloading" does not include the movement of property by means of a mechanical device, other than a hand truck, that is not attached to the aircraft, watercraft or "auto."

8. "Mobile equipment" means any of the following types of land vehicles, including any attached machinery or equipment:

Copyright, Insurance Services Office, Inc., 1982, 1988          CG 00 01 11 88     □

EXHIBIT ___S___
Page __18__ of __47__

CNA 000306

a. Bulldozers, farm machinery, forklifts and other vehicles designed for use principally off public roads;

b. Vehicles maintained for use solely on or next to premises you own or rent;

c. Vehicles that travel on crawler treads;

d. Vehicles, whether self-propelled or not, maintained primarily to provide mobility to permanently mounted:

(1) Power cranes, shovels, loaders, diggers or drills; or

(2) Road construction or resurfacing equipment such as graders, scrapers or rollers;

e. Vehicles not described in a., b., c. or d. above that are not self-propelled and are maintained primarily to provide mobility to permanently attached equipment of the following types:

(1) Air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting and well servicing equipment; or

(2) Cherry pickers and similar devices used to raise or lower workers;

f. Vehicles not described in a., b., c. or d. above maintained primarily for purposes other than the transportation of persons or cargo.

However, self-propelled vehicles with the following types of permanently attached equipment are not "mobile equipment" but will be considered "autos:"

(1) Equipment designed primarily for:

(a) Snow removal;

(b) Road maintenance, but not construction or resurfacing;

(c) Street cleaning;

(2) Cherry pickers and similar devices mounted on automobile or truck chassis and used to raise or lower workers; and

(3) Air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting and well servicing equipment.

9. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

10. "Personal injury" means injury, other than "bodily injury," arising out of one or more of the following offenses:

a. False arrest, detention or imprisonment;

b. Malicious prosecution;

c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies by or on behalf of its owner, landlord or lessor;

d. Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services; or

e. Oral or written publication of material that violates a person's right of privacy.

11. a. "Products-completed operations hazard" includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

(1) Products that are still in your physical possession; or

(2) Work that has not yet been completed or abandoned.

b. "Your work" will be deemed completed at the earliest of the following times:

(1) When all of the work called for in your contract has been completed.

(2) When all of the work to be done at the site has been completed if your contract calls for work at more than one site.

(3) When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

c. This hazard does not include "bodily injury" or "property damage" arising out of:

    Copyright, Insurance Services Office, Inc., 1982, 1988

EXHIBIT __S__
Page _19_ of _47_         CNA 000307

COMMERCIAL GENERAL LIABILITY
COVERAGE FORM

    (1) The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle created by the "loading or unloading" of it;

    (2) The existence of tools, uninstalled equipment or abandoned or unused materials;

    (3) Products or operations for which the classification in this Coverage Part or in our manual of rules includes products or completed operations.

12. "Property damage" means:

    a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    b. Loss of use of tangible property that is not physically injured. All such loss shall be deemed to occur at the time of the "occurrence" that caused it.

13. "Suit" means a civil proceeding in which damage because of "bodily injury," "property damage," "personal injury" or "advertising injury" to which this insurance applies are alleged. "Suit" includes:

    a. An arbitration proceeding in which such damages are claimed and to which you must submit or do submit with our consent; or

    b. Any other alternative dispute resolution proceeding in which such damages are claimed and to which you submit with our consent.

14. "Your product" means:

    a. Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

        (1) You;

        (2) Others trading under your name; or

        (3) A person or organization whose business or assets you have acquired; and

    b. Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

"Your product" includes:

    a. Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product;" and

    b. The providing of or failure to provide warnings or instructions.

"Your product" does not include vending machines or other property rented to or located for the use of others but not sold.

15. "Your work" means:

    a. Work or operations performed by you or on your behalf; and

    b. Materials, parts or equipment furnished in connection with such work or operations.

"Your work" includes:

    a. Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work;" and

    b. The providing of or failure to provide warnings or instructions.

Copyright, Insurance Services Office, Inc., 1982, 1988

CG 00 01 11 88    □

EXHIBIT __S__
Page _20_ of _47_

CNA 000308

CL 256
(11-85)

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

CG 20 21 11 85

## ADDITIONAL INSURED—VOLUNTEERS

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

WHO IS AN INSURED (Section II) is amended to include as an insured any person(s) who are volunteer worker(s) for you, but only while acting at the direction of, and within the scope of their duties for you. However, no volunteer(s) are insureds for:

1. "Bodily injury" to:

    a. Co-volunteers or your employees arising out of and in the course of their duties for you, or

    b. You or, if you are a partnership or joint venture, any partner or member;

2. "Property damage" to property owned, occupied or used by, rented to, in the care, custody, or control of, or over which physical control is being exercised for any purpose by:

    a. A co-volunteer or your employee; or

    b. You or, if you are a partnership or joint venture, any partner or member.

Copyright, Insurance Services Office, Inc., 1984



EXHIBIT ___S___    CNA 000309

Page __21__ of __47__

CL 332
(11-85)

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

### CG 24 03 11 85
### WAIVER OF CHARITABLE IMMUNITY

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART

We will waive, both in the adjustment of claims and in the defense of "suits" against the insured, any charitable immunity of the insured, unless the insured requests in writing that we not do so.

Waiver of immunity as a defense will not subject us to liability for any portion of a claim or judgment in excess of the applicable limit of insurance.

Copyright, Insurance Services Office, Inc., 1984



CL 260
(11-85)

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

CG 20 25 11 85

# ADDITIONAL INSURED—ELECTIVE OR APPOINTIVE
# EXECUTIVE OFFICERS OF PUBLIC CORPORATIONS

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

WHO IS AN INSURED (Section II) is amended to include as an insured any elective or appointive officer or a member of any board or commission or agency of yours while acting within the scope of their duties as such.



Copyright, Insurance Services Office, Inc., 1984

EXHIBIT _____ J_____

Page _23_ of _47_

CNA 000311

# Health Care Policy Endorsement

## Employment Practices Exclusion

The following exclusion applies to this policy and supersedes any provisions to the contrary.

This insurance does not apply to liability for damages arising out of any:

1. Refusal to employ;

2. Termination of employment;

3. Coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination or other employment-related practices, policies, acts or omissions; or

4. Consequential damages as a result of (1) through (3) above.

This exclusion applies whether the "insured" may be held liable as an employer or in any other capacity and to any obligation to share damages with or to repay someone else who must pay damages because of the injury.

