```
                                                                Page 1
 1              IN THE UNITED STATES DISTRICT COURT
 2                   FOR THE DISTRICT OF ALASKA

 3  _____

    UNITED STATES OF AMERICA,            )
 4                                       )
                              Plaintiff, )
 5                                       )
       vs.                               )  No. A98-285 CV (JWS)
 6                                       )
    CNA FINANCIAL CORPORATION AND THE    )
 7  CONTINENTAL CASUALTY COMPANY d/b/a THE )
    CONTINENTAL INSURANCE COMPANY,       )
 8                                       )
                              Defendant. )
 9  _____
10          VIDEO-TAPED DEPOSITION UPON ORAL EXAMINATION
11                              OF
12                         DEBORAH SENN
    _____
13
14      9:08 A.M. - 12:18 P.M. & 1:21 P.M. - 5:07 P.M.
15                 Wednesday, January 11, 2005
16              600 University Street, Suite 320
17                     Seattle, Washington
18
19
20
21
22
23
24                                          EXHIBIT   T
25  LORRAINE M. MILLAY, CCR/RPR             Page  1  of  3
```

```
 1      analysis in your report about that?
 2   A  Well, I think that I'm aware of the policy limits and the,
 3      and the amounts in the case and certainly -- I'm not sure if
 4      I or Mr., Mr. --
 5             MR. STONE:  Gaskins?
 6   A  -- Gaskins is going to talk about that.
 7   Q  (By Mr. Tayback)  Okay.  Other than the policy limits, I
 8      mean there's really nothing else, I don't think, in your
 9      report on that issue, and maybe -- if I'm wrong, tell me.
10   A  Well, listen.  I talk about the financial condition of
11      insurance companies all the time, and I know what it means
12      to not have to pay a large claim.  And so, I feel like if
13      I'm asked I certainly can --
14   Q  Okay.  Well, what is the amount of financial gain the
15      defendant gained?
16   A  Well, I haven't done the analysis.
17   Q  Okay.  What is the amount of financial gain the defendant
18      expected to gain?  Have you done that analysis?
19   A  Well, you know, basically the policy limits and to the
20      extent that, that the defendants don't have to pay punitive
21      damages, obviously they'll gain that.
22   Q  There is No. 1, so for "the likelihood at the time of the
23      conduct that serious harm would arise from the defendant's
24      conduct."
25             Can you tell me how or who was harmed and how based on
```

EXHIBIT I
Page 2 of 3

```
                                                                Page 210
 1      the defendant's rejection?
 2              MR. STONE:  Can I offer you a stipulation on that?
 3              MR. TAYBACK:  Sure.
 4              MR. STONE:  The United States doesn't contend that
 5      there was serious harm other than the contention that
 6      Continental should have paid the 2.8 million for the
 7      settlement and the cost of the defense.
 8              MR. TAYBACK:  Okay.  I'll take that stipulation.
 9              THE WITNESS:  Well, I'll -- can I disagree with my
10      own counsel a little bit?
11              MR. STONE:  Yeah.  Go ahead.
12              THE WITNESS:  Because on page 3 of my testimony I
13      talk about the availability and integrity of insurance which
14      is essential to our modern economy, and I think that --
15      where is those -- I'm sorry.  Where are those standards
16      again, what page?
17              MR. POMEROY:  Six.
18              THE WITNESS:  Six.  I think that --
19   Q  (By Mr. Tayback)  Oh, yeah.  Standards are six and seven.
20   A  I think that I certainly could talk about and have talked
21      about the serious harm that would arise from allowing this
22      kind of conduct by an insurance company.
23              MR. STONE:  I stand corrected.  She's the expert.
24              MR. TAYBACK:  Okay.  So you withdraw your
25      stipulation?
```

EXHIBIT I
Page 3 of 3