Gary A. Zipkin, Esq.
Guess & Rudd P.C.
510 L Street, Suite 700
Anchorage, AK  99501
Phone:  (907) 793-2200
Fax:    (907) 793-2299
E-mail: gzipkin@guessrudd.com

Attorneys for Defendant


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA


| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CNA FINANCIAL CORPORATION | ) | |
| AND THE CONTINENTAL | ) | |
| CASUALTY COMPANY d/b/a | ) | |
| THE CONTINENTAL INSURANCE | ) | |
| COMPANY, | ) | Case No. 3:98-cv-285-JWS |
| | ) | |
| Defendant. | ) | |
| | ) | |

AFFIDAVIT OF JAMES FRIDERICI


| | |
|---|---|
| STATE OF ALASKA | ) |
| | ) ss. |
| THIRD JUDICIAL DISTRICT | ) |


        I, James Friderici, being first duly sworn, state as

follows:

Affidavit of James Friderici
U.S.A. v. Continental; Case No. 3:98-cv-285-JWS
                    Page 1 of 5

1.    I am a lawyer authorized to practice in Alaska and
a shareholder of the law firm of Delaney, Wiles, Hayes, Gerety,
Ellis & Young, Inc.  I have been in private practice since 1982,
and in my opinion I have expertise in insurance coverage issues
under Alaska law.  Before I was in private practice, I was a
lawyer with the United States Coast Guard and was responsible
for, among other things, defending actions brought under the
Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.*

2.    When the Wilsons first filed suit against the
Bristol Bay Area Health Corporation ("Bristol Bay") in 1994,
William Hutson asked me to determine whether the claim was
covered.  I concluded the claim against Bristol Bay was covered,
and told Mr. Hutson so.  Mr. Hutson asked our firm to defend
Bristol Bay, and we agreed.  Acting as defense counsel, I
obtained dismissal of the action brought by the Wilsons against
Bristol Bay.  True and correct copies of my letter to Mr. Hutson
dated May 10, 1994, and Mr. Hutson's letter to me dated May 4,
1994, are attached hereto as Exhibits A and B, respectively.  The
dismissal ended our representation of Bristol Bay.

3.    When the Wilsons thereafter filed a suit against
the United States and the United States tendered to Continental,

Mr. Hutson asked me to provide a coverage opinion.  At that time, I did not believe there was any conflict of interest in my representing Continental because I had no reason to think that the interests of Continental and Bristol Bay, my former client, diverged.  Mr. Hutson asked me to assess the merits of the United States' claim that it was covered as an implied insured.  Neither he nor any one else at Continental pressured me to reach any particular conclusions or even suggested a preferred outcome.

4.    To assess the United States' claims, I analyzed the legal authorities set forth in the United States' tender.  I also conducted a factual analysis that included discussing the matter with Lori Wing, Bristol Bay's broker, and the adjuster on the other Continental policy.  Ms. Wing told me that she did not intend, and did not believe Bristol Bay intended, to benefit the United States or to duplicate FTCA coverage.  Based on my factual investigation and legal analysis, I concluded and advised Continental that the United States was not covered.  A true and correct copy of my coverage opinion dated January 20, 1995, is attached hereto as Exhibit C.  I stand by my analysis and conclusions on this issue to this day.  I issued this coverage opinion two weeks after the United States tendered on January 6, 1995.

5.    In the course of reviewing my opinion letter and assessing the issues, Mr. Hutson authorized me to apprise the government that its tender was under consideration and that we would respond as soon as possible.  A true and correct copy of my letter to Mr. Roosa dated February 2, 1995, informing him of the same, is attached hereto as Exhibit D.  After he completed his review of my opinion letter and his assessment of the issues, Mr. Hutson determined that he agreed with my conclusions and authorized me to write a denial letter to the United States on Continental's behalf.  A true and correct copy of that letter, addressed to Kenneth Roosa and dated February 13, 1995, is attached hereto as Exhibit E.  I sent that letter approximately five weeks after the United States first tendered.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

_____
James Friderici

SUBSCRIBED AND SWORN to before me, this _14th_ day of March, 2006.

_____
Notary Public in and for Alaska
My Commission Expires: _8-8-09_

Affidavit of James Friderici
U.S.A. v. Continental; Case No. 3:98-cv-285-JWS
Page 4 of 5

CERTIFICATE OF SERVICE
I hereby certify that on the
_16_ day of March, 2006, a copy
of the foregoing document was served
electronically on:

Richard L. Pomeroy, Esq.
Office of the U.S. Attorney
Civil Division
222 W. 7th Ave. #9, Rm. 253
Anchorage, AK  99513-7567

A. William Urquhart, Esq.
Quinn, Emanuel, Urquhart, Oliver and Hedges
865 S. Figueroa St., 10th Fl.
Los Angeles, CA  90017

and by regular U.S. mail on:

Richard Stone, Esq.
Civil Division, Torts Branch
U.S. Department of Justice
1331 Pennsylvania Avenue, N.W.
Washington, D.C.  20530

Guess & Rudd P.C.


By:   s/Gary A. Zipkin
F:\DATA\6024\1\Pleading\43AFF Friderici.doc