## DELANEY, WILES, HAYES, REITMAN & BRUBAKER, INC.

ATTORNEYS AT LAW
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA 99501-1790
TELEPHONE (907) 279-3581
FAX (907) 277-1331

RAYMOND E. PLUMMER
DANIEL A. GERETY
STEPHEN M. ELLIS
OLAV A. YOUNG
WILLIAM E. MOSELEY
MARC D. BOND
J. B. GELLARS
JAMES B. FRIDEMICI
ANDREW GUIDI
HOWARD A. LAZAR
DEBORAH K. IVY
DONALD C. THOMAS
TIMOTHY J. LAMB

DONNA M. BURTON
SUSAN ORLANSKY
JEFFREY P. STARK

OF COUNSEL
JAMES J. DELANEY
GEORGE N. HAYES
STANLEY M. REITMAN

EUGENE F. WILES
1939-1990
JOHN K. BRUBAKER
1937-1988

May 10, 1994

Mr. William Hutson
Claims Director
Continental Insurance HealthCare
P.O. Box 210273
Columbia, South Carolina 29221

**VIA FACSIMILE**
803-781-1106

Re:   Insured:          Bristol Bay Area Health Corporation
      Patient:          Lori Wilson
      Claims Made Date: 1/12/94
      Date of Event:    11/27/93
      Your file no.:    751-7-A3892
      Case No.:         3AN-94-3341

Dear Mr. Hutson:

We have now received the policy materials from you. The materials did not include a copy of the commercial general liability coverage form, form CG 00 01 11 88, so we got a copy of that form from another source.

Your coverage is $1,000,000 based on the each occurrence limit of the declarations page.

Nothing we have shows that Bristol Bay Native Corporation is an insured. This should be verified with underwriting to ensure that is not some additional endorsement which adds it. We have talked to the broker, and the broker is not aware of any endorsement adding Bristol Bay Native Corporation as an insured.

None of the policy exclusions appear to apply to this claim. What we know of the claim does not appear to bring it within the pollution exclusion. Our conclusion is you have coverage for this claim as to Bristol Bay Area Health Corporation.

In Alaska prejudgment interest is a substantive right. It runs at 10.5% per annum simple interest from the date of service or of written notice of the claim, whichever is earlier. It runs thru the date of the judgment. Assuming interest started on the

CNA 000471

EXHIBIT A
Page 1 of 5

DELANEY, WILES, HAYES, REITMAN & BRUBAKER, INC.

Mr. William Hutson ltr
May 10, 1994
Page 2

day of service[1], and the judgment was exactly 2 years later, that
would be an interest markup of 21.0% on top of the compensatory
damages.  Thus, under those assumptions if the jury were to award
$500,000 in damages, it would be increased by $105,000 for pre-
judgment interest.

The significance of prejudgment interest being a substantive
right is such is included in your $1,000,000 limit.  Because of
that plaintiff will not have to prove $1,000,000 worth of special
and general damages to reach the $1,000,000 limit.  Instead, some
lower amount of damages will reach the limit when prejudgment
interest is added.

For example assuming the same facts above with two years of
prejudgment interest, a verdict for total special and general
damages of $826,446.28 would result in a judgment of $1,000,000
when prejudgment interest was added.  The real effect of prejudg-
ment interest is to decrease the limits which are otherwise
available for compensatory damages.

Your policy obligates you to pay prejudgment interest
awarded against the insured on the part of the judgment you pay.
Form CG 00 01 11 88, Supplementary Payments, Coverages A and B,
¶6.  The policy then states: "These payments will not reduce the
limits of insurance."  Id.

This is unusual language which we do not usually see.  It
suggests there may be prejudgment interest on top of your
$1,000,000 limit.  Because prejudgment interest is a part of a
party's damages, your policy should not be construed that way.
However, the question is not entirely free of doubt and could
result in a dispute in the future.  The definitive answer would
require substantial research which we do not have time to do
before appearing for your insured.

Your policy obligates you to pay all costs taxed against the
insured.  Form CG 00 01 11 88, Supplementary Payments, Coverages
A and B, ¶5.  As to the extent of Continental's coverage, costs
in Alaska generally includes attorney's fees: Kenai Peninsula
Borough v. Port Graham Corp., No. 4070 slip op. at 14 (Alaska
Apr. 8, 1994).  The policy limits are the same whether it is

---

[1]This assumes no prior written notice, but presently we do not
know enough facts to determine the correct date.

CNA 000472

EXHIBIT   A
Page 2 of 5

MAY 10 '94 16:02 DELANEY WILES                                        P.4/6

DELANEY, WILES, HAYES, REITMAN & BRUBAKER, INC.

Mr. William Hutson ltr
May 10, 1994
Page 3

reached by a judgment or by settlement. Tucker v. United Ser-
vices Automobile Assn., 827 P.2d 440, 441 (Alaska 1992).

     In Alaska, a prevailing party is entitled to an attorney's
fee computed under Alaska R. Civ. P. 82 as part of its recovery.
This rule contains a schedule of fees which is normally followed
by the court although there is authority to deviate from it based
on certain listed factors.  The agreement of the insurer to pay
unlimited court costs obligates the insurer to pay Rule 82 attor-
ney's fees as an additional item of policy coverage on the full
amount of any jury verdict rendered against the defendant.
Schultz v. Travelers Indemnity Co., 754 P.2d 265, 267 (Alaska
1988).

