DELANEY, WILES, HAYES, REITMAN & BRUBAKER, INC.
ATTORNEYS AT LAW
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA 99501-1990
TELEPHONE (907) 279-3581
FAX (907) 277-1331

RAYMOND E. PLUMMER
DANIEL A. GERETY
STEPHEN M. ELLIS
CLAY A. YOUNG
WILLIAM E. MOSELEY
MARC D. BOND
J. D. CELLARS
JAMES B. FRIDERICI
ANDREW GUIDI
HOWARD A. LAZAR
DONALD C. THOMAS
TIMOTHY J. LAMB
CYNTHIA L. DUCEY

DONNA M. MEYERS
JEFFREY P. STARK

OF COUNSEL
JAMES J. DELANEY
GEORGE N. HAYES
STANLEY M. REITMAN
EUGENE F. WILES
1933-1990
JOHN K. BRUBAKER
1937-1993

January 20, 1995

Mr. William Hutson
Claims Director
Continental Insurance HealthCare
P.O. Box 210273
Columbia, South Carolina 29221

VIA FACSIMILE
803-781-1106

Re: Insured:        Bristol Bay Area Health Corporation
    Patient:        Lori Wilson
    Claims Made Date: 1/12/94
    Date of Event:  11/27/93
    Your file no.:  751-7-A3892
    Case No.:       3AN-94-3341

Dear Mr. Hutson:

This is to confirm our telephone conversation of January 12 and report on the current status of events. We have now obtained a copy of the policy 93 CBP 06114933-94 from the broker along with the various endorsements.

1. SUMMARY OF OPINIONS.

In our opinion there is no coverage for this claim under either insurance policy. Our recommendation is to reject the tender.

2. WORK DONE.

We have also talked with Greg Hance in Sacramento. The file on the CBP policy was closed in December, 1994. He is going to reopen the file.

We have discussed the claim with you and the broker. In addition, we know the underlaying facts to the extent that we learned them during the litigation against the insured in state court.

We have reviewed both the HMA 9500648-5 policy and the 93 CBP 06114933-94 policy. We have also reviewed the cases cited by

CNA 000562
EXHIBIT C
Page 1 of 5

DELANEY, WILES, HAYES, REITMAN & BRUBAKER, INC.

Mr. William Hutson ltr
January 20, 1995
Page 2

the U.S. Attorney and done some research on the applicable case law. The research was limited to those cases cited by the United States, Alaska law, and some cases from other jurisdictions to determine whether or not there was coverage. It was not exhaustive to the same level as if we were filing a brief.

3. **THERE IS NO COVERAGE UNDER THE HMA 9500648-5 POLICY BECAUSE THE UNITED STATES IS NOT AN INSURED.**

Under the HMA 9500648-5 policy the United States is not listed as a named insured. It is also not an insured by description. Form CG 00 01 11 8 at Section II, p. 6 of 12, defines insured as:

> SECTION II - WHO IS AN INSURED
> 1. If you are designated in the Declarations as:
> ...
>    c. An organization other than a partnership or joint venture, you are an insured. Your executive officers and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

Paragraph 2 makes additional persons insureds, but none appear to cover the United States. None of the listings include the United States by name or general description. In short, there is no coverage for the United States because it is not an insured.

The cases cited by the United States fall into two groups. The first group are auto cases where "insured" included "any person or organization legally responsible for the use" of the automobile. This has been held sufficient to include the United States because under the Federal Tort Claims Act the exclusive remedy for an injury caused by a government employee driving a vehicle is a claim against the United States. See <u>Government Employees Ins. Co. v. United States</u>, 349 F.2d 83, 86 (10th Cir. 1965).

The second type of cases are real estate manager cases. The slip opinion in <u>Dorcas v. Swanson</u>, No. A93-0129 Civ. (D. Alaska Oct. 12, 1994), attached by the United States, is an exam-

CNA 000563

EXHIBIT C
Page 2 of 5

Delaney, Wiles, Hayes, Reitman & Brubaker, Inc.

Mr. William Hutson ltr
January 20, 1995
Page 3

ple of such a case. There since the FDIC was acting as a property manger it became an insured under the Allstate policy via the coverage for anyone who acted as the insured's real estate manager. Notwithstanding what the United States contends, Allstate was not required to defend the United States where there was no liability by the insured. Instead, Allstate was required to pay because under Allstate's policy the United States was an insured.

