## AFFIDAVIT OF WILLIAM HUTSON

I, William Hutson, first being duly sworn, state as follows:

1. In the mid-1990s, when the Wilsons were injured and filed suit against Bristol Bay and, later, the United States, I was employed by Continental Insurance Company as a claims director. In that capacity, I had primary responsibility for analyzing and responding to the tenders relating to the claims brought by the Wilsons.

2. When Lori Wilson was first injured at Jake's Place, a facility that was operated by Bristol Bay Area Health Corporation, I was in contact with counsel for Bristol Bay, Robert Stewart, Esq., regarding a potential claim. Mr. Stewart was also in contact with lawyers for the United States, which had potential Federal Tort Claims Act liability. Mr. Stewart wanted to make a loan or advance payments to the Wilsons that would help them satisfy their short-term living expenses. This loan was to be offset from any subsequent recovery. Although the United States at first opposed providing any assistance to the Wilsons, Continental approved Mr. Stewart's request. Attached hereto as Exhibit A is a true and correct copy of a transmittal from Mr. Stewart to myself dated March 29, 1994, attaching a draft letter to the Wilsons setting forth the terms under which advance payments would be made. Attached hereto as Exhibit B is a true and correct copy of a letter from myself to Mr. Stewart dated April 20, 1994, informing him that Continental consented to the advance payments.

3. When the Wilsons sued Bristol Bay, I appointed counsel to defend Bristol Bay because Bristol Bay was a named insured under Continental's policy and it appeared that Continental owed Bristol Bay a duty to defend. I also asked counsel to provide a coverage opinion. The counsel that I selected, James Friderici, Esq. was recommended as being an expert

08987/1838441.1

in Alaskan insurance law, and I selected Mr. Friderici based on his expertise. After I appointed Mr. Friderici, he told me that he successfully obtained dismissal of the Wilsons' claims against Bristol Bay based on provisions of the Federal Tort Claims Act.

4.   After the Wilsons' case was dismissed, the Wilsons re-filed against the United States. The United States tendered the claim to Continental, relying on a theory of implied insurance. The theory of implied insurance that the United States discussed in its tender was new to me. Before I read that tender, I had never heard of an individual or entity that was not a named or additional insured under a policy being covered as an "implied" insured. Because the United States' theory was novel, I decided to retain counsel to provide a coverage opinion. I thought it was especially important to retain counsel to provide a coverage opinion because Continental did not have a significant presence in Alaska at that time.

5.   To that end, I contacted Mr. Friderici, who had knowledge of the facts of the Wilsons' claims, the Federal Tort Claims Act issues raised by the Government's tender, and Alaska insurance law generally. I asked Mr. Friderici to assess the merits of the United States' claims. I did not indicate in any way that I or Continental wanted Mr. Friderici to reach any particular conclusions.

6.   Mr. Friderici concluded, and conveyed to me in a coverage opinion, that the United States was not covered and that its theory of implied insurance was inapplicable. At no time either before or after the delivery of his opinion on implied insurance did Mr. Friderici tell me anything to the contrary. I reviewed Mr. Friderici's coverage opinion carefully, including his analysis and conclusions, and I agreed with Mr. Friderici's conclusions on coverage. I also performed my own analysis and investigation, which included discussions with Robert Stewart, counsel for Bristol Bay, and Lori Wing, Bristol Bay's broker. They both told me they did not

OS987/1338441.1

Case 3:98-cv-00285-JWS    Document 236    Filed 03/16/2006    Page 3 of 3

believe the United States was covered under Bristol Bay's policy. In reliance on Mr. Friderici's opinion, I authorized Mr. Friderici to reject the United States' tender on Continental's behalf.

I affirm under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 15 day of March, 2006 at ~~Columbia,~~ Charlotte, N.C. South Carolina.

William Hutson

My commission expires July 12, 2009.

08987/1835441.1