Gary A. Zipkin, Esq.
Guess & Rudd P.C.
510 L Street, Suite 700
Anchorage, AK 99501
Phone: (907) 793-2200
Fax: (907) 793-2299
E-mail: gzipkin@guessrudd.com

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CNA FINANCIAL CORPORATION AND THE CONTINENTAL CASUALTY COMPANY d/b/a THE CONTINENTAL INSURANCE COMPANY,<br><br>Defendants. | Case No. 3:98-cv-285-JWS |

DEFENDANTS' MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE OR ARGUMENT RELATING TO ALLEGED BAD ACTS FROM OTHER CASES

Preliminary Statement

The Government may attempt to introduce evidence of alleged "bad acts" committed by defendants which have nothing to do with this case. The Court should exclude all evidence and argument about such acts, including defendants' claims handling practices from

USA. v. Continental; Case No. 3:98-cv-285 JWS
Defendants' Motion in Limine No. 1 to Exclude Evidence or Argument Relating to Alleged Bad Acts From Other Cases

Page 1 of 6

other cases. The jury should not be permitted to award punitive damages based on irrelevant matters that do not involve the parties or facts at bar.

## Argument

### I. EVIDENCE RELATING TO ANY ALLEGED IMPROPER CLAIMS HANDLING PRACTICES OR OTHER BAD ACTS FROM OTHER CASES SHOULD BE EXCLUDED

Defendants asked the Government to stipulate that it would not seek to introduce evidence of bad acts allegedly committed by defendants in other cases. The Government refused and indicated that it may attempt to present such evidence.

The Court should not permit it to do so. Evidence of a defendant's alleged "bad acts" on prior occasions is improper character evidence, and inadmissible. Fed. R. Evid. 404(b); Hemmings v. Tidyman's Inc., 285 F.3d 1174, 1208 (9th Cir. 2002) ("the allusion to a prior discrimination suit against Tidyman's in order to raise the inference that Tidyman's was acting in conformity with its prior conduct violated Rule 404(b), which generally prohibits the use of evidence of prior bad acts to show conduct in conformity therewith"); Bonin v. Calderon, 59 F.3d 815, 828-29 (9th Cir. 1995) (evidence of attorney's misconduct in other cases is inadmissible regarding ineffective assistance of counsel claim: "evidence that the attorney may have erred or acted inappropriately in unrelated cases will normally have little, if any, probative value, and may therefore be properly excluded by the district court pursuant to Federal Rule of Evidence 403. Moreover, [under] Federal Rule of Evidence 404(b), . . . prior acts of misconduct on the part of defense counsel are inadmissible to support a claim that counsel must have acted

USA. v. Continental; Case No. 3:98-cv-285 JWS
Defendants' Motion in Limine No. 1 to Exclude Evidence or Argument Relating to Alleged Bad Acts From Other Cases

Page 2 of 6

similarly in a particular case."). Bad acts evidence from other cases is also irrelevant and prejudicial, and inadmissible for that reason as well. Fed. R. Evid. 402, 403.

In a punitive damages case, the introduction of evidence of dissimilar bad acts would also violate due process. As a constitutional matter, "[a] defendant's dissimilar acts, independent from the acts upon which liability was premised, may not serve as the basis for punitive damages. A defendant should be punished for the conduct that harmed the plaintiff, not for being an unsavory individual or business." State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408, 422-423 (2003). The fact that "a recidivist may be punished more severely than a first offender" does not change that conclusion. BMW of North America, Inc. v. Gore, 517 U.S. 559, 577 (1996). In assessing a defendant's reprehensibility in the punitive damages context, "it is crucial that a court focus on the conduct related to the plaintiff's claim rather than the conduct of the defendant in general. . . . [C]ourts cannot award punitive damages to plaintiffs for wrongful behavior that they did not themselves suffer." Williams v. ConAgra Poultry Co., 378 F.3d 790, 797 (8th Cir. 2004). Therefore, while "a previous example of the same conduct" may be admissible to show recidivism, "the recidivist conduct ***must be factually as well as legally similar to the plaintiff's claim*** " to be admissible. Id. (emphasis added); see State Farm, 538 U.S. at 423 (evidence is only admissible to show recidivism when "the conduct in question ***replicates*** the prior transgressions" (emphasis added)).

