Gary A. Zipkin, Esq.
Guess & Rudd P.C.
510 L Street, Suite 700
Anchorage, AK  99501
Phone:    (907) 793-2200
Fax:      (907) 793-2299
E-mail:   gzipkin@guessrudd.com

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> CNA FINANCIAL CORPORATION ) <br> AND THE CONTINENTAL ) <br> CASUALTY COMPANY d/b/a ) <br> THE CONTINENTAL INSURANCE ) <br> COMPANY, ) <br> ) <br> Defendant. ) <br> ) | Case No. 3:98-cv-285-JWS |

DEFENDANTS' MOTION IN LIMINE NO. 2
TO EXCLUDE EVIDENCE OR ARGUMENT RELATING
TO NEW, UNPLEADED CLAIMS OF PURPORTED BAD FAITH
AND/OR ALLEGED ACTS OF BAD FAITH THAT DO NOT BEAR ON
<u>THE REASONABLENESS OF CONTINENTAL'S TENDER REJECTION</u>

USA v. Continental; Case No. 3:98-cv-285-JWS
Defendant's Motion in Limine No. 2 to Exclude Evidence or Argument Relating to New, Unpleaded Claims of Purported Bad Faith

Page 1 of 11

Preliminary Statement

Even though this case is now a dozen years old, discovery has closed and we are within two months of trial, the Government wants to add new claims. The Government's recent filings evince an intention to seek relief for -- and confuse the jury with evidence about -- "new and continuing" acts of bad faith purportedly committed by defendants. The Court should preclude all evidence or argument relating to the Government's unpleaded new claims, as well as any other purported acts of bad faith that do not bear on the reasonableness of Continental's tender rejection. Such acts are not pertinent to the issue properly before the jury. Even if they were, it would be unfair and extremely prejudicial to defendants to admit evidence of such acts at this late date.

In its operative Second Amended Complaint ("SAC"), the Government pleads a single bad faith claim, alleging that Continental's decision to reject tender was unreasonable. That is the claim the Court addressed on summary judgment, holding that Continental's refusal to defend and indemnify the Government was unreasonable as a matter of law. That is the claim for which the Government sought leave to add a prayer for punitive damages. That is the claim the jury will address at the upcoming trial, deciding whether Continental's refusal to defend and indemnify was outrageous and malicious.

Four years ago, the Court ordered that there were no unadjudicated bad faith claims in this case. Until recently, the Government never indicated that it intended contest that order or pursue additional bad faith claims at trial. In fact, the Government concurred that punitive damages was the only issue remaining in the case. Now, however, the Government is saying it intends to discuss <u>at least</u> two "new" bad faith claims that, in its words, "this court has

USA v. Continental; Case No. 3:98-cv-285-JWS
Defendant's Motion in Limine No. 2 to Exclude Evidence or Argument Relating to New, Unpleaded Claims of Purported Bad Faith

Page 2 of 11

never ruled on".  In fact, the Government recently moved for partial summary judgment on one of those unpleaded claims.  The Court cannot permit this sideshow.

## Argument

I. THE COURT SHOULD EXCLUDE EVIDENCE OR ARGUMENT RELATING TO ANY NEW, UNPLEADED CLAIMS OF BAD FAITH OR OTHER ALLEGED ACTS OF BAD FAITH THAT DO NOT BEAR ON THE REASONABLENESS OF CONTINENTAL'S TENDER REJECTION

In recent filings, the Government has indicated its view that it "has new and continuing bad faith claims that this court has never ruled on".  Dkt. 213 at 3; see id. at 9 (the Government opining that it has "several bad faith claims pending against Continental").  There can be no such "new" bad faith claims at this stage of this case.  The Court should disallow any attempt by the Government to confuse the jury with irrelevant allegations.

    A. The only bad faith claim set for trial on punitive damages and the only one Continental prepared to defend is a bad faith tender rejection claim

        1. Only one bad faith claim is at issue in this case

Although there are many different types of bad faith, the only bad faith claim the Government has ever pled is a claim that defendants failed to defend and denied coverage in bad faith.  Dkt. 71 at 8 (Claim Three).  This Court recognized as far back as 2001 that the Government's theory of bad faith was "a claim for bad faith denial of coverage," and that, to establish that claim, the Government "must show that the defendant-insurer lacked a reasonable basis for denying benefits of the policy and that the defendant-insurer had knowledge that no reasonable basis existed to deny the claim or acted in reckless disregard for the lack of a reasonable basis for denying the claim."  Dkt. 61 at 10.

