IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

---

UNITED STATES OF AMERICA,              )
                                       )
                        Plaintiff,     )
                                       )
    vs.                                )   No. A98-285 CV (JWS)
                                       )
CNA FINANCIAL CORPORATION AND THE      )
CONTINENTAL CASUALTY COMPANY d/b/a THE )
CONTINENTAL INSURANCE COMPANY,         )
                                       )
                        Defendant.     )

---

VIDEO-TAPED DEPOSITION UPON ORAL EXAMINATION

OF

DEBORAH SENN

---

9:08 A.M. - 12:18 P.M. & 1:21 P.M. - 5:07 P.M.

Wednesday, January 11, 2005

600 University Street, Suite 320

Seattle, Washington

LORRAINE M. MILLAY, CCR/RPR

EXHIBIT A
Page 1 of 3

SEATTLE DEPOSITION REPORTERS
www.seadep.com      (206)622-6661 * (800)657-1110   FAX: (206)622-6236
cfe5ee7e-209a-4c65-a406-a069d5297898

```
1      bad faith.  And in fact your own witness, Mr. -- not
2      Mr. Lohr, but your claims witness, Mr. --
3   Q  Wainscott?
4   A  -- Wainscott veers in his testimony that Continental had a
5      duty to defend the Kalstrom case.
6   Q  And I guess my question is, is there anything else about
7      what you believe Erin Finn's conduct that was wrong -- that
8      outrageous other than what you just identified?
9   A  On page 17 I discuss it.
10  Q  Yeah.  And nothing else besides that?
11  A  Well, I just, you know, I want to reiterate that --
12  Q  You don't understand.
13  A  Well, the case is over.
14  Q  I just want to foreclose.
15  A  You know, there was nothing to accept is not an excuse, is
16     not an excuse for failing to answer a tender.
17  Q  Well, all right.  Is there -- that's in here?  That's in
18     here; right?
19  A  Yeah, it's in it.
20  Q  Okay.  So my question is simply this, is there anything else
21     that's not in here?
22  A  No.  Not that comes to mind right now.
23  Q  Okay.  The -- with respect to the Kalstrom case, let me ask
24     you, do you know after the date that it was actually
25     tendered by the United States, do you know whether the
```

EXHIBIT A
Page 2 of 3

SEATTLE DEPOSITION REPORTERS
www.seadep.com      (206) 622-6661 * (800) 657-1110   FAX: (206) 622-6236
cfe5ee7e-209a-4c65-a406-a069d5297898

```
1    United States ever suffered any damage based on the lack of
2    response to that tender?
3            MR. STONE:  We would stipulate that the United
4    States did not.
5            MR. TAYBACK:  Okay.  I'll accept that stipulation.
6            THE WITNESS:  Okay.
7            MR. STONE:  All right.
8  Q (By Mr. Tayback)  Did -- okay.  The two other names I have
9    here are Friderici, and you've discussed him a little bit,
10   and I want to know if there's anything else.
11           There's the letters you've already discussed and you
12   don't need to discuss those again.  But if you need to to
13   respond, you should do so, but understanding that you've
14   already identified things you believe Mr. Friderici did that
15   was outrageous as outside counsel on behalf of Continental,
16   and I want to know if there's anything else that he did as
17   you sit here now and are prepared to testify was outrageous
18   in this case.
19 A Well, you know, I might want to fill in some of the facts
20   given your questions about Mr. Friderici.
21           You asked about his state of mind with regard to the
22   United States, and I saw a letter in here a moment ago that
23   I didn't reference in my testimony where he talked about
24   BBAHC and its employees being the United States.
25           So I, I would say my discussion of Mr. Friderici is
```