Gary A. Zipkin, Esq.
Guess & Rudd P.C.
510 L Street, Suite 700
Anchorage, AK  99501
Phone:	(907) 793-2200
Fax:	(907) 793-2299
E-mail:	gzipkin@guessrudd.com

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CNA FINANCIAL CORPORATION )<br>AND THE CONTINENTAL )<br>CASUALTY COMPANY d/b/a )<br>THE CONTINENTAL INSURANCE )<br>COMPANY, )<br>)<br>Defendants. )<br>_____ ) | Case No. 3:98-cv-285-JWS |

DEFENDANTS' MOTION IN LIMINE NO. 3 TO
EXCLUDE EVIDENCE OR ARGUMENT RELATING
<u>TO THE COURT'S PRIOR BAD FAITH RULINGS</u>

<u>Preliminary Statement</u>

The Court has ruled that Continental acted in bad faith when it rejected the

Government's tender of defense.  Dkt. 61; Dkt. 166.  Regardless of the merits of that ruling, it

USA v. Continental; Case No. 3:98-cv-285-JWS
Defendants' Motion in Limine No. 3 to Exclude Evidence or Argument Relating to the Court's Prior Bad Faith Rulings

Page 1 of 11

has no proper bearing on the issue to be determined by the jury. The question the jury will have to answer is whether the Government has proven <u>by clear and convincing evidence</u> that Continental acted <u>outrageously</u> when it rejected the Government's tender. The fact that the Government previously proved to the Court <u>by a preponderance of the evidence</u> that Continental acted <u>unreasonably</u> when it rejected the Government's tender is legally irrelevant to the jury issue.

   The undue prejudice that would result from references to the Court's ruling cannot be overstated. If the jury is told that the Court determined as a matter of law that Continental acted in bad faith and unreasonably, the jury will be much more likely to conclude that Continental also acted outrageously -- even though that is a different standard that must be <u>independently</u> established by clear and convincing proof. The Government has already received a damages award worth millions of dollars based on the Court's bad faith ruling. It should not be permitted to also use that ruling to bootstrap a punitive damages recovery that it could not otherwise obtain.

   If the Court permits any reference to its bad faith ruling at all, it should nonetheless preclude references to the miscellaneous factual observations made by the Court in its orders. The Court's factual observations and dicta are not binding as law of the case and therefore are totally irrelevant. Because the jury would very likely improperly defer to the Court's observations if exposed to them, dicta in the Court's orders are also prejudicial.

   Certainly, the Court should exclude its tentative summary judgment ruling. When the Court first addressed this case on summary judgment, it issued a written tentative ruling on September 4, 2001. Dkt. 57. The Court issued its final summary judgment ruling two weeks

USA v. Continental; Case No. 3:98-cv-285-JWS
Defendants' Motion in Limine No. 3 to Exclude Evidence or Argument Relating to the Court's Prior Bad Faith Rulings

Page 2 of 11

later, after oral argument, on September 18, 2001. Dkt. 61. Although the first ruling was expressly tentative and provisional, the United States may attempt to improperly rely on that ruling in its presentation to the jury. In fact, the United States has consistently cited to the tentative ruling in its briefs to the Court, including its most recent motion for summary judgment as to the Kallstrom re-tender. The Court should preclude the Government from citing to, displaying, or otherwise relying on the Court's tentative, non-final ruling at trial.

Argument

I. THE COURT SHOULD PRECLUDE ANY REFERENCE TO ITS RULING THAT CONTINENTAL ACTED IN BAD FAITH WHEN IT REJECTED THE GOVERNMENT'S TENDER

Any reference to the Court's bad faith ruling is likely to confuse the jury. Evidence of that ruling is far more prejudicial than probative, and should be excluded. Fed. R. Evid. 402, 403.

