Gary A. Zipkin, Esq.
Guess & Rudd P.C.
510 L Street, Suite 700
Anchorage, AK  99501
Phone:     (907) 793-2200
Fax:        (907) 793-2299
E-mail:    gzipkin@guessrudd.com

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,         )<br>                                                          )<br>                        Plaintiff,            )<br>                                                          )<br>vs.                                                    )<br>                                                          )<br>CNA FINANCIAL CORPORATION )<br>AND THE CONTINENTAL            )<br>CASUALTY COMPANY d/b/a      )<br>THE CONTINENTAL INSURANCE )<br>COMPANY,                                      )<br>                                                          )<br>                        Defendants.        )<br>_____ ) | Case No. 3:98-cv-285-JWS |

DEFENDANTS' MOTION IN LIMINE NO. 4 TO
EXCLUDE EVIDENCE OR ARGUMENT REGARDING
DEFENDANTS' LITIGATION ASSERTIONS OR CONDUCT

Preliminary Statement

The issue properly before the jury is straightforward:  whether Continental acted

outrageously when it rejected the Government's tender.  The Government will likely try to

distract the jury from that question by talking about allegedly improper assertions defendants

USA v. Continental; Case No. 3:98-cv-285-JWS
Defendants' Motion in Limine No. 4 to Exclude Evidence or Argument Regarding Defendants' Litigation Assertions or Conduct

Page 1 of 5

have made in the context of this litigation. For example, the Government's expert, Deborah Senn, thinks it would be "a problem" if Continental Casualty Company tried to obtain an order of dismissal in its favor because, in her opinion, it is wrongful to use "corporate structure" to avoid liability -- and she will tell the jury so if permitted.[1] Of course, Continental Casualty has an absolute right to defend itself in litigation, including by moving for summary judgment. Defendants cannot be penalized in the eyes of the jury for protecting their rights in litigation. This case is about Continental's conduct <u>before</u> the lawsuit, not about the lawsuit itself. The Court should exclude any evidence or argument proffered by the Government about allegedly improper assertions made by defendants during litigation or other improper litigation conduct.

## **Argument**

I.  THE COURT SHOULD EXCLUDE ALL EVIDENCE OR ARGUMENT REGARDING ALLEGEDLY IMPROPER ASSERTIONS BY OR CONDUCT OF DEFENDANTS DURING LITIGATION

Defendants' litigation assertions are irrelevant to the underlying issues for the jury -- as to the "outrageousness" of Continental's tender rejection (or lack thereof), defendants' litigation assertions have no probative value. At the same time, discussion of such assertions in front of the jury could cause significant and undue prejudice. Therefore, such evidence is inadmissible. <u>Fed. R. Evid.</u> 402, 403.

---

[1] Deposition of Deborah Senn dated January 11, 2006 at 115:10-17, Zipkin Decl. Ex. A (Ms. Senn: "If Continental had dismissed -- tried to dismiss [CNA Financial] and [Continental Casualty] from this case, then I'd say there's a problem. The fact that [Continental Casualty] is in the case and Mr. Boysen has laid out that company's worth, I think it's not a problem. . . . Well, it is a problem now because Mr. Lohr has made an argument that I think is incorrect.").

USA v. Continental; Case No. 3:98-cv-285-JWS
Defendants' Motion in Limine No. 4 to Exclude Evidence or Argument Regarding Defendants' Litigation Assertions or Conduct

