
Gary A. Zipkin, Esq.
Guess & Rudd P.C.
510 L Street, Suite 700
Anchorage, AK  99501
Phone:	(907) 793-2200
Fax:	(907) 793-2299
E-mail:	gzipkin@guessrudd.com

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CNA FINANCIAL CORPORATION AND THE CONTINENTAL CASUALTY COMPANY d/b/a THE CONTINENTAL INSURANCE COMPANY,<br><br>Defendant. | Case No. 3:98-cv-285-JWS |

DEFENDANTS' MOTION IN LIMINE NO. 6 TO EXCLUDE
EVIDENCE OR ARGUMENT REGARDING THE WEALTH OF
CONTINENTAL CASUALTY COMPANY AND/OR CNA FINANCIAL CORPORATION

Preliminary Statement

The Government intends to introduce evidence about the wealth of Continental Casualty Company, and perhaps CNA Financial Corporation as well.  The Court should exclude all such evidence.  Continental Casualty is not liable for bad faith, and CNA Financial has

USA v. Continental; Case No. 3:98-cv-285-JWS
Defendant's Motion in Limine No. 6 to Exclude Evidence of Argument Regarding Wealth

Page 1 of 4

already been dismissed from this case.  These entities' financial information is, therefore, irrelevant and inadmissible.

## Argument

I. FINANCIAL INFORMATION ABOUT COMPANIES THAT HAVE NO LIABILITY IS INADMISSIBLE

Financial information is admissible only to the extent it shows ability to pay. Norcon, Inc. v. Kotowski, 971 P.2d 158, 175 (Alaska 1999); Herman v. Sunshine Chemical Specialities, Inc., 133 N.J. 329, 345 (New Jersey 1993) (for the purpose of assessing punitive damages, "'financial condition' roughly means ability to pay").  Where an entity has no liability, its ability to pay, and hence its financial condition, is irrelevant.

The same is true where a defendant is owned by another entity.  Financial information relating to a defendant's parent company or corporate affiliate is inadmissible unless the affiliate is itself liable for punitive damages.  United Tech. Corp. v. American Home Assur. Co., 118 F. Supp. 2d 174, 180 (D. Conn. 2000) (it is improper to use a parent company's net worth to assess punitive damages against subsidiary); Walker v. Signal Companies, Inc., 84 Cal. App. 3d 982, 1002 (1978) (upholding exclusion of parent company's annual reports in action for damages against subsidiary where there was no alter ego showing); Tomaselli v. Transamerica Ins. Co., 25 Cal. App. 4th 1269, 1282-85 (1994).  This rule is based on straightforward logic:  "A verdict for punitive damages against a defendant based on the wealth of someone else is plain error."  Cap Gemini America, Inc. v. Judd & Software Synergy, Inc., 597 N.E. 2d 1272, 1286 (Ind. 1992) (evidence regarding financial condition of parent company is inadmissible); see Tomaselli, 25 Cal. App. 4th at 1285 (plaintiff must show that an injustice would result "if the

USA v. Continental; Case No. 3:98-cv-285-JWS
Defendant's Motion in Limine No. 6 to Exclude Evidence of Argument Regarding Wealth

Page 2 of 4

punitive damage award were limited to a percentage of [defendant's] value rather than that of the parent company").

Here, CNA Financial has already been dismissed as a defendant. Dkt. 23. As set forth in its motion for summary judgment, Continental Casualty also is not liable for bad faith or punitive damages as a matter of law because it has no contractual relationship with the United States. Dkt. 237. Since CNA Financial and Continental Casualty do not have any potential liability of their own, their financial information is irrelevant and inadmissible.

### Conclusion

For all of the above reasons, the Court should exclude all evidence and argument regarding the wealth of Continental Casualty Company and/or CNA Financial Corporation.

DATED at Anchorage, Alaska, this 5th day of April, 2006.

GUESS & RUDD P.C.
Attorneys for Defendants

By: _____S/Gary A. Zipkin_____
    Guess & Rudd P.C.
    510 L Street, Suite 700
    Anchorage, Alaska 99501
    Phone: 907-793-2200
    Fax:   907-793-2299
    Email: gzipkin@guessrudd.com
    Alaska Bar No. 7505048

USA v. Continental; Case No. 3:98-cv-285-JWS
Defendant's Motion in Limine No. 6 to Exclude Evidence of Argument Regarding Wealth

Page 3 of 4

QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP
Attorneys for Defendants

By:    S/A. William Urquhart
      Quinn Emanuel Urquhart
       Oliver & Hedges, LLP
      865 South Figueroa
      Street, 10th Floor
      Los Angeles, CA 90017
      Phone: 1-213-443-3000
      Fax:  1-213-443-3100
      Email:
      billurquhart@quinnemanuel.com

F:\DATA\6024\1\Pleading\68 Mtn Lim #6.DOC

CERTIFICATE OF SERVICE
I hereby certify that on the
5th day of April, 2006, a copy
of the foregoing document was served
electronically on:

Richard L. Pomeroy, Esq.
Christopher Tayback, Esq.
A. William Urquhart, Esq.

and by regular U.S. mail on:

Richard Stone, Esq.
Civil Division, Torts Branch
U.S. Department of Justice
1331 Pennsylvania Avenue, N.W.
Washington, D.C. 20530

Guess & Rudd P.C.


By:    S/Gary A. Zipkin

USA v. Continental; Case No. 3:98-cv-285-JWS
Defendant's Motion in Limine No. 6 to Exclude Evidence of Argument Regarding Wealth