Gary A. Zipkin, Esq.
Guess & Rudd P.C.
510 L Street, Suite 700
Anchorage, AK  99501
Phone:     (907) 793-2200
Fax:         (907) 793-2299
E-mail:     gzipkin@guessrudd.com

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,          )<br>                                                            )<br>                        Plaintiff,           )<br>                                                            )<br>vs.                                                      )<br>                                                            )<br>CNA FINANCIAL CORPORATION )<br>AND THE CONTINENTAL              )<br>CASUALTY COMPANY d/b/a        )<br>THE CONTINENTAL INSURANCE )<br>COMPANY,                                       )<br>                                                            )<br>                        Defendants.        )<br>_____)  | Case No. 3:98-cv-285-JWS |

DEFENDANTS' MOTION IN LIMINE NO. 9 TO
EXCLUDE EVIDENCE ABOUT OR REFERENCES TO THE
DESTINATION OF ANY PUNITIVE DAMAGES AWARDED BY THE JURY

Preliminary Statement

The Government may try to unfairly persuade the jury to award punitive damages

by telling the jury that its award, if any, will go into the United States Treasury.  That fact is

USA v. Continental; Case No. 3:98-cv-285-JWS
Defendants' Motion in Limine No. 9 to Exclude Evidence About or References to the Destination of any Punitive Damages Awarded by the Jury

Page 1 of 5

irrelevant. The United States certainly is not entitled to any greater award than a private plaintiff would be. Jurors, however, could be influenced in their decision-making process if they are told their award will go to the same place their taxes go. If the Government tells them their award will be used for tax refunds or to help reduce the United States' budget deficit, the prejudice to defendants would be even more extreme. References to the fact that any award will go to the Treasury, or any related statements about how funds awarded by the jury will be used, can serve no proper purpose, are prejudicial, and should be precluded.

Argument

I.  THE COURT SHOULD EXCLUDE ALL EVIDENCE ABOUT AND REFERENCES TO THE DESTINATION OF ANY PUNITIVE DAMAGES AWARDED BY THE JURY

What the Government chooses to do with any punitive damages it recovers is irrelevant. The threshold question in deciding whether to award punitive damages is whether the defendant's conduct is "outrageous." Mitchell v. Heinrichs, 27 P.3d 309, 312 (Alaska 2001). If the jury finds Continental's conduct to be outrageous, it may consider the magnitude and flagrancy of the wrong committed, the importance of the policy violated, the amount of compensatory damages, and Continental's wealth in deciding how much money to award. Pletnikoff v. Johnson, 765 P.2d 973, 979 (Alaska 1988). Whether its award will go to the Treasury or somewhere else, however, is not a relevant question, and evidence on that issue should be excluded. Fed. R. Evid. 402.

If the Government were to refer to such matters, its obvious intention would be to prejudice defendants -- and distract the jury -- by implying that finding for the Government

USA v. Continental; Case No. 3:98-cv-285-JWS
Defendants' Motion in Limine No. 9 to Exclude Evidence About or References to the Destination of any Punitive Damages Awarded by the Jury

Page 2 of 5

would somehow benefit the jurors as taxpayers, or that it represents the jurors' duty as citizens of the United States. The Court should preclude the Government from making such a facially improper and prejudicial argument at trial. Fed. R. Evid. 403; Tucker v. Zant, 724 F.2d 882, 890 (11th Cir. 1984) (it is improper to attempt "to influence jurors by appealing to their pocketbooks"); People v. American Medical Centers of Michigan, Ltd., 324 N.W.2d 782, 793 (Mich. App. 1982) (improper to appeal to jurors' pocketbooks by stating that Medicaid is funded by jurors' tax money in Medicaid fraud case); City of Springfield v. Thompson Sales Co., 71 S.W.3d 597, 600-01 (Mo. 2002) (granting mistrial because city attorney improperly appealed to jurors' pocketbooks: "it is evident that the appeal to the jurors' concern about their taxes cannot not be cured by a mere sustaining of the [defendant's] objection, and that, on these particular facts, a mistrial was required.").

## Conclusion

For the foregoing reasons, defendants respectfully request that the Court exclude all evidence about and references to the destination of any punitive damages awarded by the jury.

USA v. Continental; Case No. 3:98-cv-285-JWS
Defendants' Motion in Limine No. 9 to Exclude Evidence About or References to the Destination of any Punitive Damages Awarded by the Jury

Page 3 of 5

DATED at Anchorage, Alaska, this 5th day of April, 2006.

       GUESS & RUDD P.C.
       Attorneys for Defendants


By:   S/Gary A. Zipkin
    Guess & Rudd P.C.
    510 L Street, Suite 700
    Anchorage, Alaska  99501
    Phone: 907-793-2200
    Fax:   907-793-2299
    Email: gzipkin@guessrudd.com
    Alaska Bar No. 7505048


       QUINN EMANUEL URQUHART
        OLIVER & HEDGES, LLP
       Attorneys for Defendants


By:  S/A. William Urquhart
    Quinn Emanuel Urquhart
     Oliver & Hedges, LLP
    865 South Figueroa
    Street, 10th Floor
    Los Angeles, CA  90017
    Phone: 1-213-443-3000
    Fax:   1-213-443-3100
    Email: billurquhart@quinnemanuel.com

F:\data\6024\1\pleading\75 Mtn Lim #9.DOC

USA v. Continental; Case No. 3:98-cv-285-JWS
Defendants' Motion in Limine No. 9 to Exclude Evidence About or References to the Destination of any Punitive Damages Awarded by the Jury

Page 4 of 5

CERTIFICATE OF SERVICE
I hereby certify that on the
5th day of April, 2006, a copy
of the foregoing document was served
electronically on:

Richard L. Pomeroy, Esq.
Christopher Tayback, Esq.
A. William Urquhart, Esq.

and by regular U.S. mail on:

Richard Stone, Esq.
Civil Division, Torts Branch
U.S. Department of Justice
1331 Pennsylvania Avenue, N.W.
Washington, D.C.  20530

Guess & Rudd P.C.


By:_____S/Gary A. Zipkin_____

USA v. Continental; Case No. 3:98-cv-285-JWS
Defendants' Motion in Limine No. 9 to Exclude Evidence About or References to the Destination of any Punitive Damages Awarded by the Jury

Page 5 of 5