Gary A. Zipkin, Esq.
Guess & Rudd P.C.
510 L Street, Suite 700
Anchorage, AK  99501
Phone:     (907) 793-2200
Fax:        (907) 793-2299
E-mail:    gzipkin@guessrudd.com

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,             )<br>                                                              )<br>               Plaintiff,                         )<br>                                                              )<br>vs.                                                       )<br>                                                              )<br>CNA FINANCIAL CORPORATION  )<br>AND THE CONTINENTAL              )<br>CASUALTY COMPANY d/b/a        )<br>THE CONTINENTAL INSURANCE )<br>COMPANY,                                      )<br>                                                              )<br>               Defendants.                    )<br>_____)  | Case No. 3:98-cv-285-JWS |

DEFENDANTS' MOTION IN LIMINE NO. 10 TO
BIFURCATE TRIAL AND TO PRECLUDE INTRODUCTION
OF EVIDENCE OF DEFENDANTS' WEALTH IN PHASE ONE

Preliminary Statement

Although the Court has summarily adjudicated bad faith, liability for punitive

damages is a question for the jury.  Continental respectfully requests that the Court bifurcate the

USA v. Continental; Case No. 3:98-cv-285-JWS
Defendants' Motion in Limine No. 10 to Bifurcate Trial and to Preclude Introduction of Evidence of Defendants'
Wealth in Phase One

Page 1 of 7

issues of liability for punitive damages from the amount of such damages, if any. Bifurcation of the liability and damages phases for punitive damages trials is both routine and efficient. Because the Court can, through bifurcation, limit evidence of Defendants' wealth to phase two, bifurcation will also avoid significant and undue prejudice to Defendants.

Allowing the jury to render a verdict on whether Continental's conduct was "outrageous" before it turns to the amount of any award will ensure that the jury is not confused or biased by the presentation of Continental's financial information when deciding whether Continental's underlying conduct merits punitive damages in the first place. If the jury decides that Continental's conduct rose to the level of outrageousness, Defendants' financial information can be presented to the same jury panel in a half or one day proceeding, and the jury can than decide the amount of its award. If, on the other hand, the jury concludes that Defendants are not liable for punitive damages at all, the time-consuming and prejudicial introduction of financial information can be avoided altogether.

## **Argument**

I.   COURTS ROUTINELY BIFURCATE THE LIABILITY AND DAMAGES PHASE OF A PUNITIVE DAMAGES TRIAL

Federal Rule of Civil Procedure 42(b) provides that "[t]he court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of . . . any separate issue." The decision to bifurcate rests within the sound discretion of the trial court. See Davis & Cox v. Summa Corp., 751 F.2d 1507, 1517 (9th Cir. 1985); Hirst v. Gertzen, 676 F.2d 1252, 1261 (9th Cir. 1982).

USA v. Continental; Case No. 3:98-cv-285-JWS
Defendants' Motion in Limine No. 10 to Bifurcate Trial and to Preclude Introduction of Evidence of Defendants' Wealth in Phase One

Page 2 of 7

One commonly bifurcated issue is the amount of punitive damages. Federal courts routinely bifurcate for trial the question of whether a defendant's conduct warrants an award of punitive damages from the determination of the amount of such an award. See, e.g., Smith v. Lightening Bolt Prods., Inc., 861 F.2d 363, 374 (2d Cir. 1988) ("[T]he preferred method of accommodating various interests is to delay trial as to the amount of an award of punitive damages until the usual issues of liability and compensatory damages have been tried, along with the matter of whether the defendant's conduct warrants any award of punitive damages at all"); Baker v. Equifax Credit Information Services, Inc., 1998 WL 101829, at *2 (D. Kan. 1998) (liability for punitive damages should be bifurcated from the amount of such damages: "the first phase of the trial should determine defendant's liability for . . . punitive damages; and that if the jury finds liability for punitive damages, the parties will immediately move forward . . . in determining the amount"); State Farm Fire & Caus. Co. v. Woods, 896 F. Supp. 658, 660 (E.D. Tex. 1995).

II. **BIFURCATION IS APPROPRIATE HERE BECAUSE IT IS NECESSARY TO AVOID UNDUE PREJUDICE TO DEFENDANTS, IS EFFICIENT, AND WILL NOT PREJUDICE THE UNITED STATES**

It is only through bifurcation that severe and undue prejudice to Defendants can be avoided. Further, there is no downside to bifurcation -- it will not prejudice the United States and is efficient.

