Gary A. Zipkin, Esq.
Guess & Rudd P.C.
510 L Street, Suite 700
Anchorage, AK  99501
Phone:    (907) 793-2200
Fax:        (907) 793-2299
E-mail:    gzipkin@guessrudd.com

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,            )<br>                                                              )<br>            Plaintiff,            )<br>                                                              )<br>vs.                                                       )<br>                                                              )<br>CNA FINANCIAL CORPORATION    )<br>AND THE CONTINENTAL                 )<br>CASUALTY COMPANY d/b/a            )<br>THE CONTINENTAL INSURANCE    )<br>COMPANY,                                         )<br>                                                              )<br>            Defendants.            )<br>_____)  | Case No. 3:98-cv-285-JWS |

DEFENDANTS' MOTION IN LIMINE
NO. 11 TO ENFORCE DAMAGES STIPULATIONS

Preliminary Statement

During depositions of the United States' designated Rule 30(b)(6) representative and bad faith expert, defendants attempted to take discovery on the United States' damages claims (and the evidence the United States possesses to support those claims). When defendants

probed this area, the Government repeatedly offered to stipulate to specified limitations about its damages -- stipulate, for example, that it was not injured by Continental's failure to accept the Kallstrom re-tender in late 2001. Based on those stipulations, defendants did not pursue those areas of inquiry further.

When defendants sent the Government a document formally memorializing those stipulations, however, the Government refused to sign. The Court should not condone this gamesmanship. Instead, the Court should enforce the stipulations and agreements to stipulate the Government made on the record at deposition to foreclose questioning by defendants.

## **Argument**

I.   THE COURT SHOULD ENFORCE THE GOVERNMENT'S DAMAGES STIPULATIONS

At deposition, the Government stipulated or agreed to stipulate to three facts about its damages. The Court should enforce those stipulations now.

A.   No *Kallstrom* re-tender damages

First, the Government stipulated during the deposition of its expert that it was not injured by Continental's failure to respond to its re-tender of the Kallstrom claim in late 2001:

> Q   Okay. The -- with respect to the Kalstrom case, let me ask you, do you know after the date that it was actually tendered by the United States, do you know whether the United States ever suffered any damage based on the lack of response to that tender?
>
> MR. STONE:  We would stipulate that the United States did not.

>MR. TAYBACK: Okay. I'll accept that stipulation.
>
>THE WITNESS: Okay.
>
>MR. STONE: All right.[1]

Based on that stipulation, defendants did not inquire further on that topic. Defendants did, however, start to question the Government's designated Rule 30(b)(6) witness on the subject. At that time, the Government confirmed its stipulation:

>Q. It's true, isn't it, that -- that after the Kallstrom case was tendered in October of 2001, the government incurred no additional expenses or costs in defending Kallstrom?
>
>MR. STONE: We have stipulated to that.
>
>MR. TAYBACK: Yeah.
>
>THE WITNESS: Sure. It's true then.[2]

In light of that stipulation, defendants once again did not inquire further.

On March 1, 2006, after these depositions concluded, Continental asked the Government to sign a formal stipulation reflecting the parties' agreement. Consistent with the stipulation on the record, Continental's proposed stipulation read: "Because there were no

---

[1] Deposition of Deborah Senn dated January 11, 2006 at 169:23-170:7, Zipkin Decl. Ex. A.

[2] Deposition of Susan Lindquist (the Government's Rule 30(b)(6) witness) dated February 9, 2006 at 104:12-18, Zipkin Decl. Ex. B.

ongoing litigation activities in the Kallstrom case, the United States did not suffer any damages, and was not harmed in any way, including defense costs, by Continental's failure to respond to the United States' tender of the claims in the Kallstrom case in 2001."[3] The Government refused to sign this stipulation. Instead, on March 27, 2006, almost a month later, the Government said it would stipulate only that: "The United States will not introduce any evidence that its defense costs for the Kallstrom appeal were increased by Continental's failure to respond to the United States' retender of the Kallstrom appeal defense in October 2001."[4] Of course, agreeing not to introduce evidence of damages and stipulating that there were no damages are two very different things.

