Gary A. Zipkin, Esq.
Guess & Rudd P.C.
510 L Street, Suite 700
Anchorage, AK  99501
Phone:  (907) 793-2200
Fax:    (907) 793-2299
E-mail: gzipkin@guessrudd.com

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CNA FINANCIAL CORPORATION | ) | |
| AND THE CONTINENTAL | ) | |
| CASUALTY COMPANY d/b/a | ) | |
| THE CONTINENTAL INSURANCE | ) | |
| COMPANY, | ) | Case No. 3:98-cv-285-JWS |
| | ) | |
| Defendant. | ) | |
| | ) | |

CONTINENTAL'S TRIAL WITNESS DISCLOSURES

Pursuant to this court's Order for Final Pre-Trial
Proceedings dated September 26, 2005, Dkt. 161, defendants submit
the following disclosure of the testimony it anticipates from the
witnesses it expects to call at trial, in the order in which

Continental anticipates that those witnesses will be called[1]:

       1.   William Hutson
            323 Regatta Road
            Columbia, SC  29212
            Phone:  (803) 781-0386

       William Hutson was an adjuster for Continental.  If available to be called live, Mr. Hutson is expected to testify consistent with his deposition regarding his involvement with the original Wilson claim and the decision to deny the U.S.'s tender of defense.  Specifically, he will testify that the Wilson claim was not immediately reported to Continental, and that Bristol Bay's attorney, Robert Stewart told him that Bristol Bay did not initially report the claim to Continental because it believed the claim would be covered by the FTCA. After the Wilson claim was reported to Continental, Continental evaluated whether the claims against Bristol Bay were covered, and upon finding that they were, Continental assumed Bristol Bay's defense without reservation.  James Friderici of the firm Delaney, Wiles, Hayes, Reitman & Brubaker defended Bristol Bay.

       Once the Wilson claims against Bristol Bay had been dismissed, Hutson received advice from Mr. Friderici concerning

---

[1] All witnesses are intended to be called live, unless otherwise noted. Defendants have designated deposition testimony from a number of witnesses who will be called live if they are available, but their availability to be called live has not yet been determined.

a tender made by the United States that claimed the United States was an implied insured under Bristol Bay's policy. Continental agreed with Mr. Friderici's analysis that the United States was not an insured under the policy, and he authorized Friderici to decline the tender.

When the United States tendered again in June, 1995, Hutson asked Bristol Bay if it had any objection to Mr. Friderici advising Continental regarding coverage, but received no response from Bristol Bay.  Hutson eventually responded to the second tender from the United States himself. In the event Mr. Hutson is unavailable at the time of trial, defendants have designated portions of her deposition to be read to the jury.

> 2.    Ray Faccenda
>        3511 S.W. 327th Street
>        Federal Way, WA  98023
>        Phone:  (206) 661-9028

Ray Faccenda was an employee of Continental. Mr. Faccenda is expected to testify consistent with the March 7, 2006 affidavit he provided in this matter regarding his involvement in the U.S.'s tender of defense to Continental for coverage, including his retention of Craig Stowers to act as coverage counsel, and Continental's evaluation of the United States' tender to which Mr. Stowers responded.

3.    Howard Greene
      19843 North Rawhide Way
      Surprise, AZ 85387-8278
      Phone:  (623) 266-6923

Mr. Greene was involved in the process of directing the 1997 tender made by the United States to the appropriate person at Continental, and recommending that coverage counsel be retained to evaluate the tender.  He will testify concerning his knowledge of the tender, and Continental's response to that tender through Mr. Stowers, Continental's coverage counsel.

4.    Hon. Craig Stowers
      Alaska Superior Court
      825 West 4th Avenue
      Anchorage, AK  99501
      Phone:  (907) 264-0401

Mr. Stowers was retained by Continental to evaluate and offer an opinion on the question of whether the U.S. was entitled to be defended and indemnified for the Wilson and/or Kallstrom claims.  Mr. Stowers is expected to testify regarding his findings and his recommendations to deny the U.S.'s tender of defense, as set out in his affidavit filed in this case. Specifically, Mr. Stowers will be called to testify that in 1997, Ray Faccenda of the Continental Casualty Company contacted him to assess the merits of a claim that was being made by the United States that it was covered as an implied insured under a

liability policy issued to the Bristol Bay Area Health Corporation.

