Gary A. Zipkin, Esq.
Guess & Rudd P.C.
510 L Street, Suite 700
Anchorage, AK  99501
Phone:  (907) 793-2200
Fax:    (907) 793-2299
E-mail: gzipkin@guessrudd.com

Attorneys for Defendant


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA


| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CNA FINANCIAL CORPORATION | ) | |
| AND THE CONTINENTAL | ) | |
| CASUALTY COMPANY d/b/a | ) | |
| THE CONTINENTAL INSURANCE | ) | |
| COMPANY, | ) | Case No. 3:98-cv-285-JWS |
| | ) | |
| Defendant. | ) | |
| | ) | |

CONTINENTAL'S AMENDED TRIAL WITNESS DISCLOSURES


Pursuant to this court's Order for Final Pre-Trial

Proceedings dated September 26, 2005, Dkt. 161, defendants

submit the following disclosure of the testimony it anticipates

from the witnesses it expects to call at trial, in the order in

which Continental anticipates that those witnesses will be

called[1]:

    1.   William Hutson
           323 Regatta Road
           Columbia, SC  29212
           Phone:  (803) 781-0386

William Hutson was an adjuster for Continental.  If available to be called live, Mr. Hutson is expected to testify consistent with his deposition regarding his involvement with the original Wilson claim and the decision to deny the U.S.'s tender of defense.  Specifically, he will testify that the Wilson claim was not immediately reported to Continental, and that Bristol Bay's attorney, Robert Stewart told him that Bristol Bay did not initially report the claim to Continental because it believed the claim would be covered by the FTCA. After the Wilson claim was reported to Continental, Continental evaluated whether the claims against Bristol Bay were covered, and upon finding that they were, Continental assumed Bristol Bay's defense without reservation.  James Friderici of the firm Delaney, Wiles, Hayes, Reitman & Brubaker defended Bristol Bay.

Once the Wilson claims against Bristol Bay had been dismissed, Hutson received advice from Mr. Friderici concerning a tender made by the United States that claimed the United

---

[1] All witnesses are intended to be called live, unless otherwise noted. Defendants have designated deposition testimony from a number of witnesses who will be called live if they are available, but their availability to be called live has not yet been determined.

States was an implied insured under Bristol Bay's policy. Continental agreed with Mr. Friderici's analysis that the United States was not an insured under the policy, and he authorized Friderici to decline the tender.

When the United States tendered again in June, 1995, Hutson asked Bristol Bay if it had any objection to Mr. Friderici advising Continental regarding coverage, but received no response from Bristol Bay.  Hutson eventually responded to the second tender from the United States himself. In the event Mr. Hutson is unavailable at the time of trial, defendants have designated the following portions of his deposition to be read to the jury:

Page 3, line 15 – page 4, line 2;

Page 4, line 22 – page 5, line 5;

Page 8, lines 5-25;

Page 9, line 4 – page 10, line 2;

Page 12, line 23 – page 13, line 14;

Page 14, lines 3-10;

Page 15, line 1 – page 17, line 7;

Page 20, line 7 – page 22, line 4;

Page 24, lines 15-24;

Page 25, line 16 – page 26, line 1;

Page 26, line 21 – page 27, line 9;

Page 29, line 5 – page 32, line 13;

Page 32, line 21 – page 33, line 13;

Page 33, line 25 – page 34, line 6;

Page 36, line 14 – page 37, line 5;

Page 37, line 22 – page 38, line 19;

Page 49, line 12 – page 51, line 3;

Page 73, line 5 – page 74, line 2;

Page 74, line 8 – page 75, line 1;

Page 75, line 6 – page 76, line 22;

Page 77, lines 15-20;

Page 77, line 24 – page 78, line 5;

Page 80, lines 20-25;

Page 81, line 16 – page 82, line 23;

Page 86, line 3 – page 87, line 10;

Page 87, line 13 – page 87, line 16;

Page 87, lines 19-24;

Page 88, line 14 – page 91, line 21;

Page 93, lines 3-10;

Page 93, lines 15-22;

Page 94, line 22 – page 95, line 4;

Page 95, line 21 – page 98, line 9;

Page 101, lines 6-10;

Page 101, line 25 – page 103, line 24;

Page 106, line 12 – page 107, line 18;

Page 108, lines 3-5;

Page 108, line 9 - page 108, line 14;

Page 108, line 20 - page 109, line 17;

Page 109, line 24 - page 111, line 19;

Page 111, line 24 - page 116, line 20;

Page 116, line 25 - page 120, line 9;

Page 120, lines 12-13;

Page 120, line 19 - page 122, line 16;

Page 126, line 17 - page 127, line 9.


2.    Ray Faccenda
      3511 S.W. 327th Street
      Federal Way, WA  98023
      Phone:  (206) 661-9028

Ray Faccenda was an employee of Continental. Mr. Faccenda is expected to testify consistent with the March 7, 2006 affidavit he provided in this matter regarding his involvement in the U.S.'s tender of defense to Continental for coverage, including his retention of Craig Stowers to act as coverage counsel, and Continental's evaluation of the United States' tender to which Mr. Stowers responded.


3.    Howard Greene
      19843 North Rawhide Way
      Surprise, AZ 85387-8278
      Phone:  (623) 266-6923

Mr. Greene was involved in the process of directing the 1997 tender made by the United States to the appropriate person at Continental, and recommending that coverage counsel

be retained to evaluate the tender.  He will testify concerning his knowledge of the tender, and Continental's response to that tender through Mr. Stowers, Continental's coverage counsel.

