DEBORAH M. SMITH
Acting United States Attorney

RICHARD L. POMEROY
Assistant U.S. Attorney
222 West Seventh Avenue, #9
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
E-mail:  richard.pomeroy@usdoj.gov

RICHARD R. STONE, SR.
Trial Attorney
U.S. Department of Justice
P.O. Box 888
Benjamin Franklin Station
Washington, D.C.  20044
Phone: (202) 616-4291
Fax: (202) 616-5200
E-mail:  richard.stone@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>     v.<br><br>THE CONTINENTAL CASUALTY COMPANY, dba THE CONTINENTAL INSURANCE COMPANY,<br><br>              Defendant. | Case No. 3:98-cv-285-JWS<br><br>**FINAL TRIAL WITNESS LIST** |

   The United States hereby submits the following final list of witnesses who may be called at the trial of this case:

1. Kenneth Roosa, Esq.
   Cooke, Roosa & Valcarce
   3700 Jewel Lake Road
   Anchorage, Alaska 99502
   (907) 276-2744

Mr. Roosa is a former Assistant U.S. Attorney who was assigned to represent the United States in the suit brought on behalf of Lori Dee Wilson against the United States, which is the underlying basis for the present dispute. Mr. Roosa will describe what the Wilsons' claim was, the defense that the United States undertook, including the third-party claim against Ms. Kallstrom, and the ultimate resolutions of those cases. Mr. Roosa will also briefly describe the nature of the underlying legislation - the Indian Self Determination and Education Assistance Act, which provides Alaska Native health contractors tort coverage under the Federal Tort Claims Act. He will testify about how, in the course of his research into the Wilson case, he discovered that Bristol Bay Area Health Corporation had a commercial general liability insurance policy issued by Continental that provided coverage for the Wilson accident.

He will testify as to his tenders of the defense of the Wilson case to Continental on January 6, 1995, June 6, 1995, September 13, 1995, February 20, 1997, and the tenders of the defense of the counterclaim filed by Ms. Kallstrom on July 8, 1998 and October 30, 2001. He will testify about the responses, or lack thereof, that he received. and other similar matters.

2. Erin M. Finn, Esq.
   Assistant Vice President
   Continental Casualty, Co.
   Chevy Chase, Maryland

Ms. Finn is an assistant vice president with Continental Casualty, who was designated Continental's Rule 30(b)(6) witness on claims handling and who will testify concerning Continental's claims handling and tenders of defense by the United States and other similar matters. Ms. Finn's testimony will be introduced through her deposition.

Deposition designation: p. 9, lns. 17-19; p. 15, lns. 15-18; p. 16  lns, 19-20; p. 17 lns. 4-7. lns.16-21; p. 18 lns. 3-9.; p. 19, lns. 6-22.; p. 24 lns. 9-12; p. 29 lns. 13-22; p. 30 lns. 1-20; p. 34

lns. 12-18; . p. 36 lns. 4-22; p. 37 lns. 3-9; p. 39 lns.8-13; p. 40 lns. 9-14; p. 46 lns. 18-22; p. 47 lns. 1-11.

3.  Lawrence J. Boysen
    Senior Vice President and Corporate Controller
    CNA Financial Corp., Continental Insurance Co.,
     and Continental Casualty Co.

Mr. Boysen is a senior vice president and corporate controller of CNA Financial Corp., who was designated as the defendant's Rule 30(b)(6) witness on the issues of the net worth and corporate structure of Continental Insurance Company, Continental Casualty Company, and CNA Financial. His testimony will be introduced through his deposition.

Deposition designation: p. 9, lns. 15-20; p. 41, lns. 1-18; p. 42, lns. 3-13 & Ex. 2, p 8; p. 45, lns. 9-22; p. 46, ln. 1; p. 56, lns. 1-4; p. 86, lns. 1-22; p. 87, lns. 1-3; p. 88, lns. 1- 18; p. 89, lns. 5-22; p. 92, lns. 6-18; p. 93, lns 16-22; and p. 94 lns. 1-5.

4.  Rick Gaskins (expert)
    7183 Stillwater Court
    Frederick, Maryland 21702
    (301) 698-9777

Mr. Gaskins is Plaintiff's economic expert. His resume outlining his professional education, training, and qualifications is attached as Exhibit 1.

