Page 1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,   )
                            )
       Plaintiff,           )
                            )
vs.                         )
                            )
CNA FINANCIAL CORPORATION   )
AND THE CONTINENTAL         )
CASUALTY COMPANY d/b/a      )
THE CONTINENTAL INSURANCE   )
COMPANY,                    )
                            )
       Defendant.           )
_____)
Case No. A98-285 CV (JWS)


VIDEOTAPED DEPOSITION OF KENNETH S. ROOSA


Pages 1 - 98, inclusive

Thursday, December 15, 2005
9:10 A.M.

Taken by Counsel for Defendant
at
GUESS & RUDD
510 L Street, Suite 700
Anchorage, Alaska

EXHIBIT F
Page 1 of 5

Page 90

1   you are and as anyone is who has ever done appellate
2   work.
3       Q.   Let me ask this just to try to refresh your
4   recollection.  If I suggest that the argument, the
5   oral argument to the Alaska Supreme Court was held
6   on October 10, 2000, any reason to doubt that, or
7   does that refresh your memory?
8       A.   I -- I don't recall it, but -- I mean, I
9   recall the argument, but I don't remember the date.
10      Q.   And do you recall when it was that the
11  supreme court actually rendered -- the Alaska
12  Supreme Court actually rendered its decision?
13      A.   I don't recall the date.
14      Q.   Okay.  Whatever that date was, from oral
15  argument to the date of the decision, did anything
16  take place in connection with the Kallstrom case
17  that involved any effort, time, work by the U.S.
18  attorneys?
19      A.   Did I -- did I put any hours on my time
20  sheet for the Kallstrom case?
21      Q.   Yes.
22      A.   Is that what you're asking?
23      Q.   Fair enough.  Good way of phrasing it.
24      A.   My time sheet would answer that question.
25      Q.   Okay.  What does your memory do to answer?

Page 91

1    A.   I'm sure there were letters, telephone
2 calls and some work that was done on -- on the
3 matter. I don't remember exactly what it was. But
4 it's not as if the case just vanishes. There's
5 always reports and notices and people requesting
6 what -- information about what's going on. But
7 substantive legal work, no.
8    Q.   In other words, from the date of oral
9 argument to the date of the Alaska Supreme Court
10 decision, Ms. Kallstrom filed no motions. Is that a
11 fair statement?
12   A.   I think that's -- I think there were no
13 motions.
14   Q.   Is it also fair to say that she attempted
15 to conduct no discovery?
16   A.   Well, the time for discovery certainly was
17 past, so that's a given.
18   Q.   Just so the jury understands, which may not
19 understand all the legal procedures. In other
20 words, there was nothing that she or her attorneys
21 were attempting to do to advance her claim after
22 oral argument and before the supreme court decision?
23   A.   The file will reflect whether there was
24 any -- any activity of any kind.
25   Q.   And although we may not need it, since I

Page 92

1   have papered you enough, I will just paper you with
2   this.
3           (Exhibit 18 marked.)
4   BY MR. ZIPKIN:
5       Q.   And if you can just tell us, whenever
6   you're comfortable, what Exhibit 18 appears to be.
7       A.   This is Opinion No. 5553 dated March 15,
8   2002.  This is the opinion of the Alaska Supreme
9   Court in Kallstrom versus United States.  Looks like
10  this was issued just before I left the U.S.
11  Attorney's office.
12      Q.   All right.  And I think you already gave us
13  the date, but the opinion does bear a date of
14  March 15, 2002.  Is that right?
15      A.   Correct.
16      Q.   So if I was right, that the oral argument
17  was in October of '00, then you have -- what, is
18  this a year and a half?  Yes, about a year and a
19  half.
20      A.   About a year and a half between the
21  decision and argument.  Pretty quick.
22      Q.   Is it fair to say that once this decision
23  came down, there was nothing else for you to do in
24  terms of active defense of the Kallstrom
25  counterclaim?

1    A.   You know, I don't think there was -- I -- I
2   don't know.  I left the U.S. Attorney's office.  I
3   think I turned in my resignation about two weeks
4   after this decision was entered, and I don't think I
5   had anything else to do with this file after that
6   date.
7    Q.   Okay. Fair enough. Just quickly, is -- is
8   it true that this decision held that Ms. Kallstrom
9   did not have a viable or cognizable NIED claim?
10    A.   That's correct.
11         MR. ZIPKIN:  I want to take a quick break.  I
12  may be done.  I just want to check my notes.  Off
13  record, if that's agreeable, Counsel.
14         MR. STONE:  It's agreeable.
15         MR. ZIPKIN:  Thank you.
16         THE VIDEOGRAPHER:  Off record, 11:15 a.m.
17         (Off record.)
18         THE VIDEOGRAPHER:  On record, 11:18 a.m.
19  BY MR. ZIPKIN:
20    Q.   Mr. Roosa, first of all, thank you for your
21  cooperation here today.  My final --
22         THE VIDEOGRAPHER:  Your mic, Mr. Zipkin.
23  Sorry.
24         MR. ZIPKIN:  Oh.  Now I may burn into another
25  tape if I have to repeat myself.