Gary A. Zipkin, Esq.
Guess & Rudd P.C.
510 L Street, Suite 700
Anchorage, AK  99501
Phone:     (907) 793-2200
Fax:         (907) 793-2299
E-mail:    gzipkin@guessrudd.com

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,          )<br>                                                          )<br>                    Plaintiff,            )<br>                                                          )<br>vs.                                                     )<br>                                                          )<br>CNA FINANCIAL CORPORATION  )<br>AND THE CONTINENTAL              )<br>CASUALTY COMPANY d/b/a         )<br>THE CONTINENTAL INSURANCE )<br>COMPANY,                                     )<br>                                                          )<br>                    Defendants.         )<br>_____ ) | Case No. 3:98-cv-285-JWS |

DEFENDANTS' OPPOSITION TO MOTION FOR
PARTIAL SUMMARY JUDGMENT REGARDING ACTUAL DAMAGES

Preliminary Statement

The Government seeks two things in its motion for partial summary judgment at Docket 228. First, it asks the Court to fix the dollar amount to which it would be entitled under the Court's prior orders if, hypothetically speaking, a final judgment were entered on May 22, 2006. That is an improper request because judgment is not being entered on that date. There is no authority for the Government's request that the Court provide an advisory calculation of interest and attorneys' fees (based on an interest rate that may or may not apply when judgment is entered) so that the Government can use Court-ordered figures in its presentation to the jury.

The time to award interest and attorneys' fees (if at all) is when judgment is entered, not before trial.

Aside from asking the Court to act as its own private accounting expert, the Government also asks the Court to characterize the amounts the Court has awarded the Government to date as "actual damages," presumably for the purpose of a compensatory/punitive damages ratio analysis. That request is contrary to law because only a portion of the Court's prior award was compensatory. Even under the Court's rulings, the only "actual damages" incurred by the Government were the limits of Continental's policy and defense costs, which Continental has already paid. Although the Court also granted the Government reimbursement for the balance of its settlement with the Wilsons, beyond policy limits, that order was non-compensatory. The Court awarded the Government a beyond policy limits recovery as a penalty for what the Court perceived as Continental's bad faith conduct, and that award was therefore "punitive," not "compensatory."

## Argument

I. NO AUTHORITY SUPPORTS THE GOVERNMENT'S REQUEST FOR A HYPOTHETICAL, PROVISIONAL CALCULATION OF AMOUNTS IT CAN ONLY RECOVER POST-JUDGMENT

The Government's request is unprecedented. The Court has already entered an order awarding the Government the $2.8 million it paid to settle with the Wilsons. Dkt. 87. While the Government may also be entitled under the Court's rulings to prejudgment interest or attorneys' fees once judgment is entered, it is not entitled to a provisional, advisory calculation of those amounts -- and that is what it seeks.

The amount of Rule 82 attorney's fees to be awarded cannot be known until judgment is entered. Where such an award is appropriate, Rule 82 attorneys' fees are generally awarded based on the amount of a plaintiff's judgment. Alaska R. Civ. P. 82(b)(1). However, whether to award any fees under Rule 82, and the amount of fees to be awarded, is discretionary. Alaska R. Civ. P. 82(c); Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894, 902 (9th Cir. 2006) (court may refuse Rule 82 fees award altogether). Among other things, the actual attorneys' fees incurred by a party inform the amount of Rule 82 fees to award. Alaska R. Civ. P. 82(c).

An award of Rule 82 attorneys' fees cannot be made except pursuant to a motion made within the first ten days after the entry of judgment. Alaska R. Civ. P. 82(c). Recognizing the post-judgment motion requirement, the Government asks the Court to treat its motion as "satisfying that requirement in advance," but it cites no authority that permits such treatment. Dkt. 228 at 2 n.1. Nor does it submit any evidence of the attorneys' fees it actually incurred (or will incur) in this litigation.

