Gary A. Zipkin, Esq.
Guess & Rudd P.C.
510 L Street, Suite 700
Anchorage, AK  99501
Phone:    (907) 793-2200
Fax: (907) 793-2299
E-mail:   gzipkin@guessrudd.com

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>                          )<br>         Plaintiff,   )<br>                          )<br>vs.                           )<br>                          )<br>CNA FINANCIAL CORPORATION   )<br>AND THE CONTINENTAL           )<br>CASUALTY COMPANY d/b/a     )<br>THE CONTINENTAL INSURANCE )<br>COMPANY,                     )<br>                          )<br>        Defendant.   )<br>                          ) | Case No. 3:98-cv-285-JWS |

<u>STATEMENT OF UNCONTESTED FACTS</u>

      Pursuant to this court's Order for Final Pre-Trial Proceedings dated September 26, 2005, Dkt. 161, the parties submit the following proposed statement of uncontested facts.

      1.   This is an insurance coverage dispute.

2. In 1993, Bristol Bay Area Health Corporation ("BBAHC") operated as a contractor providing health care services under a federal law called the Indian Self-Determination and Education Assistance Act ("ISDEAA"), Public Law (P.L.) 93-638.

3. The ISDEA (also sometimes referred to as Section 638) was enacted in 1975.

4. BBHAC was insured by Continental under a commercial general liability policy numbered HMA 9500648-5.

5. Policy HMA 9500648-5 is the policy at issue in this case.

6. The insurance policy at issue in this case, HMA 9500648-5, was effective from September 30, 1993 to September 30, 1994.

7. CNA's underwriter for this policy was Debra Patricia Wyatt-Brown.

8. In 1993, BBAHC operated an alcohol treatment facility in Dillingham, Alaska known as Jake's Place.

9. On November 27, 1993, Lori Wilson, an eight year old girl, was injured at a dance and social function at Jake's Place at least partly because of the negligence of BBAHC employees.

10. Blanche Kallstrom [another visitor at Jake's Place] accidentally gave Wilson a glass of commercial strength dishwashing liquid to drink when Wilson asked for some juice.

11. Wilson suffered serious internal injuries.

12. BBAHC tendered the defense of Lori Wilson's claims to both the U.S. Government and to Continental.

13. The policy Continental issued to BBAHC did not name the United States as an insured.

14. On April 18, 1994, Lori Wilson sued BBAHC in Alaska state court to recover damages for her injuries suffered in the accident on November 27, 1993.

15. Continental appointed James Friderici, an attorney with the Anchorage law firm Delaney, Wiles, Hayes, Reitman & Brubaker, Inc., to defend BBAHC against the claims brought by Lori Wilson.

16. The lawsuit against BBAHC was dismissed with prejudice by an order dated June 21, 1994.

17. The United States never intervened as a defendant in the state court action brought by Lori Wilson against BBAHC.

18. On October 14, 1994, Lori Wilson commenced a lawsuit against the U.S. Government in federal court for the injuries she sustained on November 27, 1993.

19. On January 6, 1995, the United States tendered the defense of the claims in the lawsuit <u>Wilson v. United States</u> to Continental.

20. The United States' tender asserted that the United States, although not named as an insured, was nevertheless an "implied" insured under BBAHC's policy.

21. Friderici authored a February 13, 1994 letter on behalf of Continental in which he rejected the United States' tender.

22. On May 1, 1995, the United States alleged that Blanche Kallstrom, a guest at Jake's Place, also acted negligently and contributed to Lori Wilson's injury, and the

United States filed a third-party complaint against Ms. Kallstrom.

    23.  On June 6, 1995, the United States re-tendered defense of the Wilson claims to Continental.

    24.  Friderici answered this second tender on June 8, 1995 advising that he was not authorized to respond, but that he would forward the tender to Continental.

    25.  On _____ [date], Kallstrom counterclaimed for negligent infliction of emotional distress.

    26.  Continental rejected the second tender in a letter dated October 3, 1995.

    27.  The United States tendered defense of the claim again on February 20, 1997.

    28.  Continental thereafter retained Craig Stowers of the Anchorage law firm Clapp, Peterson & Stowers, LLC to advise it as to coverage issues pertaining to the United States' tender.

29. Mr. Stowers advised Continental in an opinion letter dated May 28, 1997 that the United States was not covered and did not have a right to either indemnity or defense.

30. Stowers advised the United States, "It is our opinion that neither of the two referenced general liability insurance policies create in CNA a duty to defend or indemnify the United States in this case."

31. Stowers advised the United States that "[f]rom our factual investigation. . . .the two Continental policies were purchased to provide protection from liability in cases where the United States (or a court) might determine that the liability was not covered by the F.T.C.A."

32. On August 28, 1997, the United States settled Lori Wilson's claims for a total of $2.8 million.

33. The United States' settlement with Lori Wilson, a minor, was court approved.

34. In February 1998, the United States secured summary judgment in its favor dismissing Kallstrom's counterclaim. Kallstrom appealed to the Ninth Circuit.

35. On August 14, 1998, this lawsuit was filed by the United States.

DATED at Anchorage, Alaska, this 7th day of April, 2006.

>GUESS & RUDD P.C.
>
>Attorneys for Defendants
>
>By: _____s/Gary A. Zipkin_____
>     Guess & Rudd P.C.
>     510 L Street, Suite 700
>     Anchorage, Alaska  99501
>     Phone: 907-793-2200
>     Fax:   907-793-2299
>     Email: gzipkin@guessrudd.com
>     Alaska Bar No. 7505048
>
>
>Quinn Emanuel Urquhart
>    Oliver & Hedges, LLP
>Attorneys for Defendants
>
>By: \_\_\_s/A. William Urquhart_____
>     Quinn Emanuel Urquhart
>       Oliver & Hedges, LLP
>     865 South Figueroa
>     Street, 10th Floor
>     Los Angeles, CA  90017
>     Phone: 1-213-443-3000
>     Fax:   1-213-443-3100
>     Email: billurquhart@quinnemanuel.com

DATED at Anchorage, Alaska, this 7th day of April, 2006.

                      DEBORAH M. SMITH
                      Acting United States Attorney

By:   s/Richard L. Pomeroy
     Assistant U.S. Attorney
     222 West 7th Ave., #9, Rm. 253
     Anchorage, AK 99513-7567
     Phone: (907) 271-5071
     Fax: (907) 271-2344
     E-mail:
     richard.pomeroy@usdoj.gov
     Alaska Bar No. 8906031

By:   s/Richard R. Stone, Sr.
     Trial Attorney
     U.S. Department of Justice
     P.O. Box 888
     Benjamin Franklin Station
     Washington, D.C. 20044
     Phone:  (202) 616-4291
     Fax:  (202) 616-5200
     E-mail:
     richard.stone@usdoj.gov

CERTIFICATE OF SERVICE
I hereby certify that on the 7th day of April, 2006, a copy of the foregoing document was served electronically on:

Richard L. Pomeroy, Esq.
Christopher Tayback, Esq.
A. William Urquhart, Esq.

and by regular U.S. mail on:

Richard Stone, Esq.
Civil Division, Torts Branch
U.S. Department of Justice
1331 Pennsylvania Avenue, N.W.
Washington, D.C.  20530

Guess & Rudd P.C.


By:   s/Gary A. Zipkin
F:\DATA\6024\1\Pleading\81 Joint Statement of Facts.DOC