DEBORAH M. SMITH
Acting United States Attorney

RICHARD L. POMEROY
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9
Anchorage, Alaska 99513-7567
(907) 271-5071

RICHARD R. STONE, SR.
Trial Attorney
U.S. Department of Justice
P.O. Box 888
Benjamin Franklin Station
Washington, D.C. 20044
(202) 616-4291

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 3:98-cv-285-JWS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CNA Financial Corporation and | ) | **JOINT STATEMENT OF ISSUES** |
| The Continental Casualty | ) | |
| Company, dba The Continental | ) | |
| Insurance Company, | ) | |
| | ) | |
| Defendants. | ) | |

Pursuant to this Court's Order for Final Pre-Trial Proceedings dated September 26, 2005, Dkt. 171, the parties submit the following proposed statement of issues to be tried. The parties were to have submitted a joint statement of such issues, but there remains substantial

disagreement on the issues remaining to be tried, some of which is currently the subject of pending motions for summary judgment and motions in limine. Accordingly, each parties states its position as to the issues to be tried.

    A.    The United States' Statement of Issues:

        1.    Are Continental Casualty Company and Continental Insurance Company [hereinafter jointly referred to as Continental] liable to the United States for punitive damages?

        2.    The United States will contend that

            a.    Continental failed to provide prompt and reasonable explanations for its denials of coverage and deliberately misconstrued the facts surrounding the purchase of coverage.

            b.    Continental knowingly allowed a conflicted attorney to represent its interests to the detriment of its insured.

            c.    Continental knowingly and deliberately concealed coverage from its insured.

            d.    Continental repeatedly and deliberately failed to reply to tenders of defense by its insured.

            e.    Continental compelled its insured to litigate for a recovery that Continental knew it owed its insured.

            f.    Continental failed in its duty to defend and to indemnify its insured.

      g.    Continental's knowledge of its wrongdoing toward its insured is demonstrated by its own Claims Handling Guidelines, Best Practices, and the testimony and documents of its employees.

3.    The contentions of the United States are made under, and supported by, Alaska law. In Alaska, to support punitive damages, "the wrongdoer's conduct must be 'outrageous, such as acts done with malice or bad motives or reckless indifference to the interests of another.'" State Farm Fire & Casualty Co. v. Nicholson, 777 P.2d 1152, 1158 (Alaska 1989) (quoting Sturm, Ruger & Co., Inc. v. Day, 594 P.2d 38, 46 (Alaska 1979), overruled on other grounds, Dura Corp. v. Harred, 703 P.2d 396 (Alaska 1989)). Punitive damages serve two purposes: "to punish the wrongdoer and to deter the wrongdoer and others like him for repeating the offensive act." State Farm Mut. Ins. Co. v. Weiford, 831 P.2d 1264, 1266 (Alaska 1992). The availability of such damages, "turn[s] on the wrongdoer's motive, state of mind, and degree of culpability." Alyeska Pipeline Serv. Co., v. O'Kelly, 645 P.2d 767, 774 (Alaska, 1982). They are a harsh remedy and "not favored in law [and] . . . are to be allowed only with caution and within narrow limits." Alyeska Pipeline Serv. Co. v. Beadles, 731 P.2d 572, 574 (Alaska 1987). By statute "[p]unitive damages may not be awarded in an action . . . unless supported by clear and convincing evidence." AS 09.17.020; see, Lee Houston & Assocs. v. Racine, 806 P.2d 848, 856 (Alaska 1991) ("The plaintiff must prove by clear and

convincing evidence that the defendant's conduct was outrageous, such as acts done with malice, bad motive or reckless indifference to the interests of another."). The plaintiff must establish at a minimum "reckless indifference to the rights of others, and conscious action in deliberate disregard of those rights." State v. Haley, 687 P.2d 305, 320 (Alaska 1984).

