Page 1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

---

UNITED STATES OF AMERICA,          )
                                   )
                    Plaintiff,     )
                                   )
     vs.                           )  No. A98-285 CV (JWS)
                                   )
CNA FINANCIAL CORPORATION AND THE  )
CONTINENTAL CASUALTY COMPANY d/b/a THE )
CONTINENTAL INSURANCE COMPANY,     )
                                   )
                    Defendant.     )

---

VIDEO-TAPED DEPOSITION UPON ORAL EXAMINATION

OF

DEBORAH SENN


9:08 A.M. - 12:18 P.M. & 1:21 P.M. - 5:07 P.M.

Wednesday, January 11, 2005

600 University Street, Suite 320

Seattle, Washington








LORRAINE M. MILLAY, CCR/RPR




Exhibit  2
Page  1  of  3  pages

SEATTLE DEPOSITION REPORTERS
www.seadep.com    (206)622-6661 * (800)657-1110   FAX: (206)622-6236
cfe5ee7e-209a-4c65-a406-a069d5297898

1    the defendant's rejection?
2            MR. STONE: Can I offer you a stipulation on that?
3            MR. TAYBACK: Sure.
4            MR. STONE: The United States doesn't contend that
5    there was serious harm other than the contention that
6    Continental should have paid the 2.8 million for the
7    settlement and the cost of the defense.
8            MR. TAYBACK: Okay. I'll take that stipulation.
9            THE WITNESS: Well, I'll -- can I disagree with my
10   own counsel a little bit?
11           MR. STONE: Yeah. Go ahead.
12           THE WITNESS: Because on page 3 of my testimony I
13   talk about the availability and integrity of insurance which
14   is essential to our modern economy, and I think that --
15   where is those -- I'm sorry. Where are those standards
16   again, what page?
17           MR. POMEROY: Six.
18           THE WITNESS: Six. I think that --
19 Q  (By Mr. Tayback) Oh, yeah. Standards are six and seven.
20 A  I think that I certainly could talk about and have talked
21   about the serious harm that would arise from allowing this
22   kind of conduct by an insurance company.
23           MR. STONE: I stand corrected. She's the expert.
24           MR. TAYBACK: Okay. So you withdraw your
25   stipulation?

Exhibit _9_
Page _2_ of _3_ pages

```
 1            MR. STONE:  But I will work out a stipulation as
 2       to how -- I think the thrust of your questioning here is
 3       whether the United States had some harm other than the cost
 4       of the litigation below and the paying of the --
 5            MR. TAYBACK:  That is thrust of my question.
 6            MR. STONE:  We can work out a stipulation on that,
 7       I believe.
 8    Q  (By Mr. Tayback)  Okay.  And so, and so to follow up on your
 9       question.  The harm that you are addressing there is the
10       harm that would be the exact same harm any time any carrier,
11       you know, delays or doesn't pay on a claim --
12    A  Yes.
13    Q  -- that they should?
14    A  Yeah, but it --
15    Q  It would be the same?
16    A  It can be in the -- it could be put in terms of money, you
17       know, effect on the economy.  So, yes.
18    Q  Sure.  But I guess I'm just -- I'm trying to compare it to,
19       say, other instances.  It would be the same kind of harm in
20       all instances in which carriers breach their duties?
21    A  Well, but --
22    Q  Depending on the dollar amount at issue?
23    A  Right.  But the, you know -- I go -- you know, all persons
24       means without respect to technical knowledge, wealth and
25       income.
```

Exhibit ___2___
Page __3__ of __3__ pages