Page 1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

---

UNITED STATES OF AMERICA,    )
                             )
          Plaintiff,         )
                             )
     vs.                     )
                             )
CNA FINANCIAL CORPORATION    )
AND THE CONTINENTAL          )
CASUALTY COMPANY d/b/a       )
THE CONTINENTAL INSURANCE    )
COMPANY,                     )
                             )
          Defendant.         )
_____)
Case No. A98-285 CV (JWS)

---

VIDEOTAPED DEPOSITION OF UNITED STATES OF AMERICA

SUSAN J. LINDQUIST

---

Pages 1 - 128, inclusive

Thursday, February 9, 2006
9:16 A.M.

Taken by Counsel for Defendant
           at
      GUESS & RUDD
510 L Street, Suite 700
   Anchorage, Alaska

Exhibit 3
Page 1 of 4 pages

Page 105

1    Q.   It's a February 8, 1999 letter to Parry
2  Grover from Robert Bundy.
3    A.   Correct.
4    Q.   That's not a document you reviewed in
5  connection with -- in preparing to testify today?
6    A.   Correct.
7    Q.   You're aware Parry Grover was one of the
8  lawyers representing Bristol Bay?
9    A.   Yes.
10   Q.   And who was Mr. Bundy?
11   A.   He was my boss.  He was the United States
12 Attorney.
13   Q.   I'm going to show you -- directing your
14 attention to the bottom of the first page, where it
15 talks about the -- the settlement agreement between
16 the United States and the Wilsons --
17   A.   Yes.
18   Q.   -- being $2.8 million.
19   A.   Yes.
20   Q.   It's true, isn't it, that -- that nothing
21 about Continental's handling of the United States'
22 tenders to it caused the United States to pay more
23 to the Wilsons than they otherwise would have?
24   A.   I don't know.
25        MR. STONE:  We may be able to enter into a

PACIFIC RIM REPORTING     907-272-4383    3
www.courtreportersalaska.com       2 of 4 pages
02ed9c80-8f2a-4ca4-b5ee-fb55a8ed8273

```
                                                          Page 106
 1   stipulation about that, if you ask.
 2            MR. TAYBACK:  Okay.  I would -- I would ask.
 3   I'm asking.
 4            MR. STONE:  Put it in writing.
 5            MR. TAYBACK:  Okay.  I will put it in
 6   writing.
 7            MR. STONE:  Yeah.  So we know exactly what
 8   we're --
 9            MR. TAYBACK:  Sure.
10            MR. STONE:  -- trying to stipulate to.
11            MR. TAYBACK:  Sure.
12            MR. STONE:  I believe that's an accurate
13   statement --
14            MR. TAYBACK:  Okay.
15            MR. STONE:  -- actually but --
16            MR. POMEROY:  Or that the case ultimately
17   would not -- I mean, would have settled for the same
18   amount.  Now what the United States --
19            MR. STONE:  We don't know the answer to that.
20            MR. POMEROY:  -- would have paid versus a
21   tender to Continental under the policy versus --
22            MR. STONE:  Yeah.  We need to know what your
23   stipulation says --
24            MR. TAYBACK:  Okay.
25            MR. STONE:  -- before we can deal with that.
```

Page 107

1       MR. TAYBACK:  Okay.  I'll -- I'll write
2  something up.
3      Q.  Directing your attention to the second page
4  of this letter where Mr. Bundy quotes, provisions --
5  he indicates that he's quoting provisions from the
6  contract between the United States and Bristol Bay?
7      A.  Correct.
8      Q.  Including an indemnity and insurance
9  provision?
10     A.  Correct.
11     Q.  Do you -- do you have any knowledge at all
12 as to whether or not the United States did anything
13 to ensure that -- to ensure that the -- that the
14 contractor, BBAHC, complied with its contractual
15 obligations to obtain insurance as set forth in this
16 provision quoted by Mr. Bundy?
17     A.  I have no information about that.
18     Q.  So you can't say one way or the other
19 whether the United States did anything to either
20 ensure or not ensure that it was complied with?
21     A.  Correct.
22     Q.  Do you know what the amount was of the
23 policy, what the -- the policy limits were in this
24 case?
25     A.  Yes.  A million dollars.

Exhibit 3
Page 4 of 4 pages