TIMOTHY M. BURGESS
United States Attorney

RICHARD L. POMEROY
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9
Anchorage, Alaska 99513-7567
(907) 271-5071
RICHARD R. STONE, SR.
Trial Attorney
U.S. Department of Justice
P.O. Box 888
Benjamin Franklin Station
Washington, D.C. 20044
(202) 616-4291

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. A98-285 CV (JWS) |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | NOTICES OF DEPOSITIONS UNDER |
| The Continental Casualty ) | FED.R.CIV. P. 30(b)(6) |
| Company, dba The Continental ) | |
| Insurance Company, ) | |
| ) | |
| Defendants. ) | |

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 30(b)(6), plaintiff the United States of America notices the deposition(s) of Continental witness(es) who is/are to testify on the following matters:

1. A witness(es) is requested who will identify and describe all procedures followed and discussions or actions taken by Continental and/or CNA Financial in establishing and holding or

declining to hold any round table or other similar business discussion regarding the retender of defense of <u>Kallstrom v. United States</u> after Judge Sedwick ruled for the United States on summary judgment in the present case on or about September 18, 2001.

2. A witness is requested who will identify and describe all procedures followed and discussions or actions taken by Continental and/or CNA Financial in scheduling, establishing and/or holding or declining to hold any other round table business discussions involving any and all tenders of defense in the instant case.

3. A witness is requested to describe any other actions that were taken or considered by Continental and/or CNA Financial upon receipt of the United States' retender of the <u>Kallstrom</u> litigation.

4. A witness from Continental is requested to identify and describe all acts and involvement of any and all CNA Financial managers/officials/employees/directors or other personnel in any management capacity with respect to the handling of the instant case during the period beginning with the initial tenders of defense to the present, including but not limited to: 1) rejection of, or refusal, or failure to accept any tender of defense; 2) requiring, arranging or otherwise effecting any and all round table or *any* other similar business discussion(s) of claims or lawsuits in this litigation; and, 3) contacts of any nature with excess carriers, umbrella policy providers or other similarly situated insurers who are, or may be, responsible to pay all or any part of any recovery by the United States in the instant case.

5. A witness is requested who will state the net worth (and to explain how it is calculated) of Continental Casualty and Continental Insurance Company, as defined in <u>Ace v. Aetna</u>, 40 F. Supp2d 1125 (D. Alaska 1999), as was previously requested by interrogatory for the

Exhibit 3
p. 2 of 7

years 1988 to present.

    6. A witness is requested who will state the amount of earnings, as defined in <u>Ace v. Aetna</u>, collected from Continental's activities in Alaska.

    7. A witness is requested to state the internal rate of return used by Continental in business decision making (and how it is calculated) at Continental.

    8. A witness is requested to state the amounts of total compensation (and identify its components) paid by Continental to its ten (10) most highly paid officials whether executives/managers/directors or others during the period of 1988 to present.

    9. A witness from Continental is requested to identify all CNA financial managers/officials/employees/directors or other personnel in any management capacity who have any responsibility for or involvement in business decisions at Continental and to describe what their responsibilities are for the relevant time frame of this litigation.

    10. A witness from Continental is requested to answer the following questions and address questions related to these matters:

    a.    Where is the headquarters of Continental Insurance Company?

    b.    Where is the headquarters of CNA?

    c.    How many employees does Continental Insurance Company have?

    d.    What entity or company designs and prices insurance products sold by Continental Insurance Company?

    e.    What entity or company develops the sales strategy for products sold by Continental Insurance Company?

    f.    What entity or company processes and adjusts claims for insurance products sold

      by Continental Insurance Company?

g.     What entity or company financially manages revenue received by Continental Insurance Company?

h.     What entity or company engages in strategic planning focused on Continental Insurance Company?

i.     What entity or company trains the sales force to sell insurance products sold by Continental Insurance Company?

j.     How many states does Continental Insurance Company do business in?

k.     For the period 1988 to the present, have any of the directors and officers of Continental Insurance Company served as a director or officer of CNA or any other CNA affiliate? And, has any director of or officer of CNA Financial served as a director or officer of Continental?

l.     Who do the officers of Continental Insurance Company report to?

m.     Are the officers and employees of Continental Insurance Company compensated with CNA stock options in any way? And, are the officers and employees of CNA compensated with Continental stock options in anyway?

n.     For the period 1988 to the present, has the general counsel for Continental Insurance Company acted as general counsel for CNA or any affiliate of CNA or *vice versa*?

o.  Is 100% of Continental Insurance Company stock owned by CNA?

