GARY A. ZIPKIN
LOUIS R. VEERMAN
JAMES D. LINXWILER
JAMES D. DEWITT
JOSEPH J. PERKINS, JR.
GEORGE R. LYLE
MICHAEL S. MCLAUGHLIN
SUSAN M. WEST
JOAN E. ROHLF
MICHAEL K. NAVE
JONATHAN A. WOODMAN
AISHA TINKER BRAY
NELLEENE A. BOOTHBY
MICHELLE D. HIGUCHI
STEVEN J. BOOKMAN
MATTHEW COOPER
CHRISTINA RANKIN
PAMELA D. WEISS
HEIDI L. DRYGAS

LAW OFFICES OF
**Guess & Rudd** P.C.

510 L STREET, SUITE 700
ANCHORAGE, ALASKA 99501-1964
TELEPHONE (907) 793-2200
FACSIMILE (907) 793-2299

W. EUGENE GUESS 1932-1975
JOSEPH RUDD 1933-1978
FRANCIS E. SMITH, JR. 1941-1991

OFFICES IN
ANCHORAGE & FAIRBANKS

OF COUNSEL
MARGARET S. JONES

December 13, 2005

Richard L. Pomeroy, Esq.                    Via: Hand Delivery
Assistant U.S. Attorney
U.S. Attorney's Office
222 W. 7th Avenue, #9
Anchorage, Alaska  99513

Richard Stone, Esq.                         Via: US Mail
Civil Division, Torts Branch
U.S. Department of Justice
1331 Pennsylvania Avenue, N.W.
Washington, D.C.  20530

    Re:   United State of America v.
         Continental Insurance Company, et al.
         Claim No. 751A3892
         Our File No. 6024.1

Dear Gentleman:

    Please find enclosed a check in the amount of $1,988,646.99. This amount represents Continental's calculation of the facial policy limits for coverage under the Commercial General Liability policy HMA 9500645-5 issued to Bristol Bay Area Health Corporation,[1] defense costs, and applicable interest thereon.

    We have calculated Continental's policy limits pursuant to the terms of the policy and the Federal Tort Claims Act ("FTCA") as if policy limits had been paid as part of the Lori Wilson settlement on August 28, 1997. This is limited to the $1 million policy limit per occurrence under coverages A and B and the supplementary payments applicable under coverages A and B. Under the FTCA and other applicable law, Lori Wilson could not make a claim against the U.S.A. for pre-judgment interest or Alaska Civil Rule 82 attorney's fees.[2] This also coincides with the position taken by the U.S.A. in its briefing to the Ninth

---

[1] Under which a divided panel of the Ninth Circuit has determined that the United States, although not mentioned in the policy, is nonetheless an implied insured.

[2] See 28 USC §§ 2412, 2674, and 2678.

Exhibit ___1___

Page _1_ of _3_ pages

Richard L. Pomeroy, Esq.
Richard Stone, Esq.
December 13, 2005
Page 2

Circuit.[3]  Therefore, if Continental had contributed its policy limit to the Wilson settlement, it would have contributed the facial limit of $1,000,000.

In addition to the amount of the facial policy limit, we are providing $150,000 as payment for attorney's fees incurred in the defense of the underlying litigation, based on statements you have made regarding the amount of these defense costs. We also have included $175,623.29 as interest due on the $150,000. This interest was calculated beginning October 18, 1994 (the day suit was filed), through December 9, 2005, at the rate of 10.5%.

The 10.5% interest rate was applied to the defense costs because the amount was allegedly due and owing prior to August 7, 1997. However, as of August 7, 1997, the applicable interest rate was modified by changes to Alaska Statute 09.30.070. Therefore, pre- and post-judgment interest on causes of action accruing on or after that date is the applicable interest rate at the time of judgment or settlement.

The settlement was not reached until August 28, 1997. We have therefore calculated interest on Continental's policy limit at 8%, the interest rate in affect as of August 28, 1997. This conforms to the U.S.A.'s position in its Second Amended Complaint's Prayer for Relief, wherein it requested judgment on the Wilson settlement "with legal interest _from the date of payment of the Wilson claim_." The interest was calculated beginning on August 28, 1997, the date of settlement, through December 9, 2005. Applying these calculations, the interest due on the facial policy limit is $663,013.70. The interest total according to our calculations is $838,636.99. The combined total of the facial policy limit, defense costs, and interest is $1,988,646.99. If you disagree with any of these conclusions or calculations, please advise.

Of course, payment of this amount may not be construed as an admission of liability on the part of Continental or a waiver of _any_ of Continental's appeal rights or defenses. Continental specifically reserves the right to appeal any of the U.S. District Court's rulings in this matter, including but not limited to the granting of summary judgment against Continental for bad faith and whether the U.S.A. is an implied insured under the Continental policy.

---

[3] Brief for the Appellant at 29, Reply Brief for the Appellant Brief: Brief for the Cross-Appellee at 26-28.

Exhibit 1
Page 2 of 3 pages

Richard L. Pomeroy, Esq.
Richard Stone, Esq.
December 13, 2005
Page 3

     If you have any questions regarding any of the above, please advise.

                Very truly yours,

                GUESS & RUDD P.C.

                Gary A. Zipkin

GAZ:jmh:F:\DATA\6024\1\corresp\09carpomeroystone.doc

Enclosure

cc:  Ms. Danette J. Buckley, Esq. (Claim No. 751A3892)
     Mr. Christopher Tayback, Esq.
     Mr. A. William Urquhart, Esq.

Exhibit 1
Page 3 of 3 pages