DEBORAH M. SMITH
Acting United States Attorney

RICHARD L. POMEROY
Assistant U.S. Attorney
222 West Seventh Avenue, #9
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
E-mail:  richard.pomeroy@usdoj.gov

RICHARD R. STONE, SR.
Trial Attorney
U.S. Department of Justice
P.O. Box 888
Benjamin Franklin Station
Washington, D.C.  20044
Phone: (202) 616-4291
Fax: (202) 616-5200
E-mail:  richard.stone@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     v.<br><br>THE CONTINENTAL CASUALTY COMPANY, dba THE CONTINENTAL INSURANCE COMPANY,<br><br>          Defendant. | Case No. 3:98-cv-285-JWS<br><br>**UNITED STATES' REPLY TO CONTINENTAL'S OPPOSITION AT DOCKET 277 TO MOTION FOR PARTIAL SUMMARY JUDGMENT ON ACTUAL DAMAGES AT DOCKET 228** |

**Introduction**

The United States moved for partial summary judgment that, as of the original trial date,

May 22, 2006, Continental would still owe the United States $3,564,424.22 actual damages and

that the jury may be informed that total actual damages is $5,553,071.21.[1] Dkt. 228. As discussed in the United States' brief in support of that motion, those calculations are based in part on this Court's ruling on summary judgement on June 28, 2002 that the United States is entitled to the entire $2.8 million (regardless of policy limits) that it paid to settle the Lori Wilson case, plus interest. Id. at 2. In addition, under the policy, the United States is also entitled to attorney fees in accordance with Alaska Rule 82. Dkt. 228 at 2. Continental's opposition does not demonstrate that either the basis for those calculations, or the calculations themselves, are in dispute.

Continental's opposition raises several arguments. First, Continental asserts that "neither prejudgment interest nor attorney's fees can possibly be assessed before judgment is entered." Dkt. 277 at 3. Regarding interest, it asserts without support that the rate on the remaining $1.8 million owed should be at a different rate than that paid on the partial payment of $1 million. However, the partial summary judgment on damages, holding that $2.8 million was the amount owed, occurred on one date, June 28, 2002. See Dkt. 87. Continental has paid $1 million of that amount, plus interest at 8%. Dkt. 228 at 2; 227 at 6; Ex. 1, hereto at 2. It does not and cannot demonstrate that interest on the additional $1.8 million should differ.

Further, the policy requires that Continental pay attorney's fees under Alaska Rule 82. Continental raises no argument that supports a downward variation on those fees in the instant case. Next, Continental repeats the argument made in its summary judgment motion at docket

---

[1] That the trial date will be changed should not affect this motion except to the extent that the final amount of damages will increase by $394.52 per day interest and an additional 10% attorney's fees on the increased amount. See Dkt. 228.

231 that this Court's ruling that "granted the Government reimbursement for all of its underlying settlement costs with the Wilsons" constitutes punitive, not compensatory, damages. Id. at 2. For that reason Continental contends that the amount owed above single policy limits is not "compensatory." None of these arguments, however, provide a genuine issue of material fact or raise an issue in dispute regarding the amounts to which the United States will be entitled as of the date of trial.

## Argument

### A. Rule 82 Attorney's Fees and Accrued Interest

Continental's opposition argues that "[t]he amount of Rule 82 attorney's fees . . . cannot be known until judgment is entered" because determining the amount, if any, of an attorney's fees award is discretionary. Dkt. 277 at 3. In addition, according to Continental, because "[p]rejudgment interest is awarded based on interest rates that change annually," "[b]oth the applicable rate . . . and the number of days for which interest has accrued cannot be known until judgment is actually entered." Dkt. 277, at 3.

#### (i) Rule 82 Attorney's Fees

Continental does not dispute that the policy that covers the United States entitles it to attorney's fees in accordance with Alaska Rule 82. See Dkt. 228 at 2; Dkt. 104 at p.10 of 42; Dkt. 227. That statute provides that the "[p]revailing party. . . . shall be awarded attorney's fees calculated under this rule." (Emphasis added.) Alaska R. Civ. P. 82. The Rule also provides a "schedule in fixing the award of attorney's fees." Id. Finally, the rule provides that a court "may vary an attorney's fee award . . . if, upon consideration of the factors listed below, the court determines a variation is warranted . . . ." Id.

