Gary A. Zipkin, Esq.
Guess & Rudd P.C.
510 L Street, Suite 700
Anchorage, AK  99501
Phone:  (907) 793-2200
Fax:    (907) 793-2299
E-mail: gzipkin@guessrudd.com

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,           )<br>                                     )<br>            Plaintiff,               )<br>                                     )<br>vs.                                  )<br>                                     )<br>CNA FINANCIAL CORPORATION            )<br>AND THE CONTINENTAL                  )<br>CASUALTY COMPANY d/b/a               )<br>THE CONTINENTAL INSURANCE            )<br>COMPANY,                             )<br>                                     )<br>            Defendants.              )<br>_____) | Case No. 3:98-cv-285-JWS |

CONTINENTAL'S MOTION TO STRIKE PLAINTIFF'S
UNTIMELY MOTION TO STRIKE OR, IN THE ALTERNATIVE, MOTION
FOR EXTENSION OF TIME TO OPPOSE PLAINTIFF'S MOTION TO STRIKE

This court previously ordered that all Motions In Limine were due March 24, 2006.  Pursuant to an unopposed motion, the court moved that deadline to April 5, 2006.  Now, <u>two full weeks</u> after the extended deadline, the U.S. has filed an untimely motion to strike the expert testimony of Robert Lohr.  The U.S. attempts to circumvent the now expired deadline by naming this

USA v. Continental; Case No. 3:98-cv-285-JWS
Continental's Motion to Strike Plaintiff's Untimely Motion
Page 1 of 6

untimely motion a "Motion to Strike," but that does not alter the fact that this is an untimely motion.

The motion should be stricken. The U.S. blatantly ignored this court's deadline for filing motions in limine. Furthermore, the U.S. has provided no pretense, let alone good cause, for its failure to comply with this court's deadlines. There are sound reasons for requiring that motions be filed in a timely manner. First, doing so ensures that the opposing party is not ambushed with new motions when it is already responding to other motions and trying to meet other pre-trial deadlines. Continental will be unfairly prejudiced if it must now oppose an untimely motion.

This unfair prejudice if the untimely motion is accepted is not alleviated merely because the court has continued trial. Per this court's April 14, 2006, Order its "[v]acation of these dates does **NOT** extend the deadlines for any pre-trial milestones previously set which have not yet been accomplished."[1] Therefore, Continental still faces other pre-trial deadlines and it will unfairly be required to turn its attention away from these other required tasks if plaintiff's untimely motion is accepted. The April 14, 2006, Order goes on to state, "**NOR** does it extend the time for any motion practice."[2]  Despite this

---

[1] See Order from Chambers dated April 14, 2006 (emphasis in the original).
[2] Id.

USA v. Continental; Case No. 3:98-cv-285-JWS
Continental's Motion to Strike Plaintiff's Untimely Motion
Page 2 of 6

clear prohibition against new motion practice, the U.S. has decided to "slip in" another motion in limine.

Furthermore, it is inherently unfair to allow a party to file a new motion after the other party has "shown their cards." The U.S. should not be allowed to file yet <u>another</u> motion in limine after it has had the opportunity to review Continental's motions in limine. If the U.S. missed or forgot to file a motion on a topic, it should not later be allowed to do so after considering Continental's motions in limine.

On the date motions in limine were due, Continental filed all of its motions in limine and the U.S. filed three of its own motions in limine, including one pertaining to Robert Lohr's expert testimony. However, the U.S. has apparently decided -- after reading Continental's motions -- that it should have filed yet another motion in limine to preclude even more expert testimony from Robert Lohr. The U.S. offered no explanation as to why the motion was not timely filed, nor has it bothered to seek this court's permission to file a late motion.

USA v. Continental; Case No. 3:98-cv-285-JWS
Continental's Motion to Strike Plaintiff's Untimely Motion
Page 3 of 6

The delay in filing this motion is even more egregious and unjustified because the U.S. has already filed a motion in limine regarding Mr. Lohr's expert testimony.  The U.S. has proffered no reason as to why it needed more time to oppose this part of Mr. Lohr's testimony than it did for the other parts of his testimony -- because there is none.  By its own admission, the U.S. was provided Mr. Lohr's expert report back on December 22, 2005, nearly <u>four</u> months ago, and deposed him on February 7, 2006.[3]

Likewise, the U.S.'s previous motion pertaining to Mr. Lohr already claimed that "Continental's three experts' opinions should be excluded and their authors precluded from testifying at trial."[4]  The U.S.'s failure to include all of its arguments in support of its requested relief (precluding Mr. Lohr from testifying) in its first motion argues against acceptance of its separate untimely motion.

The U.S. cavalierly ignores this court's Scheduling Order, the stipulations of the parties, and the fact that it never previously gave the court, or the opposing parties, the slightest indication that it intended to file another motion, therefore, its untimely motion to strike should not be accepted.

---

[3] <u>See</u> Plaintiff's Motion to Strike.

USA v. Continental; Case No. 3:98-cv-285-JWS
Continental's Motion to Strike Plaintiff's Untimely Motion
Page 4 of 6

## Conclusion

The court should reject the U.S.'s attempt to "slip-in" an untimely motion in limine nearly two weeks after the deadline without the slightest nod to the court's orders or the filing of a motion for leave to file the untimely motion (together with a compelling explanation why it was unable to meet the court's deadline). Continental will be unfairly prejudiced if it must now address an untimely motion while it is in the midst of motions practice on timely motions and is facing other imminent deadlines. Plaintiff's late filed motion in limine should be stricken.

In the event that the court permits the U.S. leave to file its untimely motion, Continental respectfully requests the alternative relief of a reasonable period of time to prepare and file its opposition. Consequently, Continental has provided the court with an alternative proposed order allowing it twenty days from the date of the order to file its opposition.

---

[4] See Unites States' Motion to Exclude "Expert" testimony on the Decided Law and Facts of the Case at 2.

USA v. Continental; Case No. 3:98-cv-285-JWS
Continental's Motion to Strike Plaintiff's Untimely Motion
Page 5 of 6

DATED at Anchorage, Alaska, this 21st day of April, 2006.

        GUESS & RUDD P.C.
        Attorneys for Defendants

        By:     S/Gary A. Zipkin
            Guess & Rudd P.C.
            510 L Street, Suite 700
            Anchorage, Alaska 99501
            Phone: 907-793-2200
            Fax:   907-793-2299
            Email: gzipkin@guessrudd.com
            Alaska Bar No. 7505048

        QUINN EMANUEL URQUHART
          OLIVER & HEDGES, LLP
        Attorneys for Defendants

        By:    S/A. William Urquhart
            Quinn Emanuel Urquhart
              Oliver & Hedges, LLP
            865 South Figueroa Street, 10th Floor
            Los Angeles, CA 90017
            Phone: 1-213-443-3000
            Fax:   1-213-443-3100
            Email: billurquhart@quinnemanuel.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 21st day of April, 2006, a copy of the foregoing document was served electronically on:

Richard L. Pomeroy, Esq.
Christopher Tayback, Esq.
A. William Urquhart, Esq.

and by regular U.S. mail on:

Richard Stone, Esq.
Civil Division, Torts Branch
U.S. Department of Justice
1331 Pennsylvania Avenue, N.W.
Washington, D.C. 20530

By:   S/Gary A. Zipkin
F:\DATA\6024\1\Pleading\87 Mtn Strike Late Motion.DOC

USA v. Continental; Case No. 3:98-cv-285-JWS
Continental's Motion to Strike Plaintiff's Untimely Motion
Page 6 of 6