Gary A. Zipkin, Esq.
Guess & Rudd P.C.
510 L Street, Suite 700
Anchorage, AK  99501
Phone:  (907) 793-2200
Fax:    (907) 793-2299
E-mail: gzipkin@guessrudd.com

Attorneys for Defendant


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA


| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>THE CONTINENTAL )<br>CASUALTY COMPANY d/b/a )<br>THE CONTINENTAL INSURANCE )<br>COMPANY, )<br>)<br>Defendant. )<br>─────────────────────────── ) | Case No. 3:98-cv-285-JWS |

DEFENDANTS'[1] COMBINED OPPOSITIONS TO THE U.S.A.'S MOTIONS
(1) TO HAVE A STATEMENT OF THE ISSUES PURPORTEDLY ALREADY
DECIDED ON SUMMARY JUDGMENT READ TO THE JURY AND (2) TO
HAVE READ TO THE JURY THE FACTS FROM SUMMARY JUDGMENT RULINGS


Introduction


        In its motions of Dockets 247 and 248, the U.S.A. asks

the court to read to the jury a statement of purportedly "decided

issues" and to permit the U.S.A. to read a listing of 71 factual

---

[1]  The caption fashioned by the USA is erroneous, since there is no legal
entity known as The Continental Casualty Company d/b/a The Continental
Insurance Company.  They are separate legal entities.

observations the U.S.A. has culled from the court's summary
judgment rulings.  These requests reveal a fundamental
misunderstanding of both what has happened in this case to date
and summary judgment practice and procedure more generally.
Notably, aside from passing references to Federal Rule of Civil
Procedure 56(d), the U.S.A. does not cite any authority for
either of its requests.  Defendants address each in turn.

        First, it would be wholly improper to permit the U.S.A.
to use the observations made by the court in its summary judgment
rulings five years ago to satisfy the U.S.A.'s burden of proof as
requested at Docket 248.  The only authority cited by the U.S.A.
for its remarkable proposition that it can selectively excerpt
portions of the court's writings and tell the jury those
statements are "established" is Rule 56(d), which provides that
where a court has specified "the facts that appear without
substantial controversy" under Rule 56(d), those facts are deemed
established at trial.

        However, the U.S.A. never asked the court to specify
facts that appear without substantial controversy under
Rule 56(d), and the court never did so.  Rather, when the U.S.A.
moved for summary judgment, it asked the court to "enter summary
judgment in its favor" under Rule 56(a), and the court granted
the U.S.A. the relief it requested.  While the court made a

number of factual observations in its preliminary and final
orders granting the U.S.A.'s motion, those observations do not
represent "findings of fact" as if issued after a bench trial and
are not "established in this case" as the U.S.A. contends.

The main problem with the U.S.A.'s request for a
reading of "decided issues" at Docket 247 is that the U.S.A.
misunderstands what "issues" have been decided.  As this court
has itself observed, three substantive legal conclusions (or
"holdings") are effective and binding in this case as of today:
(1) "the United States was an implied additional insured,"
(2) "Continental acted in bad faith in declining to defend and
indemnify the United States," and (3) "the United States was
entitled to recover damages in excess of the policy limits"
because of Continental's ostensible bad faith.  Dkt. 166 at 11.
Defendants do not intend to challenge these holdings in their
presentation to the jury.  However, the majority of the so-called
"decided issues" set forth by the U.S.A. at Docket 247 represent
mere factual observations like those the U.S.A. seeks permission
to read at Docket 248.  It is not law of the case, for example,
that Continental "failed to advise the United States that another
policy might provide coverage," Dkt. 247 at 2 ¶ 5, and it would
be error to instruct the jury that this "issue," like most others
identified by the U.S.A., is binding on the jury.

