Page 1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,       )
                                )
            Plaintiff,          )
                                )
    vs.                         )
                                )
CNA FINANCIAL CORPORATION       )
AND THE CONTINENTAL             )
CASUALTY COMPANY d/b/a          )
THE CONTINENTAL INSURANCE       )
COMPANY,                        )
                                )
            Defendant.          )
_____)
Case No. A98-285 CV (JWS)


VIDEOTAPED DEPOSITION OF UNITED STATES OF AMERICA

SUSAN J. LINDQUIST


Pages 1 - 128, inclusive

Thursday, February 9, 2006
9:16 A.M.

Taken by Counsel for Defendant
              at
       GUESS & RUDD
   510 L Street, Suite 700
      Anchorage, Alaska


EXHIBIT  B
Page  1  of  5

1   Q.   What happened with the Scottsdale matter?
2   A.   Nothing.  But a lot of that has to do with
3   my own workload and my ability to -- to do things
4   and the -- the amount of money at issue is -- is --
5   is -- is really quite small.
6   Q.   I guess I'm not really asking why -- why.
7   I think I'm getting a why.
8   A.   Correct.
9   Q.   I guess my question is:  Did -- did
10  anything happen?  Did -- did the United States
11  pursue Scottsdale?
12  A.   No.
13  Q.   And yet, at the time that Scottsdale
14  rejected the United States' tender, Judge Sedwick's
15  first opinion existed?
16  A.   Yes.
17  Q.   Do you know whether BBAHC received funding
18  from the State of Alaska?
19  A.   No.
20  Q.   Do you know whether there -- whether there
21  are cases or have been cases in which the
22  government's decision not to defend a 638 contractor
23  in a tort case under the FTCA has been affirmed by
24  courts?
25         MR. STONE:  Do you understand that question?

1  THE WITNESS: Yes, I do.
2  MR. STONE: Okay.
3  THE WITNESS: Where -- where we declined to
4  certify --
5  MR. TAYBACK: Yes.
6  THE WITNESS: -- in a particular tort. I
7  know we have declined to certify in torts. I've had
8  one myself, but it was against the Navy Seals. The
9  difficulty with the question is the Indian Health Care
10 Corporation, and I -- I remember one dealing with the
11 Department of Interior down in the -- in the forest
12 and a coup- -- oh, I know. Quinhagak. There was a
13 case at -- dealing with a four-wheeler at a
14 construction site. And we didn't accept tender on
15 that one.
16 BY MR. TAYBACK:
17     Q.   And that's one you know of your personal
18 knowledge?
19     A.   Right. But Mr. Pomeroy knows of another
20 one --
21     Q.   Okay.
22     A.   -- that he's written on a piece of paper.
23     Q.   Okay.
24     A.   But I don't -- if -- if someone -- am I
25 allowed to look at it to be reminded?

PACIFIC RIM REPORTING       907-272-4383   EXHIBIT B
www.courtreportersalaska.com                Page 3 of 5
02ed9c80-8f2a-4ca4-b5ee-fb55a8ed8273

1   Q.   I don't have any objection.
2   A.   Okay. Maniilaq dog bite case. Yes, there
3   was a dog bite case. And that was when a pharmacist
4   owned a dog. And we said, that's -- you're on your
5   own. It's your dog. There's nothing about a
6   pharmacist that needs a dog. That's correct. I
7   don't know the name of the case.
8   Q.   And so there are torts that occur on
9   property that belongs to a 638 contractor that don't
10  always fall within the scope of the FTCA?
11  A.   Correct.
12  Q.   And so you got to make that coverage
13  determination and either yea or nay?
14  A.   Correct. I'm always looking at the
15  property where the tort occurred, and I'm looking at
16  the people involved and the activity involved.
17  Q.   And so it would be reasonable for -- for a
18  638 contractor to have an insurance policy that
19  covers eventualities, possible torts, that might
20  occur at the 638 contractor's premises that might
21  not be covered by the FTCA?
22  A.   I can't say it's reasonable or
23  unreasonable. It's their decision on how they want
24  to spend their money. Some people have insurance
25  coverage. Some -- some tribal corporations do, and

1   some don't.
2       Q.   Because it's their decision on how to spend
3   their money?
4       A.   Absolutely.
5            MR. TAYBACK:  I -- I have no further
6   questions.
7            MR. STONE:  No questions.
8            THE VIDEOGRAPHER:  We will close the record
9   then at 12:33.
10           (Proceedings concluded at 12:33 P.M.)
11           (Signature reserved.)
12                    -oOo-