Gary A. Zipkin, Esq.
Guess & Rudd P.C.
510 L Street, Suite 700
Anchorage, AK  99501
Phone:    (907) 793-2200
Fax: (907) 793-2299
E-mail:    gzipkin@guessrudd.com

Attorneys for Defendant


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA


| | |
|---|---|
| UNITED STATES OF AMERICA, )<br><br>　　　　Plaintiff, )<br><br>vs. )<br><br>CNA FINANCIAL CORPORATION )<br>AND THE CONTINENTAL )<br>CASUALTY COMPANY d/b/a )<br>THE CONTINENTAL INSURANCE )<br>COMPANY, )<br><br>　　　　Defendant. )<br>_____) | Case No. 3:98-cv-285-JWS |


CONTINENTAL'S OBJECTIONS TO
U.S.A.'S PROPOSED TRIAL EXHIBITS


Pursuant to this court's Order for Final Pre-Trial

Proceedings dated September 26, 2005, Dkt. 161, Continental

Casualty Company d/b/a The Continental Insurance Company

("Continental") hereby objects to the U.S.A.'s proposed trial

exhibits, as follows:

1.    Exhibit No. 1 -- Continental objects to this proposed exhibit because it lacks foundation.  Continental further objects to this exhibit because it purports to be a complete copy of HMA 9500648-5, but pages are missing from the complete document (compare with Continental's proposed Exhibit BQ).

2.    Exhibit No. 2 -- Continental objects to this proposed exhibit because the U.S.A. has failed to name any witness who can lay the necessary foundation to admit it into evidence at trial.  Continental further objects to this exhibit because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury."  See Fed. R. Evid. 401, 402, & 403.

3.    Exhibit No. 3 -- Continental objects to this proposed exhibit because the U.S.A. has failed to name any witness who can lay the necessary foundation to admit it into evidence at trial.

4.    Exhibit No. 4 -- Continental objects to this proposed exhibit because the U.S.A. has failed to name any witness who can lay the necessary foundation to admit it into evidence at trial.  Continental further objects to this exhibit

because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." <u>See</u> Fed. R. Evid. 401, 402, & 403.

    5.   Exhibit No. 5 -- Continental objects to this proposed exhibit because the U.S.A. has failed to name any witness who can lay the necessary foundation to admit it into evidence at trial.  Continental further objects to this exhibit because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." <u>See</u> Fed. R. Evid. 401, 402, & 403.

    6.   Exhibit No. 6 -- Continental objects to this proposed exhibit because the U.S.A. has failed to name any witness who can lay the necessary foundation to admit it into evidence at trial.  Continental further objects to this exhibit because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." <u>See</u> Fed. R. Evid. 401, 402, & 403.

    7.   Exhibit No. 7 -- Continental objects to this proposed exhibit because the U.S.A. has failed to name any

witness who can lay the necessary foundation to admit it into evidence at trial.  Continental further objects to this exhibit because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." See Fed. R. Evid. 401, 402, & 403.

8.    Exhibit No. 8 -- Continental objects to this proposed exhibit because the U.S.A. has failed to name any witness who can lay the necessary foundation to admit it into evidence at trial.  Continental further objects to this exhibit because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." See Fed. R. Evid. 401, 402, & 403.

9.    Exhibit No. 9 -- Continental objects to this proposed exhibit because the U.S.A. has failed to name any witness who can lay the necessary foundation to admit it into evidence at trial.  Continental further objects to this exhibit because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." See Fed. R. Evid. 401, 402, & 403.

10.  Exhibit No. 10 -- Continental has no objection to this proposed exhibit.

11.  Exhibit No. 11 -- Continental objects to this proposed exhibit because the U.S.A. has failed to name any witness who can lay the necessary foundation to admit it into evidence at trial.  Continental further objects to this exhibit because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury."  <u>See</u> Fed. R. Evid. 401, 402, & 403.

