
Gary A. Zipkin, Esq.
Guess & Rudd P.C.
510 L Street, Suite 700
Anchorage, AK  99501
Phone:     (907) 793-2200
Fax: (907) 793-2299
E-mail:    gzipkin@guessrudd.com

Attorneys for Defendant


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA


| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CNA FINANCIAL CORPORATION | ) | |
| AND THE CONTINENTAL | ) | |
| CASUALTY COMPANY d/b/a | ) | |
| THE CONTINENTAL INSURANCE | ) | |
| COMPANY, | ) | Case No. 3:98-cv-285-JWS |
| | ) | |
| Defendant. | ) | |

CONTINENTAL'S OBJECTIONS TO THE
U.S.A.'S PROPOSED DEPOSITION DESIGNATIONS
OR, IN THE ALTERNATIVE, COUNTER-DESIGNATIONS


Pursuant to this court's Order for Final Pre-Trial Proceedings dated September 26, 2005, Dkt. 161, Continental Casualty Company d/b/a The Continental Insurance Company ("Continental") hereby objects to the U.S.A.'s proposed deposition designations, as follows:

General Objections

Continental generally objects to the introduction of the deposition testimony of Erin M. Finn and Lawrence Boysen because both Ms. Finn and Mr. Boysen will appear live at trial. It will be more efficient and lead to less jury confusion if all of Ms. Finn and Mr. Boysen's testimony is presented live to the jury. Therefore, in the interest of efficiency and completeness, the U.S.A.'s proposed deposition designations should all be excluded and Ms. Finn and Mr. Boysen should be called to testify live as to all matters.

Furthermore, Continental retains all objections made on the record as though they were fully reiterated herein.

Objections Specific to Designated Testimony

If the U.S.A.'s deposition designations are not completely excluded in the interest of efficiency and completeness, Continental requests the specific proposed designations be excluded for the reasons stated below. However, in the alternative, if the designated testimony is not excluded, Continental respectfully requests that the court read the listed counter-designations contemporaneously with the U.S.A. designated testimony.

Lawrence Boysen

| Designated Testimony | Objections | Counter-Designations |
|---|---|---|
| p. 9, lns. 15-20 | The designated testimony is an incomplete extrapolation of Mr. Boysen's testimony. Continental further objects to lines 18-20 because they are irrelevant. As further supported by Continental Casualty Company's (CCC) Motion for Summary Judgment, CCC is not a proper party to this lawsuit; therefore, testimony regarding CCC is irrelevant and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury" and should be excluded. See Fed. R. Evid. 401, 402, & 403. | p. 8, ln. 17- p. 9, ln. 14. |
| p. 41, lns. 1-18 | The designated testimony is an incomplete extrapolation of Mr. Boysen's testimony. In fact, the designated portion does not even include a question and begins in the middle of an answer. Continental further objects to this designation because it is irrelevant. CNA Health Pro is not a party to this lawsuit; therefore, testimony regarding CNA Health Pro is irrelevant and should be excluded. Fed. R. Civ. 401 & 402. | p. 40, ln. 11- p. 40, ln. 22 |
| p. 42, lns. 3-13; Ex. 2 p. 8 | Continental objects to the proposed designated testimony because it lacks foundation. Continental further objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." See Fed. R. Evid. 401, 402, & 403. | |
| p. 45, lns. 9-22; p. 46, | Continental objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially | p. 44, ln. 21- p. 45, ln. 7; p. 46, ln. 2- |

