DEBORAH M. SMITH
Acting United States Attorney

RICHARD L. POMEROY
Assistant U.S. Attorney
222 West Seventh Avenue, #9
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
E-mail: richard.pomeroy@usdoj.gov

RICHARD R. STONE, SR.
Trial Attorney
U.S. Department of Justice
P.O. Box 888
Benjamin Franklin Station
Washington, D.C. 20044
Phone: (202) 616-4291
Fax: (202) 616-5200
E-mail: richard.stone@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>THE CONTINENTAL CASUALTY COMPANY, dba THE CONTINENTAL INSURANCE COMPANY,<br><br>Defendant. | Case No. 3:98-cv-285-JWS<br><br>**PLAINTIFF'S CROSS DESIGNATION OF DEPOSITION TRANSCRIPTS AND OBJECTION TO WITNESSES** |

Plaintiff, United States, hereby cross designates the deposition testimony of the following witnesses identified by the Defendant.

1. William Hutson

In the event that Mr. Hutson is unavailable for trial, plaintiff designates the following portions of his deposition to be read to the jury:

p. 4, ln 3-5

p. 5, ln 6 - p. 6, ln 2

p. 9, ln 1-3

p. 14, ln 11-17

p. 17, ln 13 - p. 19, ln 2

p. 19, ln 6 - 22

p. 22, ln 5 - p. 23, ln 12

p. 24, ln 25 - p. 25, ln 15

p. 26, ln 7 - 20

p. 27, ln 23 - p. 29, ln 4

p. 33, ln 14 - 24

p. 34, ln 14 - 22

p. 40, ln 17 - p. 41, ln 21

p. 75, ln 2 - 5

p. 76, ln 23 - p. 77, ln 2

p. 78, ln 6 - 15

p. 82, ln 24 - p. 83, ln 4

p. 85, ln 16 - 21

p. 91, ln 22 - p. 93, ln 4

p. 93, ln 23 - p. 94, ln 18

p. 99, ln 24 - p. 100, ln 2

p. 100, ln 9 - 19

2. Susan Lindquist

In the event that Ms. Lindquist is unavailable for trial, plaintiff designates the following portions of her deposition to be read to the jury:

p. 11, ln 1 - p. 12, ln 4

p. 12, ln 14 - 18

p. 25, ln 12 - p. 26, ln 11

p. 37, ln 17 - p. 38, ln 4

p. 63, ln 12 - p. 66, ln 14

p. 68, ln 7 - 13

p. 70, ln 12 - 20

p. 71, ln 8 - 23

p. 94, ln 20 - p. 95, ln 3

3. Debra Segelhorst

Plaintiff objects to introduction of Ms. Segelhorst's deposition testimony. Ms. Segelhorst is a retired contracting officer, formerly employed by the Indian Health Service. One of the contracts for which she was responsible was the 638 contract between BBAHC and the IHS.

The testimony identified by Continental offers her opinion testimony concerning questions that the Court has decided, such as whether the United States was an additional implied insured under the policy. Ms. Segelhorst is not qualified to offer legal opinions on matters already decided by this Court. Her factual testimony does not address the issues to be decided at trial - the outrageousness of Continental's bad faith actions, in which she had no involvement.

Notwithstanding this objection, if Ms. Segelhorst's testimony is to be presented to the jury, Defendant designates the following portions of her deposition to be read to the jury:

p. 8, ln 7 -15

p. 9, ln 16-17

p. 14, ln 15 - 18

p. 17, ln 13 - p. 18, ln 7

p. 20, ln 19 - p. 21, ln 6

p. 21, ln 11 - 17

p. 25, ln 8 - 13

p. 27, ln 13 - 16

p. 30, ln 25 - p. 31, ln 8

p. 45, ln 11 - p. 46, ln 7

p. 49, ln 14 - 25

p. 52, ln 21 - 25

p. 59, ln 19 -23

p. 60, ln 9 - 10

p. 65, ln 11 -17

p. 68, ln 8 - 9

p. 72, ln 10 - 19

p. 74, ln 21 - 22

p. 75, ln 21 - 22

p. 77, ln 14 - 19

p. 77, ln 23 - 24

p. 78, ln 2 - p. 79, ln 6

p. 85, ln 5 - 6

p. 87, ln 3 - 4

p. 87, ln 16 - 17

p. 89, ln 11 -14

p. 94, ln 7 - 23

p. 95, ln 3 - 13

p. 95, ln 22 - p. 98, ln 23

4. Lori Wing

Plaintiff objects to introduction of Ms. Wing's deposition testimony. Ms. Wing was the insurance broker for BBAHC who obtained the subject CGL and CBP policies from Continental Insurance Company for BBAHC. The testimony identified by Continental offers her opinion testimony concerning questions that the Court has decided, such as whether the United States was an additional implied insured under the policy and the intent of the insured and insurer concerning naming the United States as an insured. Her factual testimony does not address the

issues to be decided at trial - the outrageousness of Continental's bad faith actions, in which she had no involvement.

