DEBORAH M. SMITH
Acting United States Attorney

RICHARD L. POMEROY
Assistant U.S. Attorney
222 West Seventh Avenue, #9
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
E-mail:  richard.pomeroy@usdoj.gov

RICHARD R. STONE, SR.
Trial Attorney
U.S. Department of Justice
P.O. Box 888
Benjamin Franklin Station
Washington, D.C.  20044
Phone: (202) 616-4291
Fax: (202) 616-5200
E-mail:  richard.stone@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>THE CONTINENTAL CASUALTY COMPANY, dba THE CONTINENTAL INSURANCE COMPANY,<br><br>　　　　　Defendant. | Case No. 3:98-cv-285-JWS<br><br>**UNITED STATES' OPPOSITION TO CONTINENTAL'S MOTION IN LIMINE NO. 5. DOCKET NO. 257.** |

### INTRODUCTION

Defendant's Motion in Limine No. 5 to Exclude Testimony of Rick R. Gaskins makes three

arguments.  First, according to Continental, Mr. Gaskins' opinions regarding Continental

Casualty's financial condition are not relevant because Continental Casualty cannot, as a matter of law, be liable for punitive damages. Dkt. 257 at 4-6. Second, defendant argues that, even if Continental Casualty could be held liable, Mr. Gaskins' opinions of Continental Casualty's financial condition "are inadmissible as against Continental Insurance." Dkt. 257 at 6. Third, defendant argues that Mr. Gaskins' opinions about "the salaries of Continental Casualty's and CNA Financial's highest-paid officers"[1] are "both irrelevant and prejudicial." Dkt. 257 at 7-8.

Defendant does not challenge Mr. Gaskins' qualifications as an economic expert. Defendant also does not dispute (and even acknowledges) that "[e]vidence of a defendant's net worth may be admissible to show its ability to pay a punitive damages award." Dkt. 257 at 2. Instead, defendant based its motion only on relevancy grounds, and primarily on the incorrect assertion that Mr. Gaskins "is prepared to testify about only one company, and he chose the wrong one." *Id.* at 1. To the contrary, however, as he stated in his expert report, Ms. Gaskins is perfectly prepared to testify about the financial condition of Continental Insurance as well as Continental Casualty, should that become necessary. Regardless, as demonstrated in the United States' opposition to Continental Casualty's summary judgment motion, because Continental Insurance and Continental Casualty are in substance the same entity, there was, and still is, no reason for Mr. Gaskins to present separate opinions concerning Continental Insurance's financial condition.

---

[1] The United States acknowledges that CNA Financial has been dismissed from this case, and, therefore, the United States will not offer evidence of the salaries of CNA Financial's highest-paid officers in their capacities as CNA Financial employees.

**BACKGROUND**

The United States served Mr. Gaskins expert report on or about November 22, 2005, and expects Mr. Gaskins to testify "as to the financial condition of the defendant."  Dkt. 273 at 3. Mr. Gaskins is an MBA and CPA, and has 29 years of experience in public accounting and 27 years as an expert witness and consultant in forensic economics and accounting.  Gaskins' Report at 12.  Defendant does not challenge Mr. Gaskins' qualifications as an expert witness; nor, does it dispute that the financial condition of a liable party is relevant to the issue of punitive damages.

As he states in his expert report, Mr. Gaskins offers "no opinion of whether punitive damages should be awarded and . . . no opinion as to an appropriate amount for such damages." *Id.* at 2.  Mr. Gaskins' report evaluates Continental Casualty's financial condition generally, as evidenced by "the worth of the companies, the net incomes, or profits, of the companies, and how the companies compensate the officers who control the conduct of the companies."  *Id.* at 3.

According to Mr. Gaskins' report, "[t]his case is brought against both Continental Casualty Company and Continental Insurance Company.  I have presented information for Continental Casualty Company only since Continental Casualty Company owns one hundred percent of Continental Insurance Company, and the financial data of Continental Insurance Company is consolidated in the financial data of Continental Casualty Company."  *Id.* at 2.  Mr. Gaskins added that "[i]f at any time it is determined, for any reason, that the data for Continental Insurance Company should be separately presented and broken out from the data for Continental Casualty Company, I will use the same types of financial documents and perform the same procedures and analyses as shown in this report, along with appropriate adjustment of the

presentation of Continental Casualty Company information." *Id.* at 5. Counsel for Continental Casualty deposed Mr. Gaskins on January 25, 2006 and do not contend that his deposition testimony varies from his report.

