DEBORAH M. SMITH
Acting United States Attorney

RICHARD L. POMEROY
Assistant U.S. Attorney
222 West Seventh Avenue, #9
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
E-mail:  richard.pomeroy@usdoj.gov

RICHARD R. STONE, SR.
Trial Attorney
U.S. Department of Justice
P.O. Box 888
Benjamin Franklin Station
Washington, D.C.  20044
Phone: (202) 616-4291
Fax: (202) 616-5200
E-mail:  richard.stone@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>THE CONTINENTAL CASUALTY COMPANY, dba THE CONTINENTAL INSURANCE COMPANY,<br><br>    Defendant. | Case No. 3:98-cv-285-JWS<br><br>**UNITED STATES' OPPOSITION TO CONTINENTAL'S MOTION IN LIMINE NO. 2 RE. ALLEGED UNPLED AND NEW CLAIMS.  Docket No. 251**. |

## **INTRODUCTION**

Continental's Motion in Limine No. 2 contends that: the United States should not be

permitted to "confuse the jury" with defendants' new and continuing bad faith acts; the acts are

allegedly unpled in the Second Amended Complaint; and the case at this time involves only punitive damages, to which the alleged continuing bad faith acts of Continental are not relevant. Dkt. 251 at 2-3.  None of these arguments raise a valid reason that supports suppressing any of Continental's bad faith acts from the jury.  Continental's contentions are baseless and its motion should be denied.

      **1.**      **Federal Rule Civil Procedure 8(a)(2) defines notice pleading requirements and Rule 15(a) permits liberal amendments to pleadings.**

Rule 8(a)(2) "provides that a complaint must include only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'  Such a statement must simply 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Swierkiewicz v. Soreman N.A.,* 534 U.S. 506, 507 (2002)(quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L.E.d.2d 80 (1957).  "'[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Yamaguchi v. U.S. Dep't of the Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1977), quoting *Conley*, 355 U.S. at 45-46, (*Yamaguchi* is unpublished, but is relied on in *Allied Signal, Inc. v. City of Phoenix*, 182 F.3d 692-97 (9th Cir. 1999) for this proposition).

Further, Federal Rule of Civil Procedure 15(a) in relevant part states "a party may amend the party's pleading . . . by leave of court . . .; and leave shall be freely given when justice so requires.'" The Supreme Court in *Forman v. Davis*, 371 U.S. 178, 182 (1962) stated that "'leave to amend shall he freely given when justice so requires, this is a mandate to be heeded."  The rules "reject the approach that pleading is a game of skill" and "accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S.

41, 48 (1957). The rule is to be interpreted with "extreme liberality." *United States v. Webb*, 655 F.2d 977 (9th Cir.1981). The Ninth Circuit, in *Webb* also recognized that the guiding 'underlying purpose" of Rule 15 is "to facilitate decision on the merits, rather than on the pleadings or technicalities." Id. at 979. In defining the boundaries of the Rule, the Ninth Circuit has held '[o]nly where prejudice is shown or the movant acts in bad faith are courts protecting the judicial system or other litigants when they deny leave to amend a pleading." *Howey v. United States*, 481 F.2d 1187, 1191 (9th Cir. 1973); *United States v. Webb*, 655 F.2d at 979. As addressed below, defendant can show no failure of adequate notice in the instant case and certainly has no credible evidence or argument that the United States has acted in bad faith. In the unlikely event that the Court should find that the claim of bad faith regarding the Kallstrom tenders, and Continental's failure to timely pay money that it owes in order to force the plaintiff to litigate, are not sufficiently pled, the United States hereby formally requests permission to amend.

    **2.**    **The United States has pled the Kallstrom retender bad faith claim, which is an integral part of the claim for punitive damages, and Continental cannot possibly prove surprise.**

Continental Casualty's arguments that it should be dismissed from this action because the United States' complaint did not provide adequate "notice" of its claims are disingenuous at best. The continuing bad faith regarding Kallstrom was clearly addressed in the United States' Second Amended Complaint (that alleges punitive damages) and in the unopposed motion for permission to file that amendment. Dkt. 71; Dkt. 69 at 2 n.2. It is clearly pled in the Second Amended Complaint on February 4, 2002 as an underlying basis for the punitive damages. Dkt 71a ¶¶ 17- 18, 36-50, and the Prayer for Relief, pp 9-10. As addressed *infra*, Continental has full

and fair notice of the claim.  Further, the United States did not obtain the final evidence proving the claim until the deposition of Erin Finn, a Fed. R. Civ. P. 30(b)(6) witness for Continental Casualty, on November 8, 2005, immediately before the end of discovery.

