DEBORAH M. SMITH
Acting United States Attorney

RICHARD L. POMEROY
Assistant U.S. Attorney
222 West Seventh Avenue, #9
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
E-mail: richard.pomeroy@usdoj.gov

RICHARD R. STONE, SR.
Trial Attorney
U.S. Department of Justice
P.O. Box 888
Benjamin Franklin Station
Washington, D.C. 20044
Phone: (202) 616-4291
Fax: (202) 616-5200
E-mail: richard.stone@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>THE CONTINENTAL CASUALTY COMPANY, dba THE CONTINENTAL INSURANCE COMPANY,<br><br>Defendant. | Case No. 3:98-cv-285-JWS<br><br>**UNITED STATES' OPPOSITION TO CONTINENTAL'S MOTION IN LIMINE NUMBER 4 TO EXCLUDE EVIDENCE OF ITS LITIGATION ASSERTIONS.**<br>**Docket No. 255.** |

## INTRODUCTION

Continental has moved to "exclude all evidence of allegedly improper assertions or

conduct by defendants during litigation." Dkt. 255 at 4. Continental alleges that "[t]he

Government will likely try to distract the jury . . . by talking about allegedly improper assertions defendants have made in the context of this litigation." *Id.* at 1-2.  According to Continental, "[t]his case is about Continental's conduct before the lawsuit, not about the lawsuit itself," and that "discussion of [ ] assertions [concerning allegedly improper litigation tactics] in front of the jury could cause significant and undue prejudice" and would "have no probative value." *Id.* at 2.  Continental offers as examples of such "discussion of [ ] assertions," only a short excerpt from the deposition testimony of Deborah Senn, the United States' expert, in which Ms. Senn states: (i) that she believes that it would be a "problem" if defendants had "tried to dismiss" Continental Casualty, and (ii) that she disagrees with an argument made by Mr. Lohr, Continental's expert. *Id.*

## ARGUMENT

As is the case with many of Continental's flurry of motions in limine, it is difficult to respond substantively to this motion because Continental does not clarify its concern with concrete examples.  In this case, it does not identify the precise "evidence" that Continental seeks to exclude.  See Dkt. 255.  This seems to be a ploy, an attempt to seek an order that covers general activity at trial by counsel that has not been specifically defined and addressed in advance.  It seems more focused on hindrance of the presentation of valid issues at trial than on preventing a perceived problem.  In any event, Continental is simply flat wrong that "[t]his case is about Continental's conduct [only] before the lawsuit;" indeed, as demonstrated in the United States' summary judgment motion concerning Continental's improper rejection of the Kallstrom tenders, Continental has knowingly and blatantly continued to commit bad faith acts well after this lawsuit was filed.  See Dkts.  227-1 and 302.  Accordingly, the United States cannot agree

with Continental's vague and ambiguous assertion that Continental's improper litigation tactics are irrelevant and their presentation to the jury would be unduly prejudicial.

As stated in the United States' Opposition to Continental's Motion in Limine No. 7, Continental's litigation tactics and proceedings have been unduly burdensome and overreaching. Dkt.322. For example, consider that Continental Casualty has managed every aspect of the defense in this case through its own counsel who have in bad faith failed to accept the Kallstrom retender. *See* Dkts. 227-1 and 302. Continental Casualty, however, has moved to be dismissed due to an alleged lack of privity of contract upon which the United States may pursue bad faith against Continental Casualty for acts of its employees who have committed those bad faith acts. *See* Dkt. 237. Yet, Continental Casualty is the only defendant, herein, that has any employees that can act in bad faith, or act at all, regarding the policy. *See* Dkt. 274. Continental did not inform the Court in its motion requesting to be dismissed that Continental Insurance had no employees. The defendants' briefs have been riddled with misrepresentations, half truths and arguments unsupported by the law and the facts. Continental's approach has increased the costs to the insured astronomically in terms of both attorney time and money. The jury should be allowed to know everything about Continental's tactics and actions in its defense, because they are a large part of the bad faith in this case.

The jury should be free to draw whatever inferences that they may, including the inference that if Continental took this approach with some 87 year old widow or a sole proprietor, either of whom relies on their insurance, the effect would be devastating. If Continental will increase expenses and drag out the litigation against the government like it has, it has no incentive to treat anyone else in Alaska any better. The jury should punish Continental

USA v. The Continental Casualty Company
Case No. 3:98-cv-285-JWS                    -3-

for its acts in Alaska.  Against the normal insured in Alaska, Continental's actions would be

crippling.

## CONCLUSION

For the foregoing reasons, the United States requests that this Court deny Continental's

Motion in Limine No. 4 to Exclude Evidence or Argument Regarding Defendant's Litigation

Assertions or Conduct.

Respectfully submitted this 27th day of April, 2006, in Anchorage, Alaska.

DEBORAH M. SMITH
Acting United States Attorney

s/Richard L. Pomeroy
Assistant U.S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
E-mail: richard.pomeroy@usdoj.gov
AK #8906031

s/Richard R. Stone, Sr.
Trial Attorney
U.S. Department of Justice
P.O. Box 888
Benjamin Franklin Station
Washington, D.C.  20044
Phone:  (202) 616-4291
Fax:  (202) 616-5200 fax
E-mail:  richard.stone@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on April 27, 2006,
a copy of the foregoing UNITED STATES'
OPPOSITION TO CONTINENTAL'S
MOTION IN LIMINE NUMBER 4 TO
EXCLUDE EVIDENCE OF ITS LITIGATION
ASSERTIONS. Docket No. 255 was served
electronically on Gary A. Zipkin and
William Urquhart  and on

Rebecca L. Ross
Ross, Dixon & Bell, LLP
55 West Monroe Street, Suite 3000
Chicago, IL 60603-5758
(312) 759-1920
(312) 759-1939 fax

by U.S. mail

s/ Richard L. Pomeroy