DEBORAH M. SMITH
Acting United States Attorney

RICHARD L. POMEROY
Assistant U.S. Attorney
222 West Seventh Avenue, #9
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
E-mail:  richard.pomeroy@usdoj.gov

RICHARD R. STONE, SR.
Trial Attorney
U.S. Department of Justice
P.O. Box 888
Benjamin Franklin Station
Washington, D.C.  20044
Phone: (202) 616-4291
Fax: (202) 616-5200
E-mail:  richard.stone@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>THE CONTINENTAL CASUALTY COMPANY, dba THE CONTINENTAL INSURANCE COMPANY,<br><br>    Defendant. | Case No. 3:98-cv-285-JWS<br><br>**UNITED STATES' OPPOSITION TO CONTINENTAL'S MOTION IN LIMINE NO. 6 TO EXCLUDE EVIDENCE OF CONTINENTAL CASUALTY'S NET WORTH. Docket No. 259.** |

### INTRODUCTION

Continental's Motion in Limine No. 6 to Exclude Evidence or Argument Regarding the

Wealth of Continental Casualty Company and/or CNA Financial Corporation is based solely on

the argument that because neither CNA Financial nor Continental Casualty is "liable for bad faith," evidence concerning their wealth is irrelevant.  The United States concedes that CNA Financial Corporation has been dismissed from this action and that evidence of its wealth is irrelevant; accordingly, the United States does not intend to offer evidence of CNA Financial Corporation's wealth.[1]  However, because Continental Casualty <u>is liable</u> for the numerous bad faith acts committed by its own employees, evidence concerning the wealth of Continental Casualty is relevant, and Continental's motion should be denied to the extent it concerns Continental Casualty.

## ARGUMENT

According to Continental, "[f]inancial information relating to a defendant's parent company or corporate affiliate is inadmissible <u>unless the affiliate is itself liable for punitive damages</u>." (Emphasis added).  Dkt. 259  at 2 (citing *United Tech. Corp. v. American Home Assur. Co.*, 118 F. Supp. 2d 174, 180 (D. Conn. 2000).  Continental contends that, "[a]s set forth in its motion for summary judgment, Continental Casualty [ ] is not liable for bad faith or punitive damages . . . because it has no contractual relationship with the United States."  Dkt. 259 at 3.  To the contrary, however, as demonstrated in the United States' opposition to Continental Casualty's motion for summary judgment, Continental Casualty is liable for the bad faith conduct of its employees, and, thus, financial information concerning Continental Casualty is relevant to the issue of punitive damages.  Dkt. 274.  The United States' opposition at docket number 274 is incorporated herein in its entirety.

---

[1] Continental has known since the Erin Finn deposition of November 8, 2005, that CNA Financial Corporation is not being pursued in this case.

Continental Casualty argued in "its motion for summary judgment" that, because it was not a party to the 1993 insurance policy between Bristol Bay and Continental Insurance Company, and because there is no evidence supporting liability under an "alter ego" theory, it cannot be liable for the bad faith acts this Court has already found as a matter of law. Dkt. 237 at 2-3.[2] However, as demonstrated in the United States' opposition to Continental Casualty's summary judgment motion, regardless of whether Continental Casualty was a party to the original contract, Continental Casualty cannot escape liability for the numerous bad faith acts performed by <u>Continental Casualty employees</u>, even if done under the <u>label</u> of Continental Insurance while they have managed the contract as if they were the original contracting party and to the exclusion of Continental Insurance. According to Continental's own 30(b)(6) witnesses, since May 1995, "all the [Continental Insurance] employees [became] Continental Casualty Company employees," and the business of Continental Insurance was conducted and managed solely by employees of Continental Casualty. Finn Dep. at p. 46 lns. 18-22; p. 47 lns. 1-11; Boysen Dep. at p. 42 & Ex. 2, p 8. *See* Dkt. 274 at Ex. 1 and Ex. 2. Indeed, Continental Casualty employees were responsible for almost every bad faith act that formed a basis for this Court's bad faith findings. *See* generally Dkt. 274.

---

[2] Continental Casualty also argued that the United States did not adequately plead an "alter ego" liability theory in its complaint. Dkt. 237 at 2-3. However, as demonstrated in its opposition to Continental Casualty's summary judgment motion, the United States has provided more than adequate notice of its claims and liability theories in accordance with the liberal notice pleadings requirements of the Federal Rules of Civil Procedure. *See* Dkt. 274 at 21-24. The United States, in an abundance of caution, also has moved to amend to allege "mere instrumentality" and "alter ego" theories. Dkt. 281.

Accordingly, as shown in the United States' opposition to Continental Casualty's summary judgment motion, Continental Casualty is liable for bad faith for at least two reasons. First, just as all employers are responsible for acts and omissions of their employees acting within the scope of their employment, so too is Continental Casualty liable for its employees' repeated and improper failures to accept the United States' tenders. While acting for and to the exclusion of Continental Insurance. *See* Dkt. 274 at 12-16 (citing *Taranto v. North Slope Borough*, 909 P.2d 354, 358 (Alaska 1996)). Second, Continental Casualty is liable for the bad faith acts of its employees, even if performed under the label of Continental Insurance, because, at least as of May 1995, Continental Insurance has been a "mere instrumentality" for and/or "alter ego" of Continental Casualty. *See* Dkt. 274 at 16-20 (citing *Jackson v. General Electric Co.*, 514 P.2d 1170, 1172-73 (Alaska 1973)). Since May 1995, Continental Insurance has had no employees, and all Continental Insurance acts have been performed by Continental Casualty personnel. Consequently, because Continental's sole basis for seeking exclusion of evidence concerning Continental Casualty's wealth necessarily depends on the false premise that Continental Casualty cannot, as a matter of law, be liable for any act of bad faith, Continental's argument fails and its motion in limine should be denied.

//
//
//

**CONCLUSION**

For the foregoing reasons, the United States requests that this Court deny Continental's Motion in Limine No. 6 to Exclude Evidence or Argument Regarding the Wealth of Continental Casualty Company.

Respectfully submitted this 27th day of April, 2006, in Anchorage, Alaska.

    DEBORAH M. SMITH
    Acting United States Attorney

    s/Richard L. Pomeroy
    Assistant U.S. Attorney
    222 West 7th Ave., #9, Rm. 253
    Anchorage, AK 99513-7567
    Phone: (907) 271-5071
    Fax: (907) 271-2344
    E-mail: richard.pomeroy@usdoj.gov
    AK #8906031

    s/Richard R. Stone, Sr.
    Trial Attorney
    U.S. Department of Justice
    P.O. Box 888
    Benjamin Franklin Station
    Washington, D.C. 20044
    Phone: (202) 616-4291
    Fax: (202) 616-5200 fax
    E-mail: richard.stone@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on April 27, 2006,
a copy of the foregoing United States'
Opposition to Continental's Motion in
Limine No. 6 to Exclude Evidence of
Continental Casualty's Net Worth
was served electronically on Gary A. Zipkin
and William Urquhart  and on

Rebecca L. Ross
Ross, Dixon & Bell, LLP
55 West Monroe Street, Suite 3000
Chicago, IL 60603-5758
(312) 759-1920
(312) 759-1939 fax

by U.S. mail

s/ Richard L. Pomeroy