DEBORAH M. SMITH
Acting United States Attorney

RICHARD L. POMEROY
Assistant U.S. Attorney
222 West Seventh Avenue, #9
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
E-mail:  richard.pomeroy@usdoj.gov

RICHARD R. STONE, SR.
Trial Attorney
U.S. Department of Justice
P.O. Box 888
Benjamin Franklin Station
Washington, D.C.  20044
Phone: (202) 616-4291
Fax: (202) 616-5200
E-mail:  richard.stone@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>THE CONTINENTAL CASUALTY COMPANY, dba THE CONTINENTAL INSURANCE COMPANY,<br><br>    Defendant. | Case No. 3:98-cv-285-JWS<br><br>**UNITED STATES' OPPOSITION TO CONTINENTAL'S MOTION IN LIMINE NO. 10 TO BIFURCATE TRIAL.  Docket No. 262.** |

     Continental has asked to bifurcate trial in this case, separating liability from damages.  It claims that such separation is routine, efficient, and will avoid prejudice.  However, within the context of this case, bifurcation would not be efficient nor is Continental likely to experience

prejudice by trying liability and damages together; accordingly, the United States opposes the request.

> Civil Rule 42(b) provides that
>
> The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.

Fed. R. Civ. P. 42(b). "Rule 42(b) merely allows, but does not require, a trial court to bifurcate cases "in furtherance of convenience or to avoid prejudice." Hangarter v. Provident Life and Acc. Ins. Co., 373 F.3d 998, 1021 (9th Cir. 2004)(district court did not abuse its discretion in declining to bifurcate trial for contract damages from liability for punitive damages). The decision to bifurcate a trial is completely within discretion of the trial court. In deciding whether to bifurcate, a court is to consider whether the interests of efficiency and convenience favor bifurcation, whether the issues are clearly separable, and whether bifurcation is fair to both parties. See Scheufler v. General Host Corp., 895 F. Supp. 1411, 1414 (D. Kansas 1995).

A common reason for bifurcating is to exclude evidence of the defendant's wealth or net worth from the compensatory damages phase. Continental cites Smith v. Lightning Bolt Productions, Inc., 861 F.2d 363 (2nd Cir. 1988) for the proposition that "the preferred method . . . is to delay trial as to the amount of an award of punitive damages." Motion at 3. The complete sentence, of which Continental quotes only part, includes the rationale for this preference: "Since

it often would be prejudicial to a defendant to attempt to litigate its financial condition during the trial on the issues of liability and compensatory damages, the preferred method of accommodating the various interests is to delay trial as to the amount of an award of punitive damages until the usual issues of liability and compensatory damages have been tried, along with the matter of whether the defendant's conduct warrants any award of punitive damages at all." 861 F.2d 363, 373-74.  This rationale for bifurcation is absent in the present case, since compensatory damages are not an issue for the jury.  Nor is there likely prejudice from introduction of evidence of Continental's ability to pay, such as concerned the Alaska Supreme Court in Shane v. Rhines, 672 P.2d 895 (Alaska 1983), since Continental's ability to pay far exceeds any conceivable award of punitive damages that would withstand due process review.

On the other hand, bifurcation will save neither side the costs of preparation for trial on the damage issue nor unduly prolong trial.  The United States has one witness that will testify as to Continental's wealth, Rick Gaskins.  Bifurcation would not save significant trial time or the expense of putting on much additional evidence.  On the other hand, the delay of having the jury deliberate twice and hearing two sets of opening statements and two sets of closing arguments would increase trial time.

Continental states that the Alaska punitive damages statute, AS § 09.17.020, requires separate proceedings to determine liability for punitive damages and the award of punitive damages.  That matter is clearly procedural.  Federal courts need not follow the state procedure. See, Scheufler v. General Host Corp., 895 F.Supp. 1411, 1414-15 (D. Kansas 1995)(rejecting Kansas procedural statute pertaining to punitive damages); Shugart v. Central Rural Elec. Co-op., 110 F.3d 1501, 1504 (10th Cir.1997) (affirming bifurcation despite state law requiring

unified trial); see also Getty Petroleum Corp. v. Island Transp. Corp., 862 F.2d 10, 14-15 (2d Cir.1988) (permissible not to bifurcate liability and punitive damage issues despite state law requiring bifurcation), cert. denied, 490 U.S. 1006 (1989); cf. Sellers v. Baisier, 792 F.2d 690, 694 (7th Cir.1986) ("Rule 42 may be applied in diversity cases [to bifurcate the issues of liability and damage] even though the state law employed to determine the substantive issues in the case prohibits bifurcated trials.").

Federal courts routinely try actual and punitive damage issues together.  See e.g., Hangarter v. Provident Life and Acc. Ins. Co., 373 F.3d 998, 1021 (9th Cir. 2004)(district court did not abuse its discretion in declining to bifurcate trial for contract damages from liability for punitive damages); McLaughlin v. State Farm Mut. Auto. Ins. Co., 30 F.3d 861, 870-71 (7th Cir.1994) (finding that the district court did not abuse its discretion in denying defendant's motion to bifurcate the trial into separate trials on compensatory and punitive damages issues); Johnson v. Celotex Corp., 899 F.2d 1281, 1289 (2nd Cir. 1990)(upholding decision not to bifurcate liability and damages); Preston v. Income Producing Management, Inc., 871 F.Supp. 411, 412 (D.Kan.1994); Deters v. Equifax Credit Information Servs., Inc., 981 F.Supp. 1381 (D.Kan.1997).

Continental has not established a persuasive reason for bifurcation.  The prejudice that corporations fear from juries learning of their enormous wealth while considering compensatory damages is not a concern in this case.  In the interests of judicial expediency, Continental's motion to bifurcate should be denied.

Respectfully submitted this 27th day of April, 2006, in Anchorage, Alaska.

>DEBORAH M. SMITH
>Acting United States Attorney
>
>s/Richard L. Pomeroy
>Assistant U.S. Attorney
>222 West 7th Ave., #9, Rm. 253
>Anchorage, AK 99513-7567
>Phone: (907) 271-5071
>Fax: (907) 271-2344
>E-mail: richard.pomeroy@usdoj.gov
>AK #8906031
>
>s/Richard R. Stone, Sr.
>Trial Attorney
>U.S. Department of Justice
>P.O. Box 888
>Benjamin Franklin Station
>Washington, D.C. 20044
>Phone: (202) 616-4291
>Fax: (202) 616-5200 fax
>E-mail: richard.stone@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on April 27, 2006,
a copy of the foregoing UNITED STATES'
OPPOSITION TO CONTINENTAL'S
MOTION IN LIMINE NO. 10 TO
BIFURCATE TRIAL was served electronically
on Gary A. Zipkin and William Urquhart
and on

Rebecca L. Ross
Ross, Dixon & Bell, LLP
55 West Monroe Street, Suite 3000
Chicago, IL 60603-5758
(312) 759-1920
(312) 759-1939 fax

by U.S. mail

s/ Richard L. Pomeroy

USA v. The Continental Casualty Company
Case No. 3:98-cv-285-JWS                -5-