DEBORAH M. SMITH
Acting United States Attorney

RICHARD L. POMEROY
Assistant U.S. Attorney
222 West Seventh Avenue, #9
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
E-mail:  richard.pomeroy@usdoj.gov

RICHARD R. STONE, SR.
Trial Attorney
U.S. Department of Justice
P.O. Box 888
Benjamin Franklin Station
Washington, D.C.  20044
Phone: (202) 616-4291
Fax: (202) 616-5200
E-mail:  richard.stone@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>THE CONTINENTAL CASUALTY COMPANY, dba THE CONTINENTAL INSURANCE COMPANY,<br><br>　　　　　Defendant. | Case No. 3:98-cv-285-JWS<br><br>**UNITED STATES' OPPOSITION TO CONTINENTAL'S MOTION IN LIMINE NO. 11 RE. STIPULATIONS.**<br>**Docket No. 263**. |

## **INTRODUCTION**

Continental moves the court to enforce one actual stipulation that does not need

enforcing.  Following that request, Continental moves the Court to enforce two alleged

stipulations that were never made final by the parties.  Continental's motion in limine should be denied in all respects.

1. **Stipulation regarding no increased damages to United States due to bad faith failure to accept Kallstrom retender on October 30, 2001.**

The United States has stipulated fully on this matter at the deposition of Deborah Senn.  See Dkt.263 at 2.  It has also stipulated further in writing.  See Dkt. 263, Zipkin decl. at Ex. C.  Continental does not, and cannot, provide a single example where the United States has not acted in accordance with those stipulations.  The United States, however, can provide two examples where it has acted in accordance with them.  Dkts. 302 and 326.  Continental's motion is not filed based on any actual conduct under an actual stipulation and, therefore, appears to be made for an improper purpose.[1]  The United States does not need to be <u>ordered</u> to comply with any stipulation actually made.

2. **Alleged stipulation regarding no increased settlement amount in <u>Wilson</u> due to Continental's bad faith refusal of coverage.**

Continental's contention that the parties completed and entered into a stipulation "that nothing Continental did increased the amount of its settlement with the Wilsons . . . ." is inaccurate.  See Dkt. 263 at 4.  The government's 30(b)(6) witness was asked whether "Continental's handling of the United States' tenders to it caused the United States to pay more to the Wilsons than they otherwise would have."  Dkt. 263 at 4.  She answered: "I don't know."

---

[1]  A comparison of the stipulation at the deposition with that presented later for signature demonstrates that the written stipulation from Continental was improper, overreaching, and not in accordance with the agreement at the deposition.  Compare Dkt. 263 at 3-4 and 2-3.  The United States is in full compliance with the stipulation actually made between the parties at the deposition.

Id.  Further, neither government counsel knew the answer to that but offered to try to work out a stipulation regarding that issue.  Dkt. 263 at 5-6.  The United States never agreed finally to any written stipulation.  Continental takes serious liberties with the record when it says that counsel "agreed on the record to stipulate . . . ."  Dkt. 263 at 6.  This has been a problem throughout this case.  Continental essentially asks the court, based on an incorrect reading of the record and on conclusions that the record does not support, to force the United States to stipulate.  Compare the proposed stipulation to that discussed in the deposition. Compare Dkt. 263 at 6 to 4-5.  There is no stipulation on this issue.  This motion appears to be presented for an improper reason.

> **3.      Alleged stipulation regarding no injury to government other than settlement and defense costs in <u>Wilson</u>.**

Finally, Continental contends that "[a]t the expert deposition, the Government indicated it would stipulate that it was not injured at all aside from the amount of its settlement with the Wilsons and defense costs."  Dkt. 263 at 6.  At the deposition, counsel for the United States, upon making a statement about stipulating, was corrected by the United States' expert witness.  Counsel then stated: "I stand corrected.  She's the expert."  Dkt. 263 at 7-8.  After that the United States did not agree in writing or otherwise to Continental's proposed written request.  Indeed, Continental's stipulation is far too broad to be accepted.  See, Dkt. No. 263, Zipkin Decl. at Ex. C.  Consequently, there is also no stipulation on this issue.  Again, this motion in its entirety is not supported by any stipulation between the parties that the United States has violated.  The motion also does not stand on any authority that permits a party unilaterally to force a stipulation.  An order to enforce a statement that the parties were not able to, and did not, ultimately agree upon is not appropriate.

## CONCLUSION

For the foregoing reasons Continental's Motion in Limine No. 11 should be denied.

Respectfully submitted this 27th day of April, 2006, in Anchorage, Alaska.

DEBORAH M. SMITH
Acting United States Attorney

s/Richard L. Pomeroy
Assistant U.S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
E-mail: richard.pomeroy@usdoj.gov
AK #8906031

s/Richard R. Stone, Sr.
Trial Attorney
U.S. Department of Justice
P.O. Box 888
Benjamin Franklin Station
Washington, D.C. 20044
Phone: (202) 616-4291
Fax: (202) 616-5200 fax
E-mail: richard.stone@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on April 27, 2006,
a copy of the foregoing UNITED STATES'
OPPOSITION TO CONTINENTAL'S
MOTION IN LIMINE NO. 11 RE. STIPULATIONS
Docket No. 263 was served electronically
on Gary A. Zipkin and William Urquhart
and on

Rebecca L. Ross
Ross, Dixon & Bell, LLP
55 West Monroe Street, Suite 3000
Chicago, IL 60603-5758
(312) 759-1920
(312) 759-1939 fax

by U.S. mail

s/ Richard L. Pomeroy