DEBORAH M. SMITH
Acting United States Attorney

RICHARD L. POMEROY
Assistant U.S. Attorney
222 West Seventh Avenue, #9
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
E-mail: richard.pomeroy@usdoj.gov

RICHARD R. STONE, SR.
Trial Attorney
U.S. Department of Justice
P.O. Box 888
Benjamin Franklin Station
Washington, D.C. 20044
Phone: (202) 616-4291
Fax: (202) 616-5200
E-mail: richard.stone@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>THE CONTINENTAL CASUALTY COMPANY, dba THE CONTINENTAL INSURANCE COMPANY,<br><br>Defendant. | Case No. 3:98-cv-285-JWS<br><br>**UNITED STATES' AMENDED RESPONSES TO DEFENDANT'S FIRST SET OF DISCOVERY REQUESTS IN THE PUNITIVE DAMAGES PHASE** |

In accordance with the provisions of the Court's Order at Docket No. 225, Plaintiff, United States of America, hereby amends its answers to Defendant's interrogatories and responds

EXHIBIT A
Page 1 of 8

to Defendant's requests for admission and requests for production in the punitive damages phase as follows:

**REQUEST FOR ADMISSION NO. 1:** Admit that the United States claimed indemnity from Bristol Bay Area Health Corporation ("Bristol") for the Wilson and/or Kallstrom claims after certifying and defending the claims against Bristol under the Federal Tort Claims Act.

**RESPONSE NO. 1:** Admitted.

**INTERROGATORY NO. 1:** Describe in detail any and all claims the United States made or asserted against Bristol, including without limitation all claims of indemnity, since 1988.

**RESPONSE NO. 1:** Though this interrogatory is very broadly written, Plaintiff interprets the Court's order to limit the scope of the interrogatory to the claims for indemnity raised against Bristol Bay in conjunction with this case. Plaintiff has not contacted agencies such as EPA, IRS, BIA, or CMS and its predecessor about claims they may have made over the last 18 years against Bristol.

The United States, relying on the language contained in the contract between Bristol and the United States that provided for Bristol to indemnify the United States for any and all loss because of accident or injury, the United States made an offer to settle its potential contractual indemnity claim against Bristol in a letter to Bristol's counsel, dated February 8, 1999. Bristol tendered this claim to Continental on March 17, 1999. Continental refused Bristol's tender on May 24, 1999. Bristol assigned to the United States whatever claims it may have against

Continental for the denial of coverage and refusal to defend in September, 2001. The assignment has been produced to Continental.

If there have been any claims made by the Indian Health Service in conjunction with the administration of the contract between Bristol and the United States, those documents would have been in the eight boxes of documents that counsel for Continental reviewed on February 9-10, 2006.

**REQUEST FOR PRODUCTION NO. 2:** Produce all documents, including without limitation time records or summaries, that relate to the United States' claim for defense costs for the Wilson and/or Kallstrom claims.

**RESPONSE NO. 2:** A summary of defense costs was provided to the Court and to Defendants, without objection from Continental, in the form of a declaration of AUSA Kenneth Roosa on April 12, 2002. See Docket No. 76, Exhibit 5. Defendants paid this amount, plus interest, to Plaintiff on December 13, 2005.

Time records and summaries prepared by AUSA Roosa were provided to Defendants at the Rule 30(b)(6) deposition of the United States witness, AUSA Susan J. Lindquist, on February 9, 2006.

This issue should be moot in that Continental has paid the fees and costs identified by ASUA Roosa without any reservations of rights to litigate the amount.

//

//

//

U.S. v. Continental
Case No. 3:98-cv-285-JWS                   -3-

EXHIBIT A
Page 3 of 8

**REQUEST FOR PRODUCTION NO. 4:** Produce all communications with, or tenders to, any private insurers related to any claims against 638 providers in Alaska that the United States defended under the Indian Self Determination and Education Assistance Act and the Federal Tort Claims Act, from 1988 to present.

**RESPONSE NO. 4:** These documents were produced on February 9, 2006 in conjunction with Defendant's 30(b)(6) deposition of AUSA Susan J. Lindquist. See Documents US30b6 00001 through 00000087. Many of these documents came from five boxes of archived files that Plaintiff had requested from out of state prior to the Court's Order that limited the scope of the documents that Plaintiff was responsible for searching to those located in the State of Alaska.

**REQUEST FOR ADMISSION NO. 2:** Admit that Bristol provided to the United States Bristol's policy of insurance with The Continental Insurance Company No. HMA 9500643-5, on December 9, 1994 with the letter attached as Exhibit 1.

**RESPONSE NO. 2:** Admitted

**REQUEST FOR ADMISSION NO. 3:** Admit that the United States produced a copy of Bristol's policy No. HMA 9500643-5 with its Rule 26 Initial Disclosures dated April 3, 1995, in <u>Wilson v. United States</u>, No. A94-488 CI (HRH).

