```
0001
 1    S44241
 2
 3          IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF ALASKA
 4
 5    UNITED STATES OF AMERICA,    )
                                   )
 6                  Plaintiff,     )
                                   )
 7           vs.                   ) Case No.
                                   ) A98-285CV (JWS)
 8    CNA FINANCIAL CORPORATION    )
      and THE CONTINENTAL CASUALTY )
 9    COMPANY, dba THE CONTINENTAL )
      INSURANCE COMPANY,           )
10                                 )
                  Defendants.      )
11
12          Deposition of Crystal Brown, called as a
13    witness by the Plaintiff, pursuant to the
14    provisions of the Federal Rules of Civil
15    Procedure pertaining to the taking of
16    depositions, before Joanne E. Ely, C.S.R.,
17    R.P.R., a Notary Public in and for the County
18    of Kane, State of Illinois, taken in the Law
19    Offices of Sehr, Cortner, McNaboe, Colliau &
20    Jordan, 200 South Wacker Drive, Chicago,
21    Illinois, on the 9th day of May, A.D. 2001, at
22    the hour of 9:05 a.m.
23
24
0002
 1    PRESENT:
 2         UNITED STATES DEPARTMENT OF JUSTICE, by
 3         MR. RICHARD R. STONE, SR.,
 4         Federal Building and U.S. Courthouse
           222 West Seventh Avenue, #9
 5         Anchorage, Alaska  99513-7567
           (907) 271-5071
 6
              appeared on behalf of the Plaintiff; and
 7
           LANE, POWELL, SPEARS & LUBERSKY, L.L.P., by
 8
           MR. JOHN R. NEELEMAN,
 9
           Suite 4100
10         1420 Fifth Avenue
           Seattle, Washington 98101-2338
11         (206) 223-6241
12            appeared on behalf of the Defendants.
13
14    ALSO PRESENT:
15         MS. BETH ANN BERGER-ZERMAN,
16
17
```

EXHIBIT D
Page 1 of 3

```
0077
  1         strike that.
  2               Who is the insured -- strike that.
  3               Who is the party that is identified as
  4         an insured in the policies at issue in this
  5         case?
  6               MR. STONE:  Objection; the policy
  7         speaks for itself, and the law applicable
  8         speaks for it.
  9   BY MR. NEELEMAN:
 10   Q     Well, let me ask it this way.  I'll ask you to
 11         assume that Bristol Bay Area Health
 12         Corporation was a party that was identified in
 13         the policy as a named insured.  I think we can
 14         agree on that.
 15               What's your understanding as to whether
 16         Continental Insurance Company provided any
 17         kind of insurance whatsoever related to the
 18         Wilson claim in this case?
 19   A     We, under our policy, would have a duty to
 20         defend any claims brought, but not
 21         necessarily, depending on the case, a duty to
 22         indemnify.
 23   Q     Can you explain to us how -- I believe you had
 24         described this as what you characterized as
```

EXHIBIT D
Page 2 of 3

Brown, Crystal 05/09/2001                                Page 77

```
0078
 1           sleep insurance; is that what you said?
 2    A      Yes.
 3    Q      Can you explain to us how BBAHC's desire to
 4           obtain these policies as sleep insurance might
 5           affect the decision of whether or not to
 6           include an exclusion for the Federal Tort
 7           Claims Act?
 8    A      Well, Bristol Bay would want us to possibly
 9           defend them if a suit was brought, but we
10           would not be indemnifying anything that the
11           FTCA would be covering.
12                So that's even more reason why they
13           would not have wanted a specific exclusion for
14           that purpose because that would negate any
15           defense that we could afford to them.
16    Q      Including any defense based on the FTCA?
17    A      Right, yes.
18                MR. NEELEMAN: That's all I have.
19    BY MR. STONE:
20    Q      If an employee of BBAHC is insured under the
21           policy, and your company's intent was to
22           exclude acts of that employee occurring in a
23           particular capacity, then you would have to
24           write an endorsement or in some way state that
```

EXHIBIT D
Page 3 of 3

Brown, Crystal 05/09/2001                                      Page 78