Gary A. Zipkin, Esq.
Guess & Rudd P.C.
510 L Street, Suite 700
Anchorage, AK  99501
Phone:   (907) 793-2200
Fax:      (907) 793-2299
E-mail:   gzipkin@guessrudd.com

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>THE CONTINENTAL )<br>CASUALTY COMPANY d/b/a )<br>THE CONTINENTAL INSURANCE )<br>COMPANY, )<br>)<br>Defendant. )<br>_____ ) | Case No. 3:98-cv-285-JWS |

DEFENDANTS' REPLY IN SUPPORT OF MOTION IN
LIMINE NO. 1 TO EXCLUDE EVIDENCE OR ARGUMENT
RELATING TO ALLEGED BAD ACTS FROM OTHER CASES

Although the Government calls its filing at Docket 325 an "opposition" to defendants' Motion in Limine No. 1, the Government does not oppose any of defendants' arguments and says that it "had not intended" to introduce the evidence addressed in defendants' motion.  Dkt. 325 at 2.  As it is effectively unopposed, defendants' motion should be granted.

USA v. Continental; Case No. 3:98-cv-285-JWS
Defendants' Reply in Support of Motion in Limine No. 1
Page 1 of 4

While the Government does not oppose the relief requested by defendants, it does ask the court to preclude the introduction of <u>other</u> evidence in its opposition, treating the opposition as though it were a motion. In particular, the Government requests that defendants be precluded from:

1. "attempting to introduce evidence that bolsters Continental's reputation for a lack of unfavorable decisions,"

2. "pointing out the failure of the United States to present evidence of similar practices by Continental," and

3. "arguing that Continental has not been found liable for bad faith or punitive damages in other cases."

<u>Id</u>. Continental does not intend to introduce evidence of its general reputation for "a lack of unfavorable decisions" or a lack of bad faith, and therefore the first and third of these requests are unobjectionable. However, the Government has not moved for any affirmative relief and the court should not enter an order based on the Government's opposition brief requests. Traditional opening-the-door principles, which can be addressed at trial, will fully protect the Government. If defendants do introduce evidence of their good faith in other cases, the Government would then (and only then) be entitled to introduce appropriate rebuttal evidence.

The Government's second request fares differently. Defendants certainly do intend, and are entitled, to show the jury that <u>there is no evidence</u> that Continental committed practices like the practices at issue in this case in other cases. A well-established factor bearing on the reprehensibility of a defendant's conduct is whether "the conduct involved repeated

USA v. Continental; Case No. 3:98-cv-285-JWS
Defendants' Reply in Support of Motion in Limine No. 1
Page 2 of 4

actions or was an isolated incident." State Farm v. Campbell, 538 U.S. 408, 419 (2003); see BMW of North America, Inc. v. Gore, 517 U.S. 559, 577 (1996) ("a recidivist may be punished more severely than a first offender").  Therefore, defendants acknowledged in their motion that "'a previous example of the same conduct' may be admissible to show recidivism".  Dkt. 249 at 3 (quoting Williams v. ConAgra Poultry Co., 378 F.3d 790, 797 (8th Cir. 2004)).  By the same token, the fact that there are no previous examples of the same conduct (because the implied insurance question at issue in this case was unique and novel) is clearly relevant to show a lack of recidivism.  State Farm, 538 U.S. at 423; Gore, 517 U.S. at 577; Williams, 378 F.3d at 797.  Even if the Government could request affirmative relief in its opposition -- which it cannot do -- the court should not preclude defendants from showing the jury that Continental never committed the transgressions it has been held to have committed in this case anywhere else.

Accordingly, the court should grant defendants' motion in its entirety, and should also deny the relief requested by the Government in its opposition brief.

DATED at Anchorage, Alaska, this 8th day of May, 2006.

GUESS & RUDD P.C.
Attorneys for Defendant

By:        S/Gary A. Zipkin
    Guess & Rudd P.C.
    510 L Street, Suite 700
    Anchorage, Alaska  99501
    Phone: 907-793-2200
    Fax:   907-793-2299
    Email: gzipkin@guessrudd.com
    Alaska Bar No. 7505048

USA v. Continental; Case No. 3:98-cv-285-JWS
Defendants' Reply in Support of Motion in Limine No. 1
Page 3 of 4

                QUINN EMANUEL URQUHART
                  OLIVER & HEDGES, LLP
                Attorneys for Defendant


By:    S/A. William Urquhart
       Quinn Emanuel Urquhart
        Oliver & Hedges, LLP
       865 South Figueroa Street, 10th Floor
       Los Angeles, CA 90017
       Phone: 1-213-443-3000
       Fax: 1-213-443-3100
       Email: billurquhart@quinnemanuel.com

F:\data\6024\1\pleading\110 Reply Mtn Lim #1.DOC

CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of May, 2006, a copy of the foregoing document was served electronically on:

Richard L. Pomeroy, Esq.
Christopher Tayback, Esq.
A. William Urquhart, Esq.
Richard Stone, Esq.

Guess & Rudd P.C.


By:    S/Gary A. Zipkin

USA v. Continental; Case No. 3:98-cv-285-JWS
Defendants' Reply in Support of Motion in Limine No. 1
Page 4 of 4