Gary A. Zipkin, Esq.
Guess & Rudd P.C.
510 L Street, Suite 700
Anchorage, AK  99501
Phone:      (907) 793-2200
Fax:         (907) 793-2299
E-mail:     gzipkin@guessrudd.com

Attorneys for Defendant


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA


| | |
|---|---|
| UNITED STATES OF AMERICA,  ) | |
| )   | |
| Plaintiff,  ) | |
| )   | |
| vs.  ) | |
| )   | |
| THE CONTINENTAL  ) | |
| CASUALTY COMPANY d/b/a  ) | |
| THE CONTINENTAL INSURANCE  ) | |
| COMPANY,  ) | Case No. 3:98-cv-285-JWS |
| )   | |
| Defendant.  ) | |
| ————————————————————) | |


DEFENDANTS' REPLY IN SUPPORT OF MOTION IN
LIMINE NO. 3 TO EXCLUDE EVIDENCE OR ARGUMENT
RELATING TO THE COURT'S PRIOR BAD FAITH RULINGS

This motion presents two distinct issues for the court to resolve:  whether the jury

should be told that the court has found bad faith as a matter of law, and which of the court's prior

statements are binding.  The answer to the second question is, we submit, both intuitive and

dictated by controlling law.  Contrary to the Government's apparent belief, not every statement

made in a memorandum summary judgment ruling binds the jury.  While the answer to the first

USA v. Continental; Case No. 3:98-cv-285-JWS
Defendants' Reply in Support of Motion in Limine No. 3
Page 1 of 10

question is perhaps less obvious, it too becomes clear upon a thorough analysis.  A finding of bad faith has literally no probative value on the question of outrageousness.

    1.    <u>The court should preclude references to its bad faith finding</u>.

        The Government makes three points in its opposition on this argument, none of which is valid.  Rather, they are straw men the Government sets up because it cannot (and does not) explain why the court's bad faith ruling is actually relevant or probative on the jury issue.

        First, the Government claims that "it is simply not arguable that a proven <u>act</u> of bad faith cannot be included in the jury's punitive damages deliberations."  Dkt. 320 at 6 (emphasis added); <u>see</u> <u>id</u>. at 5 (the Government arguing that "the jury may also look to the already proven underlying acts"); <u>id</u>. at 3 (the Government arguing that there "is no legal or logical reason that bad faith acts already established as a matter of law should be excluded").  These arguments conflate two very different things:  (1) Continental's underlying conduct, and (2) the court's ruling that Continental acted in bad faith.  No one is arguing here that Continental's underlying actions are inadmissible.  To the contrary, the aspects of Continental's conduct that bear on its decision to reject the Government's tender should be put before the jury.  However, the court's <u>ruling</u> that Continental acted in bad faith is a different animal.  Unless the fact of that ruling is itself probative (and it is not), evidence of the ruling -- as opposed to Continental's underlying conduct -- should be precluded.

        The Government's second point is that an exclusion order would "effectively render meaningless this court's bad faith rulings."  Dkt. 320 at 10.  That makes no sense at all.  The court's bad faith ruling would be "meaningful" even if this case never reached a jury on

USA v. Continental; Case No. 3:98-cv-285-JWS
Defendants' Reply in Support of Motion in Limine No. 3
Page 2 of 10

punitive damages.  Because of that bad faith ruling, Continental will be liable to the Government for millions of dollars beyond its policy limits once judgment is entered.  The court's rulings have independent significance even if they are not prejudicially used as evidence to support an additional award of punitive damages.

Last, the Government says that granting this motion would "allow Continental to once again argue to another forum that its conduct was not in bad faith."  Dkt. 320 at 10.  That is also a red herring.  As defendants made clear in their motion, "defendants do not intend to argue that they did not act in bad faith."  Dkt. 253 at 6.  The point is, given the unique procedural circumstances of this case, the court's bad faith ruling is legally irrelevant to the question whether defendants acted outrageously.  Defendants have no reason to talk about bad faith at all when the issue for the jury is outrageousness.  Some entity -- either the jury or the court -- needed to find bad faith before outrageousness and punitive damages could even become an issue.  Now that bad faith has been found, outrageousness is the issue.  The fact that court found bad faith is not probative on that issue.

