Gary A. Zipkin, Esq.
Guess & Rudd P.C.
510 L Street, Suite 700
Anchorage, AK  99501
Phone:    (907) 793-2200
Fax:       (907) 793-2299
E-mail:   gzipkin@guessrudd.com

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,                )<br>                                                              )<br>                          Plaintiff,            )<br>                                                              )<br>vs.                                                         )<br>                                                              )<br>THE CONTINENTAL                            )<br>CASUALTY COMPANY d/b/a              )<br>THE CONTINENTAL INSURANCE     )<br>COMPANY,                                          )       Case No. 3:98-cv-285-JWS<br>                                                              )<br>                          Defendant.           )<br>_____)  | |

DEFENDANTS' REPLY IN SUPPORT OF MOTION IN LIMINE NO. 4
(DOCKET 255) TO EXCLUDE EVIDENCE OR ARGUMENT
<u>REGARDING DEFENDANTS' LITIGATION ASSERTIONS OR CONDUCT</u>

As part of its continuing attempt to make this case about everything but Continental's decision to reject the Government's tender, the Government says it should be permitted to discuss the way this case has been litigated for the past eight years.  However, the Government does not even mention, let alone distinguish, the numerous authorities cited in

<u>USA v. Continental</u>; Case No. A98-285 CV (JWS)
Defendants' Reply in Support of Motion in Limine No. 4
Page 1 of 6


defendants' motion which logically hold that evidence of "purportedly bad faith litigation tactics" is inadmissible as a matter of law.  Dkt. 255 at 3 (citing Nies v. National Auto. and Casualty Ins. Co., 199 Cal. App. 3d 1192, 1200 (1988)).  Nor does the Government offer any authorities, or even a cogent argument, why defendants' litigation positions are somehow relevant.

The Government's own opposition briefs reveal the need for a preclusion order.  In its opposition at Docket 327, the Government says that Continental Casualty should not have moved for dismissal and that defendants' briefs – which obviously are written by counsel – "have been riddled with misrepresentations, half truths and arguments unsupported by the law and facts."  Dkt. 327 at 3.  In its opposition brief at Docket 322, the Government argues that defendants have not engaged in "mere zealous advocacy" and says that defendants have prepared a brief (we confess we have no idea what brief the Government is talking about) that "again ignores the Avi Truck analysis."  Dkt. 322 at 3.  It is precisely because the Government intends to discuss these matters in front of the jury that this motion should be granted.  These matters have absolutely no probative value, and their undue prejudice is obvious.  Jurors might not know, for example, that Continental Casualty has an absolute right to move for summary judgment.  To permit the jury to punish Continental Casualty for making what the jury perceives to be a bad faith motion for summary judgment (query how the jury is supposed to make that determination) would be ridiculous.[1]

---

[1]  As set forth in defendants' Motion in Limine No. 2 at Docket 251 and reply in support thereof, it is effectively undisputed that only evidence that bears on the bad faith claim actually being litigated is admissible.  Continental's

Permitting the introduction of evidence of purported bad faith litigation conduct would also turn this entire trial into a circus show. The Government says defendants' briefs contain misrepresentation and half truths. We believe the Government's briefs contain misrepresentations and half truths. See, e.g., Dkt. 332 at 4 n.2 (listing misrepresentations made by the Government in their brief in opposition to defendants' motion for partial summary judgment on punitive damages, including the Government's persistent misrepresentation that no court has ever said that Continental did not have a duty to defend). If the Government introduces evidence about things like statements in defendants' briefs, defendants will have no choice but to introduce the Government's briefs to show the jury that all lawyers take aggressive positions at times – that is just the way litigation works. Mini-trials on litigation statements and conduct could take days. Thus, not only is evidence of alleged litigation misconduct irrelevant and prejudicial, its introduction would also be time consuming and wasteful.

Finally, as discussed in defendants' motion, there is already a mechanism in Alaska to deal with bad faith litigation conduct where it exists. See Ak. R. Civ. P. 82(b)(3) (courts can vary awards of attorneys fees in light of "vexatious or bad faith conduct"); Reid v. Williams, 964 P.2d 453, 463 (Alaska 1998) ("Rule 82 already provides protection for the winning litigant who is forced to response to an opponent's excessive efforts or bad faith litigation tactics."). In light of this statutory remedy, there is absolutely no reason to permit the

---

litigation conduct has nothing to do with its rejection of the Government's pre-litigation tenders, which is what the Government's bad faith claim addresses.

Government to prejudice defendants, distract the jury and prolong the trial by introducing evidence about statements in briefs. Like the other authorities cited by defendants, the Government simply ignores this point as well.

The court should grant this motion in its entirety.[2]

DATED at Anchorage, Alaska, this 8th day of May, 2006.

        GUESS & RUDD P.C.
        Attorneys for Defendant

        By:     S/Gary A. Zipkin
            Guess & Rudd P.C.
            510 L Street, Suite 700
            Anchorage, Alaska  99501
            Phone: 907-793-2200
            Fax:  907-793-2299
            Email: gzipkin@guessrudd.com
            Alaska Bar No. 7505048

        QUINN EMANUEL URQUHART
          OLIVER & HEDGES, LLP
        Attorneys for Defendant

---

[2] The Government disingenuously asserts that defendants do not provide enough "concrete examples" of the type of evidence they seek to exclude in this motion. Dkt. 327 at 2. Defendants seek to exclude exactly the type of evidence the Government discusses in its oppositions at Dockets 327 and 322. We do not believe there has been any litigation misconduct, but, in any case, that is not the issue for the jury.

The Government also sets up a straw man when it implies that this motion would preclude evidence of defendants' response to the Kallstrom retender. While defendants do not believe evidence about the Kallstrom retender is relevant, that obviously is not the type of litigation conduct covered by this motion. There is nothing "vague and ambiguous" (as the Government contends) about the phrase "improper litigation tactics".

By:    S/A. William Urquhart
Quinn Emanuel Urquhart
 Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA  90017
Phone: 1-213-443-3000
Fax:   1-213-443-3100
Email: billurquhart@quinnemanuel.com

<u>CERTIFICATE OF SERVICE</u>
I hereby certify that on the
8th day of May, 2006, a copy
of the foregoing document was served
electronically on:

Richard L. Pomeroy, Esq.
Christopher Tayback, Esq.
A. William Urquhart, Esq.
Richard Stone, Esq.

Guess & Rudd P.C.


By:      S/Gary A. Zipkin

F:\DATA\6024\1\Pleading\108 Reply Mtn Lim #4.doc