DEBORAH M. SMITH
Acting United States Attorney

RICHARD L. POMEROY
Assistant U.S. Attorney
222 West Seventh Avenue, #9
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
E-mail:  richard.pomeroy@usdoj.gov

RICHARD R. STONE, SR.
Trial Attorney
U.S. Department of Justice
P.O. Box 888
Benjamin Franklin Station
Washington, D.C.  20044
Phone: (202) 616-4291
Fax: (202) 616-5200
E-mail:  richard.stone@usdoj.gov

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     v.<br><br>THE CONTINENTAL CASUALTY COMPANY, dba THE CONTINENTAL INSURANCE COMPANY,<br><br>          Defendant. | Case No. 3:98-cv-285-JWS<br><br>**UNITED STATES' REPLY TO CONTINENTAL'S COMBINED OPPOSITION AT DOCKET 306 TO MOTIONS TO HAVE FACTS AND ISSUES READ TO JURY AT DOCKETS 247 AND 248** |

## INTRODUCTION

As required by Federal Rule of Civil Procedure 56(d), plaintiff United States has moved

the Court to permit the reading to the jury of the undisputed facts that form a basis for the partial

summary judgments in this case.  Dkt. 248.  Additionally, plaintiff has moved to have the issues

already decided on summary judgment also read to the jury.  Dkt. 247.

Continental criticizes the United States for asking the Court to permit the jury to know

"'the facts that appear without substantial controversy',," and that have been relied on by the

Court in reaching conclusions at summary judgment.  Dkt. 306 at 2 and 4.  It contends that "the

U.S.A. never asked the court to specify facts that appear without substantial controversy under

Rule 56(d), and the court never did so."  Dkt. 306 at 2.  Continental does not, however, contend

that the facts are disputed except in three minor and inconsequential instances that will be

discussed below.  Further, the very motion at docket 248 that Continental responds to in docket

306 requests a Rule 56(d) order, stating that facts "that appear without substantial controversy . .

. [u]pon the trial of the action . . . shall be deemed established and the trial shall be conducted

accordingly."  (Emphasis added.)  Dkt. 248 at 2, quoting Fed. R. Civ. P. 56(d).

The facts cited at docket 248 are established in this case, are undisputed, form the bases of

the Court's opinions, and satisfy Rule 56(d).  Continental does not demonstrate that any

substantial controversy exists regarding those facts.  See Dkt. 306.  Consequently, they should be

read to the jury.  The issues that also have been decided either explicitly or implicitly, that

amount to holdings, and are necessarily decided in reaching holdings, also should be read to the

jury as "law of the case" and in accordance with Rule 56(d).  See Dkt. 247; Milgard Tempering

v. Selas Corp. of America, 902 F.2d 703, 715 (9th Cir. 1990) (For "law of the case" doctrine to

apply "the issue in question must have been 'decided explicitly or by necessary implication in

[the] previous disposition'," quoting Liberty Mut. Ins. Co. v. E.E.O.C., 691 F.2d 438, 441 (9th

Cir. 1982)).

## ARGUMENT

### 1.    FACTS

Continental contends that the United States has no right to have the facts that satisfy Rule

56(d)  read to the jury, because:

> While the court made a number of factual observations in its preliminary and final
> orders granting the U.S.A.'s motion[s for partial summary judgment], <u>those
> observations do not represent 'findings of fact' as if issued after a bench trial</u> and are
> not 'established in this case' as the U.S.A. contends.

(Emphasis added.)  Dkt. 306 at 2-3.  Rule 56(d) does not require that the Court's findings be

treated as if a bench trial had occurred.  The rule is part of the summary judgment rule.  There

cannot be any genuine issue as to any material fact that must be addressed by the court if there is

any expectation of summary judgment.  Fed. R. Civ. P. 56(c).  Consequently "findings of fact,"

that have to be determined at trial are not at issue here.  The facts that the United States has

presented for reading to the jury are "undisputed" and "without substantial controversy."  Dkt.

57 at 2-24.  Nowhere in Continental's opposition does it contend, nor can it, that any material

facts are disputed.  It does raise as disputed three inconsequential facts that are addressed <u>infra</u>.

See Dkt. 306 at 12-13, nn 4, 5 and 6.

Continental cites to the unpublished opinion <u>Asberry v. City of Sacramento</u>, 156 Fed.

