Gary A. Zipkin, Esq.
Guess & Rudd P.C.
510 L Street, Suite 700
Anchorage, AK  99501
Phone:     (907) 793-2200
Fax:        (907) 793-2299
E-mail:     gzipkin@guessrudd.com

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CNA FINANCIAL CORPORATION | ) | |
| AND THE CONTINENTAL | ) | |
| CASUALTY COMPANY d/b/a | ) | |
| THE CONTINENTAL INSURANCE | ) | |
| COMPANY, | ) | Case No. 3:98-cv-285-JWS |
| | ) | |
| Defendant. | ) | |
| | ) | |

DEFENDANTS' REPLY IN SUPPORT OF
MOTION IN LIMINE NO. 6 RE: CCC'S NET WORTH

As discussed more fully in the motion for summary judgment filed by Continental

Casualty Company ("CCC"), including its Reply brief, CCC cannot be held liable for breach of

the implied duty of good faith and fair dealing -- much less punitive damages -- because it was

USA v. Continental, et al; Case No. 3:98-cv-285-JWS
Defendants' Reply in Support of Motion in Limine No. 6
Page 1 of 5

not a party to the contract of insurance.[1]  Since, as a matter of law, CCC cannot be found liable

to the Government for punitive damages, CCC's financial condition is irrelevant, prejudicial and

inadmissible.


The Government's Opposition relies entirely on the same unsupported arguments

it relied upon to oppose CCC's motion for summary judgment -- that CCC is liable for bad faith

and punitive damages under theories of *respondeat superior* and alter ego.[2]  Applying the

doctrine of *respondeat superior* to alleged acts of bad faith turns the doctrine on its head.  Under

the theory of *respondeat superior,* an employer is held to stand in the place of its employee for

the employee's alleged wrongdoing.[3]  However, as previously established, CCC's employees

cannot, as a matter of clearly established Alaska law, be found liable for bad faith.[4]  It therefore

follows that, if CCC's employees cannot be found liable for bad faith, CCC cannot be held

vicariously liable for bad faith.


Likewise, the Government's effort to implicate CCC under an alter ego theory

fails.  The Government bases its alter ego claim on a solitary fact -- that, at present, Continental

Insurance Company has no employees, so its policies are managed by CCC employees.[5]

---

[1] See Continental Casualty's Motion for Summary Judgment, Dkt. 237, including its Reply brief, Dkt. 304.

[2] The Government does not dispute the fact that unless an entity can itself be held liable its net worth is inadmissible.

[3] Laidlaw Transit v. Crouse, 53 P.3d 1093, 1102 (Alaska 2002) "*Respondeat superior* provides in essence that the act of an employee during the course of his employment is legally the act of the employer." citing Gifford v. Evans, 35 Mich. App. 559, 192 N.W.2d 525, 529 (Mich. App. 1971).

[4] See Continental Casualty's Motion for Summary Judgment, Dkt. 237, including its Reply brief, Dkt. 304, citing Continental Ins. Co.  v. Bayless & Roberts, Inc., 608 P.2d 281, 297-88 (Alaska 1980).

[5] Dkt. 321 at 5.

USA v. Continental, et al; Case No. 3:98-cv-285-JWS
Defendants' Reply in Support of Motion in Limine No. 6
Page 2 of 5

However, this fact alone does not come close to satisfying the legal requirements for imposing the extraordinary relief of piercing the corporate veil of Continental Insurance Company.[6] Jackson sets forth an eleven part test for determining if a subsidiary is a mere instrumentality of its parent corporation.[7]  The Government does not even attempt to apply the majority of the applicable criteria -- because they cannot.  There is no evidence to even insinuate that:

-    CCC finances Continental Insurance Company;

-    CCC created Continental Insurance Company (a century old entity);

-    Continental Insurance Company has inadequate capital, much less grossly inadequate capital (as of the end of 2004 its net worth was $1,685,000,000);

-    CCC pays the salaries and other expenses of Continental Insurance Company;

-    Continental Insurance Company has no business except with CCC, or all Continental Insurance Company's assets were conveyed to it by CCC;

-    CCC uses Continental Insurance Company's property as its own; or

-    Continental Insurance Company does not comply with formal legal requirements.[8]

---

[6] See Jackson v. General Electric Co., 514 P.2d 1170, 1172-73 (Alaska 1973).

[7] Id.

[8] Id.

USA v. Continental, et al; Case No. 3:98-cv-285-JWS
Defendants' Reply in Support of Motion in Limine No. 6
Page 3 of 5

The lack of evidence to establish the majority of the determinative factors set forth by <u>Jackson</u> indicates that Continental Insurance Company is not an alter ego of CCC. Therefore, CCC does not stand in the shoes of Continental Insurance Company.

CCC cannot be held liable for bad faith -- much less for punitive damages -- for Continental Insurance Company's allege breach of the duty of good faith and fair dealing arising out of the contract of insurance. Therefore, testimony pertaining to CCC's financial condition is irrelevant, prejudicial, and should be excluded.

DATED at Anchorage, Alaska, this 8th day of May, 2006.

GUESS & RUDD P.C.
Attorneys for Defendants

By: _____S/Gary A. Zipkin_____
Guess & Rudd P.C.
510 L Street, Suite 700
Anchorage, Alaska  99501
Phone: 907-793-2200
Fax:  907-793-2299
Email: gzipkin@guessrudd.com
Alaska Bar No. 7505048

<u>USA v. Continental, et al</u>; Case No. 3:98-cv-285-JWS
Defendants' Reply in Support of Motion in Limine No. 6
Page 4 of 5

QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP
Attorneys for Defendants


By: ___S/A. William Urquhart_____
Quinn Emanuel Urquhart
Oliver & Hedges, LLP
865 South Figueroa
Street, 10th Floor
Los Angeles, CA 90017
Phone: 1-213-443-3000
Fax:   1-213-443-3100
Email:
billurquhart@quinnemanuel.com

CERTIFICATE OF SERVICE
I hereby certify that on the
8th day of May, 2006, a copy
of the foregoing document was served
electronically on:

Richard L. Pomeroy, Esq.
Christopher Tayback, Esq.
A. William Urquhart, Esq.
Richard Stone, Esq.

Guess & Rudd P.C.


By:_____S/Gary A. Zipkin_

F:\DATA\6024\1\Pleading\102 Reply Mtn Lim 6.DOC

USA v. Continental, et al; Case No. 3:98-cv-285-JWS
Defendants' Reply in Support of Motion in Limine No. 6
Page 5 of 5