Gary A. Zipkin, Esq.
Guess & Rudd P.C.
510 L Street, Suite 700
Anchorage, AK  99501
Phone:    (907) 793-2200
Fax:       (907) 793-2299
E-mail:   gzipkin@guessrudd.com

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| THE CONTINENTAL ) | |
| CASUALTY COMPANY d/b/a ) | |
| THE CONTINENTAL INSURANCE ) | |
| COMPANY, ) | Case No. 3:98-cv-285-JWS |
| ) | |
| Defendant. ) | |
| ) | |

DEFENDANTS' REPLY IN SUPPORT OF MOTION IN LIMINE NO. 7
(DOCKET 260) TO PRECLUDE REFERENCE TO THE NUMBER OF
LAW FIRMS RETAINED BY DEFENDANTS IN THIS CASE AND THE
<u>AMOUNT OF MONEY DEFENDANTS HAVE SPENT ON LEGAL FEES</u>

The Government's opposition brief at Docket 322 shows why an order precluding

the Government from discussing the number of law firms defendants have retained or the amount

of money defendants have spent on legal fees in this case is absolutely necessary.  Although the

Government professes that it does not intend to "emphasiz[e]" these matters (revealing that even plaintiff must recognize on some level that they are irrelevant and prejudicial), the Government says it should be able to introduce evidence of "the 'dream team' of law firms" that defendants have hired in this case and the "untoward resources" defendants have devoted to their defense. Defendants cannot be punished for hiring good lawyers or for changing their lawyers – this entire subject matter is obviously irrelevant and inadmissible. Notably, the Government cites no authority that permits it to tell the jury about the law firms defendants have hired to represent them in litigation.[1]

The thrust of the Government's opposition is that defendants purportedly have used "oppressive litigation tactics" that have prolonged this case, apparently by doing things like filing a winning motion for summary judgment (nominally a motion for reconsideration) in 2003 and defending the Government's appeal to the Ninth Circuit in 2004. Dkt. 322 at 3. As set forth in defendants' Motion in Limine No. 4 at Docket 255 and reply in support thereof, litigation conduct is off limits. Like other defendants, insurers have the right to do things like file motions for summary judgment and make arguments, including arguments with which a plaintiff may disagree. Presentation of the Government's extended arguments about defendants' purported "oppressive litigation tactics" would be time consuming, prejudicial, confusing and contrary to well-established law. And, standing alone, the amount of money defendants have paid their

---

[1] While this issue does not arise often, the available authorities unsurprisingly hold that the evidence at issue in this motion is inadmissible. See Bedrock Stone and Stuff, Inc. v. Manufacturers and Traders Trust Co., 2006 WL 890993, *11 (E.D.Pa. 2006) (excluding evidence of the amount of legal fees paid by defendant to its counsel); Beck v. Koppers, Inc., 2006 WL 924040 *1, 3 (N.D. Miss. 2006) (precluding plaintiff from attempting to prejudicially

lawyers and the number of law firms defendants have hired have no probative value at all. Those matters certainly do not bear on Continental's denial of coverage which, as set forth in defendants' Motion in Limine No. 2 at Docket 251 and reply, is the issue that matters.

For these reasons and those set forth in defendants' Motion in Limine No. 4 and reply, the court should preclude the Government from prejudicially referring to defendants' law firms and legal fees. To permit the Government to argue that defendants acted outrageously and punitive damages should be awarded because defendants defended against the Government's allegations in this case would be clearly erroneous.[2]

---

refer to the size or location of defense counsel's law firm or the fact that defense counsel previously represented the same defendants in other cases).

[2] A handful of red herrings in the Government's opposition merit clarification. First, as defendants' motion made clear, this motion applies only to the law firms defendants have hired as defense counsel in this litigation, not the law firms Continental retained prior to litigation to advise it on the coverage questions presented by the United States' tenders. Therefore, the Government's assertions that the "exhibits in this case include correspondence that has come from most of the above catalogued law firms," that Continental agreed with "its first counsel not to address a relevant policy," and that Continental purportedly "misled its second law firm" about policy premiums are misleading and off topic. Dkt. 322 at 2-3.

The Government also contends as a fallback position that it "should be permitted during jury selection in inquire whether any of the jurors have had interaction or association with any of the law firms that Continental has employed." Dkt. 322 at 4. Defendants do not object to asking prospective jurors whether they have any affiliation with the individuals or entities, including law firms that have been involved in this case. However, that obviously does not mean that <u>other</u> references to defendants' law firms would somehow be appropriate, nor does it mean that prospective jurors need to be told that the listed law firms represented defendants in this case.

<u>USA v. Continental</u>; Case No. A98-285 CV (JWS)
Defendants' Reply in Support of Motion in Limine No. 7
Page 3 of 5

DATED at Anchorage, Alaska, this 8th day of May, 2006.

        GUESS & RUDD P.C.
        Attorneys for Defendant

        By:     S/Gary A. Zipkin
            Guess & Rudd P.C.
            510 L Street, Suite 700
            Anchorage, Alaska 99501
            Phone: 907-793-2200
            Fax: 907-793-2299
            Email: gzipkin@guessrudd.com
            Alaska Bar No. 7505048

        QUINN EMANUEL URQUHART
          OLIVER & HEDGES, LLP
        Attorneys for Defendant

        By:   S/A. William Urquhart
            Quinn Emanuel Urquhart
             Oliver & Hedges, LLP
            865 South Figueroa
            Street, 10th Floor
            Los Angeles, CA 90017
            Phone: 1-213-443-3000
            Fax: 1-213-443-3100
            Email:
            billurquhart@quinnemanuel.com

CERTIFICATE OF SERVICE
I hereby certify that on the
8th day of May, 2006, a copy
of the foregoing document was served
electronically on:

Richard L. Pomeroy, Esq.
Christopher Tayback, Esq.
A. William Urquhart, Esq.
Richard Stone, Esq.

Guess & Rudd P.C.


By:     S/Gary A. Zipkin

F:\DATA\6024\1\Pleading\106 Reply Mtn Lim #7.DOC