Gary A. Zipkin, Esq.
Guess & Rudd P.C.
510 L Street, Suite 700
Anchorage, AK  99501
Phone:      (907) 793-2200
Fax:          (907) 793-2299
E-mail:     gzipkin@guessrudd.com

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,           )<br>                                                              )<br>                         Plaintiff,         )<br>                                                              )<br>vs.                                                        )<br>                                                              )<br>THE CONTINENTAL                              )<br>CASUALTY COMPANY d/b/a             )<br>THE CONTINENTAL INSURANCE    )<br>COMPANY,                                           )           Case No. 3:98-cv-285-JWS<br>                                                              )<br>                         Defendant.    )<br>_____)  | |

DEFENDANTS' REPLY IN SUPPORT OF
MOTION IN LIMINE NO. 8 TO PRECLUDE
THE TESTIMONY OF DEBORAH SENN (DOCKET 266)

The United States' Opposition (dkt. 301) misses the basic point of Continental's motion. Continental does not argue that the Government's expert, Deborah Senn, should not have *considered* this court's orders on prior summary judgment motions along with all of the

USA v. Continental; Case No. 3:98-cv-285-JWS
Defendants' Reply in Support of Motion in Limine No. 8
Page 1 of 14

other evidence.[1]  Rather, Continental argues that Senn's testimony relying *solely* on the court's orders is not helpful to the jury and cannot establish the required element of "outrageousness, maliciousness or reckless indifference."  The only question in the upcoming trial is whether Continental's decision to reject the United States' tender of coverage was so "outrageous" at the time the decision was made as to warrant punitive damages.  This court's orders do not address that issue, and certainly did not adjudicate it -- or else there would be no point in conducting the upcoming trial.  The United States seems to acknowledge that Senn did *nothing* to evaluate whether Continental's rejection of the tenders was so outrageous based on the facts and law that existed at the time as to warrant punitive damages, *except* to rely on the court's orders as "law of the case."[2]  The Government certainly cannot reasonably dispute in its Opposition what Senn herself admitted:  that she did "not spend any time establishing an independent opinion" as to whether or not Continental's coverage position was fairly debatable based on the law and facts at the time.

       Of course, the court's prior summary judgment orders find that Continental wrongly rejected the tender and did so in bad faith.  But those are not the issues before the jury in this trial.  Unreasonableness (bad faith) when the events occurred (which has been adjudicated by this court) is not the same as "outrageousness" when the events occurred (which has not been adjudicated by this court).  Since the court's orders themselves do not address the issue which the jury will decide, and Senn adds nothing to the language of those orders, her testimony cannot be helpful to the jury -- the threshold for admissibility of expert witness testimony.

---

[1] Opp. (dkt. 301) at 2.

[2] Opp. (dkt. 301) at 2-4.

USA v. Continental; Case No. 3:98-cv-285-JWS
Defendants' Reply in Support of Motion in Limine No. 8
Page 2 of 14

Senn's remaining testimony addresses subjects that are, at best, at the periphery of the case or, more accurately, irrelevant to it. For those opinions she also relies improperly on language from the court's prior orders. Moreover, the bad faith conduct that is to be assessed by the jury to decide outrageousness is Continental's decision to reject the United States' tenders, not its compliance with the state Unfair Claims Settlement Practices Act, its promptness in responding to multiple re-tenders, whether one of its outside counsel breached his duty of loyalty, and Continental's corporate structure. Accordingly, where, as here, Senn cannot provide an admissible opinion on the core issue in the case, she should not be allowed to confuse the jury by opining on collateral matters.

<u>Argument</u>

1. The Court Should Preclude Senn's Testimony
   <u>In Its Entirety Because She Performs No Analysis Of The Relevant Issue</u>

The United States does not seem to seriously dispute that Senn admitted at deposition that she has done no analysis of the legal principles upon which Continental relied in rejecting the United States' tenders, has never investigated the doctrine of implied insurance, has never examined whether the application of the doctrine in this case was novel, did not consider whether the application of the doctrine was genuinely debatable, and does not know whether the United States' tenders were unprecedented. Indeed, that is the only conclusion one could reach

USA v. Continental; Case No. 3:98-cv-285-JWS
Defendants' Reply in Support of Motion in Limine No. 8
Page 3 of 14

based upon her testimony.[3]  Yet in an isolated footnote, the United States does suggest that Senn somehow "independently" reached a conclusion that is the same as that which the court reached in its prior summary judgment orders about the "unreasonableness" of Continental's coverage position.[4]  The Government, however, does not explain anywhere *how* Ms. Senn "independently" reached this conclusion, or what she analyzed to reach it.  She herself admitted that she did "not spend any time establishing an independent opinion" on whether Continental's coverage position was fairly debatable based on the facts and law that existed at the time it made the decision.[5]  The absence of any explanation or analysis exposes the Government's statement as empty rhetoric and affords no basis on which to allow Senn to testify.

