Gary A. Zipkin, Esq.
Guess & Rudd P.C.
510 L Street, Suite 700
Anchorage, AK  99501
Phone:    (907) 793-2200
Fax:       (907) 793-2299
E-mail:   gzipkin@guessrudd.com

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| THE CONTINENTAL | ) | |
| CASUALTY COMPANY d/b/a | ) | |
| THE CONTINENTAL INSURANCE | ) | |
| COMPANY, | ) | Case No. 3:98-cv-285-JWS |
| | ) | |
| Defendant. | ) | |
| | ) | |

DEFENDANTS' REPLY IN SUPPORT OF
MOTION IN LIMINE NO. 10 TO BIFURCATE TRIAL AND TO PRECLUDE
INTRODUCTION OF EVIDENCE OF DEFENDANTS' WEALTH IN PHASE ONE

Bifurcation of the liability and damage aspects of this punitive damage case is not only appropriate, it is an important safeguard to Continental's right to a fair and impartial trial. The portion of the trial sought to be bifurcated can be presented efficiently and without serious

impact on the time required for the entire trial. The benefit to both the parties and court of bifurcating the damage phase of this punitive damage trial, which may not even be necessary, far outweighs the minimal burden of adding a short second phase to the trial.

As this court is well aware, the issue of Continental's liability for punitive damages has not been decided. The danger of prejudicing the jury on the issue of liability by introducing evidence of Continental's wealth before that issue has been decided, together with the minimal burden of providing for a short second phase of the trial to determine the amount of such damages, should the jury reach that issue, militates strongly in favor of bifurcation.

There is no question that the court has broad discretion in deciding this issue. The unique circumstances of this case favor the use of a two-phase trial, since the question of liability for punitive damages, and the quantum of such damages, depend on segregable issues of proof. If the jury determines by clear and convincing evidence that Continental acted outrageously during the first phase of the trial, the evidence of an appropriate amount of punitive damages can be presented to them without further delay. The damage phase would not only be brief, none of the evidence from phase two would be necessary to the jury's initial finding of liability for punitive damages in phase one.

Because the evidence does not overlap and can be presented separately in an efficient fashion, and because the introduction of evidence of the wealth of the defendant could

very well color the jury's findings regarding liability, the court should exercise its discretion in this case to bifurcate the trial into liability and damage phases.

As Continental established in its principal motion, and the Government has failed to refute, "the preferred method" for balancing the competing interests of trial efficiency and the rights of the parties "is to delay trial as to the amount of an award of punitive damages until the usual issues of liability and compensatory damages have been tried, along with the matter of whether the defendant's conduct warrants any award of punitive damages at all."  Smith v. Lightening Bolt Prods., Inc., 861 F.2d 363, 374 (2d Cir. 1988).

The cases cited by the United States concerning the trial of actual damages together with punitive damages are distinguishable.  This case is about liability for punitive damages, and the amount of any such punitive damages.  None of the cases cited by the Government squarely address that circumstance.  For instance, in Hangarter v. Provident Life and Accident Ins. Co., 373 F.3d 998 (9th Cir. 1994), the issue was whether to try "the issues of liability for contract damages and liability for punitive damages for tortious breach of that contract together. . . ."  Id. at 1021.  Because the evidence supporting these two claims by and large overlapped, it would not have been efficient to try the issues separately, and consequently was not an abuse of discretion to try the issues together.  Id.  That is not the case here.

In Johnson v. Celotex Corp., 899 F.2d 1281 (2nd Cir. 1990), also cited by the Government, the fact that the court did not bifurcate the trial was of little significance, since in

USA v. Continental; Case No. A98-285 CV (JWS)
Reply in Support of Motion in Limine No. 10
Page 3 of 6

that case, the defendant "never specifically made a request for bifurcation of the damages aspect of the punitive damages claim. . . ." Id. at 1289. Again, that is not a situation faced by this court.

Here, the jury should be permitted to consider the evidence relevant to whether Continental's conduct was outrageous without regard to Continental's wealth. This procedure ensures that the jury is neither confused nor biased by that financial information. Whether Continental's conduct merits punishment has nothing to do with its wealth. Shane v. Rhines, 672 P.2d 895, 900 (Alaska 1983). Evidence of Continental's wealth should only be presented if the jury decides that Continental should be punished.

There are sound policy reasons for having a jury consider a defendant's conduct without regard to its wealth before turning to the measure of any punishment that may be appropriate. Statutes like AS 09.17.020 have codified the modern trend to isolate evidence concerning a defendant's wealth, and thus its ability to respond to a punitive damage award, from the proof that the defendant acted outrageously. See, also Model Punitive Damage Act, § 11 (1996). "In a trial involving a claim for punitive damages in which evidence may be admissible solely on the issue of the liability for or the amount of punitive damages, the court upon motion of a party shall order a separate trial of the issue if necessary to avoid undue prejudice." Of course, neither the statute nor the Model Act is binding on this court, but they do provide useful guidance concerning the procedure for presenting the evidence to a jury in a punitive damage case.

The jury should only hear evidence of Continental's wealth if it first decides that it has acted outrageously. For that reason, the court should order that the damage phase of this trial be bifurcated from the liability phase, and order that no evidence of Continental's wealth be permitted during the liability phase of the trial.

DATED at Anchorage, Alaska, this 8th day of May, 2006.

        GUESS & RUDD P.C.
        Attorneys for Defendant


By:     s/Gary A. Zipkin
        Guess & Rudd P.C.
        510 L Street, Suite 700
        Anchorage, Alaska 99501
        Phone: 907-793-2200
        Fax: 907-793-2299
        Email: gzipkin@guessrudd.com
        Alaska Bar No. 7505048

QUINN EMANUEL URQUHART
  OLIVER & HEDGES, LLP
Attorneys for Defendant


By: ___s/A. William Urquhart_____
    Quinn Emanuel Urquhart
     Oliver & Hedges, LLP
    865 South Figueroa Street, 10th Floor
    Los Angeles, CA  90017
    Phone: 1-213-443-3000
    Fax:   1-213-443-3100
    Email: billurquhart@quinnemanuel.com


CERTIFICATE OF SERVICE
I hereby certify that on the
8th day of May, 2006, a copy
of the foregoing document was served
electronically on:

Richard L. Pomeroy, Esq.
Christopher Tayback, Esq.
A. William Urquhart, Esq.
Richard Stone, Esq.

Guess & Rudd P.C.


By:_____s/Gary A. Zipkin_

F:\DATA\6024\1\Pleading\103 Reply Mtn Lim 10.doc