Gary A. Zipkin, Esq.
Guess & Rudd P.C.
510 L Street, Suite 700
Anchorage, AK  99501
Phone:   (907) 793-2200
Fax:     (907) 793-2299
E-mail:  gzipkin@guessrudd.com

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,           ) | |
|                                    ) | |
|            Plaintiff,              ) | |
|                                    ) | |
| vs.                                 ) | |
|                                    ) | |
| CNA FINANCIAL CORPORATION           ) | |
| AND THE CONTINENTAL                 ) | |
| CASUALTY COMPANY d/b/a              ) | |
| THE CONTINENTAL INSURANCE           ) | |
| COMPANY,                            ) | Case No. 3:98-cv-285-JWS |
|                                    ) | |
|            Defendants.             ) | |
| _____) | |

DEFENDANTS' REPLY IN SUPPORT OF
MOTION IN LIMINE NO. 11 TO ENFORCE DAMAGES STIPULATIONS

        On three different occasions, the Government offered to stipulate to specified

limitations about its damages during the course of depositions.  In each of those three instances,

the Government's offer induced counsel for defendants to terminate the line of questioning to the

Government's witness, because counsel for the defendants took the Government at its word --

that the appropriate stipulations would be forthcoming.  However, when counsel for the

USA v. Continental; Case No. 3:98-cv-285-JWS
Defendants' Reply in Support of Motion in Limine No. 11
Page 1 of 7

defendants sent the proposed stipulations to counsel for the Government, counsel for the Government refused to sign.  Now, in its opposition to defendants' motion in limine (No. 11) to enforce those stipulations, the Government asks this court to countenance its double-dealing and the Government even has the temerity to suggest to this court that the <u>defendants</u> are guilty of taking "serious liberties with the record."

Defendants are not amused by the Government's tactic and this court should not be amused, either.  A fair review of the record supplied by defendants in its opening memorandum clearly reveals that counsel for the Government offered, supposedly in good faith, to enter into written stipulations relating to the specified limitations in the Government's damages in order to induce counsel for defendants to end the particular line of questioning at issue.  In each of those instances, counsel for the Government was successful in his effort to convince counsel for defendants not to bother pursuing the line of inquiry because the Government would work cooperatively with defendants to turn the proposed stipulations into binding written stipulations.  The time has come for the Government to honor its pledges.  Since the Government obviously will not do this voluntarily, the court should provide the necessary impetus.

This court has admonished the parties to stipulate to "<u>all</u> facts upon which a party intends to rely and which the opposing party does not intend to controvert."  Docket 171 at ¶ 2 (emphasis in original).  The facts about which the United States offered to stipulate are ones that truly are not in genuine dispute.  As such, they should be established as undisputed facts in this

<u>USA v. Continental</u>; Case No. 3:98-cv-285-JWS
Defendants' Reply in Support of Motion in Limine No. 11
Page 2 of 7

matter by an order enforcing the stipulation proposed by Continental filed as an exhibit to this motion in limine.[1]

### A.  No *Kallstrom* re-tender damages

The Government concedes that it incurred no damages from the time of the Kallstrom re-tender in October 2001, yet it maintains there is no reason to enforce a proposed stipulation on that very subject that its counsel has refused to sign. It is because its counsel has refused to sign the stipulation that the present motion was filed. The Government obviously has no substantive basis for its stubborn refusal to put this stipulation in writing. The court should therefore enter an order establishing the fact that the Government has suffered no damages, including defense costs, as a result of the failure by Continental to respond to the re-tender of the Kallstrom counterclaim in October, 2001.

### B.  No increase in underlying settlement amount

The Government orally agreed, through counsel, that it would enter into a stipulation to the effect that nothing Continental did increased the amount of its underlying settlement with the Wilsons.[2] However, when a written stipulation to that effect was presented to it, the Government attempted to back away from that position by claiming it was not

---

[1] Zipkin Decl., Ex. C.

[2] Zipkin Decl. Ex. A, pg. 3.

