DEBORAH M. SMITH
Acting United States Attorney

RICHARD L. POMEROY
Assistant U.S. Attorney
222 West Seventh Avenue, #9
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
E-mail:  richard.pomeroy@usdoj.gov

RICHARD R. STONE, SR.
Trial Attorney
U.S. Department of Justice
P.O. Box 888
Benjamin Franklin Station
Washington, D.C.  20044
Phone: (202) 616-4291
Fax: (202) 616-5200
E-mail:  richard.stone@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>  v.<br><br>THE CONTINENTAL CASUALTY COMPANY, dba THE CONTINENTAL INSURANCE COMPANY,<br><br>       Defendant. | Case No. 3:98-cv-00285-JWS<br><br>**REPLY TO OBJECTIONS TO THE UNITED STATES' PROPOSED DEPOSITION DESIGNATIONS** |

    Defendant Continental  has objected to the designation of portions of the depositions of

Erin Finn and Lawrence Boysen.  Docket No. 309.  Continental has voiced a general objection to

the designation of their depositions as well as specific objections to the portions of the

depositions that have been designated and has offered counter designations. These are addressed below.

**1. Reply to General Objection**

Continental's general objection to the designation of any portion of the depositions of the witnesses that they identified pursuant to a Rule 30(b)(6) request is that they will appear live at trial and that it will be more efficient for their testimony to be presented live. Plaintiff would also prefer a witness to testify in person rather than by deposition transcript, but this deceptive objection by Continental overlooks the fact that Ms. Finn and Mr. Boysen, projected as the 27th and 28th witnesses to be called by Continental in its case, are not subject to subpoena for trial by the Plaintiff for presentation as part of Plaintiff's case. Also their testimony, elicited by cross examination days after the Plaintiff presented its case in chief, would not be clearly identified as part of the Plaintiff's case. It is also surprising that Continental would not be comfortable with its 30(b)(6) witnesses' deposition testimony. If Continental expects them to testify differently in person, Plaintiff is entitled to know that now.

**2. Reply to Objections to Specific Designated Testimony**

Continental's objections to the portions of the deposition transcripts that have been designated fall into a few categories.

Continental objects to almost all of the portions of Lawrence Boysen's deposition and several of the designated portions of Erin Finn's deposition, claiming that they are not relevant in as far as the testimony concerns Continental Casualty Corporation. See Docket No. 309-1 at 3-6, 10. This claim of irrelevance stems from the arguments presented by Continental in its motion to dismiss Continental Casualty Corporation as a party. Docket No. 237. The decision of the court

on that motion will have a large bearing on the merits of this objection. If the court denies the motion, Continental's objections will be moot. If the court grants the motion, then the United States may wish to withdraw certain of the designated portions of the deposition.

Similarly, Continental objects to most of the portions of Erin Finn's deposition, claiming that they are not relevant in as far as the testimony concerns Continental's failure to accept the retender of defense of the Kallstrom litigation. See Docket No. 309-1 at 6-10. This claim of irrelevance stems from the arguments presented by Continental in its motion in limine to exclude evidence of Continental's other acts of bad faith. Docket No. 251. As with the objections to testimony about Continental Casualty Company's control of Continental Insurance Company identified in the preceding paragraph, the decision of the court on the motion in limine will have a large bearing on the merits of this objection. If the court denies the motion, Continental's objections would be moot. If the court grants the motion, then the United States may wish to withdraw certain of the designated portions of the deposition.

Continental also objects to a lack of foundation to the portion of the Boysen deposition discussing the part of the Report on Association Examination as to Financial Condition of Continental Insurance Company explaining the Management and Control of the company, particularly the organizational chart showing that Continental Casualty Company owns 100% of Continental Insurance Company. Docket No. 309 at 3. Continental does not cite Fed.R.Evid. 901 as the basis for the objection; in fact no explanation or rule is cited. The document was produced by Continental as part of the Rule 30(b)(6) deposition, thus authentication cannot be a basis for objection. Continental also objects to this designation on relevance grounds, but no

further explanation is offered. This is an overly broad objection without merit akin to the boilerplate objections to exhibits that Continental has made. It should be denied.

### 3. Continental's Proposed Counter Designations

Finally, the United States has only two objections to Continental's proposed counter-designations. First, Continental proposes to counter-designate p. 36, ln 1 of Erin Finn's deposition. This line contains two sentence fragments of Continental's counsel's objection. It does not bear on the designated portion of the deposition and would only confuse the jury. Second, Continental proposes to counter-designate a portion of Ms. Finn's deposition from page 39, line 2 to line 7. Line 2 contains a sentence fragment; the United States would not oppose a counter designation beginning with line 3.

Otherwise, the United States has no objections to the portions of the Finn and Boysen depositions that Continental has requested to be counter-designated, subject to the inclusion of the following five counter-counter designations:

| | |
|---|---|
| Boysen deposition: | Page 44, ln 9 - 17 |
| | Page 46, ln 6 - 9 |
| Finn deposition: | Page 21, ln 9 - 12 |
| | Page 26, ln 9 to Page 27, ln 15 |
| | Page 41, ln 21 to Page 42, ln 7 |

    Respectfully submitted this 11th day of May, 2006, in Anchorage, Alaska.

                                                          DEBORAH M. SMITH
                                                          Acting United States Attorney

                                                          s/Richard L. Pomeroy
                                                          Assistant U.S. Attorney
                                                          222 West 7th Ave., #9, Rm. 253
                                                          Anchorage, AK 99513-7567
                                                          Phone: (907) 271-5071
                                                          Fax: (907) 271-2344
                                                          E-mail: richard.pomeroy@usdoj.gov
                                                          AK #8906031

                                                          s/Richard R. Stone, Sr.
                                                          Trial Attorney
                                                          U.S. Department of Justice
                                                          P.O. Box 888
                                                          Benjamin Franklin Station
                                                          Washington, D.C. 20044
                                                          Phone: (202) 616-4291
                                                          Fax: (202) 616-5200 fax
                                                          E-mail: richard.stone@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on May 11, 2006,
a copy of the foregoing REPLY TO
OBJECTIONS TO THE UNITED STATES'
PROPOSED DEPOSITION DESIGNATIONS
was served electronically on Gary A. Zipkin
and William Urquhart and on

Rebecca L. Ross
Ross, Dixon & Bell, LLP
55 West Monroe Street, Suite 3000
Chicago, IL 60603-5758
(312) 759-1920
(312) 759-1939 fax

by facsimile

s/ Richard L. Pomeroy