DEBORAH M. SMITH
Acting United States Attorney

RICHARD L. POMEROY
Assistant U.S. Attorney
222 West Seventh Avenue, #9
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
E-mail: richard.pomeroy@usdoj.gov

RICHARD R. STONE, SR.
Trial Attorney
U.S. Department of Justice
P.O. Box 888
Benjamin Franklin Station
Washington, D.C. 20044
Phone: (202) 616-4291
Fax: (202) 616-5200
E-mail: richard.stone@usdoj.gov

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>THE CONTINENTAL CASUALTY COMPANY, dba THE CONTINENTAL INSURANCE COMPANY,<br><br>        Defendant. | Case No. 3:98-cv-00285-JWS<br><br>**UNITED STATES' REPLY TO CONTINENTAL'S OBJECTIONS AT DOCKET 308 TO THE UNITED STATES' EXHIBIT LIST AT DOCKET 287** |

<u>GENERAL RESPONSE</u>

Continental's objections based on alleged lack of foundation are unfounded and premature.[1]  Relying on lack of foundation, Continental generally asserts that the United States "has failed to name any witness who can lay the necessary foundation to admit [the exhibit] into evidence at trial."  See, <u>e.g.</u>, Dkt. 308 at 2, ¶ 2.  However, Continental's lack of foundation objections are unfounded because, the listed documents meet one or more of the following criteria:

1) Already received into evidence in the summary judgment phase without objection and on the point for which the document is being presented;

2) Either prepared by, or received by, a Continental Insurance or Continental Casualty employee who has been listed to testify by Continental and the document has been produced by Continental from its business files or its attorney's files;

3) Either prepared by, or received by, a witness listed by the United States on its witness list, or by a witness on Continental's list that the United States also has reserved the right to call;

4) Has been introduced into evidence in the recent summary judgment motion round by Continental through declaration or an affidavit of the person preparing or receiving it or by an affidavit of counsel, <u>e.g.</u>, Craig Stowers, Ray Faccenda, James Friderici;

---

[1]  Continental alleges lack of foundation regarding exhibits: 1-9, 11, 13-14, 17-20, 23-28, 30-31, 34-36, 38-42, 46-47, 49-54, 56.

5)  May be relied on by the experts in this matter as authentic, sufficiently identified, and

containing reliable data or information upon which they may opine based on their

expertise regarding those insurance matters and the documentation of the companies'

activities.

Continental has objected to certain handwritten notes that it produced during discovery.

See, e.g., objections to exhibits 51 & 52.  Dkt. 308.  These documents do not require additional

identification; and, they demonstrate state of mind, in addition to providing other admissible

evidence.  These documents meet the requirements for authentication and identification:

> 'The requirement of authentication or identification as a condition precedent
> to admissibility is satisfied by evidence sufficient to support a finding that the
> matter in question is what its proponent claims.'  We have repeatedly noted
> that "[t]he burden of proof for authentication is slight.'

Lexington Ins. Co. v. Western Pennsylvania Hospital, 423 F.3d 318, 328-30 (3rd Cir.

2005)(Internal business document consisting of handwritten notes sufficiently identified even

though prepared by unknown employee and correct date unknown when clearly prepared by

insurer against whom it was proffered.)

Continental has not contested the authenticity of any document that it contends lacks

foundation.  The United States throughout this litigation has raised and relied on many of  the

documents that Continental's third set of attorneys now contends for the first time cannot be

introduced due to lack of a proper foundation.  At the summary judgment stage, Continental was

"accorded the same evidentiary safeguards that would be applicable at trial . . . ."  City of

Tenakee Springs v. Clough, 730 F.Supp. 1406, 1416 (D. Alaska 1990), reversed on other

grounds, 915 F.2d 1308 (9th Cir. 1990).  As has been true throughout the past several months

with Continental's most recent attorneys, this foundation argument seems to be for no purpose other than to avoid having the jury hear reliable evidence of Continental's bad acts. It is clear that if the witness (who is listed in Continental's witness list for almost every document opposed on the basis of foundation) were called in the United States' case in chief any Continental lack of foundation contention would be removed.[2] This attempted frustration of the trial process through unnecessarily increased complication and expense should be halted at this juncture. Continental only contends that the foundation for the documents is objectionable because allegedly no witness is listed to provide foundation. In light of the above this objection is both baseless and premature.

