Gary A. Zipkin, Esq.
Guess & Rudd P.C.
510 L Street, Suite 700
Anchorage, AK  99501
Phone:    (907) 793-2200
Fax: (907) 793-2299
E-mail:    gzipkin@guessrudd.com

Attorneys for Defendant


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA


| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>THE CONTINENTAL<br>CASUALTY COMPANY d/b/a<br>THE CONTINENTAL INSURANCE<br>COMPANY,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No. 3:98-cv-285-JWS |


CONTINENTAL'S OBJECTIONS TO THE
U.S.A.'S PROPOSED CROSS DEPOSITION DESIGNATIONS


Pursuant to this court's Order for Final Pre-Trial
Proceedings dated September 26, 2005, Dkt. 161, Continental
Casualty Company d/b/a The Continental Insurance Company
("Continental") hereby objects to the U.S.A.'s proposed cross
deposition designations, as follows:

## General Objections

The Government failed to object to any of Continental's specific deposition designations.  Therefore, any objections to specific lines or passages are waived.  This includes any objections that may have been made on the record at the time of the deposition because the Government failed to retain those objections.

Furthermore, the Government's objections to the entirety of certain witness' testimony is unsupported by the record.  The jury cannot be asked to determine whether Continental acted outrageously in a vacuum.  The circumstances that existed at the time Continental rejected the Government's tender are relevant to determine if Continental acted outrageously -- in fact, the circumstances that existed at that time are the only facts that are relevant to determine outrageousness.

Continental retains all objections made on the record as though they were fully reiterated herein.

<u>Specific Objections</u>

<u>William Hutson</u>

| Designated Testimony | Objections |
|---|---|
| p. 4, ln 3-5 | Continental objects to this designation because it is irrelevant. <u>See</u> Fed. R. Evid. 401 & 402. |
| p. 5, ln 6- p. 6, ln 2 | Continental objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." <u>See</u> Fed. R. Evid. 401, 402, & 403. CNA Insurance is not a party to this lawsuit; therefore, testimony regarding CNA Insurance's merger with Continental is irrelevant and should be excluded. |
| p. 9, ln 1-3 | Continental objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." <u>See</u> Fed. R. Evid. 401, 402, & 403. Whether Continental Insurance had a separate Health Care Division is irrelevant. |
| p. 14, ln 11-17 | Continental objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." <u>See</u> Fed. R. Evid. 401, 402, & 403. Mr. Hutson's other job duties are irrelevant to his handling of the tender by the Government. |
| p. 17, ln 13- p. 19, ln 2 | Continental objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." <u>See</u> Fed. R. Evid. 401, 402, & 403. How Mr. Hutson handled cases other than the Government's tender is irrelevant. |

| | |
|---|---|
| p. 19, ln 6-22 | Continental objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury."  <u>See</u> Fed. R. Evid. 401, 402, & 403.  What cases Mr. Hutson handled besides the Government's tender is irrelevant. |
| p. 22, ln 5- p. 23, ln 12 | Continental objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury."  <u>See</u> Fed. R. Evid. 401, 402, & 403.  The circumstances surrounding the underlying Wilson claim are irrelevant. |
| p. 24, ln 25- p. 25, ln 15 | Continental objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury."  <u>See</u> Fed. R. Evid. 401, 402, & 403. |
| p. 26, ln 7-20 | Continental objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury."  <u>See</u> Fed. R. Evid. 401, 402, & 403. |
| p. 27, ln 23- p.29, ln 4 | Continental objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury."  <u>See</u> Fed. R. Evid. 401, 402, & 403. |
| p. 33, ln 14-24 | Continental objects to the proposed designated testimony because it lacks foundation. Continental further objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury."  <u>See</u> Fed. R. Evid. 401, 402, & 403. |

| p. 34,<br>ln 14-22 | Continental objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." <u>See</u> Fed. R. Evid. 401, 402, & 403. |
|---|---|
| p. 40, ln 17-<br>p. 41, ln 21 | Continental objects to the proposed designated testimony because it lacks foundation. Continental further objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." <u>See</u> Fed. R. Evid. 401, 402, & 403. |
| p. 75,<br>ln 2-5 | Continental objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." <u>See</u> Fed. R. Evid. 401, 402, & 403. |
| p. 76, ln 23-<br>p. 77, ln 2 | Continental objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." <u>See</u> Fed. R. Evid. 401, 402, & 403. |
| p. 78,<br>ln 6-15 | Continental objects to the proposed designated testimony because it lacks foundation. Continental further objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." <u>See</u> Fed. R. Evid. 401, 402, & 403. |
| p. 82, ln 24-<br>p. 83, ln 4 | Continental objects to the proposed designated testimony because it lacks foundation. Continental further objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." <u>See</u> Fed. R. Evid. 401, 402, & 403. |

