# UNITED STATES DISTRICT COURT

# DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | A98-285 CV (JWS) |
| | ) | |
| vs. | ) | ORDER FROM CHAMBERS |
| | ) | |
| THE CONTINENTAL CASUALTY | ) | [Re:   Motion at Docket 281] |
| COMPANY, dba THE CONTINENTAL | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## I.  MOTION PRESENTED

At docket 281, plaintiff United States of America moves for leave to amend its complaint pursuant to Federal Rule of Civil Procedure 15.  At docket 312, defendant Continental Casualty Company opposes the motion.  Plaintiff's reply is filed at docket 339.  Oral argument was not requested and would not assist the court.

## II.  DISCUSSION

On March 1, 2005, the court entered a scheduling and planning order in this matter pursuant to Federal Rule of Civil Procedure 16(b).[1]  The Rule 16(b) scheduling order provided that motions to amend the pleadings must be filed within thirty days of the date of the scheduling order, and that thereafter pleadings may be amended "only

---

[1]Doc. 150.

upon leave of court and for good cause shown."[2]  Because the scheduling order was entered on March 1, 2005, the deadline for filing motions to amend was April 1, 2005.

On April 17, 2006, over one year after the deadline set forth in the scheduling order, plaintiff filed the underlying motion for leave to amend its complaint pursuant to Federal Rule of Civil Procedure 15.  Plaintiff specifically seeks to amend its complaint to add a sixth cause of action, alleging that "Continental Casualty is liable for its own acts and those of its 'mere instrumentality' or 'alter ego' Continental Insurance Company," and to amend the language in the introductory paragraph and in "common allegation" number two.[3]

Federal Rule of Civil Procedure 15(a) provides that after a responsive pleading is served, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Liberality in granting leave to amend is subject to the qualification that amendment of the complaint does not cause the opposing party undue prejudice, is not sought in bad faith, and does not constitute an exercise in futility.[4]

However, at this point in the proceedings, Rule 15(a) does not provide the only standard relevant to plaintiff's motion to amend its complaint.  Once the district court has filed a scheduling order pursuant to Rule 16(b) establishing a timetable for amending pleadings, the standards of Rule16(b) apply.[5]  Pursuant to Rule 16(b), a scheduling order entered by the court "shall not be modified except upon a showing of good cause and by leave of the district judge."

Here, plaintiff did not specifically request the court to modify its scheduling order: it merely moved to amend its complaint.[6]  Plaintiff also failed to demonstrate good cause

---

[2]Scheduling Order at 3, doc. 150.

[3]Proposed Amended Complaint at 10, doc. 281, exh. 1.

[4]*DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).

[5]*Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 607-607 (9th Cir. 1992).

[6]*U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff*, 768 F.2d 1099, 1104 (9th Cir. 1985).

for modifying the scheduling order as required by Rule 16(b).  "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment."[7] "If the party seeking the amendment was not diligent, the inquiry should end" and the motion should not be granted.[8]

Plaintiff alleges that while it has "demonstrated that its claim that Continental Casualty is liable has been clear from the beginning...it was only in November 2005, five months before this motion to amend the complaint," that the United States obtained the details of the relationship between Continental Insurance and Continental Casualty through depositions of Lawrence Boysen and Erin Finn.[9]  However, based on the record, it appears that plaintiff could have brought a motion to amend its complaint to allege its proposed sixth cause of action over three years ago.  In plaintiff's opposition to defendant's motion for summary judgment, plaintiff alleges that the United States "made its reliance on the mere instrumentality and alter ego theories patent in its Opposition to Continental Casualty's Motion for a Protection Order," which the court ruled on in January 2003.[10]  Despite plaintiff's admitted knowledge of the "mere instrumentality" and "alter ego" theories of liability, plaintiff did not seek to amend its complaint to add a claim based on those theories of liability until less than two months before trial was scheduled to start, and after defendant had filed its motion for summary judgment and the deadlines for dispositive motions and motions *in limine* had passed.

For the reasons stated above, plaintiff has not demonstrated diligence in complying with the dates set by the court in the scheduling order, and has not shown good cause for modifying the scheduling order as required by Rule 16(b).  Moreover,

---

[7]*Johnson*, 975 F.2d at 609.

[8]*Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).

[9]Plaintiff's Reply at 4, doc. 339.

[10]Plaintiff's Opposition to Defendant's Motion for Summary Judgement at 23, doc. 274; Order (January 6, 2003) at 5, doc. 101.

defendant has made a showing that allowing plaintiff to amend its complaint at the eleventh hour while defendant's motion for summary judgment is pending and the motion practice deadlines have all passed would be prejudicial to defendant.[11] Accordingly, the court will deny plaintiff's motion to amend.

## V.  CONCLUSION

For the reasons set out above, plaintiff's motion at docket 281 to amend its complaint is **DENIED**.

DATED at Anchorage, Alaska, this 15th day of May 2006.


                                    /s/
                          JOHN W. SEDWICK
                UNITED STATES DISTRICT COURT JUDGE

---

[11]*Johnson*, 975 F.2d at 609 (concluding that although the focus of the inquiry is on the moving party's reasons for seeking modification, a showing of prejudice to the party opposing the modification may supply additional reasons to deny a motion to modify the scheduling order).