This exclusion does not apply to liability for damages arising out of:

1. The "insured's" membership on a formal accreditation board, on a professional standards review organization or on any other similar professional board or committee;

2. The actions of any formal accreditation board of yours or any similar board or the actions of those charged with carrying out such board or committee directives.

*All Other Terms and Conditions Remain Unchanged*

CLX 21 100 Ed. 7/88

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# NUCLEAR ENERGY LIABILITY EXCLUSION ENDORSEMENT
### (Broad Form)

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS POLICY
COMMERCIAL AUTO COVERAGE PART
COMMERCIAL GENERAL LIABILITY COVERAGE PART
FARM COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART
LIQUOR LIABILITY COVERAGE PART
POLLUTION LIABILITY COVERAGE PART
OWNERS AND CONTRACTORS PROTECTIVE LIABILITY COVERAGE PART
RAILROAD PROTECTIVE LIABILITY COVERAGE PART
SPECIAL PROTECTIVE AND HIGHWAY LIABILITY POLICY NEW YORK DEPARTMENT OF TRANSPORTATION

1. The insurance does not apply:

A. Under any Liability Coverage, to "bodily injury" or "property damage:"

   (1) With respect to which an "insured" under the policy is also an insured under a nuclear energy liability policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters, Nuclear Insurance Association of Canada or any of their successors, or would be an insured under any such policy but for its termination upon exhaustion of its limit of liability; or

   (2) Resulting from the "hazardous properties" of "nuclear material" and with respect to which (a) any person or organization is required to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof, or (b) the "insured" is, or had this policy not been issued would be, entitled to indemnity from the United States of America, or any agency thereof, under any agreement entered into by the United States of America, or any agency thereof, with any person or organization.

B. Under any Medical Payments coverage, to expenses incurred with respect to "bodily injury" resulting from the "hazardous properties" of "nuclear material" and arising out of the operation of a "nuclear facility" by any person or organization.

C. Under any Liability Coverage, to "bodily injury" or "property damage" resulting from "hazardous properties" of "nuclear material," if:

   (1) The "nuclear material" (a) is at any "nuclear facility" owned by, or operated by or on behalf of, an "insured" or (b) has been discharged or dispersed therefrom;

   (2) The "nuclear material" is contained in "spent fuel" or "waste" at any time possessed, handled, used, processed, stored, transported or disposed of, by or on behalf of an "insured;" or

   (3) The "bodily injury" or "property damage" arises out of the furnishing by an "insured" of services, materials, parts or equipment in connection with the planning, construction, maintenance, operation or use of any "nuclear facility," but if such facility is located within the United States of America, its territories or possessions or Canada, this exclusion (3) applies only to "property damage" to such "nuclear facility" and any property thereat.

2. As used in this endorsement:

   "Hazardous properties" includes radioactive, toxic or explosive properties;

   "Nuclear material" means "source material," "Special nuclear material" or "by-product material;"

   "Source material," "special nuclear material," and "by-product material" have the meanings given them in the Atomic Energy Act of 1954 or in any law amendatory thereof;

   "Spent fuel" means any fuel element or fuel component, solid or liquid, which has been used or exposed to radiation in a "nuclear reactor;"

IL 00 21 11 85

Copyright, Insurance Services Office, Inc., 1983, 1984

EXHIBIT 5
Page 25 of 47

CNA 000313

THIS ENDORSEMENT CHA    S THE POLICY.
PLEASE READ IT CAREFULLY.

Endorsement No. SCG22 503
Policy No. HMA 9500648-5

# Pollution Liability Exclusion
# Intermediate Form With Hostile Fire Amendment

This endorsement modifies insurance provided by the following:

Commercial General Liability Coverage Part

This endorsement replaces exclusion f. under Section I — Coverage A of the Commercial General Liability Coverage Part.

This insurance does not apply to:

(1) "Bodily injury", "property damage" or injury or damage of any nature or kind to persons or property arising out of the actual, alleged or threatened emission, discharge, dispersal, seepage, release or escape of "pollutants";

(2) Any loss, cost or expense incurred as a result of any "clean-up" of "pollutants"; or

(3) The investigation, settlement or defense of any claim, "suit" or proceeding against the insured, including any payments, costs or expenses associated therewith, alleging such injury, damage, loss, cost or expense as described in (1) and (2) above.

However, this exclusion does not apply to:

1. The "products - completed operations hazard"; or

2. Any site or location not owned, rented, or occupied by you, on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing or have performed "your work";

Provided that:

(a) The emission, discharge, dispersal, seepage, release or escape of "pollutants":

    (i) Does not occur at or from any site or location used by or for you or others for the handling, storage, disposal, processing or treatment of "waste"; or

    (ii) Does not arise out of the transportation, handling, storage, treatment, disposal or processing of "waste", at any time, by or for you or any person or organization for whom you may be legally responsible.

(b) "Your work" does not or did not involve any "clean-up" of "pollutants".

(c) The "pollutants" were not brought on or to any site or location in connection with operations performed by you or any contractors or subcontractors working directly or indirectly on your behalf.

(d) Any loss, cost or expense incurred as a result of any "clean-up" of "pollutants" is not the result of a governmental directive or request, and would otherwise be covered by this insurance.

3. The emission, discharge, dispersal, seepage, release or escape of heat, smoke or fumes from a "hostile fire":

(a) At or from premises you own, rent or control; or

(b) At or from any site or location on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "pollutants" are brought on or to the site or location in connection with such operations;

Provided that any loss, cost or expense incurred as a result of any "clean-up" of "pollutants" is not the result of a governmental directive or request, and would otherwise be covered by this insurance.

As used in this Coverage Part:

"Pollutants" is amended to mean any noise, solid, semi-solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, mists, acids, alkalis, chemicals, biological and other etiologic agents or materials, electromagnetic or ionizing radiation and energy, genetically engineered materials, teratogenic, carcinogenic and mutagenic materials, "waste" and any other irritant or contaminant.

"Waste" is amended to include any materials to be disposed, recycled, reconditioned or reclaimed.

"Clean-up" includes the testing for, monitoring, removal, containment, treatment, detoxification or neutralization of "pollutants".

"Hostile fire" means a fire which becomes uncontrollable, or breaks out from where it was intended to be.

Copyright, The Continental Corporation, 1986.

Ed. 11/86

Printed in U.S.A.

CNA 000314

This endorsement forms a part of the ___ ed policy and applies, unless otherwise stated ___, as of the effective time and date of such policy.