     Form IL 01 21 07 90 of your policy is an Alaska Rule 82
endorsement.  This endorsement should be effective.  What that
means is Rule 82 fee would be computed on top of the single oc-
currence limit of $1,000,000 using the schedule for a contested
case rather than the actual value of plaintiff's case.  There are
two contested schedules, but your policy does not specify which.
Under Alaska's rules of construction of insurance policies, the
more favorable schedule to the insured would be used.  The more
favorable is the contested with trial schedule.

     A contested with trial Rule 82 fee on your single occurrence
limit of $1,000,000 is $102,500.  This figure is added to the
occurrence limit so your exposure is $1,102,500.

     In addition, there will be taxable costs.  Taxable costs are
those which are taxable under Alaska R. Civ. P. 79.  These con-
sist mostly of court reporters, witness fees, and necessary
travel.  Given the location of the loss and the various locations
for medical treatment, the travel could be considerable.  If this
case were to be tried and the plaintiff present a costs bill
after trial, such taxed costs would likely be in the range of
$25,000 or greater.  The exact costs obligation will depend upon
what plaintiff has incurred for taxable costs as of the time of
any settlement demand.

     The duty to defend and the obligation to indemnify are
separate and distinct contractual elements.  See Afcan v. Mutual
Fire, Marine and Inland Ins. Co., 595 P.2d 638, 645 (Alaska
1979).  Your policy permits you to end your defense obligation
when you have paid your limits in settlement.  Form CG 00 01 11
88, Section I - Coverages, Coverage A, ¶1.a.(2), p. 1.  Although

CNA 000473

EXHIBIT   A
Page  3  of  5

MAY 10 '94 16:03 DELANEY WILES                                    P.5/6

DELANEY, WILES, HAYES, REITMAN & BRUBAKER, INC.

Mr. William Hutson ltr
May 10, 1994
Page 4


you can settle any suit, your policy does not provide you can
simply pay the plaintiff and walk away from the defense obliga-
tion.  Instead, either a settlement or paying a judgment is
required before your defense obligation ends.

    Where there was a wrongful death, the insurer had the obli-
gation to determine the probable monetary judgment against its
insured and then tender in settlement its policy limits to pro-
tect its insured.  Schultz, 754 P.2d at 267.  In a case of proba-
ble liability with catastrophic injury, the insurer has a duty to
make a policy limits offer to the plaintiff.  Bohna v. Hughes,
Thorsness, Gantz, Powell & Brudin, 828 P.2d 745, 754 n. 20
(Alaska 1992).

    The cases on policy limits mean we need to evaluate the
plaintiff's damages and explore the facts on liability.  From
your investigation and that of the insured, we know already this
is almost certainly a case of liability.  If the damages are as
bad as they sound, then Continental has an affirmative obligation
to make a policy limits offer to the plaintiff.  A demand from
the plaintiff is not required for Continental to have to offer
its policy limits.

    You are allowed a reasonable time for investigation, and we
will explore damages with our first set of discovery to the
plaintiff.  However, this case is likely to require you to make a
policy limits offer to the plaintiff.  That policy limits figure
would be the $1,102,500 as outlined above plus whatever the
plaintiff has for taxable costs at that time.

    Alaska follows the general rule that if an insurer rejects
an offer to settle which is within the available policy limits
and the plaintiff later recovers a judgment greater than that,
the insurer has committed the tort of bad faith.  Since bad faith
is a tort, the damages are not limited to contract damages, but
the insured can recover whatever the amount of the judgment is
the insured has to pay the plaintiff.  This effectively means if
the plaintiff makes a policy limits demand which you reject and
the plaintiff later recovers more than that, Continental will be
liable for the entire excess judgment.

    As we discussed, once we represent the insured, we can no
longer advise you on coverage.  See Continental Insurance Co. v.
Bayless & Roberts, Inc., 608 P.2d 281, 294 (Alaska 1980).  How-
ever, we will advise on what we believe the exposure is based on

CNA 000474

EXHIBIT   A
Page   4  of  5

MAY 10 '94 16:09 DELANEY WILES                                          P.1/1

DELANEY, WILES, HAYES, REITMAN & BRUBAKER, INC.

Mr. William Hutson ltr
May 10, 1994
Page 5


what we find out and what discovery reveals. The above informa-
tion should provide you everything you need to know about cover-
age under your policy.

As to the question of fee rates, I talked with Dan Gerety,
and the rate in the other case is higher since it involves medi-
cal malpractice which is a specialized area. He is charging
$145/hour which is the same rate he charges other medical insur-
ers for malpractice defense.

The present case is a general liability matter. Our rates
for new defense matters taken in from insurers[2] are $125/hour for
shareholders, $105/hour for associates, and $65/hour for para-
legals. Those are the rates we propose to charge in this case.
We believe these rates are consistent with or lower than the
prevailing rates of other defense firms in Anchorage.

The billing agreement guidelines are similar to the ones
used by other portions of Continental. They present no problems,
and we agree to follow such.

We will now contact personal counsel for the insured and
file our appearance and answer Wednesday. We look forward to
working with you in defense of this matter. If you have any
questions, please contact us.



                              Sincerely,

                              DELANEY, WILES, HAYES,
                              REITMAN & BRUBAKER, INC.

                              James B. Friderici

JBF:amh


(hutson1.ltr)

_____

   [2]Rates for commercial clients for defense are higher because of
the likelihood it will be a single matter.



CNA 000475

EXHIBIT  A
Page  5  of  5