Sauer v. Home Indemnity Co., 841 P.2d 176, 182 (Alaska 1992), simply held that where an insurer did not deny coverage and did not defend, it was estopped to later contest coverage under the policy. Many other states reach the same result where the insurer fails to defend a covered claim.

Stewart-Smith Haidinger, Inc. v. Avi-Truck, Inc., 682 P.2d 1108, 1110 (Alaska 1984), involved a hull policy on a surplus military aircraft. The court went into a detailed recitation of the facts and the entanglement of the insurer with the coverage which was issued for the aircraft. See Id. at 1111. Instead, under the special circumstances of the case the court found a third-party beneficiary contract should be implied at law. Id. at 1112. The court held that if the risk to the insurer is unchanged and the third party is within that class intended to be benefitted, a third-party beneficiary insurance contract would be implied at law. Id. at 1113. The court focused on the decision to insure this particular aircraft to find the insurance contact was intended to benefit the owner of the aircraft at the time of the crash. Id. at 1114.

Stewart-Smith Haidinger is the best argument for coverage based on the implied in law theory. However, we do not have another implied insured case which has been reported in Alaska. Stewart-Smith Haidinger has not been widely followed elsewhere, and some jurisdictions have refused to adopt the implied insured theory. It is very arguable here that neither Bristol Bay Area Health Corporation nor Continental intended for the policy to benefit the United States. Unless the court were to find that the parties to the insurance contract intended to benefit the United States, there is no coverage for the United States.

CNA 000564

EXHIBIT C
Page 3 of 5

DELANEY, WILES, HAYES, REITMAN & BRUBAKER, INC.

Mr. William Hutson ltr
January 20, 1995
Page 4

3. **THERE IS NO COVERAGE UNDER THE 93 CBP 06114933-94 POLICY BECAUSE THE UNITED STATES IS NOT AN INSURED AND THE PREMISES ARE EXCLUDED.**

The 93 CBP 06114933-94 policy uses the same form for insuring agreement so the language as to who is an insured is identical. The same analysis applies, and our opinion is the United States is not an insured under the policy.

If there were to be coverage for this claim, it would be under the bodily injury coverage. However, that policy contains form CG 21 00 11 85 as an endorsement. This endorsement adds an exclusion for "bodily injury" coverage which is:

...arising out of:

1. The ownership, maintenance or use of the premises shown in the Schedule or any property located on these premises;
2. Operations on those premises shown in the Schedule or any property located on these premises; or
3. Goods or products manufactured at or distributed from those premises.

The listed premises include the Alcohol Transition Center. It is our understanding that this claim arose on those premises during a social function which was part of the treatment. Thus, even if the United States were an insured, there should be no coverage for this claim because of the designated premises exclusion.

Instead we conclude the United States is not insured under the 93 CBP 06114933-94 policy.

4. **RECOMMENDATIONS.**

Since the United States has tendered only under the 93 CBP 06114933-94 policy and not under the HMA 9500648-5 policy, our recommendation is not to make any reference to the HMA 9500648-5 policy. That should be ignored until there is a demand directed toward that policy.

As to 93 CBP 06114933-94 policy, the demand of the United States should be rejected both on the grounds that the United

DELANEY, WILES, HAYES, REITMAN & BRUBAKER, INC.

Mr. William Hutson ltr
January 20, 1995
Page 5

States is not an insured and the loss occurred on excluded premises. The United States is defending itself so there should be no detriment to the United States even if it were held to be an insured under an implied beneficiary theory.

There is no reason to file a declaratory judgment action since such would simply ensure the issue is litigated. Instead, if the United States disagrees, presumably it will bring a third-party complaint against Continental. In that event, we will move to sever it and try to resolve that claim before the main action. If the United States accepts the denial, that is the end of this.

If you want, we will draft a proposed denial and submit it to you. Since Mr. Hance is going to reopen the CBP policy, presumably you need to coordinate with him. We are sending him a copy of this so he is aware of the status.

Sincerely,

DELANEY, WILES, HAYES,
REITMAN & BRUBAKER, INC.

James B. Friderici

JBF:amh

cc: Greg Hance

(hutson6.ltr)

CNA 000566

EXHIBIT C
Page 5 of 5