Here, the Government can proffer no admissible evidence of recidivism, because there is none. If Continental acted wrongly when it rejected the Government's tenders as an implied insured, that wrongful action was unique -- there were no "prior transgressions" that

USA. v. Continental; Case No. 3:98-cv-285 JWS
Defendants' Motion in Limine No. 1 to Exclude Evidence or Argument Relating to Alleged Bad Acts From Other Cases

Page 3 of 6

were "replicate[d]" in this case. State Farm, 538 U.S. at 423. In fact, there is no evidence that a tender like the Government's implied-insured tender in this case had ever even been made before the tender at issue here, let alone made to Continental.[1] To the contrary, the issues presented by the Government's tender were novel and unique. In fact, the Government admits that "no other court in Alaska, other than this court in this case, has ever held that the United States was an additional implied insured on an insurance policy under Alaska law."[2]

Because only "factually as well as legally similar" alleged misconduct may be introduced to show recidivism, the Court should exclude bad acts evidence relating to other cases or parties. Williams, 378 F.3d at 787.

**Conclusion**

For the foregoing reasons, defendants respectfully request that the Court exclude all evidence and argument relating to defendants' claims handling practices or other alleged bad acts not involving the case and parties at bar.

[1] See Deposition of Susan Lindquist, as Designee for the United States pursuant to Fed. R. Civ. P. 30(b)(6), dated February 9, 2006 at 31:9-32:18, Zipkin Decl. Ex. A (acknowledging that there is no evidence the Government ever tendered a claim to an insurance company as a purported implied insured under a liability policy prior to its tender of the Wilsons' claim in this case); Deposition of Kenneth S. Roosa dated December 15, 2005 at 24:22-26:5, Zipkin Decl. Ex. B (Mr. Roosa acknowledging that the tender to Continental in this matter may have been the first such tender ever made by the Government).

[2] United States' Amended Responses to Defendants' First Set of Discovery Requests dated March 15, 2006, Request for Admission No. 4, Zipkin Decl. Ex. C.

USA. v. Continental; Case No. 3:98-cv-285 JWS
Defendants' Motion in Limine No. 1 to Exclude Evidence or Argument Relating to Alleged Bad Acts From Other Cases

Page 4 of 6

DATED at Anchorage, Alaska, this 5th day of April, 2006.

GUESS & RUDD P.C.
Attorneys for Defendants

By: S/Gary A. Zipkin

Guess & Rudd P.C.
510 L Street, Suite 700
Anchorage, Alaska 99501
Phone: 907-793-2200
Fax: 907-793-2299
Email: gzipkin@guessrudd.com
Alaska Bar No. 7505048

QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP
Attorneys for Defendants

By: S/A. William Urquhart

Quinn Emanuel Urquhart
Oliver & Hedges, LLP
865 South Figueroa
Street, 10th Floor
Los Angeles, CA 90017
Phone: 1-213-443-3000
Fax: 1-213-443-3100
Email:
billurquhart@quinnemanuel.com

CERTIFICATE OF SERVICE
I hereby certify that on the 5th day of April, 2006, a copy of the foregoing document was served electronically on:

Richard L. Pomeroy, Esq.
Christopher Tayback, Esq.
A. William Urquhart, Esq.

USA. v. Continental; Case No. 3:98-cv-285 JWS
Defendants' Motion in Limine No. 1 to Exclude Evidence or Argument Relating to Alleged Bad Acts From Other Cases

Page 5 of 6

and by regular U.S. mail on:

Richard Stone, Esq.
Civil Division, Torts Branch
U.S. Department of Justice
1331 Pennsylvania Avenue, N.W.
Washington, D.C. 20530

Guess & Rudd P.C.

By: S/Gary A. Zipkin

USA. v. Continental; Case No. 3:98-cv-285 JWS
Defendants' Motion in Limine No. 1 to Exclude Evidence or Argument Relating to Alleged Bad Acts From Other Cases

Page 6 of 6