USA v. Continental; Case No. 3:98-cv-285-JWS
Defendant's Motion in Limine No. 2 to Exclude Evidence or Argument Relating to New, Unpleaded Claims of Purported Bad Faith

Page 3 of 11

      2.    <u>Both the Court and the Government acknowledged long ago that the only remaining issue in the case is whether punitive damages should be awarded for that bad faith claim</u>

Almost four years ago, in June 2002, the Court ruled that "[t]he only remaining claim is the governments' claim for punitive damages, which was recently added in an amended complaint." Dkt. 87 at 6. Just six months ago the United States concurred, representing in a joint status report (which the Court required the parties to submit in its 2005 summary judgment ruling) that the only issue left in the case is "[w]hether punitive damages should be awarded against Continental, and if so, in what amount." Dkt. 119 at 1. Thus, until recently, everyone-- including the United States--agreed that there were no unadjudicated bad faith claims left in the case.

The issue for the remaining punitive damages claim is the same as it was for bad faith, only the quantum of proof and the legal standard by which that proof is judged is different. Now, instead of showing by a preponderance that Continental lacked a reasonable basis for rejecting tender, the Government must show by clear and convincing evidence that Continental's tender rejection was outrageous. <u>State Farm Mutual Automobile Ins. Co. v. Weiford</u>, 831 P.2d 1264, 1266 (Alaska 1992); <u>Chizmar v. Mackie</u>, 896 P.2d 196, 210 (Alaska 1995).

    B.    <u>It would be extremely prejudicial to defendants if the Government were allowed to add new claims now</u>

The Government cannot add new claims to the case on different issues on the eve of trial after discovery has closed. The Government has identified two "new" claims to date. First, under the category of no good deed goes unpunished, the Government contends that Continental acted in bad faith by not paying its policy limits under the Bristol Bay policy

USA v. Continental; Case No. 3:98-cv-285-JWS
Defendant's Motion in Limine No. 2 to Exclude Evidence or Argument Relating to New, Unpleaded Claims of Purported Bad Faith

Page 4 of 11

immediately after the Ninth Circuit reversed in 2004 -- even though Continental voluntarily paid its policy limits on December 13, 2005 without a final judgment that would require such a payment. Second, the Government claims that Continental acted in bad faith when it failed to accept the United States' re-tender of <u>Kallstrom</u> in 2001 after the Court entered summary judgment in the Government's favor. Although the United States recently moved for summary judgment on the latter claim, neither of these claims has ever been pleaded. See Dkt. 71 at 8 (claim three). In fact, even though the Second Amended Complaint was filed in 2002, after the Court entered summary judgment in 2001, that complaint does not even mention the 2001 re-tender of <u>Kallstrom</u> or Continental's purported bad faith response thereto. <u>Id.</u> And, as both the Court and the Government have recognized, <u>there are no pending claims</u> except the punitive damages prayer. Dkt. 87 at 6; Dkt. 119 at 1.

If the Government were to move to amend its complaint to add its "new" claims -- which it has never sought leave to do -- it could not. The presence of factors such as "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment" militate against granting such leave. <u>Schlacter-Jones v. General Telephone of California</u>, 936 F.2d 435, 443 (9th Cir. 1991) (citation omitted). The Government can proffer no explanation for its tactical choice to wait until the eve of a trial scheduled to cover only punitive damages to attempt to add new claims. It knew about its ostensible claim relating to the <u>Kallstrom</u> re-tender in 2001, before it last amended its complaint in 2002, yet never sought leave to add a claim. It knew about its ostensible non-payment of policy limits claim since 2004, when the Ninth Circuit reversed, yet never sought leave. This tactical delay alone precludes amendment. See <u>McGlinchy v. Shell</u>

USA v. Continental; Case No. 3:98-cv-285-JWS
Defendant's Motion in Limine No. 2 to Exclude Evidence or Argument Relating to New, Unpleaded Claims of Purported Bad Faith

Page 5 of 11

Chemical Co., 845 F.2d 802, 809 (9th Cir. 1988) (delay of six months after plaintiffs became aware of their new claims before they sought leave to amend precludes amendment).