The only issue for the jury to decide is whether to award punitive damages because of Continental's rejection of tender. See Dkt. 87 at 6 (the Court ruling in June 2002 that "[t]he only remaining claim is the governments' claim for punitive damages, which was recently added in an amended complaint"); Dkt. 119 at 1 (the parties representing in a 2005 joint status report that the only issue left in the case is "[w]hether punitive damages should be awarded against Continental, and if so, in what amount"). The fact that the Court has found bad faith is legally irrelevant to that issue. That is because -- as the Alaska Supreme Court has decided -- the standards for bad faith and punitive damages are different. See, e.g., State Farm Mut. Auto. Ins. Co. v. Weiford, 831 P.2d 1264, 1267-1269 (Alaska 1992) (vacating punitive damage award, but

USA v. Continental; Case No. 3:98-cv-285-JWS
Defendants' Motion in Limine No. 3 to Exclude Evidence or Argument Relating to the Court's Prior Bad Faith Rulings

Page 3 of 11

finding that there was sufficient evidence to support a bad faith claim: "while there is some evidence which would justify a finding that State Farm was acting in bad faith, none of the evidence shows conduct which may fairly be categorized as outrageous").

As the Court recognized when it first adjudicated the Government's bad faith claim in 2001, the Government's burden on summary judgment was to "show that the defendant-insurer lacked a reasonable basis for denying benefits of the policy and that the defendant-insurer had knowledge that no reasonable basis existed to deny the claim or acted in reckless disregard for the lack of a reasonable basis for denying the claim." Dkt. 61 at 10 (emphasis added). However, to obtain punitive damages, the Government must show something completely different: instead of showing by a preponderance of the evidence that Continental lacked a reasonable basis for rejecting tender, the Government must show by "clear and convincing evidence" that Continental's tender rejection was "outrageous." Weiford, 831 P.2d at 1266 (affirming finding of bad faith, but reversing award of punitive damages); Chizmar v. Mackie, 896 P.2d 196, 210 (Alaska 1995).

The question whether Continental acted outrageously, like the question whether it acted in bad faith, must be assessed based on the circumstances as they existed when Continental rejected tender. See, e.g., Ramirez v. Transcontinental Ins. Co., 881 S.W.2d 818, 822 (Tex. App. 1994) ("Whether there is no reasonable basis for denial must be judged by the facts before the insurer at the time it handled the claim."); Miller v. Allstate Ins. Co., 1998 WL 937400 at *4, *6 (C.D. Cal. 1998). The fact that the Court ruled in 2005 that Continental "lacked a reasonable basis" is irrelevant to the question whether Continental acted "outrageously" a decade earlier when it rejected the Government's tender. Just as a subsequent ruling on coverage indicates

USA v. Continental; Case No. 3:98-cv-285-JWS
Defendants' Motion in Limine No. 3 to Exclude Evidence or Argument Relating to the Court's Prior Bad Faith Rulings

Page 4 of 11

nothing about bad faith, see, e.g., Paulson v. State Farm Mut. Auto. Ins. Co., 867 F. Supp. 911, 919 (C.D. Cal. 1994) ("The fact that . . . the arbitrator subsequently found that State Farm owed [the insured] the limit of his policy does not imply that State Farm acted in bad faith in the first instance"), the Court's ruling on reasonableness, issued based on affidavits years after tender was rejected, indicates nothing about whether Continental acted outrageously in light of the circumstances as they existed when it rejected tender.  Cf. Juicy Whip, Inc. v. Orange Bang, Inc., 2002 WL 32954976, at *5 (C.D. Cal. 2002) (granting motion for "an order excluding any reference to the prior finding of willful infringement" because that finding was "irrelevant and prejudicial to the issue of compensatory damages," which was the question for the jury).

The same logic applies to references to the Court's opinions.  If the Government is permitted to tell the jury (as it no doubt intends) that the "courts" have already found bad faith and the jury's job is just to decide how much money to award, the jury will likely conflate the legal distinctions between (1) unreasonableness and outrageousness and (2) clear and convincing evidence and preponderance of the evidence.  Once the jury learns of the Court's ruling on bad faith, it will likely presume that Continental must have acted outrageously -- after all, the Court already found that it acted in bad faith.  That would be an improper presumption, and that represents severe and undue prejudice.

If there is any probative value to the Court's finding of bad faith at all, it is substantially outweighed by the danger of undue prejudice and confusion of the issues.  Accordingly, the Court should preclude the Government and its witnesses from referring to the fact that the Court found bad faith or referencing, quoting from, or otherwise citing to the Court's rulings on bad faith.  See Fed. R. Evid. 402, 403; United States v. Ellis, 147 F.3d 1131, 1135 (9th

USA v. Continental; Case No. 3:98-cv-285-JWS
Defendants' Motion in Limine No. 3 to Exclude Evidence or Argument Relating to the Court's Prior Bad Faith Rulings

Page 5 of 11

Cir. 1998) (evidence should be excluded under Rule 403 "if its probative value is outweighed by unfair prejudice. . . . 'Unfair prejudice' refers to an 'undue tendency to suggest decision on an improper basis") (quoting 2 Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence, § 403.04[1][b] (2d ed. 1997)).  While defendants do not intend to argue that they did not act in bad faith, the Court's prior ruling that they did is irrelevant to the jury issue.