Page 2 of 5

Insurers no less than other defendants have the right to defend themselves in court. "Public policy favors the exclusion of evidence of an insurer's post-filing litigation conduct . . . [because] the introduction of such evidence hinders the right to defend and impairs access to the courts. . . . There is no need to penalize insurers when their attorneys represent them zealously within the bounds of litigation conduct. To allow a jury to find that an insurer acted in bad faith by zealously defending itself is to impose such a penalty." Palmer by Diacon v. Farmers Ins. Exchange, 861 P.2d 895, 914 (Mont. 1993); see Nies v. National Auto. & Casualty Ins. Co., 199 Cal. App. 3d 1192, 1201 (1988) ("insurers will be disabled from conducting a vigorous defense in a bad faith insurance action if their pleadings may be used to prove pre-existing bad faith . . . National had an absolute right to defend against plaintiff's claim. That right necessarily included the right to litigate the correctness of its original position . . . ."). In light of these public policy concerns, evidence of "purportedly bad faith litigation tactics" is inadmissible as a matter of law. Nies, 199 Cal. App. 3d at 1200; Palmer by Diacon, 861 P.2d at 916 (a jury cannot be allowed "to second guess Farmers' attorneys and to consider legitimate defense strategy and proper litigation tactics as evidence of bad faith"); California Physicians' Service v. Superior Court, 9 Cal. App. 4th 1321, 1330 (1992) (defensive pleading, "even though allegedly false, interposed in bad faith, or even asserted for inappropriate purposes, cannot be used as the basis for allegations of ongoing bad faith").

This rule is especially appropriate in Alaska. In other states, perhaps, an insurer's bad faith litigation conduct might go unremedied if insureds could not discuss that conduct in a bad faith case. Here, however, "Rule 82 already provides protection for the winning litigant who is forced to respond to an opponent's excessive efforts or bad faith litigation tactics." Reid v.

USA v. Continental; Case No. 3:98-cv-285-JWS
Defendants' Motion in Limine No. 4 to Exclude Evidence or Argument Regarding Defendants' Litigation Assertions or Conduct

Page 3 of 5

<u>Williams</u>, 964 P.2d 453, 463 (Alaska 1998); <u>Alaska R. Civ. P.</u> 82 (b)(3) (permitting courts to vary fees awards in light of "vexatious or bad faith conduct," among other factors).  There is hence no reason to consider litigation conduct as evidence of purported ongoing bad faith.

The actions an insurer "take[s] after an insured files suit are at best marginally probative of the insurer's decision to deny coverage." <u>Palmer by Diacon</u>, 861 P.2d at 915. Admitting evidence of such actions could, however, cause undue prejudice and confuse the jury. Therefore, all evidence of defendants' litigation conduct and assertions should be excluded.  <u>Fed. R. Evid.</u> 402, 403.

## **Conclusion**

For the foregoing reasons, defendants respectfully request that the Court exclude all evidence of allegedly improper assertions or conduct by defendants during litigation.

DATED at Anchorage, Alaska, this 5th day of April, 2006.

>GUESS & RUDD P.C.
>Attorneys for Defendants
>
>
>By:      S/Gary A. Zipkin
>      Guess & Rudd P.C.
>      510 L Street, Suite 700
>      Anchorage, Alaska  99501
>      Phone: 907-793-2200
>      Fax:   907-793-2299
>      Email: gzipkin@guessrudd.com
>      Alaska Bar No. 7505048

USA v. Continental; Case No. 3:98-cv-285-JWS
Defendants' Motion in Limine No. 4 to Exclude Evidence or Argument Regarding Defendants' Litigation Assertions or Conduct

Page 4 of 5

        QUINN EMANUEL URQUHART
         OLIVER & HEDGES, LLP
        Attorneys for Defendants


      By:    S/A. William Urquhart
         Quinn Emanuel Urquhart
          Oliver & Hedges, LLP
         865 South Figueroa
         Street, 10th Floor
         Los Angeles, CA  90017
         Phone: 1-213-443-3000
         Fax:   1-213-443-3100
         Email:
         billurquhart@quinnemanuel.com

CERTIFICATE OF SERVICE
I hereby certify that on the
5th day of April, 2006, a copy
of the foregoing document was served
electronically on:

Richard L. Pomeroy, Esq.
Christopher Tayback, Esq.
A. William Urquhart, Esq.

and by regular U.S. mail on:

Richard Stone, Esq.
Civil Division, Torts Branch
U.S. Department of Justice
1331 Pennsylvania Avenue, N.W.
Washington, D.C.  20530

Guess & Rudd P.C.


By:   S/Gary A. Zipkin

USA v. Continental; Case No. 3:98-cv-285-JWS
Defendants' Motion in Limine No. 4 to Exclude Evidence or Argument Regarding Defendants' Litigation Assertions or Conduct

Page 5 of 5