As a matter of both due process and Alaska law, Continental's wealth is irrelevant to the primary (and first) question the jury has to address: whether punitive damages should be awarded at all. Shane v. Rhines, 672 P.2d 895, 900 (Alaska 1983) ("When examining a

USA v. Continental; Case No. 3:98-cv-285-JWS
Defendants' Motion in Limine No. 10 to Bifurcate Trial and to Preclude Introduction of Evidence of Defendants' Wealth in Phase One

Page 3 of 7

defendant's conduct to determine whether punitive damages are appropriate, it should make no difference that the party is wealthy or impoverished."); State Farm Mutual Auto Ins. Co. v. Campbell, 538 U.S. 408, 427 (2003) ("The wealth of a defendant cannot justify an otherwise unconstitutional punitive damages award."). While legally irrelevant, however, evidence of Defendants' wealth can improperly induce a jury to award punitive damages for the wrong reasons, as courts have repeatedly observed. See, e.g., Lightening Bolt Prods., 861 F.2d at 373-374; Las Palmas Assocs. v. Las Palmas Ctr. Assocs., 235 Cal. App. 3d 1220, 1231 (1991) (citing the "presumption that evidence of defendant's wealth can induce fact finders to abandon their objectivity and return a verdict based on passion and prejudice."). The introduction of evidence of Defendants' wealth while the jury is deciding liability would likely confuse the jury about the relevant issues and thus prejudice Defendants. How much money Defendants have is irrelevant to how bad Defendants' conduct was.

      This prejudice can easily be avoided by bifurcating trial and allowing the jury to come to a decision about whether Continental's conduct was outrageous before any financial evidence is presented. See Hamm v. Potamkin, 1999 WL 249721, at *1-2 (S.D.N.Y. 1999) (issues of punitive damages should normally be bifurcated from issues of liability so that proof of wealth is not admitted before liability is decided); see also Shane v. Rhines, 672 P.2d 895, 902 (Alaska 1983) (Compton, C.J., concurring) ("The issue of the proper amount of punitive damages to award can simply be bifurcated from the other issues in the case. In this fashion, the liability issues could be determined without the possibility of the jury's decision being tainted by evidence of the defendant's wealth."). Indeed, Alaska law requires bifurcation for precisely this reason. See AS 09.17.020 (mandating that the questions "whether punitive damages shall be

USA v. Continental; Case No. 3:98-cv-285-JWS
Defendants' Motion in Limine No. 10 to Bifurcate Trial and to Preclude Introduction of Evidence of Defendants' Wealth in Phase One

Page 4 of 7

allowed" and "the amount of punitive damages to be awarded" be determined in separate proceedings).

At the same time, bifurcation will not prejudice the United States or create any inefficiency. "If the jury decides in the first phase of the trial that an award of punitive damages is appropriate, a second phase of the trial, using the same jury, could then be held to determine the proper amount of the award." Shane, 672 P.2d at 902 (Compton, C.J., concurring). By the close of phase one, the jury will already be familiar with the facts of the case, and phase two would therefore require no longer than a day -- however long it takes to introduce net worth evidence and make arguments about the appropriate amount of any award.

If, however, the United States does not show that Continental's conduct was outrageous, phase two of the trial, and introduction of Defendants' financial information, could be wholly avoided. Thus, bifurcation is "conducive to expedition and economy" under Federal Rule 42(b). See also Shane, 672 P.2d at 902 (Compton, C.J., concurring) ("The minimal additional costs and delay entailed by using this procedure would clearly be outweighed by the benefits that it would confer in ensuring that the interests of justice are fulfilled").

## Conclusion

For the foregoing reasons, Defendants respectfully requests that the Court bifurcate the trial into separate phases for liability and damages, and preclude the introduction of evidence of Defendants' financial status during the liability phase.

USA v. Continental; Case No. 3:98-cv-285-JWS
Defendants' Motion in Limine No. 10 to Bifurcate Trial and to Preclude Introduction of Evidence of Defendants' Wealth in Phase One

Page 5 of 7

DATED at Anchorage, Alaska, this 5th day of April, 2006.

        GUESS & RUDD P.C.
        Attorneys for Defendants


By:       S/Gary A. Zipkin
      Guess & Rudd P.C.
      510 L Street, Suite 700
      Anchorage, Alaska 99501
      Phone: 907-793-2200
      Fax: 907-793-2299
      Email: gzipkin@guessrudd.com
      Alaska Bar No. 7505048


        QUINN EMANUEL URQUHART
          OLIVER & HEDGES, LLP
        Attorneys for Defendants


By:    S/A. William Urquhart
      Quinn Emanuel Urquhart
       Oliver & Hedges, LLP
      865 South Figueroa
      Street, 10th Floor
      Los Angeles, CA 90017
      Phone: 1-213-443-3000
      Fax: 1-213-443-3100
      Email:
      billurquhart@quinnemanuel.com

USA v. Continental; Case No. 3:98-cv-285-JWS
Defendants' Motion in Limine No. 10 to Bifurcate Trial and to Preclude Introduction of Evidence of Defendants' Wealth in Phase One

Page 6 of 7

CERTIFICATE OF SERVICE

I hereby certify that on the
5th day of April, 2006, a copy
of the foregoing document was served
electronically on:

Richard L. Pomeroy, Esq.
Christopher Tayback, Esq.
A. William Urquhart, Esq.

and by regular U.S. mail on:

Richard Stone, Esq.
Civil Division, Torts Branch
U.S. Department of Justice
1331 Pennsylvania Avenue, N.W.
Washington, D.C.  20530

Guess & Rudd P.C.


By:     S/Gary A. Zipkin

USA v. Continental; Case No. 3:98-cv-285-JWS
Defendants' Motion in Limine No. 10 to Bifurcate Trial and to Preclude Introduction of Evidence of Defendants' Wealth in Phase One

Page 7 of 7