     B.     No increase in underlying settlement amount

During these depositions, defendants also started to question the Government about the amount of its underlying settlement with the Wilsons. At the Rule 30(b)(6) deposition, the Government indicated it would stipulate to what the evidence shows--that nothing Continental did increased the amount of the its settlement with the Wilsons:

> Q.    It's true, isn't it, that -- that nothing about Continental's handling of the United States' tenders to it caused the United States to pay more to the Wilsons than they otherwise would have?
>
> A.    I don't know.

---

[3] Stipulation Regarding Damages, Zipkin Decl. Ex. C.

[4] Email from Richard Stone, Esq. to Dylan Proctor, Esq. dated March 27, 2006 (emphasis added), Zipkin Decl. Ex. D.

      MR. STONE:  We may be able to enter into a stipulation about that, if you ask.

      MR. TAYBACK:  Okay.  I would -- I would ask.  I'm asking.

      MR. STONE:  Put it in writing.

      MR. TAYBACK:  Okay.  I will put it in writing.

      MR. STONE:  Yeah.  So we know exactly what we're --

      MR. TAYBACK:  Sure.

      MR. STONE:  -- trying to stipulate to.

      MR. TAYBACK:  Sure.

      MR. STONE:  I believe that's an accurate statement --

      MR. TAYBACK:  Okay.

      MR. STONE:  -- actually but --

      MR. POMEROY:  Or that the case ultimately would not -- I mean, would have settled for the same amount.  Now what the United States --

      MR. STONE:  We don't know the answer to that.

      MR. POMEROY:  -- would have paid versus a tender to Continental under the policy versus --

      MR. STONE:  Yeah.  We need to know what your stipulation says --

      MR. TAYBACK:  Okay.

>MR. STONE: -- before we can deal with that.
>
>MR. TAYBACK: Okay. I'll -- I'll write something up.[5]

Based on the Government's representations, defendants did not inquire into this topic further.

However, when defendants sent the Government the formal stipulation, the Government refused to sign. Even though counsel agreed on the record to stipulate that the case against the Wilsons "would have settled for the same amount" but for Continental's allegedly wrongful conduct, the Government refused to formally stipulate that "The United States settled the underlying Federal Tort Claims Act case brought by the Wilsons for $2.8 million. Continental's rejection of the United States' tenders did not increase the amount of that settlement. Even if Continental had accepted the United States' first tender, the amount of the eventual settlement with the Wilsons would have been the same."[6] Instead, counsel indicated that he was "not authorized to stipulate" to that fact.[7]

    C.    <u>No injury other than settlement payment and defense costs</u>

Finally, defendants also started to question the Government about the ways in which it purportedly was injured by Continental. At the expert deposition, the Government indicated it would stipulate that it was not injured at all aside from the amount of its settlement with the Wilsons and defense costs:

---

[5] Lindquist Tr. at 105:20-107:2, Zipkin Decl. Ex. B.

[6] Stipulation Regarding Damages, Zipkin Decl. Ex. C.

[7] Email from Richard Stone, Esq. to Dylan Proctor, Esq. dated March 27, 2006, Zipkin Decl. Ex. D.

Q    There is No. 1, so for "the likelihood at the time of the conduct that serious harm would arise from the defendant's conduct." Can you tell me how or who was harmed and how based on the defendant's rejection?

MR. STONE: Can I offer you a stipulation on that?

MR. TAYBACK: Sure.

MR. STONE: The United States doesn't contend that there was serious harm other than the contention that Continental should have paid the 2.8 million for the settlement and the cost of the defense.

MR. TAYBACK: Okay. I'll take that stipulation.

THE WITNESS: Well, I'll -- can I disagree with my own counsel a little bit?