To assess the United States' claim, Mr. Stowers analyzed the legal authorities set forth in the United States' tender, and conducted a factual analysis that included contacting Lori Wing, Bristol Bay's broker. His factual investigation revealed that the Bristol Bay liability policies under which the United States tendered were intended to cover instances where the FTCA might not apply. Based on his factual investigation and legal analysis, the details of which are set forth in an opinion letter to Continental, he concluded and advised Continental that the United Stated was not covered. He was thereafter authorized to, and did write a denial letter to the United States on Continental's behalf.

5.   James Friderici, Esq.
     Delaney, Wiles, Hayes, Gerety, Ellis & Young, Inc.
     1007 West 3rd Avenue, Suite 400
     Anchorage, AK  99501
     Phone:  (907) 276-0706

James Friderici represented Bristol Bay in the claim brought by Lori Wilson. He later gave advice to Continental concerning the United States' original tender made in January 2005. Friderici is expected to testify regarding his involvement with the Wilson claim and the decision to deny the U.S.'s tender of defense. Specifically, Mr. Friderici will testify that when

the Wilsons first filed suit against Bristol Bay in 1994, William
Hutson asked him to determine whether the claim was covered.  He
concluded the claim against Bristol Bay was covered, and told
Mr. Hutson so.  Mr. Friderici then defended Bristol Bay, and
obtained dismissal of the action brought by the Wilsons against
Bristol Bay.

When the Wilsons thereafter filed a suit against the
United States and the United States tendered to Continental,
Mr. Hutson asked Mr. Friderici to provide a coverage opinion.  At
that time, Mr. Friderici did not believe there was any conflict
of interest in representing Continental on this issue because he
had no reason to think that the interests of Continental and
Bristol Bay, his former client, diverged.  Mr. Hutson asked
Friderici to assess the merits of the United States' claim that
it was covered as an implied insured.

Friderici will testify that he analyzed the legal
authorities set forth in the United States' tender, conducted a
factual analysis that included discussing the matter with Lori
Wing, Bristol Bay's broker, and Robert Stewart, Bristol Bay's
counsel, to determine the parties' intent.  Ms. Wing told him
that she did not intend, and did not believe Bristol Bay
intended, to benefit the United States or to duplicate FTCA

coverage.  Mr. Stewart also told him that he did not believe the
United States was covered.  Based on his factual investigation
and legal analysis, Friderici concluded and advised Continental
that the United States was not covered.

Friderici will testify that Continental agreed with his
conclusions and authorized him to write a denial letter to the
United States on Continental's behalf, which he did on
February 13, 1995.

Later, after Bristol Bay's counsel raised a potential
objection to Mr. Friderici's continued role as coverage counsel
for Continental, Friderici advised Continental that he could no
longer represent Continental concerning coverage as long as there
was a potential conflict between Continental and Bristol Bay on
the subject of whether the United States was also insured under
the Continental policy.

> 6.    Susan Lindquist
>        Assistant U.S. Attorney
>        222 West 7th Ave., #9, Rm. 253
>        Anchorage, AK 99513-7567
>        Phone: (907) 271-5071

Ms. Lindquist was designated by the United States as a
30(b)(6) designee and defendants will offer her testimony by
deposition designation.

7.    Debra Segelhorst
      c/o Richard L. Pomeroy, Esq.
      Assistant U.S. Attorney
      U.S. Attorney's Office
      222 W. 7th Avenue, #9
      Anchorage, AK  99513
      Phone:  (907) 271-5071

Debra Segelhorst was a contracting officer for the U.S. with Bristol Bay.  Defendants have designated portions of her deposition in which she testified that she received certificates of insurance from Bristol Bay verifying that Bristol Bay had its own liability insurance, but never asked Bristol Bay to list the Government as a named or additional insured in its insurance policies.  She never thought the Government was listed as a named or additional insured, and never thought the Government was intended to be covered under the policies.  She was never told to have the Government listed as an insured, never told Bristol Bay to name the Government as an insured, and never thought the Government was covered as an implied insured.