> 4.   Hon. Craig Stowers
>      Alaska Superior Court
>      825 West 4th Avenue
>      Anchorage, AK  99501
>      Phone:  (907) 264-0401

Mr. Stowers was retained by Continental to evaluate and offer an opinion on the question of whether the U.S. was entitled to be defended and indemnified for the Wilson and/or Kallstrom claims.  Mr. Stowers is expected to testify regarding his findings and his recommendations to deny the U.S.'s tender of defense, as set out in his affidavit filed in this case. Specifically, Mr. Stowers will be called to testify that in 1997, Ray Faccenda of the Continental Casualty Company contacted him to assess the merits of a claim that was being made by the United States that it was covered as an implied insured under a liability policy issued to the Bristol Bay Area Health Corporation.

To assess the United States' claim, Mr. Stowers analyzed the legal authorities set forth in the United States' tender, and conducted a factual analysis that included contacting Lori Wing, Bristol Bay's broker.  His factual investigation revealed that the Bristol Bay liability policies

under which the United States tendered were intended to cover
instances where the FTCA might not apply.  Based on his factual
investigation and legal analysis, the details of which are set
forth in an opinion letter to Continental, he concluded and
advised Continental that the United Stated was not covered.  He
was thereafter authorized to, and did write a denial letter to
the United States on Continental's behalf.

    5. James Friderici, Esq.
      Delaney, Wiles, Hayes, Gerety, Ellis
      & Young, Inc.
      1007 West 3rd Avenue, Suite 400
      Anchorage, AK  99501
      Phone:  (907) 276-0706

   James Friderici represented Bristol Bay in the claim
brought by Lori Wilson.  He later gave advice to Continental
concerning the United States' original tender made in January
2005. Friderici is expected to testify regarding his involvement
with the Wilson claim and the decision to deny the U.S.'s tender
of defense.  Specifically, Mr. Friderici will testify that when
the Wilsons first filed suit against Bristol Bay in 1994,
William Hutson asked him to determine whether the claim was
covered.  He concluded the claim against Bristol Bay was
covered, and told Mr. Hutson so.  Mr. Friderici then defended
Bristol Bay, and obtained dismissal of the action brought by the
Wilsons against Bristol Bay.

When the Wilsons thereafter filed a suit against the United States and the United States tendered to Continental, Mr. Hutson asked Mr. Friderici to provide a coverage opinion. At that time, Mr. Friderici did not believe there was any conflict of interest in representing Continental on this issue because he had no reason to think that the interests of Continental and Bristol Bay, his former client, diverged. Mr. Hutson asked Friderici to assess the merits of the United States' claim that it was covered as an implied insured.

Friderici will testify that he analyzed the legal authorities set forth in the United States' tender, conducted a factual analysis that included discussing the matter with Lori Wing, Bristol Bay's broker, and Robert Stewart, Bristol Bay's counsel, to determine the parties' intent. Ms. Wing told him that she did not intend, and did not believe Bristol Bay intended, to benefit the United States or to duplicate FTCA coverage. Mr. Stewart also told him that he did not believe the United States was covered. Based on his factual investigation and legal analysis, Friderici concluded and advised Continental that the United States was not covered.

Friderici will testify that Continental agreed with his conclusions and authorized him to write a denial letter to

the United States on Continental's behalf, which he did on February 13, 1995.

Later, after Bristol Bay's counsel raised a potential objection to Mr. Friderici's continued role as coverage counsel for Continental, Friderici advised Continental that he could no longer represent Continental concerning coverage as long as there was a potential conflict between Continental and Bristol Bay on the subject of whether the United States was also insured under the Continental policy.

> 6.   Susan Lindquist
>      Assistant U.S. Attorney
>      222 West 7th Ave., #9, Rm. 253
>      Anchorage, AK 99513-7567
>      Phone: (907) 271-5071

Ms. Lindquist was designated by the United States as a 30(b)(6) designee and defendants will offer her testimony by deposition designation. Defendants designate the following testimony from Ms. Lindquist's deposition, dated February 9, 2006:

> Page 7, line 16 – page 8, line 23;
>
> Page 10, lines 17-25;
>
> Page 12, lines 5-13;
>
> Page 16, line 23 – page 18, line 22;
>
> Page 19, line 19 – page 21, line 19;
>
> Page 21, line 25 – page 22, line 10;

Page 22, line 21 – page 25, line 11;

Page 26, line12 – page 27, line 2;

Page 27, line 7 – page 27, line 14;

Page 27, line 20 – page 28, line 10;

Page 30, line 10 – page 31, line 8;

Page 32, line 11 – page 32, line 21;

Page 33, lines 14-17;

Page 34, line 20 – page 36, line 16;

Page 37, lines 5-16;

Page 40, line 25 – page 43, line 13;

Page 46, line 8 – page 47, line 19;

Page 48, lines 4-25;

Page 49, line 3 – page 51, line 6;

Page 51, line 10 – page 57, line 12;

Page 58, line 22 – page 61, line 11;

Page 62, line 24 – page 63, line 7;

Page 63, lines 8-11;

Page 67, line 15 – page 68, line 1;

Page 69, lines 4-24;

Page 76, line 15 – page 77, line 22;

Page 78, line 21 – page 79, line 12;

Page 80, line 6 – page 81, line 4;

Page 81, line 18 – page 82, line 6;

Page 83, line 15 – page 84, line 12;

Page 89, line 21 - page 90, line 7;

Page 90, line 16 - page 91, line 23;

Page 92, lines 4-9;

Page 93, line 14 - page 94, line 19;

Page 103, line 5 - page 104, line 18;

Page 104, line 23 - page 107, line 25;

Page 116, line 5 - page 120, line 15;

Page 121, lines 11-22;

Page 122, lines 9-25;

Page 123, lines 20-24;

Page 124, line 3 - page 126, line 4.