Mr. Gaskins will offer his opinion as to the financial condition of the defendant, which is one of the factors that a fact finder may consider in determining the amount of punitive damages to be awarded under Alaska law. He will testify as to the financial condition of the Continental Casualty Company, since it owns one hundred percent of the Continental Insurance Company and the financial data of the Continental Insurance Company is consolidated in the financial data of the Continental Casualty Company.

Mr. Gaskins will testify how the financial condition of a company can be ascertained by looking at three sets of information: the new worth of the company; the net income, or profits, of the company; and how the company compensates the officers who control the conduct of the

company.  After reviewing the  National Association of Insurance Commissioners (NAIC) Annual Statement reports filed by Continental Casualty Company and Continental Insurance Company from 1988 to 2004, the transcript and exhibits of the deposition of Lawrence Boysen, the Senior Vice President and Corporate Controller of the companies, and executive compensation disclosures produced by the companies for the years 1987 through 2004, Mr. Gaskins has summarized that information in three schedules, which were part of his expert report.  He will describe how he compiled the data in these schedules and the significance of the data.

As indicated in his report, if Defendant's motion at Docket No. 237 is granted, Mr. Gaskins will testify only as to the financial condition of Continental Insurance Company using identical methodology.

Mr. Gaskins may also be called upon to comment on the financial information presented in the report of the defendant's expert, Robert Lohr.

5. Deborah Senn (expert)
   501 Wellington Ave
   Seattle, Washington 98122
   (206) 328-5004

Ms. Senn is Plaintiff's expert in the area of insurance and the standards of conduct for an insurer.  She is the former commissioner of insurance for the State of Washington.  Her C.V outlining her professional education, training, and qualifications is attached as Exhibit 2.

Consistent with her twenty five page report and her 259 page deposition testimony, Ms. Senn will briefly review the regulatory standards of good faith by which an insurance company such as Continental is required to conduct itself. These standards are well defined by NAIC model legislation and rules that in turn have become a template for state insurance regulation, including that in the State of Alaska. Continental acknowledges observance of this regulatory framework as essential in its claim settlement policies, practices and procedures.  She will describe how punitive damages, as opposed to mere compensatory damages, are necessary to ensure that insurance contract provisions are honored.  If an insurer engages in bad faith and the

cost of that conduct is only paying the insured that which is owed under the insurance contract, then there will be a perverse incentive to engage in bad faith behavior on the chance that the insurer's bad faith may go unchallenged.  Thus, public policy requires that bad faith behavior be punished.

Ms. Senn will describe how 1) Continental failed to provide a prompt and reasonable explanation for its denial of coverage, and deliberately misconstrued the facts around the purchase of coverage; 2) Continental knowingly allowed James Friderici, a conflicted attorney who had previously represented BBAHC, to represent its interest; 3) Continental knowingly and deliberately concealed coverage when the United States first tendered under the wrong policy; 4) Continental repeatedly and deliberately failed to reply to tenders by the United States; 5) Continental compelled its insured to litigate for recovery; 6) Continental repeatedly failed in its duty to defend; 7) Continental's knowledge of its wrongdoing is supported by its own Claim Handling Guidelines, Best Practices and the testimony of its own employees; and 8) The United States Congress did not pass the ISDEAA and other statutes affecting Native Americans to benefit the private insurance industry.

Ms. Senn will offer her opinion that, considering the facts decided by the District Court and the numerous tenets of statutory bad faith that Continental has violated, she has never seen a case with as many applicable unfair claims practice violations as this one.

6. Any witnesses necessary for rebuttal or impeachment.

7. Any witness necessary for authentication of documents.

8. Any witness whose name appears on defendant's witness list.

Respectfully requested this 5th day of April, 2006, in Anchorage, Alaska.

DEBORAH M. SMITH
Acting United States Attorney

s/Richard L. Pomeroy
Assistant U.S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
E-mail: richard.pomeroy@usdoj.gov
AK #8906031

s/Richard R. Stone, Sr.
Trial Attorney
U.S. Department of Justice
P.O. Box 888
Benjamin Franklin Station
Washington, D.C. 20044
Phone: (202) 616-4291
Fax: (202) 616-5200 fax
E-mail: richard.stone@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on April 5, 2006,
a copy of the foregoing Final Witness List was served
electronically on Gary A. Zipkin and William Urquhart
and on

Rebecca L. Ross
Ross, Dixon & Bell, LLP
55 West Monroe Street, Suite 3000
Chicago, IL 60603-5758
(312) 759-1920
(312) 759-1939 fax

by U.S. mail

s/ Richard L. Pomeroy