Prejudgment interest is awarded based on interest rates that change annually. AS § 09.30.070 (a) (the applicable prejudgment interest rate depends on "the year in which the judgment or decree is entered"). Both the applicable rate of prejudgment interest and the number of days for which interest has accrued cannot be known until judgment is actually entered.

Thus, neither prejudgment interest nor attorneys' fees can possibly be assessed before judgment is entered. Recognizing that fact, the Government asks the Court to provide only "an accounting of the United States' actual damages as of the trial date on May 22, 2006," not an accounting that will apply when judgment is actually entered. Dkt. 228 at 1. The

USA v. Continental; Case No. 3:98-cv-285-JWS
Opposition to Motion for Partial Summary Judgment Regarding Actual Damages
Page 3 of 9

Government cites no authority, however, that supports its request for an advisory, provisional accounting that will not apply when judgment is entered. Such an accounting may be an appropriate subject for expert testimony, but a hypothetical accounting is not something the Court should offer.

## II. THE BEYOND POLICY LIMITS PORTION OF THE GOVERNMENT'S AWARD WAS NON-COMPENSATORY

In 2001, after the Court found that Continental acted in bad faith in rejecting the Government's tender, the parties filed cross-motions for partial summary judgment on damages. When the Court resolved those motions, it granted the Government reimbursement for all of its underlying settlement costs with the Wilsons--i.e., not only the $1 million limit of Continental's policy, but also the additional $1.8 million the Government paid to settle--based on Continental's ostensible bad faith conduct. Dkt. 87. That award was non-compensatory and does not represent part of the Government's actual damages. Instead, it was a penalty designed to punish Continental.

Both before and after Continental rejected the Government's tender, the United States' interests were protected -- the Government was ably defended by the U.S. Attorney's Office at all times. There is no evidence -- indeed, the Government has never even argued--that the United States could have settled with the Wilsons for Continental's $1 million policy limit if Continental had appointed defense counsel when the Government first tendered. Therefore, Continental's rejection of the United States' tender did not cause the beyond policy limits settlement. But for Continental's conduct, the Government still would have been out of pocket $1.8 million when it settled with the Wilsons (i.e., the $2.8 million settlement minus the

$1 million policy contribution). In fact, the Court acknowledged that Continental's argument that "its action did not actually cause harm to the United States in excess of the coverage which was denied" had "some appeal" when it adjudicated the parties' cross-motions on damages in 2002. Dkt. 87 at 5.

In these circumstances, Continental normally would not be liable for damages beyond policy limits. As the California Supreme Court held in Comunale, a seminal case on the subject, "[w]here there is no opportunity to compromise the claim and the only wrongful act of the insurer is the refusal to defend, the liability of the insurer is ordinarily limited to the amount of the policy plus attorneys' fees and costs. In such a case it is reasoned that, if the insured has employed competent counsel to represent him, there is no ground for concluding that the judgment would have been for a lesser sum had the defense been conducted by insurer's counsel, and therefore it cannot be said that the detriment suffered by the insured as the result of a judgment in excess of the policy limits was proximately caused by the insurer's refusal to defend." Comunale v. Traders & General Ins. Co., 328 P.2d 198, 201 (Cal. 1958) (In Bank) (citation omitted).

The Court held Continental liable for the full amount of the Government's settlement with the Wilsons notwithstanding this lack of causation solely based on the Alaska Supreme Court's "public policy decisions," explaining that a bad faith breach of the duty to the defend "exposes the insurer to damages in excess of policy limits" as a matter of law. Dkt. 87 at 5. The Court's award of beyond policy limits damages based on "public policy," and without regard for (or evidence of) causation of harm, was not an award of actual or compensatory damages. See, e.g., Cooper Industries, Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424, 432

USA v. Continental; Case No. 3:98-cv-285-JWS
Opposition to Motion for Partial Summary Judgment Regarding Actual Damages
Page 5 of 9