Alaska has adopted the definition of "reckless disregard" set forth in the comments to Restatement (Second) of Torts § 500 (1964), which state at comment (g) that reckless misconduct differs from negligence which consists of "mere inadvertence, incompetence, unskillfulness," because reckless misconduct requires a conscious choice of a course of action. Hayes v. Xerox Corp., 718 P.2d 929, 934-35 (Alaska 1986). Actual malice is not required; it may be "inferred if the acts exhibit 'a callous disregard for the rights of others.'" State Farm Mut. Auto. Ins. Co. v. Weiford, 831 P.2d 1264, 1266 (Alaska 1992) (quoting, Alyeska Pipeline Serv. Co. v. O'Kelly, 645 P.2d 767, 774 (Alaska 1982)). A defendant's acts may support punitive damages as a matter of law. Ace v. Aetna Life Ins. Co., 139 F.3d 1241 (9th Cir. 1998).

4. The United States will rely on the facts already decided on summary judgment in the instant case. See Docket No. 248, Motion To Have Facts Read To Jury. It also will rely on the facts asserted in its motion for summary judgment on bad faith regarding its retender of the Kallstrom

appeal and in the motion for summary judgment accounting for actual damages. See Dkts. 227 & 228. Further, it will rely on all facts asserted in its oppositions to Continental's March 16, 2006 motions for partial summary judgment. The United States may also need to rely on any facts previously asserted in the summary judgment phase of this case that the Court did not depend on in ruling on the summary judgment motions. Finally, the United States will rely on the facts provided in its expert witness reports and its list of trial exhibits provided with this pretrial statement

5. The United States also requests that the jury be informed at the beginning of the trial of the insured status of the United States and all other issues regarding liability and bad faith that have been decided by summary judgment, herein, or in the Ninth Circuit. See Docket No. 247, Motion To Have Issues Read To Jury.

6. The United States has pending motions, the decision on which may effect the issues to be tried to the jury. See Dkt Nos. 227, 228, 247 & 248

7. In accordance with the Court's order, the United States objects to the following sections of the Defendant's statement of issues:

   a. Section 1(b)(iii) - The United States objects as an issue for trial. The retired contracting officer's opinion has nothing to do with Continental's rejection of the United States' tenders. Her opinion about insurance coverage thirteen years later is irrelevant. The

        contracting officer is not responsible for rendering legal opinions about insurance coverage issues. Her opinion testimony has no probative value.

    b.    Section 1(c) - The United States contends that reliance on the advise of counsel was not reasonable under the circumstances of this case where coverage was concealed and a conflicted attorney was retained. This is further addressed in motion practice.

    c.    Section 2 - The United States objects to bifurcation of the trial. This, too, is the subject of a motion in liminie.

B.    Continental's Statement of Issues:

1.    Whether Continental acted maliciously, intentionally, or in callous disregard for the rights of the United States in response to tenders the United States made to Continental of claims made against the United States in the case <u>Wilson v. United States</u>, Case No. A94-488 Civil (HRH). <u>State Farm Mutual Automobile Ins. Co. v. Weiford</u>, 831 P.2d 1264-1266 (Alaska 1992); <u>State Farm Fire & Casualty Co. v. Nicholson</u>, 777 P.2d 1152, 1158 (Alaska 1989)

    a.    The United States must establish by clear and convincing evidence that Continental acted outrageously in deliberate disregard of the rights of the United States in responding to the Government's tenders to Continental of the defense of the Wilson case, based upon information known to Continental at the time, or information

which Continental reasonably should have known regarding the status of the United States as an implied additional insured under policies of insurance issued to Bristol Bay Area Health Corporation. This conduct must be shown to amount to actual malice or conduct sufficiently outrageous to be deemed equivalent to actual malice. See, Chizmar v. Mackie, 896 P.2d 196, 210 (Alaska 1995)(and cases cited therein)

    b.    Continental's defense to the Government's claim is primarily predicated on showing that it had a genuine, even if later shown to be erroneous belief that the Government was not an insured under the policies issued to Bristol Bay Area Health Corporation.

        i.    Continental will present evidence that its conduct was not outrageous through the testimony of its own claims and underwriting personnel that they genuinely did not believe at the time of the tenders by the Government that the United States was insured under policies issued to Bristol Bay.

        ii.    This evidence will also come from testimony of representatives of Bristol Bay, who also did not believe that coverage was intended to extend to the United States.