   If not, what percentage, if any, is owned by CNA?

p.  Does Continental Insurance Company have any indebtedness to

   CNA or other CNA affiliates? If yes, to whom and how much?

There will be follow up questions about these matters; consequently, the witness should be knowledgeable about these matters.

The above witnesses are to bring with them the following documents:

1)  All Standard Operating Procedures and/or internal policies related

   to the activities about which they will testify.

2.) For each of the companies for each of the years 1988 through 2005,

   SEC Form 10-K complete with filings referenced therein.

3)  For each of the companies for each of the years 1988 through 2005,

   annual proxy statement, SEC DEF 14A.

4)  For each of the companies for each of the years 1988 through 2005,

   its annual report to security holders.

5)  For each of the companies for each of the years 1988 through 2005,

   all financial statements required or customarily provided in annual

   reports to security holders and all financial statements and

   disclosures required by the SEC.

6)  For each of the companies for each of the years 1988 through 2005,

   its calculation, with supporting detail, of internal rate of return,

   return on assets and return on equity.

7) For each of the companies for each of the years 1988 through 2005, total compensation of the ten (10) most highly compensated employees in conformance with the disclosure "Compensation of Executive Officers" in SEC annual proxy disclosures (SEC DEF 14A).

8) For each of the companies for each of the years 1988 through 2005, accounting reports showing the total insurance premiums earned in total, in the U.S. and in the state of Alaska, and the total casualty insurance premiums earned in total, in the U.S. and in the state of Alaska.

9) Provide a copy of the pooling agreement listed on page 20.1 (4) (a) of Continental Insurance Company's 1995 annual report to the Illinois Department of Insurance.

10.) All documents (as "documents" are defined in the plaintiff's requests for production of documents to Continental) in the witness's and/or Continental's and/or CNA Financial's possession that relate in any way to the matters about which the witness is prepared to testify, including but not limited to correspondence, memoranda, calendars, emails, notes, diaries, etc., regarding tenders of defense, round tables, excess/umbrella insurance, or any other matter about which the witness has been requested to provide testimony.

The following witnesses have been named by Continental as 30(b)6 witnesses in response to this notice. The United States notices their depositions as follows:

|  |  |
|---|---|
| Witness: | Lawrence Boysen |
| Date: | November 1, 2005 |
| Time: | 9:00 a.m. |
| Location | Ross Dixon & Bell LLP |
|  | 55 West Monroe Street |
|  | Suite 3000 |
|  | Chicago, Il |

|  |  |
|---|---|
| Witness: | Erin Finn |
| Date: | November 8, 2005 |
| Time: | 9:00 a.m. |
| Location: | Ross Dixon & Bell LLP |
|  | 2001 K Street, N.W. |
|  | Washington, D.C. |

Each deposition will continue until it has been completed.

TIMOTHY M. BURGESS
United States Attorney

*/s/ Richard Stone*

RICHARD L. POMEROY
Assistant U.S. Attorney
RICHARD R. STONE, SR.
Trial Attorney
U.S. Department of Justice

I declare under penalty of perjury that a true and correct copy of
the NOTICES OF DEPOSITIONS UNDER FED.R.CIV.P. 30(b)(6)
was sent to the following counsel via:

(X) Federal Express

John Treplow, Esq.
Jahna Lindemuth, Esq.
Dorsey and Whitney
1031 W. 4th Ave, Ste. 600
Anchorage, AK 99501

via:

(X) FAX

Evan Schwab, Esq.
Dorsey and Whitney
U.S. Bank Centre
1420 Fifth Avenue, Suite 3400
Seattle, WA 98101

*/s/ Richard Stone*

-7-

Exhibit 3

Page 7 of 7 pages