The United States moved for partial summary judgment of actual damages, including that for attorney's fees, because there is no genuine issue of material fact as to the amounts owed of $2.8 million, the interest rate of 8%, or whether attorney's fees should be awarded or as to the amount of such an award. Continental offers no argument as to why zero attorney's fees should be awarded; nor, does it raise any argument as to why attorney's fees should be subject to a downward calculation before they are awarded. Indeed, Continental did not argue, nor could it credibly, that the considerations listed in Rule 82 warrant any downward shift in attorney's fees in this case. Similarly, Continental does not dispute that the United States has applied the schedule for calculating the attorney's fees award accurately and fairly.

For example, even Continental could not seriously contend that "the complexity of th[is seven-plus year] litigation" justifies an attorney's fees award <u>smaller</u> than that provided for in Rule 82. Further, Continental's bad faith conduct in and of itself justifies full fees: "Had we concluded that there was bad faith conduct on the part of the [defendant], [plaintiff] would be entitled to receive full or substantially full fees under Civil Rule 82." <u>Fairbanks Firefighter's Assn., Local 1324, Int'l. Assn. Firefighters v. City of Fairbanks</u>, 934 P. 2d 759, 762 n. 9 (Alaska 1997).

Continental's litigation of this case has been wasteful and has rambled through what seems like the entire span of insurance law. As of April 3, 2003, it had paid its own attorneys $520,795. Dkt. 118 at 2, April 14, 2003 Erin Finn Affidavit at 2 . Since then the United States has had to litigate an appeal. Further, Continental fired its second law firm after that appeal. Since then the three new law firms several times have litigated previously decided issues through motions as wide ranging as for an interlocutory appeal and for recall of the mandate. This case

screams out for <u>enhanced</u> attorney's fees, not a downward deviation from Rule 82. Consequently, there is no genuine issue of material fact regarding the United States' entitlement to attorney's fees in accordance with the schedule provided in Rule 82.[2] Due to the change in the trial date, however, the attorney's fees cannot be calculated at this time.

### (ii) Accrued Interest

Continental's argument that "[b]oth the applicable rate . . . and the number of days for which interest has accrued cannot be known until judgment is actually entered" is disingenuous. Dkt. 277 at 3. Plaintiff's effort in its motion is to simplify the issues by applying known parameters and calculating the numbers in advance. It is true that <u>now</u> the exact number of days cannot be calculated, because the trial date has changed since the motion was filed, but it is not true that the applicable rate is in dispute. Continental has already paid the United States $1 million for a single policy limit plus interest <u>at an agreed upon rate of 8%</u>. Continental admits that the parties have agreed to the accuracy of that amount regarding the $1 million portion of the award. Dkt. 277 at 6. Continental offers no reason why the applicable interest rate on the remaining $1.8 million is not also 8%. Both amounts arise on the same date out of the same partial summary judgment order.

Equally disingenuous is Continental's argument that "the number of days for which interest has accrued" is not yet known, presumably because, while the United States' calculations assume that the interest stops accruing on the first day of trial, the trial actually

---

[2] Simply citing a case (<u>Johnson v. Columbia Properties Anchorage, LP</u>, 437 F.3d 894, 902 (9th Cir. 2006)) in which a court decided not to award attorney's fees, does not create a genuine issue of material fact or a legal issue in dispute in this case.

might last longer than one day.  Obviously, Continental cannot escape partial summary judgment by arguing that it may owe even more interest than the United States had asserted.  But, additional continuing calculations should be a matter of simple math (on any dates that continue to run) after May 22, 2006 if the amount through that date is decided now.  Interest at 8% accrues at $394.52 per day.  Continental does not dispute the calculation of that figure.[3]  Consequently, Continental raises no genuine issue of material fact regarding the United States' interest calculations.