<u>Argument</u>

I.   <u>THE GOVERNMENT'S REQUEST FOR PERMISSION TO USE SELECTED FACTUAL EXCERPTS FROM THE COURT'S ORDERS TO SATISFY ITS BURDEN OF PROOF IS WHOLLY IMPROPER</u>

The factual observations made by the court in its summary judgment rulings are not binding on the jury, and it would therefore be erroneous to instruct the jury that those "facts are established in this case."  Dkt. 248 at 2.  The only authority cited by the U.S.A. for its request for permission to read from the court's summary judgment orders is Rule 56(d), which permits the court to enumerate "facts that appear without substantial controversy" in specified circumstances.  <u>Fed. R. Civ. P.</u> 56(d).  The court has never issued, and the U.S.A. has never requested, an order specifying facts that appear without substantial controversy under Rule 56(d).  Nor are the facts set forth in the court's summary judgment rulings binding as law of the case.

A.   <u>Factual observations in a summary judgment ruling are not law of the case and generally are not binding at trial</u>

Federal courts often issue lengthy orders on summary judgment motions, as this court did here.  Factual observations and dicta in such orders (as opposed to the orders' ultimate legal conclusions or holdings) are not law of the case and generally are not binding at trial.  Contrary to the U.S.A.'s apparent belief, "[n]ot every statement or word written by a judge while rendering a decision automatically becomes the law of the case." <u>McConaghy v. Sequa Corp.</u>, 294 F. Supp. 2d 151, 160-62 (D.R.I. 2003) (holding that "nonessential findings of fact" in prior summary judgment order "are dicta, and thus [are not] the law of the case"); <u>see</u> <u>Christianson v. Colt Industries Operating Corp.</u>, 486 U.S. 800, 816 (1988) ("the doctrine (of the law of the case) posits that when a court decides upon <u>a rule of law</u>, that decision should continue to govern the same issues in subsequent stages in the same case") (internal quotation omitted) (emphasis added); <u>Bernhardt v. Los Angeles County</u>, 339 F.3d 920, 924 (9th Cir. 2003) (law of the case only applies to "legal issue[s]"); <u>Ducey v. United States</u>, 830 F.2d 1071, 1072 (9th Cir. 1987) ("Dicta is not given preclusive effect under the law of the case doctrine in this circuit."); <u>Milgard Tempering, Inc. v. Selas Corp. of America</u>, 902 F.2d 703, 715 (9th Cir. 1990) ("A

significant corollary to the [law of the case] doctrine is that dicta have no preclusive effect.").

Because they are not binding as law of the case, factual observations made by a court on summary judgment are not binding on a jury, and it is error to treat them as such. As the Third Circuit has held, "[t]he denial of a motion for summary judgment is an interlocutory ruling which establishes no more than that <u>on the summary judgment record</u> there are fact issues which should be submitted to the trier of fact. Since the record at a trial may be different, such a preliminary ruling does <u>not</u> determine what issues should be submitted to the jury." <u>Kutner Buick, Inc. v. American Motors Corp.</u>, 868 F.2d 614, 619 (3d Cir. 1989) (rejecting contention that trial court should have instructed the jury that a fact was established based on the court's prior summary judgment observations) (emphasis added); <u>see also</u> <u>Rand v. Rowland</u>, 154 F.3d 952, 957 n. 4 (9th Cir. 1998) ("Even trial and appellate judges have been known to misunderstand Rule 56. A district court does not, of course, make 'findings of fact' in ruling on a summary judgment motion. Findings of fact are made on the basis of evidentiary hearings and usually involve credibility determinations, which explains why they are reviewed deferentially under the clearly erroneous standard. Yet, district courts, on occasion, have purported to make findings on summary judgment.") (citations omitted).

B.   <u>The court never enumerated facts under Federal Rule of
Civil Procedure 56(d)</u>

Courts can make binding determinations on non-final
issues at the summary judgment stage by issuing orders under Rule
56(d).  While the authorities range widely as to when a court can
issue such an order and what exactly it can order, one thing is
entirely clear:  This court <u>never</u> issued an order under Rule
56(d) in this case.