12.  Exhibit No. 12 -- Continental has no objection to this proposed exhibit.

13.  Exhibit No. 13 -- Continental objects to this proposed exhibit because the U.S.A. has failed to name any witness who can lay the necessary foundation to admit it into evidence at trial.

14.  Exhibit No. 14 -- Continental objects to this proposed exhibit because the U.S.A. has failed to name any witness who can lay the necessary foundation to admit it into evidence at trial.

15.  Exhibit No. 15 -- No exhibit provided.

16.  Exhibit No. 16 -- Continental has no objection to this proposed exhibit.

17.  Exhibit No. 17 -- Continental objects to this proposed exhibit because the U.S.A. has failed to name any witness who can lay the necessary foundation to admit it into evidence at trial.  Continental further objects to this exhibit because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury."  See Fed. R. Evid. 401, 402, & 403.

18.  Exhibit No. 18 -- Continental has no objection to this proposed exhibit if the U.S.A. lays the necessary foundation to admit it into evidence at trial.

19.  Exhibit No. 19 -- Continental objects to this proposed exhibit because the U.S.A. has failed to name any witness who can lay the necessary foundation to admit it into evidence at trial.  Continental further objects to this exhibit because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the

jury." <u>See</u> Fed. R. Evid. 401, 402, & 403.

20.   Exhibit No. 20 -- Continental objects to this proposed exhibit because the U.S.A. has failed to name any witness who can lay the necessary foundation to admit it into evidence at trial.

21.   Exhibit No. 21 -- Continental has no objection to this proposed exhibit.

22.   Exhibit No. 22 -- Continental has no objection to this proposed exhibit.

23.   Exhibit No. 23 -- Continental has no objection to this proposed exhibit if the U.S.A. lays the necessary foundation to admit it into evidence at trial.

24.   Exhibit No. 24 -- Continental has no objection to this proposed exhibit if the U.S.A. lays the necessary foundation to admit it into evidence at trial.

25.   Exhibit No. 25 -- Continental objects to this proposed exhibit because the U.S.A. has failed to name any witness who can lay the necessary foundation to admit it into evidence at trial.

26.   Exhibit No. 26 -- Continental has no objection to this proposed exhibit if the U.S.A. lays the necessary foundation to admit it into evidence at trial.

27.   Exhibit No. 27 -- Continental objects to this proposed exhibit because the U.S.A. has failed to name any witness who can lay the necessary foundation to admit it into evidence at trial.  Continental further objects to this exhibit because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury."  See Fed. R. Evid. 401, 402, & 403.

28.   Exhibit No. 28 -- Continental objects to this proposed exhibit because it lacks foundation.  Continental further objects to this exhibit because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury."  See Fed. R. Evid. 401, 402, & 403.

29.   Exhibit No. 29 -- Continental has no objection to this proposed exhibit.

30.  Exhibit No. 30 -- Continental has no objection to this proposed exhibit if the U.S.A. lays the necessary foundation to admit it into evidence at trial.

31.  Exhibit No. 31 -- Continental has no objection to this proposed exhibit if the U.S.A. lays the necessary foundation to admit it into evidence at trial.

32.  Exhibit No. 32 -- Continental has no objection to this proposed exhibit.

33.  Exhibit No. 33 -- Continental has no objection to this proposed exhibit.

34.  Exhibit No. 34 -- Continental objects to this proposed exhibit because it lacks foundation.  Continental further objects to this proposed exhibit because it is inadmissible hearsay (if the U.S.A. intends to offer it for the truth of the matter asserted).

35.  Exhibit No. 35 -- Continental has no objection to this proposed exhibit if the U.S.A. lays the necessary foundation to admit it into evidence at trial.

36.  Exhibit No. 36 -- Continental has no objection to

this proposed exhibit if the U.S.A. lays the necessary foundation to admit it into evidence at trial.

37.  Exhibit No. 37 -- The U.S.A.'s proposed Exhibit 37 appears to be an exact duplicate of proposed Exhibit 36. Therefore, Continental objects to this proposed exhibit because it is unnecessarily redundant.