| | | |
|---|---|---|
| ln. 1 | outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury."  See Fed. R. Evid. 401, 402, & 403. | p. 46, ln. 5 |
| p. 56, lns. 1-4 | The designated testimony is an incomplete extrapolation of Mr. Boysen's testimony.  In fact, the designated portion does not even include a question and begins in the middle of an answer.  Continental further objects to this designation because it is irrelevant.  As further supported by Continental Casualty Company's (CCC) Motion for Summary Judgment, CCC is not a proper party to this lawsuit; therefore, testimony regarding CCC is irrelevant and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury" and should be excluded.  See Fed. R. Evid. 401, 402, & 403. | p. 55, ln. 12- p. 55, ln. 22; p. 56, ln. 5- p. 56, ln. 7 |
| p. 86, lns. 1-22; p. 87, lns. 1-3 | Continental objects to this designation because it is irrelevant. As further supported by Continental Casualty Company's (CCC) Motion for Summary Judgment, CCC is not a proper party to this lawsuit; therefore, testimony regarding CCC is irrelevant and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury" and should be excluded.  See Fed. R. Evid. 401, 402, & 403. | |
| p. 88, lns. 1-18 | The designated testimony is an incomplete extrapolation of Mr. Boysen's testimony.  Continental further objects to this designation because it is irrelevant.  As further supported by Continental Casualty Company's (CCC) Motion for Summary Judgment, CCC is not a proper party to this lawsuit; therefore, testimony regarding CCC is irrelevant and/or its marginal relevance "is | p. 87, ln. 8- p. 87, ln. 22 |

| | substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury" and should be excluded.  See Fed. R. Evid. 401, 402, & 403. | |
|---|---|---|
| p. 89, lns. 5-22 | The designated testimony is an incomplete extrapolation of Mr. Boysen's testimony.  Continental further objects to this designation because it is irrelevant.  As further supported by Continental Casualty Company's (CCC) Motion for Summary Judgment, CCC is not a proper party to this lawsuit; therefore, testimony regarding CCC is irrelevant and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury" and should be excluded.  See Fed. R. Evid. 401, 402, & 403. | p. 90, ln. 1-p. 90, ln. 6 |
| p. 92, lns. 6-18 | The designated testimony is an incomplete extrapolation of Mr. Boysen's testimony.  Continental further objects to this designation because it is irrelevant.  As further supported by Continental Casualty Company's (CCC) Motion for Summary Judgment, CCC is not a proper party to this lawsuit; therefore, testimony regarding CCC is irrelevant and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury" and should be excluded.  See Fed. R. Evid. 401, 402, & 403. | p. 92, ln. 1-p. 92, ln. 5 |
| p. 93, lns. 16-22; p. 94, lns. 1-5 | Continental objects to this designation because it is irrelevant. As further supported by Continental Casualty Company's (CCC) Motion for Summary Judgment, CCC is not a proper party to this lawsuit; therefore, testimony regarding CCC is irrelevant and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion | |

| | of the issues, or misleading the jury" and should be excluded. See Fed. R. Evid. 401, 402, & 403. | |

### Erin Finn

| Designated Testimony | Objections | Counter-Designations |
|---|---|---|
| p. 9, lns. 17-19 | Continental objects to this designation because it is irrelevant. As further supported by Continental Casualty Company's (CCC) Motion for Summary Judgment, CCC is not a proper party to this lawsuit; therefore, testimony regarding CCC is irrelevant and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury" and should be excluded. See Fed. R. Evid. 401, 402, & 403. | p. 5, ln. 8- p. 5, ln. 12 |
| p. 15, lns. 15-18; p. 16, lns. 19-20; p. 17, lns. 4-7; p. 17, lns. 16-21; p. 18, lns. 3-9 | The designated testimony is an incomplete extrapolation of Ms. Finn's testimony. In fact, the designated portions do not include the questions or begin in the middle of an answer. Continental further objects to this designation because it is irrelevant. As further supported by Continental Insurance Company's Motion In Limine Regarding Other Alleged Act of Bad Faith, CIC's alleged failure to accept tender of the Kallstrom claim is not a proper claim is this lawsuit; therefore, testimony regarding Kallstrom is irrelevant and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury" and should be excluded. See Fed. R. Evid. 401, 402, & 403. | p. 12, ln. 21- p. 13, ln. 10; p. 14, ln. 19- p. 15, ln. 14; p. 15, ln. 19- p. 16, ln. 18; p. 16, ln. 21- p. 17, ln. 3; p. 17, ln. 8- p. 17, ln. 15; p. 17, ln. 22- p. 18, ln. 2; |
| p. 19, lns. 6-22 | The designated testimony is an incomplete extrapolation of Ms. Finn's testimony. Continental | p. 20, ln. 1- p. 21, ln. 8; |