Notwithstanding this objection, if Ms. Wing's testimony is to be presented to the jury, Defendant designates the following portions of her deposition to be read to the jury:

p. 83, ln 6 - 7

p. 122, ln 1 - p. 123, ln 13

p. 124, ln 5 - p. 125, ln 5

p. 127, ln 6 - 19

p. 127, ln 24 - p. 128. ln 17

p. 132, ln 13 - p. 133, ln 23

p. 134, ln 23 - p. 137, ln 5

p. 138, ln 9 - p. 141, ln 13

p. 145, ln 18 - p. 147, ln 25

p. 148, ln 8 - 23

p. 149, ln 1 -4

p, 149, ln 7 - p. 156, ln 6

p. 161, ln 10 - p. 163, ln 12

p. 163, ln 23 - p. 164, ln 10

p. 172, ln 22 - p. 173, ln 19

p. 202, ln 4 -23

p. 209, ln 3 - p. 210, ln 5

5. Debra Wyatt-Brown

Plaintiff objects to introduction of Ms. Wyatt-Brown's deposition testimony. Ms. Wyatt-Brown was a Continental Insurance Company underwriter involved in writing the BBAHC policy. The testimony identified by Continental goes to questions that the Court has decided, such as whether the United States was an additional implied insured under the policy. Her factual testimony does not address the issues to be decided at trial - the outrageousness of Continental's bad faith actions, in which she had no involvement.

Notwithstanding this objection, if Ms. Wyatt-Brown's testimony is to be presented to the jury, Defendant designates the following portions of her deposition to be read to the jury:

p. 6, ln 12 - p. 8, ln 8

p. 9, ln 12 - p. 10, ln 3

p. 13, ln 8 - 17

p. 14, ln 10 - 16

p. 16, ln 2 - p. 18, ln 12

p. 24, ln 8 - p. 26, ln 10

p. 30, ln 7 - 18

p. 35, ln 2 - p. 36, ln 4

p. 36, ln 9 - p. 37, ln 5

p. 39, ln 15 - p. 42, ln 4

p. 46, ln 17 - p. 47, ln 6

p. 49, ln 17 - p. 50, ln 13

p. 60, ln 10 - 21

p. 62, ln 24 - p. 63, ln 3

p. 63, ln 6 - 20

p. 63, ln 24 - p. 65, ln 7

p. 66, ln 20 - p. 70, ln 18

p. 70, ln 24 - p. 71, ln 3

p. 72, ln 11 - 18

p. 74, ln 23 - 25

p. 75, ln 6 - 16

p. 76, ln 18 - p. 77, ln 19

p. 80, ln 25 - p. 81, ln 24

p. 84, ln 18 - p. 86, ln 25

p. 87, ln 6 - 16

p. 92, ln 12 - 20

p. 101, ln 8 - p. 104, ln 5

p. 104, ln 15 - 20

p. 106, ln 4 - 22

p. 117, ln 3 - 15

p. 123, ln 15 - p. 124, ln 6

p. 134, ln 17 - p. 135, ln 3

p. 149, ln 19 - 23

p. 155, ln 18 - 25

p. 159, ln 7 - p. 160, ln 13

6. Sally Padgitt

Plaintiff objects to introduction of Ms. Padgitt's deposition testimony. Ms. Padgitt was a Continental Insurance Company underwriter involved in writing the BBAHC policy in 1989. She testified about how CIC set the premium for the General Liability Policy using square footage and the formula that was used. The testimony identified by Continental offers her opinion testimony concerning questions that the Court has decided, such as whether the United States was an additional implied insured under the policy. Ms. Padgitt is not qualified to offer legal opinions on matters already decided by this Court. Her factual testimony does not address the issues to be decided at trial - the outrageousness of Continental's bad faith actions, in which she had no involvement.

Notwithstanding this objection, if Ms. Padgitt's testimony is to be presented to the jury, Defendant designates the following portions of her deposition to be read to the jury:

p. 8, ln 24 - p. 9, ln 16

p. 11, ln 8 - 11

p. 13, ln 17 - 20

p. 15, ln 13 - p.16, ln 12

p. 16, ln 20 - p.17, ln 5

p. 17, ln 9 - 12

p. 22, ln 13-15

p. 25, ln 11 - p. 27, ln 4

p. 27, ln 14 - 18

p. 31, ln 24 - p. 32, ln 3

p. 32, ln 13 - p. 33, ln 16

p. 34, ln 18 - 20

p. 49, ln 13 - 16

p. 63, ln 18 - p. 64, ln 10.

7. S. Bobo Dean, Esq.

Plaintiff objects to introduction of Mr. Dean's deposition testimony. Mr. Dean was counsel to the Bristol Bay Area Health Corporation during the relevant times encompassed by this lawsuit. His testimony consists of his legal opinions on the issues previously decided by the court, hearsay statements, and factual testimony concerning actions of BBAHC and the United States. He provides no factual evidence concerning the actions of the defendant. His testimony is not relevant to the issues to be tried.