**ARGUMENT**

**A. Defendant's contention that Continental Casualty's financial condition is irrelevant because Continental Casualty cannot be liable for any bad faith acts is incorrect.**

Defendant's argument that Continental Casualty's financial condition is irrelevant is based on the same unsupported reasoning as its March 16, 2006, Motion for Summary Judgment *See* Dkt. 237. As it argued previously, defendant insists that, "[s]ince Continental Insurance is the only potentially liable party, only its financial information could be relevant or admissible." Dkt. 257 at 5. However, as demonstrated in plaintiff's opposition to Continental Casualty's motion for summary judgment, Continental Casualty also is liable for the bad faith conduct by its employees, and, thus, financial information concerning Continental Casualty also is relevant to the issue of punitive damages. Dkts. 274 and 281. The United States' opposition at docket number 274 and its motion to amend at docket number 281 are incorporated herein in their entirety.

According to Continental's own 30(b)(6) witnesses, since May 1995, "all the [Continental Insurance] employees [became] Continental Casualty Company employees," and the business of Continental Insurance was conducted and managed solely by employees of Continental Casualty. Finn Dep. at p. 46 lns. 18-22; p. 47 lns. 1-11; Boysen Dep. at p. 42 & Ex. 2, p 8. *See* Dkt. 274 at Ex. 1 and Ex. 2. Indeed, Continental Casualty employees were responsible for almost every bad faith act that formed a basis for this Court's bad faith findings. *See* generally Dkt. 274.

Accordingly, as shown in the United States' opposition to Continental Casualty's summary judgment motion, Continental Casualty is liable for bad faith for at least two reasons. First, just as all employers are responsible for acts and omissions of their employees acting within the scope of their employment, so too is Continental Casualty liable for its employees' repeated and improper failures to accept the United States' tenders, while acting for and to the exclusion of Continental Insurance in managing the insurance contract. *See* Dkt. 274 at 12-16 (citing *Taranto v. North Slope Borough*, 909 P.2d 354, 358 (Alaska 1996)). Second, Continental Casualty is liable for the bad faith acts of its employees, even if performed under the label of Continental Insurance, because, at least as of May 1995, Continental Insurance has been a "mere instrumentality" for and/or "alter ego" of Continental Casualty. *See* Dkt. 274 at 16-20 (citing *Jackson v. General Electric Co.*, 514 P.2d 1170, 1172-73 (Alaska 1973)) and Dkt. 281. Since May 1995, Continental Insurance has had no employees, and all Continental Insurance acts have been performed by Continental Casualty personnel. Consequently, because Continental's sole basis for seeking exclusion of evidence concerning Continental Casualty's wealth necessarily depends on the false premise that Continental Casualty cannot, as a matter of law, be liable for any act of bad faith, Continental's argument fails and its motion in limine number 5 to exclude Mr. Gaskins' testimony because it only states the net worth of Continental Casualty should be denied.

Moreover, Defendant simply is wrong that Mr. Gaskins "is prepared to testify about only one company . . . ." Dkt. 257 at 1. To the contrary, as he stated in his report, Mr. Gaskins is fully prepared to separate his analysis of the financial condition of Continental Insurance from that of Continental Casualty, if necessary. And, also as he stated in his expert report, Mr.

Gaskins would do so using the same methods and factual bases he used to evaluate the financial condition of Continental Casualty as a whole.

### B. Defendant's argument that Mr. Gaskins' opinions of the financial condition of Continental Casualty are not admissible against Continental Insurance are unsupported by the law or the facts of this case.

Next, Defendant argues that, "even if Continental Casualty could be liable for punitive damages, Gaskins' opinions are inadmissible as against Continental Insurance." Dkt. 257 at 6. According to Defendant, "Mr. Gaskins [ ] intends to discuss only Continental Casualty's financial status, hoping the jury will punish Continental Insurance based on the wealth of its parent." *Id*. at 7. Defendant's argument, however, again wrongly presumes that Continental Casualty and Continental Insurance are separate and individual entities beyond that merely in form and/or label.