Continental incorrectly contends that the United States has never pled the <u>Kallstrom</u> retender claim and therefore cannot pursue it.  Dkt. 275 at 3.  The <u>original</u> <u>Kallstrom</u> claim was known to Continental as early as February 20, 1997 more than nine years ago.  Dkt. 302 at Ex. 1, Ltr. Roosa to Taylor February 20, 1997.  The Assistant United States Attorney (AUSA) Kenneth Roosa wrote to Ms. Jennifer Taylor, CNA HealthPro, tendering and stating: "Blanche Kallstrom has also sued the United States, asserting that she suffered mental anguish and distress as a result of the liquid being left in an improper container, causing her to mistakenly pour the lye based detergent into Lori's glass."  (Emphasis added)  <u>Id</u>. at Ex. 1, p. 1 (Bates nos. CNA 000410-12). The AUSA further stated to Ms. Taylor: "<u>The United States</u> formally retenders the Wilson Claim, and <u>offers its initial tender of the Kallstrom claim</u> to CNA, as the successor in interest to the Continental Insurance Company." (Emphasis added.)  <u>Id</u>. at Ex. 1, p. 2.

On September 4, 2001, four years and seven months ago, defendant was again made aware that the Kallstrom matter was a part of the defense tendered by the United States.  This Court stated: "Wilson filed suit against the United States in this court.  The United States filed a third party claim against Kallstrom.  Kallstrom counterclaimed for negligent infliction of emotional distress.  The United States tendered defense to Continental on January 6, 1995. . . ." Dkt. 57 at 4.  The Court also referred to the AUSA's February 20, 1997 tender letter to CNA Healthpro.  <u>Id</u>.  That tender, as noted above, had included the initial tender of the Kallstrom claim.

The United States moved to amend the Complaint to allege puntive damages on February 4, 2002. Dkt. 69. Amendment was permitted with Continental's stated non objection. Dkt. 70 In the memorandum supporting that motion, the United States stated:

> On October 30, 2001, after this Court's decision on liability in the instant case, the United States again tendered to CNA the case the United States has been defending against the counterclaim of the third party defendant Blanche Kallstrom. * * * The Kallstrom counterclaim arose out of the Wilson case that created the instant dispute. CNA, as of this date, has not accepted the tender of Kallstrom, despite knowing that the United States is its insured.

Dkt. 69 at 2 n. 2. In the United States' Second Amended Complaint, lodged with the motions on February 4, 2004, plaintiff United States also stated that it had tendered the claim asserted by Ms. Kallstrom, i.e., a claim "for negligent infliction of emotional distress [NIED]." Dkt. 71at p. 4 ¶¶ 17-18. It also asserted that it had obtained summary judgment against Kallstrom and that "the United States has expended and will be required to expend substantial attorney time and cost in its continued defense of the claims asserted by Blanche Kallstrom" during the appeal. Id. at p. 7 ¶ 36. Everything alleged in the Complaint about Kallstrom was realleged and incorporated by reference into all five causes of action. Defendant Continental at that time was again placed on notice of its duty to defend that case. It did not accept tender at that time on its own initiative. Now, Continental simply appears to read all reference to Kallstrom out of the Second Amended Complaint. Dkt. 251.

Further, the United States alleged that "the complaint[] filed by . . . Kallstrom alleged claims which fell within the coverage of the policy, i.e., injuries caused by negligent acts committed by BBAHC." Id. at p. 7 ¶ 38. Also, "Continental breached its duty to the United States under the policy by refusing to appear and defend the United States against the claims

-5-

asserted by . . . Kallstrom." Id. at p. 8 ¶ 43. The United States asked for defense "costs and reasonable attorneys fees associated with the continuing defense of the claims asserted by Blanche Kallstrom." (Emphasis added) Id. at p. 10 ¶ 2. Finally, plaintiff sought "[p]unitive damages resulting from the defendants' outrageous denial of coverage [and] defense . . . ." Id. at 10 ¶ 4. Continental's contention that the Kallstrom tender has not been sufficiently pleaded is nonsense. The contention that the United States has failed to amend the complaint to provide notice of the ongoing and/or new bad faith claim for failure to accept the retender while Kallstrom was on appeal on or about October 30, 2001, is spurious. Continental does not cite a single case that supports a technical requirement to amend a complaint to allege new acts that continue to establish pleaded claims that notify the defendant that those kinds of acts are at issue. It is particularly disingenuous of Continental here to ask that the claims be ignored where it insists on continuing to act in bad faith on the same matters and in the same way that the Court has already informed defendant is bad faith. See Dkt. 227-1 and 302.

     Nothing in this case prohibits the United States' pursuit of the Kallstrom retender bad faith claim, the elements of which have been pled and about which Continental has had overwhelming notice. Again, on the date of the Court's order, September 18, 2001, four years and seven months ago, Continental was aware that the Kallstrom matter was a part of the defense tendered by the United States and it is undisputed that Continental never accepted the tender. Continental's refusal to see the notice and pleading that is there to be seen, and of which it cannot now argue it was unaware, does not support a denial of the United States' right to make timely arguments to the jury about an issue that it has informed Continental about many times.