**RESPONSE NO. 3:** Admitted.

U.S. v. Continental
Case No. 3:98-cv-285-JWS                        -4-


EXHIBIT A
Page 4 of 8

**INTERROGATORY NO. 3**: Describe in detail all bases for an award of punitive damages in this case.

**ANSWER NO. 3**: The bases for an award of punitive damages in this case are set out in the Court's opinions regarding bad faith, the United States' motion to amend the complaint to include punitive damages, the amended complaint, and the expert report and deposition testimony of Deborah Senn and are hereby incorporated by reference. These bases may be summarized as follows:

Continental failed to provide a prompt and reasonable explanation for its denial of coverage, and deliberately misconstrued the facts around the purchase of coverage;

Continental knowingly allowed a conflicted attorney to represent its interests;

Continental knowingly and deliberately concealed coverage;

Continental repeatedly and deliberately failed to reply to tenders by the United States in both the Wilson and Kallstrom cases;

Continental compelled its insured to litigate for recovery;

Continental failed in its duty to indemnify; and

Continental failed in its duty to defend.

**REQUEST FOR ADMISSION NO. 4**: Admit that no other court in Alaska, other than this court in this case, has ever held that the United States was an additional implied insured on an insurance policy under Alaska law.

**RESPONSE NO. 4**: Admitted.

U.S. v. Continental
Case No. 3:98-cv-285-JWS                    -5-

EXHIBIT A
Page 5 of 8

**REQUEST FOR ADMISSION NO. 5**: Admit that Judge Sedwick in this case held that the United States was not an additional implied insured on Bristol's Insurance policy No. HMA 9500643-5 under Alaska law in his March 28, 2003 opinion.

**RESPONSE NO. 5**: Admit. That opinion was reversed by the Ninth Circuit on October 20, 2004.

**REQUEST FOR ADMISSION NO. 6**: Admit that Judge Kleinfeld, a Ninth Circuit judge who previously practiced law in Alaska, entered a dissenting opinion on October 20, 2004, in which he stated that he would not find that the United States an additional implied insured on Bristol's policy under Alaska law.

**RESPONSE NO. 6**: It is admitted that Judge Kleinfeld entered a dissent to the opinion of the Court of Appeals for the Ninth Circuit that was entered on October 20, 2004 in this case.

**REQUEST FOR PRODUCTION NO. 9**: Produce all documents that concern or pertain to policies, procedures, guidelines and practices concerning (a) when the USA seeks coverage under policies in which it claims it is an additional insured; (b) the handling of a claim against the USA by an insurance carrier, including selection of counsel, determination of settlement and control of positions taken; and (c) the circumstances under which the USA will seek punitive damages.

**RESPONSE NO. 9**: There are no documents that are responsive to this request that are not protected by the deliberative process/attorney work product privilege. This claim of privilege

U.S. v. Continental
Case No. 3:98-cv-285-JWS                        -6-



EXHIBIT A
Page 6 of 8

was previously asserted and explained in conjunction with the Defendant's 30(b)(6) deposition on February 17, 2006 of U. S. Department of Justice, Civil Division, Federal Tort Claims Act Branch Assistant Director Paul Figley.

**REQUEST FOR PRODUCTION NO. 16:** Produce all documents that concern or pertain to all actions relating to the Kallstrom claims, including the decision to bring claims against Mrs. Kallstrom and all defense activities relating to those claims after the tender to CIC in October 2001.

**RESPONSE NO. 16.** Documents that were filed in the district court, the circuit court, and the Alaska Supreme Court, and miscellaneous associated correspondence, are in the possession of the defendants and will not be produced again unless specifically requested. Continental's counsel have repeatedly asserted to counsel that they do not seek documents that have been previously produced. The United States has been unable to find any additional unprivileged documents.

//
//
//
//
//
//
//
//

U.S. v. Continental
Case No. 3:98-cv-285-JWS

EXHIBIT A
Page 7 of 8

Respectfully requested this 15th day of March, 2006, in Anchorage, Alaska.

DEBORAH M. SMITH
Acting United States Attorney

s/Richard L. Pomeroy
Assistant U.S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
E-mail: richard.pomeroy@usdoj.gov
AK #8906031

s/Richard R. Stone, Sr.
Trial Attorney
U.S. Department of Justice
P.O. Box 888
Benjamin Franklin Station
Washington, D.C. 20044
Phone: (202) 616-4291
Fax: (202) 616-5200 fax
E-mail: richard.stone@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on March 15, 2006,
a copy of the foregoing UNITED STATES'
AMENDED RESPONSES TO DEFENDANT'S
FIRST SET OF DISCOVERY REQUESTS
IN THE PUNITIVE DAMAGES PHASE
was served electronically on Gary A. Zipkin
and William Urquhart, and via U.S. mail on

Rebecca L. Ross
Ross, Dixon & Bell, LLP
55 West Monroe Street, Suite 3000
Chicago, IL 60603-5758

s/ Richard L. Pomeroy