At the same time, the potential for undue prejudice and confusion of the issues is rather obvious when one really thinks about it.  If the Government tells the jury that the court found as a matter of law that Continental acted in bad faith -- and certainly if the Government's lawyers add (as they likely will) that they have never even seen such a ruling before (or make some other similarly inflammatory remark) -- the jury naturally will presume that Continental must have done something very wrong -- after all, the court said so.  Even the Government admits that admission of "this court's findings that Continental acted in bad faith will be prejudicial".  Dkt. 320 at 10 (emphasis added).  While the Government says that prejudice is

USA v. Continental; Case No. 3:98-cv-285-JWS
Defendants' Reply in Support of Motion in Limine No. 3
Page 3 of 10

proper and not "undue," it provides no authority for that proposition, nor even an argument (other than its red herring "otherwise, such bad faith findings are meaningless" argument). <u>Id</u>. Just as a <u>ruling</u> on coverage is irrelevant to the issue of bad faith, see Dkt. 253 at 4-5 (collecting authorities), a <u>ruling</u> on bad faith is irrelevant to the issue of outrageousness.

The Government speaks strongly in its briefs about how egregiously it thinks Continental has acted in this case.  If that is true (we think otherwise), the Government will have no difficulty persuading the jury that Continental acted outrageously <u>through the introduction of evidence of Continental's underlying conduct</u>.  The Government, however, wants the court to put its thumb on the scale by explaining to the jury, or permitting the Government to show the jury, that the court has already addressed Continental's conduct and concluded that it was unreasonable.  There is no reason for the jury to know that the court has found bad faith -- it can fully do its job without that knowledge.  The court should preclude references to its bad faith ruling.[1]

---

[1] Notably, near the end of its presentation, the Government argues that the "mere <u>act</u> of <u>issuing</u> [the court's bad faith order] is relevant to whether Continental's failure to accept the <u>Kallstrom</u> retender was outrageous." Dkt. 320 at 9. While not meritorious, the Government's assertion at least reveals that it understands what is at stake in this motion and that it knows its arguments about being allowed to refer the jury to "proven underlying acts" are off point.  The Government's argument that it needs to be able to refer to the Court's bad faith order to substantiate its <u>Kallstrom</u> retender claim fails for several reasons.  First, as discussed at length elsewhere, the Government does not have a viable claim as to the <u>Kallstrom</u> retender for a number of reasons.  Even if it did, the only fact about the Court's prior rulings that the Government could possibly need to introduce is the fact that the Court issued a ruling <u>on</u> <u>coverage</u> -- a ruling holding that the United States was an implied insured under Bristol Bay's policy.  The fact that the Court also found bad faith adds nothing.  Any marginal probative value is certainly outweighed by the inevitable prejudice and confusion admission of the court's bad faith ruling would cause.

USA v. Continental; Case No. 3:98-cv-285-JWS
Defendants' Reply in Support of Motion in Limine No. 3
Page 4 of 10

2.    <u>The Government misapprehends the law of the case</u>.

As defendants explained in their motion and at length in their opposition brief at Docket 306, miscellaneous observations made by the court in its summary judgment rulings are not binding as law of the case because the law of the case doctrine does not apply to either facts or dicta.  The Government does not dispute that factual observations and dicta are <u>not</u> subject to the law of the case doctrine.  The Government also does not dispute that any nonbinding observations made by the court in its summary judgment rulings are irrelevant (since they are not binding) and cannot be shown to the jury.  Therefore, the court's only task here is to decide what constitutes law of the case and what does not.  The court should preclude the Government from showing the jury any aspects of its prior orders that are not binding as law of the case.

The Government makes only one point in its opposition -- that the law of the case doctrine applies not only to express rulings but also to any rulings that, though not explicit, were previously decided "by necessary implication".  Dkt. 320 at 12 (citing <u>Milgard Tempering, Inc. v. Seals Corp. of America</u>, 902 F.2d 703, 715 (9th Cir. 1990)).  That is true but largely irrelevant.