Appx. 889, 890 (9th Cir. 2005) ("Facts that a district court finds to be undisputed for purposes of

*summary judgment* are not undisputed for *all purposes* <u>unless the procedures for summary

adjudication of facts in Rule 56(d) are followed</u>."  (Emphasis added) (Italics in original)).[1]

---

[1]       Continental continually improperly cites unpublished cases as here.
Consequently, on this issue Continental cites no precedential authority.

Beyond the fact that <u>Asberry</u>  has no precedential value, it is also not like the instant case.  In

<u>Asberry</u>, "[t]he effect of telling the jury that the parties agreed to these "undisputed" facts, and

giving the stipulation instruction which applies when parties <u>agree</u> as well as when they <u>stipulate</u>

to the existence of a fact, was to withdraw those "undisputed" facts from the jury's consideration

and to have them taken as proved."  (Emphasis in original) 156 Fed. Appx. at 890.   The alleged

undisputed facts were listed by the court in <u>partial denial of a summary judgment motion</u>, which

then had to be tried.  Neither party in <u>Asberry</u> applied for a Rule 56(d) order.

        In the instant case, the material facts have been established and are undisputed as to

liability in a summary judgment proceeding that resulted in the granting of summary judgment

on liability, bad faith, and policy limits.  As discussed below, Continental only raises and

addresses three inconsequential allegedly disputed facts.  Further, here plaintiff has asked the

Court to apply Fed. R. Civ. P. 56(d).  Here, the only remaining issue has to do with whether the

undisputed material facts that amount to bad faith along with other relevant material facts

establish outrageous acts for which Continental should be punished.  Continental, however, asks

the Court to treat the undisputed facts as meaningless and order plaintiff to start from scratch,

without offering any evidence that the facts are in controversy at this time.  <u>See</u> Dkt. 306 at 11-

13.  <u>Asberry</u> gives Continental no relief in the circumstances of the instant case.

        Continental's contention that "The court has never issued, and the U.S.A. has never

requested, an order specifying facts that appear without substantial controversy under Rule

56(d)," is wrong on two points.  <u>See</u> Dkt. 306 at 4.  First, the United States <u>is</u> asking for a Rule

56(d) order.  See Dkt. 248.  Second, the Court's order at docket 57 complies with 56(d) because

the undisputed material facts established at the summary judgment stage also support with

specificity the partial summary judgments and are without any substantial controversy.  Any contention that the jury may be confused to know the facts that support the bad faith holdings can be resolved in jury instructions.  The contention that the facts are prejudicial does not demonstrate that they are "unduly" prejudicial.

Continental takes issue only with three inconsequential facts.  Dkt. 306 at 12-13, nn 4, 5 & 6.  First, it contends that fact number 62, which states "No further word was heard," is "vague," or "taken out of context."  Dkt. 306 at 12, n.4.  Although Continental's contentions are incorrect, the issue is easily resolved.  That fact can simply be excluded from those read to the jury.

Second, Continental contends that the statement, "'the United States again tendered defense to Continental' on June 6, 1995 'after discovering the existence of the second policy covering Jake's place,'" is inaccurate.  Dkt. 306 at 12, n.5.  It is not inaccurate.  The fact that the United States Attorney's Office had the policy and the AUSA did not realize that until after tendering a policy that did not cover Jack's place does not change the fact that he later discovered that the policy existed in the government's files and retendered.  Regardless, this issue also is easily resolved.  If the Court finds that Continental's argument is well taken, this fact should not be read to the jury.

Finally, Continental wrongly assumes that because the ISDEAA was first amended in 1989,  facts numbered 4 and 33 are incorrect.  See Dkt. 306 at 13, n.6.  The Court, in facts 4 and 33 is addressing the 1990 amendment that provides for FTCA coverage of "general liability." The earlier 1989 amendment had been for "medical malpractice liability."  The instant case is not about medical malpractice liability;  it only addresses general liability.  Consequently, only the general liability ISDEAA amendment is relevant here.  Thus, facts 4 and 33 are also

accurate. If there had been substantial controversy, regarding the facts stated in the United States' motion, it is Continental's burden to show with specificity what is controversial. It has not done so.[2]

Continental relies on Kutner Buick, Inc. v. American Motors, Corp., 868 F.2d 614, 619 (3rd Cir. 1989) for the contention that facts established preliminarily in the denial of a summary judgment must be treated as decided at trial. Dkt. 306 at 6. In Kutner Buick, Inc. there also was no request in accordance with Rule 56(d). Different than Kutner Buick, Inc., in the instant case, the facts to which Rule 56(d) should be applied are specified by the Court, form the underpinnings of the grant of summary judgment, and defendant cannot show that they are substantially controversial.