      The United States spends far more time arguing that Senn need not have conducted an independent analysis of "outrageousness" because the court's orders upon which she actually relies -- some preliminary, some final -- establish that, and any further analysis by her would be superfluous.

      As an initial matter, the United States' argument proves too much.  If, indeed, the court's orders establish everything that there is to say about the outrageousness of Continental's decision to reject the United States' tender, then her testimony is unnecessary and patently not "helpful to the jury" -- the threshold for admission of expert evidence.  Fed. R. Evid. 702 (expert testimony must "assist the trier of fact"); Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 590-92 (1993) (expert testimony not admissible if "unhelpful" to the jury).

---

[3]  Senn Tr. at 107:3-15, 108:6-12; 135:17-136:2, 151:5-11, 179:1-15, 199:2-14; Zipkin Aff. Ex. A.

[4]  Opp. (dkt. 301) at 5, fn. 7.

[5]  Senn Tr. at 107:3-15, 108:6-12.

USA v. Continental; Case No. 3:98-cv-285-JWS
Defendants' Reply in Support of Motion in Limine No. 8
Page 4 of 14

Substantively, however, the court's orders do *not* address the issue which the jury is to decide in this trial, and so Senn's regurgitation of what those orders say is beside the point. Although this court, and the Ninth Circuit (with a dissent), adjudicated the issues of whether the United States was properly an implied insured and whether Continental's rejection was unreasonable, this court was never presented with the question of whether Continental's decision to reject the United States' tender was "outrageous" based on the facts and law that existed at the time. Thus, for example, neither Senn nor anyone else has opined whether Continental acted *outrageously* in denying coverage where, as here, at the time of Continental's decision there existed *no case law anywhere* in which the United States had been held to be an un-named implied insured on a general liability insurance policy.

The United States misconstrues Continental's authorities on this point.[6] The United States claims that Continental only cited to cases in which courts found the insurer to have acted reasonably in rejecting coverage, even though coverage was ultimately found to have existed.[7] Continental's argument, however, is not that those cases are *identical* to this case, but rather that those cases presented situations *analogous* to the instant situation:[8] just as, in those cases, an eventual finding of coverage did not establish *per se* bad faith, here, the court's ultimate finding of bad faith does not establish *per se* outrageousness. Coverage, bad faith and

---

[6] Motion (dkt. 266) at 12-13.

[7] Opp. (dkt. 301) at 4-5, referring to <u>Miller v. Allstate Ins. Co.</u>, 1998 WL 937400, at *7 (C.D. Cal. 1998); <u>Paulson v. State Farm Mutual Automobile Inc.</u>, 867 F. Supp. 911, 919 (C.D. Cal. 1994); <u>Peter v. Progressive Corp.</u>, 2006 WL 438658, *5 (Alaska 2006); and <u>Ramirez v. Transcontinental Ins. Co.</u>, 881 S.W. 2d 818, 826 (Tex. App. 1994), which are cited in Motion (dkt. 266) at 12-13.

[8] Motion (dkt. 266) at 12-13.

USA v. Continental; Case No. 3:98-cv-285-JWS
Defendants' Reply in Support of Motion in Limine No. 8
Page 5 of 14

outrageousness are separate issues, with different elements, and distinct burdens of proof. Thus a ruling on one is not the same as a ruling on the other.

Although the United States accepts the proposition that the outrageousness of Continental's rejection decision must be gauged based on the known facts and circumstances that existed at the time of Continental's decision,[9] the United States turns that notion on its head when it seeks to justify Senn's total reliance on statements from the various prior court orders -- none of which existed approximately 10 years ago when Continental made the coverage decision that is at issue. The United States contends that it need not proffer any evidence of the facts and circumstances that existed at the time Continental made its decision, because the court's prior orders include a "finding" that the determination was in bad faith.[10] (Opp. at 4-5). But that argument only highlights the fallacy of relying on the court orders as a basis for Senn's opinion -- the court orders did *not* purport to assess the issue of outrageousness, and yet outrageousness is the only issue on which the United States intends to offer Senn's testimony. For the jury to decide the facts and determine whether, without the benefit of hindsight, Continental's conduct in rejecting the tender was -- or was not--outrageous, the jury must hear *the facts*, not simply an expert witness opinion that tells the jury that the court has already decided the issue.