USA v. Continental; Case No. 3:98-cv-285-JWS
Defendants' Reply in Support of Motion in Limine No. 11
Page 3 of 7

authorized to enter into such an agreement.[3]  This kind of behavior should not be condoned, especially when it has clearly caused Continental not to pursue discovery into certain aspects of the Government's damage claims based on the oral representations of the Government's counsel that it would stipulate to those matters.  The court's assistance is required to enforce the following simple stipulation sought by Continental: "The Government settled the underlying Federal Tort Claims Act case brought by the Wilsons for $2.8 million.  Continental's rejection of the Government's tenders did not increase the amount of that settlement.  Even if Continental had accepted the Government's first tender, the amount of the eventual settlement with the Wilsons would have been the same."[4]

The first sentence of this proposed stipulation has already been included in the joint statement of uncontested facts.  Docket 284 at ¶ 32.  The two remaining sentences simply reflect facts that the Government's attorneys said during the course of depositions they would agree to upon submission of an appropriate written stipulation.  In reliance on these assurances, lines of questioning concerning the bases for this aspect of the Government's damage claim was not pursued further and the proposed written stipulation was provided.  It appears that the Government's attorneys' concerns was not with the exact language of the stipulation or, presumably, they would have suggested alternative language.  Instead, despite their previous assurances that the Government would stipulate to those facts, they simply aver that they "do not have authority" to agree to that which they had already agreed upon.  The court should hold the

---

[3] Zipkin Decl. Ex. D.

[4] Zipkin Decl. Ex. C.

USA v. Continental; Case No. 3:98-cv-285-JWS
Defendants' Reply in Support of Motion in Limine No. 11
Page 4 of 7

Government to the promises of its lawyers and include this statement as an undisputed and established fact.

    C.    <u>No injury other than settlement payment and defense costs</u>

The Government again ignores the fact that it <u>did</u> offer to stipulate that the only underlying damages it incurred were the amount of the Wilson settlement and its defense costs. While it is true that Ms. Senn interjected that she would still opine about more general matters such as "the serious harm that <u>would arise</u> from allowing this kind of conduct by an insurance company,"[5] this testimony does not change the nature of the damages that have actually been incurred in this case.

The Government has not suggested that it has suffered damages beyond the cost of the Wilson settlement and its defense costs and offers no argument (let alone admissible evidence) that any such damages exist. There is no reason to consider this an issue of disputed fact where the Government has offered to stipulate to it, and where the Government provides no proof that there is any genuine issue in dispute, but simply wishes to take back its original offer. Ms. Senn's comments did not address the issue of the proposed stipulation, which relate to the nature of the Government's past damages. Consequently, it is "disingenuous at best"[6] for the Government to hide behind the statement "she's the expert" as a supposed basis for its refusal to enter into the written stipulation. The Government's compensatory damages are not at issue in

---

[5] Zipkin Decl. Ex. A, at pg. 5.

[6] A phrase all too frequently employed by the Government in its briefing to this court, without legitimate basis, unlike the current use of the phrase.

<u>USA v. Continental</u>; Case No. 3:98-cv-285-JWS
Defendants' Reply in Support of Motion in Limine No. 11
Page 5 of 7

the upcoming trial and, whatever their precise nature, certainly cannot exceed the cost of the Wilson settlement and the Government's defense costs.  The jury should be informed that there is no dispute about the extent of the compensatory damages the Government has incurred.

## Conclusion

For the foregoing reasons, defendants respectfully request that the court either instruct the jury that the facts set forth in defendants' stipulation filed as Exhibit C to their motion are undisputed or permit further discovery for the limited purpose of allowing defendants to inquire further into the nature and extent of the Government's claimed damages.

DATED at Anchorage, Alaska, this 8th day of May, 2006.

GUESS & RUDD P.C.
Attorneys for Defendants

By: _____S/Gary A. Zipkin_____
Guess & Rudd P.C.
510 L Street, Suite 700
Anchorage, Alaska  99501
Phone: 907-793-2200
Fax:   907-793-2299
Email: gzipkin@guessrudd.com
Alaska Bar No. 7505048

USA v. Continental; Case No. 3:98-cv-285-JWS
Defendants' Reply in Support of Motion in Limine No. 11
Page 6 of 7

          QUINN EMANUEL URQUHART
            OLIVER & HEDGES, LLP
         Attorneys for Defendants

By:    S/A. William Urquhart
       Quinn Emanuel Urquhart
        Oliver & Hedges, LLP
       865 South Figueroa Street, 10th Floor
       Los Angeles, CA  90017
       Phone: 1-213-443-3000
       Fax:   1-213-443-3100
       Email: billurquhart@quinnemanuel.com

CERTIFICATE OF SERVICE

I hereby certify that on the
8th day of May, 2006, a copy
of the foregoing document was served
electronically on:

Richard L. Pomeroy, Esq.
Christopher Tayback, Esq.
A. William Urquhart, Esq.
Richard Stone, Esq.

Guess & Rudd P.C.

By:    S/Gary A. Zipkin

F:\DATA\6024\1\Pleading\101 Reply re Mtn Lim #11.DOC

USA v. Continental; Case No. 3:98-cv-285-JWS
Defendants' Reply in Support of Motion in Limine No. 11
Page 7 of 7