Continental also objects to some of the government's exhibits as "irrelevant and thus inadmissible and/or its marginal relevance 'is substantially out-weighed by the danger of unfair prejudice, confusion of the issues, or misleading to the jury.'"[3] These objections likely also will be overruled at trial, in part for the reasons discussed above. It seems unarguable that

---

[2] This Court has recently spoken on this very issue. This Court's opinion is unpublished, but it does not appear likely that on this evidentiary issue the Court's approach would vary.

> The parties are advised that the court assumes no party will offer an exhibit without first attempting to lay an adequate foundation for its admission. When an exhibit is offered, any objection based upon lack of authentication or other missing foundation must be renewed. The court also assumes that no party will insist upon consuming judicial and litigant resources by persisting in a foundation objection where it is clear that if a particular witness were called, the foundation would be established.

(Emphasis added) United States v. Keiwit Constr. Co., 2005 WL 1277953 at 8 (D. Alaska 2005).

[3] These objections apply to the following United States exhibits: 2, 4-9, 11, 17, 19, 27-28, 38-39, 49, 52-57.

Continental's correspondence, notes, and reports to and from Continental personnel and to and from such personnel and Continental's lawyers regarding the United States' tenders of defense are relevant to both Continental's bad faith and to punitive damages. If prejudicial, it is because Continental recorded its bad acts within much of that documentation or the documentation establishes delays and avoidances, among other acts. If these items of evidence prejudice Continental, it is not "unduly" prejudiced. Also, these documents provide contemporaneous evidence of defendants' state of mind and clarify Continental's acts for the jury, they do not mislead or confuse. It is a mistake to believe that the jury will be confused by the facts. Further, Continental is not interested in <u>avoiding</u> confusion in the jury. Its handling of the issues leading up to trial establishes otherwise. Confusing the jury, and keeping the jury from hearing about its bad faith, are essentially the only defenses that Continental raises.

<u>RESPONSE TO SPECIFIC OBJECTIONS</u>

1.  Exhibit No. 1 - - Continental Insurance Policy, HMA 9500648-5 cannot lack foundation. The case has been to the Ninth Circuit, which has held the United States an insured under that policy. Completeness of the exhibit may be a legitimate objection. The parties should be able to agree to use only one complete policy at trial.

2.  Exhibits Nos. 2 - 4 - - See general response, above.

3.  Exhibits Nos. 5 through 9 - - See general response, above.

4.  Exhibit No. 10 - - No response, because no objection raised.

5.  Exhibit No. 11 - - See general response, above. Additionally, Continental contends that it is entitled to rely on advice of counsel, but here it objects to this letter that provides advice from Counsel Friderici to Hutson, Claims Director, Continental.

Selective reliance on counsel is not permitted.  Glenmed Trust v. Thompson, 56 F.3d 476, 486 (3rd Cir. 1995)("party should not be permitted to define selectively the subject matter of the advice of counsel on which it relied in order to limit the scope of the waiver of the attorney-client privilege and therefore the scope of the discovery"); United States v. Ortland, 109 F.3d 539, 543 (9th Cir. 1997)("A person cannot claim that he relied on counsel, while protecting what was said between them from disclosure."); Chevron Corp. v. Pennzoil Co., 974 F.2d 1156, 1162 (9th Cir. 1992)("The privilege which protects attorney-client communications may not be used both as a sword and a shield.").

6.  Exhibit No. 12 - - No response, because no objection raise.

7.  Exhibits Nos. 13-14 - - See general responses and response to no. 8, above.

8.  Exhibit No. 15 - - The United States will provide or withdraw the exhibit.

9.  Exhibit No. 16 - - No response, because no objection raised.

10. Exhibits Nos. 17-20 - - See general responses, above.

11. Exhibits Nos. 21-22 - - No response, because no objection raised.

12. Exhibits Nos. 23-28 - - See general responses, above.

13. Exhibit No. 29 - - No response, because no objection raised.

14. Exhibits Nos. 30-31 - - See general responses, above.

15. Exhibits Nos. 32-33 – No response, because no objection raised.

16. Exhibits Nos. 34-38 - - See general responses, above.

17. Exhibit No. 39 - - See general responses, above.  Additionally, the hearsay doctrine either does not apply to Mr. Friderici's letter or the letter meets one or more exceptions.  Again, this witness is listed to testify at trial.  Further, see response to item number 5 addressing exhibit

number 11, above, regarding selectivity of reliance on advice of counsel.