| | |
|---|---|
| p. 85, ln 16-21 | Continental objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." <u>See</u> Fed. R. Evid. 401, 402, & 403. |
| p. 91, ln 22- p. 93, ln 4 | Continental objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." <u>See</u> Fed. R. Evid. 401, 402, & 403. |
| p. 93, ln 23- p. 94, ln 18 | Continental objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." <u>See</u> Fed. R. Evid. 401, 402, & 403. |
| p. 99, ln 24- p. 100, ln 2 | Continental objects to the proposed designated testimony because it lacks foundation -- Mr. Hutson was not involved in underwriting policies for Continental. Continental further objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." <u>See</u> Fed. R. Evid. 401, 402, & 403. |
| p. 100, ln 9-19 | Continental objects to the proposed designated testimony because it lacks foundation -- Mr. Hutson was not involved in underwriting policies for Continental.  Continental further objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." <u>See</u> Fed. R. Evid. 401, 402, & 403. |

Susan Lindquist

| Designated Testimony | Objections |
|---|---|
| p. 12, ln 14-18 | Continental objects to the designated testimony because it is a colloquy of counsel and is not the testimony of the witness. |
| p. 25, ln 12-p. 26, ln 11 | Continental objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." See Fed. R. Evid. 401, 402, & 403. |
| p. 37, ln 17-p. 38, ln 4 | Continental objects to the proposed designated testimony because it lacks foundation. Continental further objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." See Fed. R. Evid. 401, 402, & 403. |
| p. 63, ln 12-p. 66, ln 14 | Continental further objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." See Fed. R. Evid. 401, 402, & 403.  Cases where an insurer accepted a tender subsequent to Continental's rejection of the tender are irrelevant to Continental's conduct at the time of the tender to it.  See also, Defendants' Motion In Limine No. 3 to Exclude Evidence or Argument Relating to the Court's Prior Bad Faith Rulings (Docket 253), including Reply (Docket 344). |
| p. 68 ln 7-13 | Continental objects to the proposed designated testimony because it lacks foundation. Continental further objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." See Fed. R. Evid. 401, |

| | |
|---|---|
| | 402, & 403. |
| p. 70<br>ln 12-20 | Continental further objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." See Fed. R. Evid. 401, 402, & 403.  Cases where an insurer accepted a tender subsequent to Continental's rejection of the tender are irrelevant to Continental's conduct at the time of the tender to it.  See also, Defendants' Motion In Limine No. 3 to Exclude Evidence or Argument Relating to the Court's Prior Bad Faith Rulings (Docket 253), including Reply (Docket 344). |
| p. 71<br>ln 8-23 | Continental objects to the proposed designated testimony because it lacks foundation. Continental further objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." See Fed. R. Evid. 401, 402, & 403. |
| p. 94, ln 20-<br>p. 95, ln 3 | Continental objects to the proposed designated testimony because it lacks foundation. Continental further objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." See Fed. R. Evid. 401, 402, & 403. |

Debra Segelhorst

The Government's objection to Ms. Segelhorst's testimony is misguided, and incorrect.  Ms. Segelhorst is the only employee for the Government that is able to testify regarding the actual facts, consequences, and application of the expansion of the FTCA to cover 638 contracts.  Ms. Segelhorst's testimony illustrates the understanding of the parties at the time Continental rejected the Government's tender.  Whether Continental acted outrageously is directly related to what all the parties believed, intended, and communicated at the time the insurance contract was entered into.  Therefore, Ms. Segelhorst's testimony is relevant and should be admitted at trial.