Endorsement #1

| Issued By | Continental Insurance Company<br>180 Maiden Lane<br>New York, NY 10038 | | | Policy No.<br>HMA 9500648-5 |
|---|---|---|---|---|

| Producer's<br>Name and<br>Address | Rollins, Hudig, Hall of Alaska<br>1031 W. Fourth Ave., Suite 400<br>Anchorage, AK 99510 | Producer's Code<br>797-180-94 | Effective<br>September 30, 1993  at  12:01 A.M.<br>Hour and minute |
|---|---|---|---|

| Named<br>Insured<br>(Number and<br>Street, Town or<br>City, County<br>and State) | Bristol Bay Area Health Corp.<br>Mile 7 Kanakanak Road<br>Dillingham, AK 99576 | ON ACCOUNT OF THE FOLLOWING THE<br>ADDITIONAL PREMIUM IS $ N/A<br>RETURN PREMIUM IS $ N/A |
|---|---|---|

### PATIENT LIABILITY EXCLUSION
### EXCEPT SPECIFIC NAMED PERILS

In consideration of the premium charged, it is agreed that any liability for personal injury or property damage sustained by any patient or other person while seeking emergency professional medical services, being examined or being administered professional medical service shall not be covered under this policy except when such personal injury or property damage occur as a direct result of:



1.  Fire or Lightning
2.  Windstorm or Hail
3.  Explosion
4.  Smoke
5.  Sprinkler Leakage
6.  Elevator Malfunction
7.  Earthquake or Flood
8.  Structural Collapse of a building
9.  Non therapeutic sonic shock waves
10.  Elevator malfunction/escalator malfunction

All other terms and conditions remain unchanged.

This endorsement shall not be binding upon the company unless countersigned by a duly authorized representative of the company.

_Countersigned by_ _Jous D. Wilson_ _____

DWJBC407
LIAB 7251 EET
C-P

**CNA 000315**

EXHIBIT ___S___
Page __27__ of __47__

Printed in U.S.A.

POLICY NUMBER:                                    COMMERCIAL GENERAL LIABILITY

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# EXCLUSION–COVERAGE C–MEDICAL PAYMENTS

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

## SCHEDULE

**Description and Location of Premises or Classification:**

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

With respect to any locations or classification shown in the Schedule, coverage C. MEDICAL PAYMENTS (Section I) does not apply and none of the references to it in the Coverage Part apply. The following is added to SUPPLEMENTARY PAYMENTS (Section I):

    8. Expenses incurred by the insured for first aid to others at the time of an accident for "bodily injury" to which this insurance applies.

CG 21 35 01 87        Copyright, Insurance Services Office, Inc., 1986

EXHIBIT _____5_____
Page 28 of 47

CNA 000316

POLICY NUMBER: COMMERCIAL GENERAL LIABILITY

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# EXCLUSION—HEALTH OR COSMETIC SERVICES

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE PART.**

**SCHEDULE**

**Description of Operations:**

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

The following exclusion is added to COVERAGES A and B (Section I):

With respect to any operation shown in the Schedule, this insurance does not apply to "bodily injury," "property damage," "personal injury" or "advertising injury" arising out of:

1. The rendering or failure to render:

   a. Medical, surgical, dental, x-ray or nursing service or treatment, or the related furnishing of food or beverages;

   b. Any health service or treatment; or

   c. Any cosmetic or tonsorial service or treatment.

2. The furnishing or dispensing of drugs or medical, dental or surgical supplies or appliances; or

3. The handling or treatment of dead bodies, including autopsies, organ donation or other procedures.

CG 22 44 11 85 Copyright, Insurance Services Office, Inc., 1984

CNA 000317

EXHIBIT _S_
Page _29_ of _47_

This endorsement forms a part of the dr     ed policy and applies, unless otherwise stated he     as of the effective time and date of such policy.

Endorsement #2

| Issued By | Continental Insurance Company<br>180 Maiden Lane<br>New York, NY 10038 | | Policy No.<br>HMA 9500648-5 |
|---|---|---|---|

| Producer's<br>Name and<br>Address | Rollins, Hudig, Hall of Alaska<br>1031 W. Fourth Ave., Suite 400<br>Anchorage, AK 99510 | Producer's Code<br>797-180-94 | Effective<br>September 30, 1993    at    12:01 A.M.<br>Hour and minute |
|---|---|---|---|

| Named<br>Insured<br>(Number and<br>Street, Town or<br>City, County<br>and State) | Bristol Bay Area Health Corp.<br>Mile 7 Kanakanak Road<br>Dillingham, AK 99576 | ON ACCOUNT OF THE FOLLOWING THE<br>ADDITIONAL PREMIUM IS $ N/A<br>RETURN PREMIUM IS $ N/A |
|---|---|---|

## PUNITIVE OR EXEMPLARY DAMAGES EXCLUSION

It is agreed the coverage afforded by this policy shall not apply to punitive or exemplary damages, fines or penalties, except that if a suit shall have been brought against the "Insured" for a claim falling within coverage hereof, seeking both compensatory and punitive or exemplary damages, fines or penalties, then the damages, fines or penalties.

All other terms and conditions remain unchanged.

This endorsement shall not be binding upon the company unless countersigned by a duly authorized representative of the company.

Countersigned by _Joan D. Wilson_

DWBE2407
LIAB TXI SET
C-P

CNA 000318

EXHIBIT ___5___
Page _30_ of _47_

Printed in U.S.A.

This endorsement forms a part of the [ ___ed] policy and applies, unless otherwise stated h [ ___ ] as of the effective time and date of such policy.

Endorsement #3

| Issued By | Continental Insurance Company<br>180 Maiden Lane<br>New York, NY 10038 | | Policy No.<br>HMA 9500648-5 |
|---|---|---|---|
| Producer's Name and Address | Rollins, Hudig, Hall of Alaska<br>1031 W. Fourth Ave., Suite 400<br>Anchorage, AK 99510 | Producer's Code<br>797-180-94 | Effective<br>September 30, 1993 at 12:01 A.M.<br>Hour and minute |
| Named Insured (Number and Street, Town or City, County and State) | Bristol Bay Area Health Corp.<br>Mile 7 Kanakanak Road<br>Dillingham, AK 99576 | | ON ACCOUNT OF THE FOLLOWING THE<br>ADDITIONAL PREMIUM IS $ N/A<br>RETURN PREMIUM IS $ N/A |

## ERISA EXCLUSION

It is hereby understood and agreed that this policy does not apply to any liability arising out of the violation(s) of any provision(s) of the Employee retirement Income Security act of 1974", "public Law 93-406" (commonly referred to as the "Pension Reform Act of 1974"), or any amendments thereto.