The futility of amendment likewise precludes the Government's new claims. As to the Kallstrom re-tender, the Government has stipulated that it has no damages -- that, "after the date that it was actually tendered by the United States," the United States did not "suffer[] any damages based on the lack of response to that tender".[1] A claim for bad faith fails as a matter of law without damages. Hillman v. Nationwide Mut. Fire Ins. Co., 855 P.2d 1321, 1323 (Alaska 1993) (bad faith claims dismissed under Alaska law because plaintiffs "failed to demonstrate that they could show damages"); Blake v. Aetna Life Ins. Co., 99 Cal. App. 3d 901, 925, 160 Cal. Rptr. 528, 542 (Cal. App. 1979) (without evidence of damages, bad faith claim should not have reached jury). And in any case, without compensatory damages, punitive damages are unavailable. DeNardo v. GCI Communication Corp., 983 P.2d 1288, 1292 (Alaska 1999) ("A punitive damages claim cannot stand alone; because we reject DeNardo's underlying claim, we also necessarily affirm summary judgment on his punitive damages claim.").

Nor could the Government prevail on its delayed payment of policy limits claim. On December 13, 2005, Continental paid the Government almost $2 million -- the amount it calculated it would owe the Government for policy limits on that day, including interest and defense costs -- without demand by the Government. The Government has stipulated that the amount of Continental's payment was accurate. Dkt. 228 at 2 ("The parties have agreed to the accuracy of the interest amounts previously paid by Continental to the United States.").

---

[1] Deposition of Deborah Senn dated January 11, 2006 at 169:23-170:7, Zipkin Decl. Ex. A.

USA v. Continental; Case No. 3:98-cv-285-JWS
Defendant's Motion in Limine No. 2 to Exclude Evidence or Argument Relating to New, Unpleaded Claims of Purported Bad Faith

Page 6 of 11

Nonetheless, the Government now claims Continental acted in bad faith by delaying in paying that amount.

Even where a payment is indisputably owed, however, "[a]n insurer's failure to pay the 'undisputed amount' of the claim is not bad faith." <u>Aronson v. State Farm Ins. Co.</u>, 2000 WL 667285 *10 (C.D. Ca. 2000); <u>see</u> <u>Keefe v. Prudential Property and Cas. Ins. Co.</u>, 203 F.3d 218, 227 (3d Cir. 2000) ("we believe that an insurance company does not act in bad faith when it assumes that an insured desires settlement of the entire claim").  Further, the policy limits Continental voluntarily paid are not indisputably owed even now.  After the Ninth Circuit issued its opinion interpreting Alaska's doctrine of implied insurance, Continental argued on remand that the Government could not prevail even on coverage because its status as an insured was governed by federal, not state law.  <u>See</u> Dkt. 151 (filed on March 17, 2005).  Although the Court rejected that argument, Continental has a right to appeal that rejection -- and thus a right to challenge whether the United States is entitled to <u>any</u> recovery -- to this day.  <u>Jiminez v. Industrial Claim Appeals Office of State of Colo.</u>, 107 P.3d 965, 967 (Colo. App. 2003) (no bad faith in failing to pay even post-judgment:  "Resort to an appellate forum is not taken in bad faith when there is a reasonable basis for the legal challenge to payment of the claim.").  Continental was not obligated to pay <u>anything</u> until final judgment is entered -- which has not yet occurred -- but nonetheless voluntarily paid its policy limits pre-judgment, without demand, as a showing of good faith.  It cannot be cannot be penalized for doing so.[2]

---

[2] In any case, the Government has no conceivable damages as to its delayed payment of policy limits claim either.

USA v. Continental; Case No. 3:98-cv-285-JWS
Defendant's Motion in Limine No. 2 to Exclude Evidence or Argument Relating to New, Unpleaded Claims of Purported Bad Faith

Page 7 of 11

Finally, granting leave to amend would substantially interfere with these proceedings. On the basis of the Government's representations and the Court's prior order that only a claim for punitive damages remains in this case, the Court scheduled the trial in this matter to last just a single week. While that time allowance may be unduly optimistic (and even a trial limited to punitive damages may require several weeks), the length of trial will have to be substantially extended if the Government is permitted to put on evidence to support separate and previously undisclosed claims of bad faith. The submission of additional claims of bad faith to the jury may also require bifurcation of the bad faith and punitive damages portions of trial.

Accordingly, were the Government to attempt to amend its complaint, the Government's delay in asserting its new claims, the futility of the claims, the prejudice Continental would suffer from having new claims sprung on the eve of trial, and the interference with these proceedings amendment would occasion would preclude it from doing so.