II.   IF THE COURT PERMITS ANY REFERENCE TO ITS BAD FAITH RULING, ONLY THE FACT OF THE RULING SHOULD BE ADMITTED

In the alternative, if the Court permits the Government to inform the jury of the Court's bad faith ruling, the Court should not allow references to any factual observations or dicta in the Court's orders.  Factual observations and dicta are not law of the case and are therefore irrelevant.  At the same time, they are highly prejudicial.

When the Court addressed bad faith on summary judgment in 2001, it summarily adjudicated the only bad faith claim pled by the Government -- in the Court's words, "a claim for bad faith denial of coverage."  Dkt. 61 at 10; see Dkt. 71 (the Government pleading a single claim of bad faith).  Applying the legal standard, the Court thus determined that Continental "lacked a reasonable basis for denying benefits of the policy" and "had knowledge that no reasonable basis existed to deny the claim or acted in reckless disregard for the lack of a reasonable basis for denying the claim."  Dkt. 61 at 10.  In light of that ruling and the Court's ruling last year, it is presently the law of the case that Continental acted in bad faith by unreasonably rejecting the Government's tender.

That, however, is the only aspect of the Court's ruling on bad faith that represents law of the case.  All other statements made by the Court about Continental's conduct, including

USA v. Continental; Case No. 3:98-cv-285-JWS
Defendants' Motion in Limine No. 3 to Exclude Evidence or Argument Relating to the Court's Prior Bad Faith Rulings

Page 6 of 11

any miscellaneous factual observations in the Court's orders, are non-binding dicta that do not constitute law of the case.  See Ducey v. United States, 830 F.2d 1071, 1072 (9th Cir. 1987) ("Dicta is not given preclusive effect under the law of the case doctrine in this circuit."); Milgard Tempering, Inc. v. Selas Corp. of America, 902 F.2d 703, 715 (9th Cir. 1990) ("A significant corollary to the [law of the case] doctrine is that dicta have no preclusive effect."); Russell v. C. I. R., 678 F.2d 782, 785 (9th Cir. 1982) ("Because the res judicata discussion in our prior Russell decision was dicta, it is not part of the law of the case."); Bernhardt v. Los Angeles County, 339 F.3d 920, 924 (9th Cir. 2003) (law of the case only applies to "legal issue[s]").  For example, the Court observed in its 2001 bad faith ruling that "[t]he United States was therefore clearly within the class intended to be benefitted by the policy."  Dkt. 61 at 8-9.  Putting aside that the Court retracted that statement in 2003 (see Dkt. 115 at 4 ("the Policy clearly did not embrace risks associated with insuring the United States")), the Court's statement about the parties' intent was both factual and dictum.  As such, it is not law of the case or binding.

   Since they are not binding, the miscellaneous factual observations in the Court's orders are irrelevant.  They are also patently prejudicial:  the jury will no doubt defer to the words of the Court, even where the jury is tasked with making its own factual determinations.  Therefore, even if the Court permits the Government to reference the Court's bad faith holding, the Government should not be permitted to introduce, display, or otherwise reference any other aspects of the Court's prior bad faith orders.  Fed. R. Evid. 402, 403.

USA v. Continental; Case No. 3:98-cv-285-JWS
Defendants' Motion in Limine No. 3 to Exclude Evidence or Argument Relating to the Court's Prior Bad Faith Rulings

Page 7 of 11

III.  IN ANY CASE, THE COURT SHOULD EXCLUDE ITS SEPTEMBER 4, 2001 TENTATIVE RULING

Finally, the Court should preclude all references to its tentative summary judgment ruling. Although the Court's September 4, 2001 ruling was filed in the docket, it expressly describes itself as a "preliminary order" that expresses "the court's tentative views" and "does not represent the court's final order." Dkt. 57 at 2. The Court significantly modified this tentative ruling when it issued its final order after oral argument on September 18, 2001. Dkt. 61. That September 18, 2001 order, unlike the earlier one, was intended to be "the court's final order." Dkt. 61 at 2. Like the earlier one, the final order recites that the earlier September 4, 2001 order was intended to be "preliminary," merely "expressing [the Court's] tentative views regarding how the pending motions should be resolved." Dkt. 61 at 1.