MR. STONE: Yeah. Go ahead.

THE WITNESS: Because on page 3 of my testimony I talk about the availability and integrity of insurance which is essential to our modern economy, and I think that -- where is those -- I'm sorry. Where are those standards again, what page?

MR. POMEROY: Six.

THE WITNESS: Six. I think that --

Q    (By Mr. Tayback) Oh, yeah. Standards are six and seven.

> A    I think that I certainly could talk about and have talked about the serious harm that would arise from allowing this kind of conduct by an insurance company.
>
> MR. STONE: I stand corrected. She's the expert.
>
> MR. TAYBACK: Okay. So you withdraw your stipulation?
>
> MR. STONE: But I will work out a stipulation as to how -- I think the thrust of your questioning here is whether the United States had some harm other than the cost of the litigation below and the paying of the --
>
> MR. TAYBACK: That is thrust of my question.
>
> MR. STONE: We can work out a stipulation on that, I believe.[8]

However, when defendants asked the Government to formally stipulate that "Aside from the amount of the settlement with the Wilsons and defense costs, the United States has not been injured by Continental's conduct in any way,"[9] the Government once again indicated, a month later, that it was "not authorized to stipulate" to that fact.[10]

---

[8] Senn Tr. at 209:22-211:7, Zipkin Decl. Ex. A.

[9] Stipulation Regarding Damages, Zipkin Decl. Ex. C.

[10] Email from Richard Stone, Esq. to Dylan Proctor, Esq. dated March 27, 2006, Zipkin Decl. Ex. D.

**Conclusion**

The Court should not condone the Government's gamesmanship. Defendants respectfully request that the Court instruct the jury that the following facts are indeed undisputed:

(1)  The United States settled the underlying Federal Tort Claims Act case brought by the Wilsons for $2.8 million. Continental's rejection of the United States' tenders did not increase the amount of that settlement. Even if Continental had accepted the United States' first tender, the amount of the eventual settlement with the Wilsons would have been the same.

(2)  Because there were no ongoing litigation activities in the <u>Kallstrom</u> case, the United States did not suffer any damages, and was not harmed in any way, including defense costs, by Continental's failure to respond to the United States' tender of the claims in the <u>Kallstrom</u> case in 2001.

(3)  Aside from the amount of the settlement with the Wilsons and defense costs, the United States has not been injured by Continental's conduct in any way.

In the alternative, defendants request that the Court re-open discovery for the limited purpose of permitting defendants to further inquire into the Government's damages claims.

DATED at Anchorage, Alaska, this 5th day of April, 2006.

        GUESS & RUDD P.C.
        Attorneys for Defendants

By:      S/Gary A. Zipkin
        Guess & Rudd P.C.
        510 L Street, Suite 700
        Anchorage, Alaska  99501
        Phone: 907-793-2200
        Fax:   907-793-2299
        Email: gzipkin@guessrudd.com
        Alaska Bar No. 7505048

        QUINN EMANUEL URQUHART
          OLIVER & HEDGES, LLP
        Attorneys for Defendants

By:    S/A. William Urquhart
        Quinn Emanuel Urquhart
         Oliver & Hedges, LLP
        865 South Figueroa
        Street, 10th Floor
        Los Angeles, CA  90017
        Phone: 1-213-443-3000
        Fax:   1-213-443-3100
        Email:
        billurquhart@quinnemanuel.com

CERTIFICATE OF SERVICE
I hereby certify that on the
5th day of April, 2006, a copy
of the foregoing document was served
electronically on:

Richard L. Pomeroy, Esq.
Christopher Tayback, Esq.
A. William Urquhart, Esq.

and by regular U.S. mail on:

Richard Stone, Esq.
Civil Division, Torts Branch
U.S. Department of Justice
1331 Pennsylvania Avenue, N.W.
Washington, D.C.  20530

Guess & Rudd P.C.


By:       S/Gary A. Zipkin