8.    Lori Wing
      Arctic Slope Regional Corp.
      3900 C Street, Suite 801
      Anchorage, AK  99503
      Phone:  (907) 339-6000

Lori Wing was Bristol Bay Area Health Corporation's (hereinafter "Bristol Bay") insurance broker.  If available to be called live, Ms. Wing is expected to testify consistent with her

deposition regarding her placement of Bristol Bay's insurance with Continental, including the parties' intent with regard to the scope and limitations of coverage.  Specifically, she will testify that it had never been her intention, nor the intention of Bristol Bay, to include the United States as an insured under any policy placed by Brady & Co. for Bristol Bay, and that she understood at the time of placing the coverage for Bristol Bay that it did not desire insurance coverage that would duplicate protection from liabilities provided by the United States under Section 638 and the FTCA.  She was trying to obtain coverage for Bristol Bay to insure for risks not covered by the Federal Tort Claim Act.  All of this information was conveyed to Continental Insurance Company's underwriters at the time that coverage was placed.  She is also expected to testify regarding the scope, limitations and cost of Bristol Bay's liability insurance following the expiration of the Continental policy.  In the event Ms. Wing is unavailable at the time of trial, defendants have designated portions of her deposition to be read to the jury.

> 9.    Debra Wyatt-Brown
>       2 Hemlock Street
>       Jersey City, NJ  07035
>       Phone: (unknown)

Debra Wyatt-Brown was the underwriter for Bristol Bay's policies with Continental from 1990 to 1996.  If available to be

called live, Ms. Wyatt-Brown is expected to testify consistent with her deposition regarding the underwriting of Bristol Bay's policies with Continental, specifically that it was her intention to underwrite general liability coverage only those risks undertaken by Bristol Bay that were not covered by the FTCA.  In the event Ms. Brown is unavailable at the time of trial, defendants have designated portions of her deposition to be read to the jury.

> 10.  Crystal Brown
>      Assistant Vice President
>      CNA Underwriting
>      c/o Gary Zipkin, Esq.
>      Law Offices of Guess & Rudd P.C.
>      510 L Street, Suite 700
>      Anchorage, AK  99501
>      Phone:  (907) 793-2200
>      **Attorney-client privilege applies**

Crystal Brown is the Assistant Vice President for Underwriting at CNA.  Ms. Brown is expected to testify consistent with her deposition regarding the underwriting of Bristol Bay's policies with Continental.

> 11.  Sally Padgitt
>      151 North Kenilworth Avenue
>      Oak Park, IL  60301
>      Phone:  (708) 445-8966

Sally Padgitt was the underwriter for Bristol Bay's policy with Continental in 1990.  If available to be called live,

Ms. Padgitt is expected to testify consistent with her deposition regarding the underwriting of Bristol Bay's policies with Continental.  In the event Ms. Padgitt is unavailable at the time of trial, defendants have designated portions of her deposition to be read to the jury.

      12.  S. Bobo Dean, Esq.
          Hobbs, Strauss, Dean & Walker, LLP
          1819 H Street, Suite 800
          Washington, D.C. 20006
          Phone:  (202) 783-5100

S. Bobo Dean was Bristol Bay's outside counsel at the time Continental insured Bristol Bay.  Defendants intend to call Mr. Dean by deposition designation.  If Mr. Dean is available to be called live, he is expected to testify consistent with his deposition regarding his involvement in determining Bristol Bay's insurance coverage needs in light of Federal Tort Claims Act ("FTCA") coverage.  Specifically, Mr. Dean will testify that he told Lori Wing that it was uncertain what the FTCA would cover and that Bristol Bay needed "some kind of insurance which would protect [it] in the event it was determined that for whatever reason the FTCA did not apply."  Dean understood that Continental's policy "was obtained for the purpose of protecting BBAHC against claims outside the scope of the FTCA."

13.   Robert Clark
      President and CEO
      Bristol Bay Area Health Corporation
      c/o Robert K. Stewart
      Davis Wright Tremaine, LLP
      701 West 9th Ave., Suite 800
      Anchorage, AK  99501
      Phone:  (907) 257-5300

Robert Clark was the President and CEO of Bristol Bay at the time Continental insured Bristol Bay.  If available to be called live, Mr. Clark is expected to testify consistent with his deposition regarding his intent in procuring coverage with Continental as President and CEO of Bristol Bay.  Specifically, Mr. Clark will testify that he was happy to have Bristol Bay's insurance broker, Lori Wing, speak with Bristol Bay's outside counsel, Mr. Dean to better understand Bristol Bay's insurance needs.  He will testify that Bristol Bay never "intended for the United States government, the IHS, to be a named insured under any BBAHC policy."  Bristol Bay did not want to "buy insurance for the government" because "[t]he government has its own insurance."  In the event Mr. Clark is unavailable at the time of trial, defendants have designated portions of his deposition to be read to the jury.