7.    Debra Segelhorst
      c/o Richard L. Pomeroy, Esq.
      Assistant U.S. Attorney
      U.S. Attorney's Office
      222 W. 7th Avenue, #9
      Anchorage, AK  99513
      Phone:  (907) 271-5071


Debra Segelhorst was a contracting officer for the U.S. with Bristol Bay.  Defendants have designated portions of her deposition in which she testified that she received certificates of insurance from Bristol Bay verifying that Bristol Bay had its own liability insurance, but never asked Bristol Bay to list the Government as a named or additional insured in its insurance policies.  She never thought the Government was listed as a named or additional insured, and

never thought the Government was intended to be covered under the policies.  She was never told to have the Government listed as an insured, never told Bristol Bay to name the Government as an insured, and never thought the Government was covered as an implied insured.  In the event Ms. Segelhorst is unavailable at the time of trial, defendants have designated the following portions of her deposition to be read to the jury:

Page 6, lines 11-12;

Page 7, line 13 – page 8, line 6;

Page 8, line 19 – page 9, line 15;

Page 9, line 18 – page 10, line 2;

Page 10, lines 8-17;

Page 10, line 25 – page 11, line 6;

Page 12, lines 1-20;

Page 13, lines 18-19;

Page 14, lines 1-14;

Page 14, line 20 – page 16, line 9;

Page 17, lines 9-12;

Page 18, lines 10-16;

Page 19, line 15 – page 20, line 8;

Page 21, line 18 – page 22, line 9;

Page 22, lines 18-25;

Page 24, lines 12-21;

Page 25, lines 14-21;

Page 27, lines 4-12;

Page 27, line 17 – page 28, line 4;

Page 30, lines 8-13;

Page 31, lines 1-24;

Page 32, line 9 – page 33, line 5;

Page 34, lines 2-17;

Page 34, line 21 – page 35, line 6;

Page 36, lines 17-25;

Page 39, line 12 – page 40, line 15;

Page 48, line 21 – page 49, line 13;

Page 50, line 8 – page 52, line 20;

Page 54, lines 1-17;

Page 57, lines 21-25;

Page 58, line 25 – page 59, line 17;

Page 59, line 24 – page 60, line 8;

Page 60, line 12 – page 61, line 3;

Page 61, line 8 – page 63, line 5;

Page 64, line 12 – page 65, line 10;

Page 65, line 20 – page 66, line 12;

Page 66, line 22 – page 68, line 7;

Page 68, line 12 – page 69, line 9;

Page 69, line 14 – page 71, line 10;

Page 71, line 13 – page 72, line 9;

Page 72, lines 23-25;

Page 73, lines 9-13;

Page 73, line 16 – page 74, line 6;

Page 74, lines 11-20;

Page 74, line 23 – page 75, line 20;

Page 76, line 4 – page 77, line 13;

Page 77, lines 20-22;

Page 77, line 25;

Page 79, lines 9-21;

Page 80, line 20 – page 81, line 8;

Page 81, line 11;

Page 81, line 21 – page 82, line 12;

Page 83, lines 2-10;

Page 84, line 4 – page 85, line 4;

Page 85, line 7;

Page 85, line 25 – page 86, line 15;

Page 86, line 20 – page 87, line 2;

Page 87, line 5;

Page 87, lines 7-15;

Page 87, line 18;

Page 89, lines 7-11;

Page 89, lines 15-22;

Page 90, line 8 – page 91, line 11;

Page 91, line 21 – page 92, line 24;

Page 93, lines 2-9;

Page 93, line 18 – page 94, line 1.

8.   Lori Wing
     Arctic Slope Regional Corp.
     3900 C Street, Suite 801
     Anchorage, AK  99503
     Phone:  (907) 339-6000

Lori Wing was Bristol Bay Area Health Corporation's (hereinafter "Bristol Bay") insurance broker.  If available to be called live, Ms. Wing is expected to testify consistent with her deposition regarding her placement of Bristol Bay's insurance with Continental, including the parties' intent with regard to the scope and limitations of coverage.  Specifically, she will testify that it had never been her intention, nor the intention of Bristol Bay, to include the United States as an insured under any policy placed by Brady & Co. for Bristol Bay, and that she understood at the time of placing the coverage for Bristol Bay that it did not desire insurance coverage that would duplicate protection from liabilities provided by the United States under Section 638 and the FTCA.  She was trying to obtain coverage for Bristol Bay to insure for risks not covered by the Federal Tort Claim Act.  All of this information was conveyed to Continental Insurance Company's underwriters at the time that coverage was placed.  She is also expected to testify regarding the scope, limitations and cost of Bristol Bay's liability insurance following the expiration of the Continental policy. In the event Ms. Wing is unavailable at the time of trial,

defendants have designated the following portions of her
deposition to be read to the jury:

> Page 4, line 9 - page 4, line 13;
>
> Page 6, line 8 - page 6, line 10;
>
> Page 6, line 18 - page 10, line 22;
>
> Page 11, line 2 - page 34, line 22;
>
> Page 35, line 4 - page 61, line 25;
>
> Page 62, line 9 - page 71, line 24;
>
> Page 72, line 16 - page 83, line 5;
>
> Page 83, line 8 - page 121, line 25;
>
> Page 128, line 18 - page 129, line 5;
>
> Page 199, line 20 - page 202, line 3;
>
> Page 203, line 24 - page 206, line 3.