(2001) (compensatory damages "are intended to redress the concrete loss that the plaintiff has suffered *by reason of the defendant's wrongful conduct*") (emphasis added).  Instead, the Court's award was punitive.  See Alyeska Pipeline Service Co. v. O'Kelley, 645 P.2d 767, 774 (Alaska 1982) ("punitive or exemplary damages are those awarded in excess of actual loss"); Alaska Placer Co. v. Lee, 553 P.2d 54, 61 (Alaska 1976) (when a plaintiff "is permitted to recover more than his actual damages" based on "public policy reasons," that is "a form of punitive damages"); State Farm Mut. Auto. Ins. Co. v. Weiford, 831 P.2d 1264, 1266 (Alaska 1992) (punitive damages are designed to punish and deter, while compensatory damages "provide just compensation for the wrong done"); Gordon v. Nationwide Mut. Ins. Co., 30 N.Y. 2d  427, 437, 285 N.E. 2d 849, 854 (N.Y. 1972) (extra-contractual, beyond-policy-limits damages for bad faith are punitive).

        Accordingly, while the Government may be entitled to reimbursement for all of its settlement costs with the Wilsons under the Court's prior orders, only the policy limits already paid by Continental constitute "actual damages" or "compensatory damages".  If the jury is going to be instructed as to the amount of the Government's "actual damages," that amount is $1,988,646.99 -- the policy limits and defense costs, plus interest, which the Government acknowledges were accurately calculated (and which Continental has already paid).  Dkt. 228 at 2 ("The parties have agreed to the accuracy of the interest amounts previously paid by Continental to the United States.").

III.    <u>ATTORNEY'S FEES ARE ALSO NOT PART OF THE GOVERNMENT'S ACTUAL DAMAGES</u>

Assuming the Government can obtain some fees once judgment is entered, such fees are not part of its actual damages because "attorney's fees are not an item of damage." <u>Ehredt v. DeHavilland Aircraft Co. of Canada, Ltd.</u>, 705 P.2d 446, 452 (Alaska 1985); <u>see</u> <u>Fairbanks Fire Fighters Ass'n, Local 1324, Intern. Ass'n of Fire Fighters v. City of Fairbanks</u>, 934 P.2d 759, 762 (Alaska 1997) ("fees are unrecoverable as damages").  Thus, like it's beyond policy limits recovery, any fees the Government may obtain post-judgment are not part of the Government's actual or compensatory damages.

<u>Conclusion</u>

For the foregoing reasons, the United States' motion should be denied in its entirety.  In the alternative, the Court should order that, while the Government has been awarded reimbursement for the full amount of its settlement with the Wilsons, its "actual" or "compensatory" damages total $1,988,646.99, which includes policy limits and defense costs, plus interest.

DATED at Anchorage, Alaska, this 6th day of April, 2006.

        GUESS & RUDD P.C.
        Attorneys for Defendants

By:     S/Gary A. Zipkin
        Guess & Rudd P.C.
        510 L Street, Suite 700
        Anchorage, Alaska 99501
        Phone: 907-793-2200
        Fax: 907-793-2299
        Email: gzipkin@guessrudd.com
        Alaska Bar No. 7505048

        QUINN EMANUEL URQUHART
          OLIVER & HEDGES, LLP
        Attorneys for Defendants

By:   S/A. William Urquhart
        Quinn Emanuel Urquhart
          Oliver & Hedges, LLP
        865 South Figueroa Street, 10th Floor
        Los Angeles, CA 90017
        Phone: 1-213-443-3000
        Fax: 1-213-443-3100
        Email: billurquhart@quinnemanuel.com

F:\data\6024\1\pleading\80 Opp MSJ Actual Damages.DOC

CERTIFICATE OF SERVICE
I hereby certify that on the
6th day of April, 2006, a copy
of the foregoing document was served
electronically on:

Richard L. Pomeroy, Esq.
Christopher Tayback, Esq.
A. William Urquhart, Esq.

and by regular U.S. mail on:

Richard Stone, Esq.
Civil Division, Torts Branch
U.S. Department of Justice
1331 Pennsylvania Avenue, N.W.
Washington, D.C.  20530

Guess & Rudd P.C.


By:      S/Gary A. Zipkin