        iii.    The Government contracting officer administering Bristol Bay's contract with the Government will testify that the

          Government did not ask to be named on Bristol Bay's policy and that, to her knowledge, the Government did not consider itself to be insured by the policy obtained from Continental by Bristol Bay.

iv. The two Alaska lawyers who provided Continental with coverage advice upon which Continental reasonably relied in determining that the United States was not an insured under the policy will likewise testify concerning

(a.) their opinions,

(b.) the information available about the Government's claim to insured status at the time their opinions were sought, and

(c.) the decisions which were made by Continental to decline the Government's tenders.

v. Finally, experts, including Robert Wainscott, an experienced Alaska claims handler, and Robert Lohr, former Director of the Alaska Division of Insurance, will opine that Continental's conduct was not outrageous, given what the claims personnel at Continental knew or reasonably should have known at the time their decisions were made regarding coverage.

      c.      Part of Continental's defense is that its decision to decline the United States' tenders was based upon reasonable reliance upon the advice of counsel. See, e.g., State Farm Mut. Auto. Ins. Co. v. Superior Court, 228 Cal. App. 3d 721, 725, 279 Cal. Rptr. 116, 117-18 (Cal. App. 1991); Bohemia, Inc. v. The Home Ins. Co., 725 F.2d 506, 511 (9th Cir. 1984); cf. Alaska Placer Co. v. Lee, 553 P.2d 54, 60-61 (Alaska 1976) (reasonable reliance on advice of counsel is a valid defense to a claim for punitive damages for a willful trespass).

2.      If the fact finder determines that the answer to issue number one above is in the affirmative, a separate proceeding should follow in which the jury determines how much should be awarded against Continental, if any, as punitive damages. In so doing, the jury should consider the five factors set out by the United States Supreme Court in State Farm v. Campbell, 538 U.S. 408 (2003), namely, whether:

> [1] the harm caused was physical as opposed to economic; [2] the tortious conduct evinced an indifference to or reckless disregard of the health or safety of others; [3] the target of the conduct had financial vulnerability; [4] the conduct involved repeated actions or was an isolated incident; and [5] the harm was the result of intentional malice, trickery, deceit, or mere accident.

USA v. The Continental Casualty Company
Case No. 3:98-cv-285-JWS      -9-

3. Continental's disagreement with the statement of issues set out by the United States is addressed in pending motions in limine and for summary judgment.

DATED at Anchorage, Alaska, this 7th day of April, 2006.

| | |
|---|---|
| DEBORAH M. SMITH<br>Acting United States Attorney | GUESS & RUDD P.C.<br>Attorneys for Defendants |
| s/Richard L. Pomeroy<br>Assistant U.S. Attorney<br>222 West 7th Ave., #9, Rm. 253<br>Anchorage, AK 99513-7567<br>Phone: (907) 271-5071<br>Fax: (907) 271-2344<br>E-mail: richard.pomeroy@usdoj.gov<br>AK #8906031 | s/Gary A. Zipkin<br>Guess & Rudd P.C.<br>510 L Street, Suite 700<br>Anchorage, Alaska 99501<br>Phone: 907-793-2200<br>Fax: 907-793-2299<br>Email: gzipkin@guessrudd.com<br>Alaska Bar No. 7505048 |
| s/Richard R. Stone, Sr.<br>Trial Attorney<br>U.S. Department of Justice<br>P.O. Box 888<br>Benjamin Franklin Station<br>Washington, D.C. 20044<br>Phone: (202) 616-4291<br>Fax: (202) 616-5200 fax<br>E-mail: richard.stone@usdoj.gov | QUINN EMANUEL<br>URQUHART OLIVER &<br>HEDGES, LLP<br>Attorneys for Defendants<br><br>s/A. William Urquhart<br>Quinn Emanuel Urquhart<br>Oliver & Hedges, LLP<br>865 South Figueroa<br>Street, 10th Floor<br>Los Angeles, CA 90017<br>Phone: 1-213-443-3000<br>Fax: 1-213-443-3100<br>Email:<br>billurquhart@quinnemanuel.com |