### B. Continental's Punitive Damages Argument

Continental further asserts that any amount owed beyond a single policy $1 million limit is not compensatory and should not be calculated as actual damages.  Dkt. 277 at 4-6.  Continental cites State Farm Mut. Auto Ins. Co. v. Weiford, 831 P.2d 1264, 1266 (Alaska 1992), which states that compensatory damages "provide just compensation for the wrong done."  Continental also cites Gordon v. Nationwide Mut. Ins. Co., 285 N.E. 2d 849, 854 (N.Y. 1972) for the proposition that "extra contractual, beyond-policy-limits damages for bad faith are punitive."  Dkt. 277 at 6.   It also cites Alyeska Pipeline Service Co. v. O'Kelley, 645 P.2d 767, 774 (Alaska 1982).  That case states that "punitive, or exemplary damages are those awarded in excess of actual loss when the wrong doer's conduct can be characterized as outrageous...." 645 P.2d at 774.  Cooper Industries, Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424, 432 (2001)

---

   [3]  If Continental is taking issue with calculation of prejudgment interest at 8 %, and is relying on the language of AS 09.30.070(a) that states ". . . prejudgment interest, is three percentage points above the 12th Federal Reserve District discount rate in effect on January 2 of the year in which the judgment or decree is entered, . . .", then the applicable interest rate for a judgment entered in 2006 is 8.25%.  The 12th Federal Reserve District discount rate is 5.25%.  See www.frbsf.org/banking/data/discount/indez.html.

also states that compensatory damages "are intended to address the concrete loss that the plaintiff has suffered by reason of the defendant's wrongful conduct."

The instant case involves two policies. The United States has argued, and still contends, that when Continental set out to act in bad faith toward both policies, both policies should be held to provide coverage. See Dkts. 76 and 87 at 5; Lloyds and Institute of London Underwriting Cos v. Fulton, 2 P.3d 1199 (Alaska 2000.) Therefore, as the United States has argued, a $2.8 million award is not outside policy limits and the Gordon analysis is not implicated. In this insurance case, the bad faith acts of Continental make up a significant part of the "wrong done" by defendant. See Weiford, supra. Consequently, the $2.8 million amount owed by Continental is for payment of compensatory damages. Further, the $2.8 million represents the United States' "concrete loss" that is covered by those policies. See Cooper Industries, Inc., supra.

Additionally, this Court has held that Lloyds, for public policy reasons, supports a full judgment without reference to policy limits in the instant case where the insurer acted in bad faith toward its insured regarding coverage under the policy. Dkt. 87 at 5. The court stated:

> The fact is that the Alaska court did affirm a judgment in excess of the policy limits based on a breach of the duty of loyalty without considering the tort theory. Here the breach was of the duty to defend, a breach which this court found was committed in bad faith. That is a considerably more serious breach of an insurance contract than the breach in the Lloyd's case.

Id. Lloyd's simply estops the insurer from arguing that there is no coverage where there is a bad faith breach. In Lloyds, the court ruled that public policy favored a finding that "a bad faith action could be maintained under a theory of presumptive prejudice even when coverage was ultimately found non-existent," and the insurer could be estopped from denying coverage.

2 P.3d at 1207. The test is not outcome-determinative; the court rejected Lloyd's argument that "no 'dream team' of lawyers could have altered the outcome" Id. As this Court has already found, the Lloyd's case stands for the proposition that, if an insurer commits bad faith by breaching the duty to defend, the insurer is estopped from later denying coverage. It is irrelevant whether the insurer's breach caused any damages (such as, an increased settlement amount). In fact, the Lloyd's court applied a "presumptive prejudice" rule even where it turned out that the insurer was correct all along and there was never any coverage at all. 2 P.3d at 1207. Thus, because Continental breached its duty to defend the insured and because it did so in bad faith (though not necessarily warranting punitive damages), it is estopped from now arguing that the policy (whether it be the HMA, CBP or both) limits its coverage to $1 million in compensatory damages for the $2.8 million concrete loss incurred by the insured. Continental is estopped from arguing that the full settlement amount in Wilson is not compensatory, because it is in excess of policy limits.