In its summary judgment motion from 2001, the U.S.A.
made the relief it sought clear from its first sentence:
"Pursuant to F.R.C.P. 56(a), the United States asks this court to
enter summary judgment in its favor."  Dkt. 30 at 1-2.  The
U.S.A. did not ask the court to make findings of fact, nor did it
submit any proposed findings of fact.  In its order on that
motion, the court held Continental liable on both coverage and
bad faith, thus granting the relief requested by the U.S.A..
Dkt. 61 at 18 ("The United States is entitled to partial summary
judgment as a matter of law regarding its implied insured and bad
faith claims.").

The court did not, however, specify facts that appear
without substantial controversy under Rule 56(d).  When a court
wants to use Rule 56(d) to make binding determinations about what

facts are undisputed, the court's order typically explicitly enumerates a set of facts and explains that those facts are deemed established under Rule 56(d). <u>See</u>, <u>e.g.</u>, <u>X-IT Products, L.L.C. v. Walter Kidde Portable Equipment, Inc.</u>, 155 F. Supp. 2d 577, 599 (E.D. Va. 2001) (specifying 19 facts that are "admitted for purposes of summary judgment <u>and trial</u>" under Rule 56(d)) (emphasis added); <u>United States v. Poly-Carb, Inc.</u>, 951 F. Supp. 1518, 1532 (D. Nev. 1996) (listing facts deemed established as letters A through H under Rule 56(d)).  Courts sometimes also require parties moving under Rule 56(d) to specifically enumerate each fact they want deemed undisputed. <u>See</u>, <u>e.g.</u>, E.D. Cal. Local Rule 56-260(f) (where a party moves for an "order[] specifying material facts that appear without substantial controversy," it must submit a separate "Statement of Undisputed Facts" enumerating each fact asserted to be without substantial controversy).  Here, neither the U.S.A.'s 70-page motion for summary judgment, the court's 25-page preliminary summary judgment order, nor the court's 19-page final summary judgment order even mentions Rule 56(d).

        Instead, the court issued a standard memorandum opinion on the U.S.A.'s Rule 56(a) motion.  Dkt. 57, 61.  Such an order does not constitute a Rule 56(d) order.  <u>See</u> <u>Occidental Fire & Cas. Co. of North Carolina v. Continental Bank N.A.</u>, 918 F.2d 1312, 1320 (7th Cir. 1990) (although the district court had

issued a lengthy summary judgment order--see 718 F. Supp. 1364 (N.D. Ill. 1989)--the district court had not entered a Rule 56(d) order listing uncontroverted facts for trial); <u>Kustom Signals, Inc. v. Applied Concepts, Inc.</u>, 52 F. Supp. 2d 1260, 1263 n. 1 (D. Kan. 1999) (rejecting contention that "factual determinations . . . [made] in connection with defendants' earlier summary judgment motion . . . constitute the law of the case pursuant to Fed.R.Civ.P. 56(d)" because the summary judgment ruling "made no specific findings of fact pursuant to Rule 56(d)").[2]

Not only is it clear that the court <u>did not</u> issue Rule 56(d) findings of fact in this case, it is also clear that the court <u>could not</u> have done so.  The purpose of Rule 56(d) is to allow courts to specify facts that appear without substantial controversy in the wake of an <u>unsuccessful</u> motion for summary judgment under Rule 56(a) or 56(b) so that the judicial effort involved in reviewing a summary judgment record is not wasted. <u>See</u>, <u>e.g.</u>, <u>Arado v. General Fire Extinguisher Corp.</u>, 626 F. Supp.

---

[2]    The summary judgment briefing in this case reveals the need for a clear request for a Rule 56(d) order from a movant, including from a due process perspective.  The U.S.A. made hundreds of factual statements in its 70-page summary judgment motion, not to mention its other summary judgment briefs. Continental's response to that motion was designed to persuade the court not to grant the relief requested by the U.S.A. -- summary judgment of liability. It was not designed to clarify every tangentially-relevant factual misstatement made by the U.S.A. for fear that such statements would be included in the court's opinion and -- on the U.S.A.'s reasoning -- binding forevermore.  It would be fundamentally unfair, and a violation of due process, to bind defendants to specific factual observations made by the court in this situation.