38.  Exhibit No. 38 -- Continental objects to this proposed exhibit because the U.S.A. has failed to name any witness who can lay the necessary foundation to admit it into evidence at trial.  Continental further objects to this exhibit because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury."  See Fed. R. Evid. 401, 402, & 403.

39.  Exhibit No. 39 -- Continental objects to this proposed exhibit because the U.S.A. has failed to name any witness who can lay the necessary foundation to admit it into evidence at trial.  Continental further objects to this proposed exhibit because it is inadmissible hearsay (if the U.S.A. intends to offer it for the truth of the matter asserted).

40.  Exhibit No. 40 -- Continental has no objection to

this proposed exhibit if the U.S.A. lays the necessary foundation
to admit it into evidence at trial.

41.    Exhibit No. 41 -- Continental has no objection to
this proposed exhibit if the U.S.A. lays the necessary foundation
to admit it into evidence at trial.

42.    Exhibit No. 42 -- Continental has no objection to
this proposed exhibit if the U.S.A. lays the necessary foundation
to admit it into evidence at trial.

43.    Exhibit No. 43 -- Continental has no objection to
this proposed exhibit.

44.    Exhibit No. 44 -- Continental has no objection to
this proposed exhibit.

45.    Exhibit No. 45 -- Continental has no objection to
this proposed exhibit.

46.    Exhibit No. 46 -- Continental objects to this
proposed exhibit because the U.S.A. has failed to name any
witness who can lay the necessary foundation to admit it into
evidence at trial.  Continental further objects to this proposed
exhibit because it is inadmissible hearsay (if the U.S.A. intends

to offer it for the truth of the matter asserted).

47.   Exhibit No. 47 -- Continental objects to this proposed exhibit because the U.S.A. has failed to name any witness who can lay the necessary foundation to admit it into evidence at trial.

48.   Exhibit No. 48 -- Continental has no objection to this proposed exhibit.

49.   Exhibit No. 49 -- Continental objects to this proposed exhibit because the U.S.A. has failed to name any witness who can lay the necessary foundation to admit it into evidence at trial.  Continental further objects to this exhibit because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury."  See Fed. R. Evid. 401, 402, & 403.  Continental further objects to this proposed exhibit because it is inadmissible hearsay (if the U.S.A. intends to offer it for the truth of the matter asserted).

50.   Exhibit No. 50 -- Continental objects to this proposed exhibit because the U.S.A. has failed to name any witness who can lay the necessary foundation to admit it into

evidence at trial.  Continental objects to this exhibit because
it is wholly irrelevant.  <u>See</u> Fed. R. Evid. 401 & 402.
Continental further objects to this proposed exhibit because it
is inadmissible hearsay (if the U.S.A. intends to offer it for
the truth of the matter asserted).

     51.  Exhibit No. 51 -- Continental objects to this
proposed exhibit because the U.S.A. has failed to name any
witness who can lay the necessary foundation to admit it into
evidence at trial.  Continental further objects to this exhibit
because it is an incomplete duplicate of the actual document.
Continental further objects to this proposed exhibit because it
is inadmissible hearsay (if the U.S.A. intends to offer it for
the truth of the matter asserted).

     52.  Exhibit No. 52 -- Continental objects to this
proposed exhibit because the U.S.A. has failed to name any
witness who can lay the necessary foundation to admit it into
evidence at trial.  Continental further objects to this exhibit
because it is irrelevant and thus inadmissible and/or its
marginal relevance "is substantially outweighed by the danger of
unfair prejudice, confusion of the issues, or misleading the
jury." <u>See</u> Fed. R. Evid. 401, 402, & 403.  Continental further
objects to this proposed exhibit because it is inadmissible
hearsay (if the U.S.A. intends to offer it for the truth of the

matter asserted).

53.  Exhibit No. 53 -- Continental objects to this proposed exhibit because the U.S.A. has failed to name any witness who can lay the necessary foundation to admit it into evidence at trial.  Continental further objects to this exhibit because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury."  See Fed. R. Evid. 401, 402, & 403.