|  | further objects to this designation because it is irrelevant. As further supported by defendant's Motion In Limine No. 2 to Exclude Evidence or Argument Relating to New, Unpleaded Claims of Purported Bad Faith, and/or Alleged Acts of Bad Faith that Do Not Bear on the Reasonableness of Continental's Tender Rejection, Continental's alleged failure to accept tender of the Kallstrom claim is not a proper claim is this lawsuit; therefore, testimony regarding Kallstrom is irrelevant and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury" and should be excluded. See Fed. R. Evid. 401, 402, & 403. | p. 21, ln. 16-<br>p. 23, ln. 1; |
|---|---|---|
| p. 24, lns. 9-12 | The designated testimony is an incomplete extrapolation of Ms. Finn's testimony. Continental further objects to this designation because it is irrelevant. As further supported by defendant's Motion In Limine No. 2 to Exclude Evidence or Argument Relating to New, Unpleaded Claims of Purported Bad Faith, and/or Alleged Acts of Bad Faith that Do Not Bear on the Reasonableness of Continental's Tender Rejection, Continental's alleged failure to accept tender of the Kallstrom claim is not a proper claim is this lawsuit; therefore, testimony regarding Kallstrom is irrelevant and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury" and should be excluded. See Fed. R. Evid. 401, 402, & 403. | p. 25, ln. 1-<br>p. 25, ln. 9;<br><br>p. 27, ln. 16-<br>p. 28, ln. 2 |
| p. 29, lns. 13-22;<br><br>p. 30 lns. 1-19 | The designated testimony is an incomplete extrapolation of Ms. Finn's testimony. Continental further objects to this designation because it is irrelevant. As further | p. 30, ln. 20-<br>p. 31, ln. 1 |

|  | supported by defendant's Motion In Limine No. 2 to Exclude Evidence or Argument Relating to New, Unpleaded Claims of Purported Bad Faith, and/or Alleged Acts of Bad Faith that Do Not Bear on the Reasonableness of Continental's Tender Rejection, Continental's alleged failure to accept tender of the <u>Kallstrom</u> claim is not a proper claim is this lawsuit; therefore, testimony regarding <u>Kallstrom</u> is irrelevant and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury" and should be excluded. <u>See</u> Fed. R. Evid. 401, 402, & 403. |  |
|---|---|---|
| p. 34, lns. 12-18 | Continental objects to this designation because it is irrelevant. As further supported by defendant's Motion In Limine No. 2 to Exclude Evidence or Argument Relating to New, Unpleaded Claims of Purported Bad Faith, and/or Alleged Acts of Bad Faith that Do Not Bear on the Reasonableness of Continental's Tender Rejection, Continental's alleged failure to accept tender of the <u>Kallstrom</u> claim is not a proper claim is this lawsuit; therefore, testimony regarding <u>Kallstrom</u> is irrelevant and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury" and should be excluded. <u>See</u> Fed. R. Evid. 401, 402, & 403. |  |
| p. 36, lns. 14-22; p. 37, lns. 3-9 | The designated testimony is an incomplete extrapolation of Ms. Finn's testimony. Continental further objects to this designation because it is irrelevant. As further supported by defendant's Motion In Limine No. 2 to Exclude Evidence or Argument Relating to New, Unpleaded Claims of Purported Bad Faith, and/or | p. 36, ln. 1 |