Notwithstanding this objection, if Mr. Dean's testimony is to be presented to the jury, Defendant designates the following portions of his deposition to be read to the jury:

p. 5. ln 8 - 10

p. 5. ln 18 - 22

p. 22, ln 15 - 23

p. 23, ln 5 - 8

p. 24, ln 17 - p. 25, ln 3

p. 43, ln 1 - 8

p. 43, ln 13 - 17

p. 44, ln 4- 18

p. 52, ln 12 - p. 56, ln 6

p. 56, ln 21 - p. 57, ln 21

p. 75, ln 7 - 25

p. 84, ln 2 - 11

p. 92, ln 9 - 12

p. 97, ln 18 - 23

p. 100, ln 3- 10

p. 106, ln 4 - p. 107, ln 11

8. Robert Clark

Plaintiff objects to the introduction of Mr. Clark's deposition testimony. Mr. Clark is the CEO of BBAHC. He does not testify about the actions of the defendant, Continental. His testimony is being offered by the defendant to relitigate issues that have been decided by the court - i.e., the intent of the parties to the insurance contract. Mr. Clark's testimony is not relevant to the issue to be tried in this case - the outrageousness of Continental's actions.

Notwithstanding this objection, if Mr. Clark's testimony is to be presented to the jury, Defendant designates the following portions of his deposition to be read to the jury:

p. 30, ln 10 - p. 31, ln 15

p. 46, ln 10 - 14

p. 138, ln 14 - p. 139, ln 22

p. 141, ln 5 - 18

p. 143, ln 25 - p. 144, ln 9

9. Robert Stewart

Plaintiff objects to introduction of Mr. Stewart's deposition testimony. Mr. Stewart was counsel to the Bristol Bay Area Health Corporation during the relevant times encompassed by this lawsuit. His testimony consists of his legal opinions on the actions taken by Continental as well as the United States, on matters that have been decided by this court as well as on peripheral matters, such as the United States' claim for indemnity, which have no relevance to the issue to be tried to the jury.

Notwithstanding this objection, if Mr. Stewart's testimony is to be presented to the jury, Defendant designates the following portions of his deposition to be read to the jury:

p. 24, ln 2 - p. 25, ln 6

p. 35, ln 12 - 13

p. 32, ln 7 - 8

p. 51, ln 15 - 18

p. 85, ln 22 - 25

p. 93, ln 18 - p. 94, ln 17

p. 96, ln 20 - p. 97, ln 7

p. 98, ln 11 - 17

p. 103, ln 17 - 23

10. Darrell Richardson

Plaintiff objects to the introduction of Mr. Richardson's deposition testimony. Mr. Richardson is the COO of BBAHC. He does not testify about the actions of the defendant,

Continental. His testimony is being offered by the defendant to relitigate issues that have been decided by the court - i.e., the intent of the parties to the insurance contract. Mr. Richardson's testimony is not relevant to the issue to be tried in this case - the outrageousness of Continental's actions.

Notwithstanding this objection, if Mr. Richardson's testimony is to be presented to the jury, Defendant designates the following portions of his deposition to be read to the jury:

p. 84, ln 17- 21

p. 85, ln 19- p. 86, ln 8

p. 90, ln 8 - 15

p. 93, ln 23 - p. 95, ln 5

p. 96, ln 6 - 19

11. Elizabeth Hartshorn

Plaintiff objects to the introduction of Ms. Hartshorn' s deposition testimony. Ms. Hartshorn is the former CFO of BBAHC. She does not testify about the actions of the defendant, Continental. Her testimony is being offered by the defendant to relitigate issues that have been decided by the court - i.e., the intent of the parties to the insurance contract. Ms. Hartshorn's testimony is not relevant to the issue to be tried in this case - the outrageousness of Continental's actions.

Notwithstanding this objection, if Ms. Hartshorn's testimony is to be presented to the jury, Defendant designates the following portions of his deposition to be read to the jury:

p. 94, ln 2 - p. 95, ln 6

12. Kenneth Roosa

Mr. Roosa will testify in the Plaintiff's case in chief.

13. Paul Figley

Plaintiff designates the following portions of his deposition to be read to the jury:

p. 15, ln 2 - 14

p. 24, ln 18 - p. 25, ln 8

p. 33, ln 11 - p. 34, ln 1.

Respectfully submitted this 24th day of April, 2006, in Anchorage, Alaska.

DEBORAH M. SMITH
Acting United States Attorney

s/Richard L. Pomeroy
Assistant U.S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
E-mail: richard.pomeroy@usdoj.gov
AK #8906031

s/Richard R. Stone, Sr.
Trial Attorney
U.S. Department of Justice
P.O. Box 888
Benjamin Franklin Station
Washington, D.C. 20044
Phone: (202) 616-4291
Fax: (202) 616-5200 fax
E-mail: richard.stone@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on April 24th, 2006, a copy of the foregoing PLAINTIFF'S CROSS DESIGNATION OF DEPOSITION TRANSCRIPTS AND OBJECTION TO WITNESSES was served electronically on Gary A. Zipkin and William Urquhart and on

Rebecca L. Ross
Ross, Dixon & Bell, LLP
55 West Monroe Street, Suite 3000
Chicago, IL 60603-5758
(312) 759-1920
(312) 759-1939 fax

by U.S. mail
s/ Richard L. Pomeroy