Defendant cites several cases purportedly supporting its position that evidence of Continental Casualty's financial condition cannot be used against Continental Insurance; however, none of those cases involve two defendants that in substance are the same entity. Indeed, as demonstrated in the United States' opposition to Continental Casualty's summary judgment motion, and in its motion to amend, at least since May 1995, Continental Casualty and Continental Insurance are, in substance, one in the same, and any distinctions are merely formalities. Dkts. 274 and 281. Accordingly, the United States does not "hop[e that] the jury will punish Continental Insurance based on the wealth of [Continental Casualty]," but, rather, that the jury will punish Continental Casualty based on its own acts. That its wealth includes that of Continental Insurance is relevant to the jury in determining the punishment.

Moreover, as Mr. Gaskins states in his report, the reason he presented the financial

condition of Continental Casualty as a whole was because "Continental Casualty Company owns one hundred percent of Continental Insurance Company, and the financial data of Continental Insurance Company is consolidated in the financial data of Continental Casualty Company." Gaskins' Report at 2.  Indeed, Mr. Gaskins had no reason to separate his analysis of the financial conditions of Continental Casualty and Continental Insurance because essentially they are, and have been since May 1995, the same company.  And, when Mr. Gaskins authored his report, Continental Casualty had not moved for summary judgment based on its unpersuasive argument that it should be given status independent of Continental Insurance.

Nevertheless, out of an abundance of caution, Mr. Gaskins stated in his report that if necessary he could separate his analysis of the financial condition of Continental Insurance from that of Continental Casualty.  Mr. Gaskins also explained that he would do so simply by "us[ing] the same types of financial documents and perform[ing] the same procedures and analysis as shown in this report, along with appropriate adjustment of the presentation of Continental Casualty Company information."  Gaskins' Report at 5.  Moreover, both Continental Casualty and Continental Insurance had sufficient opportunity at Mr. Gaskins deposition to obtain an even more detailed explanation, if necessary; instead, apparently both Continental Casualty and Continental Insurance were satisfied with Mr. Gaskins' methods of and factual bases for evaluating the financial condition of Continental Casualty, including that which corresponds to the portion that is labeled as Continental Insurance.

### C. Defendant's argument that Mr. Gaskins' opinions regarding Continental Casualty's highest-paid officers are irrelevant also is unsupported.

Finally, defendant baldly asserts that "Mr. Gaskins cannot opine about the salaries of

Continental Casualty's and CNA Financial's highest-paid officers." Dkt. 257 at 7.  It argues that "[e]ven Mr. Gaskins admits that he is unaware of any precedent that allows consideration of executive compensation information." *Id.* at 8.  However, although defendant cites several cases supporting admission of evidence regarding "net worth" and "financial condition," defendant cites no "precedent that [prohibits] consideration of executive compensation information." *See* Dkt. 257.  Indeed, Defendant offers no legal argument whatsoever, or any expert rebuttal testimony, supporting its position that it is improper for Mr. Gaskins to consider "how the companies compensate the officers who control the conduct of the companies" when evaluating Continental Casualty's financial condition.  Gaskins' Report at 3.  Simply citing a lack of precedent does not demonstrate that an expert, especially one whose qualifications are not challenged, cannot consider a particular probative factor when formulating the expert's opinions.

## CONCLUSION

For the foregoing reasons, the United States requests that this Court deny Continental's Motion in Limine No. 5 to Exclude Testimony of Rick R. Gaskins.

Respectfully submitted, this 26th day of April, 2006, in Anchorage, Alaska.

                DEBORAH M. SMITH
                Acting United States Attorney

                s/Richard L. Pomeroy
                Assistant U.S. Attorney
                222 West 7th Ave., #9, Rm. 253
                Anchorage, AK 99513-7567
                Phone: (907) 271-5071
                Fax: (907) 271-2344
                E-mail: richard.pomeroy@usdoj.gov
                AK #8906031

                s/Richard R. Stone, Sr.
                Trial Attorney
                U.S. Department of Justice
                P.O. Box 888
                Benjamin Franklin Station
                Washington, D.C.  20044
                Phone:  (202) 616-4291
                Fax:  (202) 616-5200 fax
                E-mail:  richard.stone@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on April 26, 2006,
a copy of the foregoing UNITED STATES'
OPPOSITION TO CONTINENTAL'S
MOTION IN LIMINE NO. 5. DOCKET NO. 257.
was served electronically on Gary A. Zipkin and
William Urquhart  and on

Rebecca L. Ross
Ross, Dixon & Bell, LLP
55 West Monroe Street, Suite 3000
Chicago, IL 60603-5758
(312) 759-1920
(312) 759-1939 fax

by U.S. mail

s/ Richard L. Pomeroy