     That Continental has been provided timely, complete, and repetitive notice cannot be

denied. On May 24, 2002, the United States again specifically informed Continental that the failure to accept the Kallstrom retender was an issue. Dkt. 81 at 3. Plaintiff stated that: "[t]he United States has raised Defendant's continuing bad faith breach of duty to its insured regarding the tender in Kallstrom. Docket No. 76 at p. 16 note 16." Dkt. 81 at 3. Further, "Even since this Court has ruled that the United States is an insured and there is coverage under the CGL policy, Continental still refuses to accept tender of the Kallstrom case." Id. The United States also reminded Continental of the issue in opposition to Continental's motion for 28 U.S.C. § 1292(b) interlocutory appeal. Dkt. 213 at 3, 14-15. The United States stated:

> The United States, however, has several bad faith claims pending against Continental. At a minimum, they include (1) failure to accept tender of the defense originally, (2) failure to accept the United States' retender of Kallstrom, October 30, 2001 (Ex. 2, hereto) after this Court granted summary judgment for the United States on September 18, 2001 and before the Court vacated that ruling at docket 115, and (3) Continental's forcing the United States to continue to litigate for more than a year the amount that Continental owed the United States as a result of the Ninth Circuit's holding that the United States is an additional implied insured. Items two and three have not been presented to the trier of fact either on summary judgment or at trial. Consequently, not all bad faith issues have been resolved by the Court's grant of summary judgment in the United States' favor at docket 166. Continental is fully aware of these contentions but ignores them in an effort to get certification for an appeal on a mischaracterized record of the issues.

Dkt. 213 at 14-15. Continental's contention that the issue is not sufficiently pled is simply contrary to the notice pleading requirements of the rules. That current counsel are not aware of all the different ways Continental has been on notice is no excuse. There is a serious problem when the defendant simply ignores major portions of a complaint in order to argue based on less than the full record. Any claim that it had no notice is unbelievable.

**3.      That the only remaining issue in this case is punitive damages should not mean that plaintiff cannot prove the underlying acts that require punishment.**

Also, Continental quotes the Court: "[t]he only remaining claim is the government's claim for punitive damages, which was recently added in an amended complaint." Dkt. 251 at 4, (Quoting Dkt. 87 at 6). Continental contends that the Court's statement means that the United States cannot litigate anything having to do with the underlying bad faith regarding Continental's initial rejection of the Kallstrom tender and defendant's continuing bad faith failure to accept the United States' retender of the Kallstrom appeal on October 30, 2001. Dkt. 251 at 4-8. Continental, without citing a reference, concludes that "the Court ordered that there were no unadjudicated bad faith claims in this case." Dkt. 251 at 2. Continental's quote from the Court's order at docket 87, however, refers to the recently pled punitive damages claim that includes the bad faith allegations regarding the Kallstrom retender, clear notice of which was provided in the motion to amend. Dkt. 69 p. 2 n.2. Also, the United States has never concurred that there are no unadjudicated bad faith claims in the case. See Dkt. 251 at 4.

That the United States has agreed that the remaining claim in this case is for punitive damages is based on the status of the case. Liability, bad faith to some extent, and policy limits have been decided in the United States' favor. See Dkts. 57, 61, 87, 166. However, any underlying acts of bad faith or acts that demonstrate Continental's bad faith, or malice, or recklessness, or other mind set, adding up to outrageous behavior toward the insured's rights, ought to be permitted to be presented.[1]  Now that discovery has closed, the United States has

---

[1] Continental argues that the United States' bad faith claim regarding the Kallstrom retender fails because the failure to accept tender did not cause any additional damages. Dkt. 251 at 6. Neither Continental, nor the United States, knew that there would be no further

taken the straight forward approach to seek the Court's ruling, as a matter of law, that the continuing acts of Continental upon retender of Kallstrom amount to bad faith. See Dkts. 227-1 and 302. The final evidence on these issues and the evidence supporting the bad faith argument was not obtained by the United States until it had taken Ms. Finn's deposition on November 8, 2005 within the discovery period. The United States also timely filed the motion for partial summary judgment under the Court's pretrial scheduling order. Continental's motion in limine number two is nothing more than an additional opposition to the United States' motion for summary judgment on the Kallstrom retender bad faith.