The "by necessary implication" principle does not significantly expand the law of the case doctrine.  Rather, that principle only applies when a party contends that a court previously decided an issue without explicitly saying so.  <u>See</u> <u>Milgard Tempering</u>, 902 F.2d at 715 (addressing whether previous decisions established that a contractual clause "provided for attorney's fees for any prevailing party" even though the decisions did not "specifically address[]" the issue).  Further, the principle only applies to determinations that are "necessary" to a court's ultimate conclusion -- unnecessary determinations are never binding as law of the case.  <u>Id.</u> at 716.  And, whether the issue is a court's explicit statements or implicit conclusions, it

USA v. Continental; Case No. 3:98-cv-285-JWS
Defendants' Reply in Support of Motion in Limine No. 3
Page 5 of 10

remains true (and the Government does not dispute) that the law of the case doctrine applies <u>only</u> to legal conclusions -- factual determinations are never binding as law of the case. <u>See</u> <u>Pincus v.</u> <u>Pabst Brewing Co.</u>, 752 F. Supp. 871, 875 (E.D. Wis. 1990) (because "the 'law of the case' doctrine only applies to determinations of questions of law, not questions of fact," and the "amount of damages in an action is not a legal conclusion, but a finding of fact guided by legal concept," a prior discussion of the amount of damages was not the law of case); <u>see</u> <u>also</u> <u>Adams</u> <u>v. United States</u>, 255 F.3d 787, 797 (9th Cir. 2001) (court erred in treating facts set forth in summary judgment ruling as binding because "there is no such thing as a finding of fact on summary judgment").

           As defendants explained at length in their opposition at Docket 306, and as the court has previously observed, three substantive legal conclusions or holdings are binding in this case as of today:  (1) "the United States was an implied additional insured," (2) "Continental acted in bad faith in declining to defend and indemnify the United States," and (3) "the United States was entitled to recovery damages in excess of the policy limits" because of Continental's ostensible bad faith.  Dkt. 306 at 3 (quoting the Court at Docket 166 at 11).  In light of the standards the court applied, the conclusions that Continental "lacked a reasonable basis for denying benefits of the policy" and either "had knowledge that no reasonable basis existed to deny the claim or acted in reckless disregard for the lack of a reasonable basis for denying the claim" were implicit in the court's bad faith ruling.  Dkt. 306 at 15 (quoting the court at Docket 61 at 10).  However, no other legal conclusions have been necessarily reached in this case, whether expressly or by implication, and the court's conclusions on reasonableness are irrelevant to the jury issue as set forth in Section I.

USA v. Continental; Case No. 3:98-cv-285-JWS
Defendants' Reply in Support of Motion in Limine No. 3
Page 6 of 10

Relying on <u>Avi-Truck</u>'s facial requirement of intent, the Government makes the wholly circular argument that the court's and the Ninth Circuit's rulings must have impliedly found that the United States was "within the class intended to be benefitted by the parties" given their conclusion that the Government was an implied insured.  Dkt. 320 at 13.  However, the Government cites no authority supporting its apparent proposition that <u>factual observations</u> underlying a court's legal rulings are themselves binding under law of the case doctrine. Necessary but implicit <u>legal</u> conclusions (at least arguably like the conclusion that Continental "lacked a reasonable basis for denying benefits of the policy") may be binding under the "by necessary implication" principle, but subsidiary <u>factual</u> determinations (like the Ninth Circuit's putative determination that the contracting parties intended to benefit the Government) are never binding as law of the case.

Further, the Government's argument wrongly assumes that the Ninth Circuit implicitly decided the actual intent issue -- it did not.  While <u>Avi-Truck</u> <u>appears</u> to require a finding that the contracting parties actually intended to benefit a third party or its class before an additional insured can be implied -- that is certainly what Continental, Mr. Friderici and Judge Stowers all believed -- the Ninth Circuit ruled on appeal that the "determinative question in deciding whether to apply the implied insured doctrine is whether the risk undertaken by the insurer would be affected by implying an additional insured."  133 Fed. Appx. 205, 206 (9th Cir. 2004).  The Ninth Circuit reversed this court on coverage because it determined that "Continental's risk would not be broadened by implying the United States as an additional insured beneficiary," not because it found actual intent.  <u>Id</u>. at 207.  Thus, while it is law of the case that the Government was an implied insured, it is neither law of the case nor true that