Continental also contends that because district courts do not make "findings of fact," in ruling on summary judgment the Court here cannot permit the jury to know the facts that form the basis for the Court's grant of summary judgment for plaintiff. Defendant, however, provides no reasoning to support that conclusion. That these undisputed material facts, about which Continental can state no valid controversy, may be properly prejudicial does not prevent their disclosure to the jury.

Continental admits that "Courts can make binding determinations on non-final issues at the summary judgment stage by issuing orders under Rule 56(d)." Dkt. 306 at 7. It then states "This

---

[2]    Continental cites several cases for the proposition that dicta are not "law of the case" and then stretches that precedent to argue that the facts in the instant case are not "law of the case." Dkt. 306 at 5-6. The material facts in the instant case, however, are undisputed. They form the basis for the Court's partial summary judgment rulings. Continental has not established that there is any substantial controversy about them. The issue here is whether they can be collected and treated under Rule 56(d) as without substantial controversy.

court <u>never</u> issued an order under Rule 56(d) in this case." <u>Id</u>.  That is why the United States has moved for such an order.  The rule itself establishes that the 56(d) order does not have to issue during summary judgment.  It is a rule that permits the efficient future handling of the trial after a grant of  partial summary judgment.  <u>Id</u>.

Citing <u>X-IT Products, L.L.C. v. Walker Kidde Portable Equip., Inc.</u>, 155 F. Supp. 2d 577, 599 (E.D. Va. 2001) and <u>United States v. Poly-Carb, Inc.</u>, 951 F. Supp. 1518, 1532 (D. Nev. 1996), Continental contends that undisputed facts "typically" are enumerated in some way.  Dkt. 306 at 8.  Continental also contends that the summary judgment order itself is required to mention Rule 56(d) for the listed facts to be proper Rule 56(d) facts.  <u>Id</u>.  It relies on <u>Occidental Fire & Cas. Co. v. Continental Bank N.A.</u>, 918 F.2d 1312, 1320 (7th Cir. 1990), and <u>Kustom Signals, Inc. v. Applied Concepts, Inc.</u>, 52 F. Supp. 2d 1260, 1263, n.1 (D. Kan. 1999) for the proposition that if the summary judgment order does not refer to Rule 56(d) then specified undisputed facts established without controversy cannot satisfy Rule 56(d).  If that were so, then the rule itself would not state otherwise.  See Fed. R. Civ. P. 56(d) and the <u>X-IT Products</u> quote below.

<u>Occidental Fire & Cas. Co.</u> states that "Under Federal Rule of Civil Procedure 56(d), which deals with partial <u>grants</u> of summary judgment, the district court may issue an order, similar to a pretrial order, listing the facts that are not in dispute."  (Emphasis added) 918 F.2d at 1320.  This is exactly what plaintiff asks for here.  <u>Kustom Signals Inc.</u>, is simply a case where there was no entry of a Rule 56(d) order like that requested here.  In <u>X-IT Products, L.L.C.</u>, the court followed the procedure that is requested in the instant case:

> Federal Rule of Civil Procedure 56(d) states, in pertinent part, that, [i]f on motion under this rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court . . . shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted.  <u>It shall thereupon make an order specifying the facts that appear without substantial controversy . . . .  Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly.</u>

(Emphasis in original.)  155 F. Supp.2d at 599.  Plaintiff in the instant case has enumerated for the Court and parties' convenience those material facts that are without substantial controversy, that form the basis for the Court's partial summary judgment rulings, and that are undisputed.

<u>United States v. Poly Carb, Inc.</u>, 951 F.Supp. 1518, 1532 (D. Nev. 1996), establishes support for the proposition here that, having "considerably narrowed the material issues of fact ...." the Court may even issue a Rule 56(d) order <u>sua sponte</u>.  Continental's contention that "the purpose of Rule 56(d) is to allow courts to specify facts that appear without substantial controversy in the wake of an unsuccessful motion for summary judgment under Rule 56(a) or 56(b). . . ." is just wrong.  <u>See</u> Dkt. 306 at 9-10; Fed. R. Civ. P. 56(d); <u>X-IT Products L.L.C. v Walter Kidde Portable Equip., Inc.</u>, 155 F. Supp.2d 577, 599 (E.D. Va. 2001).