The United States' Opposition assumes throughout that everything contained in this Court's preliminary and final summary judgment orders are "law of the case" as to the outrageousness of Continental's coverage decision. Yet the Government does not actually present any argument to contradict Continental's analysis and case law that describes how "law

---

[9] Opp. (dkt. 301) at 11, fn. 11

[10] Opp. (dkt. 301) at 4-5.

USA v. Continental; Case No. 3:98-cv-285-JWS
Defendants' Reply in Support of Motion in Limine No. 8
Page 6 of 14

of the case" is a limited doctrine that does not allow Senn (or any other witness) to simply take statements made in a court order (including preliminary court orders) and adopt them as proven facts.[11]  For example, the Government's Opposition spends no time disputing that Senn relies heavily on *dicta* from this court's orders which is not entitled to the preclusive effect of the law of case doctrine.  Ducey v. United States, 830 F. 2d 1071, 1072 (9th Cir. 1987).

        Accordingly, Senn's testimony should be excluded.

    2.        Senn's other opinions are uniformly <u>irrelevant, unreliable, and inadmissible</u>.

The Government's response to Continental's contention that Senn's miscellaneous other opinions are also inadmissible is vitriolic in tone but unsupported by the facts or law.  In most instances, the United States points again to this court's prior orders as a basis for Senn's testimony on a subject.[12]  (Opp. at 8).  For the reasons stated above, however, Senn's reliance on the court's orders adjudicating other aspects of this case are not a basis for allowing her to simply repeat language from those orders that are tangential to the issue of the alleged outrageousness of Continental's rejection of the United States' tenders based on the facts and circumstances that existed at that time.

---

[11] Motion (dkt. 266) at 10, 12-14 and fn. 26.

[12] *E.g.*, Opp. (dkt. 301) at 8 (arguing that Senn's opinion on the outrageousness of Continental's failure to defend is properly based on the Court's determination years later that the United States tendered an "<u>actually</u> covered claim" in 1995, rather than analyzing Continental's conduct based on the facts and law that existed at that time. (emphasis in original)).

USA v. Continental; Case No. 3:98-cv-285-JWS
Defendants' Reply in Support of Motion in Limine No. 8
Page 7 of 14

      A.      Senn's opinions regarding the Unfair Claims
              Settlement Practices Act are irrelevant.

The United States argues that Senn can properly use the Alaska Unfair Claims Settlement Practices Act as a measuring stick for Continental's conduct because it is a recognized "guideline for industry standards," even though there has been no finding that Continental violated the Act.[13] However the Government misses the main point: Senn does *not* opine that the Act provides any guideline for how Continental should have made the *coverage decision* that is at issue here based on the facts and law that existed at that time. She has admitted that she never analyzed the outrageousness of Continental's coverage decision. Instead, she uses the Act to opine only upon collateral matters which are not the basis for punitive damages, such as the timeliness of Continental's response to various re-tenders (after a timely initial denial) and whether one of Continental's coverage counsel had a conflict of interest.[14] Because those are not at issue in this case--they are not the actions of Continental which have been adjudicated to give rise to the punitive damages claim--Senn cannot use the Act even as a "guideline" to opine upon Continental's conduct in collateral matters.

      B.      Senn's opinion that Continental failed in its duty to defend is inadmissible

The United States also defends the basis for Senn's opinion that Continental had a duty to defend the United States even if Continental believed the United States was not entitled

---

[13] Opp. (dkt. 301) at 6-8.

[14] Senn Rpt. at 12 and 15; Zipkin Aff. Ex. B.

USA v. Continental; Case No. 3:98-cv-285-JWS
Defendants' Reply in Support of Motion in Limine No. 8
Page 8 of 14

to coverage.[15]  First, the United States again argues that Senn is entitled to simply point to this court's prior orders.  As stated above, this is improper.  Second, the United States contends that a Continental 30(b)(6) witness allegedly admitted that Continental was obligated to defend the United States.  That is inaccurate and thus not a proper basis for Senn's opinion.