18. Exhibits Nos. 40-42 - - See general responses, above.

19. Exhibits Nos. 43-45 – No response, because no objection raised.

20. Exhibits Nos. 46-47 - - See general responses, above.

21. Exhibit No. 48 - - No response, because no objection.

22. Exhibits Nos. 50-52 - - See general response, above.  Regarding hearsay, these notes

contain admissions of Continental.  They also demonstrate state of mind.

23. Exhibits Nos. 53-54 - - See general responses, above.

24. Exhibits Nos. 55-56 - - Plaintiff's expert will rely on the standards and practices stated

in the documents.  It is expected that the jury instructions will avoid any confusion for the jury

regarding the standards applied.  Additionally, see general responses, above.

25. Exhibits Nos. 57-62 - - The depositions are included in the United States' exhibit list

out of an abundance of caution.  The parts intended to be used have been designated.  Dkt. No.

273.  The depositions may also be needed for rebuttal or for impeachment.

26. Exhibit No. 63 – The Policy Premium Chart has already been introduced into evidence

in this case without objection during the first round of summary judgment motions in 2001.

Further, it is admissible as an accurate summary of complex information that has been provided

to and available to Continental along with the underlying documents for approximately five

years, in which time Continental has provided no evidence of inaccuracy.  See Fed.R.Evid. 1006;

Amarel v. Connell, 102 F.3d 1494, 1516 (9th Cir. 1996).  Additionally, see general responses,

above.


USA v. The Continental Casualty Company
Case No. 3:98-cv-285-JWS                    -7-

27. Exhibit No. 64 - - The United States will rely on Deborah Senn's expert report only for the purpose of opposing any contentions by Continental that opinions or bases were not disclosed in her report.  It should be available as an exhibit for that purpose.  Deborah Senn will testify in person at trial regarding her opinions and conclusions.  The United States has never intended to use the report in any way as a substitute for in person testimony of the expert witness.  Further, the United States has opposed Continental's motion to exclude Deborah Senn. See Dkt. 301.

28. Exhibit No. 65 - - See opposition to objection to exhibit number 64, above.  Also, see United States' opposition to motion to exclude Deborah Senn at Docket No. 301.

29. Exhibits No. 66-67 - - The United States' response regarding objections to the report of expert Rick Gaskins is the same as for Deborah Senn, above at responses number 27 and 28. The schedules attached to the reports are admissible summaries and form a basis for the expert's opinions that will be stated at trial.  They have been available to Continental for almost six months, along with the underlying documents and a clear explanation of how they were derived and are intended to be used.  Continental has not identified any defect in these summaries that should prevent them from being used in any way, including as demonstrative exhibits.   See response no. 26, regarding exhibit no. 63, above.  Further, the United States has opposed Continental's motion in limine no. 5 at docket no. 321.

<u>CONCLUSION</u>

For the foregoing reasons each and every objection to the United States' exhibits should be overruled.

Respectfully submitted, this 11th day of May, 2006, in Anchorage, Alaska.

DEBORAH M. SMITH
Acting United States Attorney

s/Richard L. Pomeroy
Assistant U.S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
E-mail: richard.pomeroy@usdoj.gov
AK #8906031

s/Richard R. Stone, Sr.
Trial Attorney
U.S. Department of Justice
P.O. Box 888
Benjamin Franklin Station
Washington, D.C. 20044
Phone: (202) 616-4291
Fax: (202) 616-5200 fax
E-mail: richard.stone@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on May 11, 2006,
a copy of the foregoing UNITED STATES'
 REPLY TO CONTINENTAL'S OBJECTIONS
AT DOCKET 308 TO THE UNITED STATES'
 EXHIBIT LIST AT DOCKET 287
 was served electronically on Gary A. Zipkin
and William Urquhart and on

Rebecca L. Ross
Ross, Dixon & Bell, LLP
55 West Monroe Street, Suite 3000
Chicago, IL 60603-5758
(312) 759-1920
(312) 759-1939 fax

by facsimile

s/ Richard L. Pomeroy