| Designated Testimony | Objections |
|---|---|
| P. 8, ln 7-15 | Continental objects to this designation because it is irrelevant.  See Fed. R. Evid. 401 & 402. |
| p. 9, ln 16-17 | Continental objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." See Fed. R. Evid. 401, 402, & 403. |
| p. 17, ln 13-p. 18, ln 7 | Continental objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." See Fed. R. Evid. 401, 402, & 403. |
| p. 20, ln 19-p. 21, ln 6 | Continental objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially |

|  | outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." <u>See</u> Fed. R. Evid. 401, 402, & 403. |
|---|---|
| p. 21, ln 11-17 | Continental objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." <u>See</u> Fed. R. Evid. 401, 402, & 403. |
| p. 25, ln 8-13 | Continental objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." <u>See</u> Fed. R. Evid. 401, 402, & 403. |
| p. 27, ln 13-16 | Continental objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." <u>See</u> Fed. R. Evid. 401, 402, & 403. |
| p. 45, ln 11- p. 46, ln 7 | Continental objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." <u>See</u> Fed. R. Evid. 401, 402, & 403. |
| p. 49, ln 14-25 | Continental objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." <u>See</u> Fed. R. Evid. 401, 402, & 403. |
| p. 52, ln 21-25 | Continental objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." <u>See</u> Fed. R. Evid. 401, 402, & 403. |
| p. 59, ln 19-23 | Continental objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially |

| | |
|---|---|
| | outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." <u>See</u> Fed. R. Evid. 401, 402, & 403. |
| p. 60, ln 9-10 | Continental objects to the designated testimony because it is a colloquy of counsel and is not the testimony of the witness.  Continental further objects because, as indicated above, the Government failed to retain any of its specific objections on the record and they are waived. |
| p. 65, ln 11-17 | Continental objects to the designated testimony because it is a colloquy of counsel and is not the testimony of the witness. |
| p. 68, ln 8-9 | Continental objects to the designated testimony because it is a colloquy of counsel and is not the testimony of the witness.  Continental further objects because, as indicated above, the Government failed to retain any of its specific objections on the record and they are waived. |
| p. 72, ln 10-19 | Continental objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." <u>See</u> Fed. R. Evid. 401, 402, & 403. |
| p. 74, ln 21-22 | Continental objects to the designated testimony because it lacks foundation, is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." <u>See</u> Fed. R. Evid. 401, 402, & 403. |
| p. 75, ln 21-22 | Continental objects to the designated testimony because it is a colloquy of counsel and is not the testimony of the witness.  Continental further objects because, as indicated above, the Government failed to retain any of its specific objections on the record and they are waived. |
| p. 77, ln 14-19 | Continental objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." |

| | |
|---|---|
| | <u>See</u> Fed. R. Evid. 401, 402, & 403. |
| p. 77, ln 23-24 | Continental objects to the designated testimony because it is a colloquy of counsel and is not the testimony of the witness.  Continental further objects because, as indicated above, the Government failed to retain any of its specific objections on the record and they are waived. |
| p. 78, ln 2-p. 79, ln 6 | Continental objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." <u>See</u> Fed. R. Evid. 401, 402, & 403. |
| p. 85, ln 5-6 | Continental objects to the designated testimony because it is a colloquy of counsel and is not the testimony of the witness.  Continental further objects because, as indicated above, the Government failed to retain any of its specific objections on the record and they are waived. |
| p. 87, ln 3-4 | Continental objects to the designated testimony because it is a colloquy of counsel and is not the testimony of the witness.  Continental further objects because, as indicated above, the Government failed to retain any of its specific objections on the record and they are waived. |
| p. 87, ln 16-17 | Continental objects to the designated testimony because it is a colloquy of counsel and is not the testimony of the witness.  Continental further objects because, as indicated above, the Government failed to retain any of its specific objections on the record and they are waived. |
| p. 89, ln 11-14 | Continental objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." <u>See</u> Fed. R. Evid. 401, 402, & 403. |
| p. 94, ln 7-23 | Continental objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." |

| | |
|---|---|
| | <u>See</u> Fed. R. Evid. 401, 402, & 403. |
| p. 95, ln 3-13 | Continental objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." <u>See</u> Fed. R. Evid. 401, 402, & 403. |
| p. 95, ln 22- p. 98, ln 23 | Continental objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." <u>See</u> Fed. R. Evid. 401, 402, & 403. |