This endorsement shall not be binding upon the company unless countersigned by a duly authorized representative of the company.

Countersigned by _____

DVR230407
LIAB TEH SET
C-P

CNA 000319

EXHIBIT S
Page 31 of 47

Printed in U.S.A.

# Health Care Policy Endorsement

## Asbestos Exclusion

This policy does not apply to injury or damage which arises in whole or in part, either directly or indirectly, out of asbestos, whether or not the asbestos is airborne as a fiber or particle, contained in a product, carried on clothing, or transmitted in any fashion whatsoever, or is contained in or forms a part of any whole or component part of any building, building material or insulation product.

The company shall have no obligation to investigate, settle or defend any claim, suit or proceeding against the "insured" alleging actual or threatened injury or damage which arises out of or would not have occurred but for asbestos, as described in the preceding paragraph.

CNA 000320

*All Other Terms and Conditions Remain Unchanged*

CLX 21 98 Ed. 5/88

This endorsement forms a part of the d... ...ed policy and applies, unless otherwise stated b... ..., as of the effective time and date of such policy.

Endorsement #4

| Issued By | Continental Insurance Company<br>180 Maiden Lane<br>New York, NY 10038 | | Policy No.<br>HMA 9500648-5 |
|---|---|---|---|

| Producer's Name and Address | Rollins, Hodig, Hall of Alaska<br>1031 W. Fourth Ave., Suite 400<br>Anchorage, AK 99510 | Producer's Code<br>797-180-94 | Effective<br>September 30, 1993 at 12:01A.M.<br>Hour and minute |
|---|---|---|---|

| Named Insured (Number and Street, Town or City, County and State) | Bristol Bay Area Health Corp.<br>Mile 7 Kanakanak Road<br>Dillingham, AK 99576 | ON ACCOUNT OF THE FOLLOWING THE ADDITIONAL PREMIUM IS $ N/A<br>RETURN PREMIUM IS $ N/A |
|---|---|---|

## EMPLOYEE BENEFITS LIABILITY

It is understood and agreed that this Employee Benefits Liability is added to your policy per coverage part SAC 00507.

The Limits of Insurance are:

$1,000,000 each claim/$1,000,000 aggregate; $5,000 deductible;
Retroactive Date - March 16, 1989.

This endorsement shall not be binding upon the company unless countersigned by a duly authorized representative of the company.

Countersigned by _____

DWBD497
LIAB T2N EBT
C-P

EXHIBIT 5
Page 33 of 42

CNA 000321

Printed in U

QUICK REFERENCE
READ YOUR POLICY CAREFULLY

Form No. SACOO 507

# Employee Benefits Liability Coverage Part

## DECLARATIONS PAGES

Named Insured and Mailing Address
Policy Period
Description of Business and Location
Limits of Insurance

|  | Beginning on Page |
|---|---|
| SECTION I — EMPLOYEE BENEFITS LIABILITY COVERAGE | 1 |
| Insuring Agreement | 1 |
| Exclusions | 1 |
| Supplementary Payments | 2 |
| SECTION II — WHO IS AN INSURED | 2 |
| SECTION III — LIMITS OF INSURANCE | 2 |
| SECTION IV — EMPLOYEE BENEFITS LIABILITY CONDITIONS | 3 |
| Bankruptcy | 3 |
| Duties In The Event of Incident, Benefit Error, Claim or Suit | 3 |
| Legal Action Against Us | 3 |
| Other Insurance | 3 |
| Premium Audit | 4 |
| Representations | 4 |
| Separation of Insureds | 4 |
| Transfer of Rights of Recovery Against Others To Us | 4 |
| Your Consent to Claim Settlement | 4 |
| SECTION V — EXTENDED REPORTING PERIOD | 5 |
| SECTION VI — DEFINITIONS | 5 |

## COMMON POLICY CONDITIONS

Cancellation
Changes
Examination of Your Books and Records
Inspections and Surveys
Premiums
Transfer of Your Rights and Duties under this Policy

## ENDORSEMENTS (If Any)

Ed. 11/85

Printed in U.S.A.

EXHIBIT  S
Page 34 of 47

CNA 000322

THIS COVERAGE PART PRO╮╮ES CLAIMS MADE COVERAGE.                                    )

PLEASE READ THE ENTIRE F╮╮M CAREFULLY.

# Employee Benefits Liability Coverage Form

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations. The words "we", "us" and "our" refer to the Company providing this insurance.

The word "insured" means any person or organization qualifying as such under SECTION II — WHO IS AN INSURED.

Other words and phrases that appear in quotation marks have special meaning. Refer to SECTION VI — DEFINITIONS.

## SECTION I — EMPLOYEE BENEFITS LIABILITY COVERAGE

1.  **Insuring Agreement.**

    a.  We will pay those sums that the insured becomes legally obligated to pay to any employee or former employee, or their heirs, beneficiaries or legal representatives, as damages because of a "benefit error" to which this insurance applies. No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under SUPPLEMENTARY PAYMENTS.

    This insurance does not apply to any "benefit error" which occurred before the Retroactive Date, if any, shown in the Declarations or which occurs after the policy period. The "benefit error" must take place in the "coverage territory".

    We will have the right and duty to defend any "suit" seeking those damages. But:

    (1) The amount we will pay for damages is limited as described in SECTION III — LIMITS OF INSURANCE;

    (2) We may, at our discretion, investigate any "benefit error" and settle any claim or "suit" that may result; and

    (3) Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements.

    b.  This insurance applies to a "benefit error" only if a claim for damages is first made in writing against any insured during the policy period.

    (1) A claim by a person or organization seeking damages will be deemed to have been made when written notice of such claim is received by any insured or by us, whichever comes first.

    (2) All claims for damages resulting from the same "benefit error" will be deemed to have been made at the time the first of those claims is made against any insured. However, if written notice of an incident or "benefit error" is given to us before any resulting claim is first made in writing against any insured, each such claim shall be deemed to be first made at the time you first gave us written notice of the incident or "benefit error".