C. <u>The Court should exclude evidence and argument that relates to the Government's new claims or other unpled theories of bad faith</u>

The Court should not permit the Government to add its new claims through the back door either. The issue for trial is whether Continental's denial of coverage was so outrageous that it warrants punitive damages. <u>See</u> <u>Weiford</u>, 831 P.2d at 1266 (requiring clear and convincing evidence of outrageous conduct for punitive damages); Dkt. 61 at 10 (to establish its "bad faith denial of coverage" claim, the Government "must show that the defendant-insurer lacked a reasonable basis for denying benefits of the policy and that the defendant-insurer had knowledge that no reasonable basis existed to deny the claim or acted in reckless disregard for the lack of a reasonable basis for denying the claim"). Only evidence that bears on the claim of

USA v. Continental; Case No. 3:98-cv-285-JWS
Defendant's Motion in Limine No. 2 to Exclude Evidence or Argument Relating to New, Unpled Claims of Purported Bad Faith

Page 8 of 11

bad faith *actually being litigated* -- i.e., a bad faith rejection of tender claim -- is admissible. Evidence of irrelevant acts of alleged bad faith are inadmissible as a matter of law. See Fed. R. Evid. 402, 403, 404(b); Aceves v. Allstate Ins. Co., 69 F.3d 1160, 1165-66 (9th Cir. 1995) (where only one of several bad faith claims goes to the jury, only the acts of bad faith that are relevant to the bad faith claim submitted to the jury are admissible; acts of bad faith that bear on other theories of bad faith are irrelevant and inadmissible); Peter v. The Progressive Corp., 2006 WL 438658 at *6 (Alaska 2006) (bad faith issue is whether insurer's tender rejection was made without a reasonable basis, and "questions raised as to particular practices of the insurance company 'have little or no relevance on that point'" (quoting Hillman v. Nationwide Mutual Fire Ins. Co., 855 P.2d 1321, 1324-26 (Alaska 1993)).  The Court should not permit the Government to confuse the jury with evidence and argument about new claims that do not exist or irrelevant actions that do not bear on the purported outrageousness of Continental's decision to reject the Government's tender.

## Conclusion

For the foregoing reasons, defendants respectfully request that the Court exclude all evidence or argument relating to any claims of bad faith other than the pleaded claim that defendants failed to defend and denied coverage in bad faith.  If, however, the Court is inclined to permit the Government to pursue its new claims, defendants request leave to file supplemental motions for summary judgment on such claims.

USA v. Continental; Case No. 3:98-cv-285-JWS
Defendant's Motion in Limine No. 2 to Exclude Evidence or Argument Relating to New, Unpleaded Claims of Purported Bad Faith

Page 9 of 11

DATED at Anchorage, Alaska, this 5th day of April, 2006.

GUESS & RUDD P.C.
Attorneys for Defendants


By:       S/Gary A. Zipkin
          Guess & Rudd P.C.
          510 L Street, Suite 700
          Anchorage, Alaska  99501
          Phone: 907-793-2200
          Fax:   907-793-2299
          Email: gzipkin@guessrudd.com
          Alaska Bar No. 7505048


QUINN EMANUEL URQUHART
  OLIVER & HEDGES, LLP
Attorneys for Defendants


By:    S/A. William Urquhart
       Quinn Emanuel Urquhart
        Oliver & Hedges, LLP
       865 South Figueroa
       Street, 10th Floor
       Los Angeles, CA  90017
       Phone: 1-213-443-3000
       Fax:   1-213-443-3100
       Email:
       billurquhart@quinnemanuel.com

USA v. Continental; Case No. 3:98-cv-285-JWS
Defendant's Motion in Limine No. 2 to Exclude Evidence or Argument Relating to New, Unpleaded Claims of Purported Bad Faith

Page 10 of 11

CERTIFICATE OF SERVICE
I hereby certify that on the
5th day of April, 2006, a copy
of the foregoing document was served
electronically on:

Richard L. Pomeroy, Esq.
Christopher Tayback, Esq.
A. William Urquhart, Esq.

and by regular U.S. mail on:

Richard Stone, Esq.
Civil Division, Torts Branch
U.S. Department of Justice
1331 Pennsylvania Avenue, N.W.
Washington, D.C.  20530

Guess & Rudd P.C.


By:    S/Gary A. Zipkin

USA v. Continental; Case No. 3:98-cv-285-JWS
Defendant's Motion in Limine No. 2 to Exclude Evidence or Argument Relating to New, Unpleaded Claims of Purported Bad Faith

Page 11 of 11