Nonetheless, the Government and its expert clearly intend to rely upon the Court's tentative ruling, and apparently even think it constitutes "law of the case." In its recent summary judgment filing, the Government cites to the tentative ruling almost exclusively for its recitation of the facts. Dkt. 227 at 3. And its expert, Deborah Senn, cites to the tentative ruling to illustrate the Court's "findings" in this case at least a dozen times in her report.[1] Of course, tentative rulings are not law of the case. See, e.g., Consumers Union of U.S., Inc. v. New Regina Corp., 664 F. Supp. 753, 760 (S.D.N.Y. 1987) (rulings that are "avowedly preliminary or tentative, do

---

[1] Senn Expert Report dated November 22, 2005, at 6, 9, 10, 12, 15, 16, 18, 20, Zipkin Decl. Ex. A.

USA v. Continental; Case No. 3:98-cv-285-JWS
Defendants' Motion in Limine No. 3 to Exclude Evidence or Argument Relating to the Court's Prior Bad Faith Rulings

Page 8 of 11

not trigger law of the case consequences"); <u>In re Estate of Walter</u>, 97 P.3d 188, 191 (Colo. App. 2003).

The Court's tentative ruling was substantially altered before it was finalized, and the contents of that tentative, non-final ruling are irrelevant. For the same reason discussed above, they are also potentially prejudicial: the jury will defer to the words of the Court, even if those words were ultimately removed from the order the Court intended to be final. Thus, the Court should preclude the Government from referencing, quoting from, or otherwise citing to the Court's irrelevant September 4, 2001 tentative ruling. <u>Fed. R. Evid.</u> 402, 403.

<u>Conclusion</u>

For the foregoing reasons, defendants respectfully request that the Court preclude all evidence, argument, testimony, and references to the Court's ruling on bad faith. In the alternative, defendants request that the Court preclude all evidence, argument, testimony and references to any aspects of that ruling other than the holding itself and to any portion of the Court's September 4, 2001 tentative ruling.

USA v. Continental; Case No. 3:98-cv-285-JWS
Defendants' Motion in Limine No. 3 to Exclude Evidence or Argument Relating to the Court's Prior Bad Faith Rulings

Page 9 of 11

DATED at Anchorage, Alaska, this 5th day of April, 2006.

        GUESS & RUDD P.C.
        Attorneys for Defendants


By:       S/Gary A. Zipkin
        Guess & Rudd P.C.
        510 L Street, Suite 700
        Anchorage, Alaska  99501
        Phone: 907-793-2200
        Fax:   907-793-2299
        Email: gzipkin@guessrudd.com
        Alaska Bar No. 7505048


        QUINN EMANUEL URQUHART
          OLIVER & HEDGES, LLP
        Attorneys for Defendants


By:    S/A. William Urquhart
        Quinn Emanuel Urquhart
         Oliver & Hedges, LLP
        865 South Figueroa
        Street, 10th Floor
        Los Angeles, CA  90017
        Phone: 1-213-443-3000
        Fax:   1-213-443-3100
        Email:
        billurquhart@quinnemanuel.com

USA v. Continental; Case No. 3:98-cv-285-JWS
Defendants' Motion in Limine No. 3 to Exclude Evidence or Argument Relating to the Court's Prior Bad Faith Rulings

Page 10 of 11

CERTIFICATE OF SERVICE
I hereby certify that on the
5th day of April, 2006, a copy
of the foregoing document was served
electronically on:

Richard L. Pomeroy, Esq.
Christopher Tayback, Esq.
A. William Urquhart, Esq.

and by regular U.S. mail on:

Richard Stone, Esq.
Civil Division, Torts Branch
U.S. Department of Justice
1331 Pennsylvania Avenue, N.W.
Washington, D.C. 20530

Guess & Rudd P.C.


By:     S/Gary A. Zipkin

USA v. Continental; Case No. 3:98-cv-285-JWS
Defendants' Motion in Limine No. 3 to Exclude Evidence or Argument Relating to the Court's Prior Bad Faith Rulings

Page 11 of 11