14.  Robert K. Stewart, Esq.
     Davis Wright Tremaine, LLP
     701 West 9th Ave., Suite 800
     Anchorage, AK  99501
     Phone:  (907) 257-5300

Robert Stewart was Bristol Bay's outside counsel at the time Continental insured Bristol Bay.  If available to be called live, Mr. Stewart is expected to testify regarding his dealings with Continental and the U.S. in connection with the tender of defense.  Specifically, Stewart will testify that he believes that requiring Bristol Bay to insure the United States would defeat the Congressional purpose in extending FTCA coverage to tribal contractors under the ISDEAA.   In the event Mr. Stewart is unavailable at the time of trial, defendants have designated portions of his deposition to be read to the jury.

He will confirm that at the time the Continental policy was issued,  Bristol Bay did not consider the United States an implied additional insured.  To his knowledge, the Wilson claim was the first claim against Bristol Bay following the 1990 amendments to the ISDEAA, and he thinks the fact that this was "virgin territory" for Bristol Bay, Continental, and the U.S. made it extremely difficult to determine the respective rights and responsibilities of the parties.

He will testify that Bristol Bay obtained the Continental policy (and other similar policies, with similar premium costs, from CIGNA and other insurers over the years) to protect Bristol Bay against "grey areas" where the FTCA might not protect Bristol Bay.  Premiums for liability policies obtained by Bristol Bay in later years that specifically excluded the United States were as high or higher than the Continental policy at issue in this case.

He will testify that Continental fully lived up to its contractual obligations to Bristol Bay in terms of providing a defense to the Wilson claim at Continental's expense, including getting the claims against Bristol Bay dismissed.  He will testify that Continental was willing to pay some up front money as a "loan" to the Wilson family, a proposal that he favored and that the U.S. Atty's office did not. He also agrees that Bristol Bay was not required to pay anything either for its defense or for the ultimate settlement with the Wilson family that took place in 1997.

Stewart will testify that he believes the issue of whether Friderici wrongfully concealed the second Continental policy -- the HMA policy -- "is much ado about nothing" since he

understood that Continental was not going to agree that the U.S. was an implied insured under the HMA policy.

15. Darrell Richardson
Chief Operating Officer
Bristol Bay Area Health Corporation
c/o Robert K. Stewart
Davis Wright Tremaine, LLP
701 West 9th Ave., Suite 800
Anchorage, AK 99501
Phone: (907) 257-5300

Darrell Richardson was the COO of Bristol Bay at the time Continental insured Bristol Bay. If available to be called live, Mr. Richardson is expected to testify consistent with his deposition regarding his involvement in procuring coverage with Continental for Bristol Bay and the source of Bristol Bay's funding. He will testify that he had discussions with both Bobo Dean and Lori Wing regarding Bristol Bay's insurance needs and that he wanted to obtain private insurance to cover gaps and holes in coverage that Bristol Bay would have under the FTCA, as "an over layer or something different than the government's insurance." He never intended for this private insurance to actually provide coverage to the U.S. Government. In the event Mr. Richardson is unavailable at the time of trial, defendants have designated portions of his deposition to be read to the jury.

16.  Elizabeth Hartshorn
     3790 Amber Bay Loop
     Anchorage, AK  99515
     Phone:  (907) 344-1077

Elizabeth Hartshorn was the CFO of Bristol Bay from 1990 to 1993.  If available to be called live, Ms. Hartshorn is expected to testify consistent with her deposition regarding her involvement in procuring coverage with Continental for Bristol Bay and her conversations with others regarding Bristol Bay's coverage needs.  She will testify that it was not Bristol Bay's intention to obtain coverage for the U.S. Government for claims covered by the FTCA, as the Government, not Bristol Bay would be responsible for defending and paying for such claims, and that it was difficult to find private insurance coverage that was tailored to this specific need.  In the event Ms. Hartshorn is unavailable at the time of trial, defendants have designated portions of her deposition to be read to the jury.