> 9.   Debra Wyatt-Brown
>      2 Hemlock Street
>      Jersey City, NJ  07035
>      Phone: (unknown)

Debra Wyatt-Brown was the underwriter for Bristol
Bay's policies with Continental from 1990 to 1996.  If available
to be called live, Ms. Wyatt-Brown is expected to testify
consistent with her deposition regarding the underwriting of
Bristol Bay's policies with Continental, specifically that it
was her intention to underwrite general liability coverage only

those risks undertaken by Bristol Bay that were not covered by the FTCA.  In the event Ms. Brown is unavailable at the time of trial, defendants have designated the following portions of her deposition to be read to the jury:

Page 3, lines 9-10;

Page 5, line 5 – page 6, line 4;

Page 10, line 4 – page 11, line 5;

Page 11, lines 10-25;

Page 12, line 23 – page 13, line 4;

Page 13, line 18 – page 14, line 2;

Page 18, lines 18-24;

Page 28, lines 11-15;

Page 31, line 24 – page 32, line 7;

Page 34, lines 23-25;

Page 38, line 15 – page 39, line 14;

Page60, line 22 – page 61, line 13;

Page 66, lines 12-19;

Page 74, lines 3-22;

Page 75, line 17 – page 76, line 2;

Page 76, lines 10-15;

Page 77, line 22 – page 78, line 8;

Page 78, line 18 – page 79, line 17;

Page 79, line 22 – page 80, line 9;

Page 80, lines 18-24;

Page 104, lines 6-14;

Page 104, line 21 – page 105, line 6;

Page 133, line 21 – page 134, line 16;

Page 137, lines 17-25;

Page 138, lines 15-23;

Page 142, lines 9-17;

Page 144, lines 10-17;

Page 144, line 24 – page 145, line 7;

Page 145, line 25 – page 146, line 14;

Page 160, line 24 – page 164, line 9;

Page 164, line 18 – page 166, line 2;

Page 166, line 15 – page 167, line 17;

Page 168, line 9 – page 170, line 18;

Page 171, line 20 – page 172, line 11;

Page 172, lines 19-23;

Page 173, lines 3-18;

Page 174, line 16 – page 175, line 18;

Page 176, lines 18-20;

Page 176, line 24 – page 178, line 9;

Page 178, line 15 – page 179, line 15;

Page 180, line 9 – page 181, line 3;

Page 182, line 24 – page 183, line 2;

Page 183, lines 4-23;

Page 185, line 9 – page 186, line 12;

Page 193, lines 2-5.

10.   Crystal Brown
      Assistant Vice President
      CNA Underwriting
      c/o Gary Zipkin, Esq.
      Law Offices of Guess & Rudd P.C.
      510 L Street, Suite 700
      Anchorage, AK  99501
      Phone:  (907) 793-2200
      **Attorney-client privilege applies**

Crystal Brown is the Assistant Vice President for Underwriting at CNA.  Ms. Brown is expected to testify consistent with her deposition regarding the underwriting of Bristol Bay's policies with Continental.

11.   Sally Padgitt
      151 North Kenilworth Avenue
      Oak Park, IL  60301
      Phone:  (708) 445-8966

Sally Padgitt was the underwriter for Bristol Bay's policy with Continental in 1990.  If available to be called live, Ms. Padgitt is expected to testify consistent with her deposition regarding the underwriting of Bristol Bay's policies with Continental.  In the event Ms. Padgitt is unavailable at the time of trial, defendants have designated the following portions of her deposition to be read to the jury.

Page 4, lines 11-12;

Page 4, lines 18-19;

Page 5, line 22;

Page 6, lines 5-21;

Page 8, lines 7-10;

Page 9, line 21 – page 11, line 7;

Page 12, line 1 – page 13, line 16;

Page 14, lines 16-22;

Page 16, lines 13-19;

Page 18, lines 7-18;

Page 21, lines 6-10;

Page 23, lines 4-18;

Page 24, lines 2-9;

Page 24, lines 16-24;

Page 25, lines 1-4;

Page 27, line 20 – page 28, line 15;

Page 29, lines 2-12;

Page 41, line 23 – page 42, line 12;

Page 46, line 4 – page 47, line 23;

Page 48, line 6 – page 49, line 1;

Page 50, line 15 – page 54, line 17;

Page 55, line 9 – page 57, line 18;

Page 58, line 16 – page 59, line 5;

Page 60, lines 2-20;

Page 62, lines 5-13;

Page 62, line 17 – page 63, line 17.

12.  S. Bobo Dean, Esq.
     Hobbs, Strauss, Dean & Walker, LLP
     1819 H Street, Suite 800
     Washington, D.C. 20006
     Phone:  (202) 783-5100

S. Bobo Dean was Bristol Bay's outside counsel at the time Continental insured Bristol Bay.  Defendants intend to call Mr. Dean by deposition designation.  If Mr. Dean is available to be called live, he is expected to testify consistent with his deposition regarding his involvement in determining Bristol Bay's insurance coverage needs in light of Federal Tort Claims Act ("FTCA") coverage.  Specifically, Mr. Dean will testify that he told Lori Wing that it was uncertain what the FTCA would cover and that Bristol Bay needed "some kind of insurance which would protect [it] in the event it was determined that for whatever reason the FTCA did not apply."  Dean understood that Continental's policy "was obtained for the purpose of protecting BBAHC against claims outside the scope of the FTCA."  In the event Mr. Dean is unavailable at the time of trial, defendants have designated the following portions of his deposition to be read to the jury:

Page 9, line 16 - page 10, line 6;

Page 10, line 16 - page 12, line 3;

Page 12, line 25 - page 13, line 6;

Page 17, line 16 – page 18, line 9;

Page 18, lines 14-25;

Page 19, line 1 – page 22, line 14;

Page 22, line 24 – page 23, line 3;

Page 23, lines 9-13;

Page 24, lines 1-16;

Page 27, lines 5-23;

Page 28, line 16 – page 30, line 19;

Page 31, lines 2-5;

Page 31, line 16 – page 32, line 14;

Page 32, line 17 – page 33, line 3;

Page 42, lines 15-25;

Page 47, lines 1-19;

Page 48, lines 8-25;

Page 49, line 1 – page 50, line 17;

Page 51, line 8 – page 52, line 11;

Page 57, line 22 – page 58, line 25;

Page 59, line 1 – page 60, line 25;

Page 61, line 1 – page 62, line 6;

Page 62, line 11 – page 63, line 3;

Page 64, line 6 – page 65, line 25;

Page 66, line 15 – page 67, line 18;

Page 69, line 6 – page 70, line 16;

Page 73, line 10 – page 74, line 4;

Page 76, lines 1-21;

Page 82, lines 7-10;

Page 83, line 25 – page 84, line 1;

Page 84, line 21 – page 85, line 20;

Page 86, lines 12-25;

Page 87, line 9 – page 88, line 15;

Page 88, lines 19-20;

Page 89, lines 2-11;

Page 90, lines 11-22;

Page 91, line 19 – page 92, line 8;

Page 92, lines 13-22;

Page 94, lines 3-14;

Page 94, line 20 – page 96, line 7;

Page 96, line 24 – page 97, line 17;

Page 98, line 6 – Page 100, line 2;

Page 103, lines 2-8;

Page 103, lines 14-18;

Page 103, line 22 – page 104, line 18;

Page 104, line 25 – page 105, line 17;

Page 107, line 16 – page 108, line 23.


13.   Robert Clark
      President and CEO
      Bristol Bay Area Health Corporation
      c/o Robert K. Stewart
      Davis Wright Tremaine, LLP
      701 West 9th Ave., Suite 800
      Anchorage, AK  99501
      Phone:  (907) 257-5300

Robert Clark was the President and CEO of Bristol Bay at the time Continental insured Bristol Bay. If available to be called live, Mr. Clark is expected to testify consistent with his deposition regarding his intent in procuring coverage with Continental as President and CEO of Bristol Bay. Specifically, Mr. Clark will testify that he was happy to have Bristol Bay's insurance broker, Lori Wing, speak with Bristol Bay's outside counsel, Mr. Dean to better understand Bristol Bay's insurance needs. He will testify that Bristol Bay never "intended for the United States government, the IHS, to be a named insured under any BBAHC policy." Bristol Bay did not want to "buy insurance for the government" because "[t]he government has its own insurance." In the event Mr. Clark is unavailable at the time of trial, defendants have designated the following portions of his deposition to be read to the jury:

Page 4, lines 8-18;

Page 11, line 14 - page 30, line 5;

Page 32, line 16 - page 46, line 4;

Page 46, line 16 - page 49, line 7;

Page 49, line 14 - page 66, line 1;

Page 67, line 4 - page 72, line 9;

Page 73, line 9 - page 74, line 7;

Page 76, line 22 - page 79, line 13;

Page 79, line 24 - page 83, line 10;

Page 83, line 23 - page 85, line 2;

Page 91, line 20 - page 94, line 18;

Page 107, line 8 - page 109, line 15.


14.  Robert K. Stewart, Esq.
     Davis Wright Tremaine, LLP
     701 West 9th Ave., Suite 800
     Anchorage, AK  99501
     Phone:  (907) 257-5300

Robert Stewart was Bristol Bay's outside counsel at the time Continental insured Bristol Bay.  If available to be called live, Mr. Stewart is expected to testify regarding his dealings with Continental and the U.S. in connection with the tender of defense.  Specifically, Stewart will testify that he believes that requiring Bristol Bay to insure the United States would defeat the Congressional purpose in extending FTCA coverage to tribal contractors under the ISDEAA.   In the event Mr. Stewart is unavailable at the time of trial, defendants have designated portions of his deposition to be read to the jury.


He will confirm that at the time the Continental policy was issued, Bristol Bay did not consider the United States an implied additional insured.  To his knowledge, the Wilson claim was the first claim against Bristol Bay following the 1990 amendments to the ISDEAA, and he thinks the fact that

this was "virgin territory" for Bristol Bay, Continental, and the U.S. made it extremely difficult to determine the respective rights and responsibilities of the parties.

He will testify that Bristol Bay obtained the Continental policy (and other similar policies, with similar premium costs, from CIGNA and other insurers over the years) to protect Bristol Bay against "grey areas" where the FTCA might not protect Bristol Bay.   Premiums for liability policies obtained by Bristol Bay in later years that specifically excluded the United States were as high or higher than the Continental policy at issue in this case.

He will testify that Continental fully lived up to its contractual obligations to Bristol Bay in terms of providing a defense to the Wilson claim at Continental's expense, including getting the claims against Bristol Bay dismissed.  He will testify that Continental was willing to pay some up front money as a "loan" to the Wilson family, a proposal that he favored and that the U.S. Atty's office did not. He also agrees that Bristol Bay was not required to pay anything either for its defense or for the ultimate settlement with the Wilson family that took place in 1997.