Further, Continental recognizes that the case likely would have settled for less if it had been handled under the insurance policy rather than under the Federal Tort Claims Act:

> If anything, Lori Wilson benefitted when Bristol Bay's Counsel appointed by Continental obtained a ruling that the FTCA applied because she settled with the United States for almost three times policy limits.

Dkt. 231 at 17. The court in Lloyd's as a matter of public policy estopped the insurer from arguing that the insured was not harmed by its bad faith breach. In the instant case, if Lori Wilson received a better settlement because of the FTCA handling rather than through application of the policy, the public policy issue should not prevent the United States from

presenting to the jury that it paid the full settlement of $2.8 million and that Continental owes that amount plus interest, especially in light of Lloyd's.

Continental's argument that the United States should not be allowed to present to the jury the uncontested amounts owed should be rejected. This Court has found that the United States is entitled to recover from Continental the $2.8 million amount of the settlement on the Wilson claim. Continental disputes neither that the United States is entitled to interest on that amount, nor can it dispute the particular interest rates used in the United States' calculation. Continental also does not specifically dispute that the United States is entitled to attorney's fees in accordance with Rule 82. And, Continental does not dispute the method used by the United States to calculate such an award. As this Court has ruled, the only issue left for the jury is punitive damages. The amount of actual damages, including interest and attorney's fees, is not a punitive damages issue for the jury, but, rather, represents an uncontested factual issue for this Court.

Regarding attorney's fees, Continental argues that they are not a part of damages. Continental, however, does not cite cases that are like the instant case where part of the harm to the insured is forcing it to continue to litigate for amounts that the insurer knows it owes. Continental admits that "it is only wrongful to compel an insured to litigate where liability is clear." Dkt. 266 at 22. In the instant case, after the Ninth Circuit ruled in the United States favor the defendant failed to pay even the $1 million, plus interest, that it knew it owed and on which liability was clear. Dkt. 147; Ex. 1. Whether or not Continental is correct, due to the change in the trial date, the attorneys fees cannot be calculated at this time.

Regardless of the outcome of the legal issues raised by Continental, it does not introduce

any genuine issue of material fact in its opposition.  Consequently, there are two calculations that can be made regarding amounts owed by Continental as of May 22, 2006:

1. $1 million, plus interest at 8% equals 1,988,646.99, which has been paid as of December 13, 2005.

2. $1.8 million, plus interest at 8%, through May 22, 2006, equals $3,057,336.84 and is still owed.

(Attorney's fees cannot be calculated at this time because of the trial date change.  The United States had calculated those fees as if the Rule 82 trial calculations applied.)  The Court is requested to enter partial summary judgment that those amounts are accurate as well as that the daily rate of interest accrual is $394.52 .

**CONCLUSION**

For the foregoing reasons, the United States' Motion for Partial Summary Judgment should be granted.

Respectfully submitted this 20th day of April, 2006, in Anchorage, Alaska.

> DEBORAH M. SMITH
> Acting United States Attorney
>
> s/Richard L. Pomeroy
> Assistant U.S. Attorney
> 222 West 7th Ave., #9, Rm. 253
> Anchorage, AK 99513-7567
> Phone: (907) 271-5071
> Fax: (907) 271-2344
> E-mail: richard.pomeroy@usdoj.gov
> AK #8906031
>
> s/Richard R. Stone, Sr.
> Trial Attorney
> U.S. Department of Justice
> P.O. Box 888
> Benjamin Franklin Station
> Washington, D.C. 20044
> Phone: (202) 616-4291
> Fax: (202) 616-5200 fax
> E-mail: richard.stone@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on April 20, 2006,
a copy of the foregoing UNITED STATES'
REPLY TO CONTINENTAL'S
OPPOSITION AT DOCKET 277
TO MOTION FOR PARTIAL
SUMMARY JUDGMENT ON
ACTUAL DAMAGES AT DOCKET 228,
was served electronically on
Gary A. Zipkin and William Urquhart
and via U.S. mail on

Rebecca L. Ross
Ross, Dixon & Bell, LLP
55 West Monroe Street, Suite 3000
Chicago, IL 60603-5758
(312) 759-1920
(312) 759-1939 fax


s/ Richard L. Pomeroy