506, 509 (N.D.Ill. 1985) ("Rule 56(d)'s issue-narrowing provision
operates only in the wake of an unsuccessful (and proper) motion
under Rule 56(a) or 56(b)."); <u>In re Lau Capital Funding, Inc.</u>,
321 B.R. 287, 294-95 (Bkrtcy. C.D. Cal. 2005) (the "purpose" of
Rule 56(d) "is to salvage some results from the judicial effort
involved <u>in the denial</u> of a motion for summary judgment and to
frame narrow triable issues if the court finds that the order
would be helpful with the progress of litigation") (quoting
<u>Lovejoy Electronics, Inc. v. O'Berto</u>, 616 F. Supp. 1464 (D.C.
Ill. 1985)) (emphasis added). Here, the court <u>granted</u> the
U.S.A.'s Rule 56(a) summary judgment motion and gave it all the
relief it requested. Therefore, Rule 56(d) does not apply. Even
if the court had some undisclosed intention to do so, it could
not have enumerated uncontroverted facts under Rule 56(d) here.[3]

---

[3]    Some cases hold that individual facts cannot be adjudicated under Rule
56(d) in any circumstances. <u>See</u>, <u>e.g.</u>, <u>SFM Corp. v. Sundstrand Corp.</u>, 102
F.R.D. 555, 558 (N.D. Ill. 1984) ("Rule 56(d) is not to be viewed as a device
to obtain adjudications of non-dispositive fact issues."). That judicial
dispute is immaterial because, whether individual facts can ever be
adjudicated under Rule 56(d), they both were not and could not have been so
adjudicated here.
courts are also split on the question whether a freestanding motion under
Rule 56(d) can be made. <u>Compare</u> <u>Arado</u>, 626 F. Supp. at 509 ("There is no such
thing as in independent motion under rule 56(d)") <u>and</u> <u>U.S. Grant Hotel Ass'n.
Ltd. Securities v. Prudential-Bache Securities, Inc.</u>, 1990 WL 260536, at *2
(S.D. Cal. 1990) (denying plaintiff's Rule 56(d) motion as "procedurally
inappropriate") <u>with</u> <u>Ajir v. Exxon Corp.</u>, 1995 WL 261411 at *3-4 (N.D. Cal.
1995) ("Although the authorities are split on when partial summary judgment is
appropriate, this court concludes that the weight of authority in this circuit
would allow a motion for partial summary judgment" under Rule 56(d)). This
debate is also immaterial here because, whether it could have or not, the
U.S.A. never made a motion under Rule 56(d). As a matter of Ninth Circuit
law, it would also be improper for the U.S.A. to make such a motion now. <u>See</u>
<u>Williams v. Sinclair</u>, 529 F.2d 1383, 90 (9th Cir. 1975) (Rule 56(d) motion
properly denied where "[p]laintiff did not formally move" for findings of fact
until 8 months after his motion for summary judgment had been denied and
pretrial preparations had already commenced).

C.    <u>The court should not permit the U.S.A. to present the court's factual observations to the jury</u>

The court's factual observations from its 2001 summary judgment rulings are not binding on the jury under either Rule 56(d) or the law of the case doctrine.  Because they are not binding, it would be error to permit the U.S.A. to tell the jury those observations are somehow already "established" as the U.S.A. requests.  If the U.S.A. wants punitive damages, it has to prove its case.  It cannot rely on the court's recitation of facts from five years ago--which necessarily ignores subsequent developments, including new facts that have been revealed in discovery, and which was based solely on affidavits--for its factual presentation.  In fact, the Ninth Circuit recently reversed a judgment and remanded for a new trial because the district court did what the U.S.A. asks the court to do here. <u>See</u> <u>Asberry v. City of Sacramento/Sanitation Department</u>, 156 Fed. Appx. 889, 890 (9th Cir. 2005) (it is reversible error to deem facts set forth in "undisputed facts" section of memorandum summary judgment opinion binding for the purpose of trial: "Facts that a district court finds to be undisputed *for purposes of summary judgment* are not undisputed *for all purposes* unless the procedures for summary adjudication of facts in Rule 56(d) are followed." (italics in original)).