54.  Exhibit No. 54 -- Continental objects to this proposed exhibit because it lacks foundation.  Continental further objects to this exhibit because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury."  See Fed. R. Evid. 401, 402, & 403.  Furthermore, if the trial is bifurcated, this proposed exhibit is only relevant in the second phase (the amount of punitive damages).

55.  Exhibit No. 55 -- Continental objects to this proposed exhibit because the judge will explain the law to the jury.  Providing the jury with a copy of a statute without further instruction would lead to juror confusion.  Continental

further objects to this exhibit because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury."  <u>See</u> Fed. R. Evid. 401, 402, & 403.

56.  Exhibit No. 56 -- Continental objects to this proposed exhibit because the U.S.A. has failed to name any witness who can lay the necessary foundation to admit it into evidence at trial.  Continental further objects to this proposed exhibit because the judge will explain the law to the jury.  Providing the jury with a copy of an Act without further instruction would lead to juror confusion.  Continental further objects to this exhibit because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury."  <u>See</u> Fed. R. Evid. 401, 402, & 403.

57.  Exhibit No. 57 -- Continental objects to this proposed exhibit because the proper way to introduce deposition testimony is through deposition designations, not introducing the entire deposition as an exhibit.  The U.S.A. did not designate portions of this deposition for admission at trial.  Furthermore, there are portions of the deposition transcript that are

irrelevant or otherwise objectionable.

58. Exhibit No. 58 -- Notwithstanding LR 39.3(a)(4)[b], Continental reserves all its rights to object to the admission of any portion of deposition testimony pursuant to requirements for proper deposition designations, objections to deposition designations, and counter-designations.

59. Exhibit No. 59 -- Notwithstanding LR 39.3(a)(4)[b], Continental reserves all its rights to object to the admission of any portion of deposition testimony pursuant to requirements for proper deposition designations, objections to deposition designations, and counter-designations.

60. Exhibit No. 60 -- Continental objects to this proposed exhibit because the proper way to introduce deposition testimony is through deposition designations, not introducing the entire deposition as an exhibit.  The U.S.A. did not designate portions of this deposition for admission at trial.  Furthermore, there are portions of the deposition transcript that are irrelevant or otherwise objectionable.

61. Exhibit No. 61 -- Continental objects to this proposed exhibit because the proper way to introduce deposition testimony is through deposition designations, not introducing the

entire deposition as an exhibit.  The U.S.A. did not designate portions of this deposition for admission at trial.  Furthermore, there are portions of the deposition transcript that are irrelevant or otherwise objectionable.

62.  Exhibit No. 62 -- Continental objects to this proposed exhibit because the proper way to introduce deposition testimony is through deposition designations, not introducing the entire deposition as an exhibit.  The U.S.A. did not designate portions of this deposition for admission at trial.  Furthermore, there are portions of the deposition transcript that are irrelevant or otherwise objectionable.

63.  Exhibit No. 63 -- Continental objects to this proposed exhibit because it is inadmissible hearsay.  Continental further objects to this proposed exhibit because the U.S.A. has failed to name any witness who can lay the necessary foundation to admit it into evidence at trial.

64.   Exhibit No. 64 -- Continental objects to this
proposed exhibit because it is inadmissible hearsay.
Continental's further objections to this exhibit and Deborah
Senn's testimony are enumerated in Defendant's Motion In Limine
No. 8 to Preclude the Testimony of Deborah Senn, incorporated by
reference.

65.   Exhibit No. 65 -- Continental objects to this
proposed exhibit because Deborah Senn should be excluded from
testifying at trial for the reasons enumerated in Defendant's
Motion In Limine No. 8 to Preclude the Testimony of Deborah Senn,
incorporated by reference.

66.   Exhibit No. 66 -- Continental objects to this
proposed exhibit because it is inadmissible hearsay.
Continental's further objections to this exhibit and Rick R.
Gaskin's testimony are enumerated in Defendant's Motion In Limine
No. 5 to Preclude the Testimony of Rick R. Gaskins, incorporated
by reference.