| | | |
|---|---|---|
| | Alleged Acts of Bad Faith that Do Not Bear on the Reasonableness of Continental's Tender Rejection, Continental's alleged failure to accept tender of the <u>Kallstrom</u> claim is not a proper claim is this lawsuit; therefore, testimony regarding <u>Kallstrom</u> is irrelevant and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury" and should be excluded. <u>See</u> Fed. R. Evid. 401, 402, & 403. | |
| p. 39, lns. 8-13 | The designated testimony is an incomplete extrapolation of Ms. Finn's testimony. Continental further objects to this designation because it is irrelevant. As further supported by defendant's Motion In Limine No. 2 to Exclude Evidence or Argument Relating to New, Unpleaded Claims of Purported Bad Faith, and/or Alleged Acts of Bad Faith that Do Not Bear on the Reasonableness of Continental's Tender Rejection, Continental's alleged failure to accept tender of the <u>Kallstrom</u> claim is not a proper claim is this lawsuit; therefore, testimony regarding <u>Kallstrom</u> is irrelevant and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury" and should be excluded. <u>See</u> Fed. R. Evid. 401, 402, & 403. | p. 39, ln. 2- p. 39, ln. 7; <br><br>p. 39, ln. 14; <br><br>p. 39, ln. 17- p. 39, ln. 22; |
| p. 40, lns. 9-14 | The designated testimony is an incomplete extrapolation of Ms. Finn's testimony. Continental further objects to this designation because it is irrelevant. As further supported by defendant's Motion In Limine No. 2 to Exclude Evidence or Argument Relating to New, Unpleaded Claims of Purported Bad Faith, and/or Alleged Acts of Bad Faith that Do Not Bear on the Reasonableness of | p. 40, ln. 15- p. 40, ln. 18; <br><br>p. 40, ln. 21- p. 41, ln. 8 |

|  |  |  |
|---|---|---|
|  | Continental's Tender Rejection, Continental's alleged failure to accept tender of the <u>Kallstrom</u> claim is not a proper claim is this lawsuit; therefore, testimony regarding <u>Kallstrom</u> is irrelevant and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury" and should be excluded.  <u>See</u> Fed. R. Evid. 401, 402, & 403. |  |
| p. 46, lns. 18-22; p. 47, lns. 1-11 | Continental objects to this designation because it is irrelevant. As further supported by Continental Casualty Company's (CCC) Motion for Summary Judgment, CCC is not a proper party to this lawsuit; therefore, testimony regarding CCC is irrelevant and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury" and should be excluded.  <u>See</u> Fed. R. Evid. 401, 402, & 403. |  |

DATED at Anchorage, Alaska, this 24th day of April, 2006.

        GUESS & RUDD P.C.

        Attorneys for Defendants


By:      s/Gary A. Zipkin
     Guess & Rudd P.C.
     510 L Street, Suite 700
     Anchorage, Alaska  99501
     Phone: 907-793-2200
     Fax:   907-793-2299
     Email: gzipkin@guessrudd.com
     Alaska Bar No. 7505048


Quinn Emanuel Urquhart
   Oliver & Hedges, LLP
Attorneys for Defendants


By:    s/A. William Urquhart
     Quinn Emanuel Urquhart
       Oliver & Hedges, LLP
     865 South Figueroa Street, 10th Floor
     Los Angeles, CA  90017
     Phone: 1-213-443-3000
     Fax:   1-213-443-3100
     Email: billurquhart@quinnemanuel.com

CERTIFICATE OF SERVICE

I hereby certify that on the
24th day of April, 2006, a copy
of the foregoing document was served
electronically on:

Richard L. Pomeroy, Esq.
Christopher Tayback, Esq.
A. William Urquhart, Esq.

and by regular U.S. mail on:

Richard Stone, Esq.
Civil Division, Torts Branch
U.S. Department of Justice
1331 Pennsylvania Avenue, N.W.
Washington, D.C.  20530

Guess & Rudd P.C.


By:     s/Gary A. Zipkin

F:\DATA\6024\1\Pleading\88 Obj depo desig.DOC