Additionally, the Court's order that the case at this time is about punitive damages includes a reference to the punitive damages complaint amendment which is based in part on the <u>Kallstrom</u> retender claim. See Dkt. 69 at 2 n.2 and Dkt. 71  The government has not waited to the "eve of trial" to present a new bad faith claim. See Dkt. 275 at 4.[2]

Continental's argument that the United States should not be permitted to present to a jury its claim that Continental refused for fourteen months to pay money that Continental knew it

---

expenses to the United States. Continental provides no authority that it did not have the duty to act promptly and give its reasons regarding accepting the tender of defense because, fortuitously, it caused no increased expense. Also, the United States' Kallstrom costs had already been incurred. This is not a bad faith act, such as in those cases cited by Continental, where there are no associated damages. Additionally, the case at this time is about punishment and deterrence - - punitive damages - - as Continental so often contends. It is ironic that Continental asks that its knowing act of failing to accept tender be suppressed from the jury because fortuitously it did not cause any additional expense to the insured. But, the act of failing to investigate and respond (knowing that regarding the same claim the court had held it liable for bad faith against its insured) is evidence of a mind set at Continental Casualty that should be corrected.

[2] Continental's contentions that evidence of irrelevant acts of bad faith are inadmissible do not apply to this case. Dkt. 251 at 8-9. Plaintiff will rely only on relevant bad faith acts as shown in this opposition.

owed to the United States also ignores the Second Amended Complaint. That complaint states that "Continental engaged in unfair claims settlement practices . . . ." Dkt. 71 p. 9 ¶¶ 49-50. The failure to pay is a violation of a standard of the industry as they are listed in A.S. 21.36.125. See Dkt. 71 p. 9 ¶ 50. Consequently, Continental also cannot contend that the issue of this unfair claims settlement practice has not been pled.[3]

> 4. **Continental can be punished for bad faith failure to accept the Kallstrom retender, even if the United States suffered no additional actual damages, because actual damages had already occurred through the defense of the Kallstrom claim and prejudice (i.e., damage) is presumed.** *Lloyd's v. Fulton*

In this case the issue of insured status and the bad faith failure to accept the tender in 1997 that included Kallstrom had already been resolved and the government's expenses had already been incurred in defending Kallstrom. Additionally, *Lloyd's and Institute of London Underwriting Cos. v. Fulton*, 2 P.3d 1199 (Alaska 2000), holds that when there is a bad faith act regarding coverage prejudice is presumed. A requirement to show actual harm "runs counter to the public policy decisions made by the Alaska court in *Lloyd's*, and the holding in that case binds this court." Dkt. 87 at 5. Further, neither the United States nor Continental knew at the time of Continental's bad faith that there would be no additional expenses. In fact, Continental, as it turns out, had no down side risk to accepting the tender.

Continental should not be excused from having to answer for its continuing and new bad

---

[3] Further, the contention that the case law holds that it is not bad faith to delay payment, ignores that such failures when they are knowing and force the insured to litigate for the money violates the unfair claim settlement practices standards in Alaska. In the instant case, Continental's contention that the payment was fully voluntary also is inaccurate. Continental paid on December 13, 2005, fourteen months after the Ninth Circuit ruled and less than one month after the United States on November 22, 2005 informed Continental through its expert's report that it was a continuing act of bad faith for Continental Casualty to continue to withhold the payment.

faith acts on retender simply because they fortuitously have not caused any additional expenses. At this time, the case is about punishment, not about additional damage to the insured. The mind set that is reflected in the misconduct of Continental demonstrates that Continental was not sufficiently impressed by the fact that it had already been held to have coverage and to have acted in bad faith regarding tenders. In the face of the law of the case, Continental has continued to act with the exact same bad faith. Its misconduct supports a finding of bad faith as a matter of law.

## CONCLUSION

For the foregoing reasons, Continental's Motion in Limine No. 2 should be denied.

Respectfully submitted this 27th day of April, 2006, in Anchorage, Alaska.

> DEBORAH M. SMITH
> Acting United States Attorney
>
> s/Richard L. Pomeroy
> Assistant U.S. Attorney
> 222 West 7th Ave., #9, Rm. 253
> Anchorage, AK 99513-7567
> Phone: (907) 271-5071
> Fax: (907) 271-2344
> E-mail: richard.pomeroy@usdoj.gov
> AK #8906031
>
> s/Richard R. Stone, Sr.
> Trial Attorney
> U.S. Department of Justice
> P.O. Box 888
> Benjamin Franklin Station
> Washington, D.C. 20044
> Phone: (202) 616-4291
> Fax: (202) 616-5200 fax
> E-mail: richard.stone@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on April 27, 2006,
a copy of the foregoing UNITED STATES'
OPPOSITION TO CONTINENTAL'S
MOTION IN LIMINE NO. 2 RE. ALLEGED
UNPLED AND NEW CLAIMS
Docket No. 251 was served
electronically on Gary A. Zipkin and
William Urquhart  and on

Rebecca L. Ross
Ross, Dixon & Bell, LLP
55 West Monroe Street, Suite 3000
Chicago, IL 60603-5758
(312) 759-1920
(312) 759-1939 fax

by U.S. mail

s/ Richard L. Pomeroy