USA v. Continental; Case No. 3:98-cv-285-JWS
Defendants' Reply in Support of Motion in Limine No. 3
Page 7 of 10

Continental and Bristol Bay actually intended to benefit the Government.  See Vaughn v. Ricketts, 950 F.2d 1464, 1468 (9th Cir. 1991) (rejecting appellants' contention that "since they prevailed on the issue of liability, it follows that their allegations were true" because "appellants did not necessarily prove all of their allegations").[2]

In all events, as the Government does not dispute that nonbinding judicial observations are irrelevant and cannot be shown to the jury, the court should preclude the Government from relying on any aspects of the court's prior orders or the Ninth Circuit's opinion that are not binding as law of the case.[3]

## Conclusion

For the foregoing reasons, the court should preclude the Government and its witnesses from referring in any way to its prior bad faith ruling.  The court should also preclude the Government from introducing, displaying or otherwise referencing any aspects of the court's prior orders or the Ninth Circuit's opinion, except that the jury may be told (as discussed at Docket 306) that (1) the United States has been held in this case to have been an implied insured under insurance policy No. HMA 9500648-5 between Bristol Bay and Continental Insurance,

---

[2]  In any case, even if findings of fact could be binding as "law" of the case, and even if there was a prior finding of actual intent, that finding of intent is not binding because clearly erroneous decisions are not binding as law of the case.  Milgard Tempering, 902 F.2d at 715.  As shown in defendants' motion for partial summary judgment on punitive damages, there is literally no evidence that the parties actually intended to benefit the United States -- to the contrary, all the available evidence indicates that Continental and Bristol Bay did not intend to benefit the United States.  Dkt. 231 at 11-13.

[3]  The issue regarding the effect of the court's tentative September 4, 2001 ruling appears to be moot.  Since it is undisputed that unnecessary factual observations in the court's final order cannot be shown to the jury, it is beyond dispute that unnecessary factual observations in the court's preliminary order also cannot be shown to the jury.

USA v. Continental; Case No. 3:98-cv-285-JWS
Defendants' Reply in Support of Motion in Limine No. 3
Page 8 of 10

and (2) the court has ordered that the United States is entitled to recover the full amount of its settlement with the Wilsons, even in excess of policy limits.

DATED at Anchorage, Alaska, this 8th day of May, 2006.

GUESS & RUDD P.C.
Attorneys for Defendant

By: _____S/Gary A. Zipkin_____
        Guess & Rudd P.C.
        510 L Street, Suite 700
        Anchorage, Alaska 99501
        Phone: 907-793-2200
        Fax: 907-793-2299
        Email: gzipkin@guessrudd.com
        Alaska Bar No. 7505048

QUINN EMANUEL URQUHART
  OLIVER & HEDGES, LLP
Attorneys for Defendant

By: ____S/A. William Urquhart_____
        Quinn Emanuel Urquhart
         Oliver & Hedges, LLP
        865 South Figueroa
        Street, 10th Floor
        Los Angeles, CA 90017
        Phone: 1-213-443-3000
        Fax: 1-213-443-3100
        Email: billurquhart@quinnemanuel.com

F:\data\6024\1\pleading\105 Reply Mtn Lim #3.DOC

USA v. Continental; Case No. 3:98-cv-285-JWS
Defendants' Reply in Support of Motion in Limine No. 3
Page 9 of 10

CERTIFICATE OF SERVICE

I hereby certify that on the
8th day of May, 2006, a copy
of the foregoing document was served
electronically on:

Richard L. Pomeroy, Esq.
Christopher Tayback, Esq.
A. William Urquhart, Esq.
Richard Stone, Esq.

Guess & Rudd P.C.


By: <u>S/Gary A. Zipkin</u>

USA v. Continental; Case No. 3:98-cv-285-JWS
Defendants' Reply in Support of Motion in Limine No. 3
Page 10 of 10