**2.     Issues:**

Continental's contentions regarding the United States' request to have the already decided issues read to the jury are similarly baseless.  The United States has requested that the Court read the decided issues to the jury.  Continental suggests that some of those issues are not appropriately listed as issues.  If the Court determines that any of the issues are more appropriately "facts," then plaintiff requests that they be included in the rule 56(d) facts list.[3]

---

[3]     For example, Continental seems to suggest that  issue number 5, that "Continental 'failed to advise the United States that another policy might provide coverage'," may be more

Continental recognizes that

'(1) the United States was an implied additional insured; and (2) Continental acted in bad faith in declining to defend and indemnify the United States under the policy,' Dkt. 166 at 11 (citing Dkt. 61). Following the Ninth Circuit's ruling on appeal and this court's ruling on summary judgment last year, those conclusions constitute law of the case today.

Dkt. 306 at 14. It contends, however, that the law of the case is narrowly limited to only the holdings encompassed in this quote and to the Court's holding on policy limits. Defendant states that "where they are relevant and not confusing or prejudicial, the Court's binding legal conclusions – unlike its factual observations – properly may be disclosed to the jury (either at the start of the case or in the form of jury instructions)." Dkt. 306 at 14. The parties disagree, however, as to what constitutes "law of the case" and what is "dicta."

Whether a decision is "law of the case" depends on whether the issue was decided by this Court or the Ninth Circuit "explicitly" or "by necessary implication." <u>Milgard Tempering, Inc. v. Selas Corp. of America</u>, 902 F.2d 703, 715 (9th Cir. 1990). To be "law of the case," the decision must be necessary to the holding of the case. <u>Russell v C.I.R.</u>, 678 F.2d 782, 784 (9th Cir. 1982). "Alternative ground for decision is not <u>obiter</u> <u>dictum</u>." <u>Id.</u> at 784, n.2. Further, "non-essential judicial observations are not part of the court's holding. . . ." <u>McConaghy v. Sequa Corp.</u>, 294 F. Supp.2d 151, 161 (D.R.I. 2003).

The United States stands by its request that the decided issues that it has listed that are quoted from the Court's opinion be read to the jury. Each of the nine listed issues is an

_____

appropriate as a fact. <u>See</u> Dkt. 306 at 3. Regardless, it is also a decided issue that forms a basis for the Court's holdings of bad faith.

"essential observation" to the Court's holdings. They are "necessary to the holdings" of the case. And, they have been decided "explicitly" or "by necessary implication".

Continental does not contest issues number one and nine, except as the Court has phrased them. Dkt. 306 at 17. Issue number two, Continental contends is over broad. <u>Id</u>. Three through eight, Continental classes as "subsidiary factual observations." <u>Id.</u> at 18. However, those subsidiary factual observations that are necessary to the holdings in the case are "law of the case." <u>Russell</u>, 678 F.2d at 784; <u>see</u> <u>McConaghy</u>, 294 F. Supp. at 161. Continental provides no reasoning, nor does it provide any binding precedent, that prevents the Court from reading the requested issues to the jury.

In its opposition, Continental again requests that the Court not tell the jury about its bad faith and the Court's decision on that matter. Dkt. 306 at 18-21; Dkt. 253. The United States incorporates herein by reference its opposition at docket 320 to Continental's Motion in Limine no. 3 at docket 253 on this issue.

USA v. The Continental Casualty Company
Case No. 3:98-cv-285-JWS                    -10-

**CONCLUSION**

For the foregoing reasons the United States again requests that the Court grant its motions at dockets 247 and 248.

Respectfully submitted this 8th day of May, 2006, in Anchorage, Alaska.

DEBORAH M. SMITH
Acting United States Attorney

s/Richard L. Pomeroy
Assistant U.S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
E-mail: richard.pomeroy@usdoj.gov
AK #8906031

s/Richard R. Stone, Sr.
Trial Attorney
U.S. Department of Justice
P.O. Box 888
Benjamin Franklin Station
Washington, D.C. 20044
Phone: (202) 616-4291
Fax: (202) 616-5200 fax
E-mail: richard.stone@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on May 8th, 2006,
a copy of the foregoing UNITED STATES'
REPLY TO CONTINENTAL'S COMBINED
OPPOSITION AT DOCKET 306 TO
MOTIONS TO HAVE FACTS AND ISSUES
READ TO JURY AT DOCKETS 247 AND 248
was served electronically on Gary A. Zipkin and
William Urquhart  and on

Rebecca L. Ross
Ross, Dixon & Bell, LLP
55 West Monroe Street, Suite 3000
Chicago, IL 60603-5758

by U.S. mail
s/ Richard L. Pomeroy