As this court has observed, Continental's 30(b)(6) witness acknowledged that it had a duty to defend, if not indemnify, Bristol Bay's employees because Bristol Bay was its named insured.[16]  Bristol Bay's employees, however, are *expressly* insured under Bristol Bay's insurance policy, while the United States is not.[17]  That is a highly significant difference.  Continental lived up to the only defense obligations it believed existed in this case by appointing defense counsel when the Wilsons sued Bristol Bay in state court.  It does not follow, however, that Continental had a duty (or knew it had a duty) to defend *a third party not listed in its policy as an insured*.  No Continental witness has ever admitted that it had such a duty.

C.  Senn's opinions on wide-ranging, unadjudicated "other acts" of bad faith are inadmissible.

The Government argues that a number of Senn's opinions on issues not directly related to the outrageousness of Continental's decision to reject the United States' tenders in 1995 and 1997 are admissible, including whether Continental wrongly forced the United States to

---

[15]  Opp. (dkt. 301) at 8.

[16]  Dkt. 166 at 15.

[17]  Policy HMA 9500648-5, at 6, See Exhibit B at Dkt. 238 (Bristol Bay's employees are insured).

USA v. Continental; Case No. 3:98-cv-285-JWS
Defendants' Reply in Support of Motion in Limine No. 8
Page 9 of 14

litigate by not settling the case soon after the Ninth Circuit's decision,[18] whether Continental's attorney had a conflict of interest,[19] Continental's corporate structure,[20] and Continental's alleged untimely handling of the Kallstrom tender.[21]  On these matters as well, the United States contends that Senn can rely on this court's reference to these alleged facts in its prior preliminary and final orders, even though they are neither the basis for the Government's bad faith claim nor the bad faith act which this court adjudicated against Continental and which is at issue in the trial.  In fact, the Government's description of what it believes this court's summary judgment orders establish at pages 4 and 5 of its Opposition make clear that these other issues are collateral to this case, which is about the outrageousness (or lack thereof) of Continental's decision to reject the United States' tenders in 1995 and 1997.[22]

In any event, tellingly, the Government provides only scant analysis beyond citing to this court's orders to justify the admission of expert opinion about these alleged other bad acts.  Although the Government describes Continental as having unreasonably failed to pay its "policy limits" after the Ninth Circuit's decision, Senn's report actually faults Continental for not "settling the case."[23]  Of course, settlement is a two-way street.  The mere failure of a party to achieve a settlement in a lawsuit cannot by itself be outrageous conduct justifying punitive

---

[18]  Opp. (dkt. 301) at 9.

[19]  Opp. (dkt. 301) at 10.

[20]  Opp. (dkt. 266) at 12.

[21]  Opp. (dkt. 301) at 12-13.

[22]  Opp. (dkt. 301) at 4 and 5.

[23]  Senn Rpt. at 18 (Continental has engaged in continuing dilatory behavior . . . through the findings by the Ninth Circuit . . . and still has not accepted tender from the United States or settled this matter.")

USA v. Continental; Case No. 3:98-cv-285-JWS
Defendants' Reply in Support of Motion in Limine No. 8
Page 10 of 14

damages.  See Fed. R. Evid. 408.  Moreover, the United States does not dispute that, with respect to rulings that have not been subject to appeal, such as this court's order finding bad faith, Continental has an absolute right to appeal the ruling before paying a judgment that exceeds the policy amount.

The United States points to this court's orders commenting on James Frederici's alleged conflict (arising from having represented the insured, Bristol Bay, before providing coverage advice to Continental) as a basis for Senn's opinion.[24]  Yet the Government offers nothing to show how that relates to Continental's decision:  what about Frederici's opinion was incorrect based on the facts and law that existed at the time, and why was it outrageous for Continental to rely upon it?  Senn has admitted not analyzing that issue and, thus, her opinion (based on the language in this court's orders) that he had a conflict is irrelevant.

Although the United States claims that Continental's corporate structure is relevant because Continental deigned to file a summary judgment motion on behalf of one of the defendant entities,[25] the Government completely fails to address the cases cited by Continental that hold that litigation conduct is *irrelevant* to determining whether Continental acted outrageously when it rejected the United States' tenders approximately 10 years ago.  See Nies v. National Auto & Casualty Ins. Co., 199 Cal. App. 3d 1192, 1201 (1998) (admission of expert testimony on alleged bad faith litigation tactics is reversible error:  "insurers will be disabled from conducting a vigorous defense in a bad faith insurance action if their pleadings may be used to prove pre-existing bad faith"); Palmer by Diacon v. Farmers Ins. Exchange, 861 P.2d 895, 914

---

[24]  Opp. (dkt. 301) at 10.