<u>Lori Wing</u>

The Government's objection to Ms. Wing's testimony is misguided, and incorrect. Ms. Wing's testimony illustrates the understanding and intent of the parties at the time the insurance contract was entered into. Whether Continental acted outrageously is directly related to what all the parties believed, intended, and communicated at the time the insurance contract was entered into. Therefore, Ms. Wing's testimony is relevant and should be admitted at trial.

| Designated Testimony | Objections |
|---|---|
| P. 83, ln 6-7 | Continental objects to the designated testimony because it is a colloquy of counsel and is not the testimony of the witness. Continental further objects because, as indicated above, the Government failed to retain any of its specific objections on the record and they are waived. |

| | |
|---|---|
| P. 122, ln 1-<br>P. 123, ln 13 | Continental objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." <u>See</u> Fed. R. Evid. 401, 402, & 403. |
| p. 124, ln 5-<br>p. 125, ln 5 | Continental objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." <u>See</u> Fed. R. Evid. 401, 402, & 403. |
| p. 127,<br>ln 6-19 | Continental objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." <u>See</u> Fed. R. Evid. 401, 402, & 403.  Continental further retains the objection on the record to the form of the question. |
| p. 127, ln 24-<br>p. 128, ln 17 | Continental objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." <u>See</u> Fed. R. Evid. 401, 402, & 403.  Continental further retains the objection on the record to the form of the question. |
| p. 132, ln 13-<br>p. 133, ln 23 | Continental objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." <u>See</u> Fed. R. Evid. 401, 402, & 403. |
| p. 134, ln 23-<br>p. 137, ln 5 | Continental objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." <u>See</u> Fed. R. Evid. 401, 402, & 403. |
| p. 138, ln 9-<br>p. 141, ln 13 | Continental objects to the designated testimony because it is irrelevant and thus inadmissible |

| | |
|---|---|
| | and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." <u>See</u> Fed. R. Evid. 401, 402, & 403. |
| p. 145, ln 18-p. 147, ln 25 | Continental objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." <u>See</u> Fed. R. Evid. 401, 402, & 403. Continental further retains the objection on the record to the form of the question. |
| p. 148 ln 8-23 | Continental objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." <u>See</u> Fed. R. Evid. 401, 402, & 403. Continental further retains the objection on the record to the form of the question. |
| p. 149 ln 1-4 | Continental objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." <u>See</u> Fed. R. Evid. 401, 402, & 403. Continental further retains the objection on the record to the form of the question. |
| p. 149, ln 7-p. 156, ln 6 | Continental objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." <u>See</u> Fed. R. Evid. 401, 402, & 403. Continental further retains the objection on the record to the form of the question. |
| p. 161, ln 10-p. 163, ln 12 | Continental objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." <u>See</u> Fed. R. Evid. 401, 402, & 403. |
| p. 163, ln 23-p. 164, ln 10 | Continental objects to the proposed designated testimony because it lacks foundation. |

| | |
|---|---|
| | Continental further objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." <u>See</u> Fed. R. Evid. 401, 402, & 403. |
| p. 172, ln 22-p. 173, ln 19 | Continental objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." <u>See</u> Fed. R. Evid. 401, 402, & 403. |
| p. 202, ln 4-23 | Continental objects to the proposed designated testimony because it lacks foundation. Continental further objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." <u>See</u> Fed. R. Evid. 401, 402, & 403. |
| p. 209, ln 3-p. 210, ln 5 | Continental objects to the proposed designated testimony because it lacks foundation. Continental further objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." <u>See</u> Fed. R. Evid. 401, 402, & 403. |

<u>Debra Wyatt-Brown</u>

The Government's objection to Ms. Wyatt-Brown's testimony is misguided, and incorrect. Ms. Wyatt-Brown's testimony illustrates the understanding and intent of the parties at the time the insurance contract was entered into. Whether Continental acted outrageously is directly related to what all

the parties believed, intended, and communicated at the time the insurance contract was entered into.  Therefore, Ms. Wyatt-Brown's testimony is relevant and should be admitted at trial.