2.  **Exclusions.**

    This insurance does not apply to:

    a.  Any claim alleging discrimination or humiliation;

    b.  Any claim that a written (libel) or spoken (slander) statement harmed a person's reputation;

    c.  Any claim against an insured if there is a final legal determination that the insured knowingly did something dishonest or intentionally or recklessly violated any law. This exclusion does not apply to any other insured where there is no legal finding that the other insured:

    (1) Actively joined in doing the dishonest act; or

    (2) Intentionally or recklessly violated any law;

    d.  Bodily injury to, or sickness, disease or death of any person, including damages for care and loss of services; injury to, or destruction or loss of use of, any tangible property;

    e.  Any claim for failure of performance of contract by any insurer;

    f.  Any claim based upon the insured's failure to comply with any workers compensation,

1

unemployment compensa     social security or disability benefits law o     y similar law;

**g.** Any claim based upon:

   **(1)** Failure of any investment program, individual securities or savings program to perform as held forth by an insured;

   **(2)** Advice given by an insured in connection with participation or non-participation in stock subscription plans or savings programs;

**h.** Any claim arising out of the failure of the insured or any insurer, fiduciary, trustee or fiscal agent to perform any of their duties or obligations or to fulfill any of their guarantees with respect to:

   **(1)** The payment of benefits under "employee benefit programs"; or

   **(2)** The providing, handling or investment of funds;

**i.** Any claim based on the liability of others which is assumed by the insured under a contract or agreement;

**j.** Any claim resulting from personal profit or advantage gained by the insured without the legal right to the gain;

**k.** Any claim for the return of compensation paid to the insured if a court determines that the payment was illegal;

**l.** The liability of any insured for taxes, fines or penalties imposed by law;

**m.** Any claim for benefits that are lawfully paid or payable from the funds of an "employee benefit program";

**n.** Any claim that results from not having adequate insurance or bonds to protect the assets of an "employee benefit program".

## SUPPLEMENTARY PAYMENTS

We will pay, with respect to any claim or "suit" we defend:

1. All expenses we incur.

2. The cost of bonds to release attachments, but only for bond amounts within the applicable limit of insurance. We do not have to furnish these bonds.

3. All reasonable expenses incurred by the insured at our request to assist us in the investigation or defense of the claim or "suit", including actual loss of earnings up to $100 a day because of time off from work.

4. All costs taxed ;     )t the insured in the "suit".

5. Pre-judgment interest awarded against the insured on that part of the judgment we pay. If we make an offer to pay the applicable limit of insurance, we will not pay any pre-judgment interest based on that period of time after the offer.

6. All interest on the full amount of any judgment that accrues after entry of the judgment and before we have paid, offered to pay, or deposited in court the part of the judgment that is within the applicable limit of insurance.

These payments will not reduce the Limits of Insurance and are exclusive of any deductible amount.

## SECTION II — WHO IS AN INSURED

1. If you are designated in the Declarations as:

  **a.** An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.

  **b.** A partnership or joint venture, you are an insured. Your members, your partners, and their spouses are also insureds, but only with respect to the conduct of your business.

  **c.** An organization other than a partnership or joint venture, you are an insured. Your executive officers and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

2. Employees authorized to act in the "administration" of your "employee benefit programs" are also insureds, but only while acting within the scope of such duties.

3. Persons or organizations included under 1. and 2. of this Section are insureds only with respect to claims arising out of a "benefit error".

4. No person or organization is an insured with respect to the conduct of any current or past partnership or joint venture that is not shown as a Named Insured in the Declarations.

## SECTION III — LIMITS OF INSURANCE

1. The Limits of Insurance shown in the Declarations and the rules below fix the most we will pay regardless of the number of:

  **a.** Insureds; or

  **b.** Claims made or "suits" brought; or

  **c.** Persons or organizations making claims or bringing "suits".

2. The limit of insurance shown in the Declarations as applicable to Each Claim is the most we will pay for all damages incurred as the result of any one claim;

2

3. Each claim will be subject to Deductible amount, if any, shown in the Declarations. We will pay only the difference between the Deductible amount and the amount shown for Each Claim.

4. The Aggregate limit shown in the Declarations is, subject to the foregoing provisions regarding Each Claim, the total limit of our liability hereunder for all damages.

5. Your payment of any Deductible amount will not reduce our aggregate limit of liability.

6. We may pay any part of your Deductible to settle any claim or "suit". If we do, we will notify you, and you will promptly reimburse us for whatever portion of your Deductible we have paid.

The limits of this Coverage Part apply separately to each consecutive annual period; and to any remaining period of less than 12 months, starting with the beginning of the policy period shown in the Declarations; unless the policy period is extended after issuance for an additional period of less than 12 months. In that case, the additional period will be deemed part of the last preceding period for purposes of determining the Limits of Insurance.

## SECTION IV — EMPLOYEE BENEFITS LIABILITY CONDITIONS

1. **Bankruptcy.**

   Bankruptcy or insolvency of the insured or of the insured's estate will not relieve us of our obligations under this Coverage Part.

2. **Duties In The Event Of Incident, Benefit Error, Claim Or Suit.**

   a. You must see to it that we are given written notice as soon as practicable of an incident or "benefit error" which may result in a claim. Notice should include:

      (1) How, when and where the incident or "benefit error" took place;

      (2) The names and addresses of any witnesses or persons who may provide us with additional information; and

      (3) The nature and location of any injury or damage arising out of the incident or "benefit error".

   b. If a claim is made or "suit" is brought against any insured, you must see to it that we receive written notice of the claim or "suit" as soon as practicable.

   c. You and any other involved insured must:

      (1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or a "suit";

      (2) Authorize us to obtain records and other information;

      (3) Cooperate with us in the investigation, settlement or defense of the claim or "suit"; and

      (4) Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of a "benefit error" to which this insurance may also apply.

   d. No insureds will, except at their own cost, voluntarily make a payment, assume any obligation, or incur any expense without our consent.

3. **Legal Action Against Us.**

   No person or organization has a right under this Coverage Part:

   a. To join us as a party or otherwise bring us into a "suit" asking for damages from an insured; or

   b. To sue us on this Coverage Part unless all of its terms have been fully complied with.

   A person or organization may sue us to recover on an "agreed settlement" or on a final judgment against an insured obtained after an actual trial; but we will not be liable for damages that are not payable under the terms of this Coverage Part or that are in excess of the applicable limit of insurance.

4. **Other Insurance.**

   If other valid and collectible insurance is available to the insured for a loss we cover under this Coverage Part, our obligations are limited as follows:

   a. Primary Insurance.

      This insurance is primary except when b. below applies. If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary. Then, we will share with all that other insurance by the method described in c. below.

   b. Excess Insurance.