17.  Kenneth Roosa, Esq.
     Cooke, Roosa, and Valcarce, LLC
     3700 Jewel Lake Road
     Anchorage, AK  99502
     Phone:  (907) 276-2744

Kenneth Roosa was an Assistant U.S. Attorney involved in tendering the Wilson claim to Continental.  If available to be called live, Mr. Roosa is expected to testify consistent with his deposition regarding this decision and Continental's response to

the tender of defense.  Mr. Roosa will testify that he believed

one should look to the language of the policy to determine

whether the United States was an insured, and that the policy did

not name the United States as an insured.  He will testify that

as of the time of the government's initial tender to Continental

in January, 1995, he was aware of no case law in Alaska or in any

other state that stood for the proposition that the United States

could be considered an implied at law insured under a liability

policy issued to someone else.  He will testify that he

subsequently found no such case authority.  In the event Mr.

Roosa is unavailable at the time of trial, defendants have

designated portions of his deposition to be read to the jury.


            18.  Julie McCarty
                 Marsh USA Inc.
                 1031 W. 4th Avenue
                 Anchorage, AK  99501
                 Phone:  (907) 276-5617


        Julie McCarty was an assistant to Lori Wing.

Ms. McCarty is expected to testify regarding her involvement in

administering Bristol Bay insurance accounts, and that she also

understood that Bristol Bay did not desire insurance coverage

that would duplicate protection from liabilities provided by the

United States under Section 638 and the FTCA, and that their

goal was to try to obtain coverage for Bristol Bay to insure for

risks not covered by the Federal Tort Claim Act.

19.  James Torgerson, Esq.
     Heller Ehrman White & McAuliffe LLP
     510 L Street, Suite 500
     Anchorage, AK  99501
     Phone:  (907) 263-8404

James Torgerson was an Assistant U.S. Attorney involved
in tendering the Wilson claim to Continental to defend and
indemnify.  Mr. Torgerson is expected to testify regarding his
reaction to, and/or analysis of, Craig Stowers' letter rejecting
the government's tender of defense.  In the event Mr. Torgerson
is unavailable at the time of trial, defendants have designated
that his deposition to be read to the jury in its entirety.


20.  Paul Figley
     U.S. Department of Justice
     1331 Pennsylvania Avenue NW
     Washington, D.C.

Mr. Figley was a Rule 30(b)(6) designee testifying for
the United States in this matter.  Portions of his deposition
have been designated by defendants.

       21.   Jennifer Taylor Hedrick
            Manager Claims/Underwriting
            Michigan Professional Insurance Exchange (MPIE)
            Grand Rapids, MI
            Phone:  (616) 391-2087

Ms. Taylor assumed handling of the Wilson claim file in 1996 following William Hutson, and will testify regarding her receipt of the February 20, 1997 tender from Mr. Roosa, and Continental's response to that tender.

       22.   Steven Garrett
            2696 Copperfield Drive
            Naperville, IL 60565
            Phone:  (630) 717-1622 (work)
                    (630) 369-1014 (home)

Mr. Garrett was involved in the process of evaluating and responding to the 1997 tender made by the United States, and retaining Craig Stowers to serve as coverage counsel.  He will testify concerning his knowledge of the tender, and Continental's response to that tender through coverage counsel.

       23.   Gregory Steele
            6111 West 156th Street
            Overland Park, KS 66223
            Phone:  (913) 851-4187

Mr. Steele was involved in the process of evaluating and responding to the 1997 tender made by the United States, and retaining Craig Stowers to serve as coverage counsel.  He will

testify concerning his knowledge of the tender, and
Continental's response to that tender through coverage counsel.

      24.  Robert N. Wainscott
           23553 Lower Terrace Street
           Eagle River, AK  99577
           Phone:  (907) 694-2407

Robert Wainscott is Continental's expert and is
expected to testify consistent with the findings in his written
expert report, and his deposition taken in this case.  His
curriculum vitae is filed herewith.

      25.  Robert A. Lohr
           2515 Telequana Drive
           Anchorage, AK  99517
           Phone:  (907) 223-9836

Robert Lohr is Continental's expert and is expected to
testify consistent with the findings in his written expert
report, and his deposition taken in this case.[2]   His curriculum
vitae is filed herewith.

---

[2] As noted in his report, Mr. Lohr addresses two separate issues.  The second
issue, relating to the amount appropriate for punitive damages, is only
relevant if the jury first determines that Continental should be assessed
punitive damages.  If that occurs, Continental plans to call Mr. Lohr back to
the stand during the second phase of the trial, testifying after Mr. Boysen
has testified.