Stewart will testify that he believes the issue of whether Friderici wrongfully concealed the second Continental policy -- the HMA policy -- "is much ado about nothing" since he understood that Continental was not going to agree that the U.S. was an implied insured under the HMA policy.

In the event Mr. Stewart is unavailable at the time of trial, defendants have designated the following portions of his deposition to be read to the jury:

> Page 6, line 1 - page 9, line 25;
>
> Page 15, line 8 - page 16, line 2;
>
> Page 17, line 11 - page 23, line 24;
>
> Page 25, line 7 - page 35, line 11;
>
> Page 35, line 15 - page 42, line 6;
>
> Page 42, line 10 - page 51, line 14;
>
> Page 51, line 21 - page 83, line 25;
>
> Page 86, line 1 - page 89, line 19;
>
> Page 90, line 15 - page 91, line 21;
>
> Page 92, line 15 - page 93, line 17;
>
> Page 94, line 18 - page 94, line 21;
>
> Page 99, line 17 - page 103, line 11.

15.  Darrell Richardson
     Chief Operating Officer
     Bristol Bay Area Health Corporation

c/o Robert K. Stewart
Davis Wright Tremaine, LLP
701 West 9th Ave., Suite 800
Anchorage, AK  99501
Phone:  (907) 257-5300

Darrell Richardson was the COO of Bristol Bay at the time Continental insured Bristol Bay.  If available to be called live, Mr. Richardson is expected to testify consistent with his deposition regarding his involvement in procuring coverage with Continental for Bristol Bay and the source of Bristol Bay's funding.  He will testify that he had discussions with both Bobo Dean and Lori Wing regarding Bristol Bay's insurance needs and that he wanted to obtain private insurance to cover gaps and holes in coverage that Bristol Bay would have under the FTCA, as "an over layer or something different than the government's insurance."  He never intended for this private insurance to actually provide coverage to the U.S. Government.  In the event Mr. Richardson is unavailable at the time of trial, defendants have designated the following portions of his deposition to be read to the jury:

Page 4, lines 9-11;

Page 5, line 15 - page 7, line 2;

Page 8, line 1 – page 12, line 7;

Page 13, line 17 – page 15, line 13;

Page 17, line 18 – page 18, line 8;

Page 18, line 21 – page 19, line 1;

Page 19, line 6 – page 20, line 17;

Page 20, line 24 – page 22, line 4;

Page 27, line 21 – page 28, line 11;

Page 28, line 22 – page 29, line 4;

Page 29, line 22 – page 30, line 8;

Page 31, line 11 – page 32, line 10;

Page 32, line 20 – page 33, line 12;

Page 33, line 24 – page 34, line 17;

Page 35, line 5 – page 36, line 3;

Page 37, lines 19-25;

Page 38, line 12 – page 39, line 19;

Page 51, line 17 – page 53, line 24;

Page 54, lines 21-25;

Page 56, line 21 – page 58, line 3;

Page 58, line 5 – page 61, line 7;

Page 62, lines 7-24;

Page 63, lines 8-14;

Page 64, line 23 – page 65, line 7;

Page 68, line 18 – page 70, line 9;

Page 71, line 3 – page 73, line 1;

Page 74, line 22 – page 75, line 5;

Page 76, lines 6-17;

Page 78, lines 2-14;

Page 78, line 24 – page 79, line 12;

Page 80, lines 13-24;

Page 81, line 3 – page 82, line 7;

Page 84, lines 9-16;

Page 85, lines 1-13.


16.  Elizabeth Hartshorn
     3790 Amber Bay Loop
     Anchorage, AK  99515
     Phone:  (907) 344-1077

Elizabeth Hartshorn was the CFO of Bristol Bay from 1990 to 1993.  If available to be called live, Ms. Hartshorn is expected to testify consistent with her deposition regarding her involvement in procuring coverage with Continental for Bristol Bay and her conversations with others regarding Bristol Bay's coverage needs.  She will testify that it was not Bristol Bay's intention to obtain coverage for the U.S. Government for claims covered by the FTCA, as the Government, not Bristol Bay would be responsible for defending and paying for such claims, and that it was difficult to find private insurance coverage that was tailored to this specific need.  In the event Ms. Hartshorn is unavailable at the time of trial, defendants have designated the following portions of her deposition to be read to the jury:

Page 4, line 9 - page 4, line 11;

Page 6, line 5 - page 6, line 23;

Page 8, line 6 - page 35, line 6;

Page 38, line 3 - page 42, line 9;

Page 43, line 3 - page 55, line 23;

Page 56, line 9 - page 61, line 25;

Page 62, line 10 - page 62, line 16;

Page 63, line 6 - page 65, line 1;

Page 66, line 9 - page 70, line 10;

Page 71, line 7 - page 73, line 5;

Page 73, line 10 - page 74, line 2;

Page 77, line 4 - page 83, line 2.