It would also be error to permit the U.S.A. to present the court's factual observations to the jury as "suggestions," or in some other non-binding fashion.  Because the court's observations are not binding, they are legally irrelevant.  Presentation of those observations to the jury would also be confusing and prejudicial because the jury would likely improperly defer to the court's observations even though the jury's job is to reach its own factual findings.  <u>See generally</u> Defendants Motion in Limine No. 3, Dkt. 253.

At the U.S.A.'s request, defendants have already stipulated to many of the "facts" the U.S.A. seeks to read.  Dkt. 282 (the parties stipulating to 35 uncontested facts).  However, many of the "facts" listed by the U.S.A. are phrased in highly prejudicial terms and are taken out of context, and defendants refused to stipulate to those facts for that reason.[4]  Other "facts" proposed by the U.S.A. are no longer accurate,[5] and, with

---

[4]   For example, Fact No. 62 from the U.S.A.'s motion reads:  "No further word was heard."  Dkt. 248 at 9.  That excerpt is vague at best and taken out of context.  The jury should not be instructed that it is "established" that "no further word was heard," especially since it is undisputed that Continental <u>did</u> respond to the U.S.A.'s March 18, 1997 tender (to which the statement related).

[5]   For example, the court observed in Fact No. 50 that "the United States again tendered defense to Continental" on June 6, 1995 "after discovering the existence of the second policy covering Jake's Place."  Dkt. 248 at 8.  The U.S.A. recently admitted, however that it already possessed the "second policy covering Jake's Place" even before it initially tendered in January of 1995.  <u>See</u> United States' Amended Responses to Defendant's First Set of Discovery Requests in the Punitive Damages Phase dated March 15, 2006, Response to Request for Admission No. 2, Zipkin Decl. Ex. A.

respect, some never were.[6]  The court cannot instruct the jury
that these "facts" are established in this case for the purpose
of the jury's punitive damages assessment.  <u>Asberry</u>, 156 Fed.
Appx. at 889-90.

---

[6]  For example, the court observed in Fact Nos. 4 and 33, that the ISDEA was
amended to provide Federal Tort Claims Act coverage for liability claims in
1990.  Dkt. 248 at 2, 6.  That is incorrect.  The act was amended a year
earlier, in 1989.  <u>See</u> Pub. L. 100-121, § 315, 103 Stat. 701, 744 (1989).  In
Fact No. 5, the court observed that "any civil suit filed against a tribal
health center operating under a Section 638 contract is deemed to be an action
against the United States and covered by the FTCA," but that is not the case.
In fact, the U.S.A. has admitted that some negligence actions against 638
contractors are not covered by the FTCA.  <u>See</u> Deposition of Susan Lindquist
(as Designee of the U.S.A. pursuant to FRCP 30(b)(6)) at 123:20-126:4
(admitting that "there are torts that occur on property that belongs to a 638
contractor that don't always fall within the scope of the FTCA"), Zipkin Decl.
Ex. B.

II.  <u>THE GOVERNMENT MISUNDERSTANDS WHAT "ISSUES" HAVE ALREADY
     BEEN DECIDED IN THIS CASE</u>

         Where they are relevant and not confusing or

prejudicial, the court's binding legal conclusions--unlike its

factual observations--properly may be disclosed to the jury

(either at the start of the case or in the form of jury

instructions).  However, the U.S.A.'s motion at Docket 247

misunderstands which of the court's conclusions constitute law of

the case and which are mere dicta.