67.   Exhibit No. 67 -- Continental objects to this
proposed exhibit because Rick R. Gaskins should be excluded from
testifying at trial for the reasons enumerated in Defendant's
Motion In Limine No. 5 to Preclude the Testimony of Rick R.
Gaskins, incorporated by reference.

68.   Exhibit No. 68 -- Continental objects to this
proposed exhibit because it is inadmissible hearsay.
Continental's further objections to this exhibit and Rick R.
Gaskin's testimony are enumerated in Defendant's Motion In Limine
No. 5 to Preclude the Testimony of Rick R. Gaskins, incorporated
by reference.  Continental further objects to this proposed
exhibit for the reasons enumerated in Defendant's Motion In
Limine No. 6 to Exclude Evidence or Argument Regarding the Wealth
of Continental Casualty Company and/or CNA Financial Corporation,
incorporated by reference.

69.   Exhibit No. 69 -- Continental objects to this
proposed exhibit because it is inadmissible hearsay.
Continental's further objections to this exhibit and Rick R.
Gaskin's testimony are enumerated in Defendant's Motion In Limine
No. 5 to Preclude the Testimony of Rick R. Gaskins, incorporated
by reference.  Continental further objects to this proposed
exhibit for the reasons enumerated in Defendant's Motion In
Limine No. 6 to Exclude Evidence or Argument Regarding the Wealth
of Continental Casualty Company and/or CNA Financial Corporation,
incorporated by reference.

70.   Exhibit No. 70 -- Continental objects to this
proposed exhibit because it is inadmissible hearsay.

Continental's further objections to this exhibit and Rick R.
Gaskin's testimony are enumerated in Defendant's Motion In Limine
No. 5 to Preclude the Testimony of Rick R. Gaskins, incorporated
by reference.  Continental further objects to this proposed
exhibit for the reasons enumerated in Defendant's Motion In
Limine No. 6 to Exclude Evidence or Argument Regarding the Wealth
of Continental Casualty Company and/or CNA Financial Corporation,
incorporated by reference.

71.  Exhibit No. 71 -- Continental objects to this
proposed exhibit because it is inadmissible hearsay.
Continental's further objections to this exhibit and Rick R.
Gaskin's testimony are enumerated in Defendant's Motion In Limine
No. 5 to Preclude the Testimony of Rick R. Gaskins, incorporated
by reference.

DATED at Anchorage, Alaska, this 24th day of April,
2006.

GUESS & RUDD P.C.

Attorneys for Defendants

By: _____ s/Gary A. Zipkin _____
        Guess & Rudd P.C.
        510 L Street, Suite 700
        Anchorage, Alaska  99501
        Phone: 907-793-2200
        Fax:   907-793-2299
        Email: gzipkin@guessrudd.com
        Alaska Bar No. 7505048

Quinn Emanuel Urquhart
  Oliver & Hedges, LLP
Attorneys for Defendants


By: ___s/A. William Urquhart___
        Quinn Emanuel Urquhart
          Oliver & Hedges, LLP
        865 South Figueroa
        Street, 10th Floor
        Los Angeles, CA  90017
        Phone: 1-213-443-3000
        Fax:   1-213-443-3100
        Email: billurquhart@quinnemanuel.com

CERTIFICATE OF SERVICE

I hereby certify that on the
24th day of April, 2006, a copy
of the foregoing document was served
electronically on:

Richard L. Pomeroy, Esq.
Christopher Tayback, Esq.
A. William Urquhart, Esq.

and by regular U.S. mail on:

Richard Stone, Esq.
Civil Division, Torts Branch
U.S. Department of Justice
1331 Pennsylvania Avenue, N.W.
Washington, D.C.  20530

Guess & Rudd P.C.


By:___s/Gary A. Zipkin___

F:\DATA\6024\1\Pleading\84 Exhibit Objections.DOC