[25]  Opp. (dkt. 301) at 12.

USA v. Continental; Case No. 3:98-cv-285-JWS
Defendants' Reply in Support of Motion in Limine No. 8
Page 11 of 14

(Mont. 1993) ("There is no need to penalize insurers when their attorneys represent them zealously within the bounds of litigation conduct. To allow a jury to find that an insurer acted in bad faith by zealously defending itself is to impose such a penalty."); see generally Defendants' Motion in Limine No. 4.

Finally, the United States argues that Senn should be allowed to opine upon its new bad faith claim regarding the Kallstrom re-tender because "Continental [is] on notice" of it. Notice is not the entire issue however. For an expert to offer an opinion, the opinion must relate to the issue being tried. The Government is seeking punitive damages based on Continental having been found to have unreasonably rejected the United States tenders in 1995 an 1997. The re-tender of Kallstrom in 2001 is a different issue altogether. However Continental handled that re-tender in 2001 will not assist the jury in deciding whether Continental's conduct in 1995 and 1997 was outrageous based on what it knew at that earlier time. Moreover, as discussed in detail in Continental's opposition to the United States' motion for summary judgment on that claim and Continental's Motion in Limine No. 2 to exclude evidence relating to new, unpleaded claims of purported bad faith, this new claim is not properly at issue. Therefore, Senn's opinions are inadmissible.

## Conclusion

For all of the foregoing reasons, the court should preclude Senn's testimony altogether. Senn's testimony will confuse the jury, not assist it.

If the court permits Senn to testify at all, defendants respectfully request that she be precluded from offering the improper opinions specifically identified above, including any opinions that:

USA v. Continental; Case No. 3:98-cv-285-JWS
Defendants' Reply in Support of Motion in Limine No. 8
Page 12 of 14

- Continental acted outrageously, maliciously, or with reckless indifference

- Continental failed to provide a prompt and reasonable explanation for coverage denial

- Continental violated the Unfair Claims Settlement Practices Act

- Continental failed in its duty to defend

- Continental deliberately misconstrued the facts around the purchase of coverage

- Continental allowed a conflicted attorney to represent its interest

- Continental knowingly and deliberately concealed coverage

- Continental wrongly compelled its insured to litigate for recovery

- Continental repeatedly and deliberately failed to reply to the United States' tenders

- Continental wrongly did not accept the Kallstrom re-tender

- Continental's corporate structure is improper, and

- Any other opinions that have not already been disclosed. Fed. R. Civ. P. 26(a)(2).

DATED at Anchorage, Alaska, this 8th day of May, 2006.

GUESS & RUDD P.C.
Attorneys for Defendant

By: _____S/Gary A. Zipkin_____
Guess & Rudd P.C.
510 L Street, Suite 700
Anchorage, Alaska 99501
Phone: 907-793-2200
Fax: 907-793-2299
Email: gzipkin@guessrudd.com
Alaska Bar No. 7505048

USA v. Continental; Case No. 3:98-cv-285-JWS
Defendants' Reply in Support of Motion in Limine No. 8
Page 13 of 14

QUINN EMANUEL URQUHART
 OLIVER & HEDGES, LLP
Attorneys for Defendant


By: ___S/A. William Urquhart___
 Quinn Emanuel Urquhart
  Oliver & Hedges, LLP
 865 South Figueroa Street, 10th Floor
 Los Angeles, CA  90017
 Phone: 1-213-443-3000
 Fax:   1-213-443-3100
 Email: billurquhart@quinnemanuel.com

F:\data\6024\1\pleading\111 Reply Mtn Lim #8.DOC

CERTIFICATE OF SERVICE
I hereby certify that on the
8th day of May, 2006, a copy
of the foregoing document was served
electronically on:

Richard L. Pomeroy, Esq.
Christopher Tayback, Esq.
A. William Urquhart, Esq.
Richard Stone, Esq.

Guess & Rudd P.C.


By:____S/Gary A. Zipkin___

USA v. Continental; Case No. 3:98-cv-285-JWS
Defendants' Reply in Support of Motion in Limine No. 8
Page 14 of 14