| Designated Testimony | Objections |
|---|---|
| p. 13, ln 8-17 | Continental objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." See Fed. R. Evid. 401, 402, & 403. |
| p. 14, ln 10-16 | Continental objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." See Fed. R. Evid. 401, 402, & 403. |
| p. 16, ln 2- p. 18, ln 12 | Continental objects to the designated testimony because it is an incomplete extrapolation of Ms. Wyatt-Brown's testimony.  Continental further objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury."  See Fed. R. Evid. 401, 402, & 403. |
| p. 24, ln 8- p. 26, ln 10 | Continental objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." See Fed. R. Evid. 401, 402, & 403. |
| p. 30, ln 7-18 | Continental objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." See Fed. R. Evid. 401, 402, & 403. |
| p. 35, ln 2- p. 36, ln 4 | Continental objects to the designated testimony because it is irrelevant and thus inadmissible |

| | |
|---|---|
| | and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." <u>See</u> Fed. R. Evid. 401, 402, & 403. |
| p. 36, ln 9-<br>p. 37, ln 5 | Continental objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." <u>See</u> Fed. R. Evid. 401, 402, & 403. |
| p. 39, ln 15-<br>p. 42, ln 4 | Continental objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." <u>See</u> Fed. R. Evid. 401, 402, & 403. |
| p. 46, ln 17-<br>p. 47, ln 6 | Continental objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." <u>See</u> Fed. R. Evid. 401, 402, & 403. |
| p. 49, ln 17-<br>p. 50, ln 13 | Continental objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." <u>See</u> Fed. R. Evid. 401, 402, & 403. |
| p. 60<br>ln 10-21 | Continental objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." <u>See</u> Fed. R. Evid. 401, 402, & 403. |
| p. 62, ln 24-<br>p. 63, ln 3 | Continental objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." <u>See</u> Fed. R. Evid. 401, 402, & 403.  Continental further retains the objection on the record to the form of the question. |

| p. 63,<br>ln 6-20 | Continental objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." <u>See</u> Fed. R. Evid. 401, 402, & 403. Continental further retains the objection on the record to the form of the question. |
| --- | --- |
| p. 63, ln 24-<br>p. 65, ln 7 | Continental objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." <u>See</u> Fed. R. Evid. 401, 402, & 403. Continental further retains the objection on the record to the form of the question. |
| p. 66, ln 20-<br>p. 70, ln 18 | Continental objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." <u>See</u> Fed. R. Evid. 401, 402, & 403. |
| p. 70, ln 24-<br>p. 71, ln 3 | Continental objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." <u>See</u> Fed. R. Evid. 401, 402, & 403. |
| p. 72,<br>ln 11-18 | Continental objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." <u>See</u> Fed. R. Evid. 401, 402, & 403. Continental further retains the objection on the record to the form of the question. |
| p. 74,<br>ln 23-25 | Continental objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." <u>See</u> Fed. R. Evid. 401, 402, & 403. Continental further retains the objection on the record to the form of the question. |

| p. 75, ln 6-16 | Continental objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." See Fed. R. Evid. 401, 402, & 403. Continental further retains the objection on the record to the form of the question. |
| --- | --- |
| p. 76, ln 18- p. 77, ln 19 | Continental objects to the proposed designated testimony because it lacks foundation. Continental objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." See Fed. R. Evid. 401, 402, & 403. |
| p. 80, ln 25- p. 81, ln 24 | Continental objects to the proposed designated testimony because it lacks foundation. Continental further objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." See Fed. R. Evid. 401, 402, & 403. |
| p. 84, ln 18- p. 86, ln 25 | Continental objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." See Fed. R. Evid. 401, 402, & 403. |
| p. 87, ln 6-16 | Continental objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." See Fed. R. Evid. 401, 402, & 403. |
| p. 92, ln 12-20 | Continental objects to the proposed designated testimony because it lacks foundation. Continental further objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." See Fed. R. Evid. 401, 402, & 403. |

| p. 101, ln 8-<br>p. 104, ln 5 | Continental objects to the proposed designated testimony because it lacks foundation.  Continental further objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury."  <u>See</u> Fed. R. Evid. 401, 402, & 403. |
|---|---|
| p. 104,<br>ln 15-20 | Continental objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." <u>See</u> Fed. R. Evid. 401, 402, & 403. |
| p. 106,<br>ln 4-22 | Continental objects to the proposed designated testimony because it lacks foundation.  Continental further objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury."  <u>See</u> Fed. R. Evid. 401, 402, & 403. |
| p. 117,<br>ln 3-15 | Continental objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." <u>See</u> Fed. R. Evid. 401, 402, & 403. |
| p. 123, ln 15-<br>p. 124, ln 6 | Continental objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." <u>See</u> Fed. R. Evid. 401, 402, & 403. |
| p. 134, ln 17-<br>p. 135, ln 3 | Continental objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." <u>See</u> Fed. R. Evid. 401, 402, & 403. |
| p. 149,<br>ln 19-23 | Continental objects to the proposed designated testimony because it lacks foundation.  Continental further objects to the designated testimony because it is irrelevant and thus inadmissible and/or its |