      This insurance is excess over any of the other insurance, whether primary, excess, contingent or on any other basis that is effective prior to the beginning of the policy period shown in the Declarations of this insurance; and applies to a "benefit error" on other than a claims-made basis, if:

      (1) No Retroactive Date is shown in the Declarations of this insurance; or

3

EXHIBIT 5

Page 37 of 17

CNA 000325

(2) The other insurance is a "claims-made" policy which continues after the retroactive Date shown in the Declarations of this insurance.

When this insurance is excess, we will have no duty to defend any claim or "suit" that any other insurer has a duty to defend. If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.

When this insurance is excess over other insurance, we will pay only our share of the amount of the loss, if any, that exceeds the sum of:

(1) The total amount that all such other insurance would pay for the loss in the absence of this insurance; and

(2) The total of all deductible and self-insured amounts under all that other insurance.

We will share the remaining loss, if any, with any other insurance that is not described in this Excess Insurance provision and was not bought specifically to apply in excess of the Limits of Insurance shown in the Declarations of this Coverage Part.

c. Method of Sharing

If all of the other insurance permits contribution by equal shares, we will follow this method also. Under this approach each insurer contributes equal amounts until it has paid its applicable limit of insurance or none of the loss remains, whichever comes first.

If any of the other insurance does not permit contribution by equal shares, we will contribute by limits. Under this method, each insurer's share is based on the ratio of its applicable limit of insurance to the total applicable limits of insurance of all insurers.

5. Premium Audit.

a. We will compute all premiums for this Coverage Part in accordance with our rules and rates.

b. Premium shown in this Coverage Part as advance premium is a deposit premium only. At the close of each audit period we will compute the earned premium for that period. Audit premiums are due and payable on notice to the first Named Insured. If the sum of the advance and audit premiums paid for the policy term is greater than the earned premium, we will return the excess to the first Named Insured.

The first Named Insured must keep records of the information we need for premium computation, and send us copies at such times as we may request.

6. Representations.

By accepting this policy, you agree:

a. The statements in the Declarations are accurate and complete;

b. Those statements are based upon representations made to us;

c. We have issued this policy in reliance upon your representations; and

d. There are now no claims, demands, or legal proceedings pending against you as the result of any "benefit error" of the type insured hereunder, and that you have no knowledge of any incident which might result in a future claim of such type.

7. Separation Of Insureds.

Except with respect to the Limits of Insurance, and any rights or duties specifically assigned to the first Named Insured, this insurance applies:

a. As if each Named Insured were the only Named Insured; and

b. Separately to each insured against whom claim is made or "suit" is brought.

8. Transfer of Rights of Recovery Against Others To Us.

If the insured has rights to recover all or part of any payment we have made under this Coverage Part, those rights are transferred to us. The insured must do nothing after loss to impair them. At our request, the insured will bring "suit" or transfer those rights to us and help us enforce them.

9. Your Consent To Claim Settlement.

a. We will not settle any claim without the written consent of the first Named Insured.

b. The following applies if the first Named Insured refuses to consent to any settlement that we recommend; and elects to contest the claim or continue any legal proceedings in connection with such claim:

(1) Our liability for the claim will not be more than the amount for which the claim could have been so settled, subject to the Limits of Insurance of this Coverage Part; plus

(2) The costs and expenses incurred with our consent up to the date of such refusal.

4

EXHIBIT 5
Page 38 of 47
CNA 000326

## SECTION V — EXTENDED REPORTING PERIOD

1. This section applies only.

   a. This Coverage Part is cancelled or not renewed for any reason except non-payment of the premium; or

   b. We renew or replace this Coverage Part with other insurance that:

      (1) Provides claims-made coverage for a "benefit error"; and

      (2) Has a Retroactive Date later than the one shown in this Coverage Part's Declarations; or

   c. We replace this Coverage Part with other insurance that applies to a "benefit error" on other than a claims-made basis.

2. When this section applies, the following is added to Part 1 of SECTION I — COVERAGE:

   c. A claim first made within twelve (12) months after the policy period ends will be deemed to have been made on the last day of the policy period; provided that the claim is for damages because of a "benefit error" that occurred before the end of the policy period of this policy (but not before any applicable Retroactive Date).

   The policy period ends on the date shown in the Declarations or on the effective date of any cancellation of this Coverage Part, whichever is earlier. The Extended Reporting Period will not reinstate or increase the Limits of Insurance or extend the policy period.

3. The Extended Reporting Period will also amend paragraph 4.b. of Section IV — EMPLOYEE BENEFITS LIABILITY CONDITION (Other Insurance) so that the insurance provided will be excess over any other valid and collectible insurance available to the insured, whether primary, excess, contingent, or on any other basis; whose policy period begins or continues after the Extended Reporting Period takes effect.

## SECTION VI — DEFINITIONS

1. "Administration" means the following activities, if authorized by you:

   a. Counseling employees with respect to "employee benefit programs";

   b. Interpretations relative to "employee benefit programs";

   c. Record-keeping in connection with "employee benefit programs";

   d. Enrollment, termination or cancellation of employees under "employee benefit programs".

2. "Agreed settlement" means a settlement and release of liability signed by us, by you and the claimant or the claimant's legal representative.

3. "Benefit error" means any act of negligence, error, mistake or omission of an insured, or others for whom the insured is legally responsible, in the "administration" of your "employee benefit programs".

4. "Coverage territory" means the United States of America (including its territories and possessions), Puerto Rico and Canada.

5. "Employee benefit programs" mean group life insurance, group accident or health insurance, profit sharing plans, pension plans, employee stock subscription plans, travel savings or vacation plans; and, except as respects the insurance benefits provided thereunder to employees, shall also include workers compensation insurance, unemployment compensation insurance, social security and disability benefits insurance.

6. "Suit" means a civil proceeding in which damages because of a "benefit error" to which this insurance applies are alleged. "Suit" includes an arbitration proceeding alleging such damages to which you must submit or submit with our consent.

5

EXHIBIT ⎯S⎯
Page 39 of 47    CNA 000327

POLICY NUMBER: 93 CB    114933-94                                    ᴄMMERCIAL GENERAL LIABILITY

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

## EXCLUSION - ALL HAZARDS IN CONNECTION WITH
## DESIGNATED PREMISES



This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART.