26.   Douglas J. Serdahely, Esq.
      Patton Boggs LLP
      601 W. 5th Avenue, Suite 700
      Anchorage, AK  99501
      Phone:  (907) 263-6310

Douglas Serdahely is Continental's expert and is expected to testify consistently with the findings set out in his written expert report.  His curriculum vitae is filed herewith.

27.   Erin Finn
      Assistant Vice President and Claims Counsel
       of Global Specialty Lines Claims for
       Continental Casualty
      c/o Gary Zipkin, Esq.
      Law Offices of Guess & Rudd P.C.
      510 L Street, Suite 700
      Anchorage, AK  99501
      Phone:  (907) 793-2200
      **Attorney-client privilege applies**

Erin Finn is the Assistant Vice President and Claims Counsel of Global Specialty Lines Claims for Continental Casualty.  Ms. Finn is expected to testify consistent with her deposition regarding Continental's response to the tender of defense from the U.S. regarding the Kallstrom counterclaim.

28.  Lawrence John Boysen
     Senior Vice President and
     Corporate Controller of
     CNA Financial Corporation
     c/o Gary Zipkin, Esq.
     Law Offices of Guess & Rudd P.C.
     510 L Street, Suite 700
     Anchorage, AK  99501
     Phone:  (907) 793-2200
     **Attorney-client privilege applies**

Lawrence Boysen is the Senior Vice President and Corporate Controller of CNA Financial Corporation.  Mr. Boysen is expected to testify consistent with his deposition but only if the jury first determines that the U.S. is entitled to punitive damages.  He will testify regarding Continental's financial status including the corporate structure.

29.  David Maulbetsch
     1920 Chestnut Avenue, Apartment 506
     Glenview, IL  60025
     Phone:  (847) 657-1095

David Maulbetsch worked for Continental. Mr. Maulbetsch is expected to testify regarding his involvement with the decision to deny the U.S.'s tender of defense to CNA Health Pro.

    30.  John A. Treptow
         Dorsey & Witney, LLP
         1031 W. 4th Avenue, Suite 600
         Anchorage, AK  99501
         Phone:  (907) 276-4557

    John Treptow was one of the attorneys representing Continental in this action.  Mr. Treptow is expected to testify regarding the timing and substance of conversations he had with Kenneth Roosa regarding the tender of the Kallstrom counterclaim and regarding the government's implied insured theory of coverage for the U.S.  Continental does not waive the attorney-client privilege with respect to Mr. Treptow's legal services in this matter expect to the extent necessary to permit Mr. Treptow to testify regarding the conversations referenced above.

    31.  All witnesses listed in plaintiff's preliminary witness list and/or final witness list.

    32.  All witnesses necessary for authentication of documents.

    33.  All witnesses necessary for impeachment or rebuttal.

    34.  All witnesses who have been deposed in this case.

DATED at Anchorage, Alaska, this 5th day of April, 2006.

GUESS & RUDD P.C.
Attorneys for Defendants

By: _____s/Gary A. Zipkin_____
       Guess & Rudd P.C.
       510 L Street, Suite 700
       Anchorage, Alaska  99501
       Phone: 907-793-2200
       Fax:   907-793-2299
       Email: gzipkin@guessrudd.com
       Alaska Bar No. 7505048


QUINN EMANUEL URQUHART
    OLIVER & HEDGES, LLP
Attorneys for Defendants


By: _____s/A. William Urquhart_____
       Quinn Emanuel Urquhart
         Oliver & Hedges, LLP
       865 South Figueroa
       Street, 10th Floor
       Los Angeles, CA  90017
       Phone:  1-213-443-3000
       Fax:    1-213-443-3100
       Email:
       billurquhart@quinnemanuel.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the
5th day of April, 2006, I
mailed a true and correct copy
of the foregoing document to the
following counsel of record:

Richard L. Pomeroy, Esq.
Christopher Tayback, Esq.
A. William Urquhart, Esq.

and by regular U.S. mail on:

Richard Stone, Esq.
Civil Division, Torts Branch
U.S. Department of Justice
1331 Pennsylvania Avenue, N.W.
Washington, D.C.  20530

Guess & Rudd P.C.


By:   s/Gary A. Zipkin

F:\DATA\6024\1\Pleading\50TrialWitnessDisclosure.doc