    17.  Kenneth Roosa, Esq.
        Cooke, Roosa, and Valcarce, LLC
        3700 Jewel Lake Road
        Anchorage, AK  99502
        Phone:  (907) 276-2744

Kenneth Roosa was an Assistant U.S. Attorney involved in tendering the Wilson claim to Continental.  If available to be called live, Mr. Roosa is expected to testify consistent with his deposition regarding this decision and Continental's response to the tender of defense.  Mr. Roosa will testify that he believed one should look to the language of the policy to determine whether the United States was an insured, and that the policy did not name the United States as an insured.  He will testify that as of the time of the government's initial tender to Continental in January, 1995, he was aware of no case law in Alaska or in any other state that stood for the proposition that

the United States could be considered an implied at law insured under a liability policy issued to someone else.  He will testify that he subsequently found no such case authority.  In the event Mr. Roosa is unavailable at the time of trial, defendants have designated the following portions of his deposition to be read to the jury:

Page 7, line 16 – page 8, line 2;

Page 12, line 1 – page 14, line 12;

Page 15, line 13 – page 16, line 11;

Page 16, lines 20-22;

Page 17, lines 7-22;

Page 18, lines 4-7;

Page 18, line 11 – page 20, line 10;

Page 20, line 23;

Page 21, line 20 – page 22, line 12;

Page 22, line 16 – page 23, line 18;

Page 24, lines 7-21;

Page 27, line 16 – page 28, line 14;

Page 28, line 23 – page 29, line 1;

Page 29, line 24 – page 30, line 9;

Page 32, lines 13-19;

Page 33, line 11 – page 34, line 10;

Page 34, line 20 – page 35, line 14;

Page 35, line 21 – page 36, line 24;

Page 39, line 23 – page 40, line 11;

Page 41, lines 1-8;

Page 42, line 25 – page 44, line 21;

Page 45, lines 12-22;

Page 46, line 9 – page 47, line 14;

Page 47, lines 18-22;

Page 47, line 25 – page 48, line 24;

Page 52, line 24 – page 53, line 6;

Page 53, line 18 – page 54, line 4;

Page 54, lines 24-25;

Page 55, line 19 – page 56, line 8;

Page 58, line 16 – page 59, line 14;

Page 59, line 25 – page 61, line 16;

Page 62, line 23 – page 63, line 10;

Page 64, line 18 – page 65, line 7;

Page 66, line 19 – page 68, line 15;

Page 70, line 17 – page 71, line 6;

Page 73, line 23 – page 74, line 3;

Page 74, line 18 – page 75, line 22;

Page 77, line 19 – page 79, line 7;

Page 80, lines 9-25;

Page 81, line 3 – page 82, line 1;

Page 82, lines 6-8;

Page 82, lines 22-25;

Page 83, line 25-85, line 23;

Page 88, line 17 - page 89, line 1;

Page 90, line 14 - page 91, line 17;

Page 92, line 5 - page 93, line 10.


18.   Julie McCarty
      Marsh USA Inc.
      1031 W. 4th Avenue
      Anchorage, AK  99501
      Phone:  (907) 276-5617

Julie McCarty was an assistant to Lori Wing. Ms. McCarty is expected to testify regarding her involvement in administering Bristol Bay insurance accounts, and that she also understood that Bristol Bay did not desire insurance coverage that would duplicate protection from liabilities provided by the United States under Section 638 and the FTCA, and that their goal was to try to obtain coverage for Bristol Bay to insure for risks not covered by the Federal Tort Claim Act.


19.   James Torgerson, Esq.
      Heller Ehrman White & McAuliffe LLP
      510 L Street, Suite 500
      Anchorage, AK  99501
      Phone:  (907) 263-8404

James Torgerson was an Assistant U.S. Attorney involved in tendering the Wilson claim to Continental to defend and indemnify.  Mr. Torgerson is expected to testify regarding his reaction to, and/or analysis of, Craig Stowers' letter rejecting the government's tender of defense.  In the event

Mr. Torgerson  is unavailable at the time of trial, defendants have designated that his deposition be read to the jury in its entirety.

      20.   Paul Figley
           U.S. Department of Justice
           1331 Pennsylvania Avenue NW
           Washington, D.C.

Mr. Figley was a Rule 30(b)(6) designee testifying for the United States in this matter.  The following portions of his deposition have been designated by defendants:

      Page 9, line 3 – page 10, line 3;

      Page 10 line 17 – page 15, line 1;

      Page 15, lines 15-21;

      Page 16, lines, 2-12;

      Page 16, line 16 – page 21, line 22;

      Page 22, lines 4-8;

      Page 22, line 17 – page 24, line 17;

      Page 25, line 15 – page 30, line 7;

      Page 31, line 3 – page 33, line 10;

      Page 36, lines 1-15;

      Page 36, line 19 – page 37, line 10;

      Page 42, line 17 – page 44, line 9;

      Page 45, lines 2-19;

Page 46, line 8 (beginning at "...are you aware...")

    to line 14

Page 46, line 18 – page 47, line 4;

Page 48, line 4 – page 49, line 1;

Page 50, lines 10-22;

Page 51, line 15 - page 52, line 5.


21.   Jennifer Taylor Hedrick
       Manager Claims/Underwriting
       Michigan Professional Insurance Exchange (MPIE)
       Grand Rapids, MI
       Phone:  (616) 391-2087


Ms. Taylor assumed handling of the Wilson claim file in 1996 following William Hutson, and will testify regarding her receipt of the February 20, 1997 tender from Mr. Roosa, and Continental's response to that tender.


22.   Steven Garrett
       2696 Copperfield Drive
       Naperville, IL 60565
       Phone:  (630) 717-1622 (work)
             (630) 369-1014 (home)

Mr. Garrett was involved in the process of evaluating and responding to the 1997 tender made by the United States, and retaining Craig Stowers to serve as coverage counsel.  He will testify concerning his knowledge of the tender, and Continental's response to that tender through coverage counsel.

23.   Gregory Steele
      6111 West 156th Street
      Overland Park, KS 66223
      Phone:  (913) 851-4187

Mr. Steele was involved in the process of evaluating

and responding to the 1997 tender made by the United States,

and retaining Craig Stowers to serve as coverage counsel.  He

will testify concerning his knowledge of the tender, and

Continental's response to that tender through coverage counsel.