         A.  <u>Only the court's essential legal conclusions are
             binding under law of the case doctrine</u>

         As the court observed in 2005, the court's 2001 summary

judgment ruling established that:  "(1) the United States was an

implied additional insured; and (2) Continental acted in bad

faith in declining to defend and indemnify the United States

under the policy."  Dkt. 166 at 11 (citing Dkt. 61).  Following

the Ninth Circuit's ruling on appeal and this court's ruling on

summary judgment last year, those conclusions constitute law of

the case today.  On the other hand, subsidiary statements made by

the court about Continental's conduct are non-binding dicta that

are not law of the case.  <u>See</u> <u>Ducey</u>, 830 F.2d at 1072; <u>Milgard</u>

<u>Tempering</u>, 902 F.2d at 715; <u>Russell v. C. I. R.</u>, 678 F.2d 782,

785 (9th Cir. 1982); <u>see</u> <u>McConaghy</u>, 294 F. Supp. 2d at 160

("Dicta constitutes '(o)pinions of a judge which do not embody the resolution or determination of the specific case before the court'") (quoting Black's Law Dictionary).

The court's own summary judgment opinions make clear what issue was before the court (and, therefore, what decision is now law of the case). In both its preliminary and final summary judgment orders from 2001, the court recited the standard it applied when ruling on the U.S.A.'s bad faith claim: "To establish a claim for bad faith denial of coverage, a plaintiff must show that the defendant-insurer lacked a reasonable basis for denying benefits of the policy and that the defendant-insurer had knowledge that no reasonable basis existed to deny the claim or acted in reckless disregard for the lack of a reasonable basis for denying the claim." Dkt. 57 at 25; Dkt. 61 at 10. Thus, when the court summarily adjudicated bad faith liability in the U.S.A.'s favor, it ruled that Continental "lacked a reasonable basis for denying benefits of the policy" and either "had knowledge that no reasonable basis existed to deny the claim or acted in reckless disregard for the lack of a reasonable basis for denying the claim." Id.; see Dkt. 166 at 11 (the court's bad faith ruling was that "Continental acted in bad faith in declining to defend and indemnify the United States under the policy"). Aside from the underlying ruling that the U.S.A. was

covered under Bristol Bay's relevant policy as an implied insured, no other "issues" were decided in those rulings.

In 2002, the parties filed cross-motions for summary judgment on damages.  In its ruling on those motions, the court ordered that the U.S.A. is entitled to recover the full amount of its settlement with the Wilsons, even beyond the face limit of Continental's policy.  Dkt. 87 at 5; see Dkt. 166 at 11 (the court observing that its 2002 ruling held that "the United States was entitled to recover damages in excess of the policy limits").  That conclusion is also law of the case as of today, but no other "issues" were decided in the 2002 ruling.

B.    <u>Where they are relevant and not confusing or prejudicial, the rulings that constitute law of the case may be disclosed to the jury, but non-binding observations may not</u>

As with any other principle of law, the binding legal conclusions reached by the court in this case appropriately may be disclosed to the jury if disclosure of the legal principle at issue will appropriately guide the jury in its deliberations.  However, as discussed in Section I above, non-binding observations made by the court should not be disclosed to the jury.  Further, even the court's binding legal conclusions should not be disclosed to the jury where they are irrelevant or, rather

than providing appropriate guidance, would confuse the jury or
unduly prejudice defendants.

    1.   <u>Most of the U.S.A.'s purported "Decided Issues"</u>
        <u>were mere dicta and are not binding</u>

Of the three legal conclusions that constitute law of
the case today, see Dkt. 166 at 11, defendants do not object to
informing the jury of the first and third.  The jury clearly
needs to know that the Ninth Circuit decided in 2004 that the
U.S.A. was an implied insured.  The jury will also need to know
when it evaluates damages that the court has already granted the
U.S.A. a "beyond policy limits" recovery.