| | |
|---|---|
| | marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." <u>See</u> Fed. R. Evid. 401, 402, & 403. |
| p. 155, ln 18-25 | Continental objects to the proposed designated testimony because it lacks foundation. Continental further objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." <u>See</u> Fed. R. Evid. 401, 402, & 403. |
| p. 159, ln 7-p. 160, ln 13 | Continental objects to the proposed designated testimony because it lacks foundation. Continental further objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." <u>See</u> Fed. R. Evid. 401, 402, & 403. |

<u>Sally Padgitt</u>

The Government's objection to Ms. Padgitt's testimony is misguided, and incorrect. Ms. Padgitt's testimony illustrates the understanding and intent of the parties at the time the insurance contract was entered into. Whether Continental acted outrageously is directly related to what all the parties believed, intended, and communicated at the time the insurance contract was entered into. Therefore, Ms. Padgitt's testimony is relevant and should be admitted at trial.

| Designated Testimony | Objections | Counter-Designations |
|---|---|---|
| p. 8, ln 24-p. 9, ln 16 | Continental objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury."  See Fed. R. Evid. 401, 402, & 403. | p. 9, ln 17-20 |
| p. 11, ln 8-11 | Continental objects to the proposed designated testimony because it lacks foundation.  Continental further objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury."  See Fed. R. Evid. 401, 402, & 403. | |
| p. 13, ln 17-20 | Continental objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury."  See Fed. R. Evid. 401, 402, & 403. | |
| p. 15, ln 13-p. 16, ln 12 | Continental objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury."  See Fed. R. Evid. 401, 402, & 403. | |
| p. 16, ln 20-p. 17, ln 5 | Continental objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the | |

| | | |
|---|---|---|
| | danger of unfair prejudice, confusion of the issues, or misleading the jury." <u>See</u> Fed. R. Evid. 401, 402, & 403. | |
| p. 17, ln 9-12 | Continental objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." <u>See</u> Fed. R. Evid. 401, 402, & 403. | |
| p. 22, ln 13-15 | Continental objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." <u>See</u> Fed. R. Evid. 401, 402, & 403. | |
| p. 25, ln 11-p. 27, ln 4 | Continental objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." <u>See</u> Fed. R. Evid. 401, 402, & 403. Continental further retains the objection on the record to the form of the question. | |
| p. 27, ln 14-18 | Continental objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." <u>See</u> Fed. R. Evid. 401, 402, & 403. Continental further retains the objection on the record to the form of the question. | |

| | | |
|---|---|---|
| p. 31, ln 24-<br>p. 32, ln 3 | Continental objects to the designated testimony because it is an incomplete extrapolation of Ms. Padgitt's testimony. Continental objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury."  <u>See</u> Fed. R. Evid. 401, 402, & 403. | |
| p. 32, ln 13-<br>p. 33, ln 16 | Continental objects to the designated testimony because it is an incomplete extrapolation of Ms. Padgitt's testimony. Continental further objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury."  <u>See</u> Fed. R. Evid. 401, 402, & 403. | |
| p. 34,<br>ln 18-20 | Continental objects to the designated testimony because it is an incomplete extrapolation of Ms. Padgitt's testimony.  Continental further objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury."  <u>See</u> Fed. R. Evid. 401, 402, & 403. | |
| p. 49,<br>ln 13-16 | Continental objects to the designated testimony because it is an incomplete extrapolation of Ms. Padgitt's testimony.  Continental further objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is | p. 49,<br>ln 19-21 |

| | | |
|---|---|---|
| | substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." <u>See</u> Fed. R. Evid. 401, 402, & 403. | |
| p. 63, ln 18- p. 64, ln 10 | Continental objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." <u>See</u> Fed. R. Evid. 401, 402, & 403. Continental further retains the objection on the record to the form of the question. | |