### SCHEDULE

**Description and Location of Premises:**

ALCOHOL TRANSITION CENTER

MILE 7 KANAKANAK, DILLINGHAM, AK.
HEALTH CARE FACILITY - HOSPTIAL
HEALTH CARE FACILITY - CLINICS &

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

This insurance does not apply to "bodily injury," "property damage," "personal injury," or "advertising injury" arising out of:

1. The ownership, maintenance or use of the premises shown in the Schedule or any property located on these premises;

2. Operations on those premises shown in the Schedule or any property located on these premises; or

3. Goods or products manufactured at or distributed from those premises.

CG 21 00 11 85                    Copyright, Insurance Services Office, Inc., 1984

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## Pollution Exclusion Endorsement With Hostile Fire Amendment

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**
**OWNERS AND CONTRACTORS PROTECTIVE LIABILITY COVERAGE PART**

This endorsement replaces exclusion f. under COVERAGE A (Section I) of the Commercial General Liability Coverage Part. This endorsement also replaces exclusion j. under COVERAGES (Section I) of the Owners And Contractors Liability Coverage Part.

This insurance does not apply to:

(1) "Bodily injury" or "property damage" arising out of the actual, alleged or threatened emission, discharge, dispersal, seepage, migration, release or escape of "pollutants":

   (a) At or from any premises, site or location which is or was at any time owned or occupied by, or rented or loaned to, any insured;

   (b) At or from any premises, site or location which or was at any time used by or for any insured or others for the handling, storage, disposal, processing or treatment of "waste";

   (c) Which are or were at any time transported, handled, stored, treated, disposed of or processed as "waste" by or for any insured or any person or organization for whom you may be legally responsible; or

   (d) At or from any premises, site or location on which any insured or any contractors or subcontractors working directly or indirectly on any insured's behalf are performing operations:

      (i) If the "pollutants" are brought on or to the premises, site or location in connection with such operations by such insured, contractor or subcontractor; or

      (ii) If the operations are to test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants".

Subparagraphs (a) and (d)(i) do not apply to "bodily injury" or "property damage" arising out of heat, smoke or fumes from a "hostile fire".

(2) Any loss, cost, expense or damages arising out of any:

   (a) request, demand or order that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants"; or

   (b) claim or suit relating to testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing or in any way responding to or assessing the effects of "pollutants".

As used in this insurance:

"Pollutants" mean any noise, solid, semi-solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, mists, acids, alkalis, chemicals, biological and etiologic agents or materials, electromagnetic or ionizing radiation and energy, genetically engineered materials, teratogenic, carcinogenic and mutagenic materials, "waste" and any irritant or contaminant.

"Waste" includes any materials to be disposed, recycled, reconditioned or reclaimed.

"Hostile fire" means a fire which becomes uncontrollable or breaks out from where it was intended to be.

Copyright, The Continental Corporation, 1989 includes Copyright material of the Insurance Services Office used with its permission.

SCG 22 503A 06 89

EXHIBIT 5
Page 41 of 47

CNA 000329

**Broad Form Endorsement - CGL Plus**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**A. Medical Payments**

If Medical Payments Coverage (Coverage C.) is not otherwise excluded from this Coverage Part:

1. The Medical Expense Limit is changed, subject to all the terms of Limits Of Insurance (Section III), to the greater of:

   a. $15,000; or

   b. The Medical Expense Limit shown in the Declarations of this Coverage Part.

2. The requirement, in the Insuring Agreement of Coverage C., that expenses must be incurred and reported to us within "one year" of the accident date is changed to "three years".

**B. Supplementary Payments**

In the Supplementary Payments - Coverages A and B provision:

1. The limit for the cost of bail bonds is changed from $250 to $2,500; and

2. The limit for loss of earnings is changed from $100 a day to $300 a day.

**C. Fire, Lightning, Explosion, Smoke And Leaks From Sprinklers**

If damage by fire to premises rented to you is not otherwise excluded from this Coverage Part, the word "fire" is changed to "fire, lightning, explosion, smoke, or leakage from automatic fire protective systems" where it appears in:

1. The Limits Of Insurance section of the Declarations as the Fire Damage Limit. That limit:

   a. Is changed, subject to all the terms of Limits Of Insurance (Section III), to the greater of:

      (1) $100,000, or

      (2) The amount shown in the Declarations as the Fire Damage Limit.

   b. Subject to a. above, is the most we will pay for all damage proximately caused by the same event, whether such damage results from fire, lightning, explosion, smoke, or leaks from automatic fire protective systems, or any combination thereof.

2. The last paragraph of Coverage A. (Section I) after the Exclusions;

3. Paragraph 6. of Limits Of Insurance (Section III), and the word "event" is added as the last word of that paragraph 6.;

4. Paragraph b.(2) of the Other Insurance Condition (Section IV); and

5. Paragraph d. of the definition of "insured contract."

**D. Non-Owned Watercraft**

Paragraph g.(2) of Exclusions (Coverage A., Section I) is changed to read:

(2) A watercraft you do not own that is:

   (a) Less than 51 feet long; and

   (b) Not being used to carry persons or property for a charge.

This provision D. does not apply if the insured has any other insurance for "bodily injury" or "property damage" liability that would also apply to loss covered under this provision, whether the other insurance is primary, excess, contingent or on any other basis. In that case, this provision D. does not provide any insurance.

**E. Property Damage - Elevators**

With respect to Exclusions (Coverage A., Section I), paragraphs (3), (4) and (6) of Exclusion j., and Exclusion k. do not apply to the use of elevators.

Copyright, The Continental Corporation, 1991 Includes Copyright material of the Insurance Services Office used with its permission.

SCG 24 502 04 91

EXHIBIT  5
Page  42  of  47

CNA 000330

The insurance afforded this provision E. is excess over any valid and collectible property insurance (including any deductible) available to the insured, and the Other Insurance Condition is changed accordingly.

### F. Who Is an Insured

- Who Is An Insured (Section II) is changed as follows:

1. If coverage for newly acquired or formed organizations is not otherwise excluded from this Coverage Part, paragraph 4.a. is changed to read:

   a. Coverage under this provision is, subject to b. and c. below:

      (1) Effective on the acquisition or formation date; and

      (2) Afforded only until the end of the policy period of this Coverage Part, or the next anniversary of its inception date, whichever is earlier.

2. Each of the following is also an insured:

   a. Your volunteer workers, at the first Named Insured's option; and

   b. Any organization and subsidiary thereof which is a legally incorporated entity of which you own a financial interest of more than 50% of the voting stock on the effective date of this Coverage Part.

   However, the insurance afforded by b., above, for any organization and subsidiary thereof not named in the Declarations as a Named Insured, does not apply to injury or damage with respect to which an insured under this Coverage Part is also an insured under another policy, or would be an insured under such policy but for its termination or the exhaustion of its limits of insurance.