24.   Robert N. Wainscott
      23553 Lower Terrace Street
      Eagle River, AK  99577
      Phone:  (907) 694-2407

Robert Wainscott is Continental's expert and is

expected to testify consistent with the findings in his written

expert report, and his deposition taken in this case.  His

curriculum vitae is filed herewith.


25.   Robert A. Lohr
      2515 Telequana Drive
      Anchorage, AK  99517
      Phone:  (907) 223-9836

Robert Lohr is Continental's expert and is expected to

testify consistent with the findings in his written expert

report, and his deposition taken in this case.[2]  His curriculum

vitae is filed herewith.


      26.  Douglas J. Serdahely, Esq.
          Patton Boggs LLP
          601 W. 5th Avenue, Suite 700
          Anchorage, AK  99501
          Phone:  (907) 263-6310

Douglas Serdahely is Continental's expert and is

expected to testify consistently with the findings set out in

his written expert report.  His curriculum vitae is filed

herewith.


      27.  Erin Finn
          Assistant Vice President and Claims Counsel
           of Global Specialty Lines Claims for
           Continental Casualty
          c/o Gary Zipkin, Esq.
          Law Offices of Guess & Rudd P.C.
          510 L Street, Suite 700
          Anchorage, AK  99501
          Phone:  (907) 793-2200
          **Attorney-client privilege applies**

Erin Finn is the Assistant Vice President and Claims

Counsel of Global Specialty Lines Claims for Continental

Casualty.  Ms. Finn is expected to testify consistent with her

---

[2] As noted in his report, Mr. Lohr addresses two separate issues.  The second issue, relating to the amount appropriate for punitive damages, is only relevant if the jury first determines that Continental should be assessed punitive damages.  If that occurs, Continental plans to call Mr. Lohr back to the stand during the second phase of the trial, testifying after Mr. Boysen has testified.

deposition regarding Continental's response to the tender of defense from the U.S. regarding the Kallstrom counterclaim.

        28.  Lawrence John Boysen
             Senior Vice President and
             Corporate Controller of
             CNA Financial Corporation
             c/o Gary Zipkin, Esq.
             Law Offices of Guess & Rudd P.C.
             510 L Street, Suite 700
             Anchorage, AK  99501
             Phone:  (907) 793-2200
             **Attorney-client privilege applies**

Lawrence Boysen is the Senior Vice President and Corporate Controller of CNA Financial Corporation.  Mr. Boysen is expected to testify consistent with his deposition but only if the jury first determines that the U.S. is entitled to punitive damages.  He will testify regarding Continental's financial status including the corporate structure.

        29.  David Maulbetsch
             1920 Chestnut Avenue, Apartment 506
             Glenview, IL  60025
             Phone:  (847) 657-1095

David Maulbetsch worked for Continental.  Mr. Maulbetsch is expected to testify regarding his involvement with the decision to deny the U.S.'s tender of defense to CNA Health Pro.

      30.  John A. Treptow
            Dorsey & Witney, LLP
            1031 W. 4th Avenue, Suite 600
            Anchorage, AK  99501
            Phone:  (907) 276-4557

John Treptow was one of the attorneys representing Continental in this action.  Mr. Treptow is expected to testify regarding the timing and substance of conversations he had with Kenneth Roosa regarding the tender of the Kallstrom counterclaim and regarding the government's implied insured theory of coverage for the U.S.  Continental does not waive the attorney-client privilege with respect to Mr. Treptow's legal services in this matter expect to the extent necessary to permit Mr. Treptow to testify regarding the conversations referenced above.

31.  All witnesses listed in plaintiff's preliminary witness list and/or final witness list.

32.  All witnesses necessary for authentication of documents.

33.  All witnesses necessary for impeachment or rebuttal.

34.  All witnesses who have been deposed in this case.

DATED at Anchorage, Alaska, this 5th day of April, 2006.

                    GUESS & RUDD P.C.
                    Attorneys for Defendants

                    By: _____s/Gary A. Zipkin_____
                            Guess & Rudd P.C.
                            510 L Street, Suite 700
                            Anchorage, Alaska  99501
                            Phone: 907-793-2200
                            Fax:  907-793-2299
                            Email: gzipkin@guessrudd.com
                            Alaska Bar No. 7505048


                    QUINN EMANUEL URQUHART
                        OLIVER & HEDGES, LLP
                    Attorneys for Defendants


                    By: ____s/A. William Urquhart_____
                            Quinn Emanuel Urquhart
                              Oliver & Hedges, LLP
                            865 South Figueroa
                            Street, 10th Floor
                            Los Angeles, CA  90017
                            Phone:  1-213-443-3000
                            Fax:    1-213-443-3100
                            Email:
                            billurquhart@quinnemanuel.com

CERTIFICATE OF SERVICE

I hereby certify that on the
5th day of April, 2006, I
mailed a true and correct copy
of the foregoing document to the
following counsel of record:

Richard L. Pomeroy, Esq.
Christopher Tayback, Esq.
A. William Urquhart, Esq.

and by regular U.S. mail on:

Richard Stone, Esq.
Civil Division, Torts Branch
U.S. Department of Justice
1331 Pennsylvania Avenue, N.W.
Washington, D.C.  20530

Guess & Rudd P.C.


By:   s/Gary A. Zipkin

F:\DATA\6024\1\Pleading\50 AmendedTrialWitnessDisclosure.doc