On the other hand, the statements the U.S.A. wants the
court to read by and large are non-binding and should not be
read.  Issue Nos. 1 and 9 (using the U.S.A.'s numbers at Docket
247) relate to the first and third rulings discussed above, and
appropriate versions of these statements may be disclosed to the
jury.  Issue No. 2 is overbroad.  Continental has not been held
liable for "bad faith insurance practices" -- it has been held
liable for "declining to defend and indemnify the United States"
in bad faith, which is a more limited statement.  Further, as
discussed below, the court's bad faith holding should not be
disclosed to the jury at all.

The balance of the U.S.A.'s listed issues (Issue Nos. 3 through 8) consist of subsidiary factual observations (much like those set forth in the motion at Docket 248) or at most aspects of the court's reasoning -- not binding holdings.  It is not law of the case, for example, that Continental failed to volunteer (to an entity that was not named as an insured) the existence of an extra Bristol Bay insurance policy, retained coverage counsel who purportedly was conflicted, or purportedly adopted inconsistent positions in litigation.  Just as such statements could not properly be included in the court's jury instructions, they should not be read to the jury at the start of trial.

> 2.    <u>While the court's conclusion that Continental rejected the U.S.A.'s tender of defense and indemnity in bad faith is law of the case, that conclusion should not be disclosed to the jury</u>

Though it is binding, the court's holding that Continental acted in bad faith when it denied defense and indemnity should not be conveyed to the jury.  That holding is both legally irrelevant to the question before the jury and highly prejudicial to defendants.  Because evidence of that ruling is far more prejudicial than probative, it should be excluded.  <u>Fed. R. Evid.</u> 402, 403; <u>see generally</u> Defendants' Motion in Limine No. 3, Dkt. 253.

The issue for the jury at trial is whether to award
punitive damages because of Continental's rejection of tender.
Dkt. 119 at 1 (the parties representing in a 2005 joint status
report that the only issue left in the case is "[w]hether
punitive damages should be awarded against Continental, and if
so, in what amount").  The fact that the court has found bad
faith is legally irrelevant to that issue.  As the Alaska Supreme
court has decided, the standards for bad faith and punitive
damages are different.  See, e.g., State Farm Mut. Auto. Ins.
Co. v. Weiford, 831 P.2d 1264, 1267-1269 (Alaska 1992) (vacating
punitive damage award, but finding that there was sufficient
evidence to support a bad faith claim: "while there is some
evidence which would justify a finding that State Farm was acting
in bad faith, none of the evidence shows conduct which may fairly
be categorized as outrageous").

In the court's words, the U.S.A.'s burden on summary
judgment was to "show that the defendant-insurer lacked a
reasonable basis for denying benefits of the policy and that the
defendant-insurer had knowledge that no reasonable basis existed
to deny the claim or acted in reckless disregard for the lack of
a reasonable basis for denying the claim."  Dkt. 61 at 10
(emphasis added).  To obtain punitive damages, the U.S.A. must
show something completely different:  instead of showing by a
preponderance of the evidence that Continental lacked a

reasonable basis for rejecting tender, the U.S.A. must show by "clear and convincing evidence" that Continental's tender rejection was "outrageous." <u>Weiford</u>, 831 P.2d at 1266 (affirming finding of bad faith, but reversing award of punitive damages); <u>Chizmar v. Mackie</u>, 896 P.2d 196, 210 (Alaska 1995).