<u>S. Bobo Dean, Esq.</u>

The Government's objection to Mr. Dean's testimony is misguided, and incorrect. Mr. Dean's testimony illustrates the understanding and intent of the parties at the time the insurance contract was entered into. Whether Continental acted outrageously is directly related to what all the parties believed, intended, and communicated at the time the insurance contract was entered into. Therefore, Mr. Dean's testimony is relevant and should be admitted at trial.

| Designated Testimony | Objections |
|---|---|
| p. 24, ln 17- p. 25, ln 3 | Continental objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." <u>See</u> Fed. R. Evid. 401, 402, & 403. |
| p. 43, ln 1-8 | Continental objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." <u>See</u> Fed. R. Evid. 401, 402, & 403. |
| p. 43, ln 13-17 | Continental objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." <u>See</u> Fed. R. Evid. 401, 402, & 403. |
| p. 44, ln 4-18 | Continental objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." <u>See</u> Fed. R. Evid. 401, 402, & 403. |
| p. 52, ln 12- p. 56, ln 6 | Continental objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." <u>See</u> Fed. R. Evid. 401, 402, & 403. |
| p. 56, ln 21- p. 57, ln 21 | Continental objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." <u>See</u> Fed. R. Evid. 401, 402, & 403. |
| p. 75, ln 7-25 | Continental objects to the designated testimony because it is an incomplete extrapolation of Mr. Dean's testimony.  Continental further objects to |

| | |
|---|---|
| | the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." <u>See</u> Fed. R. Evid. 401, 402, & 403. |
| p. 84, ln 2-11 | Continental objects to the proposed designated testimony because it lacks foundation. Continental further objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." <u>See</u> Fed. R. Evid. 401, 402, & 403. |
| p. 92, ln 9-12 | Continental objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." <u>See</u> Fed. R. Evid. 401, 402, & 403. |
| p. 97, ln 18-23 | Continental objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." <u>See</u> Fed. R. Evid. 401, 402, & 403. |
| p. 100, ln 3-10 | Continental objects to the proposed designated testimony because it lacks foundation, is speculative, and assumes facts not in evidence. Continental further objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." <u>See</u> Fed. R. Evid. 401, 402, & 403. |
| p. 106, ln 4-p. 107, ln 11 | Continental objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." <u>See</u> Fed. R. Evid. 401, 402, & 403. |

<u>Robert Clark</u>

The Government's objection to Mr. Clark's testimony is misguided, and incorrect.  Mr. Clark's testimony illustrates the understanding and intent of the parties at the time the insurance contract was entered into.  Whether Continental acted outrageously is directly related to what all the parties believed, intended, and communicated at the time the insurance contract was entered into.  Therefore, Mr. Clark's testimony is relevant and should be admitted at trial.

| Designated Testimony | Objections |
|---|---|
| p. 30, ln 10-p. 31, ln 15 | Continental objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." <u>See</u> Fed. R. Evid. 401, 402, & 403. |
| p. 46, ln 10-14 | Continental objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." <u>See</u> Fed. R. Evid. 401, 402, & 403. |
| p. 138, ln 14-p. 139, ln 22 | Continental objects to the designated testimony because it lacks foundation, and is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury."  <u>See</u> Fed. R. Evid. 401, 402, & 403. |
| p. 141, ln 5-18 | Continental objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." |

| | |
|---|---|
| | See Fed. R. Evid. 401, 402, & 403. |
| p. 143, ln 25- p. 144, ln 9 | Continental objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." See Fed. R. Evid. 401, 402, & 403. |

### Robert Stewart

The Government's objection to Mr. Stewart's testimony is misguided, and incorrect.  Mr. Stewart's testimony illustrates the understanding and intent of the parties at the time the insurance contract was entered into.  Whether Continental acted outrageously is directly related to what all the parties believed, intended, and communicated at the time the insurance contract was entered into.  Therefore, Mr. Stewart's testimony is relevant and should be admitted at trial.