### G. Duties In The Event Of Occurrence, Claim Or Suit

1. The requirement in condition 2.a. (Conditions, Section IV) that you must see to it that we are notified as soon as practicable of an "occurrence" or an offense, applies only when the "occurrence" or offense is known to:

   (a) You, if you are an individual;

   (b) A partner, if you are a partnership; or

   (c) An executive officer or insurance manager, if you are a corporation.

2. The requirement in condition 2.b. that you must see to it that we receive notice of a claim or "suit" as soon as practicable will not be considered breached unless the breach occurs after such claim or "suit" is known to:

   (a) You, if you are an individual;

   (b) A partner, if you are a partnership; or

   (c) An executive officer or insurance manager, if you are a corporation.

### H. Advertising Injury - Televised Or Videotaped Publication/Infringement Of Trademark

1. The definition of "advertising injury" is changed to read:

   "Advertising injury" means injury arising out of one or more of the following offenses:

   a. Oral, written, televised or videotaped publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

   b. Oral, written, televised or videotaped publication of material that violates a person's right of privacy;

   c. Misappropriation of advertising ideas or style of doing business; or

   d. Infringement of trademark, copyright, title or slogan.

2. Exclusions a.(1) and a.(2) of Coverage B., Personal And Advertising Injury Liability, are changed to read:

   a. (1) Arising out of oral, written, televised or videotaped publication of material, if done by or at the direction of the insured with knowledge of its falsity;

   a. (2) Arising out of oral, written, televised or videotaped publication of material whose first publication took place before the beginning of the policy period;

### I. Bodily Injury - Mental Anguish

The definition of "bodily injury" is changed to read:

"Bodily injury":

a. Means bodily injury, sickness or disease sustained by a person, and includes mental anguish resulting from any of these; and

SCG 24 502 04 91

Page 2 of 3

b. Except for mental anguish, includes death resulting from the foregoing (item a. above) at any time.

J. **Mobile Equipment**

The following is added to paragraph f.(1). (a), (b) and (c) of the definition of "mobile equipment:"

Paragraph f. (1), (a), (b) and (c) does not apply to self-propelled vehicles of less than 1000 pounds gross vehicle weight.

K. **Personal Injury - Abuse Of Process/Discrimination**

If Personal Injury Liability Coverage (Coverage B.) is not otherwise excluded from this Coverage Part:

1. The definition of "personal injury" is changed by:

   a. Revising Item b. of that definition to read:

   Malicious prosecution or abuse of process;

   b. Adding the following:

   "Personal injury" also means discrimination based on race, color, religion, sex, age or national origin, except when:

   (1) Done intentionally by or at the direction of, or with the knowledge or consent of:

   (a) Any insured; or

   (b) Any executive officer, director, stockholder, partner or member of the insured; or

   (2) Directly or indirectly related to the employment, former or prospective employment, termination of employment, or application for employment of any person or persons by any insured; or

   (3) Directly or indirectly related to the sale, rental, lease or sub-lease or prospective sale, rental, lease or sub-lease of any room, dwelling or premises by or at the direction of any insured; or

   (4) Insurance for such discrimination is prohibited by, or held in violation of, law, public policy, legislation, court decision or administrative ruling.

The insurance afforded by K.1.b., above, does not apply to fines or penalties imposed because of discrimination.

L. **Unintentional Failure To Disclose Hazards**

It is agreed that, based on our reliance on your representations as to existing hazards, if you should unintentionally fail to disclose all such hazards prior to the beginning of the policy period of this Coverage Part, we shall not deny coverage under this Coverage Part because of such failure.

M. **Liberalization**

If we revise this endorsement to provide more coverage without additional premium charge, we will automatically provide the additional coverage to all endorsement holders as of the day the revision is effective in your state.

SCG 24 502 04 91

Page 3 of 3

EXHIBIT __5__
Page __44__ of __47__
CNA 000332

COMMERCIAL GENERAL LIABILITY

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## ADDITIONAL INSURED - ELECTIVE OR APPOINTIVE EXECUTIVE OFFICERS OF PUBLIC CORPORATIONS

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART.

WHO IS AN INSURED (Section II) is amended to include as an insured any elective or appointive officer or a member of any board or commission or agency of yours while acting within the scope of their duties as such.

CG 20 25 11 85                  Copyright, Insurance Services Office, Inc., 1984

EXHIBIT __S__
Page __45__ of __47__        CNA 000333

COMMERCIAL GENERAL LIABILITY

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

### ADDITIONAL INSURED - VOLUNTEERS

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART.

WHO IS AN INSURED (Section II) is amended to include as an insured any person(s) who are volunteer worker(s) for you, but only while acting at the direction of, and within the scope of their duties for you. However, no volunteer(s) are insureds for:

1. "Bodily injury" to:

   a. Co-volunteers or your employees arising out of and in the course of their duties for you, or

   b. You or, if you are a partnership or joint venture, any partner or member;

2. "Property damage" to property owned, occupied or used by, rented to, in the care, custody, or control of, or over which physical control is being exercised for any purpose by:

   a. A co-volunteer or your employee; or

   b. You or, if you are a partnership or joint venture, any partner or member.

CG 20 21 11 85          Copyright, Insurance Services Office, Inc., 1984

EXHIBIT ___5___
Page _46_ of _47_

CNA 000334

POLICY NUMBER:    93 C   )611(933)94                          )MMERCIAL GENERAL LIABILITY

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

## ADDITIONAL INSURED - MANAGERS OR LESSORS OF PREMISES

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART.

### SCHEDULE

1. Designation of Premises (Part Leased to You):   CHOGGUING BLDG, DILLINGHAM,AK 99576

2. Name of Person or Organization (Additional Insured): CHOGGUING CORP,DILLINGHAM,AK

3. Additional Premium:   INCLUDED

(If no entry appears above, the information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

WHO IS INSURED (Section II) is amended to include as an insured the person or organization shown in the Schedule but only with respect to liability arising out of the ownership, maintenance or use of that part of the premises leased to you and shown in the Schedule and subject to the following additional exclusions:

This insurance does not apply to:

1. Any "occurrence" which takes place after you cease to be a tenant in that premises.

2. Structural alterations, new construction or demolition operations performed by or on behalf of the person or organization shown in the Schedule.

CG 20 11 11 85          Copyright, Insurance Services Office, Inc., 1984

EXHIBIT  S
Page 47 of 47    CNA 000335