The question whether Continental acted outrageously, like the question whether it acted in bad faith, must be assessed based on the circumstances as they existed when Continental rejected tender. <u>See</u>, <u>e.g.</u>, <u>Ramirez v. Transcontinental Ins. Co.</u>, 881 S.W.2d 818, 822 (Tex. App. 1994) ("Whether there is no reasonable basis for denial must be judged by the facts before the insurer at the time it handled the claim."); <u>Miller v. Allstate Ins. Co.</u>, 1998 WL 937400 at *4, *6 (C.D. Cal. 1998). The fact that the court ruled in 2005 (based on its ruling in 2001) that Continental "lacked a reasonable basis" is irrelevant to the question whether Continental acted "outrageously" a decade earlier when it rejected the U.S.A.'s tender. Just as a subsequent ruling on coverage indicates nothing about bad faith, <u>see</u>, <u>e.g.</u>, <u>Paulson v. State Farm Mut. Auto. Ins. Co.</u>, 867 F. Supp. 911, 919 (C.D. Cal. 1994) ("The fact that . . . the arbitrator subsequently found that State Farm owed [the insured] the limit of his policy does not imply that State Farm acted in bad faith in the first instance"), the court's ruling on reasonableness, issued based on affidavits years after tender was

rejected, indicates nothing about whether Continental acted outrageously in light of the circumstances as they existed when it rejected tender.

However, once the jury learns of the court's ruling on bad faith, it will likely <u>presume</u> that Continental <u>must have</u> acted outrageously--after all, the court already found that it acted in bad faith.  That would be an improper presumption, and the likelihood of that improper presumption represents severe and undue prejudice.  Therefore, although it is law of the case that Continental acted in bad faith, that ruling should not be disclosed to the jury.  Like other matters, evidence of irrelevant, confusing or prejudicial legal conclusions should be excluded at trial even when those conclusions represent law of the case.  <u>See</u>, <u>e.g.</u>, <u>Juicy Whip, Inc. v. Orange Bang, Inc.</u>, 2002 WL 32954976, at *5 (C.D. Cal. 2002) (granting motion for "an order excluding any reference to the prior finding of willful infringement" because that finding was "irrelevant and prejudicial to the issue of compensatory damages," which was the question for the jury), <u>vacated on other grounds</u>, 382 F.3d 1367 (Fed. Cir. 2004).

<u>Conclusion</u>

For the foregoing reasons, the court should deny the U.S.A.'s motion at Docket 248 in its entirety.  The court should also substantially deny the U.S.A.'s motion at Docket 247. However, defendants will not object if the court instructs the jury (or tells the jury at the beginning of the case) that (1) the U.S.A. has been held in this case to have been an implied insured under insurance policy No. HMA 9500648-5 between Bristol Bay and Continental Insurance, and (2) the court has ordered that the U.S.A. is entitled to recover the full amount of its settlement with the Wilsons, even in excess of policy limits. Those statements, unlike most suggested by the U.S.A., accurately recite the law of the case and provide relevant background material that would be useful to the jury.

DATED at Anchorage, Alaska, this 24th day of April, 2006.

GUESS & RUDD P.C.
Attorneys for Defendants

By: _____S/Gary A. Zipkin_____
        Guess & Rudd P.C.
        510 L Street, Suite 700
        Anchorage, Alaska  99501
        Phone: 907-793-2200
        Fax:   907-793-2299
        Email: gzipkin@guessrudd.com
        Alaska Bar No. 7505048

QUINN EMANUEL URQUHART
    OLIVER & HEDGES, LLP
Attorneys for Defendants

By: ____S/A. William Urquhart____
        Quinn Emanuel Urquhart
           Oliver & Hedges, LLP
        865 South Figueroa
        Street, 10th Floor
        Los Angeles, CA  90017
        Phone: 1-213-443-3000
        Fax:   1-213-443-3100
        Email:
        billurquhart@quinnemanuel.com

<u>CERTIFICATE OF SERVICE</u>
I hereby certify that on the
24th day of April, 2006, a copy
of the foregoing document was served
electronically on:

Richard L. Pomeroy, Esq.
Christopher Tayback, Esq.
A. William Urquhart, Esq.

and by regular U.S. mail on:

Richard Stone, Esq.
Civil Division, Torts Branch
U.S. Department of Justice
1331 Pennsylvania Avenue, N.W.
Washington, D.C.  20530

Guess & Rudd P.C.


By:   S/Gary A. Zipkin

F:\DATA\6024\1\Pleading\91 Opp to dockets 247 & 248.doc