| Designated Testimony | Objections |
|---|---|
| p. 24, ln 2- p. 25, ln 6 | Continental objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." See Fed. R. Evid. 401, 402, & 403. |
| p. 35, ln 12-13 | Continental objects to the designated testimony because it is a colloquy of counsel and is not the testimony of the witness.  Continental further objects because, as indicated above, the Government failed to retain any of its specific objections on the record and they are waived. |

| | |
|---|---|
| p. 32,<br>ln 7-8 (sic)<br>p. 42, ln 7-8 | Continental objects to the designated testimony because it is a colloquy of counsel and is not the testimony of the witness.  Continental further objects because, as indicated above, the Government failed to retain any of its specific objections on the record and they are waived. |
| p. 51,<br>ln 15-18 | Continental objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." <u>See</u> Fed. R. Evid. 401, 402, & 403. |
| p. 93, ln 18-<br>p. 94, ln 17 | Continental objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." <u>See</u> Fed. R. Evid. 401, 402, & 403. |
| p. 98,<br>ln 11-17 | Continental objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." <u>See</u> Fed. R. Evid. 401, 402, & 403. |
| p. 103,<br>ln 17-23 | Continental objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." <u>See</u> Fed. R. Evid. 401, 402, & 403. |

<u>Darrell Richardson</u>

The Government's objection to Mr. Richardson's testimony is misguided, and incorrect.  Mr. Richardson's testimony illustrates the understanding and intent of the parties

at the time the insurance contract was entered into.  Whether
Continental acted outrageously is directly related to what all
the parties believed, intended, and communicated at the time the
insurance contract was entered into.  Therefore, Mr. Richardson's
testimony is relevant and should be admitted at trial.

| Designated Testimony | Objections |
|---|---|
| p. 84, ln 17-21 | Continental objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." See Fed. R. Evid. 401, 402, & 403. |
| p. 85, ln 19- p. 86, ln 8 | Continental objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." See Fed. R. Evid. 401, 402, & 403. |
| p. 90, ln 8-15 | Continental objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." See Fed. R. Evid. 401, 402, & 403. |
| p. 93, ln 23- p. 95, ln 5 | Continental objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." See Fed. R. Evid. 401, 402, & 403. |
| p. 96, ln 6-19 | Continental objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." See Fed. R. Evid. 401, 402, & 403. |

<u>Elizabeth Hartshorn</u>

The Government's objection to Ms. Hartshorn's testimony is misguided, and incorrect.  Ms. Hartshorn's testimony illustrates the understanding and intent of the parties at the time the insurance contract was entered into.  Whether Continental acted outrageously is directly related to what all the parties believed, intended, and communicated at the time the insurance contract was entered into.  Therefore, Ms. Hartshorn's testimony is relevant and should be admitted at trial.

| Designated Testimony | Objections |
|---|---|
| p. 94, ln 2- p. 95, ln 6 | Continental objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." <u>See</u> Fed. R. Evid. 401, 402, & 403. |

<u>Paul Figley</u>

| Designated Testimony | Objections |
|---|---|
| p. 15, ln 2-14 | Continental objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." <u>See</u> Fed. R. Evid. 401, 402, & 403. |

| p. 33, ln 11-<br>p. 34, ln 1 | Continental objects to the designated testimony because it is irrelevant and thus inadmissible and/or its marginal relevance "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." <u>See</u> Fed. R. Evid. 401, 402, & 403. |
|---|---|

DATED at Anchorage, Alaska, this 11th day of May, 2006.

GUESS & RUDD P.C.

Attorneys for Defendants


By: _____s/Gary A. Zipkin_____
        Guess & Rudd P.C.
        510 L Street, Suite 700
        Anchorage, Alaska  99501
        Phone: 907-793-2200
        Fax:   907-793-2299
        Email: gzipkin@guessrudd.com
        Alaska Bar No. 7505048



Quinn Emanuel Urquhart
    Oliver & Hedges, LLP
Attorneys for Defendants



By: ____s/A. William Urquhart_____
        Quinn Emanuel Urquhart
          Oliver & Hedges, LLP
        865 South Figueroa
        Street, 10th Floor
        Los Angeles, CA  90017
        Phone: 1-213-443-3000
        Fax:   1-213-443-3100
        Email: billurquhart@quinnemanuel.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the
11th day of May, 2006, a copy
of the foregoing document was served
electronically on:

Richard L. Pomeroy, Esq.
Christopher Tayback, Esq.
A. William Urquhart, Esq.
Richard Stone, Esq.

Guess & Rudd P.C.


By:___s/Gary A. Zipkin___

F:\